**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **DATA TREASURY CORPORATION** | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | **Civil Action No. 2-06CV-72-DF** |
| | § | |
| **WELLS FARGO & COMPANY,** *et al.* | § | |
| **Defendants.** | § | |

**MOTION OF DEFENDANTS COMPASS BANK AND COMPASS
BANCSHARES, INC., TO DISMISS, OR IN THE ALTERNATIVE,
FOR MORE DEFINITE STATEMENT**

Defendants Compass Bank and Compass Bancshares, Inc. (the "Compass Defendants") move pursuant to Fed. R. Civ. P 12(b)(6) to dismiss Counts 1 and 2 of DataTreasury Corporation's ("DTC") First Amended Complaint for Patent Infringement for failure to state a claim upon which relief may be granted. Alternatively, the Compass Defendants move pursuant to Fed. R. Civ. P. 12(e) for a more definite statement. In support of this Motion and in the interest of brevity, the Compass Defendants rely on and incorporate the arguments and authorities presented in the Joint Motion of Defendants to Dismiss, or in the Alternative, for More Definite Statement, Docket No. 80, filed on June 1, 2006, as they relate to Counts 1 and 2.

**I.    FACTS APPLICABLE TO COMPASS DEFENDANTS**

Only Counts 1 and 2 of the Amended Complaint are directed at the Compass Defendants, alleging that they somehow infringe two of the six patents in suit -- U.S. Patent No. 5,910,988 ("the '988 patent") and U.S. Patent No. 6,032,137 ("the '137 patent"). Compl. ¶¶ 73-80. What the Compass Defendants have done or are doing that infringes these two patents is a mystery. The Amended Complaint does not identify or include any factual allegations regarding any

**MOTION OF DEFENDANTS COMPASS BANK AND COMPASS BANCSHARES, INC. TO DISMISS, OR IN THE
ALTERNATIVE, FOR MORE DEFINITE STATEMENT** -- Page 1

DAL:621576.2

Dockets.Justia.com

accused product or system allegedly made, used, sold, offered for sale or imported into the United States by the Compass Defendants or any of the other fifty-five defendants. Compl. ¶¶ 73, 77, 81. And while Compass Bank is an operating bank and Compass Bancshares is a holding company conducting no operations in Texas or elsewhere,[1] DTC asserts the same uninformative infringement allegations against both.

## II.   ARGUMENT

In a patent infringement case, "the plaintiff must provide facts that 'outline or adumbrate' a viable claim for relief, not mere boilerplate sketching out the elements of a cause of action." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996). DTC's only allegations of infringement are insufficient as they provide no specificity and reference nothing more than vague "transactions" or unspecified "products and/or services." *See* Compl. ¶¶ 73, 74, 77, 78.

Addressing jurisdiction, DTC also alleges generally that the Compass Defendants, among others, "are owners or current users of Viewpointe Archive Services," but again fails to specify adequately under Rule 8 any allegedly infringing conduct with Viewpointe. Compl. ¶¶ 62, 63.

In the event this Court determines that DTC has stated claims for patent infringement, the Compass Defendants alternatively request a more definite statement under Fed. R. Civ. P. 12(e) setting forth sufficient allegations of infringement. As detailed above, the Amended Complaint is so vague that the Compass Defendants cannot frame a proper responsive pleading, conform their conduct, if necessary, to avoid allegations of willful infringement, or alert third parties to any indemnification obligations for the purported conduct at issue. *See Gen-Probe.*, 926 F. Supp. at 962.

---

[1]   Compass Bancshares, Inc. denies it is subject to jurisdiction in Texas.

**MOTION OF DEFENDANTS COMPASS BANK AND COMPASS BANCSHARES, INC. TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT -- Page 2**

DAL:621576.2

### III.     CONCLUSION

Based on the foregoing arguments and authorities, the Compass Defendants respectfully request the Court to dismiss DTC's Complaint against them or, in the alternative, to order DTC to provide a more definite statement describing the allegations against the Compass Defendants in reasonable detail sufficient to identify the accused products or systems.

Dated: June 1, 2006                              Respectfully submitted,

                                            **ANDREWS KURTH LLP**
By:            /S/
      Jerry L. Beane
      Texas Bar No. 01966000
      jerrybeane@andrewskurth.com
      Gerald C. Conley
      Texas Bar No. 04664200
      geraldconley@andrewskurth.com
      Kay Lynn Brumbaugh
      Texas Bar No. 00785152
      kaylynnbrumbaugh@andrewskurth.com
      Tonya M. Gray
      Texas Bar No. 24012726
      tonyagray@andrewskurth.com

1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  (214) 659-4400
Facsimile:  (214) 659-4401

**ATTORNEYS FOR DEFENDANTS
COMPASS BANCSHARES, INC AND
COMPASS BANK**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served on all counsel of record via electronic mail through Local Rule CV-5(a) on this the 1st day of June, 2006.

                                                               /S/
                                                    Gerald C. Conley

**MOTION OF DEFENDANTS COMPASS BANK AND COMPASS BANCSHARES, INC. TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT** -- Page 3

DAL:621576.2