## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **DATA TREASURY CORPORATION** | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | Civil Action No. 2-06CV-72-DF |
| | § | |
| **WELLS FARGO & COMPANY,** *et al.* | § | |
| **Defendants.** | § | |

### MOTION OF DEFENDANTS FIRST HORIZON NATIONAL CORPORATION AND FIRST TENNESSEE BANK, NATIONAL ASSOCIATION TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

Defendants First Horizon National Corporation ("First Horizon") and First Tennessee Bank, National Association ("First Tennessee") move pursuant to Fed. R. Civ. P 12(b)(6) to dismiss Counts 1 and 2 of DataTreasury Corporation's ("DTC") First Amended Complaint for Patent Infringement for failure to state a claim upon which relief may be granted. Alternatively, First Horizon and First Tennessee move pursuant to Fed. R. Civ. P. 12(e) for a more definite statement. In support of this Motion and in the interest of brevity, First Horizon and First Tennessee rely on and incorporate the arguments and authorities presented in the Joint Motion of Defendants to Dismiss, or in the Alternative, for More Definite Statement, Docket No. 80, filed on June 1, 2006, as they relate to Counts 1 and 2.

### I.    FACTS APPLICABLE TO FIRST HORIZON AND FIRST TENNESSEE

Only Counts 1 and 2 of the Amended Complaint are directed at First Horizon and First Tennessee, alleging that they somehow infringe two of the six patents in suit -- U.S. Patent No. 5,910,988 ("the '988 patent") and U.S. Patent No. 6,032,137 ("the '137 patent"). Compl. ¶¶ 73-80. What First Horizon and First Tennessee have done or are doing that infringes these two

MOTION OF DEFENDANTS FIRST HORIZON NATIONAL CORPORATION AND FIRST TENNESSEE BANK, NATIONAL ASSOCIATION TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT -- Page 1

DAL:621623.1

Dockets.Justia.com

patents is a mystery. The Amended Complaint does not identify or include any factual allegations regarding any accused product or system allegedly made, used, sold, offered for sale or imported into the United States by First Horizon and First Tennessee or any of the other fifty-five defendants. Compl. ¶¶ 73, 77, 81. And while First Tennessee is an operating bank and First Horizon is a holding company conducting no operations in Texas or elsewhere,[1] DTC asserts the same uninformative infringement allegations against both.

## II.     ARGUMENT

In a patent infringement case, "the plaintiff must provide facts that 'outline or adumbrate' a viable claim for relief, not mere boilerplate sketching out the elements of a cause of action." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996). DTC's only allegations of infringement are insufficient as they provide no specificity and reference nothing more than vague "transactions" or unspecified "products and/or services." *See* Compl. ¶¶ 73, 74, 77, 78.

Addressing jurisdiction, DTC also alleges generally that First Horizon and First Tennessee, among others, "are owners or current users of Viewpointe Archive Services," but again fails to specify adequately under Rule 8 any allegedly infringing conduct with Viewpointe. Compl. ¶¶ 62, 63.

In the event this Court determines that DTC has stated claims for patent infringement, First Horizon and First Tennessee alternatively request a more definite statement under Fed. R. Civ. P. 12(e) setting forth sufficient allegations of infringement. As detailed above, the Amended Complaint is so vague that First Horizon and First Tennessee cannot frame a proper responsive pleading, conform their conduct, if necessary, to avoid allegations of willful infringement, or alert third parties to any indemnification obligations for the purported conduct at issue. *See Gen-Probe.*, 926 F. Supp. at 962.

---

[1]     First Horizon National Corporation denies it is subject to jurisdiction in Texas.

**MOTION OF DEFENDANTS FIRST HORIZON NATIONAL CORPORATION AND FIRST TENNESSEE BANK, NATIONAL ASSOCIATION TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT -- Page 2**

DAL:621623.1

### III. CONCLUSION

Based on the foregoing arguments and authorities, First Horizon and First Tennessee respectfully request the Court to dismiss DTC's Complaint against them or, in the alternative, to order DTC to provide a more definite statement describing the allegations against First Horizon and First Tennessee in reasonable detail sufficient to identify the accused products or systems.

Dated: June 1, 2006

Respectfully submitted,

**ANDREWS KURTH LLP**
By:  /S/
Jerry L. Beane
Texas Bar No. 01966000
jerrybeane@andrewskurth.com
Gerald C. Conley
Texas Bar No. 04664200
geraldconley@andrewskurth.com
Kay Lynn Brumbaugh
Texas Bar No. 00785152
kaylynnbrumbaugh@andrewskurth.com
Tonya M. Gray
Texas Bar No. 24012726
tonyagray@andrewskurth.com

1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  (214) 659-4400
Facsimile:  (214) 659-4401

**ATTORNEYS FOR DEFENDANTS
FIRST HORIZON NATIONAL
CORPORATION AND FIRST TENNESSEE
BANK, NATIONAL ASSOCIATION**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served on all counsel of record via electronic mail through Local Rule CV-5(a) on this the 1st day of June, 2006.

/S/
Gerald C. Conley