IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:06-CV-72-DF |
| | § | JURY TRIAL DEMANDED |
| WELLS FARGO & COMPANY, ET AL., | § | |
| | § | |
| DEFENDANTS, | § | |

## MOTION FOR CONSOLIDATION

DataTreasury Corporation, plaintiff in the above-entitled and numbered civil action, moves to consolidate *DataTreasury Corporation v. Magtek, Inc.*, Civil Action No. 2:03-CV-459 ("*Magtek* action"), *DataTreasury Corporation v. Wells Fargo & Company, et al.*, Civil Action No. 2:05-CV-291 ("*Wells Fargo* '988 action"), *DataTreasury Corporation v. Bank of America Corporation, et al.*, Civil Action No. 2:05-CV-292 ("*BOA* action"), *DataTreasury Corporation v. Wachovia Corporation, et al.*, Civil Action No. 2:05-CV-293 ("*Wachovia* action"), *DataTreasury Corporation v. Citigroup, Inc., et al.*, Civil Action No. 2:05-CV-294 ("*Citigroup* action") (collectively "the '988 actions"), *DataTreasury Corporation v. City National Bank, et al.*, Civil Action No. 2:06-CV-165 ("*City National* action") with *DataTreasury Corporation v. Wells Fargo & Company, et al.*, 2:06-CV-72 ("the '007 action") pursuant to Fed. R. Civ. P. 42(a) and Local Rule CV-42(b) for at least pretrial purposes.[1]

---

[1] The plaintiff respectfully suggests whether some or all of the cases should be consolidated for trial should be addressed at a later stage in the litigation, and, therefore, requests the Court to defer consideration of that issue until a later date.

1

All of these actions—pending in the Marshall Division of this Court and assigned to the Honorable David Folsom—should be consolidated because each action involves common questions of law and fact with the others, and each defendant (except for the two defendants in the *City National* action) in the '988 actions are defendants in the '007 action. The propriety of consolidating the '988 actions and the *City National* action with the '007 action is confirmed by the motions to consolidate filed by the defendants in *DataTreasury Corporation v. Small Value Payments Company (SVPCo)*, Civil Action No. 2:04-CV-85 ("*SVPCo* action"), *DataTreasury Corporation v. Viewpointe Archive Services, LLC*, Civil Action No. 2:05-CV-290 ("*Viewpointe* action").

## ANALYSIS

### I.     Fed. R. Civ. P. 42(a) and Local Rule CV-42(b)

Fed. R. Civ. P. 42(a) provides, in relevant part, that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions [and] . . . may order all the actions consolidated . . . ." Similarly, Local Rule CV-42(b) provides, in relevant part, that "[w]hen two or more are pending before a judge which involve (1) a common question of law or fact; or (2) the same parties and issues; or (3) different or additional parties and issues all of which arise out of the same transaction or occurrence, that judge may order that all or part of the actions be consolidated."

This Court has broad discretion to consolidate actions which involve common questions of law and fact in order to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989); *Mayfield v. American Auto. Ins. Co.*, 2003 WL 21250935 (N.D. Tex. 2003); Wright & Miller,

2

Federal Practice and Procedure: Civil 2d § 2383 (hereinafter Wright & Miller).

Consolidation does not "merge the suits into a single action or change the rights of the parties or make those who are parties in one suit parties in another;" rather, consolidation is "intended only as a procedural device used to promote judicial efficiency and economy" and "the actions maintain their separate identities." *See Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir.1993); *In re: Propulsid Prods. Liab. Litigation,* 208 F.R.D. 133, 141 (E.D. La. 2002).

Actions involving the same parties are good candidates for consolidation. Wright & Miller at § 2384. However, even though "identity of the parties strengthens the case for consolidation under Rule 42(a), it is not required. A substantial common question of law or fact is enough." *Id.* "Consolidation is not barred simply because the plaintiffs may be relying on different legal theories or because there are some questions not common to all the actions; the critical consideration, as in other contexts under the federal rules, is whether there is at least one common question . . .." *Id.*

Consolidation of patent cases involving the same patents and multiple defendants is not uncommon and often appropriate. *See, e.g., Honeywell Int'l Inc. v. Audiovox Comm. Corp.*, 2005 U.S. Dist. LEXIS 22933 (E.D. Pa. 2005); *SmithKline Beechham Corp. v. Apotex Corp.,* 2001 U.S. Dist. LEXIS 17434 (E.D. Pa. 2001); *Mylan Pharmaceuticals Inc. v. Henney*, 94 F. Supp. 2d 36, 43 (D.D.C. 2000); *Kerley v. Great Lakes Dredge & Dock Co.*, 1996 U.S. Dist. LEXIS 3415, 1996 WL 131136, *1 (E.D. Pa. 1996); *Sage Products, Inc. v. Devon Industries, Inc.*, 148 F.R.D. 213, 215 (N.D. Ill. 1993); *Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 32 (N.D. Ill. 1980); *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309-10 (D. Del. 1981). One

such case, *SmithKline Beechham Corp. v. Apotex Corp.*, 2001 U.S. Dist. LEXIS 17434 at (E.D. Pa. 2001), is instructive.

In *SmithKline Beecham*, the plaintiff moved to consolidate twelve patent infringement suits it filed against nine defendants related to the infringement of six patents. *Id.* at *8-*17. The Court held that the cases clearly shared "significant common issues of fact and law" because each involved "one or more" of the plaintiff's patents. *Id.* at *19. "Issues of patent validity are therefore common to all defendants." *Id.* at *19-*20. The Court further noted that discovery in the earliest filed actions was not so far advanced that pretrial consolidation would be inefficient or prejudicial to the parties. *Id.* at *20. "[A]fter weighing the benefits of consolidation against any possible prejudice to the parties," the Court concluded that "consolidation of all cases for pretrial purposes [was] warranted." *Id.* at * 21.

In reaching this conclusion, the Court rejected the argument that "consolidation [would] obligat[e] defendants to attend and review discovery relevant in other defendants' cases, resulting in delay and increased costs." *Id.* at *20-*21. The Court based its conclusion, in part, on the fact that the defendants could "choose not to attend or review discovery that is irrelevant to its case." *Id.* at *21. Similarly, the Court consolidated the cases despite concerns regarding "defendants' confidential and proprietary information" because such concerns could be addressed through the entry of an appropriate protective order. *See id.*

## II.  Consolidation is Appropriate

In the '988 actions, the defendants are accused of infringing U.S. Patent Nos. 5,910,988 ("the '988 patent") and 6,032,137 ("the '137 patent") (collectively "the Ballard

4

Patents"). These same defendants—Magtek, Wells Fargo, Bank of America, Wachovia and Citigroup—are accused in the '007 action of infringing one or more of the following patents: U. S. Patent Nos. 5,265,007 ("the '007 patent"), 5,717,868 ("the '868 patent"), 5,583,759 ("the '759 patent") and 5,930,778 ("the '778 patent") (collectively "the Randle Patents"). The defendants unique to the '007 action (that is, those defendants who are not named in the '988 actions) are accused of infringing the Ballard Patents as well as one or more of the Randle Patents.

This Court should consolidate the '988 actions with the '007 action because (1) each of the defendants in the '988 actions are also defendants in the '007 action, and (2) there are common questions of law and fact, including, *inter alia*, the validity of U.S. Patent Nos. 5,910,988 ("the '988 patent") and 6,032,137 ("the '137 patent"), between the '988 actions and the '007 action. Local Rule CV-42(b)(1) and (b)(2). This Court should also consolidate the *City National* action with the '007 action because the patents-in-suit in the *City National* action are also in suit in the '007 action, and, therefore, there are common questions of law and fact. Local Rule CV-42(b)(1). Consolidation of the *City National* action with the '007 action is also appropriate because the liability of the defendants in the *City National* action is premised, in part, on their participation in the SVPCo image exchange (which is accused of infringing the '988 patent and the '137 patent in the *SVPCo* action that has been consolidated with the '007 action). Consolidating the '988 actions and the *City National* action with the '007 action will avoid unnecessary costs and delay without prejudicing any party.

A. **Overlapping Parties and Patents**

All of the defendants in the '988 actions—Magtek, Wells Fargo, Bank of America, Wachovia and Citigroup—are also named defendants in the '007 action (wherein they are accused on infringing at least one of the Randle Patents). Each of these defendants are represented by the same counsel in the '988 actions and the '007 action.

The patents-in-suit in the '988 actions—*i.e.*, the '988 patent and the '137 patent—are also in suit in the *City National* action and '007 action. Two of the patents-in-suit in the '007 action—the '007 patent and the '868 patent—are asserted in the *City National* action.

### B.  Common Questions of Law and Fact

There are common questions of law and fact among the '988 actions, the *City National* action and the '007 action. The validity of the '988 and '137 patents are at issue in the '988 actions, the *City National* action and the '007 action, and the validity of the '007 patent and the '868 patent are at issue in the *City National* and '007 action. Additionally, there are common issues of fact concerning infringement between the '988 actions and the '007 action. For instance, the infringement analysis for the '988 patent and the '137 patent concerning Wells Fargo, Bank of America and Wachovia (which are accused of infringing the '988 patent and '137 patent in '988 actions) will necessarily overlap in part with the infringement analysis as to Viewpointe and SVPCo, both of which moved to consolidate the actions accusing them of infringing the '988 patent and the '137 patent (*i.e.*, the *Viewpointe* action and the *SVPCo* action) with the '007 action.[2]

### C.  Unnecessary Cost and Delay

Consolidating the '988 actions and the *City National* action with the '007 action for pretrial purposes will reduce cost and delay to the Court and the parties.

---

[2] This Court granted those motions to consolidate.

6

### 1.     Court

It is beyond credible dispute that consolidation will promote judicial economy. If consolidated, the motion practice will be streamlined through the filing of joint motions. For instance, if consolidated the defendants will likely file joint dispositive motions on the issues of validity. Additionally, consolidation will ease burdens on the Court's busy schedule because it will not be required to set multiple hearings concerning issues common to all defendants. In this regard, consolidation will permit the Court to conduct a single *Markman* hearing.

### 2.     Parties and Third-Parties

Consolidation for pretrial purposes will reduce unnecessary cost and delay to the parties. For instance, consolidation will streamline third-party discovery. If consolidated, third parties will only be subject to one subpoena for the production of documents and only one oral deposition. In addition to lessening the burden and cost to the third parties, it will also reduce the cost to the plaintiff and defendants because documents will not be subject to multiple subpoenas and multiple depositions will not be held. Additionally, consolidation will reduce the costs and delays associated with multiple separate depositions of the plaintiff and inventors.

### D.     Lack of Prejudice

Consolidating the '988 actions and the *City National* action with the '007 action will only result in a new increase of one real party in interest (*i.e.*, City National Bank) in the consolidated action because each of the parties in the '988 actions are already defendants in the '007 action. If consolidated, there are only approximately 34 real

parties in interest.[3] While that is a relatively large number of defendants, it is not so large as to prejudice the defendants.[4] This Court is familiar with presiding over, and managing effectively, multiparty patent infringement suits. For instance, this Court presided over *The Massachusetts Institute of Technology, et al. v. Abacus Software, et al.*, 5:01-CV-344-DF, wherein the plaintiff accused over 100 defendants of patent infringement.

The defendants in the '988 actions and *City National* action cannot credibly argue that their interests are not aligned with the defendants in the '007 action. Each of the defendants in the '988 actions are using the same counsel to defend them in the '007 action. Moreover, the defendants in the '988 actions are coordinating with co-defendants in the '007 action. For instance, a joint motion to dismiss filed in the '007 action was joined by Bank of America, Wells Fargo and Wachovia (defendants in both a '988 action and the '007 action) and Bank of New York Co., Inc., Bank of Tokyo-Mitsubishi UFJ, Ltd, BB&T Corp., Branch Banking & Trust Company, Citizens Financial Group, Inc., Comerica Bank & Trust NA, Comerica Inc., Cullen/Frost Bankers, Inc., Deutsche Bank Trust Company Americas, LaSalle Bank Corp., LaSalle Bank, NA, M&T Bank Corp., M&T Bank, The Bank of New York, The Frost National Bank, UBS Americas, Inc., and Union Bank of California (which are only defendants in the '007 action). Similarly, the defendants in the *City National* action joined the joint motion to dismiss field by Bank of America, et al. as well as filing additional motions to dismiss.

---

[3] Many of the parties are related entities. For instance, there are two Wells Fargo, two Bank of America and two Wachovia entities named in the '007 action and the '988 actions.

[4] SVPCo and Viewpointe certainly did not believe it would be prejudicial to have the *SVPCo* action and *Viewpointe* action consolidated with the '007 action. Moreover, none of the '007 defendants (which necessarily includes all of the defendants in the '988 actions) moved for severance. The failure to do so highlights the defendants' recognition that they are not prejudiced by being joined as defendants in the '007 action.

Finally, consolidation will not increase costs by requiring defendants to participate in discovery unique to codefendants nor implicate confidentiality concerns. The Court in *SmithKlein Beechman* correctly noted that both concerns can be dealt with easily. 2001 U.S. Dist. LEXIS at *20-*21.

### E.   Status of Discovery

There has not been a Rule 26(f) conference or any discovery in the '007 action. Furthermore, there has been no depositions taken of the plaintiff or inventor of the '988 patent and the '137 patent in the '988 actions. Similarly, there has been no third-party discovery taken concerning the issues of validity and enforceability in the '988 actions. As such, the '988 actions and '007 action are not so far advanced that consolidation would not be appropriate. *See id.* at *20.

### CONCLUSION

This Court should consolidate the '988 actions, the *City National* action and the '007 action at least for pretrial purposes because they involve common questions of law and fact, and doing so will avoid unnecessary costs and delay without prejudicing any party. The Court should defer consideration of whether some or all of these actions should be consolidated for trial until a later date.

Respectfully Submitted,

_____
EDWARD L. HOHN
Texas Bar No. 09813240
edhohn@nixlawfirm.com
D. NEIL SMITH
Texas Bar No. 00797450
dnsmith@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**

9

205 Linda Drive
Daingerfield, Texas 75638
Telephone: 903.645.7333
Facsimile: 903.645.4415

C. CARY PATTERSON
Texas Bar No. 15587000
ANTHONY K. BRUSTER
Texas Bar No. 24036280
akbruster@nixlawfirm.com
BRADY PADDOCK
Texas Bar No. 00791394
bpaddock@nixlawfirm.com
R. BENJAMIN KING
Texas Bar No. 24048592
benking@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
Telephone: 903.223.3999
Facsimile: 903.223.8520

JOE KENDALL
Texas Bar No. 11260700
jkendall@provostumphrey.com
KARL RUPP
Texas Bar No. 24035243
krupp@provostumphrey.com
**PROVOST UMPHREY, LLP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: 214.774.3000
Facsimile: 214.744.3015

ROD COOPER
Texas Bar No. 90001628
rcooper@cooperiplaw.com
**THE COOPER LAW FIRM**
545 E. John Carpenter Fwy., Suite 1460
Irving, Texas 75062
Telephone: 972.831.1188
Facsimile: 972.692.5445

                    ERIC M. ALBRITTON
Texas Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P. O. Box 2649
Longview, Texas 75606
Telephone: 903.757.8449
Facsimile: 903.758.7397

T. JOHN WARD, JR.
Texas Bar No. 00794818
jw@jwfirm.com
**LAW OFFICES OF T. JOHN WARD, JR. PC**
P. O. Box 1231
Longview, Texas 75606
Telephone: 903.757.6400
Facsimile: 903.757-2323

**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**

### CERTIFICATE OF CONFERENCE

I have conferred with counsel for Defendants herein, and they oppose this Motion for Consolidation.

_____
Edward L. Hohn

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing document was served via electronic transmission to all counsel registered to receive such service via electronic mail on the 7th day of June, 2006.

EDWARD L. HOHN