# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION § | |
|     *Plaintiff* § | |
| § | |
| vs. § | |
| § | |
| WELLS FARGO & COMPANY; WELLS § | |
| FARGO BANK, NATIONAL § | |
| ASSOCIATION; BANK OF AMERICA § | |
| CORPORATION; BANK OF AMERICA, § | |
| NATIONAL ASSOCIATION; U.S. § | |
| BANCORP; U.S. BANK, NATIONAL § | |
| ASSOCIATION; WACHOVIA § | |
| CORPORATION; WACHOVIA BANK, § | |
| NATIONAL ASSOCIATION; SUNTRUST § | |
| BANKS, INC.; SUNTRUST BANK; BB&T § | Civil Action No. 2:06cv72 |
| CORPORATION; BRANCH BANKING § | |
| AND TRUST COMPANY; § | |
| BANCORPSOUTH, INC.; § | |
| BANCORPSOUTH BANK; COMPASS § | |
| BANCSHARES, INC.; COMPASS BANK; § | |
| CULLEN/FROST BANKERS, INC.; THE § | |
| FROST NATIONAL BANK; FIRST § | |
| HORIZON NATIONAL CORPORATION; § | |
| FIRST TENNESSEE BANK, NATIONAL § | |
| ASSOCIATION; HSBC NORTH § | JURY TRIAL DEMANDED |
| AMERICA HOLDINGS INC.; HSBC § | |
| BANK USA, N.A.; HARRIS BANKCORP, § | |
| INC.; HARRIS N.A.; NATIONAL CITY § | |
| CORPORATION; NATIONAL CITY § | |
| BANK; ZIONS BANCORPORATION; § | |
| ZIONS FIRST NATIONAL BANK; § | |
| BANK OF NEW YORK CO., INC.; § | |
| THE BANK OF NEW YORK; § | |
| UNIONBANCAL CORPORATION; § | |
| UNION BANK OF CALIFORNIA, § | |
| NATIONAL ASSOCIATION; BANK OF § | |
| TOKYO-MITSUBISHI UFJ, LTD.; § | |
| CITIZENS FINANCIAL GROUP, INC. § | |
| CITY NATIONAL CORPORATION; § | |
| CITY NATIONAL BANK; COMERICA § | |

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

|  |  |
|---|---|
| INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION; DEUTSCHE BANK TRUST COMPANY AMERICAS; FIRST CITIZENS BANCSHARES, INC.; FIRST CITIZENS BANK & TRUST COMPANY; KEYCORP; KEYBANK NATIONAL ASSOCIATION; LASALLE BANK CORPORATION; LASALLE BANK NA; M&T BANK CORPORATION; M&T BANK; THE PNC FINANCIAL SERVICES GROUP, INC.; PNC BANK, NATIONAL ASSOCIATION UBS AMERICAS, INC.; SMALL VALUE PAYMENTS COMPANY, LLC; THE CLEARING HOUSE PAYMENTS COMPANY, LLC; MAGTEK, INC; FIRST DATA CORPORATION; TELECHECK SERVICES, INC., REMITCO, LLC and ELECTRONIC DATA SYSTEMS CORP. | § § § § § § § § § § § § § § § § § § § § § |
| *DEFENDANTS* | § JURY TRIAL DEMANDED § |

## PLAINTIFF DATATREASURY CORPORATION'S RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS, OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Comes now Plaintiff DataTreasury Corporation ("DataTreasury") and files its Response to Defendants Bank of America Corporation; Bank of America, N.A.; Bank of New York Co., Inc.; Bank of Tokyo-Mitsubishi UFJ, Ltd.; BB&T Corporation; Branch Banking and Trust Company; Citizens Financial Group, Inc.; Comerica Bank & Trust, N.A.; Comerica Incorporated; Cullen/Frost Bankers, Inc.; Deutsche Bank Trust Company Americas; First Data Corporation; LaSalle Bank Corporation; LaSalle Bank, N.A.; M&T Bank Corporation; M&T Bank; Remitco, LLC; TeleCheck Services, Inc.; The Bank of New York; The Frost National Bank; UBS Americas, Inc.; Union Bank of California,

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 2 of 19

N.A.; Wachovia Bank, N.A.; Wachovia Corporation; Wells Fargo & Company; Wells Fargo Bank, N.A. Joint Motion to Dismiss, or in the Alternative, for More Definite Statement.  Also, through this response, DataTreasury responds to the various other Defendants' Motions to Dismiss and Motions for More Definite Statement filed by U.S. Bankcorp; U.S. Bank, National Association; National City Corporation; National City Bank; Zions Bancorporation; Zions First National Bank; SunTrust Banks, Inc.; SunTrust Bank; Bancorpsouth, Inc.; Bancorpsouth Bank; Compass Bancshares, Inc.; Compass Bank; First Horizon National Corporation; First Tennessee Bank, N.A.; HSBC North America Holdings, Inc.; HSBC Bank USA, N.A.; Harris Bancorp, Inc.; Harris N.A.; First Citizens Bancshares, Inc.; First Citizens Bank & Trust Company; KeyCorp; Keybank National Association; The PNC Financial Services Group, Inc.; PNC Bank, N.A.; Small Value Payments Company, LLC; The Clearing House Payments Co., LLC; and Electronic Data Systems Corp (all of the aforementioned entities are subsequently collectively referred to as "Defendants" unless noted otherwise).[1]  In response to the various motions filed by Defendants, DataTreasury would respectfully show the Court as follows:

## I.    BACKGROUND

On February 26, 2006, DataTreasury filed its Complaint for patent infringement against the above named entities.  The Complaint sets forth DataTreasury's claims of patent infringement among the various Defendants regarding United States Patent Nos.

---

[1] This motion also serves as a response to City National Corporation, Inc. and City National Bank who are defendants in the related cause between DataTreasury Corporation and City National Corporation, Inc. and City National Bank, Cause No. 2:06CV-165.

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 3 of 19

5,910,988 ("the '988 patent"); 6,032,137 ("the '137 patent"); 5,265,007 ("the '007 patent"); 5,583,759 ("the '759 patent"); 5,717,868 ("the '868 patent"); and 5,930,778 ("the '778 patent"). DataTreasury amended this complaint on March 28, 2006 to add Electronic Data Systems Corp. as a defendant. In response to DataTreasury's Amended Complaint, on June 1, 2006 Defendants, in an apparent unified fashion, responded with motions to dismiss and in the alternative motions for more definite statement.[2] Defendants' respective motions ignore the Federal Rules of Civil Procedure requirements of "notice pleading," the proper use of 12(e) motions for more definite statement, and even this Court's Local Patent Rules. The filing of the instant motions by Defendants simply serves as a dilatory tactic by the Defendants to avoid engaging in meaningful actions that will move this litigation forward.

---

[2] Specifically, the following defendants filed the following motions:

Bank of America Corporation; Bank of America, N.A.; Bank of New York Co., Inc.; Bank of Tokyo-Mitsubishi UFJ, Ltd.; BB&T Corporation; Branch Banking and Trust Company; Citizens Financial Group, Inc.; Comerica Bank & Trust, N.A.; Comerica Incorporated; Cullen/Frost Bankers, Inc.; Deutsche Bank Trust Company Americas; First Data Corporation; LaSalle Bank Corporation; LaSalle Bank, N.A.; M&T Bank Corporation; M&T Bank; Remitco, LLC; TeleCheck Services, Inc.; The Bank of New York; The Frost National Bank; UBS Americas, Inc.; Union Bank of California, N.A.; Wachovia Bank, N.A.; Wachovia Corporation; Wells Fargo & Company filed their Joint Motion of Defendants to Dismiss, or in the Alternative, for More Definite Statement.

U.S. Bankcorp; U.S. Bank, National Association; National City Corporation; National City Bank; Zions Bancorporation; Zions First National Bank; SunTrust Banks, Inc.; SunTrust Bank; Bancorpsouth, Inc.; Bancorpsouth Bank; Compass Bancshares, Inc.; Compass Bank; First Horizon National Corporation; First Tennessee Bank, N.A.; HSBC North America Holdings, Inc.; HSBC Bank USA, N.A.; Harris Bancorp, Inc.; Harris N.A.; First Citizens Bancshares, Inc.; First Citizens Bank & Trust Company; KeyCorp; Keybank National Association; The PNC Financial Services Group, Inc.; PNC Bank, N.A.; Small Value Payments Company, LLC; The Clearing House Payments Co., LLC; and Electronic Data Systems Corp all filed motions to dismiss or in the alternative for more definite statement separate from the other aforementioned Defendants' Joint Motion. City National Corporation, Inc. and City National Bank filed a similar motion in Cause No. 2:06CV-165. All of these Defendants expressly incorporated the arguments of the prior Defendants' Joint Motion into their separate motions.

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 4 of 19

## II. ARGUMENT

### A. DATATREASURY'S AMENDED COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED

As more fully set forth below, DataTreasury has fulfilled its obligations under the Federal Rules of Civil Procedure's notice pleading requirement. Therefore, DataTreasury has fulfilled its obligations at this early stage of the litigation to put the Defendants on notice as to the nature of the cause of action and the claims against them. In light of this, Defendants' various motions to dismiss and motions for more definite statement should be denied.

#### 1. The 12(b)(6) Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must take as true all of the well-pleaded factual allegations contained in the complaint. "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiffs favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). "Given the Federal Rules' simplified standard for pleading, [a] court may dismiss a complaint *only if* it is clear that *no relief could be granted under any set of facts* that could be proved *consistent with the allegations*." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002) (quotation omitted) (emphasis added). Moreover, motions to dismiss for failure to state a claim are historically viewed with disfavor and are rarely granted. *See S. Christian Leadership Conference v. Supreme Court*, 252 F.3d 781, 786 (5th Cir. 2001). "The indulgent standard evident in these precedents is codified in Rule 8, which requires no more than a short and plain statement of [a] claim showing that the

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 5 of 19

pleader is entitled to relief." *Eternity Global Master Fund, Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2nd Cir. 2004) (internal citations omitted). Defendants have wholly failed to show that no relief could be granted under any set of facts that may be proven consistent with the allegations contained in the complaint.

### 2. DataTreasury's Complaint Provides Defendants With Fair Notice of the Claims Against Them

Plaintiff's Complaint is more than sufficient to properly put Defendants on notice as to the claims against them, particularly in light of the Federal Rules of Civil Procedure "notice pleading" requirements. As Defendants concede in their Motion, the Federal Rules of Civil Procedure simply require a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The Federal Rules of Civil Procedure further provide that pleadings are "to be concise and direct." FED. R. CIV. P. 8(e). The United States Supreme Court has noted as much, as well, in *Conley v. Gibson* stating:

> "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. . . . The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

355 U.S. 41, 47 (1957).

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 6 of 19

Significantly, Defendants are unable to direct DataTreasury or this Court to any controlling authority that imposes a heightened pleading requirement for plaintiffs in patent cases beyond that required by the Federal Rules of Civil Procedure. In fact, patent infringement cases are governed by the same liberal, notice pleading standard. *See Phonometrics, Inc. v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). The Federal Circuit Court has made it clear through its opinion in *Phonometrics*[3] that plaintiff's complaint must simply: (1) allege ownership of the asserted patent, (2) name each individual defendant, (3) cite the patent that is allegedly infringed, (4) describe the means by which the defendants allegedly infringe, and (5) point to the sections of the patent law invoked. *Id.* at 794. In this case, DataTreasury's Amended Complaint meets the requirements set forth in *Phonometrics*. Specifically, DataTreasury has alleged ownership of the patents at issue,[4] named each individual defendant,[5] cited the patents that are infringed,[6] described the means by which the Defendants infringe,[7] and pointed to the patent laws that are invoked.[8]

Despite the more recent holding in *Phonometrics* from the Federal Circuit and the numerous subsequent cases following that court's decision, Defendants choose to rely almost exclusively on and direct this court to the older and non-binding decision from *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948 (S.D. Cal. 1996). According to

---

[3] In *Phonometrics*, the plaintiff appealed the dismissal of its patent infringement claims from the United States District Court for the Southern District of Florida under Federal Rule of Civil Procedure 12(b)(6). The Federal Circuit Court reversed the dismissal because the complaint was sufficient to allow the defendants to answer.
[4] *See* FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT, ¶¶ 66-71.
[5] *See* Id. ¶¶ 2-58, 73, 77, 81, 84, 87, and 90.
[6] *See* Id. ¶¶ 73, 77, 81, 84, 87, and 90.
[7] *See* Id. ¶¶ 73-75, 77-79, 81-83, 84-86, 87-89, and 90-92.
[8] *See* Id. ¶¶ 59 and 72.

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Defendants' interpretation of *Gen-Probe*, DataTreasury should be required to separately plead each claim of infringement (*i.e.* directly, contributorily, or through inducement) in separate counts and specifically identify the products accused of infringement. Contradicting the Defendants' interpretation of *Gen-Probe*, a Northern District of California district court has stated that *Gen-Probe* does not establish "a general rule that plaintiffs are required to plead each claim in their complaints in a separate count. Rather, in [the Gen-Probe] case the court was addressing particular organizational deficiencies of the respective pleadings." *OKI Elec. Indus. Co., Ltd. v. LG Semicon Co., Ltd.*, 1998 U.S. Dist. LEXIS 22507, at *8 (N.D. Cal. Feb. 25, 1998) (attached as Ex. A).

Again, even since these two cases were decided, the Federal Circuit has spoken to the issue as to what constitutes a sufficient pleading in a patent infringement case when considering a 12(b)(6) motion in *Phonometrics*. To interpret the *Gen-Probe* decision as the Defendants suggest would essentially place a heightened pleading burden on plaintiffs in patent cases despite the Federal Circuit's opinion that patent cases are governed by the same liberal notice pleading requirements as other cases.[9]

### 3. DataTreasury's Complaint Conforms to the Requirements of Form 16 of the Federal Rules of Civil Procedure

"The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." FED. R. CIV. P. 84. Form 16 of the Federal Rules of Civil Procedure is a sample complaint for infringement of a patent which under the rules is sufficient. FED. R. CIV. P. APPENDIX OF FORMS, Form 16. Form 16 adequately states a claim for patent

---

[9] *See also infra* Sec. II.A.3.a-b.

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

infringement in four short and simple paragraphs. Specifically, the four paragraphs allege: (1) jurisdiction; (2) the inventor and owner of the patents at issue; (3) means by which defendants infringe the patents; and (4) that proper statutory notice has been given.[10] These four paragraphs "are sufficient under the [Federal] rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." FED. R. CIV. P. 84.

In its Amended Complaint, DataTreasury has sufficiently met all of the requirements under Form 16. Specifically in relation to Form 16, DataTreasury has set forth its jurisdiction and venue allegations,[11] identified the inventor and owner of the patents in issue,[12] and identified the means by which the defendants infringe the patents in issue.[13] Clearly, Plaintiff's Complaint conforms to Form 16 of the Federal Rules of Civil Procedure, and is therefore sufficient to provide Defendants with the proper notice and withstand Defendants' motion to dismiss.

          **a.    DataTreasury Need not set Forth in Separate Counts Claims of Infringement That Occur Directly, Contributorily, or Through Inducement**

Defendants also place exclusive reliance on *Gen-Probe* in support of their position that DataTreasury's complaint should be dismissed because it did not set forth in separate paragraphs its claims that Defendants infringe directly, contributorily, or through inducement. However, such a separation of claims is not required under Rule 8. *See, e.g., Jackson v. Ill. Bell Tel. Co.*, 2002 U.S. Dist. LEXIS 13186, at *8-9 (N.D. Ill. July 3,

---

[10] This fourth requirement is not relevant in this case.
[11] *See* FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT, ¶¶ 59-65.
[12] *See* Id. ¶¶ 66-71.
[13] *See* Id. ¶¶ 73-75, 77-79, 81-83, 84-86, 87-89, and 90-92.

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 9 of 19

2002) (denying defendant's motion to dismiss because plaintiff's complaint contained the minimum amount of specificity required by the notice pleading requirements and further recognizing that plaintiff properly identified the means by which Defendants allegedly infringe by pleading that "each of the defendants has infringed the patent in suit either *directly or through acts of contributory infringement or inducement*.") (emphasis added) (internal citations omitted) (attached as Ex. B); *One World Techs., Ltd. v. Robert Bosch Tool Corp.*, 2004 U.S. Dist. LEXIS 14035, at *6 (N.D. Ill. July 20, 2004) (denying defendants' motion to dismiss where plaintiff met the requirements set forth in *Phonometrics*, and further acknowledging plaintiff properly described the means by which defendants allegedly infringed by stating, "Defendants have infringed and are now *directly infringing, inducing infringement by others, and/or contributorily infringing* one or more claims of the '976 patent within this District or elsewhere within the United States by making, using, selling, and/or offering to sell products falling within the scope of such claims, all without authority or license from Plaintiffs.") (emphasis added) (attached as Ex. C).  In both of these cases, the plaintiff's choice to accuse defendants of infringement directly, contributorily, or through inducement did not warrant dismissal under Rule 12(b)(6).  Notably, both of these cases rely on the more recent holding of the Federal Circuit in *Phonometrics*, as opposed to the non-binding and older decision in *Gen-Probe* in which Defendants place all of their reliance in support of the heightened pleading requirement they now advocate.

      The infringement allegations made by DataTreasury in this matter are very similar to those made in *Phonometrics, One World, and Jackson* where the courts denied the

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 10 of 19

various defendants' motions to dismiss.  In light of these well reasoned decisions that properly apply the liberal notice pleading requirements of the Federal Rules of Civil Procedure, the Defendants' Motion to Dismiss should be denied.

### b. DataTreasury Need not Identify Specific Products of the Defendants in its Complaint

Defendants further advocate a heightened pleading standard by asking the Court to require DataTreasury to specifically name specific products of the Defendants that allegedly infringe.  Again, however, this is not a condition that DataTreasury is required to fulfill in its Complaint.  Defendants assert that DataTreasury's "identification of 'products and/or services' is so vague that it constitutes no notice at all…."  JOINT MOTION OF DEFENDANTS TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT, p. 8.  DataTreasury's assertions are sufficient to provide fair notice to Defendants.  *See, e.g., digiGAN, Inc. v. iValidate, Inc.*, 2004 U.S. Dist. LEXIS 1324, at *11-12 (S.D.N.Y. Feb. 3, 2004) (denying motion to dismiss where the plaintiff's amended complaint alleged "that Defendants ha[d] violated 35 U.S.C. § 271(a) by '*making, using, offering to sell, and/or selling the invention claimed*' in two patents.") (emphasis added) (attached as Ex. D); *One World*, 2004 U.S. Dist. LEXIS 14035, at *6 (Denying defendant's motion to dismiss where plaintiff simply alleged that "Defendants have infringed and are now directly infringing, inducing infringement by others, and/or contributorily infringing one or more claims of the '976 patent within this District or elsewhere within the United States *by making, using, selling, and/or offering to sell products falling within the scope of such claims*, all without authority or license from Plaintiffs.") (emphasis added).  Once again, these two cases follow the Federal Circuit's

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 11 of 19

holding in *Phonometrics* requiring only that the patentee plead facts sufficient to place the alleged infringer on notice. *See Phonometrics*, 203 F.3d. at 794. The two courts found the patentees' pleadings to be sufficient in light of the requirements of *Phonometrics* despite the fact that the patentees did not specifically identify an accused product in their complaints.

Further support for the position that DataTreasury's Amended Complaint should not be dismissed under Rule 12(b)(6) can be found in *OKI Elec. Indus. Co., Ltd. v LG Simicon Co., Ltd.*, 1998 U.S. Dist. LEXIS 22507 (N.D. Cal. Feb. 25, 1998). In that case, one example of an allegation that defendant contended was defective and therefore should be dismissed was: "Defendant LG America has infringed and is infringing the *'059* patent in violation of *35 U.S.C. § 271,* by making, importing, offering for sale, selling, and/or using devices that embody the patented methods, including 4 megabit and higher density DRAMs." *Id*. at *8-9. Admittedly, the plaintiff in *OKI* further clarified its allegation by adding the phrase, "including 4 megabit and higher density DRAMs," however, the court found that the allegation was sufficient to meet the requirements of Form 16 without the additional limitation. Specifically, when comparing the plaintiff's complaint to that found in Form 16, the court noted:

> The phrase "devices that embody the patented methods" from OKI's allegation is substantially similar to the phrase "electric motors embodying the patented invention" found in Form 16. The similarity between the two allegations makes it clear that OKI's FAC is sufficient under the Rules. Indeed, OKI's FAC exemplifies the simplicity and brevity of statement that the Rules contemplate.

*Id.* at *10 (internal citations omitted). Just as the phrase used by the plaintiff in *OKI* was substantially similar to the specified phrase in Form 16, the language used by

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 12 of 19

DataTreasury in its allegations is also similar to that found in Form 16. As such, Defendants' 12(b)(6) motion must again fail because DataTreasury has provided Defendants with proper notice that would allow them to frame a responsive pleading.

### B. A Responsive Pleading Can be Made by Defendants

Interestingly, MagTek, Inc. ("MagTek"), another entity named as a defendant in the instant lawsuit, has managed to interpret and understand DataTreasury's Amended Complaint such that it was able file an answer thereto despite the other Defendants' assertions that "DTC's Amended Complaint is so vague and ambiguous that these Defendants cannot frame a proper responsive pleading…." JOINT MOTION OF DEFENDANTS TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT, p. 10. The fact that Magtek found DTC's Amended Complaint sufficient to allow it to file a responsive pleading raises the question of why the other Defendants could not do the same. MagTek's choice to answer DTC's Amended Complaint, as opposed to filing a dilatory pleading as the other Defendants have done, speaks volumes as to the sufficiency of DataTreasury's Amended Complaint. In light of this, Defendants' claims that a responsive pleading cannot be made rings hollow.

### C. DEFENDANTS' ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT SHOULD BE DENIED[14]

A motion for more definite statement is proper when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading..." FED. R. CIV. P. 12(e). Rule 12(e) is not designed, however, to make it easier for the moving party to prepare its case. *Symbol Techs., Inc. v. Hand Held Prods*., 2003 U.S.

---

[14] DataTreasury also incorporates by reference Sec.II.A-B., *supra.*

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 13 of 19

Dist. LEXIS 21002, at *9 (D. Del. Nov. 3, 2003) (attached as Ex. E), *citing* FED. R. CIV. P. 12 advisory committee's note.  Motions for more definite statement are historically disfavored by the courts, and particularly so in the Eastern District of Texas.  *See* Fed. R. Civ. P. 8(f) (stating, "All pleadings shall be so construed as to do substantial justice."); *see also U.S. v. Uvalde Consol. Indep. Sch. Dist.*, 625 F.2d 547, 549 (5th Cir. 1980) (stating that initial pleadings are required only to give notice of claims and should be construed liberally); *J&J Manuf. Inc. v. Logan*, 24 F.Supp.2d 692, 703 (E.D. Tex. 1998) (stating, "pursuant to Federal Rule of Civil Procedure 8(a), the Plaintiff's complaint need only contain a 'short and plain statement of the claim showing the pleader is entitled to relief.' Thus, a motion for more definite statement is generally disfavored by the courts.").  The simplicity and brevity of notice pleading that is contemplated by the Federal Rules of Civil Procedure are typified in DataTreasury's Amended Complaint, and no more specificity is required in a patent case at the pleading stage.  *See OKI*, 1998 U.S. Dist. LEXIS 22507, at *12.  DataTreasury has fulfilled its pleading requirements.

    D.    **A MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT SHOULD NOT SERVE AS A SUBSTITUTE FOR DISCOVERY PROCEDURES**

"[S]implified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959) *citing Conley v. Gibson,* 355 U.S. 40, 41 (1957).  The modern view of pleadings, as evidenced by the Federal Rules of Civil Procedure, is that the pleadings should simply generally indicate the type of litigation involved.  *Charles E. Beard, Inc. v. Cameronics*

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 14 of 19

*Tech. Corp.*, 120 F.R.D. 40, 41-42 (E.D. Tex. April 30, 1988).  A motion to dismiss or for more definite statement should not be used to gather facts for trial or as a discovery tool, as specific methods allowed under the Federal Rules of Civil Procedure exist for this purpose.  *Mitchell*, 269 F.2d at 132; s*ee also Cameronics*, 120 F.R.D. at 42  (stating "[t]hrough its notice-pleading standard and liberal discovery rules, the federal rules have shifted the primary issue-framing function away from the pleadings to the discovery process, which culminates in a final pretrial order.").  Particularly in complex litigation such as patent cases, parties refine and focus their claims through the discovery process.  *Symbol Techs.,* 2003 U.S. Dist. LEXIS 21002, at *8.

The notice pleading requirements of the federal rules to not require that the Plaintiff set out the details of the facts on which he bases his claim, but rather "such detail is properly left to the many devices of discovery, such as interrogatories, requests for admissions, depositions."  *Cameronics*, 120 F.R.D. at 42.  According to the Eastern District of Texas, a motion for more definite statement should not be used as a discovery tool or as a fishing expedition:

> The practice is not authorized by the language of the rule and experience has shown that the granting of Rule 12(e) motions often leads to delay, harassment, and proliferation of the pleading stage without any commensurate gain in issue definition or savings in time . . . .  In the absence of some restraint, the motion will undoubtedly be used as a vehicle for fishing expeditions at the pleadings stage.

*Thurmond v. Compaq Computer Corp.,* 2000 U.S. Dist. LEXIS 22718, at *8-9 (E.D. Tex. Feb. 28, 2000) (attached as Ex. F), *citing* WRIGHT & MILLER, 5A FEDERAL PRACTICE & PROCEDURE 2d § 1356.

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Just as in *Cameronics*, the Defendants here "ha[ve] lost sight of the modern function of the pleadings[,]" and attempt to use this procedural device as both a dilatory tactic and an attempt to engage in premature discovery. *See Cameronics*, 120 F.R.D. at 42. In this case, as previously recognized by the Eastern District of Texas, the specific information sought is more appropriately sought through specific discovery procedures allowed under the Federal Rules of Civil Procedure and this Court's Local Patent Rules.

Specific information sought by Defendants will be disclosed and made known through Plaintiff's preliminary infringement contentions as required under the Local Patent Rules of this Court. Local Patent Rule 3-1 provides that "[n]ot later than 10 days after the Initial Case Management Conference, a party claiming patent infringement must serve on all parties a 'Disclosure of Asserted Claims and Preliminary Infringement Contentions'" setting forth "each claim of each patent in suit that is infringed" along with as specific identification as possible of "each accused apparatus, product, device, process, method, act, or other instrumentality," in addition to multiple other requirements. This Local Patent Rule clearly recognizes that notice pleading does not require the specificity and heightened requirements that Defendants advocate, and further acknowledges that other forms of disclosures are the proper context in which to obtain such information. *See OKI,* 1998 U.S. Dist. LEXIS 22507, at *10-11 (stating "[Civil Local Rule 16-7(b)] recognizes that notice pleading does not require such specificity and that discovery disclosures are the proper context for such detailed information [relating to the specific infringing products].").  Defendants' attempt to gather this detailed information now through a motion for more definite statement is not only contrary to this Court's

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 16 of 19

precedent and the Federal Rules of Civil Procedure, but is also a blatant attempt to change the timetable set forth in Local Patent Rule 3-1 for Plaintiffs to provide specific information regarding the Defendants' infringement of the patents-in-suit.

### III.  CONCLUSION

Defendants' actions serve as a dilatory stalling tactic utilized to postpone answering DataTreasury's Amended Complaint, and is causing all parties to this action and the Court needless delay.  DataTreasury's Amended Complaint fully complies with the requirements set forth in Federal Rule of Civil Procedure Form 16, the requirements established by the Federal Circuit in *Phonometrics*, and the Federal Rules of Civil Procedure's notice pleading requirement.  Accordingly, Defendants' Motion to Dismiss and Motion for More Definite Statement should be denied in its entirety.

Respectfully submitted,

/s/  R. BENJAMIN KING

C.  CARY PATTERSON
State Bar No. 15587000
ANTHONY BRUSTER
State Bar No. 24036280
BRADY PADDOCK
State Bar No. 00791394
R. BENJAMIN KING
State Bar No.  24048592
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas  75503
Tel. (903)223-3999; Fax (903)223.8520

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 17 of 19

ROD A. COOPER
Texas Bar No. 90001628
**THE COOPER LAW FIRM**
545 E. John Carpenter Freeway, Ste .1460
Irving, Texas  75062
Tel. (972)831-1188; Fax (972)692-5445
rcooper@cooperiplaw.com

EDWARD L. HOHN
Texas Bar No. 09813240
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas  75638
Tel. (903)645-7333; Fax (903)645-4415
edhohn@nixlawfirm.com

JOE KENDALL
Texas Bar No. 11260700
KARL RUPP
Texas Bar No. 24035243
**PROVOST UMPHREY, L.L.P.**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Tel. (214)744-3000; Fax (214) 744-3015
jkendall@provosthumphrey.com

EDWARD CHIN
State Bar No. 50511688
**THE CHIN LAW FIRM**
11602 Island Breeze St.
Pearland, Texas  77584
(713) 436-0564; (866) 317-3953 (fax)
edchin@chinlawfirm.com

ERIC M. ALBRITTON
Texas Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Tel. (903)757-8449; Fax (903)758-7397
ema@emafirm.com

T. JOHNNY WARD JR.
Texas Bar No. 00794818

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 18 of 19

THE LAW OFFICE OF T. JOHN WARD, JR.
P.O. Box 1231
Longview, Texas 75606
Tel. (903)757-6400; Fax (903) 757-2323
jw@jwfirm.com

*Counsel for Plaintiff DataTreasury Corporation*

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 14th day of June, 2006.

/s/  R. BENJAMIN KING
Nix, Patterson & Roach LLP

PLAINTIFF DATATREASURY CORPORATION'S
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Page 19 of 19