Case 2:06-cv-00072-DF-CMC    Document 167    Filed 06/14/2006    Page 1 of 4

Datatreasury Corporation v. Wells Fargo & Company et al                                                              Doc. 167 Att.

LEXSEE 1998 US DIST LEXIS 22507

**OKI ELECTRIC INDUSTRY CO., LTD., Plaintiff, v. LG SEMICON CO., LTD. and LG SEMICON AMERICA, INC., Defendants.**

**CIVIL NO. 97-20310 SW**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*1998 U.S. Dist. LEXIS 22507*

**February 25, 1998, Decided
February 25, 1998, Filed; March 6, 1998, Entered in Civil Docket**

**DISPOSITION:** [*1] Defendants' motion to dismiss Plaintiff's First Amended Complaint or in alternative, motion for more definite statement (docket number 48) DENIED.

**COUNSEL:** For OKI ELECTRIC INDUSTRY CO., LTD., Plaintiff: Matthew T. Powers, Matthew D. Powers, Jared Bobrow, Elizabeth H. Rader, Emily S. Lau, Janice V. Mock, Weil Gotshal & Manges LLP, Menlo Park, CA.

For LG SEMICON CO., LTD., LG SEMICON AMERICA, defendants: Daniel J. Bergeson, Richard J. Gray, Bergeson Eliopoulos & Grady LLP, San Jose, CA.

For LG SEMICON CO., LTD., defendant: William E. Wallace, III, Mariam J. Naini, Morgan Lewis & Bockius LLP, Washington, DC.

For LG SEMICON AMERICA, defendant: Mariam J. Naini, Morgan Lewis & Bockius LLP, Washington, DC.

For LG SEMICON AMERICA, Counter-claimant: Daniel J. Bergeson, Richard J. Gray, Bergeson Eliopoulos & Grady LLP, San Jose, CA.

For LG SEMICON AMERICA, Counter-claimant: Mariam J. Naini, Morgan Lewis & Bockius LLP, Washington, DC.

For LG SEMICON CO., LTD., Counter-claimant: William E. Wallace, III, Mariam J. Naini, Morgan Lewis & Bockius LLP, Washington, DC.

For LG SEMICON AMERICA, Counter-claimant: Anthony C. Roth, Morgan Lewis & Bockius, Washington, DC.

For [*2] OKI ELECTRIC INDUSTRY CO., LTD., Counter-defendant: Matthew T. Powers, Matthew D. Powers, Jared Bobrow, Elizabeth H. Rader, Weil Gotshal & Manges LLP, Menlo Park, CA.

For OKI AMERICA, INC., Counter-defendant: David C. Radulescu, Weil Gotshal & Manges LLP, Menlo Park, CA.

**JUDGES:** SPENCER WILLIAMS, United States District Judge.

**OPINIONBY:** SPENCER WILLIAMS

**OPINION:**

ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Plaintiff OKI Electric Industry Co., Ltd. ("OKI") initiated this action against Defendants LG Semicon Co., Ltd. ("LG Semicon") and LG Semicon America, Inc. ("LG Semicon America") on April 2, 1997, alleging direct, contributory, and inducement infringement of five patents. In response to OKI's complaint, LG Semicon and LG Semicon America brought a motion to dismiss or, in the alternative, a motion for a more definite statement. In lieu of opposing that motion, OKI filed and served a First Amended Complaint on July 30, 1997, which alleged direct and inducement infringement of the same five patents as the original complaint. LG Semicon and LG Semicon America now bring this motion to dismiss Plaintiff's [*3] First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to *Federal Rule of Civil Procedure 12(b)(6)*, or in the alternative, a motion for a more definite statement

Case 2:06-cv-00072-DF-CMC   Document 167   Filed 06/14/2006   Page 2 of 4

Page 2
1998 U.S. Dist. LEXIS 22507, *

pursuant to *Federal Rule of Civil Procedure 12(e)*. For the reasons set forth below, the Court hereby DENIES Defendants' motion.

### BACKGROUND

OKI, a Japanese corporation, owns all rights, interests, and legal title to five U.S. patents: No. *4,603,059* ("the *'059* patent"), No. *4,777,732* ("the *'732* patent"), No. *4,962,413* ("the *'413* patent"), No. *5,075,745* ("the *'745* patent"), and No. *5,280,453* ("the *'453* patent"). LG Semicon is a Korean corporation and LG Semicon America is a California corporation.

OKI's First Amended Complaint ("FAC") states five claims, each corresponding to one of the patents in suit. Within each claim, OKI uses separate paragraphs for allegations concerning each Defendant. It also uses separate paragraphs to allege direct infringement and inducement infringement. That is, a separate paragraph alleges each of the following: direct infringement against LG Semicon, inducement infringement against LG Semicon, direct infringement against LG Semicon America, and inducement **[*4]** infringement against LG Semicon America.

### LEGAL STANDARD

#### A. Motion to Dismiss under Rule 12(b)(6)

A complaint should only be dismissed under *Rule 12(b)(6) of the Federal Rules of Civil Procedure* where it appears beyond doubt that no set of facts could support plaintiff's claim for relief. *Conley v. Gibson, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99,* (1957); *Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987),* cert. denied, *484 U.S. 944,* (1987). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).*

In reviewing a motion under Rule 12(b)(6), all allegations of material fact are taken as true and must be construed in the light most favorable to the non-moving party. *Durning, 815 F.2d at 1267.* As the moving parties, LG Semicon and LG Semicon America bear the burden of showing that there is no set of facts under which plaintiffs could be entitled to relief on the allegations of their complaint. **[*5]** *Conley, 355 U.S. at 47.*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)*. In addition, "each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." *Fed. R. Civ. P. 10(b).*

#### B. Motion for a More Definite Statement under Rule 12(e)

*Federal Rule of Civil Procedure 12(e)* provides that:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not observed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

### DISCUSSION

LG Semicon and **[*6]** LG Semicon America move the Court to dismiss OKI's FAC by arguing that it: (1) fails to set forth in separate counts OKI's direct and inducement infringement claims against each Defendant; (2) it fails to specify particular facts to support its infringement claims and instead refers vaguely and generically to nearly all of Defendants' product line; and (3) it fails to allege that any of the infringing devices are sold in or imported into the United States. Defendants move the Court, in the alternative, for a more definite statement.

#### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

##### 1. OKI's FAC Need Not Set Forth in Separate Counts OKI's Direct Infringement and Inducement Infringement Claims Against Each Defendant

Defendants first argue that because OKI's FAC does not set forth separate causes of action in separate counts, it fails to meet the pleading standards required by this and other courts. In support of their argument, Defendants rely principally on *Gen-Probe Inc. v. Amoco Corp., 926 F. Supp. 948 (S.D.Cal. 1988).* The district court there held that the complaint set forth its claims "in a confusingly conclusory manner, accusing each of five defendants **[*7]** of three very different causes of action on two different patents, all in one conclusory sentence, without adequately specifying the grounds for plaintiff's belief that any of these entities have infringed." *Id. at 960.* To remedy this lack of organization, the court dismissed most of the plaintiff's claims with leave to amend,

Case 2:06-cv-00072-DF-CMC    Document 167    Filed 06/14/2006    Page 3 of 4

Page 3
1998 U.S. Dist. LEXIS 22507, *

and required plaintiff to limit each count of the amended complaint to one cause of action. *Id. at 962.*

Defendants also look to this Court's opinion in *Schlafly v. Public Key Partners,* 1994 WL 669858 (N.D.Cal. Nov. 22, 1994) for support of their argument that each count of a complaint must be limited to a single cause of action. In Schlafly, the Court held that the "disjointed and confusing" complaint was "a hodgepodge of allegations to which no defendant could reasonably frame a responsive pleading." Id. at *2. To remedy the confusion caused by that complaint, the Court granted the defendant's motion for a more definite statement and required the plaintiff to individually list each cause of action. Id. Notably, the Court did not require separate counts for each cause of action. Neither the Gen-Probe **[*8]** nor the Schlafly case establishes a general rule that plaintiffs are required to plead each claim in their complaints in a separate count. Rather, in each case the court was addressing particular organizational deficiencies of the respective pleadings.

In contrast to those cases, here OKI has organized its claims by patent, by type of infringement, and by defendant. While it is true that each count contains more than one claim, separate paragraphs make clear the different legal theories upon which OKI relies and the separate defendants against which those theories are asserted. The organization is "simple, concise, and direct." *Fed. R. Civ. P. 8(e).* Separate counts are only required "whenever a separation facilitates the clear presentation of the matters set forth." *Fed. R. Civ. P. 10(b).* Here, OKI's chosen organization is sufficiently clear to obviate the need to require organization of each claim into a separate count.

**2. OKI's FAC Adequately Alleges Facts in Support of its Infringement Claims**

Defendants next argue that OKI's FAC fails to meet the pleading standards by not providing adequate notice of particular facts in support of its claims. An example of the allegations **[*9]** that Defendants assert are defective is as follows: "Defendant LG America has infringed and is infringing the '059 patent in violation of *35 U.S.C. § 271,* by making, importing, offering for sale, selling, and/or using devices that embody the patented methods, including 4 megabit and higher density DRAMs." Specifically, Defendants argue that this allegation refers vaguely and generically to nearly all of Defendants' product line. Therefore, they claim, they are unable to frame a responsive pleading.

Form 16 of the Appendix of Forms to the Federal Rules of Civil Procedure sets forth an illustrative complaint for infringement of a patent. See Introductory Statement to Appendix of Forms. Form 16 states a claim for patent infringement in four paragraphs, followed by a demand for relief. The first paragraph alleges jurisdiction. The second paragraph alleges ownership of the patent at issue. The third paragraph alleges that the defendant has been and still is infringing the patent by "making, selling, and using electric motors embodying the patented invention." The fourth paragraph alleges notice of the patent on all products manufactured and sold by the patent **[*10]** owner under the patent and written notice to the defendant of the alleged infringement. These four paragraphs "are sufficient under the [Federal] rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." *Fed. R. Civ. P. 84.*

The phrase "devices that embody the patented methods" from OKI's allegation is substantially similar to the phrase "electric motors embodying the patented invention" found in Form 16. The similarity between the two allegations makes it clear that OKI's FAC is sufficient under the Rules. Indeed, OKI's FAC exemplifies the simplicity and brevity of statement that the Rules contemplate. See *Fed. R. Civ. P. 84*.

Further support for the Court's determination that OKI's FAC meets the pleading standards is found in the Northern District's Local Rules. Civil Local Rule 16-7 provides that 45 days after filing a pleading alleging patent infringement, the party alleging infringement must serve on all parties an "Initial Disclosure of Asserted Claims." This initial disclosure must contain each claim of each patent in suit that is allegedly infringed along with as specific an identification as possible of each accused apparatus, **[*11]** product, device, process, method, act or other instrumentality. Civil L. R. 16-7(b). This local rule recognizes that notice pleading does not require such specificity and that discovery disclosures are the proper context for such detailed information.

**3. OKI's FAC Does Not Need to Explicitly Allege That Any Accused Devices Are Imported or Sold in the United States**

Defendants further argue that OKI's FAC should be dismissed because it fails to allege that any of the accused devices are imported or sold in the United States. Defendants assert that as a result, OKI's FAC fails to plead an essential element of its infringement claims under *35 U.S.C. § § 271* (a) and (g).

In support of their argument, Defendants rely on *Pfizer Inc. v. Aceto Corp., 853 F. Supp. 104 (S.D.N.Y. 1994).* In that case it was "undisputed that [the defendant] does not itself import the [allegedly infringing product] into the United States." *Id. at 105.* The court there did not allow the plaintiff to extend the reach of § 271(g) to foreign manufacturers whose infringing acts do not occur within the United States. Id.

Case 2:06-cv-00072-DF-CMC   Document 167   Filed 06/14/2006   Page 4 of 4

Page 4
1998 U.S. Dist. LEXIS 22507, *

In contrast to that case, **[*12]** here OKI has alleged in its FAC that the Defendants "import[], offer[] for sale, and/or sell[] [allegedly infringing products] in the United States." Indeed, four paragraphs of the FAC specify that Defendants infringe OKI's patents in the United States. Therefore, the FAC sufficiently states a claim under §§ 271(a) and (g).

Even if OKI's FAC did not allege that Defendants' products infringed in the United States, it would still be sufficient. No allegation that infringing devices were made, used, or sold in, or imported into the United States is contained in Form 16, and yet the Form is "sufficient under the rules." *Fed. R. Civ. P. 84*. Form 16 thus makes it clear that an explicit allegation of infringement in the United States is not necessary.

**B. Motion for a More Definite Statement Pursuant to Rule 12(e)**

Defendants argue that OKI should be required to amend its FAC to provide a more definite statement of its claims against Defendants. As explained above, the simplicity and brevity of notice pleading is typified in OKI's FAC, as contemplated by the Federal Rules of Civil Procedure. No more specificity is required in a patent case at the pleading stage.

In support **[*13]** of their motion for a more definite statement, Defendants have cited several cases involving the imposition of Rule 11 sanctions on plaintiffs who have failed to thoroughly investigate claims before bringing them in court. See, e.g., *Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990); Judin v. United States, 110 F.3d 780 (Fed. Cir. 1997); Refac International Ltd. v. Hitachi Ltd., 1991 U.S. Dist. LEXIS 15890, 19 U.S.P.Q.2D (BNA) 1855 (C.D.Cal. 1991)*. Such cases are inapposite to the present action in that they properly address the question of unwarranted and frivolous legal contentions in the context of a Rule 11 motion for sanctions. Defendants here have not brought a motion for sanctions and the Court does not find on its own initiative any conduct that appears to warrant an order to show cause why sanctions should not be imposed. See *Fed. R. Civ. P. 11(c)(1)(B)*. If the facts later show that OKI failed to investigate its claims before bringing its FAC, Defendants may bring a motion for Rule 11 sanctions.

**CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's **[*14]** First Amended Complaint, or in the alternative, motion for a more definite statement (docket number 48) is DENIED.

IT IS SO ORDERED.

DATED: 2/25/98

SPENCER WILLIAMS

United States District Judge