Case 2:06-cv-00072-DF-CMC   Document 167   Filed 06/14/2006   Page 1 of 6

Datatreasury Corporation v. Wells Fargo & Company et al                                                                Doc. 167 Att.

1 of 1 DOCUMENT

**CHARLES THURMOND, and HAL LAPRAY, Plaintiffs, On Behalf of Themselves and All Others Similarly Situated. v. COMPAQ COMPUTER CORPORATION, Defendant.**

1:99CV0711 (TH) JURY

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION**

*2000 U.S. Dist. LEXIS 22718*

**February 28, 2000, Decided
February 28, 2000, Filed**

**SUBSEQUENT HISTORY:** Motion denied by *Thurmond v. Compaq Computer Corp., 2000 U.S. Dist. LEXIS 22720 (E.D. Tex., Feb. 28, 2000)*

**PRIOR HISTORY:** *Thurmond v. Compaq Computer Corp., 2000 U.S. Dist. LEXIS 21888 (E.D. Tex., Feb. 28, 2000)*

**COUNSEL: [*1]** For Charles Thurmond, on behalf of himself and those similarly situated, Hal Lapray, on behalf of himself and others similarly situated, Tracy D Wilson, Jr, Alisha Seale Owens, Plaintiffs: Charles Silver, Attorney at Law, Austin, TX; Gary Neale Reger, Orgain Bell & Tucker, Beaumont, TX; Olen Kenneth Dodd, Attorney at Law, Beaumont, TX; Gilbert Irvine Low, Orgain Bell & Tucker, Beaumont, TX; Wayne A Reaud, Reaud Morgan & Quinn, Beaumont, TX.

For Charles Thurmond, on behalf of himself and those similarly situated, Tracy D Wilson, Jr, Alisha Seale Owens, Plaintiffs: L DeWayne Layfield, Attorney at Law, Beaumont, TX.

For Tracy D Wilson, Jr, Alisha Seale Owens, Plaintiffs: D Allan Jones, Jack Potter Carroll, Orgain Bell & Tucker - Beaumont, Beaumont, TX; George Michael Jamail, Reaud Morgan & Quinn, Beaumont, TX.

For Compaq Computer Corporation, Defendant: Carl A Parker, Parker & Parks LLP, Port Arthur, TX; David J Beck, Beck Redden & Secrest, Houston, TX; Robert Quentin Keith, Keith & Weber, Johnson City, TX; Steven M Zager, Akin Gump Strauss Hauer & Feld - Houston, Houston, TX; Barbara Wrubel, Sheila L Birnbaum, Skadden Arps Slate Meagher & Flom LLP, New York, NY; Charles **[*2]** S Baker, Munsch Hardt Kopf & Harr, Austin, TX; Peter Kelly Taafe, DuBois Bryant Campbell & Schwartz, Austin, TX.

For Toshiba America Information Systems Inc, Intervenor Plaintiff: Frank G Jones, Fulbright & Jaworski - Houston, Houston, TX.

For Fujitsu Computer Products of America Inc, Lucent Technologies Inc, Microsoft Corporation, Iomega Corporation, Seagate Technology Inc, SANYO North America Corporation, VIA Technologies Inc, Movants: Larry James Simmons, Jr, Lawrence Louis Germer, Germer Bernsen & Gertz, Beaumont, TX.

For Cypress Semiconductor Corporation, Movant: Hemant Hari Kewalramani, Howry Simon Arnold & White, Houston, TX.

For S3 Incorporated, Movant: Andrew Scott Hanen, T Christopher Trent, Johnson Spalding Doyle West & Trent, Houston, TX.

For Maxtor Corporation, Movant: Daniel R Castro, Castro & Baker, Austin, TX.

For Intel Corporation, Movant: Michael P Lynn, Lynn Tillotson & Pinker LLP, Dallas, TX.

For SCI Technology Inc, doing business as SCI Systems, Movant: J Clifford Gunter, III, Bracewell & Patterson, Houston, TX; John Joseph Edmonds, Vinson & Elkins, Houston, TX.

**JUDGES:** Thad Heartfield, United States District Judge.

**OPINIONBY:** Thad Heartfield

**OPINION: [*3]**

**ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT**

Before this Court is *Compaq's Motion for More Definite Statement* [14]. Having considered the motion, the response, the reply to the response, and the arguments of counsel presented at the February 28, 2000 hearing, this Court DENIES *Compaq's Motion for More Definite Statement* [14]; it CAUTIONS counsel for Defendant Compaq Computer Corporation to stop filing frivolous motions; and it ORDERS all counsel for Defendant Compaq Computer Corporation to read *Federal Rule of Civil Procedure 11* before filing any further motions.

**1. Facts and Procedural History**

On November 30, 1999 Plaintiffs Charles Thurmond and Hal Lapray ("Plaintiffs") sued Defendant Compaq Computer Corporation ("Compaq") alleging Compaq "designed, manufactured, created, distributed, sold, marketed, or transmitted . . . FDC ["floppy diskette controllers"] microcode that can cause the unreported corruption or loss of data." *Plaintiffs' First Amended Original Class Complaint* [8] at p.3. "Plaintiffs purchased computers, or similar devices, sold or manufactured by Defendant, or that contain floppy [*4] diskette drives ('FDDs'), floppy diskette controllers ('FDCs'), or FDC instructions or commands in the form of microcode that were designed, sold, manufactured, transmitted or created by Defendant." *Id.* at p.1. Plaintiffs seek injunctive relief and statutory damages under Title *18 U.S.C. § 1030* (the "Computer Fraud and Abuse Act"), revocation of acceptance under the Uniform Commercial Code ("UCC"), breach of contract and express and implied warranties, and declaratory relief under Title *18 U.S.C. § 1030*. *Id.* at pp.10-15.

On January 28, 2000 Compaq delivered a plethora n1 of motions to this Court including *Compaq's Motion for More Definite Statement* [14]. Compaq argues "Plaintiffs' First Amended Original Class Complaint is so vague and ambiguous that Compaq cannot reasonably be required to frame a responsive pleading or make meaningful initial disclosures." *Id.* at 2. Not only is Compaq completely wrong, it contradicts itself in presenting this argument. So, this frivolous motion is denied.

---

n1 This Court first considered calling the motions a "phalanx" of motions. However, the phalanx was a tight group of Greek infantry with an impenetrable shell of soldiers' shields and a lethal extension of their lances capable of piercing the strongest of armies. Out of respect for the Greeks, this Court will not liken these motions to the Greek phalanx. So plethora, not phalanx.

---

[*5]

**2. Law**

*Federal Rule of Civil Procedure 12(e)* says:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

*FED.R.CIV.P. 12(e).*

The Honorable Howell Cobb of this District described how early, technical pleading practice developed into today's notice pleading:

> At common law, the pleadings came to be seen as a means of sharpening the dispute between the parties. See CASAD & SIMON, CIVIL PROCEDURE at 269-74 (1984). Common law pleadings functioned to frame issues, both legal and factual. See MOORE's FEDERAL PRACTICE P 8.03 at 8-11. In contrast, the modem philosophy of pleadings as embodied in the Federal Rules of Civil Procedure is that the pleadings do little more than indicate generally the type of litigation involved. Id. at P 8.03, 8-10. Through its notice-pleading standard and liberal discovery rules, the federal rules have shifted the primary issue-framing function away [*6] from the pleadings to the discovery process, which culminates in a final pretrial order. . . . *Rule 8(a)(2)* requires the pleader to give the defendant fair notice of (1) his legal theory (the claim), and (2) the general transaction or occurrence on which the claim rests (the grounds). *The federal rules do not require a claimant to set out in detail the facts upon which he bases his claim. Conley v. Gibson, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). Such detail is properly left to the many devices of discovery, such as interrogatories, requests for admissions, depositions.*

Case 2:06-cv-00072-DF-CMC    Document 167    Filed 06/14/2006    Page 3 of 6

Page 3
2000 U.S. Dist. LEXIS 22718, *

*Charles E. Beard, Inc. v. Cameronics Technology,* 120 F.R.D. 40, 41 (E.D.Tex.1988).

Nevertheless, "if a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for more definite statement under *Rule 12(e) F.R.C.P.*" *Sisk v. Texas Parks & Wildlife Dep't,* 644 F.2d 1056, 1059 (5th Cir. 1981) (citing WRIGHT & MILLER, 5A FEDERAL PRACTICE & PROCEDURE 2d § 1356 at 590-591). However, as Judge Cobb noted, under *Federal Rule of Civil Procedure 8(a)* **[*7]** the Plaintiffs complaint need only contain a "short and plain statement of the claim showing the pleader is entitled to relief." *Fed.R.Civ.P. 8(a)*; see also 2 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE, PP 8.03 and 12.36 (3d ed. 1999). Thus, a motion for more definite statement is generally disfavored by the courts-including this one. *J&J Mfg. v. Logan,* 24 F. Supp. 2d 692 (E.D.Tex.1998); *Charles E. Beard, supra*; *Nebout v. City of Hitchcock,* 71 F.Supp.2d 702, 706 (S.D.Tex.1999); *Faulk v. Home Oil Co.,* 173 F.R.D. 311 (M.D.Ala.1997); *Classic Communications v. Rural Tel. Serv. Co.,* 956 F. Supp. 910, 913 (D.Kan.1997); *Young v. Warner-Jenkinson Co.,* 170 F.R.D. 164, 165-66 (E.D.Mo.1996).

Professor Moore elaborated on the general disfavor among federal courts for the (often tactically filed) motions for more definite statement under *Federal Rule of Civil Procedure 12(e)*:

> The motion for a more definite statement is not favored, because pleadings are to be construed liberally to do substantial **[*8]** justice. So, although they come within the court's discretion, courts grant the motions sparingly.
>
> *Rule 12(e)*'s standard is plainly designed to strike at unintelligibility rather than a lack of detail. Courts frown on a litigant's use of the motion as a "shotgun tactic" to substitute for discovery, or as a dilatory tactic to postpone filing an answer. In the presence of proper, although general allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information.

2 JAMES WM. MOORE, ET AL., MOORE's FEDERAL PRACTICE, P 12.36 (3d ed. 1999). Professors Wright and Miller echo similar disdain for use of the motion for more definite statement for discovery purposes or a fishing expedition:

> The practice is not authorized by the language of the rule and experience has shown that the granting of *Rule 12(e)* motions often leads to delay, harassment, and proliferation of the pleading stage without any commensurate gain in issue definition or savings in time . . . . In the absence of some restraint, the motion will undoubtedly be used as a vehicle for fishing expeditions at the pleadings stage.

**[*9]**

WRIGHT & MILLER, 5A FEDERAL PRACTICE & PROCEDURE 2d § 1356. Suffice it to say that, absent sheer unintelligibility of a complaint, this Court will not grant a *Rule 12(e)* motion for more definite statement. More important, this Court refuses to entertain a tactical or frivolous *Rule 12(e)* motion for more definite statement. Sadly, Compaq's motion falls in the latter category.

### 3. Analysis

Here we go again with another motion by Compaq that is rather lightweight. *Plaintiffs' First Amended Original Class Complaint* [8] is a sixteen (16) page complaint that contains ten (10) separate and distinct sections entitled: "Parties; Class Definitions and Allegations; Jurisdiction and Venue; Common Factual Allegations; First Cause of Action (Injunctive Relief); Second Cause of Action (Federal Statutory Damages); Third Cause of Action (Revocation of Acceptance); Fourth Cause of Action (Breach of Contract and Express and Implied Warranties); Fifth Cause of Action (Declaratory Relief); [and] Prayer." *Id.* As to the "vagueness or ambiguity" of Plaintiffs' causes of action, they actually list them in separate and distinct sections. Nevertheless, Compaq complains that "Plaintiffs **[*10]** know that the alleged design flaw exists, if at all, only in four Presario models." *Compaq's Reply to Plaintiff's' Response to Compaq's Motion for More Definite Statement ("Compaq's Reply')* [47] at p.1. To bolster this argument, Compaq recounts some meeting between attorneys involving a floppy disk that allegedly indicated errors on only four Compaq Presario models. *Id.* at p.2. Compaq further complains it was not allowed to inspect the disk and that "Plaintiffs should be ordered to replead to accurately state the facts now known to them." *Id.* First, this alleged floppy disk and hearsay discussion has absolutely nothing to do with whether the Plaintiffs' complaint is so vague or ambiguous that Defendant Compaq has insufficient information to respond to it. Quite the contrary, although Compaq complains *Plaintiffs' First Amended Original Class Complaint* is so "vague and ambiguous"

Case 2:06-cv-00072-DF-CMC   Document 167   Filed 06/14/2006   Page 4 of 6

Page 4
2000 U.S. Dist. LEXIS 22718, *

that it cannot even frame a response, it has nonetheless squeezed out ten (10) motions-including a motion to dismiss and a fact-intensive motion for summary judgment. n2 Here's how Compaq itself described the alleged defect in one of its motions:

> Floppy diskettes are devices [*11] that can be used to store and transport data. Data transfer to and from a floppy diskette is controlled by a hardware device called a floppy diskette controller or FDC. The FDC provides the interface between the computer's Central Processing Unit ("CPU") with the floppy diskette device. Since the floppy diskette is spinning, it is necessary for the FDC to provide data to the diskette drive at a specified data rate. Otherwise, the data can be written to the wrong location on the diskette. The FDC accounts for situations when the data rate is not adequate to support the rotating diskette. In such situations, the FDC aborts the operation and signals the CPU that a data underrun has occurred.

*Compaq's Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction and Failure to State a Claim* [11] at pp.3-4. That's a pretty good grasp of such a technical claim considering the *Plaintiffs' First Amended Original Class Complaint* [8] is so "vague" and "ambiguous" Compaq couldn't even respond. Indeed, *Compaq's Reply* reads more like a summary judgment motion than it does a complaint about the sufficiency of *Plaintiffs' First Amended Original Class Complaint* [*12] [8] since it is rife with "our computers aren't defective" language describing the alleged defect in considerable detail. n3 Despite Compaq's suggestion to the contrary, this Court refuses to return to the early days of technical pleading and force plaintiffs to submit virtual treatises on their claims-indeed, without the benefit of *any* discovery. n4 Finally, this Court notes that Compaq's plethora of motions-including this one-is really a fishing expedition designed to delay filing an answer and avoid conducting *any* meaningful discovery. This Court refuses to encourage such recalcitrant behavior.

> n2 Those are denied, too, in a separate order. Incidentally, this Court notes Compaq uses its weak "the complaint's too vague" argument to avoid making its initial disclosures. Although all discovery matters in this case are referred to the Honorable Wendell C. Radford, this Court finds it perplexing that Compaq can churn out so many motions and still be unable to make its initial disclosures in compliance with this Court's local rules. "Even more troubling is the inability of this Court to prevent recalcitrant defendants from refusing to come forward *with prior art* until that defendant believes it is ready to do so." *Texas Instruments, Inc. v. Hyundai Electronics Industries, Co.* 50 F. Supp. 2d 619, 627 (E.D.Tex.1999) (striking invalidity defense of prior art for failure to disclose) (emphasis added). Yes, that was a patent infringement case. But the *prior art* should have been part of the defendant's initial disclosures. This Court does not welcome recalcitrant defendants' efforts to stall cases or tactically hide discovery through the arguments it so often hears: "the complaint's too vague," (hardly ever), "but we're special, i.e., a patent infringement case, a class action, or just different," (irrelevant), and so on. Bottom line? Make your initial disclosures or risk sanction by this Court-a Court that readily enforces Local Rule CV-26. See *Texas Instruments. Inc., supra.*

[*13]

> n3 As exemplified in Compaq's reply, *Compaq's Motion for More Definite Statement* [14] actually contradicts itself. Compaq describes in detail the alleged defect and then argues that, excluding four particular models, there is absolutely no way its computers contain the alleged design flaw. *Compaq's Reply* at pp.1-3. So here's what Compaq is really saying: The complaint is too vague and ambiguous for me to frame a response, but there is absolutely no way my computers contain the alleged design flaw as described in the complaint. Ridiculous, self-contradicting, dilatory sophistry.

> n4 As part of its plethora of motions, Compaq has filed *Compaq's Motion to Stay Initial Disclosures* [18] "pending the Court's ruling on Compaq's Motion to Dismiss, Motion to Transfer Venue, Motion for Recusal, and Motion for More Definite Statement." *Id.* Again, although all discovery related matters are referred to the Honorable Wendell C. Radford, this Court fails to see why Compaq rises above this Court's Local Rules-specifically Local Rule CV-26(a) (". . . A party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.").

[*14]

### 3. Conclusion and Rule 11 Obligations

2000 U.S. Dist. LEXIS 22718, *

*Plaintiffs' First Amended Original Class Complaint* [8] is a sixteen (16) page complaint that contains ten (10) separate and distinct sections. In this complaint the Plaintiffs include a detailed description of their factual allegations, general theories of recovery, and relief sought by Compaq. Despite Compaq's irrelevant ramblings to the contrary, the *Plaintiffs' First Amended Original Class Complaint* [8] is not so vague or ambiguous that Compaq cannot reasonably frame a response. Quite the contrary, despite its ridiculous assertion that the complaint is so "vague and ambiguous" that it can't respond, Compaq has managed to squeeze out ten (10) motions-including a motion to dismiss (that demonstrates complete grasp of the alleged defect) and a fact-intensive motion for summary judgment. There is absolutely nothing "unintelligible" about *Plaintiffs' First Amended Original Class Complaint* [8]. There is, however, everything unintelligible about Compaq's motion for more definite statement under *Rule 12(e)*-in light of its self-contradicting nature and the plethora of fact-specific motions it's hurled at this Court.

Again, **[*15]** this Court reiterates that this motion for more definite statement, along with several other simultaneously filed motions, is absolutely ridiculous. It's one thing to vigorously defend a client; it's quite another to file every conceivable motion including some with highly questionable grounds. In 1991 Judge Cobb determined that a federal court incurs $ 890.00 per hour in reviewing a motion to recuse. n5 *Seneca Resources Corp. v. Moody, 135 B.R. 260, 261 (S.D.Tex.1991)*. Although this Court remains curious as to the total time and money spent on this motion, its hearing (at the request of Compaq), its consideration, and its ultimate resolution, it sincerely believes enough judicial resources have already been wasted on this motion and, consequently, refuses to spend additional any time tallying up the tab. n6 So . . .

n5 This Court notes Judge Cobb tallied this up about nine (9) years ago. Thus, the amount is probably higher today (even for this humble Court).

n6 Let no party assume this Court will show similar restraint should other such motions be filed in the future.

**[*16]**

This Court respectfully directs Compaq to *Federal Rule of Civil Procedure 11* which says, in part:

(b) **Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law of the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

(c) If, after notice and a reasonable opportunity to respond, the court determines that **[*17]** subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation . . .

(1)(B) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

*FED.R.CIV.P. 11*. Specifically, this Court notes Compaq filed virtually every motion conceivable such that this motion for more definite statement under *Rule 12(e)* contradicts itself and other motions-i.e., a motion for more definite statement despite filing nine (9) other motions

including a motion to dismiss that demonstrates complete grasp of the alleged defect and a fact-specific summary judgment motion. This is the conduct that violates Rule 11- a party filing so many motions that it actually contradicts itself. Nevertheless, this Court notes this is only the beginning of this case and we've got a long way to go. So, this **[*18]** Court merely ADMONISHES Compaq for filing this frivolous and self-contradicting motion.

Accordingly, this Court DENIES *Compaq's Motion for More Definite Statement* [14]; it CAUTIONS counsel for Defendant Compaq Computer Corporation to stop filing frivolous motions; and it ORDERS all counsel for Defendant Compaq Computer Corporation to read *Federal Rule of Civil Procedure 11* before filing any further motions.

It is SO ORDERED.

Signed this 28th day of February, 2000.

Thad Heartfield

United States District Judge