# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **DATATREASURY CORPORATION,** | |
| **Plaintiff** | |
| v. | 2:06-CV-72 DF |
| **WELLS FARGO & COMPANY; WELLS FARGO & COMPANY; WELLS FARGO BANK, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; U.S. BANCORP; U.S. BANK, NATIONAL ASSOCIATION; WACHOVIA CORPORATION; WACHOVIA BANK, NATIONAL ASSOCIATION; SUNTRUST BANKS, INC.; SUNTRUST BANK; BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY; BANCORPSOUTH, INC.; BANCORPSOUTH BANK; COMPASS BANCSHARES, INC.; COMPASS BANK; CULLEN/FROST BANKERS, INC.; THE FROST NATIONAL BANK; FIRST HORIZON NATIONAL CORPORATION; FIRST TENNESSEE BANK, NATIONAL ASSOCIATION; HSBC NORTH AMERICA HOLDINGS INC.; HSBC BANK USA, N.A.; HARRIS BANKCORP, INC.; HARRIS N.A.; NATIONAL CITY CORPORATION; NATIONAL CITY BANK; ZIONS BANCORPORATION; ZIONS FIRST NATIONAL BANK; BANK OF NEW YORK CO., INC.; THE BANK OF NEW YORK; UNIONBANCAL CORPORATION; UNION BANK OF CALIFORNIA, NATIONAL ASSOCIATION; BANK OF TOKYO-MITSUBISHI UFJ, LTD.; CITIZENS FINANCIAL GROUP, INC. CITY NATIONAL CORPORATION; CITY NATIONAL BANK; COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION; DEUTSCHE BANK TRUST COMPANY AMERICAS; FIRST CITIZENS** | |

| | |
|---|---|
| BANCSHARES, INC.; FIRST CITIZENS BANK & TRUST COMPANY; KEYCORP; KEYBANK NATIONAL ASSOCIATION; LASALLE BANK CORPORATION; LASALLE BANK NA; M&T BANK CORPORATION; M&T BANK; THE PNC FINANCIAL SERVICES GROUP, INC.; PNC BANK, NATIONAL ASSOCIATION UBS AMERICAS, INC.; SMALL VALUE PAYMENTS COMPANY, LLC; THE CLEARING HOUSE PAYMENTS COMPANY, LLC; MAGTEK, INC; FIRST DATA CORPORATION; TELECHECK SERVICES, INC., REMITCO, LLC; and ELECTRONIC DATA SYSTEMS CORP.<br><br>**Defendants** | |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT

Defendants Bank of America Corporation; Bank of America, N.A.; Bank of New York Co., Inc.; Bank of Tokyo-Mitsubishi UFJ, Ltd.; BB&T Corporation; Branch Banking and Trust Company; Citizens Financial Group, Inc.; Comerica Bank & Trust, N.A.; Comerica Incorporated; Cullen/Frost Bankers, Inc.; Deutsche Bank Trust Company Americas; First Data Corporation; LaSalle Bank Corporation; LaSalle Bank, N.A; M&T Bank Corporation.; M&T Bank; Remitco, LLC; TeleCheck Services, Inc.; The Bank of New York; The Frost National Bank; UBS Americas, Inc.; Union Bank of California, N.A.; Wachovia Bank, N.A.; Wachovia Corporation; Wells Fargo & Company; and Wells Fargo Bank, N.A. (hereinafter "Defendants") hereby jointly file this Reply in Support of Defendants' Motion to Dismiss or in the Alternative for More Definite Statement.

In its Response to Defendants' Motion to Dismiss or in the Alternative for a More Definite Statement, DataTreasury Corporation (hereinafter "DTC") continues to fail to describe

the means by which the fifty-six Defendants infringe one or more of the six patents at issue in this case. DTC's continued reference to general "products and services" does not satisfy DTC's pleading requirements, even under the cases DTC cites in support of its position. DTC's failure to describe the means sufficiently will inevitably result in delays as the fifty-six Defendants, comprised of operating banks, holding companies, third-party financial processors, hardware and software vendors and other service providers, endeavor to discern DTC's claims related to the six patents at issue.

**I.     DTC'S REFERENCE TO "PRODUCTS AND SERVICES" DOES NOT SATISFY THE NOTICE PLEADING STANDARD.**

DTC relies on the Federal Circuit decision in *Phonometrics* for the proposition that DTC is not required to identify the infringing "products and services" in its Amended Complaint. *Phonometrics Inc. v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790 (Fed. Cir. 2000). In the *Phonometrics* case, however, the Federal Circuit did not address the substance of the initial notice pleading, but instead reversed the trial court's requirement that the plaintiff tailor its amended complaint to conform to the court's interpretation of the meaning of the patent claims following a *Markman* hearing construing the claims. *Phonometrics*, 203 F.3d at 794 ("The Rule 12(b)(6) pleading requirements . . . do not require a patentee to amend its claims to include specific allegations about each limitation once a court has construed the claims of the patent.").

Even if *Phonometrics* can be construed as setting a standard for notice pleading for patent infringement, DTC has not described the means by which the Defendants allegedly infringe. According to DTC, its description of "products and services" as the means by which the Defendants allegedly infringe provides the same level of detail as the complaints in *OKI Elec. Indus. Co., Ltd. v. LG Semicon Co., Ltd.*, Case No. 97-20310-SW, 1998 U.S. Dist. LEXIS 22507 (N.D. Cal. February 25, 1998); *One World Techs., Ltd. v. Robert Bosch Tool Corp.*, Case No. 04-

C-0833, 2004 U.S. Dist. LEXIS 14035 (N.D. Ill. July 20, 2004); and *Jackson v. Illinois Bell Tel. Co.*, Case No. 01-C-8001, 2002 U.S. Dist. LEXIS 13186 (July 3, 2002).[1] In *OKI*, the description of the means was "using devices that embody the patented methods, including 4 megabit and higher density DRAMs." *OKI* at *9. In *One World*, the plaintiffs sued three defendants for infringement of one patent, entitled "Ergonomic Miter Saw Handle." *One World* at *2. In *Jackson*, the description of the means was "each of the defendants has infringed the patent in suit either directly or through acts of contributory infringement or inducement. . . .[one defendant] provides voice mail systems and [the other defendant] sells answering machines." *Jackson* at *3. Conversely, DTC merely makes conclusory allegations that all fifty-six Defendants make, use, sell, or import "products and services" that infringe the patents-in-suit either "directly, contributorily, or through inducement," without specifying which theory of infringement applies to which defendant.

## II.   DTC'S ALLEGATIONS IN ITS AMENDED COMPLAINT DEPART FROM THE GUIDANCE OF FORM 16.

DTC's reliance on Form 16's form patent infringement complaint highlights the deficiencies in its Amended Complaint and weighs in favor of dismissal. Form 16 is a simplified pleading "form" involving a **specific** product, "electric motors," and **only one** defendant. By contrast, DTC's Amended Complaint includes fifty-six defendants and six patents. Form 16 must be adapted to the specific minimal facts of each case necessary to provide the requisite notice, especially when there are numerous defendants, numerous patents, and numerous

---

[1] DTC also relies on *Digigan, Inc. v. Ivalidate, Inc.*, Case No. 02 Civ. 420 (RCC), 2004 U.S. Dist. LEXIS 1324 (S.D. N.Y. February 4, 2004). In *Digigan*, however, the defendants used the patents at issue in the case as collateral under a security agreement to secure obligations under the Advance Letter. When one defendant failed to pay, plaintiff foreclosed on the collateral- the patents at issue in the case. Furthermore, the complaint alleged infringement of only two patents and alleged that the defendants were alter egos of each other. As such, *Digigan* also weighs in favor of dismissing DTC's Amended Complaint.

products at issue.² *See Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517 MJJ, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003) (stating, in granting defendant's motion to dismiss, that Form 16 is limited to a single type of product, electric motors, and it does not address a situation where there are over 150 different types of products with more than 4000 end-user applications any of which could fall under the plaintiff's inadequate complaint); *In re Papst Licensing GmbH Patent Litig.*, No. CIV. A. MDL 1298, CIV. A. 99-3118, 2001 WL 179926, at *1 (E.D. La. Feb. 22, 2001) (finding that the complaint had to be amended although plaintiff argued it adhered to Form 16 because "the number of patents and products in the case . . . are far greater than those contemplated in the sample complaint [in Form 16], which would justify a request for greater specificity.").

For example, in *Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517 MJJ, 2003 WL 23884794, at *1-2 (N.D. Cal. Sept. 6, 2003),³ the court granted the defendant's motion to dismiss because the plaintiff's complaint failed to give the defendant fair notice of the claims against it. In *Hewlett-Packard*, the plaintiff simply alleged that

> [Defendant], in violation of 35 U.S.C. § 271, has been and is currently infringing, contributorily infringing, or inducing infringement of [the patents-in-suit] by, among other things, *making, using, offering to sell and/or selling infringing software and hardware products* without authority or license from [Plaintiff].

*Id.* at *1 (punctuation and emphasis in original). Contrary to DTC's argument to this Court, the *Hewlett-Packard* court found that such pleading did not provide the defendant with fair notice, especially in light of the defendant's production of at least 150 products with more than 4000

---

² This is not a heightened pleading requirement for patent infringement cases as DTC alleges the Defendants seek. Instead, this is consistent with providing the Defendants with fair notice under the Federal Rules of Civil Procedure.

³ *Hewlett-Packard* was decided three years after *Phonometrics* and five years after *OKI*, two cases on which DTC heavily relies. Furthermore, the court in *Hewlett-Packard* took both of these cases into account and acknowledged the *OKI* ruling but, even though it was from the same court, disagreed with *OKI*'s liberal reading of Rule 8(a)(2) and Form 16. *Hewlett-Packard*, 2003 WL 23884794, at *1, n.2.

end-user applications, all of which could fall under the vague and conclusory allegations found in the complaint.[4] *Id*. Instead of allowing the parties to proceed to discovery with vague and conclusory allegations, the court acknowledged the pleading and notice deficiencies, and therefore, dismissed the complaint. *See Hewlett-Packard*, 2003 WL 23884794, at *1-2. Discovery is not a substitute for adequate pleading under the Federal Rules of Civil Procedure.

DTC's allegations of "products and services" do not meet the level of factual detail as provided in the *Hewlett-Packard* complaint, and as provided in Form 16. This is especially true given the many lines of business in which each of the various Defendants, including operating banks, holding companies, third party financial processors, and hardware and software vendors, is engaged. DTC's allegations of "products and services" does not provide the requisite fair notice to these fifty-six Defendants who offer a wide array of "products and services." Furthermore, DTC's insufficient allegations regarding the means by which these fifty-six Defendants infringe one or more of the six patents at issue will only cause delay as these Defendants attempt to ascertain the claims against them. Accordingly, DTC's Amended Complaint does not provide fair notice to the Defendants and should be dismissed.[5]

## III.   CONCLUSION

For the reasons stated herein and in the Defendants' opening brief, the Defendants respectfully request that their Motion to Dismiss be granted.

---

[4] The court stated that because of the number of products potentially at issue, the complaint actually read "one or more of Defendant's 4000-plus products directly infringes, contributorily infringes, or induces infringement of at least one claim in each of the patents-in-suit." *Hewlett-Packard*, 2003 WL 23884794, at *1. Moreover, the *Hewlett-Packard* court found that the plaintiff's allegations regarding contributory infringement and inducement were inadequate and deficient. The court held that merely stating that defendant sold infringing products was insufficient to put the defendant on notice as to these causes of action. *Hewlett-Packard*, 2003 WL 23884794, at *1-2.

[5] *See also Ondeo Nalco Co. v. EKA Chems., Inc.*, Case No. Civ.A. 01-537-SLR, 2002 WL 1458853, at *1-2 (D. Del. June 10, 2002) (dismissing counterclaims for patent infringement because they were "too vague to provide plaintiff with fair notice of which products are accused of infringing defendant's patents").

6

                      Respectfully submitted,

Dated:  June 21, 2006                  FISH & RICHARDSON P.C.

                      By:  /s/ Thomas M. Melsheimer  
                          Thomas M. Melsheimer  
                          Texas State Bar No. 13922550  
                          1717 Main Street  
                          Suite 5000  
                          Dallas, TX  75201  
                          214-747-5070 (Telephone)  
                          214-747-2091 (Telecopy)

                          Robert E. Hillman  
                          Fish & Richardson P.C.  
                          225 Franklin Street  
                          Boston, MA  02110-2804  
                          617-542-5070 (Telephone)  
                          617-542-8906 (Telecopy)

                          Robert M. Parker  
                          Robert Christopher Bunt  
                          Parker & Bunt, P.C.  
                          100 E. Ferguson, Suite 1114  
                          Tyler, Texas 75702  
                          (903) 531-3535 (Telephone)  
                          (903) 533-9687 (Telecopy)

                          Michael E. Jones  
                          Texas Bar No. 10929400  
                          E. Glenn Thames, Jr.  
                          Texas Bar No. 00785097  
                          Potter Minton  
                          500 Plaza Tower  
                          110 North College, Suite 500  
                          Tyler, TX  75702

                          **ATTORNEYS FOR DEFENDANTS**  
                          **BANK OF AMERICA CORPORATION,**  
                          **BANK OF AMERICA, NATIONAL**  
                          **ASSOCIATION**

/s/ Jennifer Parker Ainsworth  
Jennifer Parker Ainsworth  
Texas Bar No. 00784720  
WILSON, SHEEHY, KNOWLES, ROBERTSON & CORNELIUS, P.C.  
909 ESE Loop 323  
Suite 400  
Tyler, Texas  75701  
T: (903) 509-5000

F: (903) 509-5092
jainsworth@wilsonlawfirm.com

Richard Hogan
Texas Bar No. 09802010
PILLSBURY WINTHROP SHAW PITTMAN LLP
2 Houston Center
909 Fannin Street 22nd Floor
Houston TX 77010
T: (713) 425-7327
F: (713) 425-7373
richard.hogan@pillsburylaw.com

Raymond L. Sweigart (pro hac vice submitted)
Scott J. Pivnick (pro hac vice submitted)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Blvd.
McLean, VA  22102-4859
T: (703) 770-7900
F: (703) 905-2500
raymond.sweigart@pillsburylaw.com
scott.pivnick@pillsburylaw.com

**ATTORNEYS FOR DEFENDANTS
BANK OF NEW YORK CO., INC.,
THE BANK OF NEW YORK, AND
UNION BANK CALIFORNIA, N.A.**

/s/ Edward G. Poplawski
EDWARD G. POPLAWSKI (Pro Hac Vice)
E-Mail: EPoplaws@Sidley.com
JEFFREY A. FINN (Pro Hac Vice)
E-Mail: JFinn@Sidley.com
CARISSA A. TENER (Pro Hac Vice)
E-Mail: CTener@Sidley.com
SIDLEY AUSTIN L.L.P.
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
tel. 213-896-6000
fax 213-896-6600

LANCE LEE
Texas Bar No. 240004762
YOUNG, PICKETT & LEE, L.L.P.
4122 Texas Blvd.
P.O. Box 1897
Texarkana, Texas 75504
tel. 903-794-1303
fax 903-792-5098
E-Mail: WLanceLee@aol.com

8

**COUNSEL FOR FIRST DATA CORPORATION, TELECHECK SERVICES, INC.;REMITCO, LLC, LASALLE BANK CORPORATION, LASALLE BANK NA, DEUTSCHE BANK TRUST COMPANY AMERICAS, BANK OF TOKYO-MITSUBISHI UFJ, LTD.**

/s/ John G. Flaim
Brian J. Hurst
Texas Bar No. 10313300
John G. Flaim
Texas Bar No. 00785864
Brian C. McCormack
Texas Bar No. 00797036
Jay F. Utley
Texas Bar No. 00798559
Richard V. Wells
Texas Bar No. 24033326
W. Barton Rankin
Texas Bar No. 24037333

BAKER & McKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEYS FOR DEFENDANTS, WELLS FARGO & COMPANY AND WELLS FARGO BANK, NATIONAL ASSOCIATION**

/s/ Scott W. Breedlove
William L. LaFuze
Texas Bar No. 11792500
*wlafuze@velaw.com*
D. Ferguson McNiel, III
Texas Bar No. 13830300
*fmcniel@velaw.com*
Vinson & Elkins LLP
2300 First City Tower
1001 Fannin Street
Houston, TX 77002
Telephone: 713.758.2222
Facsimile: 713.758.2346
Scott W. Breedlove
Texas Bar No. 00790361

*sbreedlove@velaw.com*
Vinson & Elkins LLP
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, TX  75201-2975
Telephone:  214.220.7700
Facsimile:  214.220.7716
 Harry Lee Gillam, Jr.
Texas Bar No. 07921800
*Gil@gillamsmithlaw.com*
Melissa Richards Smith
Texas Bar No. 24001351
*Melissa@gillamsmithlaw.com*
Gillam & Smith LLP
110 South Bolivar, Suite 204
Marshall, TX  75670
Telephone:  903.934.8450
Facsimile:  903.934.9257

**ATTORNEYS FOR UBS AMERICAS, INC.**


/s/ William H. Boice
William H. Boice
E. Danielle Thompson Williams
Audra A. Dial

KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Fax: (404) 815-6555

1001 West 4th Street
Winston-Salem, NC 27104
Telephone: (336) 607-7300
Fax: (336) 607-7500

Damon Young
YOUNG, PICKETT & LEE
4122 Texas Boulevard
P. O. Box 1897
Texarkana, TX 75504

**ATTORNEYS FOR DEFENDANTS WACHOVIA CORPORATION AND WACHOVIA BANK NATIONAL ASSOCIATION; M&T CORPORATION; M&T BANK; BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY;**

10

**COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION**

  /s/  Kurt M. Sauer
Kurt M. Sauer
Texas Bar No. 17673700
DAFFER MCDANIEL, LLP
700 Lavaca Street, Suite 720
Austin, Texas 78701
Tel. (512) 476-1400
Fax (512) 703-1250
ksauer@dmtechlaw.com

**ATTORNEY FOR DEFENDANT CULLEN FROST BANKERS, INC. AND THE FROST NATIONAL BANK**

/s/ Claude E. Welch
Claude E. Welch
115 West Shepherd Avenue
P.O. Box 1574
Lufkin, TX 75902-1574
(936) 639-3311
(936) 639-3049 FAX
welchlawoffice@consolidated.net

**LOCAL COUNSEL TO DEFENDANT CITIZENS FINANCIAL GROUP, INC.**

OF COUNSEL:
Jeffrey S. Standley, Ohio Bar No. 0047248
James L. Kwak, Ohio Bar No. 0066485
F. Michael Speed, Jr., Ohio Bar No. 0067541
STANDLEY LAW GROUP LLP
495 METRO PLACE SOUTH, SUITE 210
DUBLIN, OHIO 43017
(614) 792-5555
(614) 792-5536 FAX
jstandley@standleyllp.com
jkwak@standleyllp.com
mspeed@standleyllp.com

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 21, 2006 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                            /s/ Thomas M. Melsheimer