# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **DATATREASURY CORPORATION,** | |
| **Plaintiff** | |
| v. | **2:06-CV-72 DF** |
| **WELLS FARGO & COMPANY; WELLS FARGO BANK, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; U.S. BANCORP; U.S. BANK, NATIONAL ASSOCIATION; WACHOVIA CORPORATION; WACHOVIA BANK, NATIONAL ASSOCIATION; SUNTRUST BANKS, INC.; SUNTRUST BANK; BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY; BANCORPSOUTH, INC.; BANCORPSOUTH BANK; COMPASS BANCSHARES, INC.; COMPASS BANK; CULLEN/FROST BANKERS, INC.; THE FROST NATIONAL BANK; FIRST HORIZON NATIONAL CORPORATION; FIRST TENNESSEE BANK, NATIONAL ASSOCIATION; HSBC NORTH AMERICA HOLDINGS INC.; HSBC BANK USA, N.A.; HARRIS BANKCORP, INC.; HARRIS N.A.; NATIONAL CITY CORPORATION; NATIONAL CITY BANK; ZIONS BANCORPORATION; ZIONS FIRST NATIONAL BANK; BANK OF NEW YORK CO., INC.; THE BANK OF NEW YORK; UNIONBANCAL CORPORATION; UNION BANK OF CALIFORNIA, NATIONAL ASSOCIATION; BANK OF TOKYO-MITSUBISHI UFJ, LTD.; CITIZENS FINANCIAL GROUP, INC. CITY NATIONAL CORPORATION;** | |

Dockets.Justia.com

| | |
|---|---|
| **CITY NATIONAL BANK; COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION; DEUTSCHE BANK TRUST COMPANY AMERICAS; FIRST CITIZENS BANCSHARES, INC.; FIRST CITIZENS BANK & TRUST COMPANY; KEYCORP; KEYBANK NATIONAL ASSOCIATION; LASALLE BANK CORPORATION; LASALLE BANK NA; M&T BANK CORPORATION; M&T BANK; THE PNC FINANCIAL SERVICES GROUP, INC.; PNC BANK, NATIONAL ASSOCIATION UBS AMERICAS, INC.; SMALL VALUE PAYMENTS COMPANY, LLC; THE CLEARING HOUSE PAYMENTS COMPANY, LLC; MAGTEK, INC; FIRST DATA CORPORATION; TELECHECK SERVICES, INC., REMITCO, LLC; and ELECTRONIC DATA SYSTEMS CORP.**<br><br>            **Defendants** | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR CONSOLIDATION

Defendants Bank of America Corporation; Bank of America, N.A.; Bank of New York Co., Inc.; Bank of Tokyo-Mitsubishi UFJ, Ltd.; BB&T Corporation; Branch Banking and Trust Company; Citizens Financial Group, Inc.; Comerica Bank & Trust, N.A.; Comerica Incorporated; Cullen/Frost Bankers, Inc.; Deutsche Bank Trust Company Americas; First Data Corporation; HSBC Bank USA, N.A., LaSalle Bank Corporation; LaSalle Bank, N.A; M&T Bank Corporation.; M&T Bank; Remitco, LLC; TeleCheck Services, Inc.; The Bank of New York; The Bank of New York Co., Inc., The Frost National Bank; UBS Americas, Inc.; Unionbancal Corporation, Union Bank of California, N.A.; Wachovia Bank, N.A.; Wachovia Corporation; U.S. Bancorp; U.S. Bank National Association; National City Corporation;

National City Bank; Zions Bancorporation; Zions First National Bank; Wells Fargo & Company; and Wells Fargo Bank, N.A. (collectively "the Defendants") submit this opposition to plaintiff DataTreasury Corporation's ("DTC") Motion for Consolidation (D.E. 125).

Consolidation of this case with all of DTC's previously filed cases is not warranted because individual issues in the cases greatly predominate over any common issues. As a result, consolidation will cause the parties inconvenience, delay, prejudice and expense. Consolidation is also not warranted because the cases sought to be consolidated are at vastly different stages of proceedings. Lastly, even if there are common issues that might benefit from consolidation, these issues can just as easily be dealt with through coordination of certain pretrial activities among counsel in the various cases.

## I.   BACKGROUND

Through its Motion to Consolidate, DTC seeks to consolidate the current action (the "2006 Case") involving fifty-six defendants[1] and United States patent Nos. 5,910,988 ("the '988 patent"); 6,032,137 ("the '137 patent"); 5,265,007 ("the '007 patent); 5,583,759 ("the '759 patent"); 5,717,868 ("the '868 patent); and 5,930,778 ("the '778 patent) with five patent infringement lawsuits filed in 2003 and 2005 involving the '988 and '137 patents (the "Ballard Patent Cases").[2]

During pretrial activities in one of the Ballard Patent Cases, the U.S. Patent and Trademark Office ordered the re-examination of the '988 and '137 patents. Subsequent to the re-examination order, four of the five defendants in the Ballard Patent Cases filed motions to stay

---

[1] DTC's original Complaint included fifty-five defendants. DTC's Amended Complaint included fifty-seven defendants. Since the filing of the Amended Complaint, DTC has dismissed two defendants and added one defendant (Viewpointe Archive Services, LLC), leaving a total of fifty-six defendants in the 2006 Case, currently.

[2] DTC's civil action filed against City National Corporation and City National Bank in 2006 (*DataTreasury Corp. v. City Nat'l Corp. et al.*, Case No. 2:06-CV-165 (DF)) has now been consolidated with the 2006 Case, and so the merits of consolidating that case are not addressed in this motion.

3

pending the re-examination. At approximately this same time, DTC acquired four additional patents, the '007, '759, '868 and '778 patents ("the Huntington Bank Patents"), and asserted in its oppositions to the motions to stay that DTC was in the process of filing complaints against these same defendants for infringement of the Huntington Bank Patents and would then move for consolidation. Thereafter, DTC filed the 2006 Case against fifty-six defendants, including those defendants in the Ballard Patent Cases, asserting infringement of the '988 and '137 patents, as well as the Huntington Bank Patents. Only one defendant in the 2006 Case has filed an Answer. The remaining defendants filed Motions to Dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(2) for lack of jurisdiction or under FRCP 12(b)(6) for failure to state a claim. Approximately one week after receiving Defendants' Motions to Dismiss, DTC filed the present motion.

## II.     ARGUMENT

Pursuant to Rule 42(g) of the Federal Rules of Civil Procedure, courts may consolidate civil actions when they involve "a common question of law or fact." Fed. R. Civ. P. 42(a). The "purpose of consolidation is to enhance efficiency and avoid the substantial danger of inconsistent adjudication." *Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp.*, 43 F. Supp. 2d 734, 745 (E.D. Tex. 1999). Consolidation should not be freely given even if there are common questions or law or fact.[3] Instead, the district court should weigh the savings of time and effort against inconvenience, delay or expense and prejudice. *Id*. Furthermore, "[c]onsolidation may properly be denied in instances where the cases are at different stages of preparedness for trial." *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989). As detailed below, this Court should not consolidate the 2006 Case with the Ballard Patent Cases given (1) the fact that

---

[3] Indeed, the courts in both the *Mills*, 886 F.2d at 761-762 and the *Frazier v. Garrison I.S.D.*, 980 F.2d 1514 (5th Cir. 1993) cases cited by DTC found that the district courts did not abuse their discretion in denying the respective motions to consolidate.

4

individual issues dominate over any common issues and as such consolidation will cause inconvenience, delay, prejudice and expense: and (2) the cases sought to be consolidated are at different stages of litigation.

      A.      <u>Consolidation Is Not Warranted Because Individual Issues Predominate And Any Consolidation Will Inconvenience The Parties And The Court.</u>

In its Motion, DTC attempts to paint all of the cases subject to its consolidation motion as having similar facts that will benefit from consolidation and as having common issues that dominate over any individual issues. This is simply untrue. While there may be certain common issues of fact and law relating to the defense of patent *invalidity* on two of the six patents at issue in the 2006 Case, those common issues are substantially overwhelmed by the individual issues of alleged patent *infringement* by the fifty-six named defendants in the 2006 Case. This is especially true given the fact that the fifty-six defendants are made up of operating banks, holding companies, third-party financial processors, hardware and software vendors, and other service providers, each of whose "products and services" are different. As a result, discovery and proceedings related to the issue of infringement will dominate the pretrial activities in these cases. No efficiencies will be gained by consolidation. Indeed, placing all of these accused "products and services" at issue together in the same case will lead to confusion and inconvenience to the parties as they have to sort through evidence relating to products that are not relevant to their defenses or claims.

DTC's reliance on *SmithKline Beecham v. Geneva Pharms., Inc.*,[4] to support its Motion is misplaced. *See* DTC's Mot. for Consolidation at 4. The 2006 Case and the Ballard Patent Cases differ from the situation presented in *SmithKline Beecham* where each of the six defendants in that case was accused of "technical infringement" of the plaintiffs' PAXIL patents

---

[4] DTC cites to this case as *SmithKline Beecham v. Apotex Corp.*

by filing an application to manufacture a molecularly-identical generic version of PAXIL. 2001 U.S. Dist. LEXIS 17343 (E.D. Pa. Sept. 28, 2001)**.** In short, each defendant was accused of infringing plaintiffs' patents in exactly the same way, and as such the issues of fact and law on invalidity and infringement were markedly common and these common issues would have dominated the pretrial proceedings. *Id*. at *19-20.

DTC next relies on *Massachusetts Institute of Technology v. Abacus Software* as an example of this Court's ability to efficiently manage a patent case with numerous defendants. Case No. 5:01-CV-344-DF. The MIT case, however, involved one patent and clearly identified accused instrumentalities: mass-produced consumer products. *Compare* Pl.'s Complaint, Case No. 5:01-CV-344-DF (April 25, 2002), *with*, DTC's Complaints. The *MIT* Court was also able to divide the defendants into groups or "sides" based on the types of consumer products they sold. Order, Case No. 5:01-CV-344-DF (Aug. 23, 2002). No such ordering of Defendants in the DTC cases is possible because of each Defendant's unique, proprietary, and often confidential manner of offering its "products and services." This uniqueness among accused "products and services" necessarily leads to the conclusion that independent issues will dominate the pretrial activities in this case. As such, there is no basis for consolidation.

Moreover, the '988 and '137 patents at issue in the Ballard Patent Cases purport to address different types of "products and services" than those potentially covered by the Huntington Bank Patents. The '988 and '137 patents involve document imaging processes, while the Huntington Bank Patents address more traditional bank processes unrelated to imaging. Even though there are common defendants, there is no overlap in the infringement issues between the patents in the Ballard Patent Cases and the Huntington Bank Patents.

1. Consolidation will unquestionably cause delay.

Far from easing the Court's burden, wholesale consolidation of the 2006 Case and the Ballard Patent Cases will *delay* the disposition of the Ballard Patent Cases and create an unwieldy collective action wholly unsuited for the resolution of the underlying claims. Even the court in *Honeywell International Inc. v. Audiovox Communications Corp.*, a case cited by DTC in support of its motion even though it involved only one patent, acknowledged the need for "the business and strategic legal interests of the plaintiff to cede some ground to case management imperatives." 2005 U.S. Dist. LEXIS 22933, at *9 (D. Del. May 18, 2005).

The 2006 Case is still in its infancy. Only one of the fifty-six named defendants in the 2006 Case has filed an answer. The other defendants have filed jurisdictional motions and/or a Motion to Dismiss under 12(b)(6) or, in the alternative for More Definite Statement. The 12(b)(6) Motion, which is directed to the sufficiency of DTC's Amended Complaint, should be resolved, and the issues joined on the merits, before any consolidation can properly be considered. Further, consolidation is premature before resolution of any jurisdictional challenges. *See Bristol-Myers,* 43 F. Supp. 2d at 745.

Even if the Motion to Dismiss is not granted, it will still be possibly at least another month before an Answer gets filed. The parties will then still have to conduct a Scheduling Conference, a daunting task with the number of parties, begin preliminary infringement and invalidity contentions, and proceed to discovery. With the number of patents (6), defendants (56), and products (unknown) at issue in the 2006 Case, there is no telling how long it will take for any of these tasks to be completed, resulting in an unquestioned delay to the individual defendants.

Conversely, in the Ballard Patent Cases, the parties have already exchanged Preliminary Infringement and Invalidity contentions, served discovery requests and documents, and served subpoenas on third-parties. The defendants in the Ballard Patent Cases have already reviewed many of these documents in preparation of their case and for upcoming deadlines. Also, scheduling orders are in place and the parties are proceeding on a marked and bright line to trial with the MagTek case currently scheduled to go to trial in October 2006. Given the complexity of this case and the number of patents and potential "products and services" at issue, denying the motion for consolidation is appropriate.

      B.      <u>The Individual Actions Are Already Efficiently Proceeding And Consolidation Will Only Hurt Such Efficiency.</u>

DTC raises the specter of uncoordinated, oppressive, and even harassing discovery and motion practice absent consolidation. No Defendant has suggested that the same witness will be subject to a full deposition by every Defendant, or that every third party witness will have to respond to document subpoenas from every Defendant. Until such approaches are presented, the parties should be permitted to coordinate their activities so as to minimize the burden on the Court or the parties while preserving each Defendant's right to individual justice.

      C.      <u>Consolidation May Prejudice Defendants and Cause Unnecessary Expense.</u>

At this stage, DTC does not suggest how these lawsuits would proceed logistically if consolidated. DTC concludes that consolidation would maximize efficiency, suggesting that the Court could conduct a single *Markman* hearing. While a streamlined claim construction process may be possible, DTC ignores the logistical considerations that a *Markman* hearing involving fifty-six defendants and even more accused "products and services" could create.

The Federal Circuit recently made clear that patent claims should be construed in the context of the accused products. *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442

8

F.3d 1322, 1326-27 (Fed. Cir. 2006);[5] *Lava Trading, Inc. v. Sonic Trading Mgmt., LLC*, 445 F.3d 1348, 1350 (Fed. Cir. 2006).[6] As mentioned above, DTC has not yet identified the accused "products and services," and until DTC provides at least some clarity to its theories of infringement (and until all of the Defendants file Answers), it is simply too early to predict what effect consolidation would have on a *Markman* hearing or other pre-trial proceedings.

## III.   CONCLUSION

For the reasons stated herein, these Defendants respectfully request this Court to deny DTC's Motion for Consolidation.

---

[5] "While a trial court should certainly not prejudge the ultimate infringement analysis by construing claims with an aim to include or exclude an accused product or process, knowledge of that product or process provides meaningful context for the first step of the infringement analysis, claim construction." *Wilson Sporting Goods Co.*, 442 F.3d at 1326-27.

[6] "In addition, this record on appeal does not supply any meaningful comparison of the accused products to the asserted claims. Without knowledge of the accused products, this court cannot assess the accuracy of the infringement judgment under review and lacks a proper context for an accurate claim construction." *Lava Trading, Inc.*, 445 F.3d at 1350.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  June 22, 2006 | FISH & RICHARDSON P.C. |

           By:  /s/ Thomas M. Melsheimer
                Thomas M. Melsheimer
                Texas State Bar No. 13922550
                1717 Main Street
                Suite 5000
                Dallas, TX  75201
                214-747-5070 (Telephone)
                214-747-2091 (Telecopy)

                Robert E. Hillman
                Fish & Richardson P.C.
                225 Franklin Street
                Boston, MA  02110-2804
                617-542-5070 (Telephone)
                617-542-8906 (Telecopy)

                Robert M. Parker
                Robert Christopher Bunt
                Parker & Bunt, P.C.
                100 E. Ferguson, Suite 1114
                Tyler, Texas 75702
                (903) 531-3535 (Telephone)
                (903) 533-9687 (Telecopy)

                Michael E. Jones
                Texas Bar No. 10929400
                E. Glenn Thames, Jr.
                Texas Bar No. 00785097
                Potter Minton
                500 Plaza Tower
                110 North College, Suite 500
                Tyler, TX  75702

                **ATTORNEYS FOR DEFENDANTS**
                **BANK OF AMERICA CORPORATION,**
                **BANK OF AMERICA, NATIONAL**
                **ASSOCIATION**

/s/ Jennifer Parker Ainsworth
Jennifer Parker Ainsworth
Texas Bar No. 00784720

WILSON, SHEEHY, KNOWLES, ROBERTSON
& CORNELIUS, P.C.
909 ESE Loop 323
Suite 400
Tyler, Texas  75701
T: (903) 509-5000
F: (903) 509-5092
jainsworth@wilsonlawfirm.com

Richard Hogan
Texas Bar No. 09802010
PILLSBURY WINTHROP SHAW PITTMAN LLP
2 Houston Center
909 Fannin Street 22nd Floor
Houston TX 77010
T: (713) 425-7327
F: (713) 425-7373
richard.hogan@pillsburylaw.com

Raymond L. Sweigart (pro hac vice submitted)
Scott J. Pivnick (pro hac vice submitted)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Blvd.
McLean, VA  22102-4859
T: (703) 770-7900
F: (703) 905-2500
raymond.sweigart@pillsburylaw.com
scott.pivnick@pillsburylaw.com

**ATTORNEYS FOR DEFENDANTS
THE BANK OF NEW YORK CO., INC.,
THE BANK OF NEW YORK, UNIONBANCAL
CORPORATION, AND
UNION BANK CALIFORNIA, N.A.**


/s/_ Edward G. Poplawski
EDWARD G. POPLAWSKI (Pro Hac Vice)
E-Mail: EPoplaws@Sidley.com
JEFFREY A. FINN (Pro Hac Vice)
E-Mail: JFinn@Sidley.com
CARISSA A. TENER (Pro Hac Vice)
E-Mail: CTener@Sidley.com
SIDLEY AUSTIN L.L.P.
555 West Fifth Street, Suite 4000
Los Angeles, California 90013

tel. 213-896-6000
fax 213-896-6600

LANCE LEE
Texas Bar No. 240004762
YOUNG, PICKETT & LEE, L.L.P.
4122 Texas Blvd.
P.O. Box 1897
Texarkana, Texas 75504
tel. 903-794-1303
fax 903-792-5098
E-Mail: WLanceLee@aol.com

**COUNSEL FOR FIRST DATA CORPORATION, TELECHECK SERVICES, INC.;REMITCO, LLC, LASALLE BANK CORPORATION, LASALLE BANK NA, DEUTSCHE BANK TRUST COMPANY AMERICAS, BANK OF TOKYO-MITSUBISHI UFJ, LTD.**

/s/ John G. Flaim
Brian J. Hurst
Texas Bar No. 10313300
John G. Flaim
Texas Bar No. 00785864
Brian C. McCormack
Texas Bar No. 00797036
Jay F. Utley
Texas Bar No. 00798559
Richard V. Wells
Texas Bar No. 24033326
W. Barton Rankin
Texas Bar No. 24037333

BAKER & McKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas  75201
Telephone:  (214) 978-3000
Facsimile:  (214) 978-3099

**ATTORNEYS FOR DEFENDANTS, WELLS FARGO & COMPANY AND WELLS FARGO BANK, NATIONAL ASSOCIATION**

    /s/  Scott W. Breedlove
William L. LaFuze
Texas Bar No. 11792500
*wlafuze@velaw.com*
D. Ferguson McNiel, III
Texas Bar No. 13830300
*fmcniel@velaw.com*
Vinson & Elkins LLP
2300 First City Tower
1001 Fannin Street
Houston, TX  77002
Telephone:  713.758.2222
Facsimile:  713.758.2346
Scott W. Breedlove
Texas Bar No. 00790361
*sbreedlove@velaw.com*
Vinson & Elkins LLP
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, TX  75201-2975
Telephone:  214.220.7700
Facsimile: 214.220.7716
 Harry Lee Gillam, Jr.
Texas Bar No. 07921800
*Gil@gillamsmithlaw.com*
Melissa Richards Smith
Texas Bar No. 24001351
*Melissa@gillamsmithlaw.com*
Gillam & Smith LLP
110 South Bolivar, Suite 204
Marshall, TX  75670
Telephone:  903.934.8450
Facsimile:  903.934.9257

**ATTORNEYS FOR UBS AMERICAS, INC.**


    /s/  William H. Boice
William H. Boice
E. Danielle Thompson Williams
Audra A. Dial
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street

13

Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Fax: (404) 815-6555

1001 West 4th Street
Winston-Salem, NC 27104
Telephone: (336) 607-7300
Fax: (336) 607-7500

Damon Young
YOUNG, PICKETT & LEE
4122 Texas Boulevard
P. O. Box 1897
Texarkana, TX 75504

**ATTORNEYS FOR DEFENDANTS WACHOVIA CORPORATION AND WACHOVIA BANK NATIONAL ASSOCIATION; M&T CORPORATION; M&T BANK; BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY; COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION**

\_\_/s/  Kurt M. Sauer_____
Kurt M. Sauer
Texas Bar No. 17673700
DAFFER MCDANIEL, LLP
700 Lavaca Street, Suite 720
Austin, Texas 78701
Tel. (512) 476-1400
Fax (512) 703-1250
ksauer@dmtechlaw.com

**ATTORNEY FOR DEFENDANT CULLEN FROST BANKERS, INC. AND THE FROST NATIONAL BANK**

\_\_\_\_/s/  Claude E. Welch_____
Claude E. Welch
115 West Shepherd Avenue
P.O. Box 1574
Lufkin, TX 75902-1574
(936) 639-3311

14

(936) 639-3049 FAX
welchlawoffice@consolidated.net

**LOCAL COUNSEL TO DEFENDANT CITIZENS FINANCIAL GROUP, INC.**

OF COUNSEL:
Jeffrey S. Standley, Ohio Bar No. 0047248
James L. Kwak, Ohio Bar No. 0066485
F. Michael Speed, Jr., Ohio Bar No. 0067541
STANDLEY LAW GROUP LLP
495 METRO PLACE SOUTH, SUITE 210
DUBLIN, OHIO 43017
(614) 792-5555
(614) 792-5536 FAX
jstandley@standleyllp.com
jkwak@standleyllp.com
mspeed@standleyllp.com


   /s/  Anthony H. Son
Melvin R. Wilcox, III
mrw@smeadlaw.com
Smead, Anderson & Dunn LLP
2110 Horseshoe Ln
PO Box 3343
Longview, Texas 75606
Telephone:  (903) 232-1892
Facsimile:  (903) 232-1881

*Of Counsel:*
John J. Feldhaus
jfeldhaus@foley.com
Anthony H. Son
ason@foley.com
FOLEY & LARDNER LLP
3000 K Street, N.W.
Washington, D.C. 20007
Ph: (202) 672-5300

**COUNSEL FOR DEFENDANTS U.S. BANCORP, U.S. BANK NATIONAL ASSOCIATION, NATIONAL CITY CORPORATION AND NATIONAL CITY BANK, ZIONS BANCORPORATION, AND ZIONS FIRST NATIONAL BANK**

/s/ Glen M. Boudreaux
Glen M. Boudreaux
State Bar No. 02696500
Lead Attorney for HSBC Bank USA, N.A.
Boudreaux , Leonard, Hammond & Curcio, P.C
Two Houston Center
909 Fannin, Suite 2350
Houston, Texas 77010
Telephone: (713) 757-0000
Telefax: (713) 757-0178
Gboudreaux@blhc-law.com

**Of Counsel**:
Boudreaux , Leonard, Hammond & Curcio, P.C.
Tim S. Leonard
State Bar No. 12211200
909 Fannin, Suite 2350
Houston, Texas 77010
Tel. (713) 757-0000
Fax (713) 757-0178
Email: tleonard@blhc-law.com

WilmerHale
Irah H. Donner
399 Park Avenue
New York, N.Y. 10022
Tel. (212) 230-8887
Fax  (212) 230-8888
Email: Irah.donner@wilmerhale.com

Locke Liddell & Sapp LLP
Roy W. Hardin
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Tel. (214) 740-8556
Fax  (214) 740-8800
Email: rhardin@lockeliddell.com

Law Offices of Richard Grainger
Richard Grainger
118 West Houston Street
Tyler, Texas 75710
Tel. (903) 595-3514
Fax  (903) 595-5360
Email: graingerpc@aol.com

16

**ATTORNEYS FOR DEFENDANT HSBC BANK USA, N.A.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 22, 2006 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Thomas M. Melsheimer