UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATA TREASURY CORPORATION<br> Plaintiff<br><br>vs.<br><br>WELLS FARGO & COMPANY, *et al.*<br> Defendants. | §§§§§§§§ Civil Action No. 2-06CV72-DF<br>ECF |

### DEFENDANTS BANCORPSOUTH, INC. AND BANCORPSOUTH BANK'S RESPONSE TO PLAINTIFF'S MOTION FOR CONSOLIDATION

Defendants BancorpSouth, Inc. and BancorpSouth Bank ("the BancorpSouth Defendants") hereby respond to DataTreasury Corporation's ("Plaintiff's") Motion for Consolidation of Civil Action Nos. 2:03-CV-459, 2:05-CV-291; 2:05-CV-292; 2:05-CV-293; 2:05-CV-294 and 2:06-CV-165[1] with this action. In support of this response and in the interest of brevity, the BancorpSouth Defendants rely on and incorporate the arguments and authorities presented in Defendants' Response to Plaintiff's Motion for Consolidation [Document #199]. Additional arguments applicable to the BancorpSouth Defendants are set forth below.

1. According to Plaintiff, the propriety of consolidation is a foregone conclusion simply because certain parties to this action have been sued for infringement of patents asserted in the other actions. What Plaintiff ignores is the fundamental unfairness to the BancorpSouth Defendants, one of the smaller defendant banks, that will flow from consolidation. "The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual

---

[1] By order dated June 21, 2006, the Court has consolidated Civil Action No. 2:06-CV-165 with this action.

justice, and we must take care that each individual plaintiff's and defendant's cause not be lost in the shadow of a towering mass litigation." *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993). Any heightened judicial efficiency that may result from consolidation must yield to "a paramount concern for a fair and impartial trial." *Id.* Consolidation may not be used as a weapon for increasing the opponent's cost of litigation by making the opponent participate in discovery or other proceedings that are not relevant to their case. *Id.* at 374. Such tactics run afoul of elemental fairness because they tend to force the opponent into settlement. *See id.*

2.  Here, Plaintiff's initially joining fifty-six defendants has made this case as unmanageable and costly as possible for the smaller defendants such as the BancorpSouth Defendants. Forcing the BancorpSouth Defendants to protect their rights and present their defenses in a case with fifty-six total defendants is difficult enough. As this case currently stands, whatever defenses to infringement the BancorpSouth Defendants may choose to assert (when or if Plaintiff actually places the BancorpSouth Defendants on notice of what they are doing to infringe) will certainly be lost in this massive litigation. Consolidation of this action with others that have been pending for years, in which discovery is ongoing, and in which preliminary infringement and invalidity contentions have already been exchanged will only compromise further the BancorpSouth Defendants' ability to mount a defense.

3.  Plaintiff's Requests for Admissions served on the BancorpSouth Defendants is a prime example of how insertion of more claims and issues into the case is prejudicial and unfair. Plaintiffs shared with the BancorpSouth Defendants a "courtesy copy" of 5883 requests, all of which require a response regardless of whether a request is directed specifically to the BancorpSouth Defendants. Forcing one defendant to expend an exorbitant amount of time responding to discovery requests having nothing to do with that defendant tilts the playing field

in a way that trumps any superficial efficiencies that may come from consolidation and underscores the oppression of subjecting a relative "bit player" to the perils of a multi-defendant patent litigation.

4. Based on the foregoing arguments and authorities, the BancorpSouth Defendants respectfully request the Court to deny Plaintiff's Motion for Consolidation.

Dated: June 22, 2006

Respectfully submitted,

**HUGHES & LUCE, L.L.P.**
By:    /S/    John H. McDowell, Jr.
John H. McDowell, Jr.
Texas Bar No. 13570825
LEAD ATTORNEY

Gregory Perrone
Texas Bar No. 24048053

1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: (214) 939-5500
Facsimile: (214) 939-5849

**ATTORNEYS FOR DEFENDANTS BANCORPSOUTH, INC. AND BANCORPSOUTH BANK**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 22nd day of June 2006.

/S/ John H. McDowell, Jr.
John H. McDowell, Jr.