IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| *PLAINTIFF* | § | |
| vs. | § | No. 2:06cv72 |
| | § | |
| WELLS FARGO & COMPANY, *et al* | § | JURY TRIAL DEMANDED |
| *DEFENDANTS* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT HSBC
NORTH AMERICA HOLDINGS INC.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(b)(2)**

Plaintiff DataTreasury Corporation files this its Response to HSBC North America Holdings Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2), and would respectfully show this Honorable Court as follows:

## I.   INTRODUCTION

DataTreasury Corporation ("DataTreasury") is the owner of all rights and interest in and under United States Patent Nos. 5,910,988; 6,032,137; 5,265,007; 5,583,759; 5,717,868; and 5,930,778. These patents were issued for a variety of inventions comprising systems and methods for various banking functions, include image capture, image transmission, image storage, a central check clearing system, and submission of checks into the payment system. This Court is intimately familiar with the DataTreasury litigation; the Court has presided over multiple *Markman* hearings on the DataTreasury patents, and most importantly, has entered Consent Judgments where institutions such as banking colossus J.P. Morgan Chase ("JPMC") have admitted that at least two of the DataTreasury patents are valid, enforceable, and infringed.

In its long-running quest to have other financial institutions recognize the intellectual property that DataTreasury owns in the same way that JPMC has, DataTreasury filed the instant action against a number of large financial institutions and related infringing institutions. In response to that Complaint, only four of these fifty-plus new Defendants allege that this Court cannot exercise personal jurisdiction over them. This Response focuses on one of those four defendants, HSBC North America Holdings Inc. ("HSBC NA").

## II.    ARGUMENT

A.    **DATATREASURY HAS ESTABLISHED SPECIFIC PERSONAL JURISDICTION OVER HSBC NA**

Defendant HSBC NA contends that this Court has no personal jurisdiction over it, and thus DataTreasury's Complaint against it should be dismissed. *See Defendant's Motion to Dismiss, previously filed*. In support of these contentions, HSBC NA relies entirely on one self-serving declaration of a company executive. *See Defendant's Affidavit, previously filed*. This Affidavit fails to establish that this Court lacks personal jurisdiction over this Defendant, and fails to controvert the facts set forth in Plaintiff's First Amended Complaint. Thus Defendant's Motion should be denied, as this Court's exercise of jurisdiction over this Defendant is entirely proper.

This Court has specific jurisdiction over HSBC NA in this case if Plaintiff's alleged facts in its First Amended Complaint regarding jurisdiction and venue are true. *See Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Specific personal jurisdiction in Fifth Circuit patent cases has been held to exist when the defendant purposely directs his activities at the forum, and the ensuing litigation arises out of or relates to those activities. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 595 (5th Cir. 1999). Since the Texas long-arm

statute extends to the limits of due process, a non-resident defendant is subject to personal jurisdiction in Texas if due process is satisfied. *See Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996). Plaintiff's pleadings and the Defendant's activities are both sufficient to confer personal jurisdiction to this Court, as Defendant has purposefully availed itself of the benefits of Texas by establishing minimum contacts in Texas and within this District; as such, exercising jurisdiction over this Defendant does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe v. Wash.*, 326 U.S. 310, 316 (1945); *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Plaintiff has pled in its First Amended Complaint that HSBC NA has engaged or currently engages in the following activities within the Eastern District of Texas: (1) making, using, selling, offering to sell, and/or importing, directly, contributorily, and/or by inducement, infringing products and services within the State of Texas and within this District; (2) providing services and selling products in this District separately and with or for other infringing companies which are or were Defendants in related pending litigation in this District; (3) engaging in infringing activities with respect to the products and services of Small Value Payments Co., LLC and The Clearing House Payments Company, LLC, defendants that operate a nationwide check image archive and exchange service that operates in and through this District; and (4) authorizing, participating in, or facilitating transactions through this archive/exchange that in whole or in part infringe the patents within this District. These facts, if true, are more than sufficient to establish specific jurisdiction over the Defendant.

Furthermore, these facts are simply not controverted by the self-serving affidavit provided by the Defendant. HSBC NA's representations to the Court, and the public at large,

should cause this Court grave concern. Attached as Exhibit 1 are selected pages from HSBC NA's most recent public 20-F filing with the Securities and Exchange Commission.[1] This document's accuracy is sworn and attested by the executives of HSBC NA. *See id*. Subsequently, Defendant's Senior Vice President-Insurance, Ms. Margo Hickman, has sworn and attested to certain facts in an Affidavit HSBC NA filed in support of its Motion to Dismiss. In this Affidavit, Ms. Hickman makes the following statements:

- HSBC NA "does not engage in or conduct business within the State of Texas."
- HSBC NA "has not made, used, sold, offered to sell, and/or imported, directly, contributorily, and/or by inducement, any infringing products or services within the state of Texas."
- HSBC NA "is not an owner or current user of Small Value Payments Company, LLC and/or The Clearing House Payments Company, LLC…"
- HSBC NA "has not authorized, participated in, or facilitated any transactions occurring in whole or in part within the State of Texas that infringe, in whole or in part, [Plaintiff's patents]."

*See* Affidavit of Margo Hickman, previously filed by Defendant.

To begin with, DataTreasury would show the outright falsity of HSBC NA's first representation cited above; namely, that it "does not engage in or conduct business within the State of Texas." Attached as Exhibit 2 is a press release from HSBC NA, announcing its $80,000 funding of literacy sessions for persons in Dallas, Texas. The article notes that this is the second such funding effort that HSBC NA has undertaken in Dallas. *See id*. As this release was made public less than two months ago, it is difficult to imagine that HSBC NA could declare now that it does not do any business in Texas.

In further contradiction to its Affidavit filed in this Court, HSBC NA makes the following statement in its most recent 20-F SEC filing: "On 1 January 2004, HSBC formed a

---

[1] As a foreign headquartered corporation, HSBC NA's parent company files a form 20-F with the Securities & Exchange Commission instead of the 10-K customarily filed by U.S. companies.

new company to hold all of its North American operations, including these two banks [including HSBC Bank USA, another Defendant in this case]. This company, called HSBC North America Holdings Inc. ('HNAH') is also a 'bank holding company under the BHCA, by virtue of its <u>ownership and control of HSBC Bank USA</u>.  *See* Exhibit 1, page 22 (emphasis added).

DataTreasury suggests that the evidence shows that HSBC NA has made public representations quite inconsistent with its sworn proof offered to this Court.  Now that HSBC NA is seeking to have this Court declared powerless to assert jurisdiction over it, it is apparently not reluctant to submit affidavit proof that directly conflicts with its prior public statements that it owns and controls HSBC Bank USA, an entity that has not challenged this Court's jurisdiction.  First, HSBC Bank USA is clearly subject to jurisdiction in this District – it has tacitly admitted as much by failing to join in its parent company's Motion to Dismiss.[2]  HSBC Bank USA will likely stipulate that it performs and facilitates transactions in this District and engages in activity here that Plaintiff alleges infringes its patents.[3]  Thus, it follows logically that a company that manages and controls the operations and activities of HSBC Bank USA – namely, HSBC NA – likewise engages in activity in this District.

As further evidence of HSBC NA's control over HSBC Bank USA, Plaintiff would refer the court to the "Lines of Business" description from

---

[2] Also, HSBC Bank USA has a branch located in the Eastern District of Texas, at 5800 Granite Parkway, Suite 790, Plano, TX 75024.  It cannot dispute that it is subject to personal jurisdiction here.

[3] For example, on February 6, 2006, SVPCo announced that HSBC Bank USA, is now exchanging and settling check images through the SVPCo Image Payments Network.  See <u>HSBC Bank USA, N.A. Now Using SVPCo Image Payments Network</u>, PR Newswire US dated 02/02/06, attached as Exhibit 3.  HSBC Bank USA, under HSBC NA's control, has been capturing and transmitting check images in violation of DataTreasury's patents for several years now.  *See* <u>Checks Not in the Mail; New Technology Will Eliminate Return of Canceled Checks</u>, Buffalo News dated 08/16/03, attached as Exhibit 4.

www.hsbcusa.com/ourcompany/linesofbusiness.html. *See* Exhibit 5. This document describes the lines of business that operate "under the banner of HSBC-North America." *See id*. This website offers the public numerous types of HSBC services, including retail banking, loan, and deposit services that may in fact infringe in part the patents in suit. Importantly, these offers are made under a copyright that appears on the last page belonging to none other than HSBC NA. *See id*. Thus, to allege in an Affidavit that HSBC NA does not "offer to sell" any potentially infringing products or services in Texas is simply untrue. Also, attached as Exhibit 6 is a July 16, 2004 letter from HSBC NA to the SEC, the Federal Reserve System, and other government agencies. In that letter, HSBC NA plainly states that HSBC North America operates various subsidiaries in the United States. *See id.*, page 2. Importantly, HSBC NA is not holding itself out as merely a stock holding company; instead, in all these public documents it clearly states that it is "operating" and "controlling" subsidiaries including HSBC Bank USA. *See id.* These statements, combined with HSBC Bank USA's operating presence in this District, simply foreclose any argument by HSBC NA that it is not subject to personal jurisdiction in this District.

As HSBC NA admits in its 20-F filing, HSBC NA is a bank holding company, and HSBC Bank USA is a wholly-owned banking subsidiary of HSBC NA. Bank holding companies are heavily regulated by Federal law, and the very definition of a bank holding company is "any company which has control over any bank." *See* 12 U.S.C. §1841(a)(1). Thus, by admitting that (1) it is a bank holding company and (2) its primary banking subsidiary is HSBC Bank USA, HSBC NA has admitted that it does in fact control HSBC Bank USA. Its attempts to persuade the Court that HSBC NA does not do business in Texas are simply incorrect; it exerts direct control over transactions here every day through HSBC

Bank USA. These transactions form the basis of DataTreasury's infringement claims against these Defendants.

Finally, the "source of strength" doctrine has recognized that bank holding companies owe a duty to accept obligations of their subsidiary banks. This doctrine forms another basis for denying HSBC NA's Motion to Dismiss due to HSBC NA's liability for the infringing activities of HSBC Bank USA[4] in addition to its own activities. *See Branch o/b/o Maine National Bank v. U.S.*, 69 F.3d 1571 (Fed. Cir. 1995) ("Through the source of strength doctrine, the [Federal Reserve] Board pierce[d] the corporate veil between a bank holding company and its affiliated banks..."). Thus, it is obvious that HSBC NA manages, controls, and directs the operations of HSBC Bank USA – and HSBC Bank USA has not challenged this Court's ability to exercise personal jurisdiction over it. Thus, the source of strength doctrine is an additional basis for the Court to deny HSBC NA's Motion.

In addition, it is worth noting that this Defendant and its related entity (and co-Defendant) HSBC Bank USA have a business relationship with SVPCo/The Clearing House Payments Company, as described in Plaintiff's First Amended Complaint. For many of the same reasons that SVPCo was found guilty by this Court of "purposefully direct[ing] its infringing activities at the Eastern District of Texas through its affiliation with...[a bank and the Federal Reserve]," (*see* Exhibit 7, Order dated November 16, 2004 denying SVPCo Motion to Dismiss), the Court should consider HSBC NA's (and HSBC Bank USA's) business relationship with SVPCo when determining that this Defendant has purposefully directed potentially infringing activities at this District. As discussed throughout, HSBC NA manages and controls the operations of a member bank of SVPCo that engages in

---

[4] As noted earlier, HSBC Bank USA has not contested this Court's ability to assert jurisdiction over it.

transactions and is subject to personal jurisdiction in this District. By its exercise of such control, HSBC NA has itself engaged in transactions with SVPCo/The Clearing House, and thus purposefully availed itself of this forum. It does not offend traditional notions of fair play and substantial justice for HSBC NA to be haled into this forum.[5]

Defendant HSBC NA performs, oversees, and controls electronic banking transactions in this District that include image capture, transmission and storage, and submission into and interaction with the payments system. It is these exact transactions that infringe Plaintiff's patents, right here in the Eastern District of Texas. Plaintiff's claims in this case arise from this very conduct, and from these contacts between the Defendant and this District. "Specific jurisdiction arises when the defendant's contacts with the forum arise from, or are directly related to, the cause of action." *See Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (*quoting Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Furthermore, specific jurisdiction in patent cases exists when "the defendant [has] purposely directed his activities at the … forum, and the litigation [results] from the alleged injuries that 'arise out of or relate to' the defendant's activities directed at the forum." *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 595 (5th Cir. 1999). If Defendant did not wish to be haled into Court in the Eastern District of Texas, it should not have performed or continue to perform infringing activities within this District, or controlled and managed the operations of HSBC Bank USA in a manner that infringes Plaintiff's patents in this District. Based on the

---

[5] In addition to its infringing activities performed through SVPCo/The Clearing House, this Defendant alone and through its control of HSBC Bank USA also infringes Plaintiff's patents through a business relationship with Viewpointe Archive Services, LLC. *See, e.g.,* <u>HSBC Selects Viewpointe's National Image Archive For its Enterprise Imaging Strategy</u>, PR Newswire dated 12/13/01, attached as Exhibit 8. As this Court is aware, Viewpointe has recently stipulated that it too is subject to personal jurisdiction within this District. Thus, by availing itself of Viewpointe's services in this District through its management and control of HSBC Bank USA, Defendant has committed further acts of purposefully availing itself to suit in this District.

above, specific jurisdiction over HSBC NA within the Eastern District of Texas is appropriate.

B. **IF QUESTIONS REMAIN, DATATREASURY SHOULD BE ALLOWED TO CONDUCT DISCOVERY ON THE JURISDICTIONAL ISSUES RAISED**

As described above, there are numerous conflicts between the Affidavit that HSBC NA has filed and the representations it continues to make today on its website and in its public filings with the SEC. The mere fact that HSBC NA makes these conflicting representations is grave cause for concern about the veracity of the Affidavit that the Defendant has filed. On that basis alone, Plaintiff prays that the Court disregard the Affidavit filed by Defendant and deny Defendant's Motion to Dismiss. However, in the event that the Court is still unsure of the precise contacts of HSBC NA with the Eastern District of Texas, Plaintiff prays that the Court grant Plaintiff the opportunity to conduct discovery on the venue and jurisdictional issues raised by Defendant before proceeding further with this litigation. Plaintiff incorporates by reference a Motion titled "Plaintiff's Motion to Authorize Jurisdictional Discovery Against HSBC North America Holdings, Inc.," which is being filed simultaneously with this Response, and prays that the Court grant that Motion and the relief requested therein should questions remain about the jurisdictional decisions based on this Response.

### III.   CONCLUSION AND PRAYER

Based on the foregoing, Plaintiff DataTreasury Corporation respectfully requests that the Court DENY HSBC NA's Motion to Dismiss For Lack of Personal Jurisdiction Under Fed. R. Civ. P. 12(b)(2). In the alternative, DataTreasury prays that the Court reserve ruling on Defendant's Motion, and allow Plaintiff time to conduct discovery targeted solely at the

jurisdictional issues raised by HSBC NA, as requested in DataTreasury's separate Motion to Authorize Jurisdictional Discovery. After completion of that discovery, Plaintiff would request the Court hear an Amended Response to Defendant's Motion and DENY said Motion. Plaintiff prays for any further relief to which it is entitled.

    Respectfully Submitted,

_____

EDWARD L. HOHN
Texas Bar No. 09813240
edhohn@nixlawfirm.com
D. NEIL SMITH
Texas Bar No. 00797450
dnsmith@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
205 Linda Drive
Daingerfield, Texas 75638
Telephone:  903.645.7333
Facsimile:  903.645.4415

C. CARY PATTERSON
Texas Bar No. 15587000
ANTHONY K. BRUSTER
Texas Bar No. 24036280
akbruster@nixlawfirm.com
BRADY PADDOCK
Texas Bar No. 00791394
bpaddock@nixlawfirm.com
R. BENJAMIN KING
Texas Bar No. 24048592
benking@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
Telephone: 903.223.3999
Facsimile: 903.223.8520

JOE KENDALL
Texas Bar No. 11260700
jkendall@provostumphrey.com
KARL RUPP
Texas Bar No. 24035243
krupp@provostumphrey.com
**PROVOST UMPHREY, LLP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: 214.774.3000
Facsimile:  214.744.3015

ROD COOPER
Texas Bar No. 90001628
rcooper@cooperiplaw.com
**THE COOPER LAW FIRM**
545 E. John Carpenter Fwy., Suite 1460
Irving, Texas 75062
Telephone:  972.831.1188
Facsimile:   972.692.5445

ERIC M. ALBRITTON
Texas Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P. O. Box 2649
Longview, Texas 75606
Telephone: 903.757.8449
Facsimile:   903.758.7397

T. JOHN WARD, JR.
Texas Bar No. 00794818
jw@jwfirm.com
**LAW OFFICES OF T. JOHN WARD, JR. PC**
P. O. Box 1231
Longview, Texas 75606
Telephone: 903.757.6400
Facsimile:   903.757-2323


**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record through the Court's electronic mail this 23rd day of June, 2006.

_____
**ANTHONY K. BRUSTER**