IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| *PLAINTIFF* | § | |
| vs. | § | No. 2:06cv72 |
| | § | |
| WELLS FARGO & COMPANY, *et al* | § | JURY TRIAL DEMANDED |
| *DEFENDANTS* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT FIRST CITIZENS BANCSHARES, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff DataTreasury Corporation files this its Response to First Citizens Bancshares, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and would respectfully show this Honorable Court as follows:

## I.   INTRODUCTION

DataTreasury Corporation ("DataTreasury") is the owner of all rights and interest in and under United States Patent Nos. 5,910,988; 6,032,137; 5,265,007; 5,583,759; 5,717,868; and 5,930,778. These patents were issued for a variety of inventions comprising systems and methods for various banking functions; including image capture, image transmission, image storage, a central check clearing system, and submission of checks into the payment system. This Court is intimately familiar with the DataTreasury litigation; the Court has presided over multiple *Markman* hearings on the DataTreasury patents, and most importantly, has entered Consent Judgments where institutions such as banking colossus J.P. Morgan Chase ("JPMC") have admitted that at least two of the DataTreasury patents are valid, enforceable, and infringed.

In its long-running quest to have other financial institutions recognize the intellectual property that DataTreasury owns in the same way that JPMC has, DataTreasury filed the instant action against a number of large financial institutions and related infringing institutions. In response to that Complaint, only four of these fifty-plus new Defendants allege that this Court cannot exercise personal jurisdiction over them. This Response focuses on one of those four defendants, First Citizens Bancshares, Inc. ("FCB").

## II. ARGUMENT

**A. DATATREASURY HAS ESTABLISHED SPECIFIC PERSONAL JURISDICTION OVER FCB**

Defendant FCB contends that this Court has no personal jurisdiction over it, and thus DataTreasury's Complaint against it should be dismissed. *See Defendant's Motion to Dismiss, previously filed.* In support of these contentions, FCB relies entirely on one self-serving declaration of one company executive. *See Defendant's Affidavit, previously filed*. This Affidavit fails to establish that this Court lacks personal jurisdiction over this Defendant, and fails to controvert the facts set forth in Plaintiff's First Amended Complaint. Thus Defendant's Motion should be denied, as this Court's exercise of jurisdiction over this Defendant is entirely proper.

This Court has specific jurisdiction over FCB in this case if Plaintiff's alleged facts in its First Amended Complaint regarding jurisdiction and venue are true. *See Burger King v. Rudzewicz,* 471 U.S. 462, 472-73 (1985). Specific personal jurisdiction in Fifth Circuit patent cases has been held to exist when the defendant purposely directs his activities at the forum, and the ensuing litigation arises out of or relates to those activities. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 595 (5th Cir. 1999). Since the Texas long-arm statute

extends to the limits of due process, a non-resident defendant is subject to personal jurisdiction in Texas if due process is satisfied. *See Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996). Plaintiff's pleadings and the Defendant's activities are both sufficient to confer personal jurisdiction to this Court, as Defendant has purposefully availed itself of the benefits of Texas by establishing minimum contacts in Texas and within this District; as such, exercising jurisdiction over this Defendant does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe v. Wash.*, 326 U.S. 310, 316 (1945); *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Plaintiff has pled in its First Amended Complaint that FCB has engaged or currently engages in the following activities within the Eastern District of Texas: (1) making, using, selling, offering to sell, and/or importing, directly, contributorily, and/or by inducement, infringing products and services within the State of Texas and within this District; (2) providing services and selling products in this District separately and with or for other infringing companies which are or were Defendants in related pending litigation in this District; (3) engaging in infringing activities with respect to the products and services of Small Value Payments Co., LLC and The Clearing House Payments Company, LLC, defendants that operate a nationwide check image archive and exchange service that operates in and through this District; and (4) authorizing, participating in, or facilitating transactions through this archive/exchange that in whole or in part infringe the patents within this District. These facts, if true, are more than sufficient to establish specific jurisdiction over the Defendant.

Furthermore, these facts are simply not controverted by the self-serving Declaration provided by the Defendant. FCB's representations to the Court, and the public at large,

should cause this Court grave concern. Defendant's Assistant Vice President John Gray has sworn and attested to certain facts in an Affidavit FCB filed in support of its Motion to Dismiss. In this Court, Mr. Gray makes the following statements:

- FCB " has not and does not, on behalf of itself, its subsidiaries, or any other persons or entities, offer for sale, sell, advertise or provide any document, receipt, or check imaging or processing services to any customers in the state of Texas or elsewhere."
- FCB "conducts no business in Texas and directs none of its activities toward Texas."

*See* Affidavit of John Gray, previously filed by Defendant.

To begin with, DataTreasury would note that Defendant has not carried its burden of negating all grounds upon which Plaintiff has asserted jurisdiction is appropriate in this District. As stated earlier, DataTreasury has pled that FCB is "engaging in infringing activities with respect to the products and services of Small Value Payments Co., LLC and The Clearing House Payments Company, LLC, defendants that operate a nationwide check image archive and exchange service that operates in and through this District." FCB's Declaration is wholly devoid of any discussion about FCB's relationship with SVPCo/The Clearing House, and its silence as to this allegation is now deafening. If FCB could rebut the fact that they operate alone and with First Citizens Bancshares in utilizing and contributing to SVPCo/The Clearing House's infringing activity in this District, they would have already done so. Any attempt to obtain further Affidavit proof now that FCB is not operating in conjunction with SVPCo should ring hollow, as it would be coming after Plaintiff has kindly informed FCB of its deficiency.

Likewise, DataTreasury would show the outright falsity of FCB's statements cited above; namely, that it does not engage in or conduct business in Texas and has not on its own

or on behalf of any subsidiaries provided anyone, anywhere (Texas or elsewhere) with check imaging or processing services. Attached as Exhibit 1 are selected pages from FCB's most recent public 10-K filing with the Securities and Exchange Commission. This document's accuracy is sworn and attested by the executives of FCB, under the penalties of the Sarbanes-Oxley Act. *See id*. In that document, FCB states that "through its subsidiary financial institutions, as of December 31, 2005, [First Citizens] <u>Bancshares operated</u> branch offices at 392 locations in …Texas…." Thus, FCB is actually operating its subsidiaries, not merely holding their stock. Given these sworn public statements of operations, it is difficult to imagine that FCB could declare now that it does not do any business in Texas. Yet, its corporate executives have sworn to both positions.

DataTreasury suggests that the evidence shows that FCB has made public representations quite inconsistent with its sworn proof offered to this Court. Now that FCB is seeking to have this Court declared powerless to assert jurisdiction over it, it is apparently not reluctant to submit affidavit proof that directly conflicts with its prior public statements that it owns and controls First Citizens Bank, an entity that has not challenged this Court's jurisdiction. First Citizens Bank is clearly subject to jurisdiction in this District – it has tacitly admitted as much by failing to join in its parent company's Motion to Dismiss.[1] First Citizens Bank will likely stipulate that it performs and facilitates transactions in this District and engages in activity here that Plaintiff alleges infringes its patents.[2] Thus, it follows logically that a company that manages and controls the operations and activities of First Citizens Bank – namely, FCB – likewise engages in activity in this District.

---

[1] Also, First Citizens Bank has branch locations in Texas. It cannot dispute that it is subject to general and specific jurisdiction here.

Importantly, FCB is not holding itself out as merely a stock holding company; instead, in all these public documents it clearly states that it is "operating" and "controlling" subsidiaries including First Citizens Bank. *See id*. These statements, combined with First Citizen Bank's operating presence in this District, simply foreclose any argument by FCB that it is not subject to personal jurisdiction in this District.

As FCB admits in its 10-K filing, FCB is a bank holding company, and First Citizens Bank is a wholly-owned banking subsidiary of FCB. Bank holding companies are heavily regulated by Federal law, and the very definition of a bank holding company is "any company which has control over any bank." *See* 12 U.S.C. §1841(a)(1). Thus, by admitting that (1) it is a bank holding company and (2) its primary banking subsidiary is First Citizens Bank, FCB has admitted that it does in fact control First Citizens Bank. Its attempts to persuade the Court that FCB does not do business in Texas are simply incorrect; it exerts direct control over transactions here every day through First Citizens Bank. These transactions form the basis of DataTreasury's infringement claims against these Defendants.

Another fact makes FCB's claim that it is just a stock holding company and does not control the daily activities of its subsidiary banks even more difficult to believe: every single executive of FCB is also contemporaneously an executive of First Citizens Bank. *See* http://www.firstcitizens.com/about_us/bancshares/corporate_governance/directors.htm, generally and Footnote 2, attached as Exhibit 2. For example, FCB's Chairman; President/CEO; Vice Chairman/COO; Executive Vice Chairman; and numerous other directors all serve in identical positions for First Citizens Bank. *See id*. Thus, FCB's claim to this Court that it observes all corporate formalities separate and distinct from its subsidiaries and that it is merely a stock holding company stretches credulity – every single

one of its top executives shares their identical job responsibility between FCB and First Citizens Bank.

Finally, the "source of strength" doctrine has recognized that bank holding companies owe a duty to accept obligations of their subsidiary banks. This doctrine forms another basis for denying FCB's Motion to Dismiss due to FCB's liability for the infringing activities of First Citizens Bank[3] in addition to its own activities. *See* Branch o/b/o Maine National Bank v. U.S., 69 F.3d 1571 (Fed. Cir. 1995) ("Through the source of strength doctrine, the [Federal Reserve] Board pierce[d] the corporate veil between a bank holding company and its affiliated banks…"). Thus, it is obvious that FCB manages, controls, and directs the operations of First Citizens Bank – and First Citizens Bank has not challenged this Court's ability to exercise personal jurisdiction over it. Thus, the source of strength doctrine is an additional basis for the Court to deny FCB's Motion.

In addition, it is worth noting that this Defendant and its related entity (and co-Defendant) First Citizens Bank have a business relationship with SVPCo/The Clearing House Payments Company, as described in Plaintiff's First Amended Complaint. For many of the same reasons that SVPCo was found guilty by this Court of "purposefully direct[ing] its infringing activities at the Eastern District of Texas through its affiliation with…[a bank and the Federal Reserve]," (*See* Exhibit 3, Order dated November 16, 2004 denying SVPCo Motion to Dismiss), the Court should consider FCB's (and First Citizens Bank's) business relationship with SVPCo when determining that this Defendant has purposefully directed potentially infringing activities at this District. As discussed throughout, FCB manages and controls the operations of a member bank of SVPCo that engages in transactions and is

---

[3] As noted earlier, First Citizens Bank has not contested this Court's ability to assert jurisdiction over it.

subject to personal jurisdiction in this District. By its exercise of such control, FCB has itself engaged in transactions with SVPCo/The Clearing House, and thus purposefully availed itself of this forum. It does not offend traditional notions of fair play and substantial justice for FCB to be haled into this forum.

Defendant FCB performs, oversees, and controls electronic banking transactions in this District that include image capture, transmission and storage, and submission into and interaction with the payments system. It is these exact transactions that infringe Plaintiff's patents, right here in the Eastern District of Texas. Plaintiff's claims in this case arise from this very conduct, and from these contacts between the Defendant and this District. "Specific jurisdiction arises when the defendant's contacts with the forum arise from, or are directly related to, the cause of action." *See Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (*quoting Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Furthermore, specific jurisdiction in patent cases exists when "the defendant [has] purposely directed his activities at the … forum, and the litigation [results] from the alleged injuries that 'arise out of or relate to' the defendant's activities directed at the forum." *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 595 (5th Cir. 1999). If Defendant did not wish to be haled into Court in the Eastern District of Texas, it should not have performed or continue to perform infringing activities within this District, or controlled and managed the operations of First Citizens Bank in a manner that infringes Plaintiff's patents in this District. Based on the above, specific jurisdiction over FCB within the Eastern District of Texas is appropriate.

    **B.**    **IF QUESTIONS REMAIN, DATATREASURY SHOULD BE ALLOWED TO CONDUCT DISCOVERY ON THE JURISDICTIONAL ISSUES RAISED**

As described above, there are numerous conflicts between the Affidavit that FCB has filed and the representations it continues to make today on its website and in its public filings with the SEC. The mere fact that FCB makes these conflicting representations is grave cause for concern about the veracity of the Affidavit that the Defendant has filed. On that basis alone, Plaintiff prays that the Court disregard the Affidavit filed by Defendant and deny Defendant's Motion to Dismiss. However, in the event that the Court is still unsure of the precise contacts of FCB with the Eastern District of Texas, Plaintiff prays that the Court grant Plaintiff the opportunity to conduct discovery on the venue and jurisdictional issues raised by Defendant before proceeding further with this litigation. Plaintiff incorporates by reference a Motion titled "Plaintiff's Motion to Authorize Jurisdictional Discovery Against First Citizens Bancshares, Inc.," which is being filed simultaneously with this Response, and prays that the Court grant that Motion and the relief requested therein should questions remain about the jurisdictional decisions based on this Response.

### III.    CONCLUSION AND PRAYER

Based on the foregoing, Plaintiff DataTreasury Corporation respectfully requests that the Court DENY FCB's Motion to Dismiss For Lack of Personal Jurisdiction Under Fed. R. Civ. P. 12(b)(2). In the alternative, DataTreasury prays that the Court reserve ruling on Defendant's Motion, and allow Plaintiff time to conduct discovery targeted solely at the jurisdictional issues raised by FCB, as requested in DataTreasury's separate Motion to Authorize Jurisdictional Discovery. After completion of that discovery, Plaintiff would

request the Court hear an Amended Response to Defendants' Motion and DENY said Motion. Plaintiff prays for any further relief to which it is entitled.

                Respectfully Submitted,

*/s/ signature*

EDWARD L. HOHN
Texas Bar No. 09813240
edhohn@nixlawfirm.com
D. NEIL SMITH
Texas Bar No. 00797450
dnsmith@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
205 Linda Drive
Daingerfield, Texas 75638
Telephone: 903.645.7333
Facsimile: 903.645.4415

C. CARY PATTERSON
Texas Bar No. 15587000
ANTHONY K. BRUSTER
Texas Bar No. 24036280
akbruster@nixlawfirm.com
BRADY PADDOCK
Texas Bar No. 00791394
bpaddock@nixlawfirm.com
R. BENJAMIN KING
Texas Bar No. 24048592
benking@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
Telephone: 903.223.3999
Facsimile: 903.223.8520

JOE KENDALL
Texas Bar No. 11260700
jkendall@provostumphrey.com
KARL RUPP
Texas Bar No. 24035243
krupp@provostumphrey.com

**PROVOST UMPHREY, LLP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: 214.774.3000
Facsimile:  214.744.3015

ROD COOPER
Texas Bar No. 90001628
rcooper@cooperiplaw.com
**THE COOPER LAW FIRM**
545 E. John Carpenter Fwy., Suite 1460
Irving, Texas 75062
Telephone:  972.831.1188
Facsimile:   972.692.5445

ERIC M. ALBRITTON
Texas Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P. O. Box 2649
Longview, Texas 75606
Telephone: 903.757.8449
Facsimile:   903.758.7397

T. JOHN WARD, JR.
Texas Bar No. 00794818
jw@jwfirm.com
**LAW OFFICES OF T. JOHN WARD, JR. PC**
P. O. Box 1231
Longview, Texas 75606
Telephone: 903.757.6400
Facsimile:   903.757-2323

**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record through the Court's electronic mail this 23rd day of June, 2006.

_____
**ANTHONY K. BRUSTER**