IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| *PLAINTIFF* | § | |
| vs. | § | No. 2:06cv72 |
| | § | |
| WELLS FARGO & COMPANY, *et al* | § | JURY TRIAL DEMANDED |
| *DEFENDANTS* | § | |

**PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY AGAINST
DEFENDANT FIRST CITIZENS BANCSHARES, INC.**

Pursuant to Federal Rule of Civil Procedure 26(a) & (d) and Local Rule CV-26(d),
Plaintiff, DataTreasury Corporation ("DataTreasury"), files this Motion to Authorize
Jurisdictional Discovery against Defendant First Citizens Bancshares, Inc. ("FCB") and states:

1.      DataTreasury filed its original Complaint in this patent infringement action on
February 27, 2006.  Before any defendant answered, Plaintiff filed a First Amended Complaint
on March 28, 2006.

2.      On June 1, 2006, FCB filed a Motion to Dismiss Pursuant to Fed. R. Civ. P.
12(b)(2).  In the motion, FCB contends that this Court lacks personal jurisdiction over it and thus
the claims against it should be dismissed.

3.      DataTreasury has filed a Response to FCB's Motion to Dismiss.  In its Response,
DataTreasury outlines the basis for this Court's jurisdiction over FCB, and discusses in detail the
numerous troubling inconsistencies between the sworn statement of Defendant's executive filed

Dockets.Justia.com

in this case and the representations these Defendants make elsewhere to the general public and the federal government.

4.     However, in the event that the Court believes additional evidence on these issues is necessary, DataTreasury requests that the Court enter an Order authorizing it to conduct specific jurisdictional discovery regarding FCB.  DataTreasury anticipates that this discovery would entail the following issues:  (A) document production surrounding FCB's operation of office locations of itself and its subsidiaries in Texas; (B) performance of infringing activities within the State of Texas; (C) depositions of the persons with the most knowledge of various sworn statements made pursuant to the Sarbanes-Oxley Act by FCB executives in their most recent 10-K; and (D) document productions surrounding the activities of the FCB executives that hold identical positions with its subsidiary entities, including Board of Directors' meeting minutes, internal memos, emails and correspondence files, and a multitude of other documents surrounding these executives' activities.  Other discovery may be necessary as well, but these items are certainly relevant to FCB's claims that it does not conduct business in Texas and within this District.

5.     The requested discovery and disclosures are relevant to the jurisdictional defenses raised by FCB.  In addition, the discovery and disclosures will provide DataTreasury with additional evidence to include in an Amended Complaint and to submit in amended opposition to Defendant's Motion to Dismiss.  Thus, the Court should authorize and order the requested discovery and disclosures.

6.     Pursuant to Federal Rule of Civil Procedure 26(a) & (d) and Local Rule CV-26(d) and for those reasons stated herein, DataTreasury respectfully requests that the Court grant this Motion.  Specifically, DataTreasury requests: (1) that it be allowed to propound interrogatories,

requests for production, and requests for admissions to First Citizens dealing specifically with the jurisdictional issues;  (2) that these discovery requests not count against the limited number of discovery requests available to Plaintiff under the Federal Rules of Civil Procedure and this Court's local rules; (3) that it be allowed to depose each of the FCB directors discussed in DataTreasury's Response to Defendants' Motion; (4) that it be allowed to depose Rule 30(b)(6) representatives with the most knowledge of the jurisdictional issues raised by FCB; (5) that the Defendant be ordered to produce all documents and information relevant to their jurisdictional defenses within 30 days; and (6) that DataTreasury be allowed to file an amended Response to FCB's Motion and an Amended Complaint after receiving this discovery.

7.     Before filing this Motion, Counsel for DataTreasury conferred in good faith with counsel for FCB with regard to the requests in this motion.  Unfortunately, the parties cannot resolve this dispute without Court intervention.

WHEREFORE, DataTreasury prays that the Court grant its Motion and enter an order authorizing the requested discovery and mandating the requested disclosures.

Respectfully Submitted,

EDWARD L. HOHN
Texas Bar No. 09813240
edhohn@nixlawfirm.com
D. NEIL SMITH
Texas Bar No. 00797450
dnsmith@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
205 Linda Drive
Daingerfield, Texas 75638
Telephone:  903.645.7333
Facsimile:   903.645.4415

C. CARY PATTERSON
Texas Bar No. 15587000
ANTHONY K. BRUSTER
Texas Bar No. 24036280
akbruster@nixlawfirm.com
BRADY PADDOCK
Texas Bar No. 00791394
bpaddock@nixlawfirm.com
R. BENJAMIN KING
Texas Bar No. 24048592
benking@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
Telephone: 903.223.3999
Facsimile:  903.223.8520


JOE KENDALL
Texas Bar No. 11260700
jkendall@provostumphrey.com
KARL RUPP
Texas Bar No. 24035243
krupp@provostumphrey.com
**PROVOST UMPHREY, LLP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: 214.774.3000
Facsimile:  214.744.3015


ROD COOPER
Texas Bar No. 90001628
rcooper@cooperiplaw.com
**THE COOPER LAW FIRM**
545 E. John Carpenter Fwy., Suite 1460
Irving, Texas 75062
Telephone:  972.831.1188
Facsimile:  972.692.5445


ERIC M. ALBRITTON
Texas Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P. O. Box 2649
Longview, Texas 75606
Telephone: 903.757.8449
Facsimile:  903.758.7397

T. JOHN WARD, JR.
Texas Bar No. 00794818
jw@jwfirm.com
LAW OFFICES OF T. JOHN WARD, JR. PC
P. O. Box 1231
Longview, Texas 75606
Telephone: 903.757.6400
Facsimile:  903.757-2323

**ATTORNEYS FOR PLAINTIFF**
**DATATREASURY CORPORATION**

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff's counsel has conferred with Defendant's counsel regarding the above Motion, and they indicated that they do oppose the filing of such Motion.

ANTHONY K. BRUSTER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record through the Court's electronic mail this 23rd day of June, 2006.

ANTHONY K. BRUSTER