IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| *PLAINTIFF* | § | |
| vs. | § | No. 2:06cv72 |
| | § | |
| WELLS FARGO & COMPANY, *et al* | § | JURY TRIAL DEMANDED |
| *DEFENDANTS* | § | |

**PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY AGAINST DEFENDANT HSBC NORTH AMERICA HOLDINGS, INC.**

Pursuant to Federal Rule of Civil Procedure 26(a) & (d) and Local Rule CV-26(d), Plaintiff, DataTreasury Corporation ("DataTreasury"), files this Motion to Authorize Jurisdictional Discovery against Defendant HSBC North America Holdings, Inc. ("HSBC NA") and states:

1. DataTreasury filed its original Complaint in this patent infringement action on February 27, 2006. Before any defendant answered, Plaintiff filed a First Amended Complaint on March 28, 2006.

2. On June 1, 2006, HSBC NA filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2). In the motion, HSBC NA contends that this Court lacks personal jurisdiction over it and thus the claims against it should be dismissed.

3. DataTreasury has filed a Response to HSBC NA's Motion to Dismiss. In its Response, DataTreasury outlines the basis for this Court's jurisdiction over HSBC NA, and discusses in detail the numerous troubling inconsistencies between the sworn statement of

Defendant's executive filed in this case and the representations these Defendants make elsewhere to the general public and the federal government.

4. However, in the event that the Court believes additional evidence on these issues is necessary, DataTreasury requests that the Court enter an Order authorizing it to conduct specific jurisdictional discovery regarding HSBC NA. DataTreasury anticipates that this discovery would entail the following issues: (A) document production surrounding HSBC NA's office locations in Texas; (B) the performance of infringing activities within the State of Texas; and (C) positions of the persons with the most knowledge of various sworn statements made pursuant to the Sarbanes-Oxley Act by HSBC NA executives in their most recent 20-F. Other discovery may be necessary as well, but these items are certainly relevant to HSBC NA's claims that it does not conduct business in Texas and within this District.

5. The requested discovery and disclosures are relevant to the jurisdictional defenses raised by HSBC NA. In addition, the discovery and disclosures will provide DataTreasury with additional evidence to include in an Amended Complaint and to submit in amended opposition to Defendant's Motion to Dismiss. Thus, the Court should authorize and order the requested discovery and disclosures.

6. Pursuant to Federal Rule of Civil Procedure 26(a) & (d) and Local Rule CV-26(d) and for those reasons stated herein, DataTreasury respectfully requests that the Court grant this Motion. Specifically, DataTreasury requests: (1) that it be allowed to propound interrogatories, requests for production, and requests for admissions to HSBC NA dealing specifically with the jurisdictional issues; (2) that these discovery requests not count against the limited number of discovery requests available to Plaintiff under the Federal Rules of Civil Procedure and this Court's local rules; (3) that it be allowed to depose Rule 30(b)(6) representatives with the most

knowledge of the jurisdictional issues raised by HSBC NA; (4) that the Defendant be ordered to produce all documents and information relevant to their jurisdictional defenses within 30 days; and (5) that DataTreasury be allowed to file an amended Response to HSBC NA's Motion and an Amended Complaint after receiving this discovery.

7.     Before filing this Motion, Counsel for DataTreasury conferred in good faith with counsel for HSBC NA with regard to the requests in this motion. Unfortunately, the parties cannot resolve this dispute without Court intervention.

WHEREFORE, DataTreasury prays that the Court grant its Motion and enter an order authorizing the requested discovery and mandating the requested disclosures.

Respectfully Submitted,

_____

EDWARD L. HOHN
Texas Bar No. 09813240
edhohn@nixlawfirm.com
D. NEIL SMITH
Texas Bar No. 00797450
dnsmith@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
205 Linda Drive
Daingerfield, Texas 75638
Telephone:  903.645.7333
Facsimile:   903.645.4415

C. CARY PATTERSON
Texas Bar No. 15587000
ANTHONY K. BRUSTER
Texas Bar No. 24036280
akbruster@nixlawfirm.com
BRADY PADDOCK
Texas Bar No. 00791394
bpaddock@nixlawfirm.com
R. BENJAMIN KING
Texas Bar No. 24048592
benking@nixlawfirm.com
**NIX, PATTERSON & ROACH, LLP**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
Telephone: 903.223.3999
Facsimile:  903.223.8520

JOE KENDALL
Texas Bar No. 11260700
jkendall@provostumphrey.com
KARL RUPP
Texas Bar No. 24035243
krupp@provostumphrey.com
**PROVOST UMPHREY, LLP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: 214.774.3000
Facsimile:   214.744.3015

ROD COOPER
Texas Bar No. 90001628
rcooper@cooperiplaw.com
**THE COOPER LAW FIRM**
545 E. John Carpenter Fwy., Suite 1460
Irving, Texas 75062
Telephone:  972.831.1188
Facsimile:   972.692.5445

ERIC M. ALBRITTON
Texas Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P. O. Box 2649
Longview, Texas 75606
Telephone: 903.757.8449
Facsimile:   903.758.7397

T. JOHN WARD, JR.
Texas Bar No. 00794818
jw@jwfirm.com
**LAW OFFICES OF T. JOHN WARD, JR. PC**
P. O. Box 1231
Longview, Texas 75606
Telephone: 903.757.6400
Facsimile:  903.757-2323

**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**

## CERTIFICATE OF CONFERENCE

  I hereby certify that Plaintiff's counsel spoke with Defendant's counsel concerning the foregoing Motion.  Defendant's counsel indicated that they do not oppose portions of the relief requested herein; specifically, Defendant does not oppose Plaintiff deposing the Affiant from Defendant's Motion to Dismiss or a knowledgeable 30(b)(6) witness.  Plaintiff's Motion requests further relief, specifically other discovery mechanisms, more depositions, and a ruling that these discovery procedures not count against the limited number available to Plaintiff under the Federal Rules; Defendant's indicated that they would like to reserve the right to object and oppose that requested discovery.  As such, Plaintiff has filed this as an Opposed Motion, since all relief requested herein is not agreed to by Defendant.

_____
**ANTHONY K. BRUSTER**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record through the Court's electronic mail this 23rd day of June, 2006.

_____
**A**NTHONY **K. B**RUSTER