UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION § | | |
|     *PLAINTIFF* § | | |
| § | | |
| vs. § | Civil Action No. 2:06cv72 | |
| § | JURY TRIAL DEMANDED | |
| WELLS FARGO & COMPANY, et al. § | | |
|     *DEFENDANTS* § | | |

**PLAINTIFF DATATREASURY CORPORATION'S SURREPLY IN
RESPONSE TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS,
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT**

**I.     INTRODUCTION**

Comes now Plaintiff DataTreasury Corporation ("DataTreasury") and files its Surreply in Response to Defendants'[1] Reply in Support of Defendants' Motion to Dismiss or in the Alternative for More Definite Statement, and would respectfully show the Court:

**II.    DATATREASURY'S AMENDED COMPLAINT SATISFIES THE NOTICE PLEADING REQUIREMENT**

Despite the telling fact that MagTek found DataTreasury's complaint sufficient enough to file a responsive pleading Defendants continue in their quest to impose a heightened pleading burden on DataTreasury and avoid answering its Amended Complaint.

---

[1] Bank of America Corporation; Bank of America, N.A.; Bank of New York Co., Inc.; Bank of Tokyo-Mitsubishi UFJ, Ltd.; BB&T Corporation; Branch Banking and Trust Company; Citizens Financial Group, Inc.; Comerica Bank & Trust, N.A.; Comerica Incorporated; Cullen/Frost Bankers, Inc.; Deutsche Bank Trust Company Americas; First Data Corporation; LaSalle Bank Corporation; LaSalle Bank, N.A.; M&T Bank Corporation; M&T Bank; Remitco, LLC; TeleCheck Services, Inc.; The Bank of New York; The Frost National Bank; UBS Americas, Inc.; Union Bank of California, N.A.; Wachovia Bank, N.A.; Wachovia Corporation; Wells Fargo & Company; Wells Fargo Bank, N.A. Also, through this Surreply, DataTreasury responds to the various other Defendants' Replies in Support of the Motions to Dismiss and Motions for More Definite Statement filed by U.S. Bankcorp; U.S. Bank, National Association; National City Corporation; National City Bank; Zions Bancorporation; Zions First National Bank; SunTrust Banks, Inc.; SunTrust Bank; Bancorpsouth, Inc.; Bancorpsouth Bank; Compass Bancshares, Inc.; Compass Bank; First Horizon National Corporation; First Tennessee Bank, N.A.; HSBC North America Holdings, Inc.; HSBC Bank USA, N.A.; Harris Bancorp, Inc.; Harris N.A.; First Citizens Bancshares, Inc.; First Citizens Bank & Trust Company; KeyCorp; Keybank National Association; The PNC Financial Services Group, Inc.; PNC Bank, N.A.; Small Value Payments Company, LLC; The Clearing House Payments Co., LLC; and Electronic Data Systems Corp (all of the aforementioned entities are subsequently collectively referred to as "Defendants" unless noted otherwise).

Plaintiff DataTreasury Corporation's Surreply in Response to Defendants' Various Motions to Dismiss, or in the Alternative for More Definite Statement

Page 1 of 8

Dockets.Justia.com

### A.   *PHONOMETRICS* SETS THE STANDARD FOR NOTICE PLEADING IN PATENT INFRINGEMENT CASES

Defendants attempt to avoid the standard for notice pleading in a patent case established by the Federal Circuit in *Phonometrics v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790 (Fed. Cir. 2000). Defendants suggest that *Phonometrics* does not support DataTreasury's position that its Amended Complaint complies with the notice pleading requirements.[2] Defendants' interpretation is, at best, misleading. In the interests of clarity, Defendants' interpretation of *Phonometrics*[3] warrants a brief explanation of the procedural history in that case. Phonometrics had previously filed separate suits against other entities alleging infringement of its patent, and the Federal Circuit had previously construed the claims of that patent in two separate cases. *Phonometrics,* 203 F.3d at 792 (the two previous cases were referred to by the court as Phonometrics I and II). The district court stayed the proceedings in *Phonometrics* during the pendency of Phonometrics I and II. *Id.* Once the Federal Circuit issued its opinion in Phonometrics II, the district court dismissed Phonometric's claims against Hospitality Franchise Systems, Inc. ("Hospitality") under Federal Rule of Civil Procedure 12(b)(6), and required Phonometrics to include in its complaint against Hospitality express allegations of infringement relating to each claim element in accordance with the Federal Circuit's interpretation of those claim elements as expressed in Phonometrics I and II. *Id.*

---

[2] Defendants state "[*Phonometrics*] did not address the substance of the initial notice pleading, but instead reversed the trial court's requirement that the plaintiff tailor its amended complaint to conform to the court's interpretation of the meaning of the patent claims following a *Markman* hearing construing claims." See REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT, p. 3. Defendants' description of *Phonometrics* procedural history leads one to believe that the district court dismissed Phonometric's complaint well into the litigation after a *Markman* hearing in that same case. The district court dismissed Phonometric's complaint in light of claim construction hearings in two separate cases, not in light of a claim construction hearing in its case against Hospitality.

[3] DataTreasury relies on the opinion of the Federal Circuit in *Phonometrics, Inc. v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790 (Fed. Cir. 2000) which DataTreasury refers to in this Surreply simply as "*Phonometrics*." Phonometrics, Inc. had filed other lawsuits against other entities for infringement of the same patent at issue in *Phonometrics, Inc. v. Hospitality Franchise Sys. Inc.*

Contrary to Defendants' interpretation of *Phonometrics*, the Federal Circuit addressed the substance of the plaintiff's initial notice pleading in *Phonometrics* and found that the complaint complied with the notice pleading requirements.[4] The court recognized that Phonometric's complaint alleged ownership of the asserted patent, named the individual defendants, cited the patent that was infringed, described the means by which the defendants infringed, and pointed to the specific sections of the patent law that were invoked – just as DataTreasury has done in its Amended Complaint – and was therefore sufficient. *Phonometrics*, 203 F.3d at 794. It is disingenuous to suggest, as Defendants do, that *Phonometrics* does not set the standard for notice pleading for patent infringement.

### B.  DATATREASURY HAS ADEQUATELY DESCRIBED THE MEANS BY WHICH DEFENDANTS INFRINGE

DataTreasury's description of "products and services" adequately describes the means by which Defendants infringe DataTreasury's patents. *Phonometrics* has been used as the benchmark for establishing the standard for notice pleading in multiple patent infringement cases. *See, e.g. Jackson v. Ill. Bell Tel. Co.*, 2002 U.S. Dist. LEXIS 13186 (N.D. Ill. July 3, 2002); *One World Techs., Ltd. v. Robert Bosch Tool Corp.*, 2004 U.S. Dist. LEXIS 14035 (N.D. Ill. July 20, 2004). In both of these cases and also in *OKI Elec. Indus. Co., Ltd. v. LG Semicon Co., Ltd.*, 1998 U.S. Dist. LEXIS 22507 (N.D. Cal. Feb. 25, 1998), the courts held that the plaintiffs had adequately described the means by which the various defendants infringed the patents at issue in their use of allegations similar to those made by DataTreasury in its Amended Complaint. Defendants' attempts to distinguish the infringement allegations made in these cases are off the mark and misleading to this Court.

---

[4] In *Phonometrics*, the defendant had not even filed an answer before the court stayed the proceedings. *Phonometrics*, 203 F.3d at 794 (stating "Phonometrics complaint contains enough detail to allow the defendants to answer."). Therefore, the only pleading that the court could have considered was Phonometrics initial notice pleading.

Defendants first attempt to distinguish *OKI* where the court found that plaintiff's complaint exemplified the simplicity and brevity of statement that the Federal Rules of Civil Procedure contemplate. 1998 U.S. Dist. LEXIS 22507, at *10. Defendants rely on the fact that the plaintiff in *OKI* described the means of infringement as "using devices that embody the patented methods, including 4 megabit and higher density DRAMs." Notably, the court determined that plaintiff's allegation was sufficient even if plaintiff had not further clarified its allegations by using the phrase "including 4 megabit and higher density DRAMs." *See id.* (stating "[t]he phrase 'devices that embody the patented methods' from OKI's allegation is substantially similar to the phrase 'electric motors embodying the patented invention' found in Form 16 [of the Federal Rules of Civil Procedure]. The similarity between the two allegations makes it clear that OKI's FAC is sufficient under the Rules."). The allegations made by DataTreasury in its Amended Complaint are just as clear, and also exemplify the simplicity and brevity of statement that the Rules invision.

Defendants' attempt to distinguish *One World* also misses the mark. Defendants are correct in stating that the plaintiff in *One World* sued three defendants for patent infringement of one patent entitled "Ergonomic Miter Saw Handle." However, the court does not consider the title of the patent in determining that plaintiff adequately described the means by which the defendants infringed. All patents are required to have a title, and this information can be obtained by simply referring to the patent itself.[5] In its infringement allegations, the plaintiff in *One World* simply alleged:

---

[5] If Defendants assert they cannot answer DataTreasury's Amended Complaint because DataTreasury did not state the title of the patents at issue in its Amended Complaint, then Defendants' use of Rule 12(b)(6) or 12(e) is abusive and a waste of this Court's time and resources. Defendants have been provided with the patent numbers of the patents that DataTreasury alleges they have infringed, and Defendants can use that information to obtain the name of these patents by simply accessing the United States Patent and Trademark Office's website at www.uspto.gov. DataTreasury is simply required to put the Defendants on notice as to the claims against them, and

> Defendants have infringed and are now directly infringing, inducing infringement by others, and/or contributorily infringing one or more claims of the '976 patent within this District or elsewhere within the United States by making, using, selling, and/or offering to sell products falling within the scope of such claims, all without authority or license from Plaintiffs.

*One World*, 2004 U.S. Dist. LEXIS 14035, at *6-7. Instead of focusing on peripheral and irrelevant issues such as whether or not plaintiff stated the name of its patent in its complaint, the court focused on the actual language of the plaintiff's infringement allegations. The infringement allegation in *One World* is substantially similar (and almost identical except for the patent named) to the infringement allegations made by DataTreasury in the instant matter. The court in *One World* stated that this was an adequate allegation of infringement that properly put the defendant on notice of the claims against it and denied defendant's motion to dismiss under 12(b)(6).

In their final attempt to refute DataTreasury's position, Defendants attempt to distinguish the infringement allegations made in *Jackson* from those made by DataTreasury. Again, however, Defendants' "distinction" rings hollow. The court in *Jackson* clearly and unequivocally stated that "Jackson describes the means by which Defendants allegedly infringe by pleading that 'each of the defendants has infringed the patent in suit either directly or through acts of contributory infringement or inducement.'" *Jackson*, 2002 U.S. Dist. LEXIS 13186, at *8-9.

### III.   CONCLUSION

---

DataTreasury has done this by specifically naming the patents in suit. However, even though the title of the patents at issue in this matter can be readily obtained by Defendants, DataTreasury will provide Defendants with the title of the patents at issue in this matter: Patent No. 5,910,988 – Remote Image Capture with Centralized Processing and Storage; 6,032,137 – Remote Image Capture with Centralized Processing and Storage; 5,265,007 – Central Check Clearing System; 5,583,759 - Mechanism for Expediting the Deposit, Transport and Submission of Checks Into the Payment System; 5,717,868 – Electronic Payment Interchange Concentrator; and 5,930,778 - System for Expediting the Clearing of Financial Instruments and Coordinating the Same with Invoice Processing at the Point of Receipt.

DataTreasury's Amended Complaint provides the Defendants with fair notice of the claims against them, complies with the notice pleading requirements established by the Federal Circuit in *Phonometrics*, and complies with Form 16 of the Rules.  The sufficiency of DataTreasury's Amended Complaint is made even more apparent in light of the fact that MagTek, Inc. filed a responsive pleading thereto.  Furthermore, additional detail sought by Defendants is more appropriately obtained through formal discovery mechanisms.  For the reasons stated herein, and for those previously stated in its Response, DataTreasury respectfully asks that this Court deny Defendants' respective motions to dismiss and for more definite statement.

Respectfully submitted,

/s/  R. BENJAMIN KING

C.  CARY PATTERSON
State Bar No. 15587000
ANTHONY BRUSTER
State Bar No. 24036280
BRADY PADDOCK
State Bar No. 00791394
R. BENJAMIN KING
State Bar No.  24048592
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas  75503
Tel. (903)223-3999; Fax (903)223.8520

ROD A. COOPER
Texas Bar No. 90001628
**THE COOPER LAW FIRM**
545 E. John Carpenter Freeway, Ste .1460
Irving, Texas  75062
Tel. (972)831-1188; Fax (972)692-5445
rcooper@cooperiplaw.com

Case 2:06-cv-00072-DF-CMC   Document 220   Filed 06/26/2006   Page 6 of 8

Plaintiff DataTreasury Corporation's Surreply in Response to Defendants' Various Motions to Dismiss, or in the Alternative for More Definite Statement
Page 6 of 8

EDWARD L. HOHN
Texas Bar No. 09813240
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
Tel. (903)645-7333; Fax (903)645-4415
edhohn@nixlawfirm.com

JOE KENDALL
Texas Bar No. 11260700
KARL RUPP
Texas Bar No. 24035243
**PROVOST UMPHREY, L.L.P.**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Tel. (214)744-3000; Fax (214) 744-3015
jkendall@provosthumphrey.com

EDWARD CHIN
State Bar No. 50511688
**THE CHIN LAW FIRM**
11602 Island Breeze St.
Pearland, Texas 77584
(713) 436-0564; (866) 317-3953 (fax)
edchin@chinlawfirm.com

ERIC M. ALBRITTON
Texas Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Tel. (903)757-8449; Fax (903)758-7397
ema@emafirm.com

T. JOHNNY WARD JR.
Texas Bar No. 00794818
**THE LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231
Longview, Texas 75606
Tel. (903)757-6400; Fax (903) 757-2323
jw@jwfirm.com

*Counsel for Plaintiff DataTreasury Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 26th day of June, 2006.

/s/  R. B<span>ENJAMIN</span> K<span>ING</span>
Nix, Patterson & Roach LLP

Case 2:06-cv-00072-DF-CMC   Document 220   Filed 06/26/2006   Page 8 of 8

Plaintiff DataTreasury Corporation's Surreply in Response to Defendants' Various Motions to Dismiss, or in the Alternative for More Definite Statement
Page 8 of 8