IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 2:06cv72 |
| WELLS FARGO & COMPANY; *ET AL.* | § § § | |
| Defendants. | § | |

### REPLY TO PLAINTIFF'S RESPONSE TO HSBC NORTH AMERICA HOLDINGS INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(b) (2)

Defendant HSBC North America Holdings Inc. files this reply to Plaintiff's response to HSBC North America Holdings Inc.'s motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and would show as follows:

1. Plaintiff argues that it has established specific personal jurisdiction over HNAH.[1] However, Plaintiff has not met its burden because (1) Plaintiff has not nor can it show that HNAH has purposefully directed its activities in the forum state; (2) Plaintiff has not nor can it show its claims of infringement arise out of HNAH's activities; and (3) Plaintiff has not nor can it show that its assertion of personal jurisdiction over HNAH is "reasonable and fair." *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-1547 (Fed. Cir. 1995); *see also, Plaintiff's Response to HNAH's Motion to Dimiss, Exhibit 7, pg 9*. HSBC North

---

[1] Plaintiff does not assert general jurisdiction in this case, nor has Plaintiff presented allegations or facts to show that HNAH had contacts in Texas that are adequately continuous and systematic to support the exercise of general jurisdiction over HNAH.

America Holdings Inc. ("HNAH") directly controverted each of Plaintiff's factual allegations through the affidavit of Margo Hickman. Plaintiff has not nor can it rebut the evidence in Ms. Hickman's affidavit. Instead, Plaintiff responded with arguments and documents entirely irrelevant to an analysis of specific personal jurisdiction. In light of the uncontroverted evidence in Ms. Hickman's affidavit and the absence of any factual conflicts, this Court should dismiss this action against HNAH for lack of personal jurisdiction. *See Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 785-786 (5th Cir. 1990).

*Charitable Contributions do not invoke personal jurisdiction*

2.  Contrary to Plaintiff's assertions, charitable contributions made to a not-for-profit company do not constitute doing business in the forum state for purposes of personal jurisdiction. *See Steego v. Ravenal*, 830 F. Supp. 42, 51 (D.Mass. 1993) (a foundation's donation practices did not constitute "continuous and systematic" activity in that forum state sufficient to confer personal jurisdiction). Even in the most compelling of cases, charitable contributions have not been sufficient to confer personal jurisdiction. *See In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 812-814 (SDNY 2005) (holding that contributions made by alleged sponsors of terrorism did not confer personal jurisdiction).

*The mere presence of a subsidiary company doing business in Texas is insufficient to invoke personal jurisdiction*

3.  As long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other. *See*

2

*Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159-60 (5th Cir. 1983); *Colida v. LLG Electronics, Inc.* 77 Fed.Appx. 523, 526 (Fed. Cir. 2003).

### *"Source of Strength" Doctrine is Irrelevant to Personal Jurisdiction*

4. The "source of strength" doctrine is inapplicable to the issue of personal jurisdiction. Rather, it is a doctrine that provides, in part, that "a bank holding company shall serve as a source of financial and managerial strength to its subsidiary banks and shall not conduct its operations in an unsafe or unsound matter." 12 CFR §225.4 (a) (1) 1991. This doctrine has provided a means for federal bank regulators to order a holding company to inject capital into an ailing bank or, alternatively, to pierce the corporate veil between the bank and the holding company. *See Branch o/b/o Maine National Bank v. U.S.*, 69 F.3d 1571, 1581 (Fed. Cir. 1995). There is no authority that the "source of strength" doctrine is available to a private plaintiff as a means to demonstrate personal jurisdiction. Additionally, Plaintiff has not alleged nor can it allege that HSBC Bank USA is a "troubled" or "failing" bank. Thus, this doctrine has no relevance to any issue related to HNAH's motion to dismiss.

Based on the foregoing reasons, and its opening motion, HSBC North America Holdings Inc.'s respectfully requests that the Court dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Dated: June 30, 2006

Case 2:06-cv-00072-DF-CMC   Document 237   Filed 06/30/2006   Page 3 of 5

Respectfully submitted,

BOUDREAUX, LEONARD, HAMMOND & CURCIO, P.C.

By: /s/ Glen M. Boudreaux
Glen M. Boudreaux
State Bar No. 02696500
Lead Attorney for HSBC North America Holdings Inc.
Two Houston Center
909 Fannin, Suite 2350
Houston, Texas 77010
Telephone: (713) 757-0000
Telefax: (713) 757-0178
Gboudreaux@blhc-law.com

**Of Counsel**:
Boudreaux, Leonard, Hammond & Curcio, P.C.
Tim S. Leonard
State Bar No. 12211200
909 Fannin, Suite 2350
Houston, Texas 77010
Tel. (713) 757-0000
Fax (713) 757-0178
Email: tleonard@blhc-law.com

WilmerHale
Irah H. Donner
399 Park Avenue
New York, N.Y. 10022
Tel. (212) 230-8887
Fax (212) 230-8888
Email: Irah.donner@wilmerhale.com

| | |
|---|---|
| Locke Liddell & Sapp LLP | Law Offices of Richard Grainger |
| Roy W. Hardin | Richard Grainger |
| 2200 Ross Avenue, Suite 2200 | 118 West Houston Street |
| Dallas, Texas 75201-6776 | Tyler, Texas 75710 |
| Tel. (214) 740-8556 | Tel. (903) 595-3514 |
| Fax (214) 740-8800 | Fax (903) 595-5360 |
| Email: rhardin@lockeliddell.com | Email: graingerpc@aol.com |

## Certificate of Service

I certify that a copy of HSBC North America Holdings Inc.'s Reply to Plaintiff's Response to HSBC North America Holdings Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction was served on June 30, 2006, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Glen M. Boudreaux
Glen M. Boudreaux