# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION, | ) |
| Plaintiff, | ) Civil Action No. 2-06CV-72 |
| v. | ) |
| WELLS FARGO & COMPANY, et al., | ) |
| Defendants. | ) |

### DEFENDANT UNIONBANCAL CORPORATION'S OPPOSITION
### TO PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY

Defendant UnionBanCal Corporation ("UnionBanCal") is a bank holding company based in California. It has submitted sworn testimony that it does not engage in any business in Texas, nor does it have any other contacts with Texas that would support this Court's exercise of personal jurisdiction. Plaintiff has responded, not with facts or a counter-affidavit, but with out of context quotes form UnionBanCal's annual 10-K statement filed with the United States Securities & Exchange Commission, suggesting by innuendo that there are inconsistencies and issues of fact that require discovery for resolution. Nothing could be further from the truth. UnionBanCal's statements are all consistent and discovery to verify these facts is unnecessary. Plaintiff's Motion to Authorize Jurisdictional Discovery Against Defendant UnionBanCal ("Motion for Jurisdictional Discovery") should be dismissed.

## I.  INTRODUCTION

Plaintiff DataTreasury Corporation ("DataTreasury") filed this action for patent infringement naming numerous defendants, including UnionBanCal, a bank holding company,

and its operating subsidiary, Union Bank of California, N.A.  UnionBanCal is a California-based holding company that does not engage in any activity in Texas that would subject it to a proper exercise of general or specific personal jurisdiction by a Texas court.  After an attempt to get DataTreasury to agree to a voluntary dismissal, UnionBanCal filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) ("Motion to Dismiss") requesting dismissal of this case against it for lack of personal jurisdiction.  Their dismissal motion applies only to UnionBanCal.  Its operating subsidiary, Union Bank of California, N.A., does not challenge this Court's exercise of jurisdiction.

In opposition, DataTreasury filed a Response to Defendant UnionBanCal's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) ("Opposition") and filed the instant Motion for Jurisdictional Discovery concurrently therewith.  In its Opposition, DataTreasury urges this Court to deny UnionBanCal's Motion to Dismiss or, in the alternative, to grant its Motion for Jurisdictional Discovery based on alleged "inconsistencies" between the supporting affidavit and certain statements taken out of context from UnionBanCal's 10-K report filed with the U.S. Securities & Exchange Commission.  UnionBanCal has concurrently filed a Reply to DataTreasury's Opposition ("Reply") showing that there are no inconsistencies in UnionBanCal's statements and respectfully requests this Court to consider the arguments set forth therein when reviewing the instant Motion.  From the facts set forth below and in UnionBanCal's Reply it is clear that DataTreasury has had ample opportunity to gather support for an exercise of jurisdiction, but DataTreasury offers no affidavits or other factual evidence in support of its conclusory pleadings.  Because UnionBanCal has no contact with Texas, and those facts have been presented to the Court by uncontested affidavit, DataTreasury's Motion for Jurisdictional Discovery should be denied.

2

## II. ARGUMENT

From information already available to DataTreasury, including the sworn affidavit in support of UnionBanCal's Motion to Dismiss, and the Securities & Exchange Commission Form 10-K referenced by DataTreasury itself, there is no factual or legal basis for this Court's exercise of personal jurisdiction over UnionBanCal. Attempts to gather additional information will not change the simple fact that UnionBanCal does not have any contacts with Texas. Moreover, during a May 15, 2006, face to face meet and confer in Dallas, Texas between UnionBanCal's and DataTreasury's counsel, UnionBanCal offered to provide such support for its position on lack of personal jurisdiction as DataTreasury's counsel might reasonably request; but DataTreasury did not take advantage of this offer, choosing instead to bring this matter before the Court with a motion for sweeping jurisdictional discovery. Other conduct in this matter by DataTreasury's counsel, including the "courtesy" service on defendants of a set of 5,883 (Five Thousand Eight Hundred and Eighty-three) so-called Requests for Admission, leaves UnionBanCal with a legitimate concern that DataTreasury's proposal for unfettered jurisdictional discovery that will not count against their limits will not only be burdensome and oppressive, but simply an unnecessary and futile waste of time and money for all concerned. The facts are uncontested; however, if this Court should decide to grant DataTreasury's Motion for Jurisdictional Discovery, UnionBanCal respectfully requests that the Court strictly limit the scope and methods of such discovery and count it against DataTreasury's discovery limits in this case.

### A. UnionBanCal's Lack Of Contacts With Texas Has Been Established by Sworn Affidavit and is Confirmed by Other Readily Available Information

"It is not error to deny discovery when there is no issue of material fact," *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) (affirming trial court's denial of a plaintiff's request

to conduct jurisdictional discovery prior to dismissal of plaintiff's complaint for lack of personal jurisdiction). In this case there is no issue of material fact. DataTreasury's purported need for further discovery related to jurisdiction belies the abundance of readily available information that clearly shows UnionBanCal's lack of contacts with Texas. In its Opposition, DataTreasury repeatedly cites the UnionBanCal Annual Report, ("Form 10-K") (Mar. 1, 2006), which is one example of a reliable and sufficient source of information from which DataTreasury can determine that UnionBanCal does not engage in any activities in Texas. UnionBanCal's Motion to Dismiss and Reply likewise provide information under oath that is entirely consistent with the Form 10-K, indicating the passive nature of UnionBanCal's California-based business. Specifically, in a sworn affidavit filed with the Motion to Dismiss, David A. Anderson explains that UnionBanCal exists to hold equity securities in its banking subsidiaries and is not involved in the routine management of those subsidiaries. On the basis of this information alone, the lack of contacts with Texas supporting this Court's exercise of personal jurisdiction is apparent and further investigation will yield only cumulative information consistent with the facts already available to DataTreasury.

**B.     UnionBanCal Already Offered To Provide Information To Quiet Any DataTreasury Doubts**

UnionBanCal has already offered to provide DataTreasury with informal discovery demonstrating lack of contacts with Texas and the absence of personal jurisdiction. The parties' counsel met face-to-face in Dallas on May 15, 2006, and UnionBanCal's counsel, Raymond L. Sweigart, explained to DataTreasury's counsel, Edward Hohn and Rod Cooper, that there was no basis for a Texas court's exercise of personal jurisdiction. Mr. Sweigart further offered to provide support for this position if DataTreasury requested it, and further agreed that any voluntary dismissal of the claims against UnionBanCal could be without prejudice. *See* Sweigart

4

Affidavit (filed concurrently herewith). These communications were confirmed by letter. Letter from Raymond L. Sweigart to Rod Cooper (May 16, 2006) (attached as Exhibit A to the Sweigart Affidavit). Nevertheless, DataTreasury declined to voluntarily dismiss its complaint against UnionBanCal and never requested any further information. In fact, a May 23, 2006 letter from DataTreasury's counsel to Raymond L. Sweigart declining to voluntarily dismiss UnionBanCal (attached as Exhibit B to the Sweigart Affidavit) was the last time DataTreasury mentioned the jurisdiction issue until it notified local counsel for DataTreasury that it would be filing a Motion for Jurisdictional Discovery on the following day. DataTreasury should not now be allowed to invoke the power of the Court on a contentious basis to obtain information to which UnionBanCal earlier volunteered access.

> C.   **In The Alternative, The Scope Of Discovery Should Be Limited**

If, despite the information already available and the lack of any colorable claim to jurisdiction in this action, this Court decides to grant the instant Motion for Jurisdictional Discovery, UnionBanCal respectfully requests that the Court limit the scope of discoverable information. The five broad categories of inquiries, plus "[o]ther discovery," requested by DataTreasury (Mot. Jurisdictional Discovery ¶ 4) exceed the bounds of evidence necessary to resolve a jurisdiction inquiry.[1] As a reasonable alternative, UnionBanCal respectfully suggests that this Court limit the scope of discovery to document production directly related to UnionBanCal's lack of operational banking activities and lack of contacts with Texas, and a

---

[1] There are no meaningful limits to the scope of the requests for discovery in DataTreasury's Motion. It requests depositions of an unlimited number of people ("persons with the most knowledge of various sworn statements made . . . by UnionBanCal executives in their most recent 10-K" (Mot. Jurisdictional Discovery ¶ 4)), and specifically requests depositions of at least eight (8) individuals ("the dual position executives" (*id.*)), which include top executives, the Chairman, President/CEO, and Vice Chairman/COO, among others. DataTreasury should not be permitted to take such an excessive number of depositions in violation of the Federal Rules of Civil Procedure by characterizing them as jurisdictional discovery; rather every deposition should count against the total it is permitted to take.

5

single deposition in California of UnionBanCal's affiant, David A. Anderson. That discovery should more than suffice to provide any information related to a Texas court's exercise of personal jurisdiction over UnionBanCal; any additional discovery would be both superfluous as well as burdensome and oppressive. Furthermore, this deposition should not be in addition to the ten (or such other number established in the Case Management Order) depositions to which DataTreasury will otherwise be limited, but rather should count as one of the ten. These limits would be crucial to ensure that DataTreasury does not use this jurisdictional discovery as an underhanded means to conduct additional discovery related to other issues, and also to encourage the parties to focus discovery on the substantive issues before this Court.

### III.   CONCLUSION

For these reasons and the reasons set forth in UnionBanCal's Motion to Dismiss and Reply, this Court should deny Plaintiff's Motion for Jurisdictional Discovery.

Respectfully submitted,

June 30, 2006

*/s/ Jennifer Parker Ainsworth*_____
Jennifer Parker Ainsworth
Texas Bar No. 00784720
WILSON, SHEEHY, KNOWLES, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323
Suite 400
Tyler, Texas 75701
T: (903) 509-5000
F: (903) 509-5092
jainsworth@wilsonlawfirm.com

700485111v4

>Richard Hogan
>Texas Bar No. 09802010
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>2 Houston Center
>909 Fannin Street 22nd Floor
>Houston TX 77010
>T: (713) 425-7327
>F: (713) 425-7373
>richard.hogan@pillsburylaw.com
>
>
>Raymond L. Sweigart (pro hac vice submitted)
>Scott J. Pivnick (pro hac vice submitted)
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>1650 Tysons Blvd.
>McLean, VA 22102-4859
>T: (703) 770-7900
>F: (703) 905-2500
>raymond.sweigart@pillsburylaw.com
>scott.pivnick@pillsburylaw.com
>
>*Attorneys for Defendant,*
>*UnionBanCal Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 30, 2006. Any other counsel of record will be served by facsimile transmission and first class mail.

>*/s/ Jennifer Parker Ainsworth*
>Jennifer Parker Ainsworth