UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO & COMPANY et. al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2-06CV-72 |

**AFFIDAVIT OF RAYMOND L. SWEIGART IN SUPPORT OF
DEFENDANT UNIONBANCAL CORPORATION'S OPPOSITION TO
PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY**

BEFORE ME, the undersigned authority on this day personally appeared Raymond L. Sweigart, who, being duly sworn upon oath deposed and stated:

1.  My name is Raymond L. Sweigart. I am an attorney licensed to practice before the courts of Virginia, the District of Columbia, New York, Ohio, and Connecticut, and admitted pro hac vice to appear before this Court in the above captioned matter. I am a Partner in the law firm of Pillsbury Winthrop Shaw Pittman LLP, attorneys of record for Defendant UnionBanCal Corporation ("UnionBanCal"). I am one of the attorneys responsible for the handling of this matter. As such, I have personal knowledge of the facts stated herein and they are all true and correct.

2.  In addition to representing UnionBanCal, a bank holding company, I also represent one of its operating subsidiaries, Union Bank of California, N.A., which is also named as a defendant in this action.

3. I met face-to-face with counsel for Plaintiff DataTreasury Corporation ("DataTreasury"), Edward Hohn and Rod Cooper, in Dallas, Texas on May 15, 2006, to attempt to reach an agreement on some of the issues disputed by the parties.

4. At the May 15, 2006, meeting, I explained to counsel for DataTreasury that UnionBanCal was merely a passive bank holding company, that it did not conduct any banking operations itself or have any contacts with Texas, and there was no basis for a Texas court's exercise of personal jurisdiction over UnionBanCal. I also reassured counsel for DataTreasury that the operating subsidiary, Union Bank of California, N.A., which they had also named as a defendant, would not challenge jurisdiction.

5. I requested counsel for DataTreasury to voluntarily dismiss the complaint against UnionBanCal because of the absence of personal jurisdiction. Furthermore, I informally offered to provide DataTreasury with evidence of UnionBanCal's lack of contacts with Texas if they so desired.

6. DataTreasury's counsel said they would consider the request for dismissal and they also asked whether we would agree to any dismissal as without prejudice in case circumstances and activities might change in the future. I told them that we would agree that any voluntary dismissal could be without prejudice.

7. On my return to my office the next day, I memorialized our request for a voluntary jurisdictional dismissal in a letter addressed to Rod Cooper and dated May 16, 2006. A copy of that letter is attached hereto as Exhibit A.

8. Counsel for DataTreasury never requested the evidence that I offered at the May 15, 2006, meeting or asked for any further clarification of our position.

9. In a letter to me, dated May 23, 2006, from Anthony Bruster, another attorney for DataTreasury, Mr. Bruster declined to voluntarily dismiss UnionBanCal. A copy of that letter is attached hereto as Exhibit B. Nowhere in that letter does Mr. Bruster request further documentation or support for our position that UnionBanCal is not subject to personal jurisdiction in Texas or indicate why they would not agree to voluntary dismissal.

10. On June 1, 2006, we filed a motion to dismiss UnionBanCal from this litigation pursuant to Federal Rule of Civil Procedure 12(b)(2) based on lack of personal jurisdiction. The motion was supported by a sworn affidavit of facts executed by an officer of UnionBanCal.

11. Subsequently, on June 13, 2006, at the request of DataTreasury's counsel, we agreed to a one week extension for their responsive papers.

12. On June 22, 2006, Ben King, yet another attorney for DataTreasury contacted UnionBanCal's local counsel, Jennifer Ainsworth, advising that they would be filing a Motion to Authorize Jurisdictional Discovery the following day to which he assumed we would object. Ms. Ainsworth again asked whether there was some particular information or documentation we could provide as previously offered. Mr. King assured that he would pass this message along.

13. DataTreasury nevertheless filed its contested Motion to Authorize Jurisdictional Discovery on June 23, 2006, without further communications with any of UnionBanCal's counsel.

FURTHER, AFFIANT SAYETH NOT.

_____
Raymond L. Sweigart

COMMONWEALTH OF VIRGINIA          :

COUNTY FAIRFAX                    :


Sworn to, subscribed and acknowledged before me on the 30th day of

June, 2006 by Raymond L. Sweigart.

                                 _____ L.S.
                                 Notary Public in and for the
                                 Commonwealth of Virginia

*My commission expires 2/28/2007*

# Exhibit A



**Pillsbury
Winthrop
Shaw
Pittman** LLP

1650 Tysons Boulevard  
McLean, VA 22102-4859

Tel 703.770.7900  
Fax 703.770.7901  
www.pillsburylaw.com

May 16, 2006

Raymond L. Sweigart  
Phone: 703.770.7795  
raymond.sweigart@pillsburylaw.com

VIA E-MAIL & FIRST CLASS MAIL

Rod Cooper  
THE COOPER LAW FIRM  
545 E. John Carpenter Fwy.  
Suite 1460  
Irving, TX 75062

Re: *DataTreasury Corporation v. Wells Fargo & Co., et al.*  
Civil Action No. 2:06cv72

Dear Rod:

Following up on our meeting yesterday, I write to formally request that DataTreasury Corporation dismiss Unionbancal Corporation ("Unionbancal") from the above-captioned suit. As we discussed yesterday, Unionbancal is simply a holding company that owns operating companies and conducts no business in Texas. As such, Unionbancal is not subject to personal jurisdiction in Texas. Rather, Union Bank of California N.A. is the operating bank and the firm will represent the operating bank in this suit. Accordingly, we formally request that you dismiss Unionbancal from the case to avoid formal motions practice related to this issue.

Given our June 1 pleading date, please let me know no later than May 24, 2006 if DataTreasury Corp. will agree to voluntarily dismiss Unionbancal. If we do not hear from you by then, we will proceed to file a formal motion to dismiss with the Court.

Best regards,

PILLSBURY WINTHROP SHAW PITTMAN LLP

Raymond L. Sweigart

500085804v1

# Exhibit B



**Anthony K. Bruster**
*Licensed in Arkansas, Louisiana,
New Mexico & Texas*

May 23, 2006

**SENT VIA ELECTRONIC MAIL
& REGULAR MAIL**

Mr. Raymond L. Sweigart
PILLSBURY WINTHROP SHAW PITTMAN, LLP
1650 Tysons Boulevard
McLean, VA 22102-4859

    Re:    DataTreasury vs. Wells Fargo & Co., et al
            USDC, Eastern District of Texas, Civil Action No. 2-06CV-72

Dear Ray:

    We are in receipt of your correspondence dated May 16, 2006, formally requesting that DataTreasury dismiss Bank of New York Company, Inc. and Unionbancal Corporation from Cause No. 2:06-CV-72, the recently-filed patent infringement action in Marshall. We are looking into the issues you raise, and while we cannot agree to your proposed relief at this time, we are studying the issue and will discuss proposals with you shortly.

    I look forward to talking with you soon and working with you throughout this litigation.

                                      Very truly yours,

                                      Anthony Bruster

:kg

**NIX, PATTERSON & ROACH, LLP**

Re: *DataTreasury vs. Wells Fargo, et al*
May 23, 2006
Page 2


cc:    Mr. Ed Hohn
       Mr. Rod Cooper
       Mr. Neil Smith
       Mr. Brady Paddock
       Mr. Ben King
       Ms. Moni King
       Ms. Lori Remmel
       Mr. Eric Albritton
       Mr. John Ward