IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **DATATREASURY CORPORATION** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| v. | § | CIVIL ACTION No. 2:06CV72 |
| | § | |
| **WELLS FARGO & COMPANY, ET AL.,** | § | |
| **DEFENDANTS** | § | |

## REPLY IN SUPPORT OF MOTION FOR CONSOLIDATION

DataTreasury Corporation ("DataTreasury"), Plaintiff in the above-entitled and numbered civil action, files this reply in support of its Motion for Consolidation ("Motion"). DataTreasury's Motion should be granted. There are common issues of fact and law between this action and the '988 actions, and consolidation will not prejudice any defendant. Consolidating the '988 actions with this action will not add any additional patents to this action and will only add two defendants—Citigroup, Inc. and Citibank, N.A., which infringe the patents-in-suit, in part, as a result of their involvement with SVPCo (a defendant in this action by virtue of *its* motion to consolidate).

## ANALYSIS

In Defendants' Response to Plaintiff's Motion for Consolidation [Docket No. 199] ("Response"),[1] the Defendants argue that consolidation is inappropriate because (1) individual (as opposed to common) issues predominate, and (2) consolidation allegedly

---

[1] This response was filed on behalf of most of the defendants in this action. Several defendants filed separate responses. *See, e.g.,* Docket No. 200-07. Each of these responses is addressed in this consolidated Reply.

1

will cause delay, hurt efficiency, and may prejudice the Defendants.[2] Response at 5-8. These arguments, however, cannot pass scrutiny.

The Defendants argue that the admittedly common issues of patent invalidity are overwhelmed by the "individual issues of patent infringement." Response at 5. Furthermore, Defendants argue that the Motion should be denied because the "products and services," which infringe the Ballard Patents, are different than those which infringe the Randle Patents.[3] *See* Response at 6.

Defendants' unequivocal admission that there are common question of fact and law relating to the defense of patent invalidity supports consolidation without any further analysis. *See* Wright & Miller, Federal Practice and Procedure: Civil 2d § 2384 (noting that the critical consideration in determining if consolidation is appropriate is whether there is <u>at least one</u> common question and that consolidation is not barred simply because there are some questions which are not common). In addition to the admittedly common questions surrounding alleged invalidity, the issues of infringement in the '988 actions[4] substantially overlap with the issues of infringement in this action, and, therefore, support consolidation. For example, the Response completely ignores the fact that the analysis as to whether the Wells Fargo and Bank of America entities infringe the Ballard Patents (which are the subject of the '988 actions sought to be consolidated with this action)

---

[2] Since the Motion was filed, City National Bank and City National Corporation filed a motion to consolidate the *City National* action with this case. City National argued that consolidation is appropriate because there are closely related questions of law and fact between the *City National* action and this action. This Court granted City National's motion to consolidate on June 21, 2006. City National then joined the Response, arguing that the other '988 actions should not be consolidated with this action. It did not, however, explain why it was appropriate to consolidate the *City National* action with this case but not the other '988 actions.

[3] The Response refers to the patents labeled the "Randle Patents" in the Motion as the "Huntington Bank Patents." Response at 4.

[4] The Response refers to the civil actions labeled the "'988 actions" in the Motion as the "Ballard Patent Cases." Response at 3.

necessarily overlaps in part with the analysis as to whether Viewpointe and SVPCo/The Clearing House, both defendants in this action,[5] infringe the Ballard Patents.[6]  *See, e.g.,* Motion at 6.  Similarly, the infringement analysis related to the Citigroup defendants overlaps with the analysis concerning SVPCo because Citibank is an owner of SVPCo.  *See, e.g.,* www.theclearinghouse.org/about/000211f.php.

The Defendants' related argument against consolidation—that the Ballard Patents and Randle Patents are not related—also fails.  Response at 6.  Both the Ballard Patents and Randle Patents asserted involve payment processing of checks performed by and/or for each of the banks against which these patents are asserted.  As such, discovery into the defendants' products and services will have relevant to infringement of both the Ballard Patents and Randle Patents.

The alleged lack of relatedness is also beside the point.  *See* Response at 6.  Both groups of patents are asserted in this action presently, and, thus, will be at issue irrespective of the decision on the pending Motion.[7]  In fact, many of the defendants in this action, *e.g.,* Bank of New York, M&T Bank, LaSalle Bank, U.S. Bancorp, UnionBancal and First Citizens, are charged with infringing the Ballard Patents and one or more of the Randle Patents.

---

[5] Viewpointe and SVPCo filed motions to consolidate the actions accusing them of infringement with this action.

[6] The Response argues that *SmithKelin Beecham* is distinguishable because "each defendant was accused of infringing plaintiffs' patents in exactly the same way."  Response at 6.  This distinction rings hollow, however, because in this case, for instance, Wells Fargo and Bank of America infringe the Ballard Patents, in part, because of their participation with SVPCo and Viewpointe.

[7] The defendants have not asserted that the Ballard Patents have been improperly joined in this action with the Randle Patents.

The Response alleges that consolidation will delay disposition of the '988 cases. With the exception of the *Magtek* action,[8] the '988 actions are not significantly advanced. Despite the length of time the '988 actions have been on file, no significant discovery has taken place and there has not been a *Markman* hearing.[9] For instance, none of the parties, or the inventor, have been deposed. Moreover, there have been no third-party depositions taken. Similarly, no *Markman* briefs have been submitted.

Discovery in this action will begin shortly, thereby advancing this case to a similar state as the '988 actions.[10] The fact that none of the defendants, except Magtek, have answered to date does not change the fact that as soon as there is a Rule 26(f) conference discovery will begin. *See* Local Rule CV-26(a) (stating that absent a court order to the contrary, a party is not excused from responding to discovery because there is a pending motion to dismiss). As such, it is unlikely there would be any meaningful delay. Nevertheless, the possibility of a short delay is not dispositive in any event.

Consolidation will inevitably lead to increased efficiencies, including fully coordinated discovery, simplified *Markman* briefing and hearing, and a more manageable motion practice. The Response attempts to minimize these efficiencies by arguing that consolidation is not necessary to ensure coordinated discovery and motion practice.[11] *See* Response at 8. Despite the Defendants' assurances that they do not intend to engage

---

[8] Magtek filed a response to the motion for consolidation filed in the *Magtek* action, Civil Action No. 2:03-cv-459 [Docket No. 66]. It did not file a response to the Motion filed in this action. The merits of Magtek's position are addressed in the Reply filed to its response in the *Magtek* action. Even if the Court concludes that the *Magtek* action should not be consolidated with this action, it does not follow that the other '988 actions should not be consolidated.

[9] It is irrelevant that the defendants in the '988 actions have already reviewed documents which have been produced. *See* Response at 8. The work product associated with such review will not be lost as a result of the consolidation of the '988 actions with this action.

[10] The defendants filed their responsive pleadings in accordance with Fed. R. Civ. P. 12 on June 1, 2006. As such, a scheduling conference likely will be held by August 1, 2006. *See* Local Rule CV-16(a).

[11] If this is the case, then it is unclear why the Defendants oppose consolidation.

4

in "uncoordinated, oppressive, and . . . harassing discovery and motion practice",[12] Response at 8, consolidation at the outset of this litigation is appropriate because it will avoid the need to deal with coordination on an *ad hoc* basis and the inherent problems associated with such an approach.

Lastly, the Defendants argue that consolidation is inappropriate because it will unduly complicate the *Markman* process.[13] This argument, however, completely ignores that fact that (1) all of the Ballard Patents and Randle Patents are already at issue in this action (and, therefore, will be subject to construction in this action), (2) all of the defendants in the '988 actions sought to be consolidated with this action (except those in the *Citigroup* action) are already defendants in this action,[14] and (3) the defendants in the '988 actions are only accused of infringing the Ballard patents in those actions. As such, consolidation will not add any new defendant (except those in the *Citigroup* action) or any new patent. Moreover, the products and services of the defendants in the '988 actions do not significantly differ from the products and services of the defendants in this action accused of infringing the Ballard patents, and, therefore, the *Markman* hearing will not be broadened by consolidation.

## **CONCLUSION**

---

[12] DataTreasury has not accused the Defendants of a plan to engage in dilatory tactics. Instead, DataTreasury merely recognizes the difficulties associated with coordinating among various (non-consolidated) lawsuits.

[13] The Defendants' real argument is that a single *Markman* hearing in this case—irrespective of consolidation of the '988 actions into it—will be flawed because of the breath of products accused. *See* Response at 8-9. DataTreasury completely disagrees with this proposition.

[14] In the Motion, DataTreasury mistakenly asserted that the Citigroup defendants were already parties to this action. *See* Motion at 2 (stating "each defendant (except for the two defendants in the *city National* action) in the '988 actions are defendants in the '007 action"). This mistake, however, does not affect the propriety of consolidating. There is significant overlap between the questions of law and fact in the *Citigroup* action and this case. In additional to the admitted commonality of the validity questions, infringement questions are common as well as a result of Citibank's involvement with SVPCo. *See, supra.*

DataTreasury respectfully submits that this Court should consolidate this action with the '988 actions because they involve common questions of law and fact, and doing so will not prejudice any party. DataTreasury prays that its Motion to Consolidate be granted, and for any further relief to which it may be entitled.

        Respectfully submitted,

        /s/ Edward L. Hohn_____
        EDWARD L. HOHN
        Texas Bar No. 09813240
        edhohn@nixlawfirm.com
        D. NEIL SMITH
        Texas Bar No. 00797450
        dnsmith@nixlawfirm.com
        **NIX, PATTERSON & ROACH, LLP**
        205 Linda Drive
        Daingerfield, Texas 75638
        Telephone:  903.645.7333
        Facsimile:   903.645.4415

        C. CARY PATTERSON
        Texas Bar No. 15587000
        ANTHONY K. BRUSTER
        Texas Bar No. 24036280
        akbruster@nixlawfirm.com
        BRADY PADDOCK
        Texas Bar No. 00791394
        bpaddock@nixlawfirm.com
        R. BENJAMIN KING
        Texas Bar No. 24048592
        benking@nixlawfirm.com
        **NIX, PATTERSON & ROACH, LLP**
        2900 St. Michael Drive, Suite 500
        Texarkana, Texas 75503
        Telephone: 903.223.3999
        Facsimile:  903.223.8520

JOE KENDALL
Texas Bar No. 11260700
jkendall@provostumphrey.com
KARL RUPP
Texas Bar No. 24035243
krupp@provostumphrey.com
**PROVOST UMPHREY, LLP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: 214.774.3000
Facsimile:   214.744.3015

ROD COOPER
Texas Bar No. 90001628
rcooper@cooperiplaw.com
**THE COOPER LAW FIRM**
545 E. John Carpenter Fwy., Suite 1460
Irving, Texas 75062
Telephone:  972.831.1188
Facsimile:   972.692.5445

ERIC M. ALBRITTON
Texas Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P. O. Box 2649
Longview, Texas 75606
Telephone: 903.757.8449
Facsimile:   903.758.7397

T. JOHN WARD, JR.
Texas Bar No. 00794818
jw@jwfirm.com
**LAW OFFICES OF T. JOHN WARD, JR. PC**
P. O. Box 1231
Longview, Texas 75606
Telephone: 903.757.6400
Facsimile:   903.757-2323

**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 3rd day of July, 2006.

      /s/ Edward L. Hohn_____
      Edward L Hohn