UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2:06-CV-72-DF |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| WELLS FARGO & COMPANY, et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT FIRST CITIZENS BANCSHARES, INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, OR IN THE ALTERNATIVE, FOR FAILURE
TO STATE A CLAIM OR FOR A MORE DEFINITE STATEMENT**

In its complaint, DataTreasury sued two First Citizens entities, First-Citizens Bank & Trust Company ("First-Citizens Bank"), an operating bank, and its parent holding company, First Citizens BancShares, Inc. ("First Citizens BancShares"). First-Citizens Bank has not challenged this Court's jurisdiction. The bank's holding company, First Citizens BancShares has, and this is its reply brief in support of its Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, for Failure to State a Claim or for a More Definite Statement. If the Court grants the holding company's motion, then First-Citizens Bank, the operating bank, will remain a defendant in this case.

The Court should grant First Citizens BancShares's motion. In response to the motion, DataTreasury misrepresents numerous facts and adopts several unsupported legal theories. But the truth is undeniable: First Citizens BancShares is a non-resident holding company that conducts no business and sells no services or products in Texas. Accordingly, all of the claims against First Citizens BancShares must be dismissed for lack of personal jurisdiction.

1

In support of the alternative relief sought, dismissal for failure to state a claim or for a more definite statement, and in the interest of brevity, First Citizens BancShares relies on and incorporates herein by reference the arguments presented in the Reply in Support of Defendants' Motion to Dismiss or in the Alternative for More Definite Statement, filed on June 21, 2006 (Docket No. 186), by the codefendants listed below.[1] The balance of this reply discusses First Citizens BancShares's entitlement to dismissal for lack of personal jurisdiction.

## DATATREASURY'S CLAIMS AGAINST FIRST CITIZENS BANCSHARES MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

### I. First Citizens BancShares Does Not Have Minimum Contacts with Texas.

DataTreasury contends that this Court has specific personal jurisdiction over First Citizens BancShares.[2] This contention, however, is based on numerous misrepresentations of facts and several unsupported legal theories. Moreover, DataTreasury's contention fails for lack of competent proof. Since First Citizens BancShares has challenged DataTreasury's allegations of jurisdictional fact, DataTreasury must come forward with competent proof supporting jurisdiction:

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.

---

[1] The Reply in Support of Defendants' Motion to Dismiss or in the Alternative for More Definite Statement, filed on June 21, 2006 (Docket No. 186), was filed by the following codefendants: Bank of America Corporation; Bank of America, N.A.; Bank of New York Co., Inc.; Bank of Tokyo-Mitsubishi UFJ, Ltd.; BB&T Corporation; Branch Banking and Trust Company; Citizens Financial Group, Inc.; Comerica Bank & Trust, N.A.; Comerica Incorporated; Cullen/Frost Bankers, Inc.; Deutsche Bank Trust Company Americas; First Data Corporation; LaSalle Bank Corporation; LaSalle Bank, N.A; M&T Bank Corporation.; M&T Bank; Remitco, LLC; TeleCheck Services, Inc.; The Bank of New York; The Frost National Bank; UBS Americas, Inc.; Union Bank of California, N.A.; Wachovia Bank, N.A.; Wachovia Corporation; Wells Fargo & Company; and Wells Fargo Bank, N.A.

[2] By omission, DataTreasury concedes that this Court lacks general jurisdiction over First Citizens BancShares.

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). In the absence of such competent proof, dismissal is required. *See id.*

  **A. BancShares Has Negated All Grounds Upon Which DataTreasury Has Based Jurisdiction.**

DataTreasury argues that First Citizens BancShares has "not carried its burden of negating all grounds upon which Plaintiff has asserted jurisdiction is appropriate in this District." *Response* at 4. In particular, DataTreasury points to language in its complaint that alleges that First Citizens BancShares is engaging in "infringing activities with relation to the products and services of Small Value Payments Co., LLC and The Clearing House Payments Company, LLC. These Defendants operate a nationwide check image archive and exchange service that operates in or through this District." *Complaint* at 18. DataTreasury characterizes the declaration filed with First Citizens BancShares's motion to dismiss as "devoid of discussion about [First Citizens BancShares's] relationship with SVPCo/The Clearing House." *Response* at 4.

What DataTreasury fails to tell the Court, however, is that the declaration filed with First Citizens BancShares's motion to dismiss broadly negates use of *any products or services* provided by *any person, company, or entity* related to operation of *any check image archive or exchange service* in or through Texas or elsewhere. The declaration filed with the motion to dismiss states that "First Citizens BancShares, Inc. has not and does not, on behalf of itself, its subsidiaries, or any other persons or entities, offer for sale, sell, advertise or provide any document, receipt, or check imaging or processing services to any customers in the state of Texas or elsewhere." Motion to Dismiss at Exhibit A, ¶ 3. This necessarily includes both Small Value Payments Co., LLC ("SVPCo") and The Clearing House Payments Company, LLC ("CHPCo"). Not only does the declaration negate DataTreasury's allegations of infringing activities with relation to the products and services of SVPCo and CHPCo, however, the

3

declaration negates any possible allegation of infringing activities in Texas with relation to the check imaging or processing products and services of any third party. In short, First Citizens BancShares does not use any third party's check imaging or processing products or services. It is simply a holding company that holds stock in a number of companies. As such, this Court must dismiss for lack of personal jurisdiction. *See 3D Sys., Inc. v. Aarotech Labs., Inc.,* 160 F.3d 1373, 1380 (Fed. Cir. 1998) (noting that the jurisdictional inquiry ends in a case where the defendant directs no allegedly infringing activity toward the forum jurisdiction).

Nevertheless, to resolve DataTreasury's doubt, and to satisfy DataTreasury's ironic newfound desire for specificity in pleadings and motions, First Citizens BancShares directs the Court to the Supplemental Declaration of John Gray, attached as Exhibit A. As this supplemental declaration makes even more clear, First Citizens BancShares has never engaged in any activities with respect to the products and services of SVPCo or CHPCo. Supplemental Declaration of John Gray at ¶ 2, attached as Exhibit A. Furthermore, this supplemental declaration makes crystal clear that First Citizens BancShares has never authorized, participated in, or facilitated transactions through any check image archive or exchange service operated by SVPCo or CHPCo. *Id.* at ¶ 3. First Citizens BancShares does not own or operate any check image exchange program, nor has it ever entered into any contract with SVPCo or CHPCo related to any check image archive exchange service or anything else. *Id.* at ¶ 4 and 5. Again, in the absence of any allegedly infringing contacts, dismissal for lack of personal jurisdiction is required. *See 3D Systems*, 160 F.3d at 1380.

### B. DataTreasury Has Not Offered Competent Proof Supporting Assertion of Jurisdiction Over First Citizens BancShares.

DataTreasury's claims against First Citizens BancShares must be dismissed because DataTreasury has failed to offer competent proof supporting its jurisdictional allegations. As

4

discussed above, since First Citizens BancShares has challenged DataTreasury's allegations of jurisdictional fact, DataTreasury must come forward with competent proof supporting jurisdiction. *McNutt*, 298 U.S. at 189. In the absence of such competent proof, dismissal is required. *See id.*

### 1. DataTreasury Has Not Offered Any Proof Whatsoever to Support Its Contentions Regarding SVPCo and CHPCo.

DataTreasury offers absolutely no proof to support its contentions regarding alleged relationships between First Citizens BancShares, SVPCo, and CHPCo. Without citation to anything, DataTreasury vaguely alleges that First Citizens BancShares "operates in conjunction with" SVPCo and CHPCo; has a "business relationship" with SVPCo and CHPCo; and has "engaged in transactions" with SVPCo and CHPCo. *See Response* at 3-4 and 6-7. In the absence of any proof supporting these allegations, however, the Court has no choice but to dismiss DataTreasury's claims against First Citizens BancShares. *See McNutt*, 298 U.S. at 189.

The reason DataTreasury has failed to offer any proof to support its vague allegations is simple: The allegations are false. As discussed, First Citizens BancShares does not engage in any activities with respect to the products and services of SVPCo or CHPCo, nor does First Citizens BancShares authorize, participate in, or facilitate transactions through any check image archive or exchange service operated by SVPCo or CHPCo. Supplemental Declaration of John Gray at ¶¶ 2 and 3, attached as Exhibit A. And as discussed below, *whether or not one of First Citizens BancShares's subsidiaries has used SVPCo is simply irrelevant to a jurisdictional analysis of First Citizens BancShares itself.* In short, facts relating to First Citizens BancShares's subsidiaries cannot alone establish personal jurisdiction over First Citizens BancShares itself. *See Phonometrics, Inc., v. Northern Telecom Inc.*, 133 F.3d 1459, 1463, 1468 (Fed. Cir. 1998).

5

> **2. DataTreasury's Exhibits Merely Confirm that First Citizens BancShares is a Holding Company Independent of Its Subsidiaries.**

DataTreasury maintains that two exhibits attached to its response show that First Citizens BancShares is subject to the jurisdiction of this Court. These two exhibits, however, merely confirm that First Citizens BancShares is a holding company that is independent of its subsidiaries.

> **a. Form 10-K**

The first exhibit is a Form 10-K filed by First Citizens BancShares with the Securities and Exchange Commission. DataTreasury makes much ado about the statement in the document that "*[t]hrough its subsidiary financial institutions*, BancShares operated branch offices at 392 locations in . . . Texas . . ." *Response* at Exhibit 1, p. 6 (emphasis added). According to DataTreasury, this statement proves that BancShares itself does business in Texas. *Response* at 5.

DataTreasury is wrong. This statement merely confirms that First Citizens BancShares is a holding company that holds stock in a number of companies, including financial institutions, that do many things, including operating branch offices in Texas. This statement does not say that First Citizens BancShares itself does business in Texas. Nor does it say that First Citizens BancShares controls its subsidiaries actions. To the contrary, the document warns investors that investing in First Citizens BancShares's stock will involve some level of risk because *its banking subsidiaries, not First Citizens BancShares, engage in banking activities*: "To the extent we are dependent on our banking subsidiaries' lending and deposit gathering functions to generate income, shareholders are also exposed to credit risk, interest rate risk and liquidity risk." *Response* at Exhibit 1, p. 6.

6

Ignoring the content and meaning of the statements in the document, DataTreasury goes on to say that "in all these public documents [First Citizens BancShares] clearly states that it is 'operating' and 'controlling' [its] subsidiaries . . . ." *Response* at 6. This statement is simply not true. First, while DataTreasury refers to "all these public documents," in reality it only refers to just one public document. Second, and more importantly, nowhere in that one document does First Citizens BancShares state that it is "controlling" its subsidiaries.

### b. Web Page Listing Members of the Board of Directors

The second exhibit DataTreasury attached to its response similarly only confirms that First Citizens BancShares is a separate legal entity from its subsidiaries. The second exhibit is a web page listing the members of First Citizens BancShares's Board of Directors. DataTreasury highlights the document's second footnote, which states that each of First Citizens BancShares's directors also serves as a director of one of its subsidiaries. DataTreasury contends that based on this fact First Citizens BancShares "stretches credulity" in saying that it observes all corporate formalities separate and distinct from its subsidiaries.

But utilizing the same individuals to fill separate positions in separate companies is not inconsistent with observing corporate formalities. Indeed, sharing the same individuals as directors does not automatically mean that a parent company is an alter ego of its subsidiary, even if the parent company owns all of the stock of its subsidiary. *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 335-38 (1925); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983); *DP Environmental Servs., Inc. v. Bertlesen*, 834 F.Supp. 162, 165 (M.D.N.C. 1993) ("It is not enough that the stock in two corporations is held by the same individuals and that those two corporations share the same officers and directors."). Furthermore, the document actually confirms that First Citizens BancShares has its own bylaws and its own Board of

Directors. *Response* at Exhibit 2, p. 1. Thus, the document confirms that First Citizens BancShares is a separate, independent legal entity from its subsidiaries.

Moreover, DataTreasury fails to contest almost every statement in First Citizens BancShares's first declaration regarding its independence from its subsidiaries. In particular, DataTreasury fails to challenge the statements that First Citizens BancShares maintains books and bank accounts separate from its subsidiaries, that First Citizens BancShares's subsidiaries maintain books and bank accounts separate from First Citizens BancShares, and that all of First Citizens BancShares's operating subsidiaries operate with sufficient capital to conduct day-to-day operations. *See Response*; Motion to Dismiss at Exhibit A, ¶ 3. And while DataTreasury does use attorney argument and conjecture to contend that First Citizens BancShares does not observe all corporate formalities, as shown DataTreasury does so without any credible proof.

C. **DataTreasury Has Failed to Identify Any Legal Theory Supporting the Proposition that First Citizens BancShares Should Be Subject to Jurisdiction in Texas.**

Presumably because DataTreasury cannot muster any credible proof that First Citizens BancShares actually controls its subsidiaries, DataTreasury instead (a) simply repeatedly states that First Citizens BancShares "operates" and "controls" its subsidiaries, including First-Citizens Bank, and (b) cites to several irrelevant legal doctrines. The law, however, requires more. The Federal Circuit has cautioned courts against lightly casting aside corporate forms during the jurisdictional analysis:

> We have stated that the corporate form is not to be lightly cast aside. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990) (in deciding whether to pierce the corporate veil, "[t]he court, however, must 'start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception' … [or] unless there is at least 'specific intent to escape liability for a specific tort ….'" (quoting *Zubik v. Zubik*, 384 F.2d 267, 271-73 (3d Cir. 1967))) (internal citations omitted).

8

*3D Systems*, 160 F.3d at 1380-81. Here, DataTreasury has failed to identify any specific, unusual circumstances that call for an exception to the general rule that requires the Court to recognize First Citizens BancShares's legal status as a corporate entity separate from its subsidiaries. Nor has DataTreasury even attempted to show that First Citizens BancShares's had specific intent to escape liability for a specific tort. Thus, the general rule holds, and the Court is required to dismiss DataTreasury's claims against First Citizens BancShares.

> 1. **The Fact that This Court Exerted Personal Jurisdiction over SVPCo Does Not Mean that First Citizens BancShares is Also Subject to Personal Jurisdiction.**

While DataTreasury does not identify any legal basis for this Court to apply its previous opinion finding a basis to exert specific personal jurisdiction over SVPCo, DataTreasury does attach the Court's decision as an exhibit to its response. *See Response* at 7. DataTreasury only states that "[f]or many of the same reasons that SVPCo was found guilty by this Court of 'purposefully direct[ing] its infringing activities at the Eastern District of Texas through its affiliation with . . . [a bank and the Federal Reserve],' . . . the Court should consider [First Citizens BancShares's] (and First Citizens Bank's) business relationship with SVPCo . . . ." *Response* at 7.

But the Court's decision is inapposite. As the Court knows, there the Court determined that "SVPCo potentially performs infringing activities with J.P. Morgan Chase Bank, who is a defendant currently subject to personal jurisdiction and venue in this district . . . ." *Opinion* at 11. The Court also stated that "SVPCo may have a commercial relationship with the Federal Reserve Bank that includes potentially infringing activities . . . ." *Id.* at 12. Based on these two findings, the Court found sufficient evidence that SVPCo purposefully directed its activities at the Eastern District of Texas and, thus, that it had specific jurisdiction over SVPCo.

9

In stark contrast, First Citizens BancShares does not perform any allegedly infringing activities with any third party whatsoever, be it an operating bank, SVPCo itself, or the Federal Reserve Bank. Motion to Dismiss at Exhibit A, ¶ 4. Unlike SVPCo, First Citizens BancShares is a holding company that simply holds stock in other companies. *Id.* ¶ 3. And unlike SVPCo, it does not own or operate a check image exchange program. Supplemental Declaration of John Gray at ¶ 4, attached as Exhibit A. Thus, the fact that SVPCo is subject to this Court's jurisdiction does not in any way mean that First Citizens BancShares is also subject to the Court's jurisdiction.

### 2. DataTreasury's Citations to 12 U.S.C. § 1841(a)(1) and the "Source of Strength" Doctrine Are Completely Irrelevant to the Question of Personal Jurisdiction.

DataTreasury noticeably fails to cite any relevant legal theory supporting the conclusion that First Citizens BancShares should be subject to jurisdiction in Texas. DataTreasury does cite 12 U.S.C. § 1841(a)(1) and the "source of strength" doctrine. Neither citation, however, is at all relevant to the jurisdictional analysis.

#### a. 12 U.S.C. § 1841(a)(1)

Section 1841(a)(1) is part of Congress's statutory scheme governing the banking industry in the United States. In particular, this subsection defines a "bank holding company" for purposes of federal statutory and regulatory oversight. "As a result of being a bank holding company numerous registration and reporting requirements and regulatory scrutiny result." Gordon M. Bava, *Regulation and Structure of Traditional Bank Holding Company Activities*, 469 PLI/Comm 261, 269 (1988). A statute defining a bank holding company for purposes of federal statutory and regulatory oversight, however, bears no relationship to the present jurisdictional analysis.

Furthermore, while § 1841(a)(1) defines a "bank holding company" as "any company which has control over any bank," § 1841(a)(2)(A) makes clear that the statute's use of the term "control" includes simple ownership of "25 per centum or more of any class of voting securities of the bank." But simple ownership is not the type of "control" that allows a Court to cast aside the corporate form and exert jurisdiction over a holding company. *See 3D Systems*, 160 F.3d at 1380-81. "The degree of control exercised by the parent must be greater than that normally associated with common ownership and directorship." *Hargrave*, 710 F.2d at 1160. Based on DataTreasury's argument regarding the definition of "control" for statutory and regulatory purposes, every bank holding company would be subject to the jurisdiction of every court in every state in which any subsidiary is subject to jurisdiction. There is no authority for this unsound and unfounded proposition.

### b. The "Source of Strength" Doctrine

The "source of strength" doctrine is similarly irrelevant to the present jurisdictional analysis. The source of strength doctrine requires a bank holding company to "maintain the acquired subsidiary's net worth by infusing capital when the subsidiary fails to meet its minimum capital requirements." Cassandra Jones Havard, *Back to the Parent: Holding Company Liability for Subsidiary Banks*, 16 Cardozo L. Rev. 2353, 2371 (1995). "[F]ailure to comply with the source of strength condition [is] the basis for an enforcement action" by the Federal Reserve Board. *Id.* at 2375. Thus, like § 1841(a)(1), the source of strength doctrine is simply a tool the federal government uses to regulate the banking industry, in this case to prevent underfunding of operating bank subsidiaries.

DataTreasury quotes part of a sentence in *Branch v. United States*, 69 F.3d 1571 (Fed. Cir. 1995), and implies that the case stands for the proposition that the source of strength

doctrine requires the Court to pierce the corporate veil to find jurisdiction over First Citizens BancShares. But *Branch* does not discuss the source of strength doctrine in the context of jurisdictional considerations. Moreover, the complete sentence recites: "Through the 'source of strength' policy, the [Federal Reserve] Board asserted its authority to pierce the corporate veil between a bank holding company and its affiliated banks, *so that a bank holding company could be required to inject capital into a troubled subsidiary bank*." *Id.* at 1581 (emphasis added). Thus, as already explained, the source of strength doctrine is only used to prevent underfunding of operating bank subsidiaries. The doctrine has no applicability to jurisdictional questions.

## II. The Assertion of Jurisdiction Is Not Fair and Reasonable.

DataTreasury alleges that it would not offend traditional notions of fair play and substantial justice for First Citizens BancShares to be haled into this forum because First Citizens BancShares controls its subsidiary First-Citizens Bank, a member of SVPCo, and therefore itself engages in transactions with SVPCo. *Response* at 8. As discussed above, however, DataTreasury has altogether failed to substantiate its claim that First Citizens BancShares controls its subsidiaries in any way or itself engages in any conduct in this forum. Thus, this Court need not consider whether the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985); *Nutrition Physiology Corp. v. Enviros Ltd.*, 87 F. Supp. 2d 648, 651 (N.D. Tex. 2000). If the Court does consider this issue, however, it is plain that there is nothing reasonable about haling First Citizens BancShares – a Delaware corporation based in North Carolina having no minimum contacts with Texas – into this forum to confront a lawsuit.

**THIS COURT SHOULD DENY DATATREASURY'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY AGAINST FIRST CITIZENS BANCSHARES**

In connection with its response, DataTreasury has filed a separate Motion to Authorize Jurisdictional Discovery Against First Citizens BancShares, Inc. First Citizens BancShares will file a separate response to DataTreasury's motion on or before the appropriate deadline. As will be discussed more fully in that response, the Court should deny DataTreasury's motion.

DataTreasury's motion is particularly inappropriate in light of the fact that DataTreasury's only jurisdictional theory – piercing the corporate veil – is clearly inapplicable. *See Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, Nos. 02-1259, 02-1304, 02-1341, 62 Fed. Appx. 322, 338 (Fed. Cir. Apr. 1, 2003) (applying Fifth Circuit discovery law in a patent case and concluding that "[w]hen the lack of personal jurisdictional is clear, like in this case, further discovery serves no purpose and should be denied"). Moreover, the Federal Rules of Civil Procedure require that DataTreasury have a sound factual predicate for jurisdiction *before* filing suit in Texas. Filing suit and seeking to find the required factual predicate through a jurisdictional fishing expedition should not be countenanced by the Court. *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2003) ("[W]here, as here, the plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction, we see no reason to overturn the district court's exercise of discretion.").

Furthermore, the requested discovery is overly broad, unduly burdensome, vague, and irrelevant. For example, DataTreasury requests discovery of virtually every document relating to every Board of Directors' meeting First Citizens BancShares has ever held, including "minutes, internal memos, emails and correspondence files, and *a multitude of other documents surround these executives' activities*." *Motion* at 2 (emphasis added). As another example, DataTreasury

13

requests the opportunity "to depose each of the [First Citizens BancShares] directors discussed in DataTreasury's Response to Defendants' Motion," which would include every Director of First Citizens BancShares. Such overly broad, unduly burdensome, vague, and irrelevant discovery is unwarranted.

## CONCLUSION

This Court should dismiss DataTreasury's claims against First Citizens BancShares and deny DataTreasury's Motion to Authorize Jurisdictional Discovery Against First Citizens BancShares. Should the Court deny First Citizens BancShares's motion to dismiss for lack of personal jurisdiction, the Court should instead dismiss DataTreasury's claims against First Citizens BancShares for failure to state a claim upon which relief may be granted or order DataTreasury to provide a more definite statement describing the allegations against First Citizens BancShares in reasonable detail sufficient to identify the accused products or systems.

15

        Respectfully submitted,


       /s/ Larry D. Carlson
Larry D. Carlson, Attorney-in-Charge
   Texas State Bar No. 03814500
   E-Mail: larry.carlson@bakerbotts.com
David O. Taylor
   Texas State Bar No. 24042010
   E-Mail: david.taylor@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

Donalt J. Eglinton
   E-Mail: dje@wardandsmith.com
WARD AND SMITH, P.A.
Post Office Box 867
New Bern, North Carolina 28563
Telephone: (252) 672-5456
Facsimile: (252) 672-5477

ATTORNEYS FOR DEFENDANT
FIRST CITIZENS BANCSHARES, INC.

## CERTIFICATE OF SERVICE

I certify that on the 30th day of June, 2006, all counsel who are deemed to have consented to electronic service are being served with a copy of this document by the Court's Electronic Filing System, pursuant to Local Rule CV-5(a)(3)(A).

    /s/ Larry D. Carlson
Larry D. Carlson

Case 2:06-cv-00072-DF-CMC Document 240-248 Filed 06/30/2006 Page 16 of 16