UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO.  2:06-CV-72-DF |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| WELLS FARGO & COMPANY, et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT FIRST CITIZENS BANCSHARES, INC.'S RESPONSE TO
PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY**

Defendant First Citizens BancShares, Inc. ("First Citizens BancShares") is a non-resident

holding company that conducts no business and sells no services or products in Texas.  It has

submitted two declarations establishing that it lacks the "minimum contacts" with Texas that the

law requires to justify the exercise of personal jurisdiction over a non-resident.  In contrast,

Plaintiff DataTreasury Corporation ("DataTreasury") has failed to identify any credible proof

supporting the opposite conclusion.  Instead, DataTreasury has misrepresented facts, adopted

unsupported legal theories, and now filed a Motion to Authorize Jurisdictional Discovery

Against Defendant First Citizens BancShares.  But no amount of discovery is necessary to

confirm the truth of the declarations, and no evidence exists to support DataTreasury's

misrepresentations or legal theories.  DataTreasury's motion should be denied.  In the alternative,

the scope of jurisdictional discovery should be limited.

**I.      INTRODUCTION**

In its complaint, DataTreasury sued two First Citizens entities, an operating bank, First-

Citizens Bank & Trust Company ("First-Citizens Bank"), and its parent holding company, First

1

Dockets.Justia.co

Citizens BancShares. While First-Citizens Bank has not challenged this Court's jurisdiction, its holding company, First Citizens BancShares, has. Thus, even if the Court grants the holding company's motion to dismiss for lack of personal jurisdiction, the operating bank, First-Citizens Bank, will remain a defendant in this case.

DataTreasury filed a response to First Citizens BancShares's motion to dismiss for lack of personal jurisdiction. In that response, DataTreasury attached two exhibits that actually confirm that First Citizens BancShares is a holding company that is independent of its subsidiaries. DataTreasury also attached as an exhibit this Court's opinion finding a basis to exert specific personal jurisdiction over Small Value Payments Co., LLC ("SVPCo") and The Clearing House Payments Company, LLC ("CHPCo"). As discussed in First Citizens BancShares's reply brief, however, that opinion is inapposite. Finally, DataTreasury cited 12 U.S.C. § 1841(a)(1) and the "source of strength" doctrine. Again, as shown in First Citizens BancShares's reply brief, neither citation is at all relevant to the jurisdictional analysis.

Simultaneous with its response, DataTreasury filed the instant Motion to Authorize Jurisdictional Discovery Against Defendant First Citizens BancShares. But DataTreasury's exhibits and First Citizens BancShares's declarations have already established that First Citizens BancShares does not have minimum contacts with Texas, and DataTreasury's only jurisdictional theory – piercing the corporate veil – is clearly inapplicable. Moreover, the Federal Rules of Civil Procedure require that DataTreasury have a sound factual predicate for jurisdiction *before* filing suit in Texas. DataTreasury has already had an opportunity to make a *prima facie* showing of jurisdiction based on available evidence and has failed. DataTreasury even rejected First Citizens BancShares's offer to conduct reasonable jurisdictional discovery, instead asking this

Court to order unbounded and unnecessary discovery. Thus, the Court should deny DataTreasury's motion.

In the alternative, this Court should limit the scope of jurisdictional discovery. DataTreasury's requested jurisdictional discover is overly broad, unduly burdensome, vague, and irrelevant. Instead of ordering DataTreasury's requested jurisdictional discovery, this Court should limit jurisdictional discovery to (1) document production directly related to First Citizens BancShares's lack of allegedly infringing banking activities in Texas and (2) a single deposition of First Citizens BancShares's declarant John Gray.

## II.    ARGUMENT

### THIS COURT SHOULD DENY DATATREASURY'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY AGAINST FIRST CITIZENS BANCSHARES

**A.    First Citizens BancShares's Lack of Contacts with Texas Has Already Been Established.**

In the absence of any genuine issue of material fact, and when the lack of personal jurisdiction is clear, jurisdictional discovery should be denied. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) ("It is not error to deny discovery when there is no issue of material fact. . . . When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."); *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, Nos. 02-1259, 02-1304, 02-1341, 62 Fed. Appx. 322, 338 (Fed. Cir. Apr. 1, 2003) (applying Fifth Circuit discovery law in a patent case and concluding that "[w]hen the lack of personal jurisdictional is clear, like in this case, further discovery serves no purpose and should be denied"). Here, there is no genuine issue of material fact, and the lack of personal jurisdiction is already abundantly clear. Thus, jurisdictional discovery would serve no purpose and should be denied.

Evidence available to DataTreasury already makes clear that First Citizens BancShares does not have minimum contacts with Texas. As discussed in First Citizens BancShares's reply

brief, the very evidence that DataTreasury cited in its response to First Citizens BancShares's motion to dismiss for lack of personal jurisdiction confirms that First Citizens BancShares is a holding company that does not engage in banking activities anywhere, let alone in Texas. The Form 10-K submitted by DataTreasury indicates that First Citizens BancShares is a holding company that holds stock in a number of companies, including financial institutions. The document does not say that First Citizens BancShares does business in Texas. Nor does it say that First Citizens BancShares controls its subsidiaries' actions. To the contrary, the document warns investors that investing in First Citizens BancShares's stock will involve some level of risk because *its banking subsidiaries, not First Citizens BancShares, engage in banking activities*: "To the extent we are dependent on our banking subsidiaries' lending and deposit gathering functions to generate income, shareholders are also exposed to credit risk, interest rate risk and liquidity risk." *DataTreasury's Response to Motion to Dismiss* at Exhibit 1, p. 6.

Similarly, the web page submitted by DataTreasury listing the members of First Citizens BancShares's Board of Directors supports the conclusion that First Citizens BancShares maintains corporate formalities. The document indicates that First Citizens BancShares has its own bylaws and its own Board of Directors. *DataTreasury's Response to Motion to Dismiss* at Exhibit 2, p. 1. Thus, the document confirms that First Citizens BancShares is a separate, independent legal entity from its subsidiaries.

Finally, this Court's opinion finding a basis to exert specific personal jurisdiction over SVPCo and CHPCo is simply inapposite. In stark contrast to the facts relied upon by the Court in that opinion, First Citizens BancShares does not perform any allegedly infringing activities with any third party whatsoever, including SVPCo and CHPCo. *Declaration of John Gray*, Exhibit A to *Defendant First Citizens BancShares, Inc.'s Motion to Dismiss* (Docket No. 84), at

¶¶ 4; *Supplemental Declaration of John Gray*, Exhibit A to *Defendant First Citizens BancShares, Inc.'s Reply in Support of Its Motion to Dismiss* (Docket No. 248), at ¶¶ 2-5. Thus, the fact that those companies are subject to this Court's jurisdiction does not in any way mean that First Citizens BancShares is also subject to the Court's jurisdiction.

Despite DataTreasury's unfounded statements to the contrary, the declarations submitted by First Citizens BancShares are entirely consistent with these three exhibits. The declarations explain that First Citizens BancShares is a holding company located in North Carolina; that it does not engage in any document, receipt, or check imaging or processing services in Texas or anywhere else; that it maintains all corporate formalities; that it conducts no business in Texas and directs none of its activities toward residents of Texas; and that it does not participate in any check image archive or exchange service operated by any company, including either SVPCo or CHPCo. *Declaration of John Gray*, Exhibit A to *Defendant First Citizens BancShares, Inc.'s Motion to Dismiss* (Docket No. 84), at ¶¶ 2-12; *Supplemental Declaration of John Gray*, Exhibit A to *Defendant First Citizens BancShares, Inc.'s Reply in Support of Its Motion to Dismiss* (Docket No. 248), at ¶¶ 2-5.

DataTreasury's motion for jurisdictional discovery is particularly inappropriate in light of the fact that DataTreasury's only jurisdictional theory – piercing the corporate veil – is clearly inapplicable. DataTreasury did not plead piercing the corporate veil. Moreover, the theory is unsupported. Evidence simply does not exist to support DataTreasury's contention that First Citizens BancShares controls First-Citizens Bank such that the two are alter egos. Perhaps because DataTreasury knows this, DataTreasury relies heavily on 12 U.S.C. § 1841(a)(1) and the "source of strength" doctrine in its response to First Citizens BancShares's motion to dismiss for lack of personal jurisdiction. As discussed in First Citizens BancShares's reply brief, however,

neither citation is at all relevant to the jurisdictional analysis. They simply do not relate to questions of personal jurisdiction. Thus, DataTreasury has failed to raise a genuine issue of material fact regarding jurisdiction, whether by actual evidence or in the form of relevant legal citations. In this circumstance – the complete absence of a plausible jurisdictional theory – jurisdictional discovery should be denied. *See Wyatt*, 686 F.2d at 284; *Hockerson-Halberstadt, Inc.*, 62 Fed. Appx. at 338.

The evidence supports only one conclusion: First Citizens BancShares lacks contacts with Texas. There is no issue of material fact. The lack of jurisdiction is clear. Jurisdictional discovery would serve no purpose, as it would only generate additional evidence confirming the conclusion that all of the available evidence already makes obvious: This Court lacks jurisdiction over First Citizens BancShares. Thus, jurisdictional discovery should be denied.

**B.      A Jurisdictional Fishing Expedition Should Not Be Countenanced by the Court.**

The Federal Rules of Civil Procedure require that DataTreasury have a sound factual predicate for jurisdiction *before* filing suit in Texas. As discussed above, however, in this case DataTreasury has already had an opportunity to make a *prima facie* showing of jurisdiction using available evidence and has failed. This Court should not allow DataTreasury to evade the requirements of the Federal Rules of Civil Procedure and to engage in an expensive and unnecessary jurisdictional fishing expedition. Simply put, filing suit and seeking to find the required factual predicate through a jurisdictional fishing expedition is a litigation tactic that should not be countenanced by the Court. *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2003) ("[W]here, as here, the plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction, we see no reason to overturn the district court's exercise of discretion.").

**C.    DataTreasury Rejected First Citizens BancShares Offer to Allow Reasonable Jurisdictional Discovery.**

This Court should also deny jurisdictional discovery because counsel for DataTreasury rejected First Citizens BancShares's offer to allow reasonable jurisdictional discovery.  Counsel for First Citizens BancShares, Larry D. Carlson, raised the issue of First Citizens BancShares's lack of Texas contacts with counsel for DataTreasury before the due date for First Citizens BancShares's initial responsive pleading.  Declaration of Larry D. Carlson at ¶ 3, attached as Exhibit A.  In that and subsequent conversations, counsel for DataTreasury did not indicate that DataTreasury desired jurisdictional discovery.  *Id.* at ¶ 3-5.  Nevertheless, on the due date for its response to First Citizens BancShares's motion to dismiss, which had already been extended, DataTreasury first indicated that it was interested in jurisdictional discovery.  *Id.* at ¶ 6.

Mr. Carlson's initial reaction was to approach this request in a cooperative and reasonable manner, which would avoid the need to involve the Court, by allowing DataTreasury to obtain information concerning the jurisdictional facts established by the declaration of First Citizens BancShares's John Gray.  *Id.* at ¶ 7.  Indeed, Mr. Carlson indicated that First Citizens BancShares would not oppose reasonable discovery on the issue of personal jurisdiction.  *Id.* at ¶ 8.  In light of DataTreasury's previous "courtesy copy" of a document including 5,883 requests for admission, however, Mr. Carlson asked for a copy of the substance of DataTreasury's requested discovery.  *Id.* at 8.  When this was provided, it became apparent that the discovery DataTreasury was seeking was overbroad and unduly burdensome.  Without any factual predicate for jurisdiction, DataTreasury was seeking to obtain consent to an unfounded and unwarranted jurisdictional fishing expedition.  Mr. Carlson, therefore, informed counsel for DataTreasury that the requested discovery was excessive and that First Citizens BancShares would not consent to the Motion.  *Id.* at ¶ 10.

In light of the fact that DataTreasury rejected First Citizens BancShares's offer to allow reasonable jurisdictional discovery, this Court should deny the present motion for excessive jurisdictional discovery. This Court should not reward DataTreasury by granting jurisdictional discovery it has already rejected. Moreover, DataTreasury's motion for jurisdictional discovery should be denied because, as will now be discussed, the requested jurisdictional discovery is overly broad, unduly burdensome, vague, and irrelevant.

## IN THE ALTERNATIVE, THIS COURT SHOULD LIMIT THE SCOPE OF DISCOVERY

**A.      DataTreasury's Requested Discovery is Overly Broad, Unduly Burdensome, Vague, and Irrelevant.**

In the alternative, even if the Court decides that jurisdictional discovery is appropriate, the Court should not order DataTreasury's requested discovery. DataTreasury's requested discovery is overly broad, unduly burdensome, vague, and irrelevant. For example, DataTreasury requests discovery of virtually every document relating to every Board of Directors' meeting First Citizens BancShares has ever held, including "minutes, internal memos, emails and correspondence files, and *a multitude of other documents surrounding these executives' activities.*" *Motion* at 2 (emphasis added). Such unbounded discovery should not be ordered. It is not reasonably limited to the question of this Court's personal jurisdiction over First Citizens BancShares, and it would create an unnecessary burden on First Citizens BancShares to produce massive amounts of irrelevant documents. As another example, DataTreasury requests the opportunity "to depose each of the [First Citizens BancShares] directors discussed in DataTreasury's Response to Defendants' Motion," which would include every Director of First Citizens BancShares. *Motion* at 2. These depositions would far exceed the number of depositions DataTreasury should be permitted. In short, such overly broad, unduly burdensome, vague, and irrelevant discovery is clearly unwarranted.

**B.      Jurisdictional Discovery Should be Limited.**

If this Court determines that jurisdictional discovery is appropriate, the Court should provide reasonable limits on the scope of the discovery.  In particular, the Court should limit discovery to (1) a document production directly related to First Citizens BancShares's lack of allegedly infringing banking activities in Texas and (2) a single, four-hour deposition of First Citizens BancShares's declarant John Gray.  This deposition should count as one of the number of depositions DataTreasury will be limited to under the Federal Rules of Civil Procedure and any forthcoming Case Management Order.[1]

This level of discovery would provide more than sufficient information for DataTreasury and the Court to confirm that First Citizens BancShares lacks contacts with Texas and that this Court lacks jurisdiction over First Citizens BancShares.  Additional discovery, including interrogatories, requests for production, and requests for admission, would only create unnecessary burdens on First Citizens BancShares.  These limits would also ensure that DataTreasury does not use jurisdictional discovery to investigate any other irrelevant issues.

### CONCLUSION

For the reasons discussed, this Court should deny Plaintiff's Motion to Authorize Jurisdictional Discovery Against Defendant First Citizens BancShares.  In the alternative, this Court should limit jurisdictional discovery to (1) document production directly related to First Citizens BancShares's lack of allegedly infringing banking activities in Texas and (2) a single deposition of First Citizens BancShares's declarant John Gray.

---

[1]  In addition, DataTreasury should not be permitted to file an amended complaint after conducting any jurisdictional discovery.  DataTreasury has not given any reason why it should be allowed to do so, and there is none.

Respectfully submitted,


/s/ Larry D. Carlson
Larry D. Carlson, Attorney-in-Charge
   Texas State Bar No. 03814500
   E-Mail:  larry.carlson@bakerbotts.com
David O. Taylor
   Texas State Bar No. 24042010
   E-Mail:  david.taylor@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas  75201
Telephone:  (214) 953-6500
Facsimile:  (214) 953-6503

Donalt J. Eglinton
   E-Mail:  dje@wardandsmith.com
WARD AND SMITH, P.A.
Post Office Box 867
New Bern, North Carolina 28563
Telephone:  (252) 672-5456
Facsimile:  (252) 672-5477

ATTORNEYS FOR DEFENDANT
FIRST CITIZENS BANCSHARES, INC.


## CERTIFICATE OF SERVICE

I certify that on the 10th day of July, 2006, all counsel who are deemed to have consented to electronic service are being served with a copy of this document by the Court's Electronic Filing System, pursuant to Local Rule CV-5(a)(3)(A).


/s/ Larry D. Carlson
Larry D. Carlson