UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 2:06-CV-72-DF |
| v. § | |
| § | JURY TRIAL DEMANDED |
| WELLS FARGO & COMPANY, et al. § | |
| § | |
| Defendants. § | |

### DECLARATION OF LARRY D. CARLSON IN SUPPORT OF DEFENDANT FIRST CITIZENS BANCSHARES, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY

I, Larry D. Carlson, declare as follows:

1. I am the attorney-in-charge representing First Citizens BancShares, Inc. ("First Citizens BancShares") in the above captioned case. Except as noted, I have personal knowledge of facts as set forth herein. Those facts are true and correct.

2. In addition to representing First Citizens BancShares, I represent its operating subsidiary, First-Citizens Bank & Trust Company, in the above captioned case.

3. Before June 1, 2006, the due date for First Citizens BancShares, Inc.'s initial responsive pleading, I raised the issue of First Citizens BancShares's lack of Texas contacts with counsel for DataTreasury Corporation ("DataTreasury"), in a telephone conversation. I informed counsel for DataTreasury that First Citizens BancShares would file a motion to dismiss for lack of personal jurisdiction if agreement could not be reached on the jurisdictional issue. My intent was to attempt to reach consensus in an open and cooperative manner, which would facilitate the efficient administration of justice. Counsel for DataTreasury did not raise the issue of jurisdictional discovery at that time. Unfortunately, we were unable to reach a consensus.

-1-

4.  First Citizens BancShares filed its pending motion to dismiss for lack of personal jurisdiction on June 1, 2006. The motion was supported by a declaration, signed by First Citizens BancShares's John Gray, rebutting every jurisdictional fact alleged by DataTreasury.

5.  On or about June 13, counsel for DataTreasury, contacted me and asked for consent to an extension of time to respond to First Citizens BancShares's motion to dismiss. I agreed to the extension on behalf of First Citizens BancShares. Counsel for DataTreasury did not mention any desire for jurisdictional discovery, nor was any question raised regarding the jurisdictional facts established by the declaration of John Gray.

6.  On June 23, 2006, the extended due date for DataTreasury's response to First Citizens BancShares's motion to dismiss, counsel for DataTreasury contacted me by voicemail to determine whether First Citizens BancShares would oppose a motion for jurisdictional discovery. This was the first time I learned about DataTreasury's desire for jurisdictional discovery.

7.  As of June 23, 2006, my only experience with DataTreasury's discovery requests was a "Courtesy Copy of Plaintiff's Future First Set of Requests for Admissions," which I received on June 2, 2006, in an email from Moni King, paralegal for Ed Hohn, counsel for DataTreasury. This "courtesy copy" of discovery requests included 5,883 requests for admission.

8.  In light of my only experience with DataTreasury's discovery requests, 5,883 requests for admission, I responded to DataTreasury's voicemail by emailing Anthony Bruster, counsel for DataTreasury, to request specific information about what discovery DataTreasury was seeking. I communicated that First Citizens BancShares would not object to reasonable discovery on the issue of personal jurisdiction.

9. Mr. Bruster responded to my email by emailing me a copy of language from DataTreasury's motion for jurisdictional discovery.

10. Upon seeing the excessive breadth and unnecessary nature of the proposed discovery in the copied language, I emailed Mr. Bruster indicating that First Citizens BancShares would oppose the motion for jurisdictional discovery on the basis that the discovery requests were excessive.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: July 10, 2006

_____
Larry D. Carlson