# EXHIBIT 4

 United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/007,830 | 11/25/2005 | 6032137 | | 5962 |

| 24023 | 7590 | 01/06/2006 |
|---|---|---|

MCGUIREWOODS LLP
ONE JAMES CENTER
901 EAST CARY STREET
RICHMOND, VA  23219-4030

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 01/06/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

1/6/2006

JEFFREY P. KUSHAN

SIDLEY AUSTIN BROWN & WOODS LLP

1501 K STREET NW

WASHINGTON, DC 20005

## *EX PARTE*  REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO 90/007830

PATENT NO.  6,032,137

ART UNI   3900

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| | 90/007,830 | 6032137 | |
| | Examiner | Art Unit | |
| | Michael O'Neill | 3993 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>25 November 2005</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐  PTO-892,    b)☒  PTO-1449,    c)☐  Other: _____

1. ☒    The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a) ☐ by Treasury check or,

    b) ☐ by credit to Deposit Account No. _____,  or

    c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Michael  O'Neill
CRU Examiner
Art Unit: 3993

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 04-01)    Office Action in *Ex Parte* Reexamination    Part of Paper No. 12282005

Application/Control Number: 90/007,830                                    Page 2
Art Unit: 3993

## DECISION

A substantial new question of patentability affecting claims 1-43 of United States Patent

Number 6,032,137 is raised by the request for *ex parte* reexamination.

### *Service of Papers*

After the filing of a request for reexamination by a third party requester, any document

filed by either the patent owner or the third party requester must be served on the other party (or

parties where two or more third party requester proceedings are merged) in the reexamination

proceeding in the manner provided in 37 CFR 1.248. See 37 CFR 1.550(f).

### *Waiver of Right to File Patent Owner Statement*

In a reexamination proceeding, Patent Owner may waive the right under 37 C.F.R. 1.530

to file a Patent Owner Statement. The document needs to contain a statement that Patent Owner

waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement and proof of service in

the manner provided by 37 C.F.R. 1.248, if the request for reexamination was made by a third

party requester, see 37 C.F.R 1.550(f). The Patent Owner may consider using the following

statement in a document waiving the right to file a Patent Owner Statement:


**WAIVER OF RIGHT TO FILE PATENT OWNER STATEMENT**

Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement.


### *Extensions of Time*

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings

because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a

Application/Control Number: 90/007,830                                    Page 3
Art Unit: 3993

reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination

proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in

*ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

### *Amendment in Reexamination Proceedings*

Patent owner is notified that any proposed amendment to the specification and/or claims

in this reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be formally

presented pursuant to 37 CFR 1.52(a) and (b), and must contain any fees required by 37 CFR

1.20(c).

### *Submissions*

In order to insure full consideration of any amendments, affidavits or declarations or

other documents as evidence of patentability, such documents must be submitted in response to

the first Office action on the merits (which does not result in a close of prosecution).

Submissions after the second Office action on the merits, which is intended to be a final action,

will be governed by the requirements of 37 CFR 1.116, after final rejection and by 37 CFR 41.33

after appeal, which will be strictly enforced.

### *Notification of Concurrent Proceedings*

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a), to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving

Patent No. 6,032,137 throughout the course of this reexamination proceeding. Likewise, if

present, The third party requester is also reminded of the ability to similarly apprise the Office of

any such activity or proceeding throughout the course of this reexamination proceeding. See

MPEP §§ 2207, 2282 and 2286.

Application/Control Number: 90/007,830                                    Page 4
Art Unit: 3993

### Request's Indications

The request indicates that Requester considers:

Claims 1 and 26 are unpatentable over Campbell et al., USPN 5,373,550, (Campbell).

Claims 42 and 43 are unpatentable over Campbell.

Claims 2, 16, 18, 27, 29, 36 and 38-41 are unpatentable over Campbell.

Claims 3-8 and 28 are unpatentable over Campbell and admitted prior art (APA).

Claims 10 and 33 are unpatentable over Campbell and APA.

Claims 34 and 35 are unpatentable over Campbell, Owens et al., USPN 4,264,808,

(Owens) ("old art" viewed in a new light) and Minoli, Imaging in Corporate Environments

(Minoli).

Claims 20 and 21 are unpatentable over Campbell and Minoli.

Claims 1, 2, 18, 26, 27 and 29 are unpatentable over ANSI/ABA X9.46-1995, version

0.13 Draft (ANSI-1995) and ANSI X9.46-1997 (ANSI-1997).

Claims 9, 11-15, 19 and 30-32 are unpatentable over Campbell, Owens and Minoli.

Claims 17, 22-25 and 37 are unpatentable over Campbell and Minoli.

### Substantial New Question

There are substantial new questions of patentability (SNQP) is based on Campbell,

Minoli, ANSI/ABS X9.46-1995, v. 0.13,and ANSI X9.46-1997.  A discussion of the specifics

now follows:

It is agreed that the consideration of Campbell raises an SNQP as to Claims 1 and 26 of

the Ballard patent ('988 patent or Ballard).  As pointed out in the request on pages 5-7, Campbell

teaches in col. 5:23-28 "[t]hat a controller (42) may read some data accompanying check images,

Application/Control Number: 90/007,830                                    Page 5
Art Unit: 3993

for example, it may identify that TCP/IP protocol information accompanying those images. That

information may instruct the node (12) about the identity of the sending institution and the

intended receiving institution." In col. 3:43-58 Campbell teaches "the processing node (12)

receives check images and performs certain processing procedures on those images, including at

least temporary storage of the received check images." Campbell teaches the processing node

(12) "transmits frames of digital information representing check images to the network (38) after

those images have been processed by the node (12)." *Id.* Campbell teaches "[a] node controller

and router (42) control the routing of check images to their intended destinations, both in the

controller and to their ultimate destinations outside the network (38)." Campbell in col. 2:20-22

and 50-63 teaches a communication network being a public switched telephone network either

electrically or optically based and/or digital or analog; and suitable digital networks are a packet

network and a frame relay network. In col. 5:55-60 Campbell teaches "[t]he controller (42) may

also be configured to handle information encrypted by sending institutions to provide security for

the images transported by the network (38). The controller (42) may have its own encryption

and decryption equipment to provide a secure environment in the node (12)." In col. 5:26-27

Campbell teaches this encrypted information includes check images and also information "about

the identity of the sending institution. Thus, there is a substantial likelihood that a reasonable

examiner would consider these teachings important in deciding whether or not these claims are

patentable. Accordingly, Campbell raises an SNQP as to Claims 1 and 26, which has not been

decided in a previous examination of the Ballard patent.

     It is agreed that the consideration of Campbell raises an SNQP as to Claims 42 and 43 of

the Ballard patent. As pointed out in the request on pages 7-8, in addition to incorporating the

Application/Control Number: 90/007,830                                                Page 6
Art Unit: 3993

above stated teachings herein, Campbell further teaches destination identifying data identifies

one of the banks involved in the underlying transaction represented by the check and this data

may be obtained from the endorsements on the check, and this data can be obtained by an

operator who views the image of the check and manually enters the destination data, thus

verifying the accuracy of the endorsement from the image. See Campbell, col. 3:65-67. Thus,

there is a substantial likelihood that a reasonable examiner would consider these teachings

important in deciding whether or not these claims are patentable. Accordingly, Campbell raises

an SNQP as to Claims 42 and 43, which has not been decided in a previous examination of the

Ballard patent.

It is agreed that the consideration of Campbell raises an SNQP as to Claims 2, 16, 18, 27,

29, 36 and 38-41 of the Ballard patent. In col. 2:64 - col. 3:12 Campbell teaches a scanner

means. In col. 2:46-49 and Figure 2 Campbell teaches a data collecting subsystem. In col. 7:15-

27 Campbell teaches tagged, encrypted, compressed bitmap images. In col. 2:27-49 Campbell

teaches having plural remote and central locations. In col. 3:10-31; col. 4:56-58 and col. 2:61

Campbell teaches LANs and a WAN communication architecture. In col. 2:25-33 Campbell

teaches that a collection may occur at a processing node (12) that transmits check images

between two or more banks. Thus, there is a substantial likelihood that a reasonable examiner

would consider these teachings important in deciding whether or not these claims are patentable.

Accordingly, Campbell raises an SNQP as to Claims 2, 16, 18, 27, 29, 36 and 38-41 which has

not been decided in a previous examination of the Ballard patent.

It is agreed that the consideration of a combination of Campbell and APA raises an

SNQP as to claims 3-8 and 28 of the Ballard patent. As pointed out in the request on page 10,

Application/Control Number: 90/007,830                               Page 7
Art Unit: 3993

Ballard in col. 6:46-60 teaches "[a]s is known to person of ordinary skill in the art, the DATs 200

could also include additional devices for capturing other biometric data for additional security.

These devices include facial scans, fingerprints, voice prints, iris scans, retina scans and hand

geometry." This APA in combination with the teachings of Campbell in col. 7:15-27 of

compressed tagged images and in col. 6:57-60 of digital storage make a substantial likelihood

that a reasonable examiner would consider these teachings important in deciding whether or not

these claims are patentable. Accordingly, Campbell in combination with APA raise an SNQP as

to Claims 3-8 and 28 which has not been decided in a previous examination of the Ballard patent.

It is agreed that the consideration of the combination of Campbell, Owens and Minoli

raises an SNQP as to Claims 34 and 35 of the Ballard patent. In figure 1 Campbell shows

transmitting within a remote subsystem. In col. 2:26-32 Campbell teaches transmitting between

a remote and central subsystem. In col. 3:41-52 Campbell teaches transmitting within a central

subsystem. In col. 3:20-43 Campbell teaches connecting a remote to a central subsystem. In col.

3:32-52 Campbell teaches connecting a central to a remote subsystem. Thus, there is a

substantial likelihood that a reasonable examiner would consider these teachings important in

deciding whether or not these claims are patentable. Accordingly, the combination of Campbell,

Owens and Minoli raises an SNQP as to Claims 34 and 35 which has not been decided in a

previous examination of the Ballard patent.

It is agree that the consideration of the combination of Campbell and Minoli raises an

SNQP as to Claims 20 and 21of the Ballard patent. Campbell teaches temporary and long-term

archiving of the images at the check processing node (12). Minoli teaches several image storage

systems. Thus, there is a substantial likelihood that a reasonable examiner would consider these

teachings important in deciding whether or not these claims are patentable.  Accordingly, the

combination of Campbell and Minoli raises an SNQP as to Claims 20 and 21 which has not been

decided in a previous examination of the Ballard patent.

It is agreed that the consideration of ANSI-1995 and ANSI-1997, collectively "ANSI",

raise an SNQP as to Claims 1, 2, 18, 26, 27 and 29 of the Ballard patent.  As pointed out in the

request on pages 16-19, ANSI teaches an electronic data interchange protocol for exchange of

electronic digitized images of financial documents among different financial institutions

involved in a payment transaction.  The exchange occurs across diverse computing platforms and

the original imaging application captures images of paper transaction data.  ANSI teaches a

concept of functional groups that are packaged and interchanged between financial institutions.

These functional groups are defined as "items views" and "creation computer".  The "item

views" include images of documents.  The "creation computer" is a data element which

"conveys the system name of the originator's host computer that was used to create and digitize

the imaging data."  See ANSI-1995, page 105; ANSI-1997, page 105.  Thus, both images of

documents and associated identification information which identifies the source of the digitized

images are transmitted through the system.  ANSI teaches a system that processes, sends, verifies

and stores transaction data and identification information.  As taught on page 12 of both ANSI-

1995 and ANSI-1997, "upon receipt of the interchanged data, the FII-translator will parse the

incoming data for the receiving imaging application.  Then, the receiving imaging application

may generate acknowledgements or replies to query requests, and become the originating

imaging application for a new image interchange."  ANSI teaches a communication network

where data may be transmitted within and between financial institutions.   As taught in ANSI-

Application/Control Number: 90/007,830                                Page 9
Art Unit: 3993

1995, page 15-16, and ANSI-1997 page 16, "packaged interchanged content is delivered from

the originating imaging application's financial image interchange translator to the receiving

imaging application's financial image interchange translator through a computer network by

transmitting the packaged interchange data electronically." ANSI teaches encrypting data prior

to transmission. As taught on page 57 of both ANSI-1995 and ANSI-1997, "encryption key

name ... conveys the name of the key used to encipher the contents of this functional group"

(meaning the image and originator data). "Th[is] name is mutually known to the security

originator and the security recipient, is unique for this relationship, and allows a particular key to

be specified." Thus, there is a substantial likelihood that a reasonable examiner would consider

these teachings important in deciding whether or not these claims are patentable. Accordingly,

ANSI raises an SNQP as to Claims 1, 2, 18, 26, 27 and 29 which has not been decided in a

previous examination of the Ballard patent.

 It is agreed that the consideration of the combination of Campbell, Owens and Minoli

raise an SNQP as to Claims 9-15, 19 and 30-33 of the Ballard patent. As pointed out in the

request on page 11, for Claims 10 and 33, and pages 20-21, for Claims 9, 11-15, 19 and 30-32,

Minoli teaches a "polling server". This teaching causes the teachings of Owens with respect to

its "polling server" (col. 12:12-16); the database (col. 12: 18-27; the report generator (col. 14:12-

18); the CPU (col. 12:27-36); the domain name services program (col. 21:1-17) and the memory

hierarchy (col. 12:23-27) to be viewed in a new light with the teachings of Minoli as to its

teachings of a domain name services program, see pages 248-249, along with the "polling

server" teaching found on pages 33 and 350 in Minoli. Minoli teaches using WORM jukebox

and optical storage jukebox to store check images, see pages 30-31 of Chapter 7. On page 33,

Application/Control Number: 90/007,830                                       Page 10
Art Unit: 3993

Minoli teaches CD-ROM optical storage being faster than video servers. Owens discusses ways

of storing data into predefined fields, i.e. "machine pattern recognition units" which include "a

conventional character recognition reader which reads the decompressed image of a document

(18) and ascertains the monetary amount thereon." See Owens col. 23:44-47. Owens teaches

manners to correct errors, "[w]hen data is missing, the associated image is routed to one of the

processors (396,398) for display on one of the CRTs (150) where an operator keys in the

appropriate data on an associated keyboard (152). See Owens col. 23;47-52. Thus, there is a

substantial likelihood that a reasonable examiner would consider these teachings important in

deciding whether or not these claims are patentable. Accordingly, the Campbell, Owens and

Minoli combination raise an SNQP as to Claims 9, 11-15, 19 and 30-32, which has not been

decided in a previous examination of the Ballard patent.

It is agreed that the consideration of the combination of Campbell and Minoli raise an

SNQP as to Claims 17, 22-25 and 37 of the Ballard patent. As pointed out in the request on page

22, Minoli teaches using modem connections and connecting several networks in addition to the

hardware typically part of a communication network. See Minoli pages 31, 263, 268-271. Also,

Minoli teaches dynamic assigning, see pages 248-249. Likewise, Campbell teaches dynamic

assigning, col. 3:30-39 in addition to polling, col. 3:30-39; and storing, col. 3:43-58. Thus, there

is a substantial likelihood that a reasonable examiner would consider these teachings important

in deciding whether or not these claims are patentable. Accordingly, the Campbell and Minoli

combination raise an SNQP as to Claims 17, 22-25 and 37 which has not been decided in a

previous examination of the Ballard patent.

Application/Control Number: 90/007,830                                    Page 11
Art Unit: 3993

### *Issues not within Scope of Reexamination*

It is noted that an issue not within the scope of reexamination proceedings has been

raised: patent owners' belief of claim coverage.  The issue will not be considered in a

reexamination proceeding.  37 CFR 1.552(c).  While this issue is not within the scope of

reexamination, the patentee is advised that it may be desirable to consider filing a reissue

application provided that the patentee believes one or more claims to be partially or wholly

inoperative or invalid based upon the issue.

### *Conclusion*

Per MPEP § 2258 all "live" claims are reexamined during reexamination.

Application/Control Number: 90/007,830                                    Page 12
Art Unit: 3993

*Communications*

Please mail any communications to:

> Attn: Mail Stop "Ex Parte Reexam"
> Central Reexamination Unit
> Commissioner for Patents
> P. O. Box 1450
> Alexandria, VA  22313-1450

Please FAX any communications to:

> (571) 273-9900
> Central Reexamination Unit

Please hand-deliver any communications to:

> Customer Service Window
> Attn:  Central Reexamination Unit
> Randolph Building, Lobby Level
> 401 Dulany Street
> Alexandria, VA  22314

Any inquiry concerning this communication or earlier communications from the Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:

Michael O'Neill
CRU Examiner
GAU 3993
(571) 272-4442

CON FS :