# EXHIBIT A



| Bescheid/Protokoll (Anlage) | Communication/Minutes (Annex) | Notification/Procès-verbal (Annexe) |
|---|---|---|
| Datum<br>Date  24.10.2005 | Blatt<br>Sheet  1<br>Feuille | Anmelde-Nr.:<br>Application No.: 98 942 251.4<br>Demande n°: |

The examination is being carried out on the following application documents:

**Description, Pages**

1-40                    as originally filed

**Claims, Numbers**

1-36                    received on            21.09.1999

**Drawings, Sheets**

1/11-11/11              as originally filed

The following documents (D1-D5) may be referred to during any communication in subsequent examination; the notation below will be adhered to:

  D1: EP-A-0 593 209 (AMERICAN TELEPHONE AND TELEGRAPH COMPANY; AT&T CORP) 20 April 1994 (1994-04-20)
  D2: WO 90/04837 A (EMPIRE BLUE CROSS/BLUE SHIELD; SIGMA COMPUTER RESEARCH ASSOCIATES, INC) 3 May 1990 (1990-05-03)
  D3: US-A-5 602 936 (GREEN ET AL) 11 February 1997 (1997-02-11)
  D4: WO 91/06058 A (UNISYS CORPORATION) 2 May 1991 (1991-05-02)
  D5: US-A-5 457 747 (DREXLER ET AL) 10 October 1995 (1995-10-10)

1.) **Conciseness and clarity**

1.1 The application does not meet the requirements of Article 84 EPC because the claim set is not concise regarding claims 13 and 29.

EPO Form 2906 01.91CSX



| Bescheid/Protokoll (Anlage) | Communication/Minutes (Annex) | Notification/Procès-verbal (Annexe) |
|---|---|---|
| Datum<br>Date  24.10.2005<br>Date | Blatt<br>Sheet  2<br>Feuille | Anmelde-Nr.:<br>Application No.: 98 942 251.4<br>Demande n°: |

Claims 13 and 29 have been drafted as separate independent claims. Under Article 84 in combination with Rule 29(2) EPC an application may contain more than one independent claim in a particular category only if the subject matter claimed falls within one or more of the exceptional situations set out in paragraphs (a), (b) or (c) of Rule 29(2) EPC. This is not the case in the present application because the above-mentioned claims do not relate to a plurality of inter-related products nor represent alternative solutions to a particular problem, but they refer to the same method differing from each other only with regard to the definition of the subject-matter for which protection is sought and in respect of the terminology used for the features of that subject-matter.

1.2  Claim 4 is not supported by the description as required by Article 84 EPC. It relates to the additional feature that the data access subsystems comprise a printer for printing the paper transactions initiated by the card interface which includes data glyphs. The person skilled in the art would realise that this feature is in no way covered by the disclosure of the description and figures.


2.)  **Patentability**

Furthermore, the above-mentioned objection notwithstanding, the present application does not meet the requirements of Article 52(1) EPC, because the subject-matter of claims 1-36 does not involve an inventive step in the sense of Article 56 EPC.

2.1  Document D1, which is considered the closest prior art, discloses a system for central management, storage (see e. g. col. 4, l. 22-25) and report generation (see col. 8, l. 51-54) of remotely captured paper transactions from cheques (see col. 3, l. 18-20) comprising
- remote data access subsystems for capturing and sending paper transaction data (see e. g. col. 3, l. 18-55) and subsystem identification information (see col. 6, l. 18-20) comprising an imaging subsystem and a data access controller;
- a central data processing subsystem for processing, sending, verifying and storing the paper transaction data and the subsystem identification information

EPO Form 2906 01.91CSX



| Bescheid/Protokoll (Anlage) | Communication/Minutes (Annex) | Notification/Procès-verbal (Annexe) |
|---|---|---|
| Datum Date Date  24.10.2005 | Blatt Sheet Feuille  3 | Anmelde-Nr.: Application No.: 98 942 251.4 Demande n°: |

comprising a management subsystem (see e. g. col. 5, l. 9-55); and
- a communication network for the transmission of the transaction data between the subsystems (see col. 2, l. 37-42) with the data access subsystems providing encrypted data to the data processing subsystem (see col. 6, l. 48-51).

D1 does not mention the processing of other documents such as receipts. This is, however, a matter of design choice for the skilled person since the use of systems as disclosed in D1 for other financial documents is generally known in the field (see e. g. D2-D4).

As a consequence, claim 1 is not allowable for lack of inventive step of its subject-matter.

2.2 Dependent claims 2-12 do not appear to contain any additional features which, in combination with the features of any claim to which they refer, meet the requirements of the EPC with respect to inventive step. They refer to minor implementation details or other generally known features which would be used by the skilled person as a matter of normal design procedure.

2.3 In this respect, capturing electronic transactions from cards and the use of electronic signature data or biometric data as user identification means were generally known features in the field of banking systems at the date of priority of the present application (claim 2 of application, see e. g. D5). The skilled person would regard it as a normal design option to include these features in a system as disclosed in D1.

The additional features of transforming the paper transaction data to an image which is compressed and encrypted are disclosed in D1 (claim 3 of application, see e. g. col. 7, l. 23-27 and col. 6, l. 48-51 in D1). It is implicit that the image is a bitmap image and that the data access subsystems comprise digital storage for storing the images. Tagging of the image with information relating to image capture is a standard implementational choice (see e. g. TIFF standard) which does not involve an inventive step.

The subject-matter of claim 4 is not supported by the description as pointed out under

EPO Form 2906 01.91CSX

|  | Bescheid/Protokoll (Anlage) | Communication/Minutes (Annex) | Notification/Procès-verbal (Annexe) |
|---|---|---|---|
| | Datum<br>Date  24.10.2005<br>Date | Blatt<br>Sheet  4<br>Feuille | Anmelde-Nr.:<br>Application No.: 98 942 251.4<br>Demande n°: |

     1.2 above. Insofar as it appears to relate to the provision of a printer for printing the transactions and the known use of DataGlyph elements (see p. 9 of descriptions) it does not appear to add anything of inventive significance to the subject-matter of the application.

2.4 Claims 5 and 7-11 address the components used in the data access subsystems, the regional data collection systems, the central data processing system, the connecting networks and their interaction. It appears that standard components of a distributed transaction processing system at the time of priority of the application are used such as servers, databases, a report generator, jukeboxes, a bank of modems, routers and a frame relay network. It would therefore be a matter of normal design procedure for the skilled person to use and combine these components when implementing a system as disclosed in D1. This also applies to load balancing by dynamic assignment of IP addresses and the design option for transmitting the transaction data via intermediate locations (see also col. 3, l. 56 - col. 4, l. 2 in D1). The subject-matter of claims 5 and 7-11 can therefore not be regarded as involving an inventive step.

2.5 Claims 6 and 12 refer to generally known features of identification verification and cheque processing. In this respect, it is common to compare biometric and signature data with samples stored at a central database and to use templates for partitioning scanned data into panels, identifying locations of the panels and correcting errors in the panels (claim 6 of application, see e. g. D5, col. 7, l. 35-39 and D2, p. 6, l. 5-22). The use of typical cheque data fields and remote verification cannot be considered inventive either (claim 12 of application, see e. g. D2, p. 6, l. 33-36).

2.6 Claims 13-22 and 29-36 relate to methods and claims 23-28 to a communication network with features corresponding to those in system claims 1-12. The objections raised in respect of these claims also apply to claims 13-36.

3.) **Amendments**

3.1 It is not at present apparent which part of the application could serve as a basis

EPO Form 2906 01.91CSX



| Bescheid/Protokoll (Anlage) | Communication/Minutes (Annex) | Notification/Procès-verbal (Annexe) |
|---|---|---|
| Datum / Date / Date  24.10.2005 | Blatt / Sheet / Feuille  5 | Anmelde-Nr.: / Application No.: / Demande n°:  98 942 251.4 |

for a new, allowable claim. Should the applicant nevertheless regard some particular matter as patentable, an independent claim should be filed taking account of Rule 29(1) EPC. The applicant should also indicate in the letter of reply the difference of the subject-matter of the new claim vis-à-vis the state of the art and the significance thereof.

3.2  The attention of the applicant is drawn to the fact that the application may not be amended in such a way that it contains subject-matter which extends beyond the content of the application as filed (Article 123(2) EPC).

3.3  Any information the applicant may wish to submit concerning the subject-matter of the invention, for example further details of its advantages or of the problem it solves, and for which there is no basis in the application as filed, should be confined to the letter of reply and not be incorporated into the application (Article 123(2) EPC and the Guidelines, C-VI, 5.3.4 et seq.).

3.4  In order to facilitate the examination of the conformity of the amended application with the requirements of Article 123(2) EPC, the applicant is requested to clearly identify the amendments carried out, irrespective of whether they concern amendments by addition, replacement or deletion, and to indicate the passages of the application as filed on which these amendments are based.
If the applicant regards it as appropriate these indications could be submitted in handwritten form on a copy of the relevant parts of the application as filed.

3.5  When filing amended claims the applicant should at the same time bring the description into conformity with the amended claims. Care should be taken during revision, especially of the introductory portion and any statements of problem or advantage, not to add subject-matter which extends beyond the content of the application as originally filed (Article 123(2) EPC).

EPO Form 2906 01.91CSX



| ⊠ EPA EPO OEB<br>D-80298 München<br>☎ +49 89 2399-0<br>TX 523 656 epmu d<br>FAX +49 89 2399-4465 | Europäisches<br>Patentamt<br><br>Generaldirektion 2 | European<br>Patent Office<br><br>Directorate General 2 | Office européen<br>des brevets<br><br>Direction Générale 2 |

Maggs, Michael Norman
Kilburn & Strode 20 Red Lion Street
London WC1R 4PJ
ROYAUME-UNI

| Telephone numbers: | Branch at The Hague |
|---|---|
| Primary Examiner<br>(substantive examination) | +31 70 340-8921 |
| Formalities Officer / Assistant<br>(Formalities and other matters) | +31 70 340-2591 |



| Application No.<br>98 942 251.4 - 1238 | Ref.<br>DCM/P10420EP | Date<br>24.10.2005 |
|---|---|---|
| Applicant<br>Data Treasury Corporation | | |

**Communication pursuant to Article 96(2) EPC**

The examination of the above-identified application has revealed that it does not meet the requirements of the European Patent Convention for the reasons enclosed herewith. If the deficiencies indicated are not rectified the application may be refused pursuant to Article 97(1) EPC.

You are invited to file your observations and insofar as the deficiencies are such as to be rectifiable, to correct the indicated deficiencies within a period

**of   4   months**

from the notification of this communication, this period being computed in accordance with Rules 78(2) and 83(2) and (4) EPC.

One set of amendments to the description, claims and drawings is to be filed within the said period on separate sheets (Rule 36(1) EPC).

**Failure to comply with this invitation in due time will result in the application being deemed to be withdrawn (Article 96(3) EPC).**



Bohner, M
Primary Examiner
for the Examining Division

Enclosure(s):    5 page/s reasons (Form 2906)

**Registered Letter**
EPO Form 2001 07.02CSX