IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. 2:06-cv-0072-DF |
| | § | JURY TRIAL DEMANDED |
| WELLS FARGO & COMPANY, et. al. | § | |
| | § | |
| Defendants | § | |
| | § | |

## JOINT CONFERENCE REPORT

**(1)   A brief factual and legal synopsis of the case.**

   (a)   *Plaintiff's position.*

   This is a patent infringement case. The patents-in-suit are U.S. Patent No. 5,910,988 ("the '988 Patent"), U.S. Patent No. 6,032,137 ("the '137 Patent"), U.S. Patent No. 5,265,007 ("the '007 Patent"), U.S. Patent No. 5,583,759, ("the '759 Patent"), U.S. Patent No. 5,717,868 ("the '868 Patent"), U.S. Patent No. 5,930,778 ("the '778 Patent"). The '988 patent duly and legally issued on June 8, 1999, with Claudio Ballard as the named inventor, for an invention in remote image capture, with centralized processing and storage. The '137 patent duly and legally issued on February 29, 2000, with Claudio Ballard as the named inventor, for an invention in remote image capture, with centralized processing and storage. The '007 patent duly and legally issued on November 23, 1993, with John L. Barnhard, Jr., Thomas K. Bowen, Terry L. Geer, and John W. Liebersbach as the named inventors, for an invention of a central check clearing system. The '759 patent duly and legally issued on December 10, 1996, with Terry L. Geer as the named

Datatreasury Corporation v. Wells Fargo & Company et al                                              Doc. 311

inventor, for an invention with a mechanism for expediting the deposit, transport, and submission of checks into the payment system. The '868 patent duly and legally issued on February 10, 1998, with David L. James as the named inventor, for an invention with an electronic payment interchange concentrator. The '778 patent duly and legally issued on July 27, 1999, with Terry L. Geer as the named inventor, for an invention with a system for expediting the clearing of financial instruments and clearing the same with invoice processing at the point of receipt.

Plaintiff DataTreasury Corporation ("DataTreasury") is the owner of the '988, '137, '007, '759, '868 and '778 Patents. Plaintiff claims that Defendants directly infringe, contributorily infringe and induce infringement on these Patents.

(b)    *Defendants' Position.*

The defendants consist of banks, corporate parents or affiliates of banks, equipment providers, and other financial service firms. Only one defendant, Magtek, has filed an answer, but the defendants understand Magtek is settling with the plaintiff. The remaining defendants have pending motions to dismiss for failure to state a claim and/or lack of personal jurisdiction. The defendants individually and collectively deny that they directly or indirectly infringe the asserted patens. They further deny that they contribute to or induce infringement of the asserted patents. Additionally, they contend that the patents in suit are invalid based on failure to satisfy 35 U.S.C. SS 102, 103, and 112, and/or that the Plaintiff is barred from asserting its claims by, among other things, the doctrine of laches and/or equitable estoppel.

(2) **The date the 26(f) conference was held, the names of those persons who were in attendance, and the parties they represented:**

Plaintiff's counsel and Defendants' counsel conducted a series of telephonic conferences and written exchanges, pursuant to Fed. R. Civ. P. 26(f) and 16(b), on various dates up to and including October 13, 2006. Every party in suit has participated in these conferences, by and through the counsel who have entered their appearances to date.

(3) **A list of any cases that are related to this case and that are pending in any state or federal court with the case numbers and court:**

1. *DataTreasury v. First Data*; Eastern District of Texas, Texarkana; 5:03-CV-39

2. *DataTreasury v. Wells Fargo & Co., Wells Fargo N.A.*; Eastern District of Texas, Marshall; 2:05CV-291

3. *DataTreasury v. Wachovia Corp., Wachovia Bank Nat'l Ass'n* Eastern District of Texas, Marshall; 2:05-CV-293

4. *DataTreasury v. Bank of Am. Corp., Bank of Am. Nat'l Bank Ass'n*; Eastern District of Texas, Marshall; 2:05-CV-292

5. *DataTreasury v. Remitco LLC, Integrated Payment Sys., Inc.*; Eastern District of Texas, Texarkana; 5:05-CV-173;

6. *DataTreasury v. Citigroup, Inc., Citibank Nat'l Ass'n* Eastern District of Texas, Marshall; 2:05-CV-294.

(4) **An agreed discovery/case management plan, if an agreement can be reached.**

The parties have agreed to most components of a proposed Docket Control Order, but are in disagreement on a few issues. A proposed Docket Control Order is appended hereto, setting forth the parties' suggestions and identifying the remaining disagreements.

(5)  **A suggested date for the final pre-trial conference at which time the trial(s) will be scheduled.**

October 6, 2008.

(6)  **The expected length of trial.**

The parties are unable to reliably estimate length of trial until such time as a structure for trying all defendants is discussed between counsel and resolved with the Court. The parties will revisit this issue well in advance of the final pretrial conference and provide a proposal to the Court. To this end, the proposed Docket Control Order appended hereto suggests the scheduling of a Preliminary Pretrial Conference in late July 2008, at which time these matters would be addressed and resolved.

(7)  **Whether the parties jointly agree to trial before a magistrate judge.**

No.

(8)  **Whether a jury demand has been made.**

Yes.

(9)  **Whether the parties request a conference with the court pursuant to Fed. R. Civ. P. 16(b) before the entry of the Scheduling Order.**

The Court has scheduled a Case Management Conference in this cause for October 19, 2006, at 1:00 p.m.

(10) **Additional issues for the Court's consideration or information.**

    (a)  **Discovery Limitations:**

The parties have agreed on some questions concerning discovery, and request the Court make determinations on others. The parties agree that this case will proceed most

efficiently under a total hours system, where each party is entitled to a finite number of total deposition hours, to be utilized as that party deems appropriate. The parties do not agree on the total number of deposition hours, or on whether the depositions of Fed. R. Civ. P. 30(b)(6) representatives should be included in the total hours permitted to each party, or excluded therefrom. DataTreasury proposes to the Court the following limitation on oral deposition discovery: 200 total hours of deposition time by and as to each litigant group (a litigant group consists of a defendant bank and, where applicable, the bank's correlative National Association or holding company), excluding depositions of expert witnesses and Fed. R. Civ. P. 30(b)(6) representatives, as to whom no limitations are imposed. Defendants propose to the Court the following limitation on oral deposition discovery: 150 total hours of deposition time by and as to each litigant group, excluding depositions of expert witnesses, as to whom no limitations are imposed, but including Fed. R. Civ. P. 30(b)(6) representatives.

As to written discovery, the parties agree to place no limits on requests for production. The parties disagree on whether the Court should impose limits on requests for admission. DataTreasury contends that the Court should not deviate from the Federal Rules of Civil Procedure, which place no numeric limitations on requests for admission. Defendants propose that the Court permit unlimited requests for admission to authenticate documents, but otherwise limit requests for admission per litigant group to 100 requests (e.g. plaintiff has 100 requests and the litigant group has 100 requests) for each patent asserted against that group. As to both requests for admission and requests for production, the parties have agreed they will attempt in good faith to utilize these vehicles to reduce the need for more costly oral discovery. The parties agree that

interrogatories by and as to each litigant group will be limited to two sets of interrogatories with no more than 30 interrogatories per set.

To prevent repetitive depositions of witnesses by different parties to the litigation, the parties have agreed to propose to the Court a Deposition Protocol Order. The proposed Order will be reduced to writing and submitted for Court approval within 15 days, and will provide that any party or non-party in receipt of a deposition notice may invoke the protections of the Order as to a given witness, whereupon all litigation parties will be required to depose that particular witness as designated in the Order. Though the parties agree that a Deposition Protocol Order is appropriate for this case, the parties do not agree on all the terms of the Order. Between the date of submission of this Report and the Case Management Conference on October 19, the parties will continue working toward an agreement on the terms of the Deposition Protocol Order. If these discussions are unsuccessful, the parties will request a Court determination on the remaining issues at the October 19 Case Management Conference  DataTreasury will also seek entry of the Deposition Protocol Order as to related cases numbers 2-6 listed in Item (3) above and will inform the Court at the time the proposed Deposition Protocol Order is filed whether such proposal is agreeable to or opposed by defense counsel in the related actions.

As stated at the August 29, 2006 informal conference with the Court, the parties agree that a Special Master to resolve discovery disputes should be appointed. The parties will continue discussions concerning an agreement as to who should be appointed and will apprise the Court no later than November 1, 2006, whether an agreement has been reached and, if not, supply the Court with two names per side for consideration.

The parties will likewise continue to discuss and attempt to resolve amongst themselves the details surrounding the format for electronic discovery production.

    **(b)**    **Electronic Communication Protocol**

The parties have each agreed to create and to exchange (by October 19, 2006) a single email address for each litigant group, which the parties will utilize for electronic communication and service between and amongst themselves.

    **(c)**    **Protective Order**

The parties have exchanged a proposed protective order and are finalizing the terms. The parties will submit an Agreed Motion for Entry of Protective Order by November 1, 2006.

Respectfully submitted,

By: _____

| | |
|---|---|
| Joe Kendall | Edward L. Hohn |
| Texas State Bar No. 11260700 | Anthony K. Bruster |
| Karl Rupp | **NIX, PATTERSON & ROACH, LLP** |
| Texas State Bar No. 24035243 | 205 Linda Drive |
| **PROVOST UMPHREY LAW FIRM, L.L.P.** | Daingerfield, TX 75638 |
| 3232 McKinney Ave., Suite 700 | Tel. (903) 645-7333 |
| Dallas, Texas 75204 | Fax (212) 645-4415 |
| Telephone: (214) 744-3000 | |
| Facsimile: (214) 744-3015 | |
| | |
| Rodney A. Cooper | Edward L. Chin |
| **THE COOPER LAW FIRM** | **NIX PATTERSON & ROACH LLP** |
| c/o **NIX PATTERSON & ROACH LLP** | 5215 N. O'Connor Blvd, Ste. 1900 |
| 5215 N. O'Connor Blvd, Ste. 1900 | Irving, TX 75039 |
| Irving, TX 75039 | Tel. (972) 831-1188 |
| Tel. (972) 831-1188 | Fax (972) 444-0726 |
| Fax (972) 444-0726 | |

| | |
|---|---|
| T. John Ward, Jr.<br>**LAW OFFICE OF T. JOHN WARD, JR., P.C.**<br>P.O. Box 1231<br>Longview, TX 75606<br>Tel. (903) 757-6400<br>Fax (903) 758-7397 | Eric M. Albritton<br>**ALBRITTON LAW FIRM**<br>P.O. Box 2649<br>Longview, TX 75606<br>Tel. (903) 757-8449<br>Fax (903) 758-7397 |

**Attorneys for Plaintiff, DataTreasury Corporation**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that various conferences have been held concerning the foregoing document, and that all parties hereto concur in the filing of this Joint Conference Report.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served electronically on all counsel of record on the 13th day of October, 2006.

_____/s/_____
**KARL RUPP**