UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| *PLAINTIFF* | § | |
| | § | Civil Action No. 2:06cv72 (DF) |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| WELLS FARGO & COMPANY; ET AL. | § | |
| | § | |
| *DEFENDANTS* | § | |

## JOINT PROPOSED DOCKET CONTROL ORDER

Pursuant to the Court's authority under Federal Rules of Civil Procedure 1 and 26, it is hereby ORDERED that the parties comply with the following docket control timetable:

| STEP | ACTION | RULE | DATE |
|---|---|---|---|
| 1 | Initial Case Management Conference | Patent L.R. 2-1 FRCP 26(f) | 10/19/06 |
| 2 | Parties Exchange Initial Disclosures | FRCP 26(a) | 11/29/06 |
| 3 | McKool Smith Proposal: Patentee serves Disclosure of Asserted Claims and Preliminary Infringement Contentions of less than 50 claims for all patents-in-suit (note the further limitation provided by number 11 herein)[1]<br><br>Plaintiff's Proposal: Opposed to this step[2] | Patent L.R. 3-1 | 11/29/06 |
| 4 | Patentee makes Document Production Accompanying Disclosure | Patent L.R. 3-2 | 11/29/06 |

---

[1] *See Polycom, Inc., et al. v. Codian Ltd., et al.*, Docket Control Order dated July 10, 2006, Civil Action No. 2-05CV-520 (DF); *see also Ronald A. Katz Techology Licensing, L.P. v. Citibank, et. al.*, Order dated May 8, 2006, Doc. No. 124, Civil Action No. 5:05-CV-142 (DF)

[2] Plaintiff does not believe that the claims asserted should be numerically limited during the course of discovery. Plaintiff opposes the inclusion of substantive numeric limitations in the scheduling order, and believes that even if such a proposal is implemented, the appropriate time for any such limitation should correspond with the close of fact discovery (April 11, 2008). Fish & Richardson does not request the limitation described in this Step, but joins McKool Smith in the requested limitation described in Step 11.

Datatreasury Corporation v. Wells Fargo & Company et al    Doc. 311 Att. 1

| 5 | Accused Infringer serves Preliminary Invalidity Contentions | Patent L.R. 3-3 | 01/29/07 |
|---|---|---|---|
| 6 | Accused Infringer makes Document Production Accompanying Preliminary Invalidity Contentions | Patent L.R. 3-4 | 01/29/07 |
| 7 | Parties Exchange any Proposed Terms and Claim Elements for construction | Patent L.R. 4-1 (a) | 02/05/07 |
| 8 | Parties meet and confer to discuss list of Proposed Terms and Claim Elements for Construction | Patent L.R. 4-1 (b) | 02/09/07 |
| 9 | Parties make Exchange of Preliminary Claim Constructions and Extrinsic Evidence in Support of Respective Claim Constructions | Patent L.R. 4-2 (a) | 02/26/07 |
| 10 | Parties meet and confer to discuss Preliminary Claim Constructions and Extrinsic Evidence | Patent L.R. 4-2 (c) | 03/02/07 |
| 11 | <u>Defendants' Proposal:</u> Patentee shall limit the number of asserted claims to no more than ten (10) against a Litigant Group[3] and notify the Court and the accused infringers what ten claims are specifically asserted against Litigant Group[4]<br><br><u>Plaintiff's Proposal:</u> Opposed to this step.[5] |  | 03/19/07 |
| 12 | Parties file Joint Claim Construction and Prehearing Statement | Patent L.R. 4-3 | 04/02/07 |

---

[3] A Litigant Group is defined as a defendant bank and, where applicable, the bank's correlative national association or holding company.
[4] See n.1, *supra*.
[5] See n.2, *supra*.

| 13 | Parties file Amended Pleadings & join any additional parties | | 04/02/07 |
|---|---|---|---|
| 14 | <u>Plaintiff's Proposal</u>: Accused Infringers shall limit the asserted defenses to each asserted claim described in Step 11 to one (1) per claim and notify the Court and the Patentee what defense is specifically asserted against each claim.<br><br><u>Defendants' Proposal</u>: Opposed to this step. | | 04/18/07 |
| 15 | Completion of Claim Construction Discovery | Patent L.R. 4-4 | 04/27/07 |
| 16 | Patentee files Opening Claim Construction Brief on Claim Construction issues | Patent L.R. 4-5(a) | 05/28/07 |
| 17 | Accused Infringer files Responsive Claim Construction Brief(s) on Claim Construction issues | Patent L.R. 4-5(b) | 07/09/07 |
| 18 | Patentee files Reply Brief on Claim Construction Issues | Patent L.R. 4-5(c) | 08/23/07 |
| 19 | Accused Infringer files Surreply Brief on Claim Construction Issues | | 09/10/07 |
| 20 | Parties file Claim Construction Chart | Patent L.R. 4-5(d) | 09/14/07 |
| 21 | Claim Construction Hearing | Patent L.R. 4-6 | 09/24/07 |
| 22 | Ruling on Claim Construction issues entered by the Court | | TBD |
| 23 | Patentee makes Final Infringement Contentions | Patent L.R. 3-6 (a) | Step 22 + 30 days |
| 24 | Accused Infringer makes Final Invalidity Contentions | Patent L.R. 3-6 (b) | Step 22 + 50 days |

| 25 | Accused Infringer makes Disclosure Relating to Willfulness | Patent L.R. 3-8 | Defendants: Step 18 + 60 days<br><br>Plaintiff: 10/01/07 |
|---|---|---|---|
| 26 | Completion of all Remaining Fact Discovery | | 04/11/08 |
| 27 | Parties disclose Expert Witnesses and serve Expert Witness Reports | FRCP 26(a)(2) | 04/14/08 |
| 28 | Parties serve Rebuttal Expert Witness Reports | | 05/12/08 |
| 29 | Completion of Expert Discovery[7] | | 05/30/08 |
| 30 | Deadline for filing all dispositive and summary judgment motions, *Daubert*/FRE 702 Motions and any other Motions to Strike or limit Expert Testimony[8] | | 06/02/08 |
| 31 | Deadline for filing Responses to all dispositive and summary judgment motions, *Daubert*/FRE 702 Motions, & Motions to Strike/Limit Experts | | 07/07/08 |

---

[7] **Plaintiff's Proposal**: All substantive expert discovery must be complete by this date. The parties may file supplemental expert affidavits addressing only summary judgment or dispositive motion issues through the end of briefing thereon. If any such supplemental expert affidavits are filed, the parties may depose the affiant(s) as to the topics set forth in the affidavit. Any depositions on supplemental affidavits must be completed by August 25, 2008.

**McKool Smith Proposal**: All substantive expert discovery must be complete by this date. The parties may file expert affidavits addressing only summary judgment or dispositive motion issues through the end of briefing thereon. The opinions expressed in these expert affidavits and the basis and reasons therefor, however, are limited to those expressed in the expert's respective report(s). If any such expert affidavits are filed, the parties may depose the affiant(s) as to the topics set forth in the affidavit. Any depositions on such affidavits must be completed by August 25, 2008.

[8] If any party files a dispositive or summary judgment motion before the deadline prescribed herein, all subsequent responsive briefs shall be due at the same intervals as established in the Order.

| 32 | Deadline for filing Replies regarding all dispositive and summary judgment motions, *Daubert*/FRE 702 Motions, & Motions to Strike/Limit Experts | | 07/28/08 |
|---|---|---|---|
| 33 | Preliminary Pretrial Conference with Court to Discuss Trial Groupings/Management and Deadlines | | 07/29/08 |
| 34 | Deadline for filing Surreplies regarding all dispositive and summary judgment motions, *Daubert*/FRE 702 Motions, & Motions to Strike/Limit Experts | | 08/18/08 |
| 35 | Patentee's Pretrial Disclosures | Fed. R. Civ. P. 26(a)(3) | 08/25/08 |
| 36 | Accused Infringer's Pretrial Disclosures | Fed. R. Civ. P. 26(a)(3) | 09/01/08 |
| 37 | Parties file Proposed Joint Final Pretrial Order including Proposed Jury Charge, Verdict Forms and Motions in Limine | | 09/08/08 |
| 38 | Parties file Responses to Motions in Limine | | 09/22/08 |
| 39 | Parties file Replies to Motions in Limine | | 09/29/08 |
| 40 | Final Pretrial Conference before Judge David Folsom | | 10/06/08 |
| 41 | Jury Selection | | To be determined. |

This Docket Control Order shall not be modified except by leave of Court or upon agreement of all parties.