IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

Judge David Folsom

| | | |
|---|---|---|
| DATATREASURY CORPORATION | )( | |
| | )( | |
| V. | )( | CIVIL NO. 2:06CV72 |
| | )( | |
| WELLS FARGO | )( | |

_____

| | |
|---|---|
| ATTORNEY FOR PLAINTIFFS: | Ed Hohn; Rodney Cooper; Ed Chin; Anthony Bruster; Karl Rupp |
| ATTORNEY FOR DEFENDANTS: | Robert Parker; Sam Baxter; Tom Melsheimer; Brett Johnson |
| LAW CLERK: | David Keyzer & Jonathan Hardt |
| COURTROOM DEPUTY: | Mel Martin |
| COURT REPORTER: | Libby Crawford |

_____

SCHEDULING CONFERENCE
October 19, 2006 @ 1:00 p.m.

OPEN: 1:03                                                    ADJOURN: 2:01
_____

1:03   ct opens;

1:03   ct/ add ptys group that wanted to call in has not; and we need to get started so that Judge Ward can continue with his trial;

1:03   Baxter/ I will your honor

1:03   ct/ will discuss matters I don't agree with; 10 mins for each side on motion;

1:04   Hohn/ approach the podium

1:04   ct/ management issues; trial plan

1:05   Hohn/ add the ct; thinks

1:06   ct/ add group that is attending by phone and will allow to e-mail a list of who was involved via phone;

1:07   Hohn/ argues motion

1:07   ct/ all deposition hrs will be counted against time allotted;

1:07   Hohn/ 200 per dft

1:08   Johnson/ for Fish & Richardson;

1:08   ct/ will take these up by groups, ct will entertain additional hrs

1:09   Hohn/ don't mind doing discovery but don't want it coming out of the 200

1:09   ct/ talk in how many hrs you want, it will count against your hours

1:09   Hohn/ we will need 250 hrs

1:10   Johnson/ 6,000 hrs; consolidated everyone's views; 6,000 hrs is ridiculously...; 1:11 expert sharing;

1:11   ct/ not enough experts; different issue on how we approach the trial

1:11   Johnson/ 150 hrs

1:11   ct/ will give 175 hrs per litigation group; don't use all that time and then think you will file a motion for additional time; includes all depositions; talk in more detail 10 hrs per expert and 30(b)6;

1:12   Hohn/ request for admissions;

1:16   Johnson/ have proposed 100;

1:16   ct/ that is too low;

1:16   Johnson/ address' the ct;

1:16   ct/ start with a group of no more than 500;

1:16   Johnson/ 500 rfa's per litigant group;

1:17   Hohn/ special master; Danny Williams;

1:17   ct/ in terms of SM one for discovery and one as a Technical Advisor;

1:18   Hohn/ same person

1:18   ct/ talking in terms of 2 individuals;

1:18   Parker/ should be split;

1:19   ct/ tend to agree;

1:19   Hohn/ just adding cost

1:19   ct/ looking around and nobody particular concerned with adding cost;

1:19   Parker/ we have a problem with Danny Williams;

1:20   ct/ not talking in terms of who it is going to be; meet and confer on these issues and work through it; and ct will adopt choice of ptys; if you can't agree then ct will choose; conflicts issue; how much time needed to meet and confer about this process, can this be done in a couple of weeks;

1:21   Parker/ can be done this afternoon;

1:21   Hohn/ 48 hrs

1:21   ct/ if you can't agree determine selection if they have a conflict, you 2 gentlemen report to me directly if you are able to agree; within a week or so;

1:22   Hohn/ issue deposition protocol;

1:22   ct/ do ptys continue to work on that;

1:22   Hohn/ responds, this is where we are;

1:23   ct/ not suggested in report and may need some time to give thought to this issue

1:23   Johnson/ responds

1:23   ct/ can't imagine ptys trying to coordinating everybody being available for depositions;

1:23   Johnson/ responds;

1:24   ct/ need to be some tweaking on standard limitation re: expert time; ptys will need to work some more on this issue; we will come back to this topic;

1:24  Hohn/ responds

1:24  ct/ number of lawyers; doesn't necessarily mean that can happen; SM assisting with discovery may need to assist on deposition times and working through those;

1:25  Hohn/ limitation of claims;

1:25  ct/ see it difficult to go forward with 200 asserted claims; wrong with dfts proposal, 50 asserted claims;

1:26  Hohn/ nothing and we have done it with every dft so far; narrow claims after discovery;

1:27  Parker/ grant motion to stay you get rid of 93 claims right there;

1:27  ct/ tough time convincing me on one without the other;

1:28  Parker/ failed before;

1:28  ct/ time left; what ptys have thought of actual trial of this case;

1:28  Johnson/ proposed a pre, pre-trial conference in the Summer of '08;

1:28  ct/ try first group in October of '08; why didn't ptys think in terms of March '08

1:29  Hohn/ we did;

1:29  Johnson/ responds;

1:29  ct/ we have one set here in March; those have a way of changing;

1:30  Johnson/ responds;

1:30  ct/ that was to be done by November 29th;

1:30  Hohn/ we will have it done by 11/29th

1:30  ct/ limit to 50 asserted claims by 11/29th;

1:31  Hohn/ different issue;

1:31  ct/ when does that take place, the 50

1:31  Johnson/ end of November;

1:31  ct/ understand dfts proposal they limit themselves to 50 asserted claims and then March

        they narrow to 10

1:32    Johnson/ for each litigant group

1:32    ct/ each litigant group, I understand; what has been done by way of disclosure

1:32    Hohn/ just getting going on that;

1:32    ct/ assume that I am going to limit you what would be a reasonable time;

1:33    Hohn/ 3 mos after we get their documents

1:33    ct/ what is so unreasonable about that

1:33    Johnson/ responds

1:33    ct/ spirit of cooperation

1:33    Johnson/ evaporates at key times; 50 claims is a large number

1:34    ct/ sever out those unless ptys can agree to some stipulation; can explore at a later date; claims involved in Polycom case;

1:34    Baxter/ don't remember;

1:34    ct/ what other areas other than stay issue

1:34    Hohn/ e-discovery;

1:35    Johnson/ we will be able to work through that in the next week or two;

1:35    ct/ much thought to trial plan; how cases are going to be broken up;

1:35    Hohn/ common factor;

1:37    ct/ doesn't have to be decided now; we need to make a decision who is going to be tried and in what order;

1:37    Johnson/ we don't agree with organizing principal;

1:38    ct/ luxury of time on this issue; number of pending motions;

1:38    Melsheimer/ add the ct;

1:39    ct/ local rule that you have got to make disclosure even if there is a pending motion;

1:39   Johnson/ took place about 10 days ago;

1:39   Bruster/address the ct;

1:40   Johnson/ administrative matter;

1:41   ct/ no reason why that can't be done;

1:41   Hohn/ trouble getting stuff that they did with court reporters and videographers;

1:42   Johnson/ list

1:42   ct/ they just said a list and don't see a problem with that;

1:43   Hohn/ will go forward on motion;

1:43   ct/ add ptys;

1:43   Parker/ argues motion, conferred with Mr. Baxter and in agreement; speak today for the defense group;

1:44   ct/ heart of the issue; opportunity to see order entered in Antor;

1:44   Parker/ argues motion;

1:46   ct/ can limit claim reduction; Ballard group; clients want both of best worlds;

1:47   Parker/ continues with motion; obviously some settlements;

1:48   Baxter/ argues motion, a little different from Antor;

1:52   ct/ response;

1:52   Rupp/ responds to motion;

1:57   Parker/ mention one other thing;

1:57   ct/ yes you may;

1:57   Parker/ extend opportunity to dfts to reassert it;

1:57   ct/ reasonable; claim construction suggested date is agreeable for my docket; 9/24/07; how long needed for claim construction;

1:58   Hohn/ one day is plenty;

1:58    ct/ limiting term that are construed and no case authority on that;

1:59    Johnson/ 2 days;

1:59    ct/ we will set aside 2 days; report back within a week on SM and TA; order next week on stay; approach issue on asserted claims;

1:59    Rupp/ carve out issue on asserted claims;

2:00    ct/ plan to have order out on stay issue next week and that will give everybody some guidance; any other matters;

2:01    recess;