IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORP., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:06-CV-72-DF |
| WELLS FARGO & CO., et al. | § § § | |
| Defendants. | § § § | |

# O R D E R

Before the Court is the Motion of Defendants EDS, Harris, Key, PNC, and Suntrust to Sever and Stay the Claims Relating to the Ballard Patents Pending Reexamination of the Ballard Patents (Dkt. No. 260). Most of the remaining defendants join in this motion. Dkt. Nos. 262, 263, 267, 271, 272, 273, 278, 281, 282, 284, 285, 289, 290 & 319. Defendants BB&T Corporation, Branch Banking and Trust Company, Comerica Incorporated, Comerica Bank & Trust, National Association, M&T Bank Corporation and M&T Bank also filed a Motion to Sever and Stay Claims Related to Ballard Patents Pending Reexamination. Dkt. No. 292. Also before the Court are Plaintiff's consolidated responses and Defendants' consolidated reply. Dkt. Nos. 305, 306 & 317. The Court held a hearing on October 19, 2006, and having reviewed the relevant briefing and hearing arguments of counsel, the Court finds that Defendants' motions should be **GRANTED AS MODIFIED**.

## BACKGROUND

On January 6, 2006, the United States Patent and Trademark Office (the "PTO") granted requests for reexamination of United States Patent Numbers 5,910,988 and 6,032,137

(collectively, the "Ballard patents") filed by First Data Corporation, which is now a party to this litigation. Dkt. No. 260 at 11 & Exh. 3. The requests for reexamination, Defendants argue, "cited highly relevant and material prior art that had not been considered by the PTO in its initial examination." *Id.*

## DEFENDANTS' MOTIONS

Defendants assert a stay of these proceeding pending completion of reexamination will "give effect to the [C]ongressional purposes for the reexamination procedure," simplify the issues before the Court, and cause no undue prejudice to Plaintiff. Dkt. No. 260 at 9-10; *see also* Dkt. No. 292 at 8. Defendants argue: "granting a stay will cause no undue prejudice to [Plaintiff]; the reexamination process will likely narrow or eliminate many of the issues related to the Ballard patents; and no discovery has been taken and no trial date has been set." *Id.* at 14; *see also* Dkt. No. 292 at 11-13.

Defendants argue that Plaintiff is in no danger of suffering irreparable harm because Plaintiff is not "selling or marketing products under its patent." *Id.* at 15 (quoting *Middleton, Inc. v. Minn. Mining and Mfg. Co.*, 2004 WL 1968669, at *9 (S.D. Iowa Aug. 24, 2004)). Defendants argue that the availability of money damages is sufficient to protect Plaintiff from prejudice. *Id.*; *see also* Dkt. No. 292 at 12.

Defendants argue that 16 defendants are accused of infringing only the Ballard patents, so a stay would reduce the number of defendants in this case considerably. *Id.* at 16. Similarly, Defendants argue that a stay of the Ballard patents will reduce by 93 the 224 asserted claims. Defendants also cite a "71% chance that the claims of a patent undergoing *ex parte* reexamination will be at least narrowed in scope, if not eliminated altogether." *Id.* at 17; *see also*

Dkt. No. 292 at 8-9.  Finally, Defendants argue that this litigation is in "its very earliest stage." *Id.* at 19; *see also* Dkt. No. 292 at 10-11.

Defendants conclude by requesting that the Court sever the claims related to the Ballard patents while those claims are stayed pending reexamination.  *Id.* at 19-21.

## PLAINTIFF'S RESPONSE

As to the motions to sever, Plaintiff argues that the Court should not sever the claims based on the Ballard patents because all of the asserted patents "address various related aspects of financial instrument and payment processing in the banking and payments industries." *Id.* at 11.  Plaintiff further argues that "[t]here is overlapping proof among the patents-in-suit," such as how each defendant receives, transmits, and stores check images, checks, and financial instruments.  *Id.* at 12-13.  Plaintiff asserts "[t]he ownership and use of SVPCo and Viewpointe by the Defendants for check processing and check image storage presents common questions of fact that should be discovered in a single case, not in multiple cases." *Id.* at 13.  Plaintiff proposes that severing the case would result in substantial duplication of effort by both the parties and the Court.  *Id.* at 14-17.

As to the motions to stay, Plaintiff first asserts that typical reexaminations take several years to complete, and the PTO's rulings are not effective until after the time for final appeal on the matter has passed, which could include appeals to the Board of Patent Appeals and Interferences and the Federal Circuit Court of Appeals.  *Id.* at 18-19.  Plaintiff argues that the likelihood that the PTO will invalidate the claims of the Ballard patents is low because while the PTO almost routinely grants requests for reexamination, the PTO cancels all claims in only about one tenth of all cases.  *Id.* at 20.  Plaintiff argues that concurrent litigation and reexamination is

3

appropriate. *Id.* at 22-24 (citing *Soverain Software LLC v. Amazon.com*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

Second, Plaintiff asserts that the reexamination proceedings will not simplify or eliminate the issues before the Court because "the Defendants are expected to raise defenses which cannot be considered by the USPTO during the course of reexamination proceedings . . ., such as the allegation of inequitable conduct during prosecution of the patents." *Id.* at 24-25. Plaintiff also argues that the PTO's "invalidity analysis is significantly narrower than that which is conducted in a federal district court." *Id.* at 25. Plaintiff argues that a stay of the Ballard patents will not simply the litigation because it would likely result in duplicated effort related to the Ballard patents in the future. *Id.* at 27-28.

Third, Plaintiff contends that "stoppage of this lawsuit will not be automatically reversed by the lifting of a stay in a few months or several years" because of the "time needed for the litigants, experts, [and] witnesses" to re-engage and to come back up to speed on the facts and issues of the case. *Id.* at 29-30.

## DEFENDANTS' REPLY

Defendants reply that there is "little overlap" between the Ballard patents and the other patents-in-suit. Dkt. No. 317 at 6. Defendants argue that the posture of the litigation should be the most important factor in deciding whether to grant a stay, and this case is in its earliest stage. *Id.* at 9. Defendants argue that Plaintiff would suffer no undue prejudice from a stay because "[t]here is nothing unfair in asking [Plaintiff] . . . to hold off pursuing its Ballard-patent claims while the PTO decides whether there was a problem with the initial decision to issue those claims." *Id.* at 10.

4

Defendants also argue that requiring a "stipulation that they will not subsequently challenge the Ballard patents based on any prior art printed publications that were considered in the reexamination process" is not appropriate in this case. *Id.* at 14. Defendants argue that unlike the defendants in *Antor* (Civil Action No. 2:05-CV-186), Defendants "will have no voice at any stage of the reexamination." *Id.* at 14. Defendants argue that requiring a stipulation that Defendants be bound by the findings of the PTO in reexamination would violate Due Process because of the lack of an appeal for third parties in an *ex parte* reexamination and the unavailability of *inter partes* reexamination for patents, such as the Ballard patents, issued prior to November 29, 1999.

## **APPLICABLE LAW**

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain*, 356 F. Supp. 2d at 662. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. In deciding whether to stay litigation pending reexamination, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Soverain*, 356 F. Supp. 2d at 662.

Additionally, a stay has been found to benefit the district court proceedings upon the completion of a reexamination because:

> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;]
>
> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination[;]
>
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;]
>
> 4. The outcome of the reexamination may encourage a settlement without the further use of the Court[;]
>
> 5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;]
>
> 6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and]
>
> 7. The cost will likely be reduced both for the parties and the Court.

*Fisher Controls Co., Inc. v. Control Components, Inc.*, 443 F.Supp. 581, 582 (S.D. Iowa 1977); *accord Emhart Indus. v. Sankyo Seiki Mfg.,* 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987); *GPAC, Inc. v. D.W.W. Enters., Inc.,* 144 F.R.D. 60, 63 (D.N.J. 1992). As noted by the Federal Circuit, reexamination may result in the elimination of most, if not all, of the issues remaining in the pending litigation. *Gould v. Control Laser Corp.,* 705 F.2d 1340 (Fed. Cir. 1983), *cert. denied* 464 U.S. 935 (1983). If not found invalid, the reexamination will at least likely result in a narrowing and simplifying of the issues before the Court. *See Loffland Bros. Co. v. Mid-Western Energy Corp.,* 225 U.S.P.Q. 886, 887 (W.D. Okla. 1985). In addition, the technical expertise provided by the reexamination proceeding will be helpful to the Court on any issues that remain. *See Gould,* 705 F.2d at 1342.

**DISCUSSION**

The first factor, whether a stay would unduly prejudice or present a tactical disadvantage to Plaintiff, weighs in favor of granting the stay. Staying this matter pending reexamination in conjunction with a stipulation, if anything, puts Plaintiff at an advantage. By requiring Defendants to stipulate not to challenge the Ballard patents on grounds considered during the reexaminations, Plaintiff is afforded both the advantage of *ex parte* proceeding and an estoppel effect. Thus, Plaintiff is not prejudiced by a stay in this regard.

The second factor, whether a stay would simplify the issues in this case, also supports granting the stay. In *Soverain*, Judge Davis noted that while cancellation of all claims occurs in only 12 percent of reexaminations, "[t]he unlikelihood of this result, which favors not staying the case, is offset by the possibility that some of the claims may change during reexamination, which favors staying the case." *Soverain*, 356 F. Supp. 2d at 662. Given the circumstances involved in *Soverain*, Judge Davis found the possibility of issue simplification was not sufficiently persuasive to weigh in favor of a stay. *Id.* at 663. Nonetheless, the statistics reveal that most reexaminations result in claim amendments or cancellations. *See* Dkt. No. 260, Exh. 5 at 3. Claim cancellations will certainly simplify the issues that need to be litigated because these claims will be removed entirely from consideration in the litigation. Amended claims also have the potential for simplifying the issues that need to be litigated. Narrowing claims would commensurately simplify the issues at trial. This factor thus weighs in favor of a stay.

Turning to the third factor, whether discovery is complete and whether a trial date has been set, the Court finds this factor also weighs in favor of granting a stay. This case is scheduled for a jury trial in October of 2008, and the discovery deadline is approximately 18

months away.  Much remains to be done before this case is ready for trial.  Neither the Court nor the parties have invested such resources as to make a stay pending completion of reexamination inefficient and inappropriate.

The Court, having carefully considered the positions of the parties, is convinced a stay is appropriate in this instance.  The Court notes that each motion to stay pending reexamination filed in this Court is considered on a case-by-case basis with each cause of action presenting distinct circumstances; there exists no policy in this Court to routinely grant such motions.  This case presents a proper situation in which to grant a stay pending reexamination because unlike the situation in *Soverain*, Defendants did not delay in moving for a stay, discovery is far from complete, and the scheduled trial date is approximately two years from the date of this Order.

The Court presents Defendants with a proposed stipulation which the Court will require each defendant to sign before the stay goes into effect as to each individual defendant.  Defendants should not be allowed to raise at trial any printed publications considered during the reexamination process.  Quite simply, Defendants should not have two bites at the apple.

Defendants' attempt to distinguish *Antor* fails.  *See* Civil Action No. 2:05-CV-186, Dkt. No. 410.  Defendants argue that the defendants moving for the stay in *Antor*, unlike Defendants in this case, made the request to the PTO that resulted in reexamination of the patent-in-suit.  This distinction is unpersuasive because while Defendants argue they have "no voice at any stage of the reexamination," such is generally the nature of *ex parte* reexamination, regardless of who filed the request.  Dkt. No. 317 at 14.  If an inventor files a statement in response to the grant of the reexamination request, then the requester may file a reply.  35 U.S.C. § 304; Manual of Patent Examination Procedure ("MPEP") § 2251.  However, the requester in an *ex parte* reexamination

has no right to a hearing. MPEP § 2281 ("Requests by third party requesters to participate in interviews or to attend interviews will not be granted.") While the patent owner may seek judicial review of the outcome of reexamination, a third party requester may not. 35 U.S.C. §§ 141 & 145; MPEP § 2279; *Yusasa Battery v. Comm'r*, 3 USPQ 2d 1143, 1987 WL 9519 (D.D.C. 1987) (finding that "the statutory provisions regarding the reexamination of a patent and the rules promulgated in support thereof do not provide for . . . judicial review of a decision rendered in a reexamination proceeding for any party other than the patent owner"); *see also Boeing Co. v. Comm'r*, 853 F.2d 878 (Fed. Cir. 1988) (finding party that requested reexamination "was not entitled by statute to seek judicial review of the reexamination because that procedural route is available under 35 U.S.C. §§ 145 and 302 only to applicants and patent owners dissatisfied with decisions of the board"). The unavailability of *inter partes* reexamination for the Ballard patents is irrelevant to whether a stay should be granted in this case because the Court rejects Defendants' argument that the PTO's *ex parte* reexamination procedure violates Due Process. *See* Dkt. No. 317 at 14. Further, to the extent Defendants wish to participate in reexamination they may file their own requests with the PTO. *See* MPEP § 2283.

In sum, given the particular circumstances of this case, and assuming each Defendant signs the Court's proposed stipulation, the Court cannot find any undue prejudice to Plaintiff. The Court finds a high likelihood that results of the PTO's reexamination will have a dramatic effect on the issues before the Court, and the Court will benefit from the PTO's expertise and determination on reexamination. For these reasons, the Court finds Defendants' motions to stay the proceedings pending reexamination of the Ballard patents should be **GRANTED AS MODIFIED**.

## CONCLUSION

For all of these reasons, the Defendants' motions (Dkt. Nos. 262, 263, 267, 271, 272, 273, 278, 281, 282, 284, 285, 289, 290, 292 & 319) are hereby **GRANTED AS MODIFIED.**

It is further **ORDERED** that by **November 3, 2006 at 5:00 P.M.**, Defendants shall either (1) file with the Court a signed copy of the following stipulation, or (2) notify the Court in writing of their decision not to sign the following stipulation:

> The parties agree that the stay will be granted only on condition that [an individual defendant] agrees not to challenge United States Patent Numbers 5,910,988 and/or 6,032,137 based on any prior art printed publications that were considered in the reexamination process.

Defendants' motions to sever are hereby conditional **GRANTED** as to each defendant, conditioned on each defendant entering the proposed stipulation.

It is further **ORDERED** that the Clerk of the Court shall delay the implementation of this stay until further notification from the Court.

**SIGNED this 25th day of October, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE