Datatreasury Corporation v. Wells Fargo & Company et al.                                    Doc. 349

Case 2:06-cv-00072-DF-CMC     Document 349     Filed 11/09/2006     Page 1 of 12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | Civil Action No. 2:06-CV-72 |
| *PLAINTIFF* | § | |
| *vs.* | § | Judge David Folsom |
| | § | |
| WELLS FARGO & COMPANY, *ET AL.* | § | |
| *DEFENDANTS* | § | |
| _____ | § | |

## DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER

Pursuant to the Court's Order from Scheduling Conference and Docket Control Order entered on October 25, 2006 (Dkt. No. 325), Defendants Harris Bankcorp, Inc., Harris N.A., KeyBank National Association, KeyCorp, PNC Bank, The PNC Financial Services Group, Inc., SunTrust Bank, SunTrust Banks, Inc., Electronic Data Systems Corp., HSBC Bank USA N.A., HSBC North American Holdings, Inc.[1], BancorpSouth Bank, and BancorpSouth, Inc. (all of the foregoing named Defendants are hereinafter collectively referred to as "Moving Defendants") hereby move this Court for entry of a Protective Order.  The parties have been unable to agree to the terms of a Protective Order.  Therefore, Moving Defendants hereby submit to the Court a proposed Protective Order (attached as Exhibit 1) for entry in this matter.

## I.      BACKGROUND

As directed by the Court during the October 25 Scheduling Conference, the parties have worked diligently to agree on a Stipulated Protective Order in this case.  After much discussion, the parties have been successful in reaching consensus on all terms and provisions except two: (i) the categories of confidentiality designations allowed under a Protective Order, along with

---

[1] Subject to its pending Rule 12 motion.

Dockets.Justia.com

access to such materials; and (ii) a patent prosecution bar.

### A. Levels of Confidentiality Designations, and Access Thereto

The parties to this lawsuit primarily consist of banks, financial instiutions, or vendors for banks and/or fianncial institutions that perform check imaging and processing.  As such, the parties maintain highly confidential and proprietary business data and materials.  Moreover, many of the parties are direct competitors.  Accordingly, Moving Defendants are requesting the entry of a Protective Order which provides for four confidentiality designations: (i) Confidential; (ii) Protected Material; (iii) Attorneys' Eyes Only; and (iv) For Outside Counsel Only.  Under Moving Defendant's proposed Protective Order, access to the confidentially designated materials is dependent on the specific confidentiality designation.  For example, a party's materials designated as "For Outside Counsel Only" would not be accessible to any other party's in-house counsel or other employees.

Based on communications with counsel for Plaintiff DataTreasury Corporation ("DTC") and the Non-Moving Defendants[2] in this case, DTC and the Non-Moving Defendants are in favor of a Protective Order having the same four confidentiality designations proposed by Moving Defendants, however, DTC and the Non-Moving Defendants propose to grant the same group of people access to materials produced in this case, regardless of the confidentiality designation.  For example, in-house counsel for a receiving party would have access to materials marked "For Outside Counsel Only" by the producing party.

### B. Prosecution Bar Provision

Moving Defendants' porposed Protective Order contains a preosecution bar provision, however, Moving Defendants request a statement that nothing in the proecution bar provision

---

[2] Non-Moving Defendants shall mean the named defendants in this lawsuit which are not one of the Moving Defendants for this motion.

shall prohibit any person from filing an *ex parte* reexamination of the patents-in-suit. This language proposed by Moving Defendants is consistent with the Court's ruling on Moving Defendants' Motion to Sever and Stay the Claims Relating to the Ballard Patents Pending Reexamination of the Ballard Patents. DTC and Non-Moving Defendants, however, have not agreed to Moving Defendants' proposed language regarding *ex parte* reexaminations.

## II.    ARGUMENTS AND AUTHORITIES

### A.    The Court Should Enter Moving Defendants' Protective Order That Prohibits the Parties' In-House Counsel from Having Access to Highly Confidential and Proprietary Information of the Other Parties

The Court should enter Moving Defendants' proposed Protective Order because it provides the parties with the ability to shield their most sensitive and proprietary information from review by the in-house counsel of their direct competitors. DTC and the Non-Moving Defendants are in favor of a Protective Order having the same four confidentiality designations proposed by Moving Defendants, however, the Non-Moving Defendants propose to grant the same group of people access to materials produced in this case, regardless of the confidentiality designation. For example, in-house counsel for a receiving party would have access to materials marked "For Outside Counsel Only" by the producing party. Therefore, the confidentiality designations are rendered meaningless.

"The most common kind of order allowing discovery on conditions is an order limiting the persons who are to have access to the information disclosed and the use to which these persons may put the information."[3]  One person who often is subject to such an order – particularly when the requesting and producing parties are competitors – is the requesting party's in-house counsel.

---

[3] Wright & Miller, 8 *Fed. Prac. & Proc. Civ.2d*, § 2043 (emphasis added).

In determining whether a requesting party's in-house attorney should be precluded from seeing produced documents, the Court must "balance the risk to [the producing party] of inadvertent disclosure of trade secrets to competitors" by the requesting party's in-house counsel against "the risk to [the requesting party] that protection of [the producing party's] trade secrets [would] impair[ ] prosecution of [the requesting party's] claims."[4]  And it is the requesting party that bears the burden of proving that the prejudice it will suffer if its in-house counsel is denied access to the information outweighs the risk that in-house counsel will show the information to the requesting party.[5]  Accordingly, DTC and Non-Moving Defendants must demonstrate that if their in-house counsel are denied access to the documents, "[their] ability to litigate will be prejudiced, not merely [their] ability to manage outside litigation counsel."[6]  In short, DTC and Non-Moving Defendants must present "evidence indicating [they] will be prejudiced in prosecuting the case"[7] if their in-house counsel are barred from reviewing documents designated by Moving Defendants as "For Outside Counsel Only."

DTC and Non-Moving Defendants can show no harm or prejudice by denying their in-house cousnel access to Moving Defendants' highly confidential and proprietary documents.  The protection of Moving Defendants' confidential information is critical because Moving Defendants will be disclosing highly sensitive information to its major competitors in this case.  Moreover, the Protective Order proposed by Moving Defendants is consistent with the type of Protective Order normally entered into for cases involving such highly confidential and

---

[4] *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992), *cert. denied*, 113 S.Ct. 198, 506 U.S. 869 (emphasis added).  *See also A. Hirsh, Inc. v. United States*, 657 F.Supp. 1297, 1303 (C.I.T. 1987) ("The district court must balance the need for the information against the claim of injury resulting from disclosure").
[5] See *Intel Corp. v. VIA Technologies, Inc.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000) (The party that "seeks disclosure of information that would otherwise be confidential … bears the burden of establishing a sufficient need for the information which outweighs the risk of injury to [the producing party]" and *A. Hirsh, supra*, 657 F.Supp. at 1303 ("[I]t is the party seeking disclosure which must carry the burden of establishing that the balance tips in its favor").
[6] *See Intel Corp. v. VIA Technologies, Inc.*, 198 F.R.D. 525, 529 (N.D. Cal. 2000) (internal quotations omitted).
[7] *Id.*

proprietary information.    The Protective Order proposed by DTC and the Non-Moving Defendants does not provide suffcient protection because it allows for the parties' respective in-house counsel to have access to any and all materials produced in this case, despite the degree of confidentiality.    Thus, entry of the Protective Order anticipated to be proposed by DTC and Non-Moving Defendants will unfairly prejudice and harm Moving Defendants by being forced to produce highly sensitive business materials to their direct competitors.    For the foregoing reasons, Moving Defendants request the Court to enter the Protective Order in the form attached hereto as Exhibit 1.

**B.    The Court Should Enter Moving Defendants' Proposed Protective Order Because it is Consistent with This Court's Prior Ruling**

Moving Defendants' proposed Protective Order is consistent with this Court's prior ruling regarding the parties' right to file an *ex parte* reexamination of the patents-in-suit. Pursuant to the Court's October 25, 2006 Order (Dkt. No. 326) wherein the Court granted, as modified, Moving Defendants' Motion to Sever and Stay the Claims Relating to the Ballard Patents Pending Reexamination of the Ballard Patents, the Court stated that "…to the extent Defendants wish to participate in reexamination they may file their own requests with the PTO." (Dkt. No. 326, p. 9)  The Court's statement was made in the context of *ex parte* rexaminations.

In the draft Protective Order negotiated between the parties to this case, DTC's proposed Protective Order contained the following prosecution bar provision:

> 28.    Preparation and Prosecution of Patent Applications.  Any person who received any material or information designated as "CONFIDENTIAL" by another party shall not participate in a divisional, a continuation, a continuation in part, a re-issue, a re-examination, or foreign counterparts related in anyway to the patents-in-suit from the time of receipt of such material or information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.

Consistent with the Court's October 25, 2006 Order, Moving Defendants revised DTC's proposed language by inserting language to the effect that nothing in the prosecution bar provision precludes a person from filing--but not prosecuting--an *ex parte* reexamination. Specifically, Moving Defendants propose the following language:

> 28.    Preparation and Prosecution of Patent Applications.   Any person who receives any material or information designated **"FOR OUTSIDE COUNSEL ONLY" or "FOCO"** by another party shall not participate in **the preparation or prosecution of** a divisional, a continuation, a continuation in part, a re-issue, a re-examination, or foreign counterparts related in any way to the patents-in-suit from the time of receipt of such material or information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.  **Nothing in this Paragraph shall preclude any person from filing an ex parte re-examination of the patents-in-suit.**[8]

Moving Defendants' proposed language is consistent with the Court's previous ruling. Moreover, Moving Defendants are unaware of any Non-Moving Defendants' objections to Moving Defendants' foregoing proposed language.   Further, Moving Defendants' proposed language will not unfairly prejudice any party hereto because prior art materials submitted in support of an *ex parte* reexamination may only consist of patents and printed publications which, by their nature, are publicly available.  *See* MPEP § 2214.   Because Moving Defendants' Protective Order still precludes a person from prosecuting a reexamination application, the objective of the prosecution bar is still achieved.   Therefore, DTC and/or Non-Moving Defendants will not be unfairly prejudiced or harmed by the Court's entry of the Protective Order attached hereto as Exhibit 1.

---

[8]  The underlined and bold language represent the changes proposed by Moving Defendants to the language anticipated to be proposed by DTC.

## III.     CONCLUSION

Accordingly, the Court should grant Moving Defendants' Motion and adopt Moving Defendants' proposed Protective Order.

DATED:  November 9 , 2006                    Respectfully submitted,

                                            **McKOOL SMITH, P.C**.

                                            /s/ Sam Baxter
                                            SAM BAXTER
                                            Lead Attorney
                                            Texas State Bar No. 01938000
                                            sbaxter@mckoolsmith.com
                                            505 East Travis Street, Suite 105
                                            Marshall, Texas  75670
                                            Telephone:  (903) 927-2111
                                            Telecopy:  (903) 927-2622


                                            THEODORE STEVENSON, III
                                            Texas State Bar No. 19196650
                                            tstevenson@mckoolsmith.com
                                            L. DAVID ANDERSON
                                            Texas State Bar No. 00796126
                                            danderson@mckoolsmith.com
                                            300 Crescent Court
                                            Suite 1500
                                            Telephone: (214) 978-4000
                                            Telecopier: (214) 978-4044


                                            PETER J. AYERS
                                            Texas State Bar No. 24009882
                                            payers@mckoolsmith.com
                                            GEOFFREY L. SMITH
                                            Texas State Bar No. 24041939
                                            gsmith@mckoolsmith.com
                                            300 W. 6th Street, Suite 1700
                                            Austin, Texas 78701
                                            Telephone:  (512) 692-8700

Telecopy:    (512) 692-8744

**ATTORNEYS FOR DEFENDANTS SUNTRUST BANKS, INC., SUNTRUST BANK, THE PNC FINANCIAL SERVICES GROUP, INC., PNC BANK, KEYCORP, AND KEYBANK NA**

**McKOOL SMITH, P.C.**

/s/ Theodore Stevenson, III
THEODORE STEVENSON, III
Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
GARRET W. CHAMBERS
Texas State Bar No. 00792160
gchambers@mckoolsmith.com
L. DAVID ANDERSON
Texas State Bar No. 00796126
danderson@mckoolsmith.com
300 Crescent Court
Suite 1500
Telephone: (214) 978-4000
Telecopier: (214) 978-4044
PETER J. AYERS
Texas State Bar No. 24009882
payers@mckoolsmith.com
GEOFFREY L. SMITH
Texas State Bar No. 24041939
gsmith@mckoolsmith.com
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone:  (512) 692-8700
Telecopy:    (512) 692-8744

**ATTORNEYS FOR DEFENDANT ELECTRONIC DATA SYSTEMS CORP.**

**McKOOL SMITH, P.C.**

/s/ Robert M. Manley
ROBERT M. MANLEY

Lead Attorney
Texas State Bar No. 00787955
rmanley@mckoolsmith.com
SAM BAXTER
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
L. DAVID ANDERSON
Texas State Bar No. 00796126
danderson@mckoolsmith.com
300 Crescent Court
Suite 1500
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

PETER J. AYERS
Texas State Bar No. 24009882
payers@mckoolsmith.com
GEOFFREY L. SMITH
Texas State Bar No. 24041939
gsmith@mckoolsmith.com
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone:  (512) 692-8700
Telecopy:    (512) 692-8744

ROBERT MASTERS
Paul, Hastings, Janofsky & Walker, LLP
875 15th Street, N.W.
Washington, DC 20005
Tel: (202) 551-1763
Fax: (202) 551-1705
robertmasters@paulhastings.com

PAUL WILSON
Paul, Hastings, Janofsky & Walker, LLP
875 15th Street, N.W.
Washington, DC 20005
Tel: (202) 551-1748
Fax: (202) 551-0148
paulwilson@paulhastings.com

BRANDON WHITE
Paul, Hastings, Janofsky & Walker, LLP
875 15th Street, N.W.
Washington, DC 20005

Tel: (202) 551-1754
Fax: (202) 551-0154
brandonwhite@paulhastings.com

**ATTORNEYS FOR DEFENDANTS
HARRIS BANKCORP, INC. AND
HARRIS N.A.**

**HUGHES & LUCE, L.L.P.**

/s/ John. H. Mcdowell, Jr.
JOHN H. MCDOWELL, JR.
Texas Bar No. 13570825
Lead Attorney
john.mcdowell@hughesluce.com
GREGORY PERRONE
Texas Bar No. 24048053
perrong@hughesluce.com
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone:  (214) 939-5500
Facsimile:  (214) 939-5849

**ATTORNEYS FOR DEFENDANTS
BANCORPSOUTH, INC. AND
BANCORPSOUTH BANK**

**BOUDREAUX, LEONARD,
HAMMOND & CURCIO, P.C.**

/S/ Glen M. Boudreaux
GLEN M. BOUDREAUX
Lead Attorney
Texas State Bar No. 02696500
gboudreaux@blhc-law.com
TIM S. LEONARD
Texas State Bar No. 12211200
tleonard@blhc-law.com
Two Houston Center
909 Fannin, Suite 2350
Houston, Texas 77010
713-757-0000

713-757-0178 (Fax)

**WILMERHALE**

IRAH H. DONNER
irah.donner@wilmerhale.com
399 Park Avenue
New York, N.Y. 10022
212-230-8887
212-230-8888 (Fax)

**LOCKE LIDDELL & SAPP, LLP**

ROY W. HARDIN
rhardin@lockeliddell.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
214-740-8556
214-740-8800 (Fax)

RICHARD GRAINGER
graingerpc@aol.com
118 West Houston Street
Tyler, Texas 75710
903-595-3514
903-595-5360 (Fax)

**ATTORNEYS FOR DEFENDANTS
HSBC BANK USA, N.A. AND HSBC
NORTH AMERICAN HOLDINGS, INC.**

## CERTIFICATE OF CONFERENCE

David Anderson, as counsel for Moving Defendants, hereby certifies that he participated in multiple conferences and e-mail exchanges with counsel for DTC and counsel for Non-Moving Dfeendants in an attempt to resolve the issues presented in this motion, however, no agreement could be reached between the parties.

/s/ L. David Anderson
L. David Anderson

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).

/s/ L. David Anderson
L. David Anderson