UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION<br>*PLAINTIFF*<br><br>vs.<br><br>WELLS FARGO & COMPANY; WELLS FARGO BANK, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; U.S. BANCORP; U.S. BANK, NATIONAL ASSOCIATION; WACHOVIA CORPORATION; WACHOVIA BANK, NATIONAL ASSOCIATION; SUNTRUST BANKS, INC.; SUNTRUST BANK; BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY; BANCORPSOUTH, INC.; BANCORPSOUTH BANK; COMPASS BANCSHARES, INC.; COMPASS BANK; CULLEN/FROST BANKERS, INC.; THE FROST NATIONAL BANK; FIRST HORIZON NATIONAL CORPORATION; FIRST TENNESSEE BANK, NATIONAL ASSOCIATION; HSBC NORTH AMERICA HOLDINGS INC.; HSBC BANK USA, N.A.; HARRIS BANKCORP, INC.; HARRIS N.A.; NATIONAL CITY CORPORATION; NATIONAL CITY BANK; ZIONS BANCORPORATION; ZIONS FIRST NATIONAL BANK; BANK OF NEW YORK CO., INC.; THE BANK OF NEW YORK; UNIONBANCAL CORPORATION; UNION BANK OF CALIFORNIA, NATIONAL ASSOCIATION; BANK OF TOKYO-MITSUBISHI UFJ, LTD.; CITIZENS FINANCIAL GROUP, INC.; CITY NATIONAL CORPORATION; CITY NATIONAL BANK; COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION; DEUTSCHE BANK TRUST COMPANY AMERICAS; FIRST CITIZENS BANCSHARES, INC.; FIRST CITIZENS BANK & TRUST COMPANY; KEYCORP; KEYBANK NATIONAL ASSOCIATION; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:06cv72<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

Dallas 227693v3

LASALLE BANK CORPORATION;        §
LASALLE BANK NA; M&T BANK        §
CORPORATION; M&T BANK; THE PNC   §
FINANCIAL SERVICES GROUP, INC.;  §
PNC BANK,NATIONAL ASSOCIATION    §
UBS AMERICAS, INC.; SMALL VALUE  §
PAYMENTS COMPANY, LLC; THE       §
CLEARING HOUSE PAYMENTS          §
COMPANY, LLC; MAGTEK, INC; FIRST §
DATA CORPORATION; TELECHECK      §
SERVICES, INC., REMITCO, LLC and §
ELECTRONIC DATA SYSTEMS CORP.    §
                                 §      JURY TRIAL DEMANDED
          *DEFENDANTS*           §

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties agree to the entry of this

Protective Order (the "Order") to facilitate and expedite discovery in this action.

IT IS ORDERED THAT:

**1.     Confidential Information.**  Upon a determination by any party or non-party from

whom discovery is sought (the "Designating Party") that any documentation or thing being

produced or disclosed, whether formally or informally, including, but not limited to,

> a.      initial and supplemental disclosures;
> b.      answers to interrogatories;
> c.      documents;
> d.      electronic data;
> e.      transcripts of depositions;
> f.      responses to requests for admissions; and
> g.      any other discovery or disclosure made in this litigation,

contains a trade secret or other proprietary or confidential business, technical, sales, marketing,

financial, or other commercial information that the Designating Party would not disclose to third

parties or that it would cause third parties to maintain in confidence, the Designating Party may

designate such document or thing as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY,"

"PROTECTED MATERIAL," "FOR OUTSIDE COUNSEL ONLY" or "FOCO" (collectively, "Confidential Information").  Confidential Information further includes, but is not limited to: technical information such as product design and operation and manufacturing techniques or processing information, trade secrets, formulas, research and development information, source code, object code, customer lists, sales and cost information, and pricing information, patent license agreements, or information that was generated in connection with, or reveals the content of, patent licensing negotiations; information that a party has treated as confidential and is not subject to public disclosure; information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade Secret Act (1985); and any other information that would qualify as Confidential pursuant to Federal Rule of Civil Procedure 26(c) or any other legal standard.

Non-parties may invoke the protection of this Order for documents and deposition testimony and exhibits provided in connection with this litigation, including but not limited to documents and deposition testimony and exhibits provided in response to subpoenas served on those third parties, and all confidential information of non-parties as contained in such documents, depositions and exhibits shall be protected hereunder in the same manner as the confidential information of the parties to this lawsuit as long as the non-party agrees to be bound by this Order and those subsequent amendments to this Order concerning which the non-party has received written notice and an opportunity to seek a protective order.

The Court recognizes that there are several related actions which also address alleged infringement of the same patents implicated in this action.  Confidential Information secured from third parties or non-parties in the instant action may also be utilized in any such related

action, so long as the related action includes a protective order affording substantially similar protections as those set out in this protective order. Likewise, Confidential Information produced by third parties or non-parties in such a related action, with a protective order affording substantially similar protections as those set out in this protective order, may be utilized in the instant action and shall be protected by the terms of this protective order just as if produced originally in this action.

2. **Designation.** The Designating Party shall identify such Confidential Information by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "PROTECTED MATERIAL," "FOR OUTSIDE COUNSEL ONLY" or "FOCO" on all or any part of the document or thing. Any summary, compilation or copy of any document or thing so designated shall be treated as provided by this Order. Designations of Confidential Information shall, when practicable, be made prior to, or contemporaneously with, production or disclosure, except in the case of depositions, which shall be designated as set forth in ¶ 12. An inadvertent failure to designate Confidential Information shall be dealt with in accordance with the terms of ¶ 19.

3. **Use or Disclosure of Confidential Information**. No party, counsel, or other person receiving any document or thing that is designated as Confidential Information in accordance with ¶¶ 1 and 2 of this Order (the "Receiving Party") shall use, disclose, or permit the use or disclosure of any such Confidential Information to any other person or entity, except as follows:

(a) Until or unless the Court rules otherwise, discovery material marked or otherwise designated as "CONFIDENTIAL," "PROTECTED

MATERIAL," or "ATTORNEYS' EYES ONLY" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

(1)    Outside counsel for the respective parties, including support personnel employed by outside counsel, such as paralegals, legal translators, secretaries, clerks, and shorthand reporters. As used herein "outside counsel" shall mean attorneys for the respective law firms who have entered appearances in the case on behalf of their clients.

(2)    In-house attorneys employed by a party, including support personnel employed by such in-house attorneys, such as paralegals, legal translators, secretaries, clerks, and shorthand reporters. Before receiving access to "CONFIDENTIAL," "PROTECTED MATERIAL," or "ATTORNEYS' EYES ONLY" discovery material under this provision, each in-house attorney shall execute the undertaking attached as Exhibit B on behalf of himself and his support staff.

(3)    Independent experts or consultants retained for purposes of this litigation by a party, subject to Paragraphs 4, 8 and 9;

(4)    The Court and its officers, court stenographers and outside copy

services whose function requires them to have access to discovery materials designated as Confidential Information under this Protective Order; and

(5)     Personnel of third party vendors engaged by a party or by counsel for a party to assist in (i) the coding, imaging or other management of documents produced in discovery in this litigation; (ii) the translation of any foreign language document or testimony; (iii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iv) jury research and analysis, provided that such personnel of third party vendors shall not be employees of a party.

(b)     Discovery material marked or otherwise designated as "FOR OUTSIDE COUNSEL ONLY" or "FOCO" is governed by the same restrictions set forth in ¶¶ 3(a)(1) and 3(a)(3)-(5) above, and is further restricted in that it shall not be disclosed to any person identified in category 3(a)(2) above. The parties shall not designate material as "FOR OUTSIDE COUNSEL ONLY" or "FOCO" unless such Confidential Information comprises or contains competitively sensitive information which could be used by a competitor to obtain a business (as opposed to solely a legal) advantage over the producing party. The parties agree that materials and/or information qualifying for the designation of "FOR OUTSIDE COUNSEL

Dallas 227693v3

ONLY" or "FOCO" include, without limitation:

(1)     Damages-related information (e.g., sales and profit information);

(2)     Sales or marketing information relating to future marketing or sales plans or corporate strategy or analyses of competitors;

(3)     Information related to the identity of business and/or retail account holders;

(4)     Source code and descriptions of the operation of the source code;

(5)     Object code and descriptions of the operation of the object code; and

(6)     Non-public technical information, including schematic diagrams, technical reference manuals, operations manuals, other explanations of the operation of the technology, and the like relating to the accused products and/or instrumentality.

4.     **Undertaking**.  Prior to any disclosure pursuant to ¶ 3, and authorized pursuant to ¶¶ 8 and 9, each testifying and consulting Expert to whom such disclosure is to be made shall execute the Confidentiality Agreement annexed hereto as Exhibit A ("Confidentiality A Agreement").  In-house counsel and related in-house staff to whom any disclosure is made

Dallas 227693v3

pursuant to ¶ 3(a)(2) and each person–who is not a testifying or consulting expert–to whom any disclosure is made pursuant to ¶ 3(a)(5) shall execute the Confidentiality Agreement annexed hereto as Exhibit B ("Confidentiality B Agreement"). The Confidentiality Agreements shall be maintained by Outside Counsel for the Receiving Party with whom such persons are affiliated or by whom they are retained, and such counsel shall provide a copy of each executed Confidentiality A or B Agreement to all counsel of record.

5.    **Outside Counsel's Communication with Client.**    Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of Confidential Information produced by the opposing party, provided that such communications or advice shall not disclose or reveal such Confidential Information.

6.    **Disclosure to Author or Recipient.**    Notwithstanding any other provisions, nothing in this Order shall prohibit Outside Counsel for a party from disclosing a document or thing designated as Confidential Information to any person whom the document or thing clearly identifies as an author, addressee or carbon copy recipient of such document or thing. Regardless of its designation, if a document or thing makes reference to the actual or alleged conduct or statements of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not directly or indirectly disclose or reveal any portion of the document or thing other than that which specifically refers to such conduct or statement. Nothing herein is intended to permit counsel to contact an employee of the other party or any other person who is represented by counsel.

7.    **Filings with This Court**.    To the extent that any documents, information, or

things designated as Confidential Information are to be filed with this Court, each such document and thing shall be filed under seal with the Clerk of this Court in accordance with Local Rule CV-5(a)(7).

Notwithstanding the provisions of this ¶ 7, the mere inclusion in a pleading of factual information derived from documents or things that contain Confidential Information will not require that pleading be filed under seal if the parties agree in writing prior to filing the pleading that the factual information actually contained in that pleading would not itself be properly subject to such designation.

**8.     Disclosure to Experts.**  Subject to ¶ 9, Outside Counsel for the Receiving Party may disclose Confidential Information to Experts who are assisting in the preparation for and/or trial of this action. Prior to disclosing any Confidential Information to any Expert, Outside Counsel for the Receiving Party shall determine that disclosure to an Expert of particular Confidential Information is, in that counsel's good faith judgment, reasonably necessary to the Receiving Party's prosecution or defense of this action.

**9.     Opportunity to Object to Proposed Expert.**  At least eight (8) business days prior to disclosure of any of the Designating Party's Confidential Information to an independent expert, the Receiving Party shall provide the Designating Party written notice stating the name and address of the expert; a copy of the expert's Confidentiality A Agreement; a copy of the expert's current resume showing his/her education and employment for the last four (4) years; and a list of the expert's patents and/or publications for the last ten (10) years ("Expert's Background Information").

(a)     If, within the eight (8) business day period, the Designating Party objects

9

to the proposed disclosure to the expert, the Parties shall proceed to resolve the matter informally.  Within five (5) days of making an objection, the Parties shall agree on how to proceed or the objecting party may file a Motion with this Court identifying the ground for the objection and the expert's Background Information.

(b)    Disclosure shall not be made until and unless this Court orders disclosure to that expert.  This Court shall deny the Designating Party's objection unless the Designating Party shows good cause why the proposed disclosure should not be permitted.

(c)    If the objecting party does not file a Motion within five (5) days of making an objection to the disclosure, the objection shall be deemed waived and the Receiving Party shall be allowed to disclose the Confidential Information to the Expert.

**10.    Opportunity to Object to Proposed Interpreter or Translator.**  At least eight (8) business days prior to disclosure of any of the Designating Party's Confidential Information to an interpreter or translator, the Receiving Party shall provide the Designating Party written notice stating the name and address of the interpreter or translator; a copy of the interpreter's or translator's Confidentiality B Agreement; and a copy of the interpreter's or translator's current resume showing his/her education and certifications, employment and professional activities.  If, within the eight (8) business day period, the Designating Party objects to the proposed disclosure to the interpreter or translator, disclosure shall not be made until and unless this Court orders disclosure to that interpreter or translator.  This Court shall deny the Designating Party's objection unless the Designating Party shows good cause why the proposed disclosure should not

10

be permitted.

11.    **Use of Confidential Information at Depositions.**  Except as otherwise approved by the Designating Party or by an order of this Court, a Receiving Party may use Confidential Information in deposing only (a) an individual who has had or who is eligible to have access to the Confidential Information by virtue of his or her employment with the Designating Party, (b) an individual identified in the Confidential Information as an author, addressee, or copy recipient of such information, (c) an individual who, although not identified as an author, addressee, or copy recipient of such Confidential Information, has seen such Confidential Information in the ordinary course of business, or (d) an Expert duly qualified under ¶¶ 8 and 9 (who shall first have executed the Confidentiality A Agreement).

12.    **Attendees at Confidential Information Depositions and Designations of Deposition Testimony.**  No one may attend, view, or review the transcripts of the portions of any depositions at which Confidential Information is shown or discussed, other than those persons authorized to have access to Confidential Information pursuant to ¶ 3.  Such depositions shall be designated as "CONFIDENTIAL" "ATTORNEYS' EYES ONLY," "PROTECTED MATERIAL," "FOR OUTSIDE COUNSEL ONLY" or "FOCO" as soon as practicable by stating in the record such designation.  Subject to the provisions of this Order, the parties agree that certain deposition testimony may be transmitted via a live webcast or other technology to persons authorized to have access to Confidential Information pursuant to ¶ 3 if adequate procedures are utilized, which procedures will have been agreed upon by the parties and the applicable witnesses no later than five (5) days prior to the deposition.

13.    **Distribution of Confidential Information Transcripts.**  The portions of any

11

deposition transcript that outside counsel for either party has designated on the record at the deposition as "CONFIDENTIAL" "ATTORNEYS' EYES ONLY," "PROTECTED MATERIAL," "FOR OUTSIDE COUNSEL ONLY" or "FOCO" and any Confidential Information that is marked as a deposition exhibit shall be treated as Confidential Information. Notwithstanding the foregoing, the entirety of all deposition transcripts shall be deemed Confidential Information for thirty days after the transcript is delivered to the party's Outside Counsel. During the thirty day period, outside counsel for the party designating a transcript "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "PROTECTED MATERIAL," "FOR OUTSIDE COUNSEL ONLY" or "FOCO" may remove that designation of any portion of the deposition transcript, by indicating page and line numbers (insofar as practicable). Transcript pages and exhibits containing Confidential Information shall be distributed only to individuals authorized to receive Confidential Information pursuant to ¶ 3.

14.    **Presentation of Confidential Information to This Court.** With respect to testimony elicited during hearings and other proceedings, whenever outside counsel for any party deems that any question or line of questioning calls for the disclosure of Confidential Information, outside counsel may designate on the record prior to such disclosure that the disclosure is "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "PROTECTED MATERIAL," "FOR OUTSIDE COUNSEL ONLY" or "FOCO." Any presentation of Confidential Information to this Court at or prior to trial shall be made in the presence of only those individuals authorized to receive Confidential Information under this Order. Prior to any presentation of Confidential Information to this Court, the presiding officer or the Clerk of this Court shall advise all court personnel and court reporters of the highly confidential nature of the

Confidential Information, and of the duty to maintain the confidentiality of such information.

**15.    Escrow Agent for Source Code or Object Code.**  Any party producing source code or object code ("Restricted Code") may, at its option and at its expense, produce the Restricted Code to a third-party escrow agent who will safeguard the Restricted Code while allowing access to and use of the Restricted Code by the Receiving Party in accordance with subsection (f) of this paragraph.  In addition to the requirements set forth elsewhere in this Order, any person authorized under the terms of this Order to receive Restricted Code that has been produced in this lawsuit must handle such Restricted Code in accordance with the following:

(a)    Access to Restricted Code is strictly limited to those authorized to view material or information that has been designated "FOR OUTSIDE COUNSEL ONLY" or "FOCO."

(b)    No more than four consultants/experts for each party, after signing the Confidentiality A Agreement, may have access to Restricted Code, including, but not limited to, reviewing it and/or consulting with respect to it.

(c)    All hardcopy printouts of excerpts of Restricted Code that are not being submitted to the Court may not be copied.  Such printouts must be produced containing Bates numbers.  Restricted Code produced in electronic form may not be copied unless the Producing Party specifically agrees.

d)    To the extent Restricted Code is placed on a computer, even in non-compilable form, the computer must be a stand-alone computer, which is not networked and which does not have access to the Internet, an intranet, an extranet, or the World Wide Web.  For Restricted Code produced in electronic form or on removable media (such as on a CD-ROM), a person reviewing such code may take no action intended to copy, save and/or store onto any memory

device or drive the Restricted Code reviewed on such a computer where such action is for any purpose other than the immediate display and use of the code being reviewed.  Remnants of any storage of the code may not be retrieved.  Rather, the code must be viewed only from the CD-ROM.

(e)      Any Restricted Code that is produced in the lawsuit in any form cannot be copied unless the Producing Party agrees in writing;

(f)      If a party produces Restricted Code to a third-party escrow agent, such Restricted Code shall be made available during regular business hours (9:00 a.m. to 6:00 p.m. local time) on twenty-four (24) hours notice at the third-party escrow agent's secure facility ("Secure Facility"). While the parties shall make their best efforts to restrict their requests to view the Restricted Code to normal business hours, access to the Secure Facility will also be provided on Saturdays and Sundays, so long as a request is made to the Producing Party by 9:00 a.m. local time on the Thursday before the weekend for which access is requested and so long as the Secure Facility can accommodate such a request.  The parties agree that any Secure Facility will be located in a place that is conveniently accessible to all parties to this lawsuit.  Any party viewing code outside of the normal business hours of the escrow agent shall do so at its own expense.

### GENERAL PROVISIONS

**16.     Limitation on Use and Disclosure.**  A person authorized to receive Confidential Information under this Protective Order shall not use or disclose Confidential Information for any purpose other than the preparation and trial of this action and any appeals therefrom.  This Order does not restrict in any manner the use or disclosure by any Designating Party of any information in its own documents and things.

14

**17.    No Presumption of Protected Status.**  This Order does not address discovery objections and does not preclude any party from moving for any relief under the Federal Rules of Civil Procedure or this Court's inherent powers.  Nothing in this Order creates a presumption or implies that information designated as Confidential Information actually constitutes a trade secret, or proprietary or otherwise protectable confidential information.  If a Receiving Party believes that any information is improperly designated under this Order, it may, at any time, contest such designation.  Confidential Information that is subject to such a dispute shall be treated consistently with its designation by the Designating Party until this Court orders otherwise.

Upon contesting the designation and within five (5) days of receiving notice thereof, the party seeking to preserve the designation shall come forth with specific reasons it believes in good faith provide for the basis of the contested confidentiality.  If the parties cannot resolve the designation contest, the party seeking protection under this Order shall within ten (10) days of receiving notice file under seal, as provided under ¶ 7, a Motion with this Court identifying with specificity the information sought to maintain confidential and the reasons therefor.

**18.    Inadvertent Disclosure of Confidential Information.**  Inadvertent failure to identify documents or things as Confidential Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure.  At such time, arrangements shall be made for the Designating Party to appropriately mark the information in accordance with this Order.  The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in documents or things not bearing a confidentiality legend

15

occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

**19. Inadvertent Disclosure of Work Product or Privileged Information.** Inadvertent production of documents or things subject to work-product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing of such inadvertent production within ten (10) days after the earlier of (a) the Producing Party's discovery of the inadvertent production or (b) its use in pleadings, motions or deposition testimony by the Receiving Party. Such inadvertently produced documents and things shall be returned to the Producing Party upon request. The Receiving Party shall not use the inadvertently produced documents and things during deposition or at trial and shall not show the inadvertently produced documents and things to anyone who has not already been given access to them prior to the notification of the inadvertent production. If, after conferring, the parties are unable to reach a satisfactory agreement, the Producing Party may move this Court regarding the matter, but must do so within ten (10) days after conferring with the Receiving Party. The Receiving Party shall not disclose to any person the document or thing for which the belated claim of immunity or privilege is being made, other than those persons who have had it in their possession prior to receipt of notification from the Producing Party, until ten (10) business days after receipt of the notification or, if a motion seeking the return of the inadvertently disclosed documents or information is filed with the Court, until the disposition of any such motion.

**20. Subpoena of Confidential Information.** If any entity subpoenas, orders production, or requests discovery of Confidential Information that a Receiving Party has

Dallas 227693v3

obtained subject to this Order, the Receiving Party shall promptly notify the Designating Party of the subpoena, order, or discovery request and shall not produce the information until the Designating Party has had reasonable time (at least ten (10) days) to object or take other appropriate steps to protect the information.

21.    **Mutual Exchange of Confidentiality Agreements.**  The parties shall mutually exchange copies of all signed Confidentiality B Agreements. Confidentiality A Agreements of Proposed Experts shall be exchanged as provided in ¶ 9.

22.    **Duty to Report.**  When any attorney of record in this action or any attorney who has executed or filed a Confidentiality B Agreement becomes aware of any violation of this Order, or of a Confidentiality A or B Agreement, or of facts constituting good cause to believe that a violation of this Order (or such Confidentiality Agreements) may have occurred, such attorney shall promptly report any such violation to this Court and to Outside Counsel for the Designating Party.

23.    **Continuing Jurisdiction.** After the conclusion of the above-captioned action, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Confidential Information pursuant to this Order, in order to enforce the provisions of this Order.

24.    **Modification.**  The Court may modify this Order upon a showing of good cause.

25.    **Duty to Return Documents and Things**.  Within sixty (60) days after the entry of a final non-appealable judgment or order concluding the above-captioned action or the complete settlement of all claims asserted against all parties in this action, each party shall, at its option, either return to the Designating Party or destroy all physical objects and documents that

17

were received from the Designating Party that embody Confidential Information and shall destroy in whatever form stored or reproduced all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work-product materials that contain or refer to information that has been designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "PROTECTED MATERIAL," "FOR OUTSIDE COUNSEL ONLY" or "FOCO."    Outside counsel for any party or non-party receiving Confidential Information shall provide written certification of compliance with this provision to counsel for the Designating Party within ninety (90) days after the entry of a final non-appealable judgment or order concluding this action or the complete settlement of all claims asserted against all parties in the above-captioned action.  Counsel of record may retain one set of all papers filed with the Court including any Confidential Information filed under seal.

26.    **Interpretation; Headings.** Should the parties have any issues concerning the interpretation of this Order, they shall endeavor to promptly meet and confer to resolve the dispute before any party moves for this Court's assistance.  The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

27.    **Limitations of Order.**    The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

(a)    was, is, or becomes public in a manner other than by violation of this Order or another Protective Order concerning the litigation of DataTreasury's patents;

(b)    is acquired by the non-designating party from a third party having the right to disclose such information or material;

(c)    was already lawfully possessed by the non-designating party before the disclosure by the Designating Party;  or

(d)    was independently developed by the non-designating party by personnel who did not receive or have access to the Designating Party's Confidential Information.

28.    Preparation and Prosecution of Patent Applications.    Any person who receives any material or information designated "FOR OUTSIDE COUNSEL ONLY" or "FOCO" by another party shall not participate in the preparation or prosecution of a divisional, a continuation, a continuation in part, a re-issue, a re-examination, or foreign counterparts related in any way to the patents-in-suit from the time of receipt of such material or information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.  Nothing in this Paragraph shall preclude any person from filing an ex parte re-examination of the patents-in-suit.

IT IS SO ORDERED.


DATED this _____ day of _____, 2006.


_____
UNITED STATES DISTRICT JUDGE

Dallas 227693v3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | Civil Action No. 2:06-CV-72 |
| *PLAINTIFF* | § | |
| *vs.* | § | Judge David Folsom |
| | § | |
| WELLS FARGO & COMPANY, *ET AL.* | § | |
| *DEFENDANTS* | § | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | § | |

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR EXPERTS
RECEIVING CONFIDENTIAL INFORMATION**

I,_____, state the following:

1.      I have been retained by _____ [party] to serve

as an _____ [describe proposed area of expertise,

such as "database," "network process" or "financial"] in the above-captioned action.

2.      My address is _____

_____.

3.      My present employer is and the address of my present employment is _____

_____.

4.      My present occupation or job description is: _____

_____.

5.      I have received a copy of the Protective Order in this lawsuit and I have carefully

read and understood the provisions of this Protective Order.

6.      I will comply with all of the provisions of the Protective Order.

Dallas 227693v3

7.     I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this lawsuit, any Confidential Information that is disclosed to me.

8.     I will advise any necessary assistant of mine, to the extent permitted under the Protective Order, the nature of any Confidential Information that I disclose to such assistant and will be responsible for assuring that such assistant complies with the same obligations of confidentiality to which I am hereby agreeing.

9.     I will return all Confidential Information that comes into my possession, and all notes, documents, or things that I prepare relating thereto, to counsel from whom I received the information.

10.     If I am given access to source code and/or object code, I agree to abide by all terms of the Protective Order concerning such code, including, but not limited to:

(a)     To the extent the source and/or object code is placed on a computer, even in non-compilable form, the computer must be a stand-alone computer, which is not networked and which does not have access to the Internet, an intranet, an extranet, or the World Wide Web. For source and/or object code produced in electronic form or on removable media (such as a CD-ROM), a person reviewing such code may take no action intended to copy, save and/or store onto any memory device or drive the source and/or object code reviewed on such a computer where such action is for any purpose other than the immediate display and use of the code being reviewed. Remnants of any storage of the code may not be retrieved. Rather, the code must be viewed only from the CD-ROM; and

(b)     I will keep any written reference to the password for such source and/or object code separate from the source and/or object code on removable media, and I agree to destroy any and all such references to the password once my review is complete.

11.     I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcement of this Undertaking pursuant to the Protective Order.

12.     I declare that all statements made herein are true and accurate and understand that any willful false statement is punishable by fine and/or imprisonment.

Signature_____

Printed Name_____

Address_____

Subscribed and sworn to me this _____ day of _____, 200__.

Witness my hand and official seal.

Notary Public

Dallas 227693v3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | Civil Action No. 2:06-CV-72 |
| _PLAINTIFF_ | § | |
| _vs._ | § | Judge David Folsom |
| | § | |
| WELLS FARGO & COMPANY, _ET AL._ | § | |
| _DEFENDANTS_ | § | |
| _____ | § | |

**EXHIBIT B**

**CONFIDENTIALITY AGREEMENT**

I,_____, state the following:

1.    My address is _____

_____.

2.    My present employer is and the address of my present employment is _____

_____.

3.    My present occupation or job description is: _____

_____.

4.    I have received a copy of the Protective Order in this lawsuit and I have carefully read and understand the provisions of this Protective Order.

5.    I will comply with all of the provisions of the Protective Order.

6.    I attest to my understanding that access to information designated as "CONFIDENTIAL" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order, both with respect to this Court's powers of supervision of the litigation and

contractually to any Designating Party, which I acknowledge to be an expressly intended beneficiary of the undertakings I give in this Confidentiality B Agreement.

7.      I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcement of this Undertaking pursuant to the Protective Order.

8.      I declare that all statements made herein are true and accurate and understand that any willful false statement is punishable by fine and/or imprisonment.


Signature_____

Printed Name_____

Address_____

Subscribed and sworn to me this _____ day of _____, 200___.

Witness my hand and official seal.


Notary Public

Dallas 227693v3