UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

DATATREASURY CORPORATION,

      Plaintiff

    v.                                                              2:06-CV-72 DF

WELLS FARGO & COMPANY; WELLS
FARGO & COMPANY; WELLS
FARGO BANK, NATIONAL
ASSOCIATION; BANK OF AMERICA
CORPORATION; BANK OF AMERICA,
NATIONAL ASSOCIATION; U.S.
BANCORP; U.S. BANK, NATIONAL
ASSOCIATION; WACHOVIA
CORPORATION; WACHOVIA BANK,
NATIONAL ASSOCIATION; SUNTRUST
BANKS, INC.; SUNTRUST BANK;
BB&T CORPORATION; BRANCH
BANKING AND TRUST COMPANY;
BANCORPSOUTH, INC.;
BANCORPSOUTH BANK; COMPASS
BANCSHARES, INC.; COMPASS BANK;
CULLEN/FROST BANKERS, INC.; THE
FROST NATIONAL BANK; FIRST
HORIZON NATIONAL CORPORATION;
FIRST TENNESSEE BANK, NATIONAL
ASSOCIATION; HSBC NORTH
AMERICA HOLDINGS INC.; HSBC
BANK USA, N.A.; HARRIS BANKCORP,
INC.; HARRIS N.A.; NATIONAL CITY
CORPORATION; NATIONAL CITY
BANK; ZIONS BANCORPORATION;
ZIONS FIRST NATIONAL BANK; BANK
OF NEW YORK CO., INC.; THE BANK
OF NEW YORK; UNIONBANCAL
CORPORATION; UNION BANK OF
CALIFORNIA, NATIONAL
ASSOCIATION; BANK OF
TOKYO-MITSUBISHI UFJ, LTD.;
CITIZENS FINANCIAL GROUP, INC.

CITY NATIONAL CORPORATION;
CITY NATIONAL BANK; COMERICA
INCORPORATED; COMERICA BANK &
TRUST, NATIONAL ASSOCIATION;
DEUTSCHE BANK TRUST COMPANY
AMERICAS; FIRST CITIZENS
BANCSHARES, INC.; FIRST CITIZENS
BANK & TRUST COMPANY;
KEYCORP; KEYBANK NATIONAL
ASSOCIATION; LASALLE BANK
CORPORATION; LASALLE BANK NA;
M&T BANK CORPORATION; M&T
BANK; THE PNC FINANCIAL
SERVICES GROUP, INC.; PNC BANK,
NATIONAL ASSOCIATION
UBS AMERICAS, INC.; SMALL VALUE
PAYMENTS COMPANY, LLC; THE
CLEARING HOUSE PAYMENTS
COMPANY, LLC; MAGTEK, INC; FIRST
DATA CORPORATION; TELECHECK
SERVICES, INC., REMITCO, LLC; and
ELECTRONIC DATA SYSTEMS CORP.

                    Defendants.

## DEPOSITION PROTOCOL ORDER

Based upon the agreement of the parties, it is hereby **ORDERED** that:

1.      When serving Notices of Depositions, the Noticing Attorney shall include a copy

of the Court's Deposition Protocol Order with the Notice.

2.      Upon receipt of a Notice of Deposition, a Deponent or Deponent's Counsel may

invoke the following deposition protocol by responding to the Noticing Attorney, in writing, of

the Deponent's intent for the noticed deposition to be subject to this Deposition Protocol Order.

3.      The Noticing Attorney shall serve a copy of the Deponent's written

correspondence upon the individual List Serve address provided by all parties to this action

within three (3) business days of receipt of that correspondence.

4.      If the deposition protocol is not invoked by a Deponent or Deponent's counsel for a deposition, then the deposition shall be conducted in accordance with, in order of priority, (1) prior orders of the Court in this case; (2) the Federal Rules of Civil Procedure; and (3) the Local Rules of this Court.

The Deposition Protocol in this matter is as follows:

5.      Except as expressly directed otherwise in this Order, all depositions shall be conducted in accordance with, in order of priority, (1) prior orders of the Court in this case; (2) the Local Rules of this Court; and (3) the Federal Rules of Civil Procedure.  The total number of deposition hours shall be limited to 175 hours per litigant group, including depositions of fact witnesses, expert witnesses, and Rule 30(b)(6) witnesses.

6.      Fact witnesses will be made available for, or subject to, deposition two times for up to two days each time.  Fact witness depositions are limited to eight hours of running tape time each deposition day.

7.      Invalidity/validity opinion witnesses will be made available for, or subject to, deposition two times for up to three days each time.  Expert depositions are limited to eight hours of running tape time each deposition day.

8.      Infringement and damages opinion witnesses will be made available for, or subject to, deposition three times for up to four days each time.   Expert depositions are limited to eight hours of running tape time each deposition day.

9.      If an individual will be deposed both as an individual and as a 30 (b)(6) corporate representative, the respective depositions will be conducted separately, although both depositions may be conducted on the same day if the time limits will permit.

10.     Depositions will be videotaped by either one or two cameras.  If there is one camera, it will focus on the deponent at all times from a fixed position and distance, without alteration of focal length.  If there is a second camera, it will focus at all times on any exhibit being shown to the deponent, from a fixed position and distance, without alteration of focal length.  No other video or still cameras are permitted in the deposition room.

11.     Upon the agreement of the parties, participation by telephone or videoconference may be permitted.  Any party, party's counsel or other individual entitled to attend or to review the deposition under the Protective Order entered by the Court in this matter may receive access to the LiveNote transmission and monitor the deposition via LiveNote at their own expense. After commencement of the deposition, any technical delays relating to the LiveNote feed will either not delay the deposition or any delay of the deposition to remedy the technical failure will be charged against the total deposition hours time limit of the party requesting such delay.

12.     The parties are encouraged to enlist the services of Magistrate Craven in scheduling depositions and resolving any disagreement which may arise regarding the manner in which depositions are conducted or this Order.