UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION, | |
| Plaintiff | |
| v. | 2:06-CV-72 DF |
| WELLS FARGO & COMPANY; WELLS FARGO & COMPANY; WELLS FARGO BANK, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; U.S. BANCORP; U.S. BANK, NATIONAL ASSOCIATION; WACHOVIA CORPORATION; WACHOVIA BANK, NATIONAL ASSOCIATION; SUNTRUST BANKS, INC.; SUNTRUST BANK; BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY; BANCORPSOUTH, INC.; BANCORPSOUTH BANK; COMPASS BANCSHARES, INC.; COMPASS BANK; CULLEN/FROST BANKERS, INC.; THE FROST NATIONAL BANK; FIRST HORIZON NATIONAL CORPORATION; FIRST TENNESSEE BANK, NATIONAL ASSOCIATION; HSBC NORTH AMERICA HOLDINGS INC.; HSBC BANK USA, N.A.; HARRIS BANKCORP, INC.; HARRIS N.A.; NATIONAL CITY CORPORATION; NATIONAL CITY BANK; ZIONS BANCORPORATION; ZIONS FIRST NATIONAL BANK; BANK OF NEW YORK CO., INC.; THE BANK OF NEW YORK; UNIONBANCAL CORPORATION; UNION BANK OF CALIFORNIA, NATIONAL ASSOCIATION; BANK OF TOKYO-MITSUBISHI UFJ, LTD.; CITIZENS FINANCIAL GROUP, INC. | |

| | |
|---|---|
| CITY NATIONAL CORPORATION; CITY NATIONAL BANK; COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION; DEUTSCHE BANK TRUST COMPANY AMERICAS; FIRST CITIZENS BANCSHARES, INC.; FIRST CITIZENS BANK & TRUST COMPANY; KEYCORP; KEYBANK NATIONAL ASSOCIATION; LASALLE BANK CORPORATION; LASALLE BANK NA; M&T BANK CORPORATION; M&T BANK; THE PNC FINANCIAL SERVICES GROUP, INC.; PNC BANK, NATIONAL ASSOCIATION UBS AMERICAS, INC.; SMALL VALUE PAYMENTS COMPANY, LLC; THE CLEARING HOUSE PAYMENTS COMPANY, LLC; MAGTEK, INC; FIRST DATA CORPORATION; TELECHECK SERVICES, INC., REMITCO, LLC; and ELECTRONIC DATA SYSTEMS CORP.<br><br>          Defendants. | |

## DEPOSITION PROTOCOL ORDER

Based upon the agreement of the parties, it is hereby **ORDERED** that:

1.   When serving Notices of Depositions, the Noticing Attorney shall include a copy of the Court's Deposition Protocol Order with the Notice.

2.   Upon receipt of a Notice of Deposition, a Deponent or Deponent's Counsel may invoke the following deposition protocol by responding to the Noticing Attorney, in writing, of the Deponent's intent for the noticed deposition to be subject to this Deposition Protocol Order.

3.   The Noticing Attorney shall serve a copy of the Deponent's written correspondence upon the individual List Serve address provided by all parties to this action within three (3) business days of receipt of that correspondence.

4. If the deposition protocol is not invoked by a Deponent or Deponent's counsel for a deposition, then the deposition shall be conducted in accordance with, in order of priority, (1) prior orders of the Court in this case; (2) the Federal Rules of Civil Procedure; and (3) the Local Rules of this Court.

The Deposition Protocol in this matter is as follows:

5. Except as expressly directed otherwise in this Order, all depositions shall be conducted in accordance with, in order of priority, (1) prior orders of the Court in this case; (2) the Local Rules of this Court; and (3) the Federal Rules of Civil Procedure. The total number of deposition hours shall be limited to 175 hours per litigant group, including depositions of fact witnesses, expert witnesses, and Rule 30(b)(6) witnesses.

6. Fact witnesses will be made available for, or subject to, deposition two times for up to two days each time. Fact witness depositions are limited to eight hours of running tape time each deposition day.

7. Invalidity/validity opinion witnesses will be made available for, or subject to, deposition two times for up to three days each time. Expert depositions are limited to eight hours of running tape time each deposition day.

8. Infringement and damages opinion witnesses will be made available for, or subject to, deposition three times for up to four days each time. Expert depositions are limited to eight hours of running tape time each deposition day.

9. If an individual will be deposed both as an individual and as a 30 (b)(6) corporate representative, the respective depositions will be conducted separately, although both depositions may be conducted on the same day if the time limits will permit.

10. Upon the agreement of the parties, participation by telephone or videoconference may be permitted. Any party, party's counsel or other individual entitled to attend or to review the deposition under the Protective Order entered by the Court in this matter may receive access to the LiveNote transmission and monitor the deposition via LiveNote at their own expense. After commencement of the deposition, any technical delays relating to the LiveNote feed will either not delay the deposition or any delay of the deposition to remedy the technical failure will be charged against the total deposition hours time limit of the party requesting such delay.

11. The parties are encouraged to enlist the services of Magistrate Craven in scheduling depositions and resolving any disagreement which may arise regarding the manner in which depositions are conducted or this Order.