# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **DATA TREASURY CORPORATION**, § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | NO. 2:06-CV-72 |
| § | |
| **WELLS FARGO & COMPANY, et al.,** § | |
| § | |
| **Defendants.** § | |
| § | |

## ORDER

By Order dated October 25, 2006, the Court advised the parties of its intention to appoint a technical advisor in this action and requested the parties submit a list of proposed candidates. By notice dated November 13, 2006, the parties proposed the appointment of Mike McLemore as technical advisor. After considering the subject matter of this litigation, the curriculum vitae of Mr. McLemore, and the comments of the parties, the Court, pursuant to its inherent authority and in accordance with the terms and conditions set forth herein, hereby

APPOINTS Mr. Mike McLemore as its technical advisor in the above styled cause of action. The Court is convinced that this matter presents circumstances "where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute without dislodging the delicate balance of the juristic role." *Reilly v. United States*, 863 F.2d 149, 156 (2d Cir. 1988).

Mr. McLemore shall, as the Court's technical advisor, assist the Court in educating itself in the terminology and theory disclosed by the evidence as the Court deems necessary. He will act as

-1-

a sounding board for the Court's assessment of the scientific significance of the evidence, and he will assist the Court in determining the validity of any scientific evidence, hypothesis, or theory on which the experts base their testimony. In so doing, Mr. McLemore will function as a confidential advisor to the Court analogous to the role performed by the judicial clerk. Mr. McLemore will not be called upon to testify. He will not act as a finder of fact nor will he attempt to advise the Court on any matter of law.

In accepting this engagement, Mr. McLemore affirms to the Court that he is a neutral third party in regard to this action, that he has no ideological, financial or professional interest in the outcome of the litigation, and that he will respond to questions concerning technical or scientific terminology or theory in a manner consistent with his best understanding of relevant generally accepted scientific knowledge. Mr. McLemore further affirms that he has never had, does not presently have, and does not anticipate entering into any future financial, business or personal relationship with any of the litigants, including stock ownership, grant money, consulting contracts or employment, and will not do so while this action is pending. Nor will he use or seek to benefit from any confidential information that he may acquire in the course of this employment.

In the event Mr. McLemore becomes aware of any conflict or potential conflict in this matter, he agrees to inform the Court immediately. In such event, the Court will inform the parties and either seek their comments or terminate Mr. McLemore's engagement *sua sponte*.

Mr. McLemore further agrees that his communications with the Court and any information shown or provided to him by the Court in connection with this litigation are to be treated as confidential. This requirement of confidentiality shall not apply to the fact of his engagement, the amount of any compensation he is paid, information available in public records, or any other matter

specified in writing by the Court. Mr. McLemore further agrees that he will not engage in any independent investigation of the underlying litigation, provide evidence to the Court, or contact any party or witness in this action. The Court will identify for the parties any materials used by Mr. McLemore in providing advice to the Court other than those submitted by the parties or those upon which a person versed in the relevant field of knowledge would be reasonably expected to rely. The parties, including their experts and consultants, are ordered not to have any communication with Mr. McLemore except in the presence of the Court. Should any party contact Mr. McLemore (except to provide payment as set forth below) or should any person seek to communicate with him about the substantive issues involved in this litigation, he will inform the Court immediately of all facts and circumstances concerning such contact.

The parties are advised that, consistent with the nature of his engagement, the Court anticipates having direct *ex parte* communications with Mr. McLemore. Should the Court, however, ask Mr. McLemore to prepare any written submission to the Court, a copy of any such submission will be provided to the parties (excepted written comments by Mr. McLemore on drafts of the Court's own opinions). Should any party believe that any such written submission contains errors of fact that party may so advise the Court in writing.

Mr. McLemore shall keep track of his time and submit a monthly statement to the Court showing the hours expended. Plaintiff is directed to pay one-half of Mr. McLemore's compensation and Defendants are directed to pay one-half of Mr. McLemore's compensation, at a total rate of $500 per hour for time spent reviewing materials at the Court's request as well as providing direct consultation to the Court. Payments shall be made within 45 days after receipt by the parties of copies of Mr. McLemore's billing statements approved by the Court. The Court taxes such costs to

the parties pursuant to its inherent power to do so in the interest of promoting the efficient conduct of this complex litigation. *See Two Appeals (San Juan Dupont Plaza Hotel Fire Litig.)* 994 F.2d 956 (1st Cir. 1994).

Mr. McLemore will execute an affidavit indicating his understanding of this Order prior to beginning his engagement. He will at the conclusion of his employment file an affidavit attesting to his compliance with the terms of this Order.

**IT IS SO ORDERED.**

**SIGNED this 17th day of November, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE