# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION<br>*PLAINTIFF*<br><br>vs.<br><br>WELLS FARGO & COMPANY, *ET AL.*<br>*DEFENDANTS* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:06cv72<br><br>Judge David Folsom |

## MOTION OF DEFENDANT ELECTRONIC DATA SYSTEMS CORP. FOR MODIFICATION OF THE STAY

Electronic Data Systems Corp. ("EDS") respectfully moves the Court to modify its Order staying litigation of the Ballard patents pending their reexamination.[1] The Court's Order conditioned the stay on an individual Defendant's stipulation that it would not subsequently challenge the Ballard patents' validity based on prior art publications considered in the reexamination process. The clarifying modification EDS requests concerns whether this stipulation applies if a Defendant asserts, for example, a challenge of obviousness based on a combination of a piece of prior art not considered in the reexamination—such as a prior art device that the PTO is precluded from considering during reexamination—with a printed publication that was considered in the reexamination. EDS believes that the stipulation should not be read to cover obviousness challenges based on such combinations. EDS, therefore, requests that the Court clarify that the terms of its stipulation do not apply to combinations of art considered in the reexamination with art that was not so considered.

---

[1] Order of October 25, 2006 (Dkt. No. 326) ("Court's Order"). The "Ballard patents" refer collectively to U.S. Patent. Nos. 5,910,988 ("'988 patent") and 6,032,137 ("'137 patent").

-1-

-2-

**I.     BACKGROUND**

As this Court knows, in November 2005, a defendant in one of DataTreasury Corporation's ("DTC's") many Ballard-patent lawsuits requested reexamination of those patents in light of five principal pieces of prior art. The United States Patent & Trademark Office ("PTO") granted the request in January 2006, finding that those five references raised "a substantial new question of patentability" affecting all fifty claims of the '988 patent and all forty-three claims of the '137 patent.[2] Shortly thereafter, DTC brought this massive lawsuit.

EDS subsequently asked the Court to sever and stay the Ballard-patent claims pending the PTO's reexamination (Dkt. No. 260) ("Original Motion"). On October 25, the Court ordered a stay as to each Defendant on condition that the Defendant sign a stipulation agreeing not to challenge the Ballard patents "based on any prior art printed publications that were considered in the reexamination process" (Dkt. No. 326) ("Court's Order"). EDS was among the majority of Defendants to elect not to sign the proferred stipulation at that time (Dkt. Nos. 337-341).

On November 30, the PTO issued first Office Actions in the reexaminations, rejecting each and every claim of the Ballard patents in view of the five prior art references before the Examiner.[3] Under strict timelines set by the PTO, DTC has until January 30, 2007 to respond to the first Office Actions. DTC must respond to the PTO's rejection of each and every of the Ballard-patent claims: for each claim it may either propose a scope-limiting amendment; it may argue that the Examiner has misread or misunderstood the significance of one or more of the five relevant prior art references; or it may propose an amendment in combination with an argument of Examiner error. Following DTC's response, the PTO will issue second Office Actions either

---

[2] The PTO's orders granting reexamination of the Ballard patents were attached as Exhibits 3 and 4 to the Original Motion (Dkt. No. 260).

[3] The PTO's first Office Actions in the Ballard-patent reexaminations are attached as Exhibits 1 and 2.

confirming or amending its initial determination that each and every of the Ballard-patent claims is invalid.

In the meantime, burdensome discovery related to the currently-rejected Ballard patents is set to begin in earnest in this case. EDS is scheduled to make large document productions pursuant to P.R. 3-4 on January 29, 2007, and DTC has indicated its intent to take a wide-ranging Rule 30(b)(6) deposition of EDS in February.

## II.    ARGUMENT

### A.    The Court Is Free to Modify Its Order Requiring the Stipulation.

This Court has "inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). The Court also has "broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). And under the Federal Rules, the Court is free to revisit and modify its Orders on these issues "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." FED. R. CIV. PRO. 54(b). On this authority, and in conjunction with the relevant authority cited in the Original Motion and in the Court's Order, Moving Defendants urge the Court to modify its Order and to grant a severance and stay of the Ballard-patent claims subject to the modified stipulation proposed below, or one like it.

### B.    Clarifying the Stipulation Will Increase Fairness and Judicial Economy.

The Court's Order stayed litigation of the Ballard patents pending their reexamination on condition that Defendants enter the following stipulation:

> The parties agree that the stay will be granted only on condition that [an individual defendant] agrees not to challenge United States Patent Numbers 5,910,988 and/or 6,032,137 based on any prior art printed publications that were considered in the reexamination process.

EDS proposes that the Court make a slight but significant clarification to the required stipulation—namely, to append to the stipulation the following sentence:

> [An individual defendant] will be permitted to rely for obviousness on the combination of a printed publication reference that was considered in the reexamination with prior art that was not so considered.

EDS believes that the current stipulation should not be read to ban the subsequent use, for obviousness purposes, of prior art that was not considered by the PTO in combination with references that were so considered in the reexamination. Nevertheless, EDS is concerned that, if a Defendant accepts the stipulation and the patents survive the reexamination, Plaintiff will attempt to expand the scope of the stipulation. Such uncertainty and the prospect of a future fight around the scope of the stipulation creates a chilling effect with respect to acceptance of the stipulation. Providing clarification on this issue now therefore increases fairness, as it will enable Defendants to more accurately weigh the anticipated costs and benefits of entering the stipulation. As EDS, and probably other Defendants, would accept the clarified stipulation, the clarification would also serve the purposes identified by the Court as weighing in favor of staying the Ballard-patent claims pending their reexamination.[4]

Moreover, if the patents survive reeamination and the litigation resumes after a stay, this very issue will likely need to be resolved either before discovery or at trial. Clarifying the stipulation's reach now will increase efficiency: it will help frame the scope of discovery, and will better enable the parties to prepare for any subsequent trial.

---

[4] *See* Court's Order at 7-8 (Dkt. No. 326). The fact that the PTO has now rejected all of the Ballard-patent claims—many on multiple grounds—adds further weight to the arguments favoring a stay. *See Gunthy-Renker Fitness, LLC v. Icon Health and Fitness, Inc.*, 48 U.S.P.Q. 2d 1058 (C.D. Cal. 1998). As explained in the Original Motion, the PTO's statistics show that there is a 71% chance that the claims of a patent undergoing *ex parte* reexamination will be at least narrowed in scope, if not eliminated altogether. *See* Original Motion at 10. The PTO does not provide a statistical break-down for those patents whose claims are uniformly rejected in first Office Actions, but it stands to reason that the chances that such patents will eventually be narrowed or eliminated are greater than 71%.

-5-

## III.     CONCLUSION

For these reasons, the Court should offer a modified stipulation that would conclusively confirm that stipulating Defendants will not be precluded from making an obviousness challenge based on the combination of a reference that was considered in the reexamination with prior art that was not so considered.


DATED:  January 8, 2007                                   Respectfully submitted,


                                                                              McKOOL SMITH, P.C.

                                                                              /s/ Theodore Stevenson
                                                                              Theodore Stevenson, III, Lead Attorney
                                                                              Texas State Bar No. 19196650
                                                                              tstevenson@mckoolsmith.com
                                                                              Garret W. Chambers
                                                                              Texas State Bar No. 00792160
                                                                              gchambers@mckoolsmith.com
                                                                              L. David Anderson
                                                                              Texas State Bar No. 00796126
                                                                              danderson@mckoolsmith.com
                                                                              Joel L. Thollander
                                                                              Texas State Bar No. 24033384
                                                                              jthollander@mckoolsmith.com
                                                                              300 Crescent Court, Suite 1500
                                                                              Dallas, Texas 75201
                                                                              Telephone:  (214) 978-4000
                                                                              Telecopy:    (214) 978-4044

                                                                              COUNSEL FOR AMICUS
                                                                              ELECTRONIC DATA SYSTEMS CORP.

-6-

## CERTIFICATE OF CONFERENCE

This is to certify that on January 8, 2007, I conferred with Plaintiff DataTreasury Corporation's counsel Mr. Anthony Bruster. Mr. Bruster stated that Plaintiff opposes this motion.

/s/ Joel L. Thollander
Joel L. Thollander

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ Joel L. Thollander
Joel L. Thollander