IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WELLS FARGO, et al. | § | Civil Action No. 2:06-CV-72 |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |

## ORIGINAL ANSWER, COUNTERCLAIM, AND JURY DEMAND OF DEFENDANTS AND COUNTER-PLAINTIFFS FIRST DATA CORPORATION, TELECHECK SERVICES, INC., AND REMITCO, LLC

Defendants First Data Corporation ("First Data"), TeleCheck Services, Inc. ("TeleCheck"), and Remitco, LLC ("Remitco") (jointly "FDC Defendants"), by and through its undersigned attorneys, respectfully file this Original Answer, Counterclaim, and Jury Demand to Plaintiff DataTreasury Corporation's ("DTC") First Amended Complaint for Patent Infringement ("Amended Complaint") as follows:

### I. THE PARTIES

1.      FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint, and, accordingly, deny the same.

2.      FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Amended Complaint, and, accordingly, deny the same.

LA1 879683v.3

3.      FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Amended Complaint, and, accordingly, deny the same.

4.      FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint, and, accordingly, deny the same.

5.      FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Amended Complaint, and, accordingly, deny the same.

6.      FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Amended Complaint, and, accordingly, deny the same.

7.      FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Amended Complaint, and, accordingly, deny the same.

8.      FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint, and, accordingly, deny the same.

9.      FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Amended Complaint, and, accordingly, deny the same.

10.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Complaint, and, accordingly, deny the same.

11.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint, and, accordingly, deny the same.

12.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint, and, accordingly, deny the same.

13.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Amended Complaint, and, accordingly, deny the same.

14.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint, and, accordingly, deny the same.

15.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Amended Complaint, and, accordingly, deny the same.

16.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Amended Complaint, and, accordingly, deny the same.

17.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Amended Complaint, and, accordingly, deny the same.

18.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Amended Complaint, and, accordingly, deny the same.

19.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint, and, accordingly, deny the same.

20.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Amended Complaint, and, accordingly, deny the same.

21.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Amended Complaint, and, accordingly, deny the same.

22.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Amended Complaint, and, accordingly, deny the same.

23.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Amended Complaint, and, accordingly, deny the same.

24.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Amended Complaint, and, accordingly, deny the same.

25.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Amended Complaint, and, accordingly, deny the same.

26.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Amended Complaint, and, accordingly, deny the same.

27.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Amended Complaint, and, accordingly, deny the same.

28.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Amended Complaint, and, accordingly, deny the same.

29.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Amended Complaint, and, accordingly, deny the same.

30.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Amended Complaint, and, accordingly, deny the same.

31.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Amended Complaint, and, accordingly, deny the same.

32.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Amended Complaint, and, accordingly, deny the same.

33.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Amended Complaint, and, accordingly, deny the same.

34.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Amended Complaint, and, accordingly, deny the same.

35.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Amended Complaint, and, accordingly, deny the same.

36.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Amended Complaint, and, accordingly, deny the same.

37.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Amended Complaint, and, accordingly, deny the same.

38.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Amended Complaint, and, accordingly, deny the same.

39.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Amended Complaint, and, accordingly, deny the same.

40.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Amended Complaint, and, accordingly, deny the same.

41.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Amended Complaint, and, accordingly, deny the same.

42.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Amended Complaint, and, accordingly, deny the same.

43.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Amended Complaint, and, accordingly, deny the same.

44.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Amended Complaint, and, accordingly, deny the same.

45.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Amended Complaint, and, accordingly, deny the same.

46.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Amended Complaint, and, accordingly, deny the same.

47.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Amended Complaint, and, accordingly, deny the same.

48.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Amended Complaint, and, accordingly, deny the same.

49.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Amended Complaint, and, accordingly, deny the same.

50.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Amended Complaint, and, accordingly, deny the same.

51.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Amended Complaint, and, accordingly, deny the same.

52.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Amended Complaint, and, accordingly, deny the same.

53.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Amended Complaint, and, accordingly, deny the same.

54.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Amended Complaint, and, accordingly, deny the same.

55.     FDC Defendants admit that First Data Corporation is a Delaware corporation with a principal place of business at the address indicated in paragraph 55.  FDC Defendants admit that Corporation Service Company is First Data Corporation's Registered Agent for Service at the address indicated in paragraph 55.   FDC Defendants admit that First Data Corporation has current pending litigation with DTC in the Eastern District of Texas under Cause No. 5:05-CV-173 and deny any remaining allegations in paragraph 55 of the Amended Complaint.

56.     FDC Defendants admit that TeleCheck is a Delaware corporation with a principal place of business at the address indicated in paragraph 56.  FDC Defendants admit that TeleCheck does business in Texas and that Corporation Service Company is TeleCheck's Registered Agent for Service at the address indicated in paragraph 56.   FDC Defendants admit that First Data Corporation has current pending litigation with DTC in the Eastern District of Texas under Cause No. 5:05-CV-173 and deny any remaining allegations in paragraph 56 of the Amended Complaint.

57.    FDC Defendants admit that Remitco is a Delaware Limited Liability Company with a principal place of business at the address indicated in paragraph 57. FDC Defendants admit that Remitco does business in Texas and that Corporation Service Company is Remitco's Registered Agent for Service at the address indicated in paragraph 57 of the Amended Complaint. FDC Defendants admit that Remitco has current pending litigation with DTC under Cause No. 5:05-CV-173 and deny any remaining allegations in paragraph 57 of the Amended Complaint.

58.    FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Amended Complaint, and, accordingly, deny the same.

## II. JURISDICTION AND VENUE

59.    FDC Defendants admit that the Amended Complaint alleges that this is an action for patent infringement under the provisions of the Patent Laws of the United States of America, Title 35, United States Code. FDC Defendants admit that subject-matter jurisdiction of patent claims is conferred upon this Court by 28 U.S.C. § 1338. FDC Defendants deny any patent infringement.

60.    FDC Defendants admit that the FDC Defendants do business in Texas. As to the first allegation of paragraph 60, FDC Defendants dispute that general personal jurisdiction is conferred through minimum contacts with the forum, and accordingly deny the same. The second allegation of paragraph 60 is admitted as to TeleCheck, but denied as to First Data and Remitco. As to the allegations regarding other named defendants, FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Amended Complaint, and, accordingly, deny the same.

61.     FDC Defendants admit that 28 U.S.C. §§ 1391 and 1400 govern the venue of patent claims.  FDC Defendants deny any patent infringement and deny any remaining allegations in paragraph 61 of the Amended Complaint.  As to the allegations regarding other named defendants, FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Amended Complaint, and, accordingly, deny the same.

62.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Amended Complaint, and, accordingly, deny the same, except FDC Defendants admit that DTC refers to the entities listed in paragraph 62 collectively as the "Viewpoint Defendant Group" in its Amended Complaint.

63.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Amended Complaint, and, accordingly, deny the same.

64.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Amended Complaint, and, accordingly, deny the same, except FDC Defendants admit that DTC refers to the entities listed in paragraph 62 collectively as the "SVPCo/Clearing House Defendant Group" in its Amended Complaint.

65.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Amended Complaint, and, accordingly, deny the same.

### III. PATENT INFRINGEMENT

66.     FDC Defendants admit that United States Patent No. 5,910,988 ("the '988 patent") issued on June 8, 1999, and identifies Claudio R. Ballard as the purported inventor.

FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 66 of the Amended Complaint, and, accordingly, deny the same.

67.    FDC Defendants admit that United States Patent No. 6,032,137 ("the '137 patent") issued on February 29, 2000, and identifies Claudio R. Ballard as the purported inventor.  FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 67 of the Amended Complaint, and, accordingly, deny the same.

68.    FDC Defendants admit that United States Patent No. 5,265,007 ("the '007 patent") issued on November 23, 1993, and identifies John L. Barnhard, Jr., Thomas K. Bowen, Terry L. Geer, and John W. Liebersbach as the purported inventors.  FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 68 of the Amended Complaint, and, accordingly, deny the same.

69.    FDC Defendants admit that United States Patent No. 5,583,759 ("the '759 patent") issued on December 10, 1996, and identifies Terry L. Geer as the purported inventor. FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 69 of the Amended Complaint, and, accordingly, deny the same.

70.    FDC Defendants admit that United States Patent No. 5,717,868 ("the '868 patent") issued on February 10, 1998, and identifies David L. James as the purported inventor. FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 70 of the Amended Complaint, and, accordingly, deny the same.

71.     FDC Defendants admit that United States Patent No. 5,930,778 ("the '778 patent") issued on July 27, 1999, and identifies Terry L. Geer as the purported inventor.  FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71 of the Amended Complaint, and, accordingly, deny the same.

72.     FDC Defendants deny the allegations of paragraph 72 of the Amended Complaint in that DTC is not entitled to any recovery under 35 U.S.C. § 285.

### IV. COUNT I – THE '988 DEFENDANTS

73.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Amended Complaint, and, accordingly, deny the same.

74.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Amended Complaint, and, accordingly, deny the same.

75.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Amended Complaint, and, accordingly, deny the same.

76.     FDC Defendants admit that FDC, TeleCheck, and Remitco are currently being sued for willfully infringing the '988 patent by DTC in the Eastern District of Texas.  FDC Defendants deny any patent infringement.  As to the allegations regarding other named defendants, FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Amended Complaint, and, accordingly, deny the same.

## COUNT TWO – THE '137 DEFENDANTS

77.    FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Amended Complaint, and, accordingly, deny the same.

78.    FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Amended Complaint, and, accordingly, deny the same.

79.    FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Amended Complaint, and, accordingly, deny the same.

80.    FDC Defendants admit that FDC, TeleCheck, and Remitco are currently being sued for willfully infringing the '137 patent by DTC in the Eastern District of Texas.  FDC Defendants deny any patent infringement.  As to the allegations regarding other named defendants, FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Amended Complaint, and, accordingly, deny the same.

## COUNT THREE – THE '007 DEFENDANTS

81.    FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Amended Complaint, and, accordingly, deny the same.

82.    FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Amended Complaint, and, accordingly, deny the same.

83.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Amended Complaint, and, accordingly, deny the same.

## COUNT FOUR – THE '759 DEFENDANTS

84.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Amended Complaint, and, accordingly, deny the same.

85.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Amended Complaint, and, accordingly, deny the same.

86.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Amended Complaint, and, accordingly, deny the same.

## COUNT FIVE – THE '868 DEFENDANTS

87.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Amended Complaint, and, accordingly, deny the same.

88.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Amended Complaint, and, accordingly, deny the same.

89.     FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Amended Complaint, and, accordingly, deny the same.

## COUNT SIX – THE '788 DEFENDANTS

90.    FDC Defendants deny the allegations of paragraph 90 to the extent that they relate to FDC, TeleCheck, or Remitco.  As to the allegations regarding other named defendants, FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Amended Complaint, and, accordingly, deny the same.

91.    FDC Defendants deny the allegations of paragraph 91 to the extent that they relate to FDC, TeleCheck, or Remitco.  As to the allegations regarding other named defendants, FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Amended Complaint, and, accordingly, deny the same.

92.    FDC Defendants deny the allegations of paragraph 92 to the extent that they relate to FDC, TeleCheck, or Remitco.  As to the allegations regarding other named defendants, FDC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the Amended Complaint, and, accordingly, deny the same.

## GENERAL DENIAL

FDC Defendants deny all allegations in DTC's Amended Complaint not specifically admitted in their Answer.

## X. PRAYER FOR RELIEF

With respect to the allegations in this section of the Amended Complaint, FDC Defendants admit that DTC seeks the relief set forth therein, but denies that DTC is entitled to any of the relief requested against FDC Defendants.  Otherwise, the allegations of the "Prayer for Relief" section of the Amended Complaint are denied.

## AFFIRMATIVE DEFENSES

### First Defense

93.    FDC Defendants have not infringed and are not infringing any valid and enforceable claim of the '778 patent.

### Second Defense

94.    FDC Defendants have not contributed to and are not contributing to the infringement of any valid and enforceable claim of the '778 patent.

### Third Defense

95.    FDC Defendants have not induced and are not inducing the infringement of any valid and enforceable claim of the '778 patent.

### Fourth Defense

96.    The claims of the '778 patent are invalid because they fail to meet the conditions for patentability in Title 35, United States Code, including, but not limited to §§ 101, 102, 103 and 112 thereof.

### Fifth Defense

97.    On information and belief, FDC Defendants enjoy actual and/or implied licenses to the '778 patent.

### Sixth Defense

98.    DTC's claims of alleged infringement of the '778 patent are barred, in whole or part, under the doctrine of laches and /or the statute of limitations.

**Seventh Defense**

99.     DTC's Amended Complaint, and each purported claim against the FDC

Defendants alleged therein, fails to state facts upon which relief can be granted against the FDC

Defendants.

**Eighth Defense**

100.     DTC has no standing to assert claims of infringement with respect to the '778

patent because DTC lacks substantive rights in the '778 patent.

**COUNTERCLAIMS**

FDC Defendants assert the following counterclaims against Plaintiff/Counter-Defendant

DataTreasury Corporation ("DTC"):

101.     FDC Defendants re-allege and incorporate by reference herein the allegations of

paragraphs 1-100 above.

102.     These counterclaims arises under the Federal Declaratory Judgment Act, 28

U.S.C. §§ 2201-02, and the patent laws of the United States set forth in Title 35 of the United

States Code and Title 37 of the Code of Federal Regulations.

103.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C.  §§

1331, 1338(a), and 2201(a).  Venue is based on 28 U.S.C. §§ 1391(b), (c), and 1400(b).  This

Court has personal jurisdiction over DTC.

104.     DTC filed the Amended Complaint against the FDC Defendants for infringement

of the '778 patent.  Accordingly, an actual justicable case or controversy exists between DTC

and the FDC Defendants.

**First Counterclaim**
**(Declaratory Judgment of Non-Infringement)**

105.    FDC Defendants re-allege and incorporate by reference herein the allegations of paragraphs 1-104 above.

106.    FDC Defendants have not infringed and are not infringing any valid and enforceable claim of the '778 patent.

107.    FDC Defendants have not contributed to and are not contributing to the infringement of any valid and enforceable claim of the '778 patent.

108.    FDC Defendants have not induced and are not inducing the infringement of any valid and enforceable claim of the '778 patent.

**Second Counterclaim**
**(Declaratory Judgment of Invalidity)**

109.    FDC Defendants re-allege and incorporate by reference herein the allegations of paragraphs 1-108 above.

110.    The '778 patent is void and invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and 112 and the rules, regulations, and laws pertaining thereto.

**Third Counterclaim**
**(Actual and/or Implied License)**

111.    FDC Defendants re-allege and incorporate by reference herein the allegations of paragraphs 1-110 above.

112.    On information and belief, FDC Defendants enjoy actual and/or implied licenses to the '778 patent.

### Fourth Counterclaim
### (Laches and/or Statute of Limitations)

113.    FDC Defendants re-allege and incorporate by reference herein the allegations of paragraphs 1-112 above.

114.    DTC's claims of alleged infringement of the '778 patent are barred, in whole or part, under the doctrine of laches and/or the statute of limitations.

### Fifth Counterclaim
### (Exceptional Case)

115.    FDC Defendants re-allege and incorporate by reference herein the allegation of paragraphs 1-114 above.

116.    This is an exceptional case under 35 U.S.C. § 285 entitling FDC Defendants to recover its reasonable attorneys' fees.

### PRAYER FOR RELIEF

A.    Adjudge, declare, and decree that all of DTC's claims against each of the FDC Defendants are denied;

B.    Adjudge, declare, and decree that the Amended Complaint against each of the FDC Defendants be dismissed with prejudice;

C.    Adjudge, declare, and decree that the claims of the '778 patent are not infringed by any of the FDC Defendants;

D.    Adjudge, declare, and decree that the claims the '778 patent are invalid;

E.    Adjudge, declare, and decree that the claims of the '778 patent are unenforceable;

F.    Find this case exceptional and award reasonable attorneys' fees to FDC Defendants;

G.      Award costs of this case to FDC Defendants;

H.      Award to FDC Defendants any further relief to which FDC Defendants are

entitled.

## JURY DEMAND

FDC Defendants demand a trial by jury of all issues so triable pursuant to Federal Rule of

Civil Procedure 38.

Dated: February 12, 2007          Respectfully submitted,

**ATTORNEYS FOR DEFENDANTS**       */s/ Lance Lee*
**FIRST DATA CORPORATION,**
**FIRST DATA MERCHANT CORP.,**      **LANCE LEE**
**AND TELECHECK SERVICES, INC.**     Texas Bar No. 240004762
**D/B/A TELECHECK INTERNATIONAL**    Email wlancelee@aol.com
                             **DAMON YOUNG**
                             Texas Bar No. 22176700
                             Email: dmyoung64@aol.com
                             **YOUNG, PICKETT & LEE**
                             4122 Texas Blvd.
                             P.O. Box 1897
                             Texarkana, Texas 75504
                             tel. 903-794-1303
                             fax 903-792-5098

                             **Edward G. Poplawski** (*Pro Hac Vice*)
                             Email: EPoplaws@Sidley.com
                             **JEFFREY A. FINN** (*Pro Hac Vice*)
                             Email: JFinn@Sidley.com
                             **CARISSA A. TENER** (*Pro Hac Vice*)
                             Email: CTener@Sidley.com
                             **SIDLEY AUSTIN L.L.P.**
                             555 W. Fifth Street
                             Los Angeles, California 90013
                             tel. 213-896-6000
                             fax 213-896-6600

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 12th day of February, 2007 via electronic transmission.

Bank of America – Listserve (BankofAmericaF&R@fr.com)
BB&T - Listserve (BB&T_DataTreasury@kilpatrickstockton.com)
Citizens Financial (citizensfinancial@standleyLLP.com)
City National Bank – Listserve (citynationalbank@dmtechlaw.com)
Comerica Bank 007 – Listserve (Comerica_DataTreasury@kilpatrickstockton.com)
Compass/First Horizon/TN Bank – Listserve (comfhft@andrewskurth.com)
Cullen/Frost Bank – Listserve (frostbank@dmtechlaw.com)
EDS – Listserve (EDS_DataTreasury@mckoolsmith.com)
UBS – Listserve (ubsamericas@velaw.com)
HSBC N. America Holdings/HSBC Bank USA - Listserve (hsbccounsel@blhc-law.com)
BancorpSouth – Listserve (bxs@hughesluce.com)
Bank of Tokyo – Listserve (BankofTokyo_DataTreasury@sidley.com)
BofNY – Listserve (BofNYLitTeam@pillsburylaw.com)
The Clearing House/SVPCo – Listserve (TCH_DT@sullcrom.com)
Data Treasury – Listserve (datatreasury@cooperiplaw.com)
Edward H. Hohn (edhohn@nixlawfirm.com)
Anthony Bruster (akbruster@nixlawfirm.com)
Rod Cooper (rodcooper@nixlawfirm.com)
Karl Rupp (krupp@provostumphrey.com)
Deutsche Bank – Listserve (DeutscheBank_DataTreasury@sidley.com)
First Citizens - Listserve (firstcitizens@bakerbotts.com)
First Data – Listserve (FirstData_DataTreasury@sidley.com)
Key Bank - Listserve (KeyCorp_DataTreasury@mckoolsmith.com)
LaSalle Bank – Listserve (LaSalleBank_DataTreasury@sidley.com)
National City Bank – Listserve (Foley-DTC@foley.com)
Remitco – Listserve (Remitco_DataTreasury@sidley.com)
TeleCheck – Listserve – (Telecheck_DataTreasury@sidley.com)
Union BofCA - Listserve (UBofCLitTeam@pillsburylaw.com)
Viewpointe – Listserve (Viewpointe_dtc@skadden.com)
Zion First National Bank – Listserve (Foley-DTC@foley.com)
Harris Bancorp. – Listserve (Harris_DataTreasury@mckoolsmith.com)
M&T 077 – Listserve (M&T_DataTreasury@kilpatrickstockton.com)
PNC Bank – Listserve (PNC_DataTreasury@mckoolsmith.com)
Suntrust – Listserve (SunTrust_DataTreasury@mckoolsmith.com)
U.S. Bancorp – Listserve (Foley-DTC@foley.com)
Wacovia 007 – Listserve (Wachovia_DataTreasury@kilpatrickstockton.com)
Wells Fargo – Listserve (*DalWellsFargo_DTC@BakerNet.com)
Lance Lee (wlancelee@aol.com)

*/s/ Lance Lee*_____
Lance Lee