IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WELLS FARGO, et al. | § | Civil Action No. 2:06-CV-72 |
| | § | |
| Defendants. | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |

## ORIGINAL ANSWER, COUNTERCLAIM, AND JURY DEMAND OF DEFENDANT AND COUNTER-PLAINTIFF BANK OF TOKYO-MITSUBISHI UFJ, LTD.[1]

Defendant Bank of Tokyo-Mitsubishi UJF, Ltd. ("Bank of Tokyo-Mitsubishi"), by and through its undersigned attorneys, respectfully files this Original Answer, Counterclaim, and Jury Demand to Plaintiff DataTreasury Corporation's ("DTC") First Amended Complaint for Patent Infringement ("Amended Complaint") as follows:

### I. THE PARTIES

1.      Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint, and, accordingly, denies the same.

---

[1] Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the US Patent Nos. 5,910,988 and 6,032,137 (collectively "the Ballard patents") for Bank of Tokyo-Mitsubishi. Accordingly, Bank of Tokyo-Mitsubishi will answer, assert affirmative defenses, and assert counterclaims with respect to allegations regarding the Ballard patents at the appropriate time if and when the Court lifts the stay. Should the stay be lifted on patent claims related to the Ballard patents, Bank of Tokyo-Mitsubishi reserves the right to supplement and/or amend its Answer, including the addition of affirmative defenses and/or counterclaims related to the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

2.      Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Amended Complaint, and, accordingly, denies the same.

3.      Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Amended Complaint, and, accordingly, denies the same.

4.      Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint, and, accordingly, denies the same.

5.      Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Amended Complaint, and, accordingly, denies the same.

6.      Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Amended Complaint, and, accordingly, denies the same.

7.      Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Amended Complaint, and, accordingly, denies the same.

8.      Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint, and, accordingly, denies the same.

9.      Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Amended Complaint, and, accordingly, denies the same.

10.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Complaint, and, accordingly, denies the same.

11.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint, and, accordingly, denies the same.

12.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint, and, accordingly, denies the same.

13.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Amended Complaint, and, accordingly, denies the same.

14.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint, and, accordingly, denies the same.

15.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Amended Complaint, and, accordingly, denies the same.

16.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Amended Complaint, and, accordingly, denies the same.

17.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Amended Complaint, and, accordingly, denies the same.

18.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Amended Complaint, and, accordingly, denies the same.

19.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint, and, accordingly, denies the same.

20.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Amended Complaint, and, accordingly, denies the same.

21.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Amended Complaint, and, accordingly, denies the same.

22.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Amended Complaint, and, accordingly, denies the same.

23.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Amended Complaint, and, accordingly, denies the same.

24.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Amended Complaint, and, accordingly, denies the same.

25.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Amended Complaint, and, accordingly, denies the same.

26.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Amended Complaint, and, accordingly, denies the same.

27.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Amended Complaint, and, accordingly, denies the same.

28.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Amended Complaint, and, accordingly, denies the same.

29.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Amended Complaint, and, accordingly, denies the same.

30.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Amended Complaint, and, accordingly, denies the same.

31.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Amended Complaint, and, accordingly, denies the same.

32.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Amended Complaint, and, accordingly, denies the same.

33.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Amended Complaint, and, accordingly, denies the same.

34.    Bank of Tokyo-Mitsubishi admits that Bank of Tokyo-Mitsubishi is a foreign financial institution, that it does limited business in Texas, and that it has a principal place of business at the address indicated in paragraph 34.   Bank of Tokyo-Mitsubishi admits that Masato Miyachi is Bank of Tokyo-Mitsubishi's Registered Agent for Service at the address indicated in paragraph 40.

35.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Amended Complaint, and, accordingly, denies the same.

36.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Amended Complaint, and, accordingly, denies the same.

37.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Amended Complaint, and, accordingly, denies the same.

38.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Amended Complaint, and, accordingly, denies the same.

39.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Amended Complaint, and, accordingly, denies the same.

40.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Amended Complaint, and, accordingly, denies the same.

41.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Amended Complaint, and, accordingly, denies the same.

42.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Amended Complaint, and, accordingly, denies the same.

43.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Amended Complaint, and, accordingly, denies the same.

44.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Amended Complaint, and, accordingly, denies the same.

45.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Amended Complaint, and, accordingly, denies the same.

46.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Amended Complaint, and, accordingly, denies the same.

47.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Amended Complaint, and, accordingly, denies the same.

48.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Amended Complaint, and, accordingly, denies the same.

49.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Amended Complaint, and, accordingly, denies the same.

50.    Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Amended Complaint, and, accordingly, denies the same.

51.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Amended Complaint, and, accordingly, denies the same.

52.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Amended Complaint, and, accordingly, denies the same.

53.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Amended Complaint, and, accordingly, denies the same.

54.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Amended Complaint, and, accordingly, denies the same.

55.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Amended Complaint, and, accordingly, denies the same.

56.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Amended Complaint, and, accordingly, denies the same.

57.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Amended Complaint, and, accordingly, denies the same.

58.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Amended Complaint, and, accordingly, denies the same.


## II. JURISDICTION AND VENUE

59.     Bank of Tokyo-Mitsubishi admits that the Amended Complaint alleges that this is an action for patent infringement under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.  Bank of Tokyo-Mitsubishi admits that subject-matter jurisdiction of patent claims is conferred upon this Court by 28 U.S.C. § 1338.  Bank of Tokyo-Mitsubishi denies any patent infringement.

60.     As to the first allegation of paragraph 60, Bank of Tokyo-Mitsubishi disputes that general personal jurisdiction is conferred through minimum contacts with the forum, and accordingly denies the same.  The second allegation of paragraph 60 is denied.  As to the allegations regarding other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Amended Complaint, and, accordingly, denies the same.

61.     Bank of Tokyo-Mitsubishi admits that 28 U.S.C. §§ 1391 and 1400 govern the venue of patent claims.  Bank of Tokyo-Mitsubishi denies any patent infringement and denies any remaining allegations in paragraph 61 of the Amended Complaint.  As to the allegations regarding other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Amended Complaint, and, accordingly, denies the same.

62.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Amended Complaint, and, accordingly, denies the same, except Bank of Tokyo-Mitsubishi admits that DTC refers to the entities listed in paragraph 62 collectively as the "Viewpoint Defendant Group" in its Amended Complaint.

63.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Amended Complaint, and, accordingly, denies the same.

64.     Bank of Tokyo-Mitsubishi admits that it is a Clearing House Association Member.  Otherwise, Bank of Tokyo-Mitsubishi denies the allegations of paragraph 64 of the Amended Complaint as to itself.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Amended Complaint, and, accordingly, denies the same, except Bank of Tokyo-Mitsubishi admits that DTC refers to the entities listed in paragraph 62 collectively as the "SVPCo/Clearing House Defendant Group" in its Amended Complaint.

65.     Bank of Tokyo-Mitsubishi denies the allegations of paragraph 65 of the Amended Complaint as to itself.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Amended Complaint, and, accordingly, denies the same.

### III. PATENT INFRINGEMENT

66.     Bank of Tokyo-Mitsubishi admits that United States Patent No. 5,910,988 ("the '988 patent") issued on June 8, 1999, and identifies Claudio R. Ballard as the purported inventor. Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of paragraph 66 of the Amended Complaint, and, accordingly, denies the same. However, the Court has stayed this case with respect to the '988 patent.

67.     Bank of Tokyo-Mitsubishi admits that United States Patent No. 6,032,137 ("the '137 patent") issued on February 29, 2000, and identifies Claudio R. Ballard as the purported inventor. Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 67 of the Amended Complaint, and, accordingly, denies the same. However, the Court has stayed this case with respect to the '137 patent.

68.     Bank of Tokyo-Mitsubishi admits that United States Patent No. 5,265,007 ("the '007 patent") issued on November 23, 1993, and identifies John L. Barnhard, jr., Thomas k. Bowen, Terry L. Geer, and John W. Liebersbach as the purported inventors. Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 68 of the Amended Complaint, and, accordingly, denies the same.

69.     Bank of Tokyo-Mitsubishi admits that United States Patent No. 5,583,759 ("the '759 patent") issued on December 10, 1996, and identifies Terry L. Geer as the purported inventor. Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 69 of the Amended Complaint, and, accordingly, denies the same.

70.     Bank of Tokyo-Mitsubishi admits that United States Patent No. 5,717,868 ("the '868 patent") issued on February 10, 1998, and identifies David L. James as the purported inventor. Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of paragraph 70 of the Amended Complaint, and, accordingly, denies the same.

71.     Bank of Tokyo-Mitsubishi admits that United States Patent No. 5,930,778 ("the '778 patent") issued on July 27, 1999, and identifies Terry L. Geer as the purported inventor. Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71 of the Amended Complaint, and, accordingly, denies the same.

72.     Bank of Tokyo-Mitsubishi denies the allegations of paragraph 72 of the Amended Complaint in that DTC is not entitled to any recovery under 35 U.S.C. § 285.

### IV. COUNT I – THE '988 DEFENDANTS

73.     Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '988 patent for Bank of Tokyo-Mitsubishi.  Accordingly, Bank of Tokyo-Mitsubishi will answer the allegations in paragraph 73 as to it at the appropriate time if and when the Court lifts the stay.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Amended Complaint, and, accordingly, denies the same.

74.     Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '988 patent for Bank of Tokyo-Mitsubishi.  Accordingly, Bank of Tokyo-Mitsubishi will answer the allegations in paragraph 74 as to it at the appropriate time if and when the Court lifts the stay.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 74 of the Amended Complaint, and, accordingly, denies the same.

75.     Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '988 patent for Bank of Tokyo-Mitsubishi.  Accordingly, Bank of Tokyo-Mitsubishi will answer the allegations in paragraph 75 as to it at the appropriate time if and when the Court lifts the stay.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Amended Complaint, and, accordingly, denies the same.

76.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Amended Complaint, and, accordingly, denies the same.

## COUNT TWO – THE '137 DEFENDANTS

77.     Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '137 patent for Bank of Tokyo-Mitsubishi.  Accordingly, Bank of Tokyo-Mitsubishi will answer the allegations in paragraph 77 as to it at the appropriate time if and when the Court lifts the stay.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Amended Complaint, and, accordingly, denies the same.

78.     Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '137 patent for Bank of Tokyo-Mitsubishi.  Accordingly, Bank of Tokyo-Mitsubishi will answer the allegations in paragraph 78 as to it at the appropriate time if

and when the Court lifts the stay.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Amended Complaint, and, accordingly, denies the same.

79.     Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '137 patent for Bank of Tokyo-Mitsubishi.  Accordingly, Bank of Tokyo-Mitsubishi will answer the allegations in paragraph 79 as to it at the appropriate time if and when the Court lifts the stay.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Amended Complaint, and, accordingly, denies the same.

80.      Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Amended Complaint, and, accordingly, denies the same.

## COUNT THREE – THE '007 DEFENDANTS

81.     Bank of Tokyo-Mitsubishi denies the allegations of paragraph 81 of the Amended Complaint as to it.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Amended Complaint, and, accordingly, denies the same.

82.     Bank of Tokyo-Mitsubishi denies the allegations of paragraph 82 of the Amended Complaint as to it.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Amended Complaint, and, accordingly, denies the same.

83.     Bank of Tokyo-Mitsubishi denies the allegations of paragraph 83 of the Amended Complaint as to it.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Amended Complaint, and, accordingly, denies the same.

### COUNT FOUR – THE '759 DEFENDANTS

84.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Amended Complaint, and, accordingly, denies the same.

85.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Amended Complaint, and, accordingly, denies the same.

86.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Amended Complaint, and, accordingly, denies the same.

### COUNT FIVE – THE '868 DEFENDANTS

87.     Bank of Tokyo-Mitsubishi denies the allegations of paragraph 87 of the Amended Complaint as to it.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Amended Complaint, and, accordingly, denies the same.

88.     Bank of Tokyo-Mitsubishi denies the allegations of paragraph 88 of the Amended Complaint as to it.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Amended Complaint, and, accordingly, denies the same.

89.     Bank of Tokyo-Mitsubishi denies the allegations of paragraph 89 of the Amended Complaint as to it.  As to allegations regarding the other named defendants, Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Amended Complaint, and, accordingly, denies the same.

### COUNT SIX – THE '788 DEFENDANTS

90.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Amended Complaint, and, accordingly, denies the same.

91.      Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Amended Complaint, and, accordingly, denies the same.

92.     Bank of Tokyo-Mitsubishi is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the Amended Complaint, and, accordingly, denies the same.

### GENERAL DENIAL

Bank of Tokyo-Mitsubishi denies all allegations in DTC's Amended Complaint not specifically admitted in its Answer.

### X. PRAYER FOR RELIEF

With respect to the allegations in this section of the Amended Complaint, Bank of Tokyo-Mitsubishi admit that DTC seeks the relief set forth therein, but denies that DTC is entitled to any of the relief requested against Bank of Tokyo-Mitsubishi.  Otherwise, the allegations of the "Prayer for Relief" section of the Amended Complaint are denied.

## AFFIRMATIVE DEFENSES

### First Defense

93.     Bank of Tokyo-Mitsubishi has not infringed and is not infringing any valid and enforceable claim of the '007 or '868 patents.

### Second Defense

94.     Bank of Tokyo-Mitsubishi has not contributed to and is not contributing to the infringement of any valid and enforceable claim of the '007 or '868 patents.

### Third Defense

95.     Bank of Tokyo-Mitsubishi has not induced and is not inducing the infringement of any valid and enforceable claim of the '007 or '868 patents.

### Fourth Defense

96.     The claims of the '007 and/or '868 patents are invalid because they fail to meet the conditions for patentability in Title 35, United States Code, including, but not limited to §§ 101, 102, 103 and 112 thereof.

### Fifth Defense

97.     The '007 and/or '868 patents are unenforceable by reason of inequitable conduct committed at the United States Patent and Trademark Office during prosecution of the applications that eventually matured into the '007 and/or '868 patents.  By way of example but without limitation, patentee failed to disclose information or affirmatively misrepresented information to the USPTO of which the patentee was aware was material to the examination of one or more Application.  For example, the patentee failed to advise the USPTO of material prior information regarding prior art.

**Sixth Defense**

98.     DTC's claims of alleged infringement of the '007 and/or '868 patents are barred, in whole or part, under the doctrine of laches and/or the statute of limitations.

**Seventh Defense**

99.     DTC's Amended Complaint, and each purported claim against Bank of Tokyo-Mitsubishi alleged therein, fails to state facts upon which relief can be granted against Bank of Tokyo-Mitsubishi.

## COUNTERCLAIMS

Bank of Tokyo-Mitsubishi asserts the following counterclaims against Plaintiff/Counter-Defendant DataTreasury Corporation ("DTC"):

100.     Bank of Tokyo-Mitsubishi re-alleges and incorporates by reference herein the allegations of paragraphs 1-99 above.

101.     These counterclaims arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States set forth in Title 35 of the United States Code and Title 37 of the Code of Federal Regulations.

102.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).  Venue is based on 28 U.S.C. §§ 1391(b), (c), and 1400(b).  This Court has personal jurisdiction over DTC.

103.     DTC filed the Amended Complaint against the Bank of Tokyo-Mitsubishi for infringement of the '007 and '868 patents.  Accordingly, an actual justicable case or controversy exists between DTC and Bank of Tokyo-Mitsubishi.

## First Counterclaim
## (Declaratory Judgment of Non-Infringement)

104.    Bank of Tokyo-Mitsubishi re-alleges and incorporates by reference herein the allegations of paragraphs 1-103 above.

105.    Bank of Tokyo-Mitsubishi has not infringed and is not infringing any valid and enforceable claim of the '007 or '868 patents.

106.    Bank of Tokyo-Mitsubishi has not contributed to and is not contributing to the infringement of any valid and enforceable claim of the '007 or '868 patents.

107.    Bank of Tokyo-Mitsubishi has not induced and is not inducing the infringement of any valid and enforceable claim of the '007 or '868 patents.

## Second Counterclaim
## (Declaratory Judgment of Invalidity)

108.     Bank of Tokyo-Mitsubishi re-alleges and incorporates by reference herein the allegations of paragraphs 1-107 above.

109.    The '007 and/or '868 patents are void and invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and 112 and the rules, regulations, and laws pertaining thereto.

## Third Counterclaim
## (Declaratory Judgment of Unenforceability)

110.    Bank of Tokyo-Mitsubishi re-alleges and incorporates by reference herein the allegations of paragraphs 1-109 above.

111.    The '007 and/or '868 patents are unenforceable by reason of inequitable conduct committed at the United States Patent and Trademark Office during prosecution of the applications that eventually matured into the '007 and/or '868 patents.

## Fourth Counterclaim

**(Laches and/or Statute of Limitations)**

112.    Bank of Tokyo-Mitsubishi re-alleges and incorporates by reference herein the allegations of paragraphs 1-111 above.

113.    DTC's claims of alleged infringement of the '007 and/or '868 patents are barred, in whole or part, under the doctrine of laches and /or the statute of limitations.

**Fifth Counterclaim**
**(Exceptional Case)**

114.    Bank of Tokyo-Mitsubishi re-alleges and incorporates by reference herein the allegation of paragraphs 1-113 above.

115.    This is an exceptional case under 35 U.S.C. § 285 entitling Bank of Tokyo-Mitsubishi to recover its reasonable attorneys' fees.

**PRAYER FOR RELIEF**

A.    Adjudge, declare, and decree that all of DTC's claims against each of the Bank of Tokyo-Mitsubishi is denied;

B.    Adjudge, declare, and decree that the Amended Complaint against each of the Bank of Tokyo-Mitsubishi be dismissed with prejudice;

C.    Adjudge, declare, and decree that the claims of the '007 and '868 patents are not infringed by any of the Bank of Tokyo-Mitsubishi;

D.    Adjudge, declare, and decree that the claims the '007 and '868 patents are invalid;

E.    Adjudge, declare, and decree that the claims of the '007 and '868 patents are unenforceable;

F.     Find this case exceptional and award reasonable attorneys' fees to Bank of

Tokyo-Mitsubishi;

G.     Award costs of this case to Bank of Tokyo-Mitsubishi;

H.     Award to Bank of Tokyo-Mitsubishi any further relief to which Bank of Tokyo-

Mitsubishi is entitled.

### JURY DEMAND

Bank of Tokyo-Mitsubishi demands a trial by jury of all issues so triable pursuant to

Federal Rule of Civil Procedure 38.

Dated: February 12, 2007                 Respectfully submitted,

**ATTORNEYS FOR DEFENDANT**          */s/ Lance Lee*_____
**BANK OF TOKYO-MITSUBISHI UJF, LTD.**   Lance Lee
                                     Texas Bar No. 240004762
                                     Email wlancelee@aol.com
                                     **DAMON YOUNG**
                                     Texas Bar No. 22176700
                                     Email:  dmyoung64@aol.com
                                     **YOUNG, PICKETT & LEE**
                                     4122 Texas Blvd.
                                     P.O. Box 1897
                                     Texarkana, Texas 75504
                                     tel. 903-794-1303
                                     fax 903-792-5098

                                     **Edward G. Poplawski** (*Pro Hac Vice)*
                                     Email: EPoplaws@Sidley.com
                                     **JEFFREY A. FINN** (*Pro Hac Vice*)
                                     Email: JFinn@Sidley.com
                                     **CARISSA A. TENER** (*Pro Hac Vice*)
                                     Email: CTener@Sidley.com
                                     **SIDLEY AUSTIN L.L.P.**
                                     555 W. Fifth Street
                                     Los Angeles, California 90013
                                     tel. 213-896-6000
                                     fax 213-896-6600

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 12th day of February, 2007 via electronic transmission.

Bank of America – Listserve (BankofAmericaF&R@fr.com)
BB&T - Listserve (BB&T_DataTreasury@kilpatrickstockton.com)
Citizens Financial (citizensfinancial@standleyLLP.com)
City National Bank – Listserve (citynationalbank@dmtechlaw.com)
Comerica Bank 007 – Listserve (Comerica_DataTreasury@kilpatrickstockton.com)
Compass/First Horizon/TN Bank – Listserve (comfhft@andrewskurth.com)
Cullen/Frost Bank – Listserve (frostbank@dmtechlaw.com)
EDS – Listserve (EDS_DataTreasury@mckoolsmith.com)
UBS – Listserve (ubsamericas@velaw.com)
HSBC N. America Holdings/HSBC Bank USA - Listserve (hsbccounsel@blhc-law.com)
BancorpSouth – Listserve (bxs@hughesluce.com)
Bank of Tokyo – Listserve (BankofTokyo_DataTreasury@sidley.com)
BofNY – Listserve (BofNYLitTeam@pillsburylaw.com)
The Clearing House/SVPCo – Listserve (TCH_DT@sullcrom.com)
Data Treasury – Listserve (datatreasury@cooperiplaw.com)
Edward H. Hohn (edhohn@nixlawfirm.com)
Anthony Bruster (akbruster@nixlawfirm.com)
Rod Cooper (rodcooper@nixlawfirm.com)
Karl Rupp (krupp@provostumphrey.com)
Deutsche Bank – Listserve (DeutscheBank_DataTreasury@sidley.com)
First Citizens - Listserve (firstcitizens@bakerbotts.com)
First Data – Listserve (FirstData_DataTreasury@sidley.com)
Key Bank - Listserve (KeyCorp_DataTreasury@mckoolsmith.com)
LaSalle Bank – Listserve (LaSalleBank_DataTreasury@sidley.com)
National City Bank – Listserve (Foley-DTC@foley.com)
Remitco – Listserve (Remitco_DataTreasury@sidley.com)
TeleCheck – Listserve – (Telecheck_DataTreasury@sidley.com)
Union BofCA - Listserve (UBofCLitTeam@pillsburylaw.com)
Viewpointe – Listserve (Viewpointe_dtc@skadden.com)
Zion First National Bank – Listserve (Foley-DTC@foley.com)
Harris Bancorp. – Listserve (Harris_DataTreasury@mckoolsmith.com)
M&T 077 – Listserve (M&T_DataTreasury@kilpatrickstockton.com)
PNC Bank – Listserve (PNC_DataTreasury@mckoolsmith.com)
Suntrust – Listserve (SunTrust_DataTreasury@mckoolsmith.com)
U.S. Bancorp – Listserve (Foley-DTC@foley.com)
Wacovia 007 – Listserve (Wachovia_DataTreasury@kilpatrickstockton.com)
Wells Fargo – Listserve (*DalWellsFargo_DTC@BakerNet.com)
Lance Lee (wlancelee@aol.com)

*/s/ Lance Lee*_____
Lance Lee