## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2-06CV-72DF |
| | ) | |
| vs. | ) | |
| | ) | |
| CITIZENS FINANCIAL GROUP | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### CITIZENS FINANCIAL GROUP, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFF DATATREASUREY CORPORATION'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Citizens Financial Group, Inc. ("CFG"), pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, answers the First Amended Complaint for Patent Infringement ("Complaint") of Plaintiff DataTreasury Corporation ("DataTreasury") as follows:

### ANSWER

### FIRST DEFENSE

1.    CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies the same.

2.    CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore denies the same.

1

Dockets.Justia.com

3.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and therefore denies the same.

4.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and therefore denies the same.

5.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies the same.

6.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies the same.

7.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies the same.

8.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies the same.

9.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies the same.

10.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies the same.

11.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies the same.

12.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore denies the same.

13.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies the same.

14.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies the same.

15.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies the same.

16.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies the same.

17. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies the same.

18. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore denies the same.

19. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and therefore denies the same.

20. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and therefore denies the same.

21. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore denies the same.

22. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore denies the same.

23. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint and therefore denies the same.

24.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and therefore denies the same.

25.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint and therefore denies the same.

26.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and therefore denies the same.

27.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and therefore denies the same.

28.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and therefore denies the same.

29.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and therefore denies the same.

30.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and therefore denies the same.

31. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and therefore denies the same.

32. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint and therefore denies the same.

33. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint and therefore denies the same.

34. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and therefore denies the same.

35. CFG admits that it is a Delaware Corporation with its principal place of business at One Citizens Plaza, Providence, Rhode Island. CFG admits that it can be served with process through its Registered Agent Corporation Service Company, 222 Jefferson Boulevard, Suite 200, Warwick, Rhode Island 02888. CFG denies any remaining allegations set forth in Paragraph 35 of the Complaint.

36. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint and therefore denies the same.

37.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint and therefore denies the same.

38.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint and therefore denies the same.

39.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and therefore denies the same.

40.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint and therefore denies the same.

41.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and therefore denies the same.

42.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and therefore denies the same.

43.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint and therefore denies the same.

44. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint and therefore denies the same.

45. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and therefore denies the same.

46. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and therefore denies the same.

47. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint and therefore denies the same.

48. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint and therefore denies the same.

49. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint and therefore denies the same.

50. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint and therefore denies the same.

51. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint and therefore denies the same.

52. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint and therefore denies the same.

53. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint and therefore denies the same.

54. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint and therefore denies the same.

55. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint and therefore denies the same.

56. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint and therefore denies the same.

57. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint and therefore denies the same.

58. CFG admits that subject matter jurisdiction exists in the Court but denies that personal jurisdiction and venue are proper in this Court.

59.   CFG denies the allegations set forth in Paragraph 59 of the Complaint.

60.   CFG denies the allegations set forth in Paragraph 60 of the Complaint.

61.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint and therefore denies the same.

62.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint and therefore denies the same.

63.   CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint and therefore denies the same.

64.   CFG denies that it is an owner or current user of Small Value Payments Company, LLC or The Clearing House Payments Company, LLC.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint and therefore denies the same.

65.   CFG denies the allegations set forth in Paragraph 65 of the Complaint as they pertain to CFG.  CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint and therefore denies the same.

66.   CFG admits that United States Patent No. 5,910,988 ("the '988 patent"), entitled "Remote Image Capture with Centralized Processing and Storage" and naming Claudio R. Ballard as the purported inventor, issued on June 8,

1999.  CFG denies all other allegations set forth in Paragraph 66 of the Complaint.

67.  CFG admits that United States Patent No. 6,032,137 ("the '137 patent"), entitled "Remote Image Capture with Centralized Processing and Storage" and naming Claudio R. Ballard as the purported inventor, issued on February 29, 2000.  CFG denies all other allegations set forth in Paragraph 67 of the Complaint.

68.  CFG admits that United States Patent No. 5,265,007 ("the '007 patent"), entitled ""Central Check Clearing System" and naming John L. Barnhard, Jr., et al. as the purported inventors, issued on Nov. 23, 1993.  CFG denies all other allegations set forth in Paragraph 68 of the Complaint.

69.  CFG admits that United States Patent No. 5,583,759 ("the '759 patent"), entitled "Mechanism for Expediting the Deposit, Transport and Submission of Checks into the Payment System" and naming Terry L. Geer as the purported inventor, issued on December 10, 1996.  CFG denies all other allegations set forth in Paragraph 69 of the Complaint.

70.  CFG admits that United States Patent No. 5,717,868 ("the '868 Patent") , entitled "Electronic Payment Interchange Concentrator" and naming David L. James as the purported inventor, issued on Feb. 10, 1998.  CFG denies all other allegations set forth in Paragraph 70 of the Complaint.

71.  CFG admits that United States Patent No. 5,930,778 ("the '778 patent"), entitled "System for Expediting the Clearing of Financial Instruments and Coordinating the Same with Invoice Processing at the Point of Receipt" and

naming Terry L. Geer as the purported inventor, issued on July 27, 1999.

CFG denies all other allegations set forth in Paragraph 71 of the Complaint.

72.    CFG denies the allegations set forth in Paragraph 72 of the Complaint.

73.    CFG denies the allegations set forth in Paragraph 73 of the Complaint and therefore denies the same.

74.    CFG denies the allegations set forth in Paragraph 74 of the Complaint.

75.    CFG denies the allegations set forth in Paragraph 75 of the Complaint.

76.    CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint and therefore denies the same.

77.    CFG denies the allegations set forth in Paragraph 77 of the Complaint.

78.    CFG denies the allegations set forth in Paragraph 78 of the Complaint.

79.    CFG denies the allegations set forth in Paragraph 79 of the Complaint.

80.    CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint and therefore denies the same.

81.    CFG denies the allegations set forth in Paragraph 81 of the Complaint.

82.    CFG denies the allegations set forth in Paragraph 82 of the Complaint.

83.    CFG denies the allegations set forth in Paragraph 83 of the Complaint.

84.    CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint and therefore denies the same.

85. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint and therefore denies the same.

86. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint and therefore denies the same.

87. CFG denies the allegations set forth in Paragraph 87 of the Complaint.

88. CFG denies the allegations set forth in Paragraph 88 of the Complaint.

89. CFG denies the allegations set forth in Paragraph 89 of the Complaint.

90. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Complaint and therefore denies the same.

91. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint and therefore denies the same.

92. CFG is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint and therefore denies the same.

## **SECOND DEFENSE**

93. The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

94.    CFG has not infringed, either directly or indirectly, any valid and/or enforceable claim of United States Patent No. 5,910,988.

## FOURTH DEFENSE

95.    CFG has not infringed, either directly or indirectly, any valid and/or enforceable claim of United States Patent No. 6,032,137.

## FIFTH DEFENSE

96.    CFG has not infringed, either directly or indirectly, any valid and/or enforceable claim of United States Patent No. 5,265,007.

## SIXTH DEFENSE

97.    CFG has not infringed, either directly or indirectly, any valid and/or enforceable claim of United States Patent No. 5,717,868.

## SEVENTH DEFENSE

98.    United States Patent No. 5,265,007 ("the '007 patent") is invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws and regulations of the United States set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## EIGHTH DEFENSE

99.  United States Patent No. 5,717,868 ("the '868 patent") is invalid and/or
     unenforceable for failure to comply with one or more provisions of the
     patent laws and regulations of the United States set forth in Title 35 of the
     United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102,
     103, and 112.

## NINTH DEFENSE

100.  United States Patent No. 5,910,988 ("the '988 patent") is invalid for failure
      comply with one or more provisions of the patent laws and regulations of
      the United States set forth in Title 35 of the United States Code, including,
      but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## TENTH DEFENSE

101.  United States Patent No. 6,032,137 ("the '137 patent") is invalid for failure
      comply with one or more provisions of the patent laws and regulations of
      the United States set forth in Title 35 of the United States Code, including,
      but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## ELEVENTH DEFENSE

102.  On information and belief, the '988 patent and the '137 patent are
      unenforceable for the reasons that the applicant, agent, assignee, or other

persons involved in prosecution of the applications giving rise to the '988 and '137 patents committed inequitable conduct.

103. During prosecution of the '988 patent, the Applicant who filed the application giving rise to the '988 patent filed a Petition to Make Special and Accelerate Examination ("the '988 Petition to Make Special") on October 23, 1998.

104. During prosecution of the '137 patent, the Applicant who filed the application giving rise to the '137 patent filed a Petition to Make Special and Accelerate Examination ("the '137 Petition to Make Special") on February 16, 1999.

105. A material misrepresentation was made about U.S. Patent No. 4,264,808 ("the '808 patent") in both the '988 Petition to Make Special and the '137 Petition to Make Special.

106. It was stated to the USPTO in the '988 Petition to Make Special that the '808 patent "does not teach or disclose a communication network for the transmission of transactional data within or between one or more data access subsystems and at least one data processing subsystem." This statement is false or materially misleading. A similar misrepresentation was made about the '808 patent in the '137 Petition to Make Special.

107. The '808 patent teaches a communication network for the transmission of transactional data, data access subsystems and at least one data processing subsystem.

108. On information and belief, the named inventor, the assignee, his attorney, or other persons associated with the filing and prosecution of the applications that led to the issuance of the '988 and '137 patents knowingly misrepresented the '808 patent with an intent to deceive the USPTO.

109. A material misrepresentation was made about U.S. Patent No. 5,647,017 ("the '017 patent") in both the '988 Petition to Make Special and the '137 Petition to Make Special.

110. It was stated to the USPTO in the '988 Petition to Make Special that the '017 patent "does not include any form of data management subsystem for maintaining various forms of captured data, such as biometric data or smart card data…."   This statement is false or materially misleading.  A similar misrepresentation about the '017 patent was made in the '137 Petition to Make Special.

111. The '017 patent teaches a data management system for the capture and verification of biometric information, including biometric information other than signatures.

112. On information and belief, the named inventor, the assignee, his attorney, or other persons associated with the filing and prosecution of the applications that led to the issuance of the '988 and '137 patents knowingly misrepresented the '017 patent with an intent to deceive the USPTO.

113. A material misrepresentation was made about U.S. Patent No. 5,657,389 ("the '389 patent") in both the '988 Petition to Make Special and the '137 Petition to Make Special.  It was stated to the USPTO in the '988 Petition to

Make Special that the '389 patent does not describe a device that includes "any form of arrangement for capturing and sending paper transaction data nor does it include any means for processing, sending, verifying and storing any paper transaction data." This statement is false or materially misleading. A similar misrepresentation was made about the '389 patent in the '137 Petition to Make Special.

114. The '389 patent teaches, among other things, a check scanner for capturing and sending paper transaction data.

115. On information and belief, the named inventor, the assignee, his attorney, or other persons associated with the filing and prosecution of the applications that led to the issuance of the '988 and '137 patents knowingly misrepresented the '389 patent with an intent to deceive the USPTO.

116. A material misrepresentation was made about U.S. Patent No. 5,506,691 ("the '691 patent") in the '137 Petition to Make Special. It was stated to the USPTO in the '137 Petition to Make Special that the '691 patent "is essentially limited to a device that will capture and store image data and does not include any sort of network or data sharing when the data is encrypted and encrypted data communications between subsystems." This statement is false or materially misleading. The '691 patent teaches a system employing a network to share data.

117. On information and belief, the named inventor, the assignee, his attorney, or other persons associated with the filing and prosecution of the

applications that led to the issuance of the '137 patent knowingly misrepresented the '691 patent with an intent to deceive the USPTO.

118. A material misrepresentation was made about U.S. Patent No. 5,602,933 ("the '933 patent") in the '137 Petition to Make Special.

119. It was stated to the USPTO in the '137 Petition to Make Special that the '933 patent does not describe "any form of internetworking and encrypted data communication between subsystems." This statement is false or materially misleading.

120. The '933 patent teaches a system employing a network to communicate data between subsystems.

121. On information and belief, the named inventor, the assignee, his attorney, or other persons associated with the filing and prosecution of the applications that led to the issuance of the '137 patent knowingly misrepresented the '933 patent with an intent to deceive the USPTO.

122. A material misrepresentation was made about U.S. Patent No. 5,602,936 ("the '936 patent") in the '137 Petition to Make Special.

123. It was stated to the USPTO in the '137 Petition to Make Special that the '936 patent does not describe "any form of internetworking sharing of image information." This statement is false or materially misleading. The '936 patent teaches the internetworking sharing of image information.

124. On information and belief, the named inventor, the assignee, his attorney, or other persons associated with the filing and prosecution of the

applications that led to the issuance of the '137 patent knowingly

misrepresented the '936 patent with an intent to deceive the USPTO.

## TWELFTH DEFENSE

125. DataTreasury's claim is barred under the doctrine of laches.

## THIRTEENTH DEFENSE

126. DataTreasury is not entitled to injunctive relief because the balancing of the

equities favors CFG.

## FOURTEENTH DEFENSE

127. DataTreasury is not entitled to lost profits as a measure of damages.

## FIFTEENTH DEFENSE

128. DataTreasury, or persons on DataTreasury's behalf, making, offering for

sale or selling the alleged invention/patented article(s) and service(s) failed

to give reasonable notice to the public by fixing or marking, or both, the

invention/patented article(s) and service(s) in violation of 35 U.S.C. § 287.

**WHEREFORE**, CFG respectfully requests that the Court dismiss the First

Amended Complaint with prejudice, enter judgment in CFG's favor, and award to

CFG the costs, including reasonable attorney's fees, it incurred in responding to

the First Amended Complaint.

## COUNTERCLAIMS

1. This Court has subject-matter jurisdiction over the following Counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

2. DataTreasury has submitted to the jurisdiction and venue of this Court.

3. An actual case or controversy exists between DataTreasury and CFG because DataTreasury filed a Complaint for patent infringement against CFG.

4. Counterclaim-Plaintiff CFG is a corporation organized under the laws of the state of Delaware, with its principal place of business in Providence, Rhode Island.

5. Upon information and belief, Counterclaim-Defendant DataTreasury Corporation is a corporation organized under the laws of Delaware, with its principal place of business in Plano, Texas.

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. Citizens Financial Group, Inc. incorporates the allegations set forth in paragraphs 1 - 5 as if fully set forth herein.

7. Citizens Financial Group, Inc. ("CFG") is a holding company.

8. CFG is not an owner or member of Small Value Payments Company LLC.

9. CFG is not an owner or member of The Clearing House Payments Company LLC.

10. CFG does not operate any check clearing or settlement systems.

11. CFG does not operate any payment systems.

12. CFG does not operate processes for managing and transmitting information about financial instruments.

13. CFG does not operate an "on-us" check clearing mechanism.

14. CFG does not operate a "direct send" check clearing mechanism.

15. CFG does not clear checks using any type of image exchange clearing mechanism.

16. CFG does not operate an Automated Clearing House.

17. CFG has no role with the Clearing House Association of the Southwest.

18. CFG has no role with the National Clearing House Association.

19. CFG does not operate a real-time tracking mechanism.

20. CFG has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid claim (or claims) of the '988 patent.

21. CFG has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid claim (or claims) of the '137 patent.

22. CFG has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid claim (or claims) of the '007 patent.

23. CFG has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid claim (or claims) of the '868 patent.

24.   CFG is entitled to a declaratory judgment that it has not infringed and is not infringing (either directly, contributorily, or by inducement) any claim of the '988 patent, either literally or by the doctrine of equivalents.

25.   CFG is entitled to a declaratory judgment that it has not infringed and is not infringing (either directly, contributorily, or by inducement) any claim of the '137 patent, either literally or by the doctrine of equivalents.

26.   CFG is entitled to a declaratory judgment that it has not infringed and is not infringing (either directly, contributorily, or by inducement) any claim of the '007 patent, either literally or by the doctrine of equivalents.

27.   CFG is entitled to a declaratory judgment that it has not infringed and is not infringing (either directly, contributorily, or by inducement) any claim of the '868 patent, either literally or by the doctrine of equivalents.


**SECOND COUNTERCLAIM –DECLARATORY JUDGMENT OF INVALIDITY**

28.   CFG incorporates paragraphs 1 through 29 by reference as if fully set forth herein.

29.   The '988 patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

30.   The '137 patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

31.   The '007 patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

32.  The '868 patent is invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

33.  CFG is entitled to a declaratory judgment that the '988 patent is invalid.

34.  CFG is entitled to a declaratory judgment that the '137 patent is invalid.

35.  CFG is entitled to a declaratory judgment that the '007 patent is invalid.

36.  CFG is entitled to a declaratory judgment that the '868 patent is invalid.

## THIRD COUNTERCLAIM – DECLARATORY JUDGMENT OF UNENFORCEABILITY

37.  CFG incorporates Counterclaim paragraphs 1 – 38 by reference as if fully set forth herein.

38.  On information and belief, the '988 patent and the '137 patent are unenforceable for the reasons that the applicant, agent, assignee, or other persons involved in prosecution of the applications giving rise to the '988 and '137 patents committed inequitable conduct.

39.  During prosecution of the '988 patent, the Applicant who filed the application giving rise to the '988 patent filed a Petition to Make Special and Accelerate Examination ("the '988 Petition to Make Special") on October 23, 1998.

40.  During prosecution of the '137 patent, the Applicant who filed the application giving rise to the '137 patent filed a Petition to Make Special and Accelerate Examination ("the '137 Petition to Make Special") on February 16, 1999.

41.  A material misrepresentation was made about U.S. Patent No. 4,264,808 ("the '808 patent") in the '988 Petition to Make Special.

42. A material misrepresentation was made about the '808 patent in the '137 Petition to Make Special.

43. It was stated to the USPTO in the '988 Petition to Make Special that the '808 patent "does not teach or disclose a communication network for the transmission of transactional data within or between one or more data access subsystems and at least one data processing subsystem."  This statement is false or materially misleading.  A similar misrepresentation was made about the '808 patent in the '137 Petition to Make Special.

44. The '808 patent teaches a communication network for the transmission of transactional data, data access subsystems, and at least one data processing subsystem.

45. On information and belief, the named inventor, the assignee, his attorney, or other persons associated with the filing and prosecution of the applications that led to the issuance of the '988 and '137 patents knowingly misrepresented the '808 patent with an intent to deceive the USPTO.

46. A material misrepresentation was made about U.S. Patent No. 5,647,017 ("the '017 patent") in the '988 Petition to Make Special.

47. A material misrepresentation was made about the '017 patent in the '137 Petition to Make Special.

48. It was stated to the USPTO in the '988 Petition to Make Special that the '017 patent "does not include any form of data management subsystem for maintaining various forms of captured data, such as biometric data or smart card data…."   This statement is false or materially misleading.  A similar

misrepresentation about the '017 patent was made in the '137 Petition to Make Special.

49. The '017 patent teaches a data management system for the capture and verification of biometric information, including biometric information other than signatures.

50. On information and belief, the named inventor, the assignee, his attorney, or other persons associated with the filing and prosecution of the applications that led to the issuance of the '988 and '137 patents knowingly misrepresented the '017 patent with an intent to deceive the USPTO.

51. A material misrepresentation was made about U.S. Patent No. 5,657,389 ("the '389 patent") in the '988 Petition to Make Special.

52. A material misrepresentation was made about the '389 patent in the '137 Petition to Make Special.

53. It was stated to the USPTO in the '988 Petition to Make Special that the '389 patent does not describe a device that includes "any form of arrangement for capturing and sending paper transaction data nor does it include any means for processing, sending, verifying, and storing any paper transaction data."  This statement is false or materially misleading.  A similar misrepresentation was made about the '389 patent in the '137 Petition to Make Special.

54. The '389 patent teaches, among other things, a check scanner for capturing and sending paper transaction data.

55. On information and belief, the named inventor, the assignee, his attorney, or other persons associated with the filing and prosecution of the applications that led to the issuance of the '988 and '137 patents knowingly misrepresented the '389 patent with an intent to deceive the USPTO.

56. A material misrepresentation was made about U.S. Patent No. 5,506,691 ("the '691 patent") in the '137 Petition to Make Special.

57. It was stated to the USPTO in the '137 Petition to Make Special that the '691 patent "is essentially limited to a device that will capture and store image data and does not include any sort of network or data sharing when the data is encrypted and encrypted data communications between subsystems." This statement is false or materially misleading.

58. The '691 patent teaches a system employing a network to share data.

59. On information and belief, the named inventor, the assignee, his attorney, or other persons associated with the filing and prosecution of the applications that led to the issuance of the '137 patent knowingly misrepresented the '691 patent with an intent to deceive the USPTO.

60. A material misrepresentation was made about U.S. Patent No. 5,602,933 ("the '933 patent") in the '137 Petition to Make Special.

61. It was stated to the USPTO in the '137 Petition to Make Special that the '933 patent does not describe "any form of internetworking and encrypted data communication between subsystems." This statement is false or materially misleading.

62.  The '933 patent teaches a system employing a network to communicate data between subsystems.

63.  On information and belief, the named inventor, the assignee, his attorney, or other persons associated with the filing and prosecution of the applications that led to the issuance of the '137 patent knowingly misrepresented the '933 patent with an intent to deceive the USPTO.

64.  A material misrepresentation was made about U.S. Patent No. 5,602,936 ("the '936 patent") in the '137 Petition to Make Special.

65.  It was stated to the USPTO in the '137 Petition to Make Special that the '936 patent does not describe "any form of internetworking sharing of image information." This statement is false or materially misleading.

66.  The '936 patent teaches the internetworking sharing of image information.

67.  On information and belief, the named inventor, the assignee, his attorney, or other persons associated with the filing and prosecution of the applications that led to the issuance of the '137 patent knowingly misrepresented the '936 patent with an intent to deceive the USPTO.


**PRAYER FOR RELIEF**

CFG respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.  Dismiss with prejudice the Complaint against CFG;

b.  Declare that CFG does not infringe any claim of the '988 patent;

c.  Declare that CFG does not infringe any claim of the '137 patent;

d.  Declare that CFG does not infringe any claim of the '007 patent;

e.  Declare that CFG does not infringe any claim of the '868 patent;

f.  Declare that the claims of the '988 patent are invalid;

g.  Declare that the claims of the '137 patent are invalid;

h.  Declare that the claims of the '007 patent are invalid;

i.  Declare that the claims of the '868 patent are invalid;

j.  Declare that the '988 patent is unenforceable;

k.  Declare that the '137 patent is unenforceable;

l.  Declare that CFG's counterclaims and defenses present an exceptional case and award CFG its reasonable attorney's fees pursuant to 35 U.S.C. §285;

m.  Award to CFG its costs and disbursements associated with this action; and

n.  Award any additional relief as the Court may deem appropriate and just under the circumstances.

## **JURY TRIAL DEMAND**

CFG demands a jury trial of all issues triable of right by jury.

Respectfully submitted,

Date: February 12, 2007                    /s/ F. Michael Speed, Jr.
                                           Jeffrey S. Standley (Ohio #0047248)
                                           James L. Kwak  (Ohio # 0066485)
                                           F. Michael Speed, Jr. (Ohio # 0067541)
                                           STANDLEY LAW GROUP LLP
                                           495 METRO PLACE SOUTH,
                                           SUITE 210
                                           DUBLIN, OHIO 43017
                                           (614) 792-5555
                                           (614) 792-5536 FAX
                                           jstandley@standleyllp.com
                                           jkwak@standleyllp.com
                                           mspeed@standleyllp.com

                                           Claude E. Welch (Texas # 21120500)
                                           115 West Shepherd Avenue
                                           P.O. Box 1574
                                           Lufkin, TX 75902-1574
                                           (936) 639-3311
                                           (936) 639-3049 FAX
                                           welchlawoffice@consolidated.net

                                           COUNSEL FOR DEFENDANT,
                                           CITIZENS FINANCIAL GROUP, INC.

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on February 12, 2007, a true and accurate copy of CITIZENS FINANCIAL GROUP INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFF DATATREASURY CORPORATION'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT was served on all counsel of record via e-mail notification through the Court's CM/ECF filing system pursuant to the agreement of the parties.

                                   <u>/s/ F. Michael Speed, Jr.</u>
                                   F. Michael Speed, Jr.