## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| *PLAINTIFF* | § | |
| | § | Civil Action No. 2:06cv72 |
| *vs.* | § | |
| | § | Judge David Folsom |
| WELLS FARGO & COMPANY; ET AL. | § | |
| | § | JURY DEMAND |
| *DEFENDANTS* | § | |

## KEYCORP'S AND KEYBANK NATIONAL ASSOCIATION'S
## ANSWER AND COUNTERCLAIMS

Defendants KeyCorp and KeyBank National Association ("Key") answer Plaintiff DataTreasury Corp.'s ("DataTreasury") First Amended Complaint for Patent Infringement ("Complaint") and asserts its own counterclaims as follows:

### I. THE PARTIES

1.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

2.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

3.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

4.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

5.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

**KEYCORP'S AND KEYBANK NATIONAL ASSOCIATION'S**
**ANSWER AND COUNTERCLAIMS**                                              **Page 1**

6.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

7.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

8.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

9.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

10.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

11.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

12.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

13.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

14.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

15.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

16.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

17.      Key is without knowledge or information sufficient to form a belief as to the truth

of the averments in this paragraph and, therefore, denies the same.

18.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

19.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

20.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

21.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

22.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

23.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

24.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

25.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

26.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

27.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

28.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

29.     Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

30.     Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

31.     Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

32.     Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

33.     Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

34.     Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

35.     Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

36.     Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

37.     Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

38.     Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

39.     Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

40.     Key is without knowledge or information sufficient to form a belief as to the truth

of the averments in this paragraph and, therefore, denies the same.

41.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

42.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

43.    KeyCorp admits that it is an Ohio corporation that maintains its principal place of business at 127 Public Square, Cleveland, Ohio 44114. KeyCorp denies that it does business in Texas but admits that it can be served with process at 50 W. Broad Street, Suite 1800, Columbus, Ohio 43215.

44.    KeyBank National Association admits that it is a wholly-owned banking subsidiary of KeyCorp. KeyBank National Association further admits that it does business in Texas and can be served with process at Key Bank USA, National Association, 127 Public Square, Cleveland, Ohio 44114.

45.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

46.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

47.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

48.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

49.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

50.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

51.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

52.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

53.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

54.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

55.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

56.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

57.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

58.    Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

## II. JURISDICTION AND VENUE

59.    Key admits that DataTreasury purports to bring this action under Title 35, United States Code, with subject matter jurisdiction under 28 U.S.C. § 271 and 28 U.S.C. § 1338, but Key expressly denies any liability thereunder.

60.    Key admits that this Court has personal jurisdiction over KeyBank National

Association.  Key denies that this Court has personal jurisdiction over KeyCorp.  Key denies that

it has committed any acts of infringement, whether directly or indirectly, of any claim of U.S.

Patent Nos. 5,910,988 ("the '988 patent"), 6,032,137 ("the '137 patent"), 5,265,007 ("the '007

patent"), or 5,717,868 ("the '868 patent"), including making, using, selling, offering to sell,

and/or importing infringing products and practices or contributing to or inducing infringement by

another, within this judicial district or elsewhere.  Key is without knowledge or information to

form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the

same.

61.     Key admits that venue is proper in this district under the provisions of Title 28

U.S.C. §§ 1391 and 1400 as to KeyBank National Association.  Key denies that venue is proper

in this district under the provisions of Title 28 U.S.C. §§ 1391 and 1400 as to KeyCorp.  Key

denies that it is currently engaging in infringement of any claim of the '988, '137, '007, or '868

patents, whether with another Defendant in related and pending litigation filed by DataTreasury

Corporation in the Eastern District of Texas, Marshall Division or otherwise.  Key is without

knowledge or information to form a belief as to the truth of the remaining averments of this

paragraph and, therefore, denies the same.

62.     Key is without knowledge or information to form a belief as to the truth of the

averments of this paragraph and, therefore, denies the same.

63.     Key is without knowledge or information to form a belief as to the truth of the

averments of this paragraph and, therefore, denies the same.

64.     Key admits that KeyBank National Association is an owner or current user of Small

Value Payments Company, LLC and/or The Clearing House Payments Company, LLC.  Key

admits that KeyCorp is an owner or current user of Small Value Payments Company, LLC and/or

The Clearing House Payments Company, LLC. Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

65.     Key admits that KeyBank National Association is subject to personal jurisdiction for purposes of this lawsuit. Key denies that KeyCorp is subject to personal jurisdiction for purposes of this lawsuit. Key denies the remaining averments of this paragraph.

### III. PATENT INFRINGEMENT

66.     Key admits that on June 8, 1999, the '988 patent, entitled "Remote Image Capture With Centralized Processing and Storage," was issued by the United States Patent and Trademark Office and that it lists Claudio Ballard as the named inventor. Key denies that the '988 patent was duly and legally issued. Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

67.     Key admits that on February 29, 2000, the '137 patent, entitled "Remote Image Capture With Centralized Processing and Storage," was issued by the United States Patent and Trademark Office and that it lists Claudio Ballard as the named inventor. Key denies that the '137 patent was duly and legally issued. Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

68.     Key admits that on November 23, 1993, the '007 patent, entitled "Central Check Clearing System," was issued by the United States Patent and Trademark Office and that it lists John L. Barnhard, Jr., Thomas K. Bowen, Terry L. Geer, and John W. Liebersbach as the named inventors. Key denies that the '007 patent was duly and legally issued. Key is without knowledge

or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

69.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

70.      Key admits that on February 10, 1998, the '868 patent, entitled "Electronic Payment Interchange Concentrator," was issued by the United States Patent and Trademark Office and that it lists David L. James as the named inventor.  Key denies that the '868 patent was duly and legally issued.  Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

71.      Key is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, denies the same.

72.      Key denies the allegations of paragraph 72.

### IV.  COUNT ONE -THE '988 DEFENDANTS

73.      Key denies the allegations of paragraph 73 as they relate to Key.  Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

74.      Key denies the allegations of paragraph 74 as they relate to Key.  Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

75.      Key denies the allegations of paragraph 75 as they relate to Key.  Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

76.      Key is without knowledge or information to form a belief as to the truth of the

averments of this paragraph and, therefore, denies the same.

## V. COUNT TWO - THE '137 DEFENDANTS

77.     Key denies the allegations of paragraph 77 as they relate to Key.  Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

78.     Key denies the allegations of paragraph 78 as they relate to Key.  Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

79.     Key denies the allegations of paragraph 79 as they relate to Key.  Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

80.     Key is without knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, denies the same.

## VI.  COUNT THREE - THE '007 DEFENDANTS

81.     Key denies the allegations of paragraph 81 as they relate to Key.  Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

82.     Key denies the allegations of paragraph 82 as they relate to Key.  Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

83.     Key denies the allegations of paragraph 83 as they relate to Key.  Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

## VII.  COUNT FOUR - THE '759 DEFENDANTS

84.    Key is without knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, denies the same.

85.    Key is without knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, denies the same.

86.    Key is without knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, denies the same.

## VIII.  COUNT FIVE - THE '868 DEFENDANTS

87.    Key denies the allegations of paragraph 87 as they relate to Key.  Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

88.    Key denies the allegations of paragraph 88 as they relate to Key.  Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

89.    Key denies the allegations of paragraph 89 as they relate to Key.  Key is without knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies the same.

## IX.  COUNT SIX - THE '778 DEFENDANTS

90.    Key is without knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, denies the same.

91.    Key is without knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, denies the same.

92.    Key is without knowledge or information to form a belief as to the truth of the

averments of this paragraph and, therefore, denies the same.

## X. PRAYER FOR RELIEF

93.     Key denies the allegations of DataTreasury's prayer for relief set forth in Section X

A-H of the Complaint, and denies that DataTreasury is entitled to relief.

## XI. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Non-Infringement)

94.     Key has not infringed and is not infringing (either directly, contributorily, or by

inducement), any claim of the '988, '137, '007, or '868 patents either literally or by application of

the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

#### (Prosecution History Estoppel/Judicial Estoppel)

95.     DataTreasury is estopped from construing the claims of the '988, '137, '007, and/or

'868 patents in such a way as may cover Key's activities by reason of, *inter alia*, amendments

and/or statements made in and to the United States Patent and Trademark Office ("PTO"), prior

statements made in this or any other Court, prior rulings of this or any other Court, and/or

DataTreasury's prior conduct.

### THIRD AFFIRMATIVE DEFENSE

#### (Invalidity)

96.     Each and every claim of the '988, '137, '007, and '868 patents is invalid, void,

and/or unenforcable for failure to meet the requirements of Title 35, United States Code,

including, but not limited to, Sections 101, 102, 103, and 112 thereof.

## FOURTH AFFIRMATIVE DEFENSE

### (Unenforceability)

97.     On information and belief, and subject to further amendments as Key obtains more information during discovery, the '988 and '137 patents are unenforceable as a result of inequitable conduct in their procurement.

98.     Claudio Ballard ("Ballard") is the named inventor on the '988 and the '137 patents.  Ballard owed a duty of candor to the PTO in connection with the prosecution of the '988 and '137 patents.

99.     J. Michael Martinez de Andino ("Martinez") is a registered patent attorney.  Martinez was associated with the prosecution of the '988 and '137 patents.  He owed a duty of candor to the PTO in connection with the '988 and '137 patents.

100.    Mark Taylor ("Taylor") is a registered patent attorney. Taylor was associated with the prosecution of the '988 and '137 patents.  He owed a duty of candor to the PTO in connection with the '988 and '137 patents.

101.    Jay Kesan ("Kesan") is a registered patent attorney.  On information and belief, Kesan drafted portions of the '988 and '137 patents and was associated with their prosecution.  He owed a duty of candor to the PTO in connection with the '988 and '137 patents.

102.    On information and belief, and subject to further amendment as Key obtains more information during discovery, the '988 patent is unenforceable because those associated with the filing and prosecution of the '988 patent violated their duty of candor and good faith in dealing with the PTO by making material misrepresentations about the prior art in a Petition to Make Special and Accelerate Examination Under 37 CFR Section 1.102(d) filed on October 23, 1998 ("the '988 PTMS").  The '137 patent is also unenforceable because those associated with the

filing and prosecution of the '137 patent violated their duty of candor and good faith in dealing with the PTO by making material misrepresentations about the prior art in a Petition to Make Special and Accelerate Examination Under 37 CFR Section 1.102(d) filed on February 16, 1999 ("the '137 PTMS").

103.    In the '988 PTMS, Martinez identified several references "deemed most closely related to the subject matter encompassed by the claims" including U.S. Patent Nos. 4,201,978 ("Nally '978"); 4,264,808 ("Owens '808"); 4,694,147 ("Amemiya et al. '147"); 5,144,115 ("Yoshida '115"); 5,173,594 ("McClure '594"); 5,175,682 ("Higashiyama et al. '682"); 5,321,751 ("Ray et al. '751"); 5,436,970 ("Ray et al. '970"); 5,457,747 ("Drexler et al. '747"); 5,506,691 ("Bednar '691"); 5,647,017 ("Smithies '017");  and 5,657,389 ("Hoevener '389"). Each of the references identified in the '988 PTMS is admitted prior art to the '988 patent.

104.    Taylor identified these same references in the '137 PTMS and described them as "deemed most closely related to the subject matter encompassed by the claims."  In addition, Taylor identified several other references "deemed most closely related to the subject matter encompassed by the claims" including: U.S. Patent Nos. 5, 187,750 ("Behera, et al., '750"); 5,444,794 ("Uhland, Sr. '794"); 5,484,988 ("Hills, et al., '988"); 5,602,933 ("Blackwell, et al., '933"); 5,602,936 ("Green, et al., '936"); 5,751,842 ("Riach, et al., '842"); 5,781,654 ("Carney, et al., '654"); and 5,784,503 ("Bleeker, III, et al., '503").  Each of the references identified in the '137 PTMS is admitted prior art to the '137 patent.

*Misrepresentations about the Owens '808 patent*

105.    In the '988 PTMS, Martinez described "how the claimed subject matter is patentable" over each of identified references.  Martinez represented to the PTO in the '988 PTMS that the Owens '808 patent "does not teach or disclose a communication network for the

transmission of transactional data within or between one or more data access subsystems and at least one data processing subsystem." Taylor made the same representation to the PTO in the '137 PTMS. Both of these statements were false. Martinez, Taylor and/or other persons associated with the prosecution of the '988 and '137 patents made this false statement with an intent to deceive the PTO.

106.    Contrary to Martinez's and Taylor's representations to the PTO, Owens '808 discloses a "data access subsystem," "at least one data processing subsystem," and "a communication network for transmission of transaction data."

<u>*Misrepresentations about the Smithies et al., '017 patent*</u>

107.    In the '988 PTMS, Martinez also described "how the claimed subject matter is patentable" over Smithies et al., '017. Martinez represented to the PTO in the '988 PTMS that the Smithies et al., '017 patent "does not include any form of data management system for maintaining various forms of captured data, such as biometric data or smart card data." Taylor made this same representation to the PTO about the teaching in Smithies et al., '107 in the '137 PTMS. Both of these statements were false. Martinez, Taylor and/or other persons associated with the prosecution of the '988 and '137 patents made these false statements with an intent to deceive the PTO.

108.    Contrary to Martinez's and Taylor's representations to the PTO, Smithies et al. '017 discloses data management subsystem for maintaining various forms of captured data, such as biometric or smart card data.

109.    The Smithies et al. '017 system can be utilized to capture and verify biometric information other than signatures. For example, Smithies et al. '017 system "can be used to create and verify envelopes that comprise fingerprint information, eye pattern information and

voice print information."

*Misrepresentations about the Hoevener '389 patent*

110.    In the '988 PTMS, Martinez also described "how the claimed subject matter is patentable" over Hoevener '389.  Martinez represented to the PTO in the '988 PTMS that the Hoevener '389 patent "does not include any form of arrangement for capturing and sending paper transaction data nor does it include any means for processing, sending, verifying and storing any paper transaction data."  Taylor made this same representation to the PTO about the teaching in Hoevener '389 in the '137 PTMS.  Both of these statements were false.  Martinez, Taylor and/or other persons associated with the prosecution of the '988 and '137 patents made these false statements with an intent to deceive the PTO.

111.    Contrary to Martinez's and Taylor's representations to the PTO, Hoevener '389 discloses an arrangement for capturing and sending paper transaction data, i.e., a check scanner.

*Misrepresentations about the Behera '750 patent*

112.    In the '137 PTMS, Taylor described "how the claimed subject matter is patentable" over Behera '750.  Taylor represented to the PTO in the '137 PTMS that the Behera '750 patent "lacks any remote image capture and does not disclose any sort of information sharing network."  This statement was false.  Taylor and/or other persons associated with the prosecution of the '988 and '137 patents made this false statement with an intent to deceive the PTO.

113.    Contrary to Taylor's representation to the PTO, Behera '750 discloses remote image capture. Behera '750 also discloses an information sharing network.

*Misrepresentations about the Blackwell, et al., '933  patent*

114.    In the '137 PTMS, Taylor also described "how the claimed subject matter is

patentable" over Blackwell, et al., '933.  Taylor represented to the PTO in the '137 PTMS that the Blackwell, et al., '933 patent "does not disclose any form of internetworking and encrypted data communications between subsystems."  This statement was false.  Taylor and/or other persons associated with the prosecution of the '988 and '137 patents made these false statements with an intent to deceive the PTO.

115.    Contrary to Taylor's representation to the PTO, Blackwell, et al., '933 discloses a form of internetworking.  Blackwell, et al. '933 also discloses encrypted data communications between subsystems.

### *Misrepresentations about the Green, et al., '936 patent*

116.    In the '137 PTMS, Taylor also described "how the claimed subject matter is patentable" over Green, et al., '936.  Taylor represented to the PTO in the '137 PTMS that the Green, et al., '936 patent "does not disclose any form of network subsystem with encrypted communication between subsystems nor does it disclose any form of internetwork sharing of image information."  This statement was false.  Taylor and/or other persons associated with the prosecution of the '988 and '137 patents made these false statements with an intent to deceive the PTO.

117.    Contrary to Taylor's representaion to the PTO, Green, et al., '936 discloses form of internetworking sharing of image information.

### *Material Omissions Made During the Prosecution of the '988 Patent*

118.    On information and belief, and subject to further amendment as Key obtains more information during discovery, the '988 patent is also unenforceable because those associated with the filing and prosecution of the '988 patent violated their duty of candor and good faith in dealing with the PTO by intentionally and with deceptive intent, not disclosing material

information known to one or more of them.  This material information includes, but is not limited to, U.S. Patent No. 5,484,988, issued on January 16, 1996 to Hills, et al. disclosed in the '137 PTMS, but not during the prosecution of the '988 even though it is material prior art thereto.  This material information also includes, but is not limited to, the following prior art referenced in the '137 patent Supplemental Information Disclosure Statement that is material to the patentability of the '988 patent:  U.S. Patent No. 4,858,121, issued on August 15, 1989 to Barber, et al., and U.S. Patent No. 5,326,959, issued on July 5, 1994 to Perazza.

*Material Omissions Made During the Prosecution of the '137 Patent*

119.    On information and belief, and subject to further amendment as Key obtains more information during discovery, the '137 patent is also unenforceable because those associated with the filing and prosecution of the '137 patent violated their duty of candor and good faith in dealing with the PTO by intentionally and with deceptive intent, not disclosing material information known to one or more of them.  This material information includes, but is not limited to, the following prior art references disclosed during the prosecution of the '988 patent:  U.S. Patent No. 4,500,750, issued on February 19, 1985 to Elander, et al., U.S. Patent No. 4,578,530, issued on March 25, 1986 to Zeidler, and U.S. Patent No. 4,912,762, issued on March 27, 1990 to Lee, et al., which are also prior art to the '137 patent.

*Material Omissions Made During the Prosecution of the '988 and '137 Patents*
*Related to the FSTC*

120.    On information and belief, and subject to further amendment as Key obtains more information during discovery, the '988 and '137 patents are also unenforceable because those associated with the filing and prosecution of the '988 and '137 patents violated their duty of candor and good faith in dealing with the PTO by intentionally and with deceptive intent, not disclosing material information known to one or more of them.   This material information

includes, but is not limited to, publicly available web pages from the Financial Services Technology Consortium (FSTC) known to Claudio Ballard and/or others at DataTreasury by at least August 27, 1998, during the prosecution of the '988 and '137 patents, when DataTreasury submitted its application to join the FSTC over the web [DTC036914-915]. It also includes, but is not limited to documentation provided to Claudio Ballard and/or others at DataTreasury in connection with the FSTC application process on or around August 27, 1998, also during the prosecution of the '988 and '137 patents [DTC036881-904]. In particular, this documentation describes certain prior art FSTC projects including, but not limited to, the Paperless Automated Check Exchange and Settlement project (PACES) [DTC036883-4], the Interbank Check Imaging project [DTC036896], the Bank Internet Payment System project [DTC036897], and the Electronic Check project [DTC036898].

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

121.    Key is informed and believes, and based thereon alleges, that DataTreasury is barred or limited from recovery in whole or in part by the failure to mark, by itself or by one or more parties licensed to practice the '988, '137, '007, and '868 patent, as required by 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel/Waiver)

122.    DataTreasury's claims against Key regarding the '988, '137, '007, and '868 patents are barred by equitable estoppel and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Limitation of Damages/Laches)

123.    DataTreasury's claims for relief and prayer for damages are limited by 35 U.S.C. § 286 and/or by laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

124.    DataTreasury's claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Injunctive Relief)

125.    DataTreasury is not entitled to injunctive relief because any injury to DataTreasury is not immediate or irreparable, and DataTreasury has an adequate remedy at law.

## TENTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

126.    DataTreasury is precluded from enforcing the '988, '137, '007, and '868 patents because it is commiting patent misuse by exploiting the '988, '137, '007, and '868 patents in an anti-competitive fashion in excess of the rights granted under the Patent Laws.

## ELEVENTH AFFIRMATIVE DEFENSE

### (License)

127.    Key has not infringed and does not infringe, directly or indirectly, any valid claim of the '007 patent because Key has a license to the '007 patent.

## TWELFTH AFFIRMATIVE DEFENSE

### (Patent Exhaustion/Implied License)

128.    DataTreasury's claims for relief are limited by patent exhaustion and/or implied license.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Substantial Non-infringing Uses)

129.    The allegedly infringing products and/or services provided by Key have substantial non-infringing uses and therefore do not contribute to the infringement of the asserted claims of the '988, '137, '007, and/or the '868 patents.

## XII. COUNTERCLAIMS

For its counterclaims, Defendant-Counterclaimant Key alleges as follows:

130.    KeyBank National Association ("Key") is a wholly-owned banking subsidiary of KeyCorp and maintains its principal place of business at 127 Public Square, Cleveland, Ohio 44114.

131.    In its Complaint, Plaintiff avers that DataTreasury Corp. ("DataTreasury") is a Delaware corporation that maintains its principal place of business at 101 East Park Blvd., # 600, Plano, Texas, 75074.

132.    In its Complaint, Plaintiff avers that DataTreasury is the assignee of U.S. Patent Nos. 5,910,988 ("the '988 patent") and 6,032,137 ("the '137 patent") and that it has recently acquired the rights to U.S. Patent Nos. 5,265,007 ("the '007 patent") and 5,717,868 ("the '868 patent").

133.    Under 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over these

counterclaims for declaratory judgment, brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202.  Venue is proper under 28 U.S.C. §§ 1391(b)-(c) & 1400(b).

134.    Based on the Complaint that DataTreasury filed against Key, a justiciable actual controversy exists between Key and counterclaim-defendant DataTreasury concerning the alleged infringement, validity, and enforceability of the '007 and '868 patents.  A justiciable controversy also exists between Key and counterclaim-defendant DataTreasury concerning the infringement, validity, and enforceability of the '988 and '137 patents.  The Court has entered a stay as to those two patents, however, pending reexamination of the '988 and '137 patents by the United States Patent and Trademark Office.    Key intends to amend its Answer and Counterclaims to add additional counterclaims related to the '988 and '137 patents if and when that stay is lifted.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 5,265,007)

135.    Key realleges and incorporates herein by reference the allegations in paragraphs 94-134 above.

136.    Key has not infringed and is not infringing (either directly, contributorily, or by inducement), any claim of the '007 patent, either literally or by application of the doctrine of equivalents.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 5,265,007)

137.    Key realleges and incorporates herein by reference the allegations in paragraphs 94-136 above.

138.    The '007 patent is void and invalid for failure to comply with the requirements of

Title 35, United States Code, including, but not limited to Section 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Unenforceability of U.S. Patent No. 5,265,007)

139.    Key realleges and incorporates herein by reference the allegations in paragraphs 94-138 above.

140.    The '007 patent is unenforceable for all the reasons set out in the defenses above.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 5,717,868)

141.    Key realleges and incorporates herein by reference the allegations in paragraphs 94-140 above.

142.    Key has not infringed and is not infringing (either directly, contributorily, or by inducement), any claim of the '868 patent, either literally or by application of the doctrine of equivalents.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 5,717,868)

143.    Key realleges and incorporates herein by reference the allegations in paragraphs 94-142 above.

144.    The '868 patent is void and invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Section 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Unenforceability of U.S. Patent No. 5,717,868)

145.     Key realleges and incorporates herein by reference the allegations in paragraphs 94-144 above.

146.     The '868 patent is unenforceable for all the reasons set out in the defenses above.

147.     This case is exceptional under 35 U.S.C. § 285.

## XIII. PRAYER FOR RELIEF

Wherefore, Key prays that this Court enter judgment:

(a)      Dismissing DataTreasury's Complaint with prejudice;

(b)      Declaring U.S. Patent Nos. 5,265,007 ("the '007 patent") and 5,717,868 ("the '868 patent") invalid, void, and unenforceable;

(c)      Declaring that Key has not infringed the '007 or '868 patent;

(d)      Declaring this an exceptional case under 35 U.S.C. § 285;

(e)      Awarding Key its costs in this action and its reasonable attorneys' fees; and

(f)      Granting Key such further necessary and proper relief as this Court may deem just and proper.

## XIV. JURY DEMAND

Key requests a jury trial of any issues triable of right by a jury.

Dated: February 12, 2007

Respectfully submitted,

**McKOOL SMITH, P.C**.

/s/ Sam Baxter
SAM BAXTER
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
505 East Travis Street, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopy:  (903) 927-2622


THEODORE STEVENSON, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
L. DAVID ANDERSON
Texas State Bar No. 00796126
danderson@mckoolsmith.com
300 Crescent Court
Suite 1500
Telephone: (214) 978-4000
Telecopier: (214) 978-4044


PETER J. AYERS
Texas State Bar No. 24009882
payers@mckoolsmith.com
GEOFFREY L. SMITH
Texas State Bar No. 24041939
gsmith@mckoolsmith.com
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone:  (512) 692-8700
Telecopy:   (512) 692-8744

**ATTORNEYS FOR DEFENDANTS
KEYCORP AND KEYBANK
NATIONAL ASSOCIATION**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by electronic mail by agreement of the parties on this the 12th day of February, 2007.

/s/ L. David Anderson
L. David Anderson