UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WELLS FARGO, et al. | § | Civil Action No. 2:06-CV-72 |
| | § | |
| Defendants. | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |

**ORIGINAL ANSWER, COUNTERCLAIM, AND JURY DEMAND OF
DEFENDANTS AND COUNTER-PLAINTIFFS LASALLE BANK
CORPORATION AND LASALLE BANK NA[1]**

      Defendants LaSalle Bank Corporation ("LBC") and LaSalle Bank NA ("LBN") (jointly "LaSalle Defendants"), by and through its undersigned attorneys, respectfully file this Original Answer, Counterclaim, and Jury Demand to Plaintiff DataTreasury Corporation's ("DTC") First Amended Complaint for Patent Infringement ("Amended Complaint") as follows:

**I. THE PARTIES**

      1.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint, and, accordingly, deny the same.

---

[1] Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the US Patent Nos. 5,910,988 and 6,032,137 (collectively "the Ballard patents") for the LaSalle Defendants. Accordingly, the LaSalle Defendants will answer, assert affirmative defenses, and assert counterclaims with respect to allegations regarding the Ballard patents at the appropriate time if and when the Court lifts the stay. Should the stay be lifted on patent claims related to the Ballard patents, the LaSalle Defendants reserve the right to supplement and/or amend their Answer, including the addition of affirmative defenses and/or counterclaims related to the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

Dockets.Justia.com

2.      LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Amended Complaint, and, accordingly, deny the same.

3.      LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Amended Complaint, and, accordingly, deny the same.

4.      LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint, and, accordingly, deny the same.

5.      LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Amended Complaint, and, accordingly, deny the same.

6.      LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Amended Complaint, and, accordingly, deny the same.

7.      LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Amended Complaint, and, accordingly, deny the same.

8.      LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint, and, accordingly, deny the same.

LA1 885149v.1

9.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Amended Complaint, and, accordingly, deny the same.

10.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Complaint, and, accordingly, deny the same.

11.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint, and, accordingly, deny the same.

12.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint, and, accordingly, deny the same.

13.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Amended Complaint, and, accordingly, deny the same.

14.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint, and, accordingly, deny the same.

15.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Amended Complaint, and, accordingly, deny the same.

LA1 885149v.1

16.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Amended Complaint, and, accordingly, deny the same.

17.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Amended Complaint, and, accordingly, deny the same.

18.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Amended Complaint, and, accordingly, deny the same.

19.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint, and, accordingly, deny the same.

20.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Amended Complaint, and, accordingly, deny the same.

21.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Amended Complaint, and, accordingly, deny the same.

22.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Amended Complaint, and, accordingly, deny the same.

LA1 885149v.1

23.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Amended Complaint, and, accordingly, deny the same.

24.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Amended Complaint, and, accordingly, deny the same.

25.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Amended Complaint, and, accordingly, deny the same.

26.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Amended Complaint, and, accordingly, deny the same.

27.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Amended Complaint, and, accordingly, deny the same.

28.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Amended Complaint, and, accordingly, deny the same.

29.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Amended Complaint, and, accordingly, deny the same.

LA1 885149v.1

30.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Amended Complaint, and, accordingly, deny the same.

31.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Amended Complaint, and, accordingly, deny the same.

32.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Amended Complaint, and, accordingly, deny the same.

33.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Amended Complaint, and, accordingly, deny the same.

34.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Amended Complaint, and, accordingly, deny the same.

35.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Amended Complaint, and, accordingly, deny the same.

36.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Amended Complaint, and, accordingly, deny the same.

LA1 885149v.1

37.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Amended Complaint, and, accordingly, deny the same.

38.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Amended Complaint, and, accordingly, deny the same.

39.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Amended Complaint, and, accordingly, deny the same.

40.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Amended Complaint, and, accordingly, deny the same.

41.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Amended Complaint, and, accordingly, deny the same.

42.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Amended Complaint, and, accordingly, deny the same.

43.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Amended Complaint, and, accordingly, deny the same.

LA1 885149v.1

44.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Amended Complaint, and, accordingly, deny the same.

45.     LaSalle Defendants admit that LBC is a Delaware corporation with a principal place of business at the address indicated in paragraph 45.  LaSalle Defendants admit that Willie J. Miller, Jr. is LBC's Registered Agent for Service at the address indicated in paragraph 45. LaSalle Defendants admit that LBC does limited business in Texas, but deny any remaining allegations in paragraph 45 of the Amended Complaint.

46.     LaSalle Defendants admit that LBN is a wholly-owned subsidiary of LBC with a principal place of business at the address indicated in paragraph 46.  LaSalle Defendants admit that LBN can be served with process through its President and Chief Executive Officer, Norman R. Bobins, at the address indicated in paragraph 46.   LaSalle Defendants admit that LBN does limited business in Texas, but deny any remaining allegations in paragraph 46 of the Amended Complaint.

47.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Amended Complaint, and, accordingly, deny the same.

48.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Amended Complaint, and, accordingly, deny the same.

49.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Amended Complaint, and, accordingly, deny the same.

50.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Amended Complaint, and, accordingly, deny the same.

51.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Amended Complaint, and, accordingly, deny the same.

52.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Amended Complaint, and, accordingly, deny the same.

53.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Amended Complaint, and, accordingly, deny the same.

54.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Amended Complaint, and, accordingly, deny the same.

55.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Amended Complaint, and, accordingly, deny the same.

56.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Amended Complaint, and, accordingly, deny the same.

LA1 885149v.1

57.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Amended Complaint, and, accordingly, deny the same.

58.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Amended Complaint, and, accordingly, deny the same.

## II. JURISDICTION AND VENUE

59.     LaSalle Defendants admit that the Amended Complaint alleges that this is an action for patent infringement under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.  LaSalle Defendants admit that subject-matter jurisdiction of patent claims is conferred upon this Court by 28 U.S.C. § 1338.  LaSalle Defendants deny any patent infringement.

60.     As to the first allegation of paragraph 60, LaSalle Defendants dispute that general personal jurisdiction is conferred through minimum contacts with the forum, and accordingly deny the same.  The second allegation of paragraph 60 is denied.  As to the allegations regarding other named defendants, LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Amended Complaint, and, accordingly, deny the same.

61.     LaSalle Defendants admit that 28 U.S.C. §§ 1391 and 1400 govern the venue of patent claims.  LaSalle Defendants deny any patent infringement and deny any remaining allegations in paragraph 61 of the Amended Complaint.  As to the allegations regarding other named defendants, LaSalle Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations of paragraph 61 of the Amended Complaint, and, accordingly, deny the same.

62.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Amended Complaint, and, accordingly, deny the same, except LaSalle Defendants admit that DTC refers to the entities listed in paragraph 62 collectively as the "Viewpoint Defendant Group" in its Amended Complaint.

63.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Amended Complaint, and, accordingly, deny the same.

64.    LaSalle Defendants admit that LBN is a Clearing House Association Member. Otherwise, LaSalle Defendants deny the allegations of paragraph 64 of the Amended Complaint as to them.  As to allegations regarding the other named defendants, LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Amended Complaint, and, accordingly, deny the same, except LaSalle Defendants admit that DTC refers to the entities listed in paragraph 62 collectively as the "SVPCo/Clearing House Defendant Group" in its Amended Complaint.

65.    LaSalle Defendants deny the allegations of paragraph 65 of the Amended Complaint as to them.  As to allegations regarding the other named defendants, LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Amended Complaint, and, accordingly, deny the same.

LA1 885149v.1

### III. PATENT INFRINGEMENT

66.     LaSalle Defendants admit that United States Patent No. 5,910,988 ("the '988 patent") issued on June 8, 1999, and identifies Claudio R. Ballard as the purported inventor. LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 66 of the Amended Complaint, and, accordingly, deny the same. However, the Court has stayed this case with respect to the '988 patent.

67.     LaSalle Defendants admit that United States Patent No. 6,032,137 ("the '137 patent") issued on February 29, 2000, and identifies Claudio R. Ballard as the purported inventor. LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 67 of the Amended Complaint, and, accordingly, deny the same. However, the Court has stayed this case with respect to the '137 patent.

68.     LaSalle Defendants admit that United States Patent No. 5,265,007 ("the '007 patent") issued on November 23, 1993, and identifies John L. Barnhard, jr., Thomas k. Bowen, Terry L. Geer, and John W. Liebersbach as the purported inventors. LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 68 of the Amended Complaint, and, accordingly, deny the same.

69.     LaSalle Defendants admit that United States Patent No. 5,583,759 ("the '759 patent") issued on December 10, 1996, and identifies Terry L. Geer as the purported inventor. LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 69 of the Amended Complaint, and, accordingly, deny the same.

LA1 885149v.1

70.     LaSalle Defendants admit that United States Patent No. 5,717,868 ("the '868 patent") issued on February 10, 1998, and identifies David L. James as the purported inventor. LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 70 of the Amended Complaint, and, accordingly, deny the same.

71.     LaSalle Defendants admit that United States Patent No. 5,930,778 ("the '778 patent") issued on July 27, 1999, and identifies Terry L. Geer as the purported inventor. LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71 of the Amended Complaint, and, accordingly, deny the same.

72.     LaSalle Defendants deny the allegations of paragraph 72 of the Amended Complaint in that DTC is not entitled to any recovery under 35 U.S.C. § 285.

## IV. COUNT I – THE '988 DEFENDANTS

73.     Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '988 patent for the LaSalle Defendants. Accordingly, the LaSalle Defendants will answer the allegations in paragraph 73 as to them at the appropriate time if and when the Court lifts the stay. As to allegations regarding the other named defendants, LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Amended Complaint, and, accordingly, deny the same.

74.     Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '988 patent for the LaSalle Defendants. Accordingly, the LaSalle Defendants will answer the allegations in paragraph 74 as to them at the appropriate time if and when the Court lifts the stay. As to allegations regarding the other named defendants, LaSalle

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Amended Complaint, and, accordingly, deny the same.

75.    Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '988 patent for the LaSalle Defendants.  Accordingly, the LaSalle Defendants will answer the allegations in paragraph 75 as to them at the appropriate time if and when the Court lifts the stay.  As to allegations regarding the other named defendants, LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Amended Complaint, and, accordingly, deny the same.

76.    LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Amended Complaint, and, accordingly, deny the same.

## COUNT TWO – THE '137 DEFENDANTS

77.     Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '137 patent for the LaSalle Defendants.  Accordingly, the LaSalle Defendants will answer the allegations in paragraph 77 as to them at the appropriate time if and when the Court lifts the stay.  As to allegations regarding the other named defendants, LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Amended Complaint, and, accordingly, deny the same.

78.    Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '137 patent for the LaSalle Defendants.  Accordingly, the LaSalle Defendants will answer the allegations in paragraph 78 as to them at the appropriate time if and when the Court lifts the stay.  As to allegations regarding the other named defendants, LaSalle

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Amended Complaint, and, accordingly, deny the same.

79.    Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '137 patent for the LaSalle Defendants.  Accordingly, the LaSalle Defendants will answer the allegations in paragraph 79 as to them at the appropriate time if and when the Court lifts the stay.  As to allegations regarding the other named defendants, LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Amended Complaint, and, accordingly, deny the same.

80.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Amended Complaint, and, accordingly, deny the same.

<h3 align="center">COUNT THREE – THE '007 DEFENDANTS</h3>

81.    LaSalle Defendants deny the allegations of paragraph 81 of the Amended Complaint as to them.  As to allegations regarding the other named defendants, LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Amended Complaint, and, accordingly, deny the same.

82.    LaSalle Defendants deny the allegations of paragraph 82 of the Amended Complaint as to them.  As to allegations regarding the other named defendants, LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Amended Complaint, and, accordingly, deny the same.

83.    LaSalle Defendants deny the allegations of paragraph 83 of the Amended Complaint as to them.  As to allegations regarding the other named defendants, LaSalle

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Amended Complaint, and, accordingly, deny the same.

## COUNT FOUR – THE '759 DEFENDANTS

84.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Amended Complaint, and, accordingly, deny the same.

85.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Amended Complaint, and, accordingly, deny the same.

86.     LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Amended Complaint, and, accordingly, deny the same.

## COUNT FIVE – THE '868 DEFENDANTS

87.     LaSalle Defendants deny the allegations of paragraph 87 of the Amended Complaint as to them.  As to allegations regarding the other named defendants, LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Amended Complaint, and, accordingly, deny the same.

88.     LaSalle Defendants deny the allegations of paragraph 88 of the Amended Complaint as to them.  As to allegations regarding the other named defendants, LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Amended Complaint, and, accordingly, deny the same.

89.     LaSalle Defendants deny the allegations of paragraph 89 of the Amended Complaint as to them.  As to allegations regarding the other named defendants, LaSalle

LA1 885149v.1

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Amended Complaint, and, accordingly, deny the same.

## COUNT SIX – THE '788 DEFENDANTS

90.   LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Amended Complaint, and, accordingly, deny the same.

91.   LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Amended Complaint, and, accordingly, deny the same.

92.   LaSalle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the Amended Complaint, and, accordingly, deny the same.

## GENERAL DENIAL

LaSalle Defendants deny all allegations in DTC's Amended Complaint not specifically admitted in their Answer.

## X. PRAYER FOR RELIEF

With respect to the allegations in this section of the Amended Complaint, LaSalle Defendants admit that DTC seeks the relief set forth therein, but denies that DTC is entitled to any of the relief requested against LaSalle Defendants.  Otherwise, the allegations of the "Prayer for Relief" section of the Amended Complaint are denied.

17

## AFFIRMATIVE DEFENSES

### First Defense

93.    LaSalle Defendants have not infringed and are not infringing any valid and enforceable claim of the '007 or '868 patents.

### Second Defense

94.    LaSalle Defendants have not contributed to and are not contributing to the infringement of any valid and enforceable claim of the '007 or '868 patents.

### Third Defense

95.    LaSalle Defendants have not induced and are not inducing the infringement of any valid and enforceable claim of the '007 or '868 patents.

### Fourth Defense

96.    The claims of the '007 and/or '868 patents are invalid because they fail to meet the conditions for patentability in Title 35, United States Code, including, but not limited to §§ 101, 102, 103 and 112 thereof.

### Fifth Defense

97.    The '007 and/or '868 patents are unenforceable by reason of inequitable conduct committed at the United States Patent and Trademark Office during prosecution of the applications that eventually matured into the '007 and/or '868 patents.  By way of example but without limitation, patentee failed to disclose information or affirmatively misrepresented information to the USPTO of which the patentee was aware was material to the examination of one or more Application.  For example, the patentee failed to advise the USPTO of material prior information regarding prior art.

**Sixth Defense**

98.    DTC's claims of alleged infringement of the '007 and/or '868 patents are barred, in whole or part, under the doctrine of laches and /or the statute of limitations.

**Seventh Defense**

99.    DTC's Amended Complaint, and each purported claim against the LaSalle Defendants alleged therein, fails to state facts upon which relief can be granted against the LaSalle Defendants.

**COUNTERCLAIMS**

LaSalle Defendants assert the following counterclaims against Plaintiff/Counter-Defendant DataTreasury Corporation ("DTC"):

100.    LaSalle Defendants re-allege and incorporate by reference herein the allegations of paragraphs 1-99 above.

101.    These counterclaims arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States set forth in Title 35 of the United States Code and Title 37 of the Code of Federal Regulations.

102.    This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a). Venue is based on 28 U.S.C. §§ 1391(b), (c), and 1400(b). This Court has personal jurisdiction over DTC.

103.    DTC filed the Amended Complaint against the LaSalle Defendants for infringement of the '007 and '868 patents. Accordingly, an actual justicable case or controversy exists between DTC and the LaSalle Defendants.

**First Counterclaim**
**(Declaratory Judgment of Non-Infringement)**

104.    LaSalle Defendants re-allege and incorporate by reference herein the allegations of paragraphs 1-103 above.

105.    LaSalle Defendants have not infringed and are not infringing any valid and enforceable claim of the '007 or '868 patents.

106.    LaSalle Defendants have not contributed to and are not contributing to the infringement of any valid and enforceable claim of the '007 or '868 patents.

107.    LaSalle Defendants have not induced and are not inducing the infringement of any valid and enforceable claim of the '007 or '868 patents.

**Second Counterclaim**
**(Declaratory Judgment of Invalidity)**

108.     LaSalle Defendants re-allege and incorporate by reference herein the allegations of paragraphs 1-107 above.

109.    The '007 and/or '868 patents are void and invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and 112 and the rules, regulations, and laws pertaining thereto.

**Third Counterclaim**
**(Declaratory Judgment of Unenforceability)**

110.    LaSalle Defendants re-allege and incorporate by reference herein the allegations of paragraphs 1-109 above.

111.    The '007 and/or '868 patents are unenforceable by reason of inequitable conduct committed at the United States Patent and Trademark Office during prosecution of the applications that eventually matured into the '007 and/or '868 patents.

**Fourth Counterclaim**
**(Laches and/or Statute of Limitations)**

112.    LaSalle Defendants re-allege and incorporate by reference herein the allegations of paragraphs 1-111 above.

113.    DTC's claims of alleged infringement of the '007 and/or '868 patents are barred, in whole or part, under the doctrine of laches and /or the statute of limitations.

**Fifth Counterclaim**
**(Exceptional Case)**

114.    LaSalle Defendants re-allege and incorporate by reference herein the allegation of paragraphs 1-113 above.

115.    This is an exceptional case under 35 U.S.C. § 285 entitling LaSalle Defendants to recover its reasonable attorneys' fees.

**PRAYER FOR RELIEF**

A.    Adjudge, declare, and decree that all of DTC's claims against each of the LaSalle Defendants are denied;

B.    Adjudge, declare, and decree that the Amended Complaint against each of the LaSalle Defendants be dismissed with prejudice;

C.    Adjudge, declare, and decree that the claims of the '007 and '868 patents are not infringed by any of the LaSalle Defendants;

D.    Adjudge, declare, and decree that the claims the '007 and '868 patents are invalid;

E.    Adjudge, declare, and decree that the claims of the '007 and '868 patents are unenforceable;

LA1 885149v.1

F.    Find this case exceptional and award reasonable attorneys' fees to LaSalle

Defendants;

G.    Award costs of this case to LaSalle Defendants;

H.    Award to LaSalle Defendants any further relief to which LaSalle Defendants are

entitled.

## JURY DEMAND

LaSalle Defendants demand a trial by jury of all issues so triable pursuant to Federal Rule

of Civil Procedure 38.

Dated:  February 12, 2007                    Respectfully submitted,

By:  */s/ Jeffrey A. Finn by permission Elizabeth L. DeRieux*
Jeffrey A. Finn – Lead Attorney
State Bar No. 185248
Sidley Austin Brown & Wood
555 West Fifth Street, 40th Floor
Los Angeles, CA 90013
Telephone:  (213) 896-6000
Fax: (213) 896-6600
E-mail: jfinn@sidley.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Andrew W. Spangler
State Bar No. 24041960
BROWN McCARROLL  LLP
1127 Judson Road, Suite 220,
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@mailbmc.com
E-mail: ederieux@mailbmc.com
E-mail: aspangler@mailbmc.com

ATTORNEYS FOR DEFENDANTS
LASALLE BANK CORP. AND
LASALLE BANK NA

22

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of February, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux