UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATA TREASURY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY; WELLS FARGO BANK, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION; BANK OF AMERICA NATIONAL ASSOCIATION; U.S. BANCORP; U.S. BANK, NATIONAL ASSOCATION; WAHCOVIA CORPORATION; WACHOVIA BANK, NATIONAL ASSOCIATION; SUNTRUST BANKS, INC.; SUNTRUST BANK; BB&T CORPORATION ; BRANCH BANKING AND TRUST COMPANY; BANCORPSOUTH, INC.; BANCORPSOUTH BANK; COMPASS BANCSHARES, INC.; COMPASS BANK; CULLEN/FORST BANKDERS, INC.; THE FROST NATIONAL BANK; FIRST HORIZON NATIONAL  CORPORATION; FIRST TENNEESSEE BANK, NATIONAL ASSOCIATION, HSBC NORTH AMERICA HOLDINGS INC.; HSBC BANK USA, N.A.; HARRIS BANKCORP, INC.; HARRIS N.A.; NATIONAL CITY CORPORATION; NATIONAL CITY CORPORATION; NATIONAL CITY BANK; ZIONS BANCORPORATION; ZIONS FIRST NATIONAL BANK; BANK OF NEW YORK CO. INC.; THE BANK OF NEW YORK CO., INC.; THE BANK OF NEW YORK; UNIONBANCAL CORPORAITON; UNION BANK OF CALIFORNIA, NATIONAL ASSOCIATION; BANK OF TOKYO-MITSUBISHI UFJ, LTD.; CITIZENS FINANCIAL GROUP, INC. CITY NATIONAL CORPORATION; CITY | Civil Action No. 2:06-CV-72-DF<br><br>JURY TRIAL DEMANDED |

Dockets.Justia.com

NATIONAL BANK; COMERICA
INCORPORATED; COMERICA BANK &
TRUST, NATIONAL ASSOCIATION;
DEUTSCHE BANK TRUST COMPNAY
AMERICAS; FIRST CITIZENS
BANCSHARES, INC.; FIRST CITIZENS
BANKD & TRUST COMPANY; KEYCORP;
KEYBANK NATIONAL ASSOCATION;
LASALLE BANK CORPORATION;
LASALLE BANK NA; M&T BANK; THE
PNC FININACIAL SERVICES GROUP, INC.;
PNS BANK, NATIONAL ASSOCIATION
UBS AMERICAS, INC.; SMALL VALUE
PAYMENTS COMPANY, LLC; THE
CLEARING HOUSE PAYMENTS
COMPANY, LLC; MAGTEK, INC.; FIRST
DATA CORPORATION; TELECHECK
SERVICES, INC. AND REMITCO, LLC

                 Defendants

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANTS WACHOVIA CORPORATION AND WACHOVIA BANK NATIONAL ASSOCIATION

Defendants Wachovia Corporation and Wachovia Bank National Association ("Wachovia Bank N.A.") (collectively "Wachovia"), pursuant to Federal Rules of Civil Procedure 7, 8, 12, and 13, file their Answer and Affirmative Defenses, as follows, and Wachovia Bank N.A. files its Counterclaim to the First Amended Complaint of Plaintiff DataTreasury Corporation ("DataTreasury"), as follows:

## ANSWER

### I.     THE PARTIES

1.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 1 of DataTreasury's First Amended Complaint.

US2000 9269052.2 36569-331761

2.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 2 of DataTreasury's First Amended Complaint.

3.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 3 of DataTreasury's First Amended Complaint.

4.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 4 of DataTreasury's First Amended Complaint.

5.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 5 of DataTreasury's Complaint.

6.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 6 of DataTreasury's First Amended Complaint.

7.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 7 of DataTreasury's First Amended Complaint.

8.

Wachovia admits that Defendant Wachovia Corporation is a North Carolina corporation that maintains its principal place of business at One Wachovia Center, 301 South College Street, Charlotte, North Carolina 28288-0013.  Wachovia further admits that Wachovia Corporation can be served with process through its registered agent, Corporation Service Company.  Wachovia

US2000 9269052.2 36569-331761

further admits that Wachovia Corporation has also been sued by DataTreasury in a case currently pending before this Court, Civil Action No. 2:05-CV-293, and that the allegations contained in that action are not currently at issue in this dispute. Wachovia denies the remaining allegations contained in Paragraph 8 of DataTreasury's First Amended Complaint.

9.

Wachovia admits that Defendant Wachovia Bank N.A. is a national banking association authorized to do business under the laws of the United States. Wachovia further admits that Wachovia Bank N.A. transacts business in Texas and that Wachovia Bank N.A. can be served with process through its registered agent, Corporation Service Company. Wachovia further admits that Wachovia Bank N.A. has also been sued by DataTreasury in a case currently pending before this Court, Civil Action No. 2:05-CV-293, and that the allegations contained in that action are not currently at issue in this dispute. Wachovia denies the remaining allegations contained in Paragraph 9 of DataTreasury's First Amended Complaint.

10.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 10 of DataTreasury's First Amended Complaint.

11.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 11 of DataTreasury's First Amended Complaint.

12.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 12 of DataTreasury's First Amended Complaint.

13.

US2000 9269052.2 36569-331761

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 13 of DataTreasury's First Amended Complaint.

14.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 14 of DataTreasury's First Amended Complaint.

15.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 15 of DataTreasury's First Amended Complaint.

16.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 16 of DataTreasury's First Amended Complaint.

17.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 17 of DataTreasury's First Amended Complaint.

18.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 18 of DataTreasury's First Amended Complaint.

19.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 19 of DataTreasury's First Amended Complaint.

20.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 20 of DataTreasury's First Amended Complaint.

US2000 9269052.2 36569-331761

21.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 21 of DataTreasury's First Amended Complaint.

22.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 22 of DataTreasury's First Amended Complaint.

23.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 23 of DataTreasury's First Amended Complaint.

24.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 24 of DataTreasury's First Amended Complaint.

25.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 25 of DataTreasury's Complaint.

26.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 26 of DataTreasury's First Amended Complaint.

27.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 27 of DataTreasury's First Amended Complaint.

28.

US2000 9269052.2 36569-331761

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 28 of DataTreasury's First Amended Complaint.

29.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 29 of DataTreasury's First Amended Complaint.

30.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 30 of DataTreasury's First Amended Complaint.

31.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 31 of DataTreasury's First Amended Complaint.

32.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 32 of DataTreasury's First Amended Complaint.

33.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 33 of DataTreasury's First Amended Complaint.

34.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 34 of DataTreasury's First Amended Complaint.

35.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 35 of DataTreasury's First Amended Complaint.

US2000 9269052.2 36569-331761

36.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 36 of DataTreasury's First Amended Complaint.

37.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 37 of DataTreasury's First Amended Complaint.

38.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 38 of DataTreasury's First Amended Complaint.

39.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 39 of DataTreasury's First Amended Complaint.

40.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 40 of DataTreasury's First Amended Complaint.

41.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 41 of DataTreasury's First Amended Complaint.

42.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 42 of DataTreasury's First Amended Complaint.

43.

US2000 9269052.2 36569-331761

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 43 of DataTreasury's First Amended Complaint.

44.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 44 of DataTreasury's First Amended Complaint.

45.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 45 of DataTreasury's First Amended Complaint.

46.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 46 of DataTreasury's First Amended Complaint.

47.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 47 of DataTreasury's First Amended Complaint.

48.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 48 of DataTreasury's First Amended Complaint.

49.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 49 of DataTreasury's First Amended Complaint.

50.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 50 of DataTreasury's First Amended Complaint.

US2000 9269052.2 36569-331761

51.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 51 of DataTreasury's First Amended Complaint.

52.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 52 of DataTreasury's First Amended Complaint.

53.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 53 of DataTreasury's First Amended Complaint.

54.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 54 of DataTreasury's First Amended Complaint.

55.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 55 of DataTreasury's First Amended Complaint.

56.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 56 of DataTreasury's First Amended Complaint.

57.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 57 of DataTreasury's First Amended Complaint.

58.

US2000 9269052.2 36569-331761

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 58 of DataTreasury's First Amended Complaint.

## II.    JURISDICTION AND VENUE

### 59.

Wachovia admits that DataTreasury's First Amended Complaint alleges patent infringement under the laws relating to patents of the United States (35 U.S.C. §§ 271, 281-85) and that this Court has jurisdiction over the subject matter of this case, but denies that Wachovia is infringing or has infringed any DataTreasury patent and otherwise denies the remaining allegations of Paragraph 59 of DataTreasury's First Amended Complaint.

### 60.

Wachovia denies that Wachovia Corporation and Wachovia Bank N.A. have committed acts of patent infringement, either directly or indirectly (by contributing infringement or inducement of infringement) in the State of Texas or in the Eastern District of Texas. Wachovia denies that this Court has personal jurisdiction over Wachovia Corporation. Wachovia admits that this Court has personal jurisdiction over Wachovia Bank N.A. Wachovia denies that it is infringing or has infringed any DataTreasury patent and otherwise denies the remaining allegations against Wachovia Corporation and Wachovia Bank N.A. contained in Paragraph 60 of DataTreasury's First Amended Complaint. As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 60 of DataTreasury's First Amended Complaint.

### 61.

Wachovia denies that venue is proper in this judicial district for Wachovia Corporation. Wachovia admits that venue is proper in this judicial district for Wachovia Bank N.A. pursuant

to 28 U.S.C. §§ 1391(b) & (c), and 1400(b), but denies that venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(d).  Wachovia otherwise denies the remaining allegations against it contained in Paragraph 61 of DataTreasury's First Amended Complaint.  As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 61 of DataTreasury's First Amended Complaint.

62.

Wachovia denies that Wachovia Bank N.A. is a current user of Viewpointe Archive Services, LLC.  Wachovia is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 62 of DataTreasury's First Amended Complaint.

63.

Wachovia denies the allegations contained in Paragraph 63 of DataTreasury's First Amended Complaint.

64.

Wachovia denies that Wachovia Corporation and Wachovia Bank N.A. are current users or owners of Small Value Payments Company, LLC.  Wachovia Bank N.A. admits that it is a current user and owner of The Clearing House Payments Company, LLC.  Wachovia is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 64 of DataTreasury's First Amended Complaint.

65.

Wachovia denies the allegations contained in Paragraph 65 of DataTreasury's First Amended Complaint.

US2000 9269052.2 36569-331761

### III.    PATENT INFRINGEMENT

66.

Wachovia admits that Claudio Ballard is listed as the named inventor on the '988 Patent and that the '988 Patent was issued on June 8, 1999, but denies that Wachovia is infringing or has infringed the '988 Patent, denies the validity of the '988 Patent and otherwise denies the remaining allegations contained in Paragraph 66 of DataTreasury's First Amended Complaint.

67.

Wachovia admits that Claudio Ballard is listed as the named inventor on the '137 Patent and that the '137 Patent was issued on February 29, 2000, but denies that Wachovia is infringing or has infringed the '137 Patent, denies the validity of the '137 Patent and otherwise denies the remaining allegations contained in Paragraph 67 of DataTreasury's Complaint.

68.

Wachovia admits that John L. Barnhard, Jr., Thomas K. Bowen, Terry L. Geer, and John W. Liebersbach are listed as the named inventors on the '007 Patent and that the '007 Patent was issued on November 23, 1993, but denies that Wachovia is infringing or has infringed the '007 Patent, and denies the validity of the '007 Patent.  Wachovia is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 68 of DataTreasury's First Amended Complaint.

69.

Wachovia admits that Terry L. Geer is listed as the named inventor on the '759 Patent and that the '759 Patent was issued on December 10, 1996, but denies that Wachovia is infringing or has infringed the '759 Patent, and denies the validity of the '759 Patent.  Wachovia

is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 69 of DataTreasury's First Amended Complaint.

70.

Wachovia admits that David L. James is listed as the named inventor on the '868 Patent and that the '868 Patent was issued on February 10, 1998, but denies that Wachovia is infringing or has infringed the '868 Patent, and denies the validity of the '868 Patent. Wachovia is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 70 of DataTreasury's First Amended Complaint.

71.

Wachovia admits that Terry L. Geer is listed as the named inventor on the '778 Patent and that the '778 Patent was issued on July 27, 1999, but denies that Wachovia is infringing or has infringed the '778 Patent, and denies the validity of the '778 Patent. Wachovia is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 71 of DataTreasury's First Amended Complaint.

72.

Wachovia denies the allegations contained in Paragraph 72 of DataTreasury's First Amended Complaint.

## IV.    COUNT ONE—THE '988 DEFENDANTS

73.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 73 of DataTreasury's First Amended Complaint.

74.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 74 of DataTreasury's First Amended Complaint.

75.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 75 of DataTreasury's First Amended Complaint.

76.

Wachovia admits that it has been sued for infringement of the '988 Patent in other proceedings in this Court and that it is not being accused of infringement of the '988 Patent in this action at this time, but denies that Wachovia is infringing or has infringed the '988 Patent, and denies the validity of the '988 Patent. Wachovia is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 76 of DataTreasury's First Amended Complaint.

## V.    COUNT TWO—THE '137 DEFENDANTS

77.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 77 of DataTreasury's First Amended Complaint.

78.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 78 of DataTreasury's First Amended Complaint.

79.

Wachovia is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 79 of DataTreasury's First Amended Complaint.

80.

US2000 9269052.2 36569-331761

Wachovia admits that it has been sued for infringement of the '137 Patent in other proceedings in this Court and that it is not being accused of infringement of the '137 Patent in this action at this time, but denies that Wachovia is infringing or has infringed the '137 Patent, and denies the validity of the '137 Patent. Wachovia is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 80 of DataTreasury's First Amended Complaint.

### VI.    COUNT THREE—THE '007 DEFENDANTS

81.

Wachovia denies the allegations against Wachovia Corporation and Wachovia Bank N.A. contained in Paragraph 81 of DataTreasury's First Amended Complaint. As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 81 of DataTreasury's First Amended Complaint.

82.

Wachovia denies the allegations against Wachovia Corporation and Wachovia Bank N.A. contained in Paragraph 82 of DataTreasury's First Amended Complaint. As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 82 of DataTreasury's First Amended Complaint.

83.

Wachovia denies the allegations against Wachovia Corporation and Wachovia Bank N.A. contained in Paragraph 83 of DataTreasury's First Amended Complaint. As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to

US2000 9269052.2 36569-331761

enable it to admit or deny those allegations contained in Paragraph 83 of DataTreasury's First Amended Complaint.

## VII.    COUNT FOUR—THE '759 DEFENDANTS

84.

Wachovia denies the allegations against Wachovia Corporation and Wachovia Bank N.A. contained in Paragraph 84 of DataTreasury's First Amended Complaint.  As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 84 of DataTreasury's First Amended Complaint.

85.

Wachovia denies the allegations against Wachovia Corporation and Wachovia Bank N.A. contained in Paragraph 85 of DataTreasury's First Amended Complaint.  As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 85 of DataTreasury's First Amended Complaint.

86.

Wachovia denies the allegations against Wachovia Corporation and Wachovia Bank N.A. contained in Paragraph 86 of DataTreasury's First Amended Complaint.  As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 86 of DataTreasury's First Amended Complaint.

## VIII.   COUNT FIVE—THE '868 DEFENDANTS

87.

Wachovia denies the allegations against Wachovia Corporation and Wachovia Bank N.A. contained in Paragraph 87 of DataTreasury's First Amended Complaint. As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 87 of DataTreasury's First Amended Complaint.

88.

Wachovia denies the allegations against Wachovia Corporation and Wachovia Bank N.A. contained in Paragraph 88 of DataTreasury's First Amended Complaint. As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 88 of DataTreasury's First Amended Complaint.

89.

Wachovia denies the allegations against Wachovia Corporation and Wachovia Bank N.A. contained in Paragraph 89 of DataTreasury's First Amended Complaint. As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 89 of DataTreasury's First Amended Complaint.

## IX.     COUNT SIX—THE '778 DEFENDANTS

90.

Wachovia denies the allegations against Wachovia Corporation and Wachovia Bank N.A. contained in Paragraph 90 of DataTreasury's First Amended Complaint. As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to

enable it to admit or deny those allegations contained in Paragraph 90 of DataTreasury's First Amended Complaint.

91.

Wachovia denies the allegations against Wachovia Corporation and Wachovia Bank N.A. contained in Paragraph 91 of DataTreasury's First Amended Complaint. As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 91 of DataTreasury's First Amended Complaint.

92.

Wachovia denies the allegations against Wachovia Corporation and Wachovia Bank N.A. contained in Paragraph 92 of DataTreasury's First Amended Complaint. As to allegations regarding the remaining Defendants, Wachovia is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 92 of DataTreasury's First Amended Complaint.

Wachovia denies any express or implied allegations of DataTreasury's First Amended Complaint not otherwise responded to, and denies that DataTreasury is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

DataTreasury has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Wachovia has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '007 Patent.

- 19 -

### THIRD AFFIRMATIVE DEFENSE

Wachovia has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '759 Patent.

### FOURTH AFFIRMATIVE DEFENSE

Wachovia has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '868 Patent.

### FIFTH AFFIRMATIVE DEFENSE

Wachovia has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '778 Patent.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims of the '007 Patent are invalid under one or more provisions of Title 35, United States Code, including, but not limited to sections 102, 103, and 112 of Title 35.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims of the '759 Patent are invalid under one or more provisions of Title 35, United States Code, including, but not limited to sections 102, 103, and 112 of Title 35.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of the claims of the '868 Patent are invalid under one or more provisions of Title 35, United States Code, including, but not limited to sections 102, 103, and 112 of Title 35.

### NINTH AFFIRMATIVE DEFENSE

US2000 9269052.2 36569-331761

Some or all of the claims of the '778 Patent are invalid under one or more provisions of Title 35, United States Code, including, but not limited to sections 102, 103, and 112 of Title 35.

## TENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred by the equitable doctrines of waiver, acquiescence, laches, or unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

DataTreasury is estopped from asserting the '007 Patent against Wachovia by virtue of its assertion of the '007 Patent against Wachovia without a well-founded, good-faith belief that Wachovia infringed the '007 Patent.

## TWELFTH AFFIRMATIVE DEFENSE

DataTreasury is estopped from asserting the '759 Patent against Wachovia by virtue of its assertion of the '759 Patent against Wachovia without a well-founded, good-faith belief that Wachovia infringed the '759 Patent.

## THIRTEENTH AFFIRMATIVE DEFENSE

DataTreasury is estopped from asserting the '868 Patent against Wachovia by virtue of its assertion of the '868 Patent against Wachovia without a well-founded, good-faith belief that Wachovia infringed the '868 Patent.

## FOURTEENTH AFFIRMATIVE DEFENSE

DataTreasury is estopped from asserting the '778 Patent against Wachovia by virtue of its assertion of the '778 Patent against Wachovia without a well-founded, good-faith belief that Wachovia infringed the '778 Patent.

## FIFTEENTH AFFIRMATIVE DEFENSE

- 21 -

DataTreasury is estopped by virtue of prior art or due to conduct and representations during the prosecution of the '007 Patent from asserting infringement by Wachovia.

## SIXTEENTH AFFIRMATIVE DEFENSE

DataTreasury is estopped by virtue of prior art or due to conduct and representations during the prosecution of the '759 Patent from asserting infringement by Wachovia.

## SEVENTEENTH AFFIRMATIVE DEFENSE

DataTreasury is estopped by virtue of prior art or due to conduct and representations during the prosecution of the '868 Patent from asserting infringement by Wachovia.

## EIGHTEENTH AFFIRMATIVE DEFENSE

DataTreasury is estopped by virtue of prior art or due to conduct and representations during the prosecution of the '778 Patent from asserting infringement by Wachovia.

## NINETEENTH AFFIRMATIVE DEFENSE

Wachovia enjoys an actual or implied license to the '007 Patent.

## TWENTIETH AFFIRMATIVE DEFENSE

Wachovia enjoys an actual or implied license to the '759 Patent.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Wachovia enjoys an actual or implied license to the '868 Patent.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Wachovia enjoys an actual or implied license to the '778 Patent.

## **COUNTERCLAIM**

Counterclaim Plaintiff Wachovia Bank N.A. asserts the following Counterclaim against DataTreasury.

1.

- 22 -

Wachovia Bank N.A. seeks a declaration by this Court that the '007, '759, '868, and '778 Patents have not been infringed by Wachovia Bank N.A.

2.

Wachovia Bank N.A. seeks a declaration by this Court that the '007, '759, '868, and '778 Patents are invalid.

## JURISDICTION AND VENUE

3.

This is an action for declaratory judgment under 28 U.S.C. § 2201 *et seq*.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.

This counterclaim arises under the patent laws of the United States.  Therefore, venue is proper in this judicial district under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

## PARTIES

5.

Wachovia Bank N.A. is a national banking association authorized to do business under the laws of the United States.  On information and belief, DataTreasury is a Delaware corporation with its principal place of business at 101 East Park Boulevard, #600; Plano, Texas 75074.

## COUNT I
### (Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

6.

DataTreasury has alleged in this action that Wachovia Bank N.A. has infringed, contributed to the infringement of, or induced others to infringe the '007 Patent.  Wachovia Bank

US2000 9269052.2 36569-331761

N.A. denies that it has infringed, contributed to the infringement, or induced others to infringe the '007 Patent.

7.

There accordingly is an actual, immediate, and justiciable controversy between the parties.

8.

Wachovia Bank N.A. is entitled to a declaration by this Court that Wachovia Bank N.A. has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '007 Patent.

9.

Wachovia Bank N.A. is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**COUNT II**
(Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

10.

DataTreasury has alleged in this action that Wachovia Bank N.A. has infringed, contributed to the infringement of, or induced others to infringe the '759 Patent. Wachovia Bank N.A. denies that it has infringed, contributed to the infringement, or induced others to infringe the '759 Patent.

11.

There accordingly is an actual, immediate, and justiciable controversy between the parties.

12.

- 24 -

Wachovia Bank N.A. is entitled to a declaration by this Court that Wachovia Bank N.A. has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '759 Patent.

13.

Wachovia Bank N.A. is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT III
### (Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

14.

DataTreasury has alleged in this action that Wachovia Bank N.A. has infringed, contributed to the infringement of, or induced others to infringe the '868 Patent. Wachovia Bank N.A. denies that it has infringed, contributed to the infringement, or induced others to infringe the '868 Patent.

15.

There accordingly is an actual, immediate, and justiciable controversy between the parties.

16.

Wachovia Bank N.A. is entitled to a declaration by this Court that Wachovia Bank N.A. has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '868 Patent.

17.

Wachovia Bank N.A. is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT IV

US2000 9269052.2 36569-331761

(Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

18.

DataTreasury has alleged in this action that Wachovia Bank N.A. has infringed, contributed to the infringement of, or induced others to infringe the '778 Patent. Wachovia Bank N.A. denies that it has infringed, contributed to the infringement, or induced others to infringe the '778 Patent.

19.

There accordingly is an actual, immediate, and justiciable controversy between the parties.

20.

Wachovia Bank N.A. is entitled to a declaration by this Court that Wachovia Bank N.A. has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '778 Patent.

21.

Wachovia Bank N.A. is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**COUNT V**
(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

22.

DataTreasury has alleged in this action that Wachovia Bank N.A. has infringed, contributed to the infringement of, or induced others to infringe the '007 Patent. However, some or all of the claims of the '007 Patent are invalid.

23.

- 26 -

There accordingly is an actual, immediate, and justiciable controversy between the parties.

24.

Wachovia Bank N.A. is entitled to a declaration by the Court rendering some or all of the claims of the '007 Patent invalid.

25.

Wachovia Bank N.A. is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**COUNT VI**
(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

26.

DataTreasury has alleged in this action that Wachovia Bank N.A. has infringed, contributed to the infringement of, or induced others to infringe the '759 Patent. However, some or all of the claims of the '759 Patent are invalid.

27.

There accordingly is an actual, immediate, and justiciable controversy between the parties.

28.

Wachovia Bank N.A. is entitled to a declaration by the Court rendering some or all of the claims of the '759 Patent invalid.

29.

Wachovia Bank N.A. is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**COUNT VII**

- 27 -

(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

30.

DataTreasury has alleged in this action that Wachovia Bank N.A. has infringed, contributed to the infringement of, or induced others to infringe the '868 Patent. However, some or all of the claims of the '868 Patent are invalid.

31.

There accordingly is an actual, immediate, and justiciable controversy between the parties.

32.

Wachovia Bank N.A. is entitled to a declaration by the Court rendering some or all of the claims of the '868 Patent invalid.

33.

Wachovia Bank N.A. is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**COUNT VIII**
(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

34.

DataTreasury has alleged in this action that Wachovia Bank N.A. has infringed, contributed to the infringement of, or induced others to infringe the '778 Patent. However, some or all of the claims of the '778 Patent are invalid.

35.

There accordingly is an actual, immediate, and justiciable controversy between the parties.

36.

- 28 -

Wachovia Bank N.A. is entitled to a declaration by the Court rendering some or all of the claims of the '778 Patent invalid.

37.

Wachovia Bank N.A. is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

Wherefore, Wachovia respectfully prays that the Court enter judgment:

1.    Adjudging and declaring that Wachovia has not infringed and is not infringing the '007 Patent;

2.    Adjudging and declaring that Wachovia has not infringed and is not infringing the '759 Patent;

3.    Adjudging and declaring that Wachovia has not infringed and is not infringing the '868 Patent;

4.    Adjudging and declaring that Wachovia has not infringed and is not infringing the '778 Patent;

5.    Adjudging and declaring that the '007 Patent is invalid and/or unenforceable;

6.    Adjudging and declaring that the '759 Patent is invalid and/or unenforceable;

7.    Adjudging and declaring that the '868 Patent is invalid and/or unenforceable;

8.    Adjudging and declaring that the '778 Patent is invalid and/or unenforceable;

9.    Dismissing DataTreasury's First Amended Complaint and entering judgment for Wachovia;

10.   Awarding Wachovia its costs, including attorney's fees, in defending this action; and

11.   Awarding Wachovia such other relief as the Court deems just and proper.

US2000 9269052.2 36569-331761

Wachovia Bank N.A. further prays that the Court enter judgment:

12.     Declaring that Wachovia Bank N.A. has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '007 Patent, as requested by Count I of this Counterclaim;

13.     Declaring that Wachovia Bank N.A. has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '759 Patent, as requested by Count II of this Counterclaim;

14.     Declaring that Wachovia Bank N.A. has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '868 Patent, as requested by Count III of this Counterclaim;

15.     Declaring that Wachovia Bank N.A. has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '778 Patent, as requested by Count IV of this Counterclaim;

16.     Declaring the '007 Patent invalid, as requested by Count V of this Counterclaim;

17.     Declaring the '759 Patent invalid, as requested by Count VI of this Counterclaim;

18.     Declaring the '868 Patent invalid, as requested by Count VII of this Counterclaim;

19.     Declaring the '778 Patent invalid, as requested by Count VIII of this Counterclaim;

US2000 9269052.2 36569-331761

20.    Awarding Wachovia Bank N.A. its costs, including attorney's fees, in connection with this Counterclaim; and

21.    Awarding Wachovia Bank N.A. such other relief as the Court deems just and proper.

**Wachovia demands a trial by jury.**

Respectfully submitted this 12th day of February, 2007.


  /s/ Audra A. Dial
William H. Boice
Steven Gardner
E. Danielle Thompson Williams
Audra A. Dial
Bret T. Winterle

KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Fax: (404) 815-6555

1001 West 4th Street
Winston-Salem, NC 27104
Telephone: (336) 607-7300
Fax: (336) 607-7500


Damon Young
YOUNG, PICKETT & LEE
4122 Texas Boulevard
P. O. Box 1897
Texarkana, TX 75504

Attorneys for Defendants Wachovia
Corporation and Wachovia Bank National
Association

- 31 -

US2000 9269052.2 36569-331761

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served, via **CM/ECF**, upon all counsel of record as identified below on February 12, 2007.

Edward L. Hohn, Esq.                          edhohn@nixlawfirm.com
Edward K. Chin, Esq.                          edchin@nixlawfirm.com
Nix Patterson & Roach, L.L.P.
5215 N. O'Connor Blvd.
Suite 1900
Irving, TX 75039

Harold Wayne Nix                              haroldnix@nixlawfirm.com
Nix Patterson & Roach, L.L.P.
205 Linda Drive
Daingerfield, TX 75638

Louis Brady Paddock, Esq.                     bpaddock@nixlawfirm.com
Anthony Bruster, Esq.                         akbruster@nixlawfirm.com
Richard B. King, Esq.                         benking@nixlawfirm.com
Charles Cary Patterson, Esq.                  ccp@nixlawfirm.com
Nix Patterson & Roach, L.L.P.
2900 St. Michael Dr., 5th Floor
Texarkana, TX 75503

Rod A. Cooper, JD, MA                         rcooper@cooperiplaw.com
The Cooper Law Firm
5215 N. O'Connor Blvd.
Suite 1900
Irving, TX 75039

Eric M. Albritton, Esq.                       ema@emafirm.com
Albritton Law Firm
109 W. Tyler
Longview, TX 75601

Joe Kendall, Esq.                             jkendall@provostumphrey.com
Karl Rupp, Esq.                               krupp@provostumphrey.com
Provost Umphrey Law Firm, L.L.P.
3232 McKinney Avenue, Suite 700
Dallas, TX 75204

US2000 9269052.2 36569-331761

T. John Ward Jr.                                    jw@jwfirm.com
Law Office of T. John Ward, Jr. P.C.
109 W. Tyler
Longview, TX 75601


  /s/ Audra A. Dial
Audra A. Dial

US2000 9269052.2 36569-331761