**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **DATATREASURY CORPORATION,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| vs. § | Case No. 2-06-CV-72 |
| § | |
| **WELLS FARGO & COMPANY,** *et al.* § | |
| § | |
| *Defendants*. § | |

**DEFENDANTS U.S. BANCORP'S AND U.S. BANK NATIONAL ASSOCIATION'S
ANSWER TO DATATREASURY CORPORATION'S FIRST AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

Defendants U.S. Bancorp and U.S. Bank National Association (collectively "U.S. Bank") state for their Answer to Plaintiff's First Amended Complaint for Patent Infringement, as follows:

**THE PARTIES**

1. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's First Amended Complaint for Patent Infringement ("First Amended Complaint") and, accordingly, denies the allegations in this paragraph.

2. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

3. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

WASH_1778849.1

4. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

5. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

6. U.S. Bank admits that defendant U.S. Bancorp is a Delaware corporation, has a place of business at 800 Nicollet Mall, Minneapolis, Minnesota 55402-7014, and has designated The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware as its registered agent for service of process. U.S. Bank denies each and every remaining allegation in paragraph 6 of the First Amended Complaint..

7. U.S. Bank admits that defendant U.S. Bank National Association is a wholly-owned subsidiary of defendant U.S. Bancorp and has a place of business at 425 Walnut Street, Cincinnati, Ohio 45202. U.S. Bank denies each and every remaining allegation in paragraph 7 of the First Amended Complaint.

8. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

9. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

10. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

11. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

12. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

13. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

14. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

15. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

16. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

17. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

18. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

19. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

20. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

21. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

22. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

23. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

24.   U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

25.   U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

26.   U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

27.   U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

28.   U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

29.   U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

30.   U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

31. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

32. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

33. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

34. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

35. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

36. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

37. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

38. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

39. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

40. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

41. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

42. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

43. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

44. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

45. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

46. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

47. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

48. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

49. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

50. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

51. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

52. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

53. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

54. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

55. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

56. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

57. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

58. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

## **JURISDICTION AND VENUE**

59. U.S. Bank admits that this action is brought under the patent laws of the United States, Title 35 of the United States Code. U.S. Bank is without knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 59 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 59 of the First Amended Complaint.

60. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 60 of the First Amended Complaint.

61. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 61 of the First Amended Complaint.

62. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank admits that U.S. Bank is an owner or user of Viewpointe Archive Services, LLC. U.S. Bank further denies each and every remaining allegation in paragraph 62 of the First Amended Complaint.

63. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S.

admits that a related litigation involving DataTreasury and Viewpointe Archive Services, LLC is pending in this District, Case No. 2:05-CV-290. U.S. Bank further denies each and every remaining allegation in paragraph 63 of the First Amended Complaint.

64. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank admits that U.S. Bank is an owner or current user of services provided by The Clearing House Payments Company, LLC. U.S. Bank further denies each and every remaining allegation in paragraph 64 of the First Amended Complaint.

65. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 65 of the First Amended Complaint.

**PATENT INFRINGEMENT**

66. U.S. Bank admits that U.S. Patent No. 5,910,988 ("the '988 patent") appears, on its face, to have issued on June 8, 1999 and identifies Claudio Ballard as the named inventor. U.S. Bank denies each and every remaining allegation in paragraph 66 of the First Amended Complaint.

67. U.S. Bank admits that U.S. Patent No. 6,032,137 ("the '137 patent") appears, on its face, to have issued on February 29, 2000 and identifies Claudio Ballard as the named inventor. U.S. Bank denies each and every remaining allegation in paragraph 67 of the First Amended Complaint.

68. U.S. Bank admits that U.S. Patent No. 5,265,007 ("the '007 patent") appears, on its face, to have issued on November 23, 1998 and identifies John L. Barnhard, Jr., Thomas K. Bown, Terry L. Geer, and John W. Liebersbach as the named inventors. U.S. Bank denies each and every remaining allegation in paragraph 68 of the First Amended Complaint.

69. U.S. Bank admits that U.S. Patent No. 5,583,759 ("the '759 patent") appears, on its face, to have issued on December 10, 1996 and identifies Terry L. Geer as the named inventor. U.S. Bank denies each and every remaining allegation in paragraph 69 of the First Amended Complaint.

70. U.S. Bank admits that U.S. Patent No. 5,717,868 ("the '868 patent") appears, on its face, to have issued on February 10, 1998 and identifies David L. James as the named inventor. U.S. Bank denies each and every remaining allegation in paragraph 70 of the First Amended Complaint.

71. U.S. Bank admits that U.S. Patent No. 5,930,778 ("the '778 patent") appears, on its face, to have issued on July 27, 1999 and identifies Terry L. Geer as the named inventor. U.S. Bank denies each and every remaining allegation in paragraph 71 of the First Amended Complaint.

72. U.S. Bank denies the allegation in paragraph 72 of the First Amended Complaint.

**COUNT ONE – THE '988 DEFENDANTS**

73. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 73 of the First Amended Complaint.

74.     U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 74 of the First Amended Complaint.

75.     U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 75 of the First Amended Complaint.

76.     U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

## COUNT TWO – THE '137 DEFENDANTS

77.     U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 77 of the First Amended Complaint.

78.     U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 78 of the First Amended Complaint.

WASH_1778849.1

79. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 79 of the First Amended Complaint.

80. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

## **COUNT THREE – THE '007 DEFENDANTS**

81. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 81 of the First Amended Complaint.

82. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 82 of the First Amended Complaint.

83. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 83 of the First Amended Complaint.

## COUNT FOUR – THE '759 DEFENDANTS

84. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 84 - 86 of the First Amended Complaint and, accordingly, denies the allegations in those paragraphs.

## COUNT FIVE – THE '868 DEFENDANTS

85. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 87 of the First Amended Complaint.

86. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 88 of the First Amended Complaint.

87. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the First Amended Complaint with respect to each defendant other than U.S. Bank and, accordingly, denies the allegations in this paragraph. U.S. Bank further denies each and every remaining allegation in paragraph 89 of the First Amended Complaint.

## COUNT SIX – THE '778 DEFENDANTS

88. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 90 – 92 of the First Amended Complaint and, accordingly, denies the allegations in those paragraphs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

1. U.S. Bank does not directly infringe, contributorily infringe, or induce infringement of any valid and enforceable claim of the '988, '137, '007 or '868 patent, either literally or by the application of the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (INVALIDITY)

2. The asserted claims of the '988, '137, '007 and '868 patent are invalid and/or unenforceable on the grounds that the purported invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

3. To the extent DataTreasury seeks recovery for any alleged infringement committed more than six years prior to the filing of the complaint, such recovery is barred by 35 U.S.C. § 286.

### FOURTH AFFIRMATIVE DEFENSE
### (NOTICE REQUIREMENT)

4. To the extent DataTeasury seeks damages for any alleged infringement committed by U.S. Bank, such claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

### FIFTH AFFIRMATIVE DEFENSE
### (LACK OF PERSONAL JURISDICTION)

5. The Eastern District of Texas lacks personal jurisdiction over U.S. Bank.

16

## SIXTH AFFIRMATIVE DEFENSE
## (IMPROPER VENUE)

6.    Venue is not proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1400 and 28 U.S.C. § 1391(c) because U.S. Bank does not maintain any contacts within this district.

## SEVENTH AFFIRMATIVE DEFENSE
## (LACHES)

7.    The relief sought by DataTreasury is barred in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
## (NO ALTER EGO LIABILITY)

8.    U.S. Bank is not the alter ego of Viewpointe Archive Services, LLC, Small Value Payments Company, LLC and/or The Clearing House Payments Company, LLC and, accordingly, is not responsible for their actions.

## NINTH AFFIRMATIVE DEFENSE
## (LICENSE)

9.    On information and belief, U.S. Bank holds actual and/or implied licenses to the '988, '137, '007 and/or '868 patents.

## COUNTERCLAIMS

U.S. Bank allege as its Counterclaims as follows:

1.    Counterclaim Plaintiff U.S. Bancorp is a Delaware corporation and has a place of business at 800 Nicollet Mall, Minneapolis, Minnesota 55402-7014.

2.    Counterclaim Plaintiff U.S. Bank National Association is a wholly owned subsidiary of defendant U.S. Bancorp and has a place of business at 425 Walnut Street, Cincinnati, Ohio 45202.

3. This Court has jurisdiction over the subject matter of this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

5. In its First Amended Complaint for Patent Infringement, Plaintiff DataTreasury Corporation ("DataTreasury") alleges that it is the owner of the right, title and interest to the '988, '137, '007, '759, '868 and '778 patents. DataTreasury further alleges that U.S. Bank has infringed the '988, '137, '007 and '868 patents.

6. An actual controversy exists between DataTreasury and U.S. Bank by virtue of the allegations in Plaintiff's Complaint in this action.

7. The asserted claims of the '988, '137, '007, and '868 patents are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

8. U.S. Bank has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '988, '137, '007 or '868 patents.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaim Plaintiff prays for:

A. A judgment declaring each asserted claim of the '988, '137, '007 and '868 patents invalid.

B. A judgment declaring that U.S. Bank has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '148, '336 and '584 patents.

C. A judgment deeming this to be an exceptional case under 35 U.S.C. § 285 and awarding U.S. Bank their attorney fees, expenses and costs in this action.

D. Such other and further relief as the Court deems just and proper.

Dated: February 12, 2007

Respectfully submitted,

  /s/  Anthony H. Son
Melvin R. Wilcox, III
mrw@smeadlaw.com
Smead, Anderson & Dunn LLP
2110 Horseshoe Ln
PO Box 3343
Longview, Texas 75606
Telephone:  (903) 232-1892
Facsimile:  (903) 232-1881

*Of Counsel:*
John J. Feldhaus
jfeldhaus@foley.com
Anthony H. Son
ason@foley.com
FOLEY & LARDNER LLP
3000 K Street, N.W.
Washington, D.C. 20007
Ph: (202) 672-5300

*Counsel for Defendants U.S. Bancorp, U.S. Bank National Association*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 12, 2007, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing instrument via the Court's CM/ECF filing system per Local Rule CV-5(a)(3).

                                                      /s/ Anthony H. Son
                                                Anthony H. Son

WASH_1778849.1