UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATA TREASURY CORPORATION, | |
| Plaintiff, | |
| v. | Civil Action No. 2:06-CV-72-DF |
| WELLS FARGO & COMPANY; WELLS FARGO BANK, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION; BANK OF AMERICA NATIONAL ASSOCIATION; U.S. BANCORP; U.S. BANK, NATIONAL ASSOCATION; WACHOVIA CORPORATION; WACHOVIA BANK, NATIONAL ASSOCIATION; SUNTRUST BANKS, INC.; SUNTRUST BANK; BB&T CORPORATION ; BRANCH BANKING AND TRUST COMPANY; BANCORPSOUTH, INC.; BANCORPSOUTH BANK; COMPASS BANCSHARES, INC.; COMPASS BANK; CULLEN/FORST BANKDERS, INC.; THE FROST NATIONAL BANK; FIRST HORIZON NATIONAL  CORPORATION; FIRST TENNEESSEE BANK, NATIONAL ASSOCIATION, HSBC NORTH AMERICA HOLDINGS INC.; HSBC BANK USA, N.A.; HARRIS BANKCORP, INC.; HARRIS N.A.; NATIONAL CITY CORPORATION; NATIONAL CITY CORPORATION; NATIONAL CITY BANK; ZIONS BANCORPORATION; ZIONS FIRST NATIONAL BANK; BANK OF NEW YORK CO. INC.; THE BANK OF NEW YORK CO., INC.; THE BANK OF NEW YORK; UNIONBANCAL CORPORAITON; UNION BANK OF CALIFORNIA, NATIONAL ASSOCIATION; BANK OF TOKYO-MITSUBISHI UFJ, LTD.; CITIZENS FINANCIAL GROUP, INC. CITY NATIONAL CORPORATION; CITY | JURY TRIAL DEMANDED |

US2000 9685580.2 57308-330956

NATIONAL BANK; COMERICA
INCORPORATED; COMERICA BANK &
TRUST, NATIONAL ASSOCIATION;
DEUTSCHE BANK TRUST COMPNAY
AMERICAS; FIRST CITIZENS
BANCSHARES, INC.; FIRST CITIZENS
BANKD & TRUST COMPANY; KEYCORP;
KEYBANK NATIONAL ASSOCATION;
LASALLE BANK CORPORATION;
LASALLE BANK NA; M&T BANK; THE
PNC FININICAL SERVICES GROUP, INC.;
PNS BANK, NATIONAL ASSOCIATION
UBS AMERICAS, INC.; SMALL VALUE
PAYMENTS COMPANY, LLC; THE
CLEARING HOUSE PAYMENTS
COMPANY, LLC; MAGTEK, INC.; FIRST
DATA CORPORATION; TELECHECK
SERVICES, INC. AND REMITCO, LLC

              Defendants

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM
## OF DEFENDANTS COMERICA INCORPORATED AND
## COMERICA BANK AND TRUST, NATIONAL ASSOCIATION

Defendants Comerica Incorporated and Comerica Bank and Trust, National Association

("Comerica Bank & Trust, N.A.") (collectively "Comerica"), pursuant to Federal Rules of Civil

Procedure 7, 8, 12, and 13, file their Answer and Affirmative Defenses, as follows, and

Comerica Bank & Trust, N.A. files its Counterclaim to the First Amended Complaint of Plaintiff

DataTreasury Corporation ("DataTreasury"), as follows:

## ANSWER

### I.      THE PARTIES

1.

Comerica  is without knowledge or information sufficient to enable it to admit or deny

the allegations contained in Paragraph 1 of DataTreasury's First Amended Complaint.

US2000 9685580.2 57308-330956

2.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 2 of DataTreasury's First Amended Complaint.

3.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 3 of DataTreasury's First Amended Complaint.

4.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 4 of DataTreasury's First Amended Complaint.

5.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 5 of DataTreasury's Complaint.

6.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 6 of DataTreasury's First Amended Complaint.

7.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 7 of DataTreasury's First Amended Complaint.

8.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 8 of DataTreasury's First Amended Complaint.

9.

US2000 9685580.2 57308-330956

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 9 of DataTreasury's First Amended Complaint.

10.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 10 of DataTreasury's First Amended Complaint.

11.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 11 of DataTreasury's First Amended Complaint.

12.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 12 of DataTreasury's First Amended Complaint.

13.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 13 of DataTreasury's First Amended Complaint.

14.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 14 of DataTreasury's First Amended Complaint.

15.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 15 of DataTreasury's First Amended Complaint.

16.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 16 of DataTreasury's First Amended Complaint.

US2000 9685580.2 57308-330956

17.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 17 of DataTreasury's First Amended Complaint.

18.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 18 of DataTreasury's First Amended Complaint.

19.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 19 of DataTreasury's First Amended Complaint.

20.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 20 of DataTreasury's First Amended Complaint.

21.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 21 of DataTreasury's First Amended Complaint.

22.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 22 of DataTreasury's First Amended Complaint.

23.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 23 of DataTreasury's First Amended Complaint.

24.

US2000 9685580.2 57308-330956

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 24 of DataTreasury's First Amended Complaint.

25.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 25 of DataTreasury's Complaint.

26.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 26 of DataTreasury's First Amended Complaint.

27.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 27 of DataTreasury's First Amended Complaint.

28.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 28 of DataTreasury's First Amended Complaint.

29.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 29 of DataTreasury's First Amended Complaint.

30.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 30 of DataTreasury's First Amended Complaint.

31.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 31 of DataTreasury's First Amended Complaint.

US2000 9685580.2 57308-330956

32.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 32 of DataTreasury's First Amended Complaint.

33.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 33 of DataTreasury's First Amended Complaint.

34.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 34 of DataTreasury's First Amended Complaint.

35.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 35 of DataTreasury's First Amended Complaint.

36.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 36 of DataTreasury's First Amended Complaint.

37.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 37 of DataTreasury's First Amended Complaint.

38.

Comerica admits that Defendant Comerica Incorporated is a Delaware corporation that maintains its principal place of business at Comerica Tower at One Detroit Center, 500 Woodward Avenue, Detroit, Michigan 48226. Comerica further admits that Comerica Incorporated can be served with process through its registered agent, C.T. Corporation System.

Comerica denies the remaining allegations contained in Paragraph 38 of DataTreasury's First Amended Complaint.

39.

Comerica admits that Defendant Comerica Bank & Trust, N.A. is a national banking association authorized to do business under the laws of the United States. Comerica further admits that Comerica Bank & Trust, N.A. transacts business in Texas and that Comerica Bank & Trust, N.A. can be served with process through its Chairman and Chief Executive Officer, Ralph W. Babb, Jr. Comerica denies the remaining allegations contained in Paragraph 39 of DataTreasury's First Amended Complaint.

40.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 40 of DataTreasury's First Amended Complaint.

41.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 41 of DataTreasury's First Amended Complaint.

42.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 42 of DataTreasury's First Amended Complaint.

43.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 43 of DataTreasury's First Amended Complaint.

44.

US2000 9685580.2 57308-330956

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 44 of DataTreasury's First Amended Complaint.

45.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 45 of DataTreasury's First Amended Complaint.

46.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 46 of DataTreasury's First Amended Complaint.

47.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 47 of DataTreasury's First Amended Complaint.

48.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 48 of DataTreasury's First Amended Complaint.

49.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 49 of DataTreasury's First Amended Complaint.

50.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 50 of DataTreasury's First Amended Complaint.

51.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 51 of DataTreasury's First Amended Complaint.

US2000 9685580.2 57308-330956

52.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 52 of DataTreasury's First Amended Complaint.

53.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 53 of DataTreasury's First Amended Complaint.

54.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 54 of DataTreasury's First Amended Complaint.

55.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 55 of DataTreasury's First Amended Complaint.

56.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 56 of DataTreasury's First Amended Complaint.

57.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 57 of DataTreasury's First Amended Complaint.

58.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 58 of DataTreasury's First Amended Complaint.

## II.    JURISDICTION AND VENUE

59.

Comerica admits that DataTreasury's First Amended Complaint alleges patent infringement under the laws relating to patents of the United States (35 U.S.C. §§ 271, 281-85) and that this Court has jurisdiction over the subject matter of this case, but denies that Comerica is infringing or has infringed any DataTreasury patent and otherwise denies the remaining allegations of Paragraph 59 of DataTreasury's First Amended Complaint.

60.

Comerica denies that personal jurisdiction exists pursuant to 28 U.S.C. § 1391, which concerns venue, over Comerica Incorporated and Comerica Bank & Trust, N.A. Comerica denies that Comerica Incorporated and Comerica Bank & Trust, N.A. have committed acts of patent infringement, either directly or indirectly (by contributory infringement or inducement of infringement), in the State of Texas or in the Eastern District of Texas. Any remaining allegations against Comerica are denied. As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 60 of DataTreasury's First Amended Complaint.

61.

Comerica admits that venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b) & (c), and 1400(b). Comerica denies that venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(d), which provides venue rules for aliens. Comerica further denies that venue is proper in the Eastern District of Texas due to any other litigation. Comerica further denies that Comerica Incorporated and Comerica Bank & Trust, N.A. have committed any infringing activities. Any remaining allegations against Comerica are denied. As to allegations regarding the remaining Defendants, Comerica is without knowledge

- 11 -

or information sufficient to enable it to admit or deny those allegations contained in Paragraph 61 of DataTreasury's First Amended Complaint.

62.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 62 of DataTreasury's First Amended Complaint.

63.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 63 of DataTreasury's First Amended Complaint.

64.

Comerica denies that Comerica Incorporated and Comerica Bank & Trust, N.A. are current users or owners of Small Value Payments Company, LLC. Comerica Incorporated admits that it is a current owner of The Clearing House Payments Company, LLC. Any remaining allegations against Comerica are denied. As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 64 of DataTreasury's First Amended Complaint.

65.

Comerica denies the allegations contained in Paragraph 65 of DataTreasury's First Amended Complaint.

## III.    PATENT INFRINGEMENT

66.

Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '988 Patent for Comerica. Accordingly, Comerica will answer the allegations in Paragraph 66 at the appropriate time if and when the Court lifts the stay.

US2000 9685580.2 57308-330956

67.

Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '137 Patent for Comerica. Accordingly, Comerica will answer the allegations in Paragraph 67 at the appropriate time if and when the Court lifts the stay.

68.

Comerica admits that John L. Barnhard, Jr., Thomas K. Bowen, Terry L. Geer, and John W. Liebersbach are listed as the named inventors on the '007 Patent and that the '007 Patent was issued on November 23, 1993, but denies that Comerica is infringing or has infringed the '007 Patent, and denies the validity of the '007 Patent. Comerica is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 68 of DataTreasury's First Amended Complaint.

69.

Comerica admits that Terry L. Geer is listed as the named inventor on the '759 Patent and that the '759 Patent was issued on December 10, 1996, but denies that Comerica is infringing or has infringed the '759 Patent, and denies the validity of the '759 Patent. Comerica is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 69 of DataTreasury's First Amended Complaint.

70.

Comerica admits that David L. James is listed as the named inventor on the '868 Patent and that the '868 Patent was issued on February 10, 1998, but denies that Comerica is infringing or has infringed the '868 Patent, and denies the validity of the '868 Patent. Comerica is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 70 of DataTreasury's First Amended Complaint.

71.

Comerica admits that Terry L. Geer is listed as the named inventor on the '778 Patent and that the '778 Patent was issued on July 27, 1999, but denies that Comerica is infringing or has infringed the '778 Patent, and denies the validity of the '778 Patent. Comerica is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 71 of DataTreasury's First Amended Complaint.

72.

Comerica denies the allegations contained in Paragraph 72 of DataTreasury's First Amended Complaint.

## IV.     COUNT ONE—THE '988 DEFENDANTS

73.

Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '988 Patent for Comerica. Accordingly, Comerica will answer the allegations in Paragraph 73 at the appropriate time if and when the Court lifts the stay. As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 73 of DataTreasury's First Amended Complaint.

74.

Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '988 Patent for Comerica. Accordingly, Comerica will answer the allegations in Paragraph 74 at the appropriate time if and when the Court lifts the stay. As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to

- 14 -

enable it to admit or deny those allegations contained in Paragraph 74 of DataTreasury's First Amended Complaint.

75.

Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '988 Patent for Comerica.  Accordingly, Comerica will answer the allegations in Paragraph 75 at the appropriate time if and when the Court lifts the stay.  As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 75 of DataTreasury's First Amended Complaint.

76.

Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '988 Patent for Comerica.  Accordingly, Comerica will answer the allegations in Paragraph 76 at the appropriate time if and when the Court lifts the stay.  As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 76 of DataTreasury's First Amended Complaint.

**V.     COUNT TWO—THE '137 DEFENDANTS**

77.

Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '137 Patent for Comerica.  Accordingly, Comerica will answer the allegations in Paragraph 77 at the appropriate time if and when the Court lifts the stay.  As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to

- 15 -

enable it to admit or deny those allegations contained in Paragraph 77 of DataTreasury's First Amended Complaint.

78.

Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '137 Patent for Comerica. Accordingly, Comerica will answer the allegations in Paragraph 78 at the appropriate time if and when the Court lifts the stay. As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 78 of DataTreasury's First Amended Complaint.

79.

Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '137 Patent for Comerica. Accordingly, Comerica will answer the allegations in Paragraph 79 at the appropriate time if and when the Court lifts the stay. As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 79 of DataTreasury's First Amended Complaint.

80.

Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '137 Patent for Comerica. Accordingly, Comerica will answer the allegations in Paragraph 80 at the appropriate time if and when the Court lifts the stay. As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 80 of DataTreasury's First Amended Complaint.

- 16 -

## VI.    COUNT THREE—THE '007 DEFENDANTS

### 81.

Comerica denies the allegations against Comerica Incorporated and Comerica Bank & Trust, N.A. contained in Paragraph 81 of DataTreasury's First Amended Complaint.  As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 81 of DataTreasury's First Amended Complaint.

### 82.

Comerica denies the allegations against Comerica Incorporated and Comerica Bank & Trust, N.A. contained in Paragraph 82 of DataTreasury's First Amended Complaint.  As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 82 of DataTreasury's First Amended Complaint.

### 83.

Comerica denies the allegations against Comerica Incorporated and Comerica Bank & Trust, N.A. contained in Paragraph 83 of DataTreasury's First Amended Complaint.  As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 83 of DataTreasury's First Amended Complaint.

## VII.    COUNT FOUR—THE '759 DEFENDANTS

### 84.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 84 of DataTreasury's First Amended Complaint.

US2000 9685580.2 57308-330956

85.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 85 of DataTreasury's First Amended Complaint.

86.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 86 of DataTreasury's First Amended Complaint.

## VIII.   COUNT FIVE—THE '868 DEFENDANTS

87.

Comerica denies the allegations against Comerica Incorporated and Comerica Bank & Trust, N.A. contained in Paragraph 87 of DataTreasury's First Amended Complaint.  As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 87 of DataTreasury's First Amended Complaint.

88.

Comerica denies the allegations against Comerica Incorporated and Comerica Bank & Trust, N.A. contained in Paragraph 88 of DataTreasury's First Amended Complaint.  As to allegations regarding the remaining Defendants, Comerica is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 88 of DataTreasury's First Amended Complaint.

89.

Comerica denies the allegations against Comerica Incorporated and Comerica Bank & Trust, N.A. contained in Paragraph 89 of DataTreasury's First Amended Complaint.  As to allegations regarding the remaining Defendants, Comerica is without knowledge or information

US2000 9685580.2 57308-330956

sufficient to enable it to admit or deny those allegations contained in Paragraph 89 of DataTreasury's First Amended Complaint.

## IX.    COUNT SIX—THE '778 DEFENDANTS

### 90.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 90 of DataTreasury's First Amended Complaint.

### 91.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 91 of DataTreasury's First Amended Complaint.

### 92.

Comerica is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 92 of DataTreasury's First Amended Complaint.

Comerica denies any express or implied allegations of DataTreasury's First Amended Complaint not otherwise responded to, and denies that DataTreasury is entitled to any relief.

## AFFIRMATIVE DEFENSES[1]

### FIRST AFFIRMATIVE DEFENSE

DataTreasury has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Comerica has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '007 Patent.

---

[1] Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '988 and '137 Patents for Comerica. Accordingly, Comerica will assert any affirmative defenses related to the '988 and '137 Patents at the appropriate time if and when the Court lifts the stay.

US2000 9685580.2 57308-330956

### THIRD AFFIRMATIVE DEFENSE

Comerica has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '868 Patent.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims of the '007 Patent are invalid under one or more provisions of Title 35, United States Code, including, but not limited to sections 102, 103, and 112 of Title 35.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims of the '868 Patent are invalid under one or more provisions of Title 35, United States Code, including, but not limited to sections 102, 103, and 112 of Title 35.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred by the equitable doctrines of waiver, acquiescence, laches, or unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

DataTreasury is estopped from asserting the '007 Patent against Comerica by virtue of its assertion of the '007 Patent against Comerica without a well-founded, good-faith belief that Comerica infringed the '007 Patent.

### EIGHTH AFFIRMATIVE DEFENSE

DataTreasury is estopped from asserting the '868 Patent against Comerica by virtue of its assertion of the '868 Patent against Comerica without a well-founded, good-faith belief that Comerica infringed the '868 Patent.

### NINTH AFFIRMATIVE DEFENSE

US2000 9685580.2 57308-330956

DataTreasury is estopped by virtue of prior art or due to conduct and representations during the prosecution of the '007 Patent from asserting infringement by Comerica.

## TENTH AFFIRMATIVE DEFENSE

DataTreasury is estopped by virtue of prior art or due to conduct and representations during the prosecution of the '868 Patent from asserting infringement by Comerica.

## ELEVENTH AFFIRMATIVE DEFENSE

Comerica enjoys an actual or implied license to the '868 Patent.

## TWELFTH AFFIRMATIVE DEFENSE

Comerica enjoys an actual or implied license to the '007 Patent.

## COUNTERCLAIM[2]

Counterclaim Plaintiff Comerica Bank & Trust, N.A. asserts the following Counterclaim against DataTreasury.

### 1.

Comerica Bank & Trust, N.A. seeks a declaration by this Court that the '988, '137, '007, and '868 Patents have not been infringed by Comerica Bank & Trust, N.A.

### 2.

Comerica Bank & Trust, N.A. seeks a declaration by this Court that the '988, '137, '007, and '868 Patents are invalid.

## JURISDICTION AND VENUE

### 3.

---

[2] Pursuant to the order issued by the Court on January 12, 2007, this case has been stayed with respect to the '988 and '137 Patents for Comerica.  Accordingly, Comerica will assert any counterclaims related to the '988 and '137 Patents at the appropriate time if and when the Court lifts the stay.

- 21 -

This is an action for declaratory judgment under 28 U.S.C. § 2201 *et seq*.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.

This counterclaim arises under the patent laws of the United States.  Therefore, venue is proper in this judicial district under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

**PARTIES**

5.

Comerica Bank & Trust, N.A. is a national banking association authorized to do business under the laws of the United States.  On information and belief, DataTreasury is a Delaware corporation with its principal place of business at 101 East Park Boulevard, #600; Plano, Texas 75074.

**COUNT I**
(Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

6.

DataTreasury has alleged in this action that Comerica Bank & Trust, N.A. has infringed, contributed to the infringement of, or induced others to infringe the '007 Patent.  Comerica Bank & Trust, N.A. denies that it has infringed, contributed to the infringement, or induced others to infringe the '007 Patent.

7.

There accordingly is an actual, immediate, and justiciable controversy between the parties.

8.

Comerica Bank & Trust, N.A. is entitled to a declaration by this Court that Comerica Bank & Trust, N.A. has not infringed and is not infringing, has not induced and is not inducing

- 22 -

others to infringe, and has not contributed and is not contributing to the infringement of the '007 Patent.

9.

Comerica Bank & Trust, N.A. is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II
### (Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

10.

DataTreasury has alleged in this action that Comerica Bank & Trust, N.A. has infringed, contributed to the infringement of, or induced others to infringe the '868 Patent. Comerica Bank & Trust, N.A. denies that it has infringed, contributed to the infringement, or induced others to infringe the '868 Patent.

11.

There accordingly is an actual, immediate, and justiciable controversy between the parties.

12.

Comerica Bank & Trust, N.A. is entitled to a declaration by this Court that Comerica Bank & Trust, N.A. has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '868 Patent.

13.

Comerica Bank & Trust, N.A. is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT III

- 23 -

(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

14.

DataTreasury has alleged in this action that Comerica Bank & Trust, N.A. has infringed, contributed to the infringement of, or induced others to infringe the '007 Patent. However, some or all of the claims of the '007 Patent are invalid.

15.

There accordingly is an actual, immediate, and justiciable controversy between the parties.

16.

Comerica Bank & Trust, N.A. is entitled to a declaration by the Court rendering some or all of the claims of the '007 Patent invalid.

17.

Comerica Bank & Trust, N.A. is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**COUNT IV**
(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

18.

DataTreasury has alleged in this action that Comerica Bank & Trust, N.A. has infringed, contributed to the infringement of, or induced others to infringe the '868 Patent. However, some or all of the claims of the '868 Patent are invalid.

19.

There accordingly is an actual, immediate, and justiciable controversy between the parties.

20.

US2000 9685580.2 57308-330956

Comerica Bank & Trust, N.A. is entitled to a declaration by the Court rendering some or all of the claims of the '868 Patent invalid.

21.

Comerica Bank & Trust, N.A. is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

Wherefore, Comerica respectfully prays that the Court enter judgment:

1.    Adjudging and declaring that Comerica has not infringed and is not infringing the '007 Patent;

2.    Adjudging and declaring that Comerica has not infringed and is not infringing the '868 Patent;

3.    Adjudging and declaring that the '007 Patent is invalid and/or unenforceable;

4.    Adjudging and declaring that the '868 Patent is invalid and/or unenforceable;

5.    Dismissing DataTreasury's First Amended Complaint and entering judgment for Comerica;

6.    Awarding Comerica its costs, including attorney's fees, in defending this action; and

7.    Awarding Comerica such other relief as the Court deems just and proper.

Comerica Bank & Trust, N.A. further prays that the Court enter judgment:

8.    Declaring that Comerica Bank & Trust, N.A. has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '007 Patent, as requested by Count III of this Counterclaim;

- 25 -

9.    Declaring that Comerica Bank & Trust, N.A. has not infringed and is not infringing, has not induced and is not inducing others to infringe, and has not contributed and is not contributing to the infringement of the '868 Patent, as requested by Count IV of this Counterclaim;

10.    Declaring the '007 Patent invalid, as requested by Count VII of this Counterclaim;

11.    Declaring the '868 Patent invalid, as requested by Count VIII of this Counterclaim;

12.    Awarding Comerica Bank & Trust, N.A. its costs, including attorney's fees, in connection with this Counterclaim; and

13.    Awarding Comerica Bank & Trust, N.A. such other relief as the Court deems just and proper.

**Comerica demands a trial by jury.**

Respectfully submitted this 12th day of February, 2007.

/s/ Audra A. Dial
William H. Boice
Steven Gardner
E. Danielle Thompson Williams
Audra A. Dial
Bret T. Winterle

KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Fax: (404) 815-6555

1001 West 4th Street

- 26 -

Winston-Salem, NC 27104
Telephone: (336) 607-7300
Fax: (336) 607-7500


Damon Young
YOUNG, PICKETT & LEE
4122 Texas Boulevard
P. O. Box 1897
Texarkana, TX 75504

Attorneys for Defendants COMERICA
INCORPORATED AND COMERICA BANK
AND TRUST, NATIONAL ASSOCIATION

- 27 -

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the above and foregoing document has been served, via **CM/ECF**, upon all counsel of record as identified below on February 12, 2007.

Edward L. Hohn, Esq.                        edhohn@nixlawfirm.com
Edward K. Chin, Esq.                        edchin@nixlawfirm.com
Nix Patterson & Roach, L.L.P.
5215 N. O'Connor Blvd.
Suite 1900
Irving, TX 75039

Harold Wayne Nix                            haroldnix@nixlawfirm.com
Nix Patterson & Roach, L.L.P.
205 Linda Drive
Daingerfield, TX 75638

Louis Brady Paddock, Esq.                   bpaddock@nixlawfirm.com
Anthony Bruster, Esq.                       akbruster@nixlawfirm.com
Richard B. King, Esq.                       benking@nixlawfirm.com
Charles Cary Patterson, Esq.                ccp@nixlawfirm.com
Nix Patterson & Roach, L.L.P.
2900 St. Michael Dr., 5th Floor
Texarkana, TX 75503

Rod A. Cooper, JD, MA                       rcooper@cooperiplaw.com
The Cooper Law Firm
5215 N. O'Connor Blvd.
Suite 1900
Irving, TX 75039

Eric M. Albritton, Esq.                     ema@emafirm.com
Albritton Law Firm
109 W. Tyler
Longview, TX 75601

Joe Kendall, Esq.                           jkendall@provostumphrey.com
Karl Rupp, Esq.                             krupp@provostumphrey.com
Provost Umphrey Law Firm, L.L.P.
3232 McKinney Avenue, Suite 700
Dallas, TX 75204

US2000 9685580.2 57308-330956

T. John Ward Jr.                                    jw@jwfirm.com
Law Office of T. John Ward, Jr. P.C.
109 W. Tyler
Longview, TX 75601


                                    /s/ Audra A. Dial
                                    Audra A. Dial