**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **DATATREASURY CORPORATION,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2-06CV-72 |
| | ) | |
| v. | ) | |
| | ) | |
| **WELLS FARGO & COMPANY, WELLS FARGO BANK, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; U.S. BANCORP; U.S. BANK, NATIONAL ASSOCIATION; WACHOVIA BANK, NATIONAL ASSOCIATION; SUNTRUST BANKS, INC.; SUNTRUST BANK; BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY; BANCORPSOUTH, INC. BANCORPSOUTH BANK, COMPASS BANCSHARES, INC.; COMPASS BANK; CULLEN/FROST BANKERS, INC.; THE FROST NATIONAL BANK; FIRST HORIZON NATIONAL CORPORATION; FIRST TENNESSEE BANK, NATIONAL ASSOCIATION; HSBC NORTH AMERICA HOLDINGS INC.; HSBC BANK USA, N.A.; HARRIS BANKCORP, INC.; HARRIS N.A.; NATIONAL CITY CORPORATION; NATIONAL CITY BANK; ZIONS BANCORPORATION; ZIONS FIRST NATIONAL BANK; BANK OF NEW YORK CO., INC.; THE BANK OF NEW YORK; UNIONBANCAL CORPORATION; UNION BANK OF CALIFORNIA, NATIONAL ASSOCIATION; BANK OF TOKYO-MITSUBISHI UFJ, LTD.; CITIZENS FINANCIAL GROUP, INC.; CITY NATIONAL BANK; COMERICA INCORPORATED; COMERICA BANK** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

500079690v4

| | |
|---|---|
| & TRUST, NATIONAL ASSOCIATION | ) |
| DEUTSCHE BANK TRUST COMPANY | ) |
| AMERICAS; FIRST CITIZENS | ) |
| BANCSHARES, INC.; FIRST CITIZENS | ) |
| BANK & TRUST COMPANY; | ) |
| KEYCORP; KEY BANK NATIONAL | ) |
| ASSOCIATION; LASALLE BANK | ) |
| CORPORATION; LASALLE BANK NA; | ) |
| M&T BANK CORPORATION; M&T | ) |
| BANK; THE PNC FINANCIAL | ) |
| SERVICES GROUP, INC.; PNC BANK, | ) |
| NATIONAL ASSOCIATION; UBS | ) |
| AMERICAS, INC.; SMALL VALUE | ) |
| PAYMENTS COMPANY, LLC; THE | ) |
| CLEARING HOUSE PAYMENTS | ) |
| COMPANY, LLC; MAGTEK, INC.; | ) |
| FIRST DATA CORPORATION; | ) |
| TELECHEK SERVICES, INC.; | ) |
| REMITCO, LLC and ELECTRONIC | ) |
| DATA SYSTEMS CORP. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ANSWER OF UNION BANK OF CALIFORNIA, NATIONAL ASSOCIATION

Defendant Union Bank of California, N.A. ("UBOC") answers the numbered paragraphs of Plaintiff DataTreasury Corporation's ("DataTreasury") First Amended Complaint for Patent Infringement ("Complaint") and as its affirmative defenses and counterclaims states as follows:[1]

### I. THE PARTIES

1.     UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of DataTreasury's Complaint and, therefore, denies same.

---

[1] On January 19, 2007, UBOC agreed to a Court-ordered Stay of all claims related to U.S. Patent Nos. 5,910,988 and 6,032,137 (collectively, the "Ballard patents"). Accordingly, UBOC is not responding to any Ballard patent related allegations in DataTreasury's Complaint. For the same reason, UBOC is not asserting any affirmative defenses and/or counterclaims related to the Ballard patents at this time. Should the Stay on the Ballard patent related claims be lifted, UBOC reserves the right to supplement and/or amend its Answer, including the addition of affirmative defenses and/or counterclaims related to the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

2. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2 of DataTreasury's Complaint and, therefore, denies same.

3. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3 of DataTreasury's Complaint and, therefore, denies same.

4. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4 of DataTreasury's Complaint and, therefore, denies same.

5. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 of DataTreasury's Complaint and, therefore, denies same.

6. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of DataTreasury's Complaint and, therefore, denies same.

7. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of DataTreasury's Complaint and, therefore, denies same.

8. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8 of DataTreasury's Complaint and, therefore, denies same.

9. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 of DataTreasury's Complaint and, therefore, denies same.

10. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 of DataTreasury's Complaint and, therefore, denies same.

11. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 of DataTreasury's Complaint and, therefore, denies same.

12. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12 of DataTreasury's Complaint and, therefore, denies same.

13. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13 of DataTreasury's Complaint and, therefore, denies same.

14. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 of DataTreasury's Complaint and, therefore, denies same.

15. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 of DataTreasury's Complaint and, therefore, denies same.

16. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 of DataTreasury's Complaint and, therefore, denies same.

17. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 of DataTreasury's Complaint and, therefore, denies same.

18. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 of DataTreasury's Complaint and, therefore, denies same.

19. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 of DataTreasury's Complaint and, therefore, denies same.

20. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 of DataTreasury's Complaint and, therefore, denies same.

21. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 of DataTreasury's Complaint and, therefore, denies same.

22. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 of DataTreasury's Complaint and, therefore, denies same.

23. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 23 of DataTreasury's Complaint and, therefore, denies same.

24. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 24 of DataTreasury's Complaint and, therefore, denies same.

25. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 of DataTreasury's Complaint and, therefore, denies same.

26. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26 of DataTreasury's Complaint and, therefore, denies same.

27. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 27 of DataTreasury's Complaint and, therefore, denies same.

28. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 28 of DataTreasury's Complaint and, therefore, denies same.

29. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 29 of DataTreasury's Complaint and, therefore, denies same.

30. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 30 of DataTreasury's Complaint and, therefore, denies same.

31. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 31 of DataTreasury's Complaint and, therefore, denies same.

32. UBOC admits that UnionBanCal Corporation is a Delaware corporation and has its principal place of business at 400 California Street, San Francisco, California 94104 and can be served through its Registered Agent for Service. All other factual averments in this paragraph are denied.

33. UBOC admits that it is a wholly-owned banking subsidiary of UnionBanCal Corp. UBOC further admits that UBOC does business in Texas and can be served with process

through its General Counsel, John H. McGuckin, Jr., 400 California Street, San Francisco, California 94104. All other factual averments in this paragraph are denied.

34. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 34 of DataTreasury's Complaint and, therefore, denies same.

35. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 35 of DataTreasury's Complaint and, therefore, denies same.

36. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 36 of DataTreasury's Complaint and, therefore, denies same.

37. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 37 of DataTreasury's Complaint and, therefore, denies same.

38. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 38 of DataTreasury's Complaint and, therefore, denies same.

39. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 39 of DataTreasury's Complaint and, therefore, denies same.

40. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 40 of DataTreasury's Complaint and, therefore, denies same.

41. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 41 of DataTreasury's Complaint and, therefore, denies same.

42. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 42 of DataTreasury's Complaint and, therefore, denies same.

43. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 43 of DataTreasury's Complaint and, therefore, denies same.

44. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 44 of DataTreasury's Complaint and, therefore, denies same.

45. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 45 of DataTreasury's Complaint and, therefore, denies same.

46. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 46 of DataTreasury's Complaint and, therefore, denies same.

47. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 47 of DataTreasury's Complaint and, therefore, denies same.

48. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 48 of DataTreasury's Complaint and, therefore, denies same.

49. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 49 of DataTreasury's Complaint and, therefore, denies same.

50. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 50 of DataTreasury's Complaint and, therefore, denies same.

51. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 51 of DataTreasury's Complaint and, therefore, denies same.

52. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 52 of DataTreasury's Complaint and, therefore, denies same.

53. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 53 of DataTreasury's Complaint and, therefore, denies same.

54. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 54 of DataTreasury's Complaint and, therefore, denies same.

55. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 55 of DataTreasury's Complaint and, therefore, denies same.

56. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 56 of DataTreasury's Complaint and, therefore, denies same.

57. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 57 of DataTreasury's Complaint and, therefore, denies same.

58. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 58 of DataTreasury's Complaint and, therefore, denies same.

## II. JURISDICTION AND VENUE

59. Paragraph 59 is an allegation of subject matter jurisdiction for which no response is required. To the extent this paragraph contains factual averments, they are denied.

60. Paragraph 60 is an allegation of personal jurisdiction for which no response is required. UBOC admits that it conducts business in Texas but not in this district. UBOC denies the remaining averments in paragraph 60 related to UBOC, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 60 of DataTreasury's Complaint and, therefore, denies same.

61. Paragraph 61 of the complaint is an allegation of venue for which no response is required. To the extent paragraph 61 contains factual allegations, they are denied.

62. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 62 of DataTreasury's Complaint and, therefore, denies same.

63. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 63 of DataTreasury's Complaint and, therefore, denies same.

64. UBOC admits that it is a user of certain of the Clearing House Payments Company LLC's services, but denies that it is an owner of the Clearing House Payments

Company LLC. UBOC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 64 of DataTreasury's Complaint and, therefore, denies same.

65. UBOC denies all averments in paragraph 65 related to UBOC, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 65 of DataTreasury's Complaint and, therefore, denies same.

### III. PATENT INFRINGEMENT

66. This Paragraph relates to United States Patent No. 5,910,988, one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBOC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBOC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

67. This Paragraph relates to United States Patent No. 6,032,137, one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBOC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBOC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

68. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 68 of DataTreasury's Complaint and, therefore, denies same and further asserts that United States Patent No. 5,265,007 ("the '007 patent") is the best evidence of its contents.

69. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 69 of DataTreasury's Complaint and, therefore, denies same

and further asserts that United States Patent No. 5,583,759 ("the '759 patent") is the best evidence of its contents.

70. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 70 of DataTreasury's Complaint and, therefore, denies same and further asserts that United States Patent No. 5,717,868 ("the '868 patent") is the best evidence of its contents.

71. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 71 of DataTreasury's Complaint and, therefore, denies same and further asserts that United States Patent No. 5,930,778 ("the '778 patent") is the best evidence of its contents.

72. UBOC denies all averments in paragraph 72 of DataTreasury's Complaint.

### IV. COUNT ONE – THE '988 DEFENDANTS

73. This Paragraph relates to one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBOC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBOC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

74. This Paragraph relates to one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBOC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBOC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

75. This Paragraph relates to one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBOC will not provide an answer to this

Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBOC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

76. This Paragraph relates to one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBOC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBOC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

77. This Paragraph relates to one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBOC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBOC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

78. This Paragraph relates to one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBOC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBOC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

79. This Paragraph relates to one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBOC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBOC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

80. This Paragraph relates to one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBOC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBOC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

### V. COUNT THREE – THE '007 DEFENDANTS

81. UBOC denies all averments in paragraph 81 related to UBOC and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 81 of DataTreasury's Complaint and, therefore, denies same.

82. UBOC denies all averments in paragraph 82 related to UBOC and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 82 of DataTreasury's Complaint and, therefore, denies same.

83. UBOC denies all averments in paragraph 83 related to UBOC and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 83 of DataTreasury's Complaint and, therefore, denies same.

### VI. COUNT FOUR – THE '759 DEFENDANTS

84. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 84 of DataTreasury's Complaint and, therefore, denies same.

85. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 85 of DataTreasury's Complaint and, therefore, denies same.

86. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 86 of DataTreasury's Complaint and, therefore, denies same.

## VII. COUNT FIVE – THE '868 DEFENDANTS

87. UBOC denies all averments in paragraph 87 related to UBOC and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 87 of DataTreasury's Complaint and, therefore, denies same.

88. UBOC denies all averments in paragraph 88 related to UBOC and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 88 of DataTreasury's Complaint and, therefore, denies same.

89. UBOC denies all averments in paragraph 89 related to UBOC and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 89 of DataTreasury's Complaint and, therefore, denies same.

## VIII. COUNT SIX – THE '778 DEFENDANTS

90. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 90 of DataTreasury's Complaint and, therefore, denies same.

91. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 91 of DataTreasury's Complaint and, therefore, denies same.

92. UBOC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 92 of DataTreasury's Complaint and, therefore, denies same.

**WHEREFORE**, UBOC denies that DataTreasury is entitled to any of the relief requested in its Prayer for Relief.

## IX. AFFIRMATIVE DEFENSES

UBOC alleges and asserts the following affirmative defenses in response to the allegations of the Complaint:[2]

### FIRST AFFIRMATIVE DEFENSE

93.     UBOC has not infringed any valid claim of the '007 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

94.     Each claim of the '007 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

95.     Each claim of the '007 patent is unenforceable due to waiver, estoppel, and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

96.     UBOC has not infringed any valid claim of the '868 patent, either literally or under the doctrine of equivalents.

### FIFTH AFFIRMATIVE DEFENSE

97.     Each claim of the '868 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

### SIXTH AFFIRMATIVE DEFENSE

98.     Each claim of the '868 patent is unenforceable due to waiver, estoppel, and/or laches.

---

[2]     As noted above, all proceedings related to the Ballard patents have been stayed.  Accordingly, UBOC does not include any affirmative defenses related to the Ballard patents.  In the event the stay is lifted, UBOC will supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

# X. COUNTER-CLAIMS

Union Bank of California, N.A. ("UBOC"), for its counterclaims against DataTreasury Corporation ("DataTreasury"), avers and states the following:[3]

## **JURISDICTION AND VENUE**

99. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

100. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c).

101. UBOC brings this action pursuant to 35 U.S.C. § 1 *et seq.*, and seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

102. On February 24, 2006, DataTreasury filed this lawsuit, naming UBOC as one of the Defendants.

103. DataTreasury's filing of this suit proves that there is a substantial, actual, and continuing controversy between UBOC and DataTreasury with respect to U.S. Patent Nos. 5,910,988 ("the '988 patent"), 6,032,137 ("the '137 patent"), 5,265,007 ("the '007 patent"), and 5,717,868 ("the '868 patent").

## **THE PARTIES**

104. UBOC is a national banking association with its principal place of business at 400 California Street, San Francisco, California 94104.

105. On information and belief, DataTreasury is a corporation organized and existing under the laws of Delaware, with its principal place of business at 101 East Park Blvd., #600, Plano, Texas, 75074.

---

[3] As noted above, all proceedings related to the Ballard patents have been stayed. Accordingly, UBOC does not include any counterclaims related to the Ballard patents. In the event the stay is lifted, UBOC will supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

106. On information and belief, DataTreasury purports to be the assignee of the '007 patent.

107. On information and belief, DataTreasury purports to be the assignee of the '868 patent.

### COUNTERCLAIM ONE:  INVALIDITY OF THE '007 PATENT

108. UBOC incorporates by reference Paragraphs 1 through 107, above, as though fully set forth herein.

109. The '007 patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 1 *et seq*.

### COUNTERCLAIM TWO:  NON-INFRINGEMENT OF THE '007 PATENT

110. UBOC incorporates by reference Paragraphs 1 through 109, above, as though fully set forth herein.

111. UBOC does not infringe any valid claim of the '007 patent, either literally or under the doctrine of equivalents.

### COUNTERCLAIM THREE:  INVALIDITY OF THE '868 PATENT

112. UBOC incorporates by reference Paragraphs 1 through 111, above, as though fully set forth herein.

113. The '868 patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 1 *et seq*.

### COUNTERCLAIM FOUR:  NON-INFRINGEMENT OF THE '868 PATENT

114. UBOC incorporates by reference Paragraphs 1 through 113, above, as though fully set forth herein.

115.	UBOC does not infringe any valid claim of the '868 patent, either literally or under the doctrine of equivalents.

**WHEREFORE,** Counterclaim Plaintiff UBOC prays for a judgment against Counterclaim Defendant DataTreasury as follows:

(a)	For a declaration that the '007 patent is invalid;

(b)	For a declaration that UBOC has not and does not directly or indirectly infringe the '007 patent, either literally or under the doctrine of equivalents;

(c)	For a declaration that the '868 patent is invalid;

(d)	For a declaration that UBOC has not and does not directly or indirectly infringed the '868 patent, either literally or under the doctrine of equivalents;

(e)	For a ruling that DataTreasury shall be required to pay UBOC's damages incurred as a result of this action, including reasonable attorneys' fees and costs consistent with 35 U.S.C. § 285, because DataTreasury's actions make this an exceptional case; and

(f)	For such other relief as this Court deems just.

## JURY DEMAND

UBOC demands a trial by jury on all issues presented in this Answer and Counterclaims.

Dated: February 12, 2007	Respectfully submitted,

/s/ Raymond L. Sweigart
Raymond L. Sweigart (admitted pro hac vice)
Scott J. Pivnick (admitted pro hac vice)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Blvd.
McLean, VA 22102-4859
T: (703) 770-7900
F: (703) 905-2500
raymond.sweigart@pillsburylaw.com
scott.pivnick@pillsburylaw.com

Jennifer Parker Ainsworth
Texas Bar No. 00784720
WILSON, SHEEHY, KNOWLES, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323
Suite 400
Tyler, Texas 75701
T: (903) 509-5000
F: (903) 509-5092
jainsworth@wilsonlawfirm.com

Richard Hogan
Texas Bar No. 09802010
PILLSBURY WINTHROP SHAW PITTMAN LLP
2 Houston Center
909 Fannin Street 22nd Floor
Houston TX 77010
T: (713) 425-7327
F: (713) 425-7373
richard.hogan@pillsburylaw.com

*Attorneys for Defendant,*
*Union Bank of California, N.A.*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on February 12, 2007 a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

              /s Gerardy Carrenard
              Gerardy Carrenard