IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| *PLAINTIFF* | § | |
| vs. | § | No. 2:06cv72 |
| | § | |
| WELLS FARGO & COMPANY, *et al* | § | JURY TRIAL DEMANDED |
| *DEFENDANTS* | § | |

**PLAINTIFF DATATREASURY CORPORATION'S CONSOLIDATED SUPPLEMENTAL RESPONSE TO DEFENDANTS CITY NATIONAL CORPORATION AND CITY NATIONAL BANK'S (1) MOTION TO DISMISS FOR LACK OF PROPER VENUE, (2) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT; AND (3) DATATREASURY'S SUPPLMENT TO ITS MOTION FOR JURISDICTIONAL DISCOVERY**

Plaintiff DataTreasury Corporation files this its Consolidated Supplemental Response to Defendants City National Corporation and City National Bank's (1) Motion to Dismiss for Lack of Proper Venue, (2) Motion to Dismiss for Failure to State a Claim, or in the Alternative, for More Definite Statement; and (3) DataTreasury's Supplement to its Motion for Jurisdictional Discovery, and would respectfully show this Honorable Court as follows:

## I.   BACKGROUND

In response to a Joint Motion by the parties, this Court entered an Order on February 12, 2007 requiring DataTreasury Corporation ("DataTreasury") and the City National Defendants to supplement their Pleadings referenced above by Friday, February 16, 2007.  There have been multiple developments in this case that should make the Court's ruling on these Motions simple and straightforward.  By way of background, the

Court will recall that the City National Defendants were originally a part of this case, Cause No. 2:06-cv-72. The City National Defendants were then severed out of this Cause No., and a separate action was filed against them as Cause No. 2:06-cv-165. Shortly after that separate action was instituted, the City National Defendants were consolidated back into the 2:06-cv-72 action by Order of the Court dated June 21, 2006.[1]

During the time periods that the City National Defendants were in this Cause No., then under a separate Cause No., and then consolidated back into this Cause No., the City National Defendants filed (1) a Motion to Dismiss DataTreasury's claims due to improper venue (the "Venue Motion"), and (2) a Motion to Dismiss DataTreasury's claims for failure to state a claim upon which relief can be granted, or in the alternative, a Motion for More Definite Statement (the "State Claim Motions"). DataTreasury filed Responses to all of the Motions above, and also filed a Motion to Authorize Jurisdictional Discovery against the City National Defendants in the event the Court was not fully persuaded by DataTreasury's Response to the Motion to Dismiss for Improper Venue. All of these Motions were set for hearing by the Court in January 2007, but the Court agreed to pass these Motions for a month while the parties attempted to work out some of these issues. The February 12 Order to file Supplements to these pleadings followed.

II.   ARGUMENT

A.   **Previous Rulings by the Court on Identical Issues Require the Relief Advocated by DataTreasury on These Motions**

The City National Defendants were not the only Defendants in Cause No. 2:06-cv-72 to file a Venue Motion or a State Claim Motions. Three other Defendants – HSBC

---

[1] Despite this consolidation, there are still currently pleadings being filed in the 2:06-cv-165 case. However, Plaintiff is only filing this Consolidated Response in the 2:06-cv-72 case because it is the appropriate Cause No. to hear these claims post-consolidation.

**Plaintiff's Consolidated Supplements to Responses of**
**Various City National Pleadings**                                                                 **Page 2**

North America Holdings, Inc.; First Citizens Bancshares, Inc.; and UnionBanCal Corp., collectively "venue challenging Defendants" – all filed similar Venue Motions, seeking dismissal of DataTreasury's claims for alleged improper venue. DataTreasury filed Responses to those Motions, asked the Court to deny the Motions, and also filed a Motion for Jurisdictional Discovery against each of those Defendants; this is the exact same course of action DataTreasury took in response to City National's Venue Motion.

On December 8, 2006, Judge Craven deferred ruling on the three venue challenging Defendants' Venue Motions, but granted DataTreasury's Motion for Jurisdictional Discovery against each of those Defendants. *See* Order dated December 8, 2006, Docket No. 394 in Cause No. 2:06-cv-72. For some reason, the City National Defendants' Venue Motion and DataTreasury's Motion for Jurisdictional Discovery against the City National Defendants were not considered by Judge Craven at that time. As the exact same scenario is presented to this Court now with the City National Defendants, DataTreasury would ask the Court to follow Judge Craven's example in dealing with these issues and either (1) deny the Defendants' Venue Motion outright, or (2) grant DataTreasury time and permission for Jurisdictional Discovery in the same fashion as Judge Craven's Order referenced above. DataTreasury will be happy to provide oral argument on these issues should the Court deem it helpful.

Additionally, as to the State Claim Motion filed by the City National Defendants, that Motion was also not filed in isolation. Nearly every one of the fifty-plus Defendants in Cause. No. 2:06-cv-72 filed a State Claim Motion, or joined in a State Claim Motion filed by other Defendants. *See* Docket Nos. 80, 82, 86, 87, 88, 89, 90, 91, 92, 93, 96, 97, and 98. The City National Defendants' State Claim Motion urges the same arguments

that the other Defendants urged in their State Claim Motions about the alleged inadequacy of DataTreasury's Complaint.  After receiving briefing from all parties on this issue, this Court issued an Order on December 27, 2006 denying the State Claim Motions filed or joined in by all the other Defendants in Cause No. 2:06-cv-72; this Order denied the Motions to Dismiss for Failure to State a Claim, and the Alternative Motions for More Definite Statement.  *See* Order dated December 27, 2006, Docket No. 399 in Cause No. 2:06-cv-72.  Again, however, for some reason City National's State Claim Motions were apparently not addressed by the Court in that Order, as the Court subsequently set the City National Defendants' Motion for hearing in January.

Given that the City National Defendants make the same arguments in their State Claim Motions that the other Defendants in this case made, and that the Court has already rejected all of those arguments by its December 27 Order, DataTreasury requests that the Court deny the City National Defendants' State Claim Motions.  DataTreasury does not believe that oral argument is required on this Motion, as the Court's own previous Order has directly addressed this issue.

    **B.**    **The City National Defendants Have Waived Their Right to the Relief They Seek by Their Venue Motion**

In addition to the Court's own instructive rulings on these issues, further conduct by the City National Defendants in this case since the time they filed their Venue Motion results in City National having waived their challenge to this Court as a proper venue.  As the Court will recall, throughout several months in 2006, many of the Defendants in Cause No. 2:06-cv-72 sought a severance and stay of the Ballard patents (the '988 and '137 patents).  Importantly, the City National Defendants joined with the other Defendants in seeking this severance and stay from the Court.  *See* Docket No. 262.

Eventually, the Court offered a stay of proceedings related to the '988 and '137 patents to all Defendants. *See* Docket No. 411, dated January 12, 2007. Like nearly all other Defendants, the City National Defendants accepted that offered stay on January 23, 2007. *See* Docket No. 434 in Cause No. 2:06-cv-72.[2] Thus, the City National Defendants have sought affirmative relief from this Court, been offered that relief, and accepted that relief.

It is well-settled law that a party challenging venue or personal jurisdiction waives his right to those challenges by seeking and accepting affirmative relief from the Court before having those challenges heard. *See Bel-Ray Co. v. Chemrite Ltd.*, 181 F.3d 435, 443 (3rd Cir. 1999) (noting that "in particular, where a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter"), quoting *Adam v. Saenger*, 303 U.S. 59, 82 L. Ed. 649, 58 S. Ct. 454 (1938); *see also Wyrough & Loser, Inc. v. Pelmor Lab., Inc.*, 376 F.2d 543, 547 (3rd Cir. 1967) (holding that even if a defendant challenges personal jurisdiction at the outset of the case, participation in seeking relief from the court before having that challenge heard by the court waived his jurisdiction challenge). That is exactly what has happened in this case – the City National Defendants have waived their jurisdictional challenge by seeking and obtaining relief from the Court before having their challenge heard. For these reasons, the City National Defendants' Venue Motion should be denied in its entirety.

### III.    CONCLUSION AND PRAYER

Based on the foregoing, Plaintiff DataTreasury Corporation respectfully requests that the Court DENY the City National Defendants' Motion to Dismiss For Lack of

---

[2] Despite the fact that it was consolidated into 2:06-cv-72 as described earlier, the City National Defendants also filed a Notice of Acceptance of Stay in Cause No. 2:06-cv-165; see Docket No. 38 under that Cause number.

Proper Venue, as Defendants have waived this challenge. In the alternative, DataTreasury prays that the Court reserve ruling on Defendant's Venue Motion, and allow Plaintiff time to conduct discovery targeted solely at the jurisdictional issues raised by the City National Defendants, as previously authorized by Judge Craven in this case against other Defendants. Finally, DataTreasury prays that the Court deny the City National Defendants' Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement, as the Court has already faced and rejected the exact same arguments made by these Defendants in this same case.

Respectfully submitted,

_____
**ANTHONY BRUSTER**
State Bar No. 24036280
**R. BENJAMIN KING**
State Bar No. 24048592
**C. CARY PATTERSON**
State Bar No. 15587000
**BRADY PADDOCK**
State Bar No. 00791394
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
akbruster@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

**EDWARD CHIN**
State Bar No. 50511688
**ROD COOPER**
State Bar No. 90001628
**EDWARD L. VON HOHN**
Attorney in Charge

State Bar No. 09813240
**NIX  PATTERSON & ROACH, L.L.P.**
Williams Square
5215 North O'Connor Blvd., Suite 1900
Irving, Texas  75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@nixlawfirm.com
rcooper@cooperiplaw.com
edhohn@nixlawfirm.com

**JOE KENDALL**
State Bar No. 11260700
**KARL RUPP**
State Bar No. 24035243
**PROVOST * UMPHREY, L.L.P.**
3232 McKinney Avenue, Ste. 700
Dallas, Texas 75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@provostumphrey.com
krupp@provostumphrey.com

**ERIC M. ALBRITTON**
State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com

**T. JOHN WARD, JR.**
State Bar No. 00794818
**LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231
Longview, Texas 75601
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

*ATTORNEYS FOR PLAINTIFF*
*DATATREASURY CORPORATION*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 16th day of February, 2007 via electronic transmission.

Bank of America - Listserve (BankofAmericaF&R@fr.com)
BB&T ListServe (BB&T_DataTreasury@kilpatrickstockton.com)
Citizens Financial (citizensfinancial@standleyLLP.com)
City National Bank - Listserve (citynationalbank@dmtechlaw.com)
Comerica Bank 007 Listserve (Comerica_DataTreasury@kilpatrickstockton.com)
Compass/First Horizon/TN Bank - Listserve (comfhft@andrewskurth.com)
Cullen/Frost Bank - Listserve (frostbank@dmtechlaw.com)
EDS - Listserve (EDS_DataTreasury@mckoolsmith.com)
UBS – Listserve (ubsamericas@velaw.com)
HSBC North America Holdings, Inc./HSBC Bank USA Listserve (hsbccounsel@blhc-law.com)
BancorpSouth Listserve (bxs@hughesluce.com)
Bank of Tokyo Listserve (BankofTokyo_DataTreasury@sidley.com)
BofNY Listserve (BofNYLitTeam@pillsburylaw.com)
The Clearing House/SVPCo Listserve (TCH_DT@sullcrom.com)
Deutsche Bank Listserve (DeutscheBank_DataTreasury@sidley.com)
First Citizens Listserve (firstcitizens@bakerbotts.com)
First Data Listserve (FirstData_DataTreasury@sidley.com)
Key Bank Listserve (KeyCorp_DataTreasury@mckoolsmith.com)
LaSalle Bank Listserve (LaSalleBank_DataTreasury@sidley.com)
National City Bank Listserve (foley-dtc@foley.com)
Remitco Listserve (Remitco_DataTreasury@sidley.com)
Telecheck Listserve (Telecheck_DataTreasury@sidley.com)
Union BofCA Listserve (ubofclitteam@pillsburylaw.com)
Viewpointe Listserve (Viewpointe_dtc@skadden.com)
Zion First National Bank Listserve (foley-dtc@foley.com)
Harris Bancorp. - Listserve (Harris_DataTreasury@mckoolsmith.com)
M&T 007 Listserve (M&T_DataTreasury@kilpatrickstockton.com)
PNC Bank - Listserve (PNC_DataTreasury@mckoolsmith.com)
Suntrust - Listserve (SunTrust_DataTreasury@mckoolsmith.com)
U.S. Bancorp – Listserve (foley-dtc@foley.com)
Wachovia 007 Listserve (Wachovia_DataTreasury@kilpatrickstockton.com)
Wells Fargo - Listserve (*DalWellsFargo_DTC@BakerNet.com)

_____
**ANTHONY BRUSTER**