IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| *PLAINTIFF* | § | |
| vs. | § | No. 2:06cv72 |
| | § | |
| WELLS FARGO & COMPANY, *et al* | § | JURY TRIAL DEMANDED |
| *DEFENDANTS* | § | |

**DATATREASURY CORPORATION'S MOTION TO COMPEL CERTAIN DOCUMENTS RELATING TO DEFENDANT FIRST CITIZENS BANCSHARES, INC.'S JURISDICTIONAL CHALLENGE**

**I.    INTRODUCTION**

By Order dated December 8, 2006, this Court authorized DataTreasury Corporation ("DataTreasury") to file Amended Responses to various defendants' challenges to this Court's jurisdiction after conducting jurisdictional discovery against those defendants, including First Citizens Bancshares, Inc. ("FCB"). *See* Docket No. 394. In response to that Order, DataTreasury served the defendants with various jurisdictional discovery requests and conducted depositions of each defendant. As a result of the 30(b)(6) deposition of FCB, DataTreasury has learned of a number of documents in FCB's possession that were not produced by FCB but which are responsive to the jurisdictional discovery requests served by DataTreasury. DataTreasury has attempted to confer with FCB regarding the production of these documents, but to no avail. Despite the fact that there remain multiple categories of discoverable documents in defendant's possession, which are highly relevant to the jurisdictional question, DataTreasury has attempted to comply with the Court's order by filing its Amended Response to FCB's 12(b)(2) Motion to Dismiss. These documents should be ordered

produced forthwith to DataTreasury so that it can fully evaluate and brief to the Court the complete basis for the Court's ability to exercise its jurisdiction over FCB.

## II.  ARGUMENT

DataTreasury seeks production of the following documents known to exist as a result of the 30(b)(6) deposition it conducted on the jurisdictional issues:

(1) all documents related to the management fee that First Citizens Bancshares, Inc. ("Bancshares") pays every month to First Citizens Bank & Trust ("FCB&T") for services that FCB&T employees perform for Bancshares, included the most recent schedule reflecting same that Mr. Gray created;
(2) all documents reflecting the flow of funds between FCB&T and Bancshares, including all documents reflecting dividend payments, shared expenses, and other financial documents;
(3) all insurance applications signed by officers or directors of Bancshares, or that reference Bancshares and its subsidiaries in any way;
(4) all insurance policies that have been issued to Bancshares but that also provide coverage for Bancshares' subsidiaries, including FCB&T;
(5) all documents related to Bancshares payments made to FCB&T for FCB&T's performance of services related to dealing with investor and stock issues of Bancshares;
(6) all minutes and other documents related to all meetings of the Boards of Directors of Bancshares and FCB&T (this should actually be one set of documents, seeing as how these are joint Boards that meet simultaneously);
(7) all minutes from all committee meetings for the committees of the Boards of Directors for Bancshares and FCB&T;
(8) all documents reflecting shared services, manpower, and finances between Bancshares, FCB&T, and Ironstone Bank;
(9) all communications and documents of any nature transmitted between the Officers and Directors of Bancshares and the Officers and Directors of its subsidiaries FCB&T and Ironstone Bank, and
(10) documents responsive to Request for Production No. 23 concerning documents related to business transactions in Texas conducted by Bancshares Officers and Directors.

FCB and First Citizens Bank & Trust have represented to DataTreasury and to the Court that they are separate legal entities following all corporate formalities to keep separate their respective businesses. However, they produced no documents to support this fact, and the testimony of the corporate representative for FCB revealed, among other things, that the two Boards of Directors are 100% overlapping, meet jointly, and have

joint committees and shared officers.  The documents requested above are unquestionably relevant to determine the veracity of these positions.  *See e.g. Gundle Lining Constr. Corp. v. Adams County Asphalt*, 85 F.3d 201 (5th Cir. 1996) (wherein the court discusses relevant factors to be considered by the Court when determining jurisdictional issues regarding parent and subsidiary companies.)[1]  Not all of the *Gundle* factors must be met, and the issue should be resolved based on the "totality of the circumstances." *See id*. at 209.  In light of the *Gundle* factors, DataTreasury's request for the above referenced documents are clearly reasonable and relevant to this Court's determination of jurisdiction.

### III.  CONCLUSION

Given the reasonable and relevant nature of DataTreasury's request for these documents, and in light of the time frame in which DataTreasury was ordered to provide a response to FCB's motion to dismiss, DataTreasury would respectfully request that the Court grant the instant motion and require defendant to produce the requested documents so that DataTreasury can more fully and accurately brief the Court on the jurisdictional issues that it must decide.

---

[1] The 12 factors to consider are: (1) the parent and the subsidiary have common stock ownership; (2) the parent and the subsidiary have common directors or officers; (3) the parent and the subsidiary have common business departments; (4) the parent and the subsidiary file consolidated financial statements and tax returns; (5) the parent finances the subsidiary; (6) the parent caused the incorporation of the subsidiary; (7) the subsidiary operates with grossly inadequate capital; (8) the parent pays the salaries and other expenses of the subsidiary; (9) the subsidiary receives no business except that given to it by the parent; (10) the parent uses the subsidiaries property as its own; (11) the daily operations of the two corporations are not kept separate; and (12) the subsidiary does not observe the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings.

Respectfully submitted,



**ANTHONY BRUSTER**
State Bar No. 24036280
**R. BENJAMIN KING**
State Bar No. 24048592
**C. CARY PATTERSON**
State Bar No. 15587000
**BRADY PADDOCK**
State Bar No. 00791394
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
akbruster@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

**EDWARD CHIN**
State Bar No. 50511688
**ROD COOPER**
State Bar No. 90001628
**EDWARD L. VON HOHN**
Attorney in Charge
State Bar No. 09813240
**NIX  PATTERSON & ROACH, L.L.P.**
Williams Square
5215 North O'Connor Blvd., Suite 1900
Irving, Texas  75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@nixlawfirm.com
rcooper@cooperiplaw.com
edhohn@nixlawfirm.com

**JOE KENDALL**
State Bar No. 11260700
**KARL RUPP**
State Bar No. 24035243
**PROVOST * UMPHREY, L.L.P.**
3232 McKinney Avenue, Ste. 700

Dallas, Texas 75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@provostumphrey.com
krupp@provostumphrey.com

**ERIC M. ALBRITTON**
State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com

**T. JOHN WARD, JR.**
State Bar No. 00794818
**LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231
Longview, Texas 75601
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

*ATTORNEYS FOR PLAINTIFF*
*DATATREASURY CORPORATION*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 16th day of February, 2007 via electronic transmission.

Bank of America - Listserve (BankofAmericaF&R@fr.com)
BB&T ListServe (BB&T_DataTreasury@kilpatrickstockton.com)
Citizens Financial (citizensfinancial@standleyLLP.com)
City National Bank - Listserve (citynationalbank@dmtechlaw.com)
Comerica Bank 007 Listserve (Comerica_DataTreasury@kilpatrickstockton.com)
Compass/First Horizon/TN Bank - Listserve (comfhft@andrewskurth.com)
Cullen/Frost Bank - Listserve (frostbank@dmtechlaw.com)
EDS - Listserve (EDS_DataTreasury@mckoolsmith.com)
UBS – Listserve (ubsamericas@velaw.com)
HSBC North America Holdings, Inc./HSBC Bank USA Listserve (hsbccounsel@blhc-law.com)
BancorpSouth Listserve (bxs@hughesluce.com)
Bank of Tokyo Listserve (BankofTokyo_DataTreasury@sidley.com)
BofNY Listserve (BofNYLitTeam@pillsburylaw.com)
The Clearing House/SVPCo Listserve (TCH_DT@sullcrom.com)
Deutsche Bank Listserve (DeutscheBank_DataTreasury@sidley.com)
First Citizens Listserve (firstcitizens@bakerbotts.com)
First Data Listserve (FirstData_DataTreasury@sidley.com)
Key Bank Listserve (KeyCorp_DataTreasury@mckoolsmith.com)
LaSalle Bank Listserve (LaSalleBank_DataTreasury@sidley.com)
National City Bank Listserve (foley-dtc@foley.com)
Remitco Listserve (Remitco_DataTreasury@sidley.com)
Telecheck Listserve (Telecheck_DataTreasury@sidley.com)
Union BofCA Listserve (ubofclitteam@pillsburylaw.com)
Viewpointe Listserve (Viewpointe_dtc@skadden.com)
Zion First National Bank Listserve (foley-dtc@foley.com)
Harris Bancorp. - Listserve (Harris_DataTreasury@mckoolsmith.com)
M&T 007 Listserve (M&T_DataTreasury@kilpatrickstockton.com)
PNC Bank - Listserve (PNC_DataTreasury@mckoolsmith.com)
Suntrust - Listserve (SunTrust_DataTreasury@mckoolsmith.com)
U.S. Bancorp – Listserve (foley-dtc@foley.com)
Wachovia 007 Listserve (Wachovia_DataTreasury@kilpatrickstockton.com)
Wells Fargo - Listserve (*DalWellsFargo_DTC@BakerNet.com)

_____
**ANTHONY BRUSTER**

CERTIFICATE OF CONFERENCE

      Counsel for DataTreasury has attempted to resolve the issues addressed herein with counsel for Defendant. However, the parties have been unable to resolve the issues presented herein as of the time of this filing and Defendant has opposed providing the documents requested herein.

_____
**ANTHONY BRUSTER**