# IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **DATATREASURY CORPORATION** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:06-CV72DF** |
| | § | |
| **WELLS FARGO & COMPANY, et al.** | § | |
| | § | |
| **Defendants** | § | |



## HSBC NORTH AMERICA HOLDINGS INC.'S OBJECTIONS, ASSERTIONS OF PRIVILEGE AND RESPONSES TO DATATREASURY CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION REGARDING <u>JURISDICTIONAL DISCOVERY</u>

Pursuant to Rule 34 of the *Federal Rules of Civil Procedure*, Defendant HSBC North America Holdings Inc. ("HNAH"), subject to its Motion to Dismiss under Rule 12(b),[1] serve these objections, assertions of privilege and responses to Plaintiff DataTreasury Corporation's ("DataTreasury") First Set of Requests for Production Regarding Jurisdictional Discovery.

### <u>GENERAL OBJECTIONS AND RESPONSES</u>

HNAH makes the following general objections and responses to DataTreasury's preliminary statement, all prefatory definitions and instructions, and all requests for production.

By undertaking to produce documents in response to any particular request, HNAH does not represent that responsive documents exist, or that any such documents are within its possession, custody or control. To the extent any such documents exist, HNAH will produce responsive non-

---

[1] All of HNAH's objections, assertions of privilege and responses contained herein are made subject to its pending Motion to Dismiss, and pursuant to Rule 34, *Federal Rules of Civil Procedure*, are not intended to act as a waiver of HNAH's jurisdictional challenge.

objectionable documents that can be found with reasonable effort by searching its files in locations where such documents are normally expected to be kept in accordance with HNAH's usual business practices and policies.

Specific objections to DataTreasury's request are set forth in the individual responses below. In addition to such specific objections, HNAH makes the following general objections, which apply to all of DataTreasury's requests:

1.      HNAH objects to DataTreasury's requests to the extent they seek documents protected by, immune from, or otherwise exempt from discovery by the attorney-client privilege, common interest privilege or any privilege, the work-product doctrine, or any applicable state or federal statutes, the *Federal Rules of Civil Procedure*, or any other applicable rule, decision, or law. The specific objections stated below on the grounds of attorney-client privilege and/or work-product doctrine in no way limit the applicability of this objection to all requests. Nothing contained in the responses below is intended to be, nor should be considered, a waiver of any attorney-client privilege and/or work-product doctrine, right of privacy, or any other applicable privilege or doctrine.

2.      HNAH objects to DataTreasury's requests to the extent that they seek documents: (i) protected from disclosure by statute, regulation, administrative order, or case law, (ii) protected from disclosure by agreement, including but not limited to confidentiality agreements or by court order, and/or (iii) which contain confidential information, including confidential information of third parties.

3.	HNAH objects to DataTreasury's requests to the extent they: (i) seek documents that are beyond the scope of discovery as provided by the *Federal Rules of Civil Procedure* or other applicable rules or law; (ii) seek to impose obligations on HNAH beyond those permitted under the *Federal Rules of Civil Procedure* or the local rules; (iii) violate the Court's December 8, 2006 Order (Docket Entry 394) because they do not deal specifically with jurisdictional issues and/or do not address any "jurisdictional issues raised by [HNAH]"; (iv) seek documents unrelated to the corporate relationship between HNAH and HSBC Bank USA, N.A. ("HSBC Bank USA"); or (v) seek documents related to the "Ballard Patents" (U. S. Patent Nos. 5,910,988 and 6,032,137).

4.	HNAH objects to DataTreasury's preliminary statement, definitions and instructions accompanying DataTreasury's requests as being overly broad and unduly burdensome to the extent that they are not consistent with the provisions of the *Federal Rules of Civil Procedure*, or to the extent that they purport to require HNAH to take actions or provide documents or information not required or which exceed the scope of the *Federal Rules of Civil Procedure* or other applicable rules of law.

5.	HNAH objects to DataTreasury's requests to the extent that they seek documents: (i) that are already in DataTreasury's possession, custody or control; (ii) are public records; and/or (iii) exist in the public domain and/or available through the internet, on the basis that the documents sought are available from another source that is more convenient, less burdensome and less expensive. The ability to collect and produce such documents is the same for DataTreasury as it is for HNAH.

6.      HNAH objects to DataTreasury's requests as overly broad and unduly burdensome to the extent they seek documents that are in the possession, custody, or control of an entity other than HNAH.

7.      HNAH objects to DataTreasury's preliminary statement, definitions, and instructions

and requests to the extent they are vague, ambiguous, overly broad, duplicative, fail to reasonably identify the documents sought, unduly burdensome, and posed for improper purposes, including, without limitation, embarrassment, undue annoyance, harassment, delay, or to increase the expense of litigation or to the extent they call for a legal conclusion or opinion.

8.      HNAH objects to DataTreasury's requests to the extent they request documents for time periods beyond those relevant to the issues in this lawsuit, and to that extent such requests are overly broad, unduly burdensome, without merit or foundation, and seek documents that are not relevant to this lawsuit, and are not reasonably calculated to lead to the discovery of admissible documents.

9.      HNAH objects to the production of hard copies of documents at the offices of DataTreasury's counsel in Dallas.  Instead, to the extent any documents are produced and/or tendered, the place of production will be the offices of HNAH's counsel, Boudreaux, Leonard, Hammond & Curcio, P.C., 1100 Louisiana, Suite 2350, Houston, Texas 77010, or at a mutually agreeable location.  DataTreasury may inspect, review and copy any such document produced and/or tendered at the aforementioned location upon reasonable notice and during regular business hours.

10.     HNAH objects to the production of all documents in electronic .TIFF format. HNAH

reserves the right to produce copies of certain paper documents.

11.     HNAH objects to the production of any documents protected by Rule 408, *Fed. R.*

*Evid.*

response to the individually numbered requests for production as if they were stated in each response.

## OBJECTIONS, ASSERTIONS OF PRIVILEGE AND
## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

Please produce a copy of the Articles of Incorporation for HSBC North America Holdings, Inc.[sic]

### RESPONSE:

Subject to and without waving the above objections, HNAH responds:  See attached.

### REQUEST NO. 2:

Please produce a copy of all documents relating to the formation of HSBC North America Holdings, Inc.[sic].

### RESPONSE:

HNAH objects to this request on the basis that it violates the Court's December 8, 2006

Order (Docket Entry 394).  HNAH objects to this request on the basis that it is overly broad,

unduly burdensome and duplicative, to the extent that it seeks: (i) "all documents"; (ii) documents

beyond the scope of permissible discovery, and (iii) documents that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.  HNAH objects to this

request to the extent that it seeks documents that: (i) are already in DataTreasury's possession, custody or control; (ii) are public records; and/or (iii) exist in the public domain and/or available through the internet, on the basis that the documents sought are available from another source that is more convenient, less burdensome and less expensive. HNAH objects to this request as vague and ambiguous with respect to the phrase "relating to the formation of [HNAH]." HNAH

objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the above objections HNAH responds: See attached.

## REQUEST NO. 3:

Please produce a copy of all documents relating to HSBC North America Holdings, Inc.'s [sic] ownership and control of HSBC Bank USA.

## RESPONSE:

HNAH objects to this request on the basis that it violates the Court's December 8, 2006 Order (Docket Entry 394). HNAH objects to this request on the basis that it is overly broad, unduly burdensome and duplicative, to the extent that it seeks: (i) "all documents"; (ii) documents beyond the scope of permissible discovery, and (iii) documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. HNAH objects to this request to the extent that it seeks documents that: (i) are already in DataTreasury's possession, custody or control; (ii) are public records; and/or (iii) exist in the public domain and/or available through the internet, on the basis that the documents sought are available from another source that is more convenient, less burdensome and less expensive. HNAH objects to this request as vague and ambiguous with respect to the phrase "ownership and control." HNAH objects to this request to the extent that it seeks information that is

protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the above objections, HNAH responds: HNAH does not control the daily operations of HSBC Bank USA, instead HSBC Bank USA is a separate and distinct corporate entity with its own management. HNAH does have a controlling interest in HSBC Bank USA as it is an indirect and wholly owned subsidiary of HNAH. HNAH further responds: See attached.

### REQUEST NO. 4:

Please provide copies of all financial documents and reports of any type for HSBC North America Holdings, Inc.[sic] from 2004 to the present.

### RESPONSE:

HNAH objects to this request on the basis that it violates the Court's December 8, 2006 Order (Docket Entry 394). HNAH objects to this request on the basis that it is overly broad, unduly burdensome and duplicative, to the extent that it seeks: (i) "all financial documents and reports of any type"; (ii) documents beyond the scope of permissible discovery, and (iii) documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. HNAH objects to this request to the extent that it seeks documents that: (i) are already in DataTreasury's possession, custody or control; (ii) are public records; and/or (iii) exist in the public domain and/or available through the internet, on the basis that the documents sought are available from another source that is more convenient, less burdensome and less expensive. HNAH objects to this request as vague and ambiguous with respect to the phrase "all financial documents and reports of any type." HNAH objects to this request to the extent it fails to satisfy Rule 34, *Federal Rules of Civil Procedure*, by not describing the requested documents

with reasonable particularity.  HNAH objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the above objections HNAH responds: See attached.

**REQUEST NO. 5:**

For each of the telephone numbers identified in response to Plaintiff DataTreasury Corporations First Set of Interrogatories Regarding Jurisdictional Discovery, please produce all records of long-distance calls made from each of these telephone numbers.

**RESPONSE:**

Subject to and without waiving the above objections, HNAH responds:  Not applicable.

**REQUEST NO. 6:**

Please provide copies of all agreements entered into between HSBC North America Holdings, Inc.[sic] and Small Value Payments Company, LLC and/or The Clearing House Payments Company LLC.

**RESPONSE:**

HNAH objects to this request on the basis that it is overly broad, unduly burdensome and duplicative, to the extent that it seeks: (i) "all agreements"; (ii) documents beyond the scope of permissible discovery, and (iii) documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, HNAH responds: There are no documents responsive to this request.

## REQUEST NO. 7:

Please provide copies of all agreements entered into between HSBC North America Holdings, Inc.[sic] and Viewpointe Archive Services.

## RESPONSE:

HNAH objects to this request on the basis that it is overly broad, unduly burdensome and

duplicative, to the extent that it seeks: (i) "all agreements"; (ii) documents beyond the scope of

permissible discovery, and (iii) documents that are neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, HNAH responds: There are no

documents responsive to this request.

## REQUEST NO. 8:

Please produce all documents that evidence or show the corporate structure and/or organization of HSBC North American Holdings, Inc.[sic] and all affiliated companies, including all wholly-or-partially-owned subsidiary companies.

## RESPONSE:

HNAH objects to this request on the basis that it violates the Court's December 8, 2006

Order, (Docket Entry 394). HNAH objects to this request on the basis that it is overly broad,

unduly burdensome and duplicative, to the extent that it seeks: (i) "all documents"; (ii) documents

beyond the scope of permissible discovery, and (iii) documents that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.  HNAH objects to this

request to the extent that it seeks documents that: (i) are already in DataTreasury's possession,

custody or control; (ii) are public records; and/or (iii) exist in the public domain and/or available

through the internet, on the basis that the documents sought are available from another source

that is more convenient, less burdensome and less expensive. HNAH objects to this request to the

extent it fails to satisfy Rule 34, *Federal Rules of Civil Procedure*, by not describing the

requested documents with reasonable particularity. HNAH objects to this request because it is

unreasonably duplicative of previous requests. HNAH objects to this request to the extent that it

seeks information that is protected from disclosure by the attorney-client privilege and/or attorney

work product doctrine.

Subject to and without waiving the above objections, HNAH responds: See attached.

## REQUEST NO. 9:

Please produce all documents evidencing any communications between officers, directors, or employees of HSBC North America Holdings, Inc. [sic], on the one hand, and officers, directors or employees of HSBC Bank USA.

## RESPONSE:

HNAH objects to this request on the basis that it violates the Court's December 8, 2006

Order (Docket Entry 394). HNAH objects to this request on the basis that it is overly broad,

unduly burdensome and duplicative, to the extent that it seeks: (i) "all documents"; (ii) documents

beyond the scope of permissible discovery, and (iii) documents that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. HNAH objects to this

request to the extent it fails to satisfy Rule 34, *Federal Rules of Civil Procedure*, by not

describing the requested documents with reasonable particularity.

Subject to and without waiving the above objections, HNAH responds: There are no

responsive documents relating to a communication towards or inside the State of Texas.

## REQUEST NO. 10:

Please produce all documents related to any meetings between officers, directors or employees of HSBC North America Holdings, Inc.[sic] on the one hand, and officers, directors or employees of HSBC Bank USA.

## RESPONSE:

HNAH objects to this request on the basis that it violates the Court's December 8, 2006 Order (Docket Entry 394). HNAH objects to this request on the basis that it is overly broad, unduly

burdensome and duplicative, to the extent that it seeks: (i) "all documents"; (ii) documents beyond the

scope of permissible discovery, and (iii) documents that are neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence. HNAH objects to this request to the extent it fails to

satisfy Rule 34, *Federal Rules of Civil Procedure*, by not describing the requested documents with

reasonable particularity. HNAH objects to this request to the extent that it seeks information that is

protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the above objections, HNAH responds: There are no

responsive documents relating to a meeting inside the State of Texas.

## REQUEST NO. 11:

Please produce all documents reflecting any monies received by HSBC North America Holdings, Inc. [sic] that were derived in any way from the State of Texas.

## RESPONSE:

HNAH objects to this request on the basis that it violates the Court's December 8, 2006 Order

(Docket Entry 394). HNAH objects to this request on the basis that it is overly broad, unduly

burdensome and duplicative, to the extent that it seeks: (i) "all documents"; (ii) documents beyond the

scope of permissible discovery, and (iii) documents that are neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence. HNAH objects to this request as vague and ambiguous with respect to the phrases "reflecting any monies received" and "derived in any way." HNAH objects to this request to the extent it fails to satisfy Rule 34, *Federal Rules of Civil Procedure*, by not describing the requested documents with reasonable particularity. HNAH objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the above objections, HNAH responds: There are no documents responsive to this request.

## REQUEST NO. 12:

Please produce all documents relied upon or used in any way by you in responding to Plaintiff's First Set of Requests for Admission Related to Jurisdictional Discovery.

## RESPONSE:

HNAH objects to this request because it is unreasonably duplicative of previous requests. HNAH objects to this request to the extent that it seeks documents and information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the above objections, HNAH responds: Responsive, non-privileged, non-work product documents are attached.

## REQUEST NO. 13:

Please produce all documents relied upon or used in any way by you in responding to Plaintiff's First Set of Interrogatories Related to Jurisdictional Discovery.

**RESPONSE:**

HNAH objects to this request because it is unreasonably duplicative of previous requests.

HNAH objects to this request to the extent that it seeks documents and information that is

protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the above objections, HNAH responds: Responsive, non-

privileged, non-work product documents are attached.

**REQUEST NO. 14:**

> Please produce all documents that relate to any contacts between HSBC North America
> Holdings, Inc. [sic] and the State of Texas within the last five years.

**RESPONSE:**

HNAH objects to this request on the basis that it is overly broad, unduly burdensome and

duplicative, to the extent that it seeks: (i) "all documents"; (ii) documents beyond the scope of

permissible discovery, and (iii) documents that are neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. HNAH objects to this request to the extent it fails to

satisfy Rule 34, *Federal Rules of Civil Procedure*, by not describing the requested documents

with reasonable particularity. HNAH objects to this request to the extent that it seeks information

that is protected from disclosure by the attorney-client privilege and/or attorney work product

doctrine.

Subject to and without waiving the above objections, HNAH responds: There are no

documents responsive to this request.

## REQUEST NO. 15:

Please produce all documents related to HSBC North America Holdings, Inc. [sic] and any products or services offered for sale within the last five years in the State of Texas.

## RESPONSE:

Subject to and without waiving the above objections, HNAH responds: There are no

documents responsive to this request.

## REQUEST NO. 16:

Please produce all documents related to any judicial, regulatory, or administrative proceeding that HSBC North America Holdings, Inc. [sic] has ever participated in that was or is pending in the State of Texas.

## RESPONSE:

HNAH objects to this request to the extent that it seeks documents which are public records.

HNAH objects to this request to the extent that it seeks documents that are protected from disclosure

by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the above objections, HNAH responds: Other than the Court's

file in this case, there are no documents responsive to this request.

## REQUEST NO. 17:

Please produce all documents reflecting any representation made by HSBC North America Holdings, Inc. [sic] that you operate or control HSBC Bank USA in any way.

## RESPONSE:

HNAH objects to this request on the basis that it violates the Court's December 8, 2006 Order

(Docket Entry 394).  HNAH objects to this request on the basis that it is overly broad, unduly

burdensome and duplicative, to the extent that it seeks: (i) "all documents"; (ii) documents beyond the

scope of permissible discovery, and (iii) documents that are neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence. HNAH objects to this request to the extent that it

seeks documents that: (i) are already in DataTreasury's possession, custody or control; (ii) are public

records; and/or (iii) exist in the public domain and/or available through the internet, on the basis that

the documents sought are available from another source that is more convenient, less burdensome and

less expensive. HNAH objects to this request to the extent it fails to satisfy Rule 34, *Federal Rules of*

*Civil Procedure*, by not describing the requested documents with reasonable particularity. HNAH

objects to this request to the extent that it seeks documents that are protected from disclosure by the

attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the above objections, HNAH responds: HNAH does not

control the daily operations of HSBC Bank USA, instead HSBC Bank USA is a separate and distinct

corporate entity with its own management. HNAH does have a controlling interest in HSBC Bank

USA as it is an indirect and wholly owned subsidiary of HNAH. HNAH further responds: See

attached.

## REQUEST NO. 18:

Please produce all documents related to all bank accounts in the State of Texas that HSBC
North America Holdings, Inc. [sic] has held within the last five years.

## RESPONSE:

Subject to and without waiving the above objections, HNAH responds: There are no

documents responsive to this request.

## REQUEST NO. 19:

Please produce all documents related to all business transactions conducted by HSBC North America Holdings, Inc.[sic] in the State of Texas during the last five years.

## RESPONSE:

Subject to and without waiving the above objections, HNAH responds: There are no

documents responsive to this request.

## REQUEST NO. 20:

Please produce all documents related to any property in Texas (either real or personal) owned, leased, or otherwise possessed by HSBC North America Holdings, Inc. [sic] during the last five years.

## RESPONSE:

Subject to and without waiving the above objections, HNAH responds: There are no

documents responsive to this request.

## REQUEST NO. 21:

Please produce all documents related to the relationship between HSBC North America Holdings, Inc.[sic] and HSBC Bank USA.

## RESPONSE:

HNAH objects to this request on the basis that it violates the Court's December 8, 2006

Order (Docket Entry 394). HNAH objects to this request on the basis that it is overly broad,

unduly burdensome and duplicative, to the extent that it seeks: (i) "all documents"; (ii) documents

beyond the scope of permissible discovery, and (iii) documents that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. HNAH objects to this

request to the extent that it seeks documents that: (i) are already in DataTreasury's possession,

custody or control; (ii) are public records; and/or (iii) exist in the public domain and/or available through the internet, on the basis that the documents sought are available from another source that is more convenient, less burdensome and less expensive. HNAH objects to this request to the extent it fails to satisfy Rule 34, *Federal Rules of Civil Procedure*, by not describing the requested documents with reasonable particularity. HNAH objects to this request because it is unreasonably duplicative of previous requests. HNAH objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Case 2:06-cv-00072-DF-CMC    Document 524    Filed 02/16/2007    Page 17 of 2

Subject to and without waiving the above objections, HNAH responds: See attached.

## REQUEST NO. 22:

Please produce all documents reflecting any tax liability ever paid or incurred by HSBC North America Holdings, Inc. [sic] arising out of income generated from within the State of Texas.

## RESPONSE:

HNAH objects to this request on the basis that it violates the Court's December 8, 2006 Order (Docket Entry 394). HNAH objects to this request on the basis that it is overly broad, unduly burdensome and duplicative, to the extent that it seeks: (i) "all documents"; (ii) documents beyond the scope of permissible discovery, and (iii) documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. HNAH objects to this request to the extent it fails to satisfy Rule 34, *Federal Rules of Civil Procedure*, by not describing the requested documents with reasonable particularity. HNAH objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the above objections, HNAH responds: There are no documents responsive to this request, but documents relating to HNAH's tax liability in general are attached.

## REQUEST NO. 23:

Please produce all documents related to all business activities ever attended or conducted in the State of Texas by HSBC North America Holdings, Inc.'s [sic] officers, directors, or employees.

## RESPONSE:

HNAH objects to this request on the basis that it is overly broad, unduly burdensome and duplicative, to the extent that it seeks: (i) "all documents"; (ii) documents beyond the scope of permissible discovery, and (iii) documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. HNAH objects to this request as vague and ambiguous with respect to the phrase "business activities ever attended or conducted." HNAH objects to this request to the extent it fails to satisfy Rule 34, *Federal Rules of Civil Procedure*, by not describing the requested documents with reasonable particularity. HNAH objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the above objections, HNAH responds: After conducting a diligent search, HNAH has not located any documents within its possession, custody or control that are responsive to this request.

**REQUEST NO. 24:**

Please produce all documents related to all motor vehicles that are registered or titled by the State of Texas and have been owned or leased by HSBC North America Holdings, Inc. [sic] during the last five years.

**RESPONSE:**

Subject to and without waiving the above objections, HNAH responds: There are no

documents responsive to this request.


                    Respectfully submitted,

                    BOUDREAUX, LEONARD, HAMMOND & CURCIO, P.C.


        By:         _____/s/_____
                    Glen M. Boudreaux
                    State Bar No. 02696500
                    **Lead Attorney for HSBC North America Holdings, Inc.**
                    **And HSBC Bank USA, N.A.**
                    Two Houston Center
                    909 Fannin, Suite 2350
                    Houston, Texas 77010
                    Telephone: (713) 757-0000
                    Telefax: (713) 757-0178
                    gboudreaux@blhc-law.com

**Of Counsel**:
Boudreaux , Leonard, Hammond & Curcio, P.C.
Tim S. Leonard
State Bar No. 12211200
Edward J. (Nick) Nicholas
State Bar No. 14991350
909 Fannin, Suite 2350
Houston, Texas 77010
Tel. (713) 757-0000
Fax (713) 757-0178
Email: tleonard@blhc-law.com
        nnicholas@blhc-law.com

WilmerHale
Irah H. Donner
Amr. O. Aly
399 Park Avenue
New York, N.Y. 10022
Tel. (212) 230-8887
Fax (212) 230-8888
Email: irah.donner@wilmerhale.com
       amr.aly@wilmerhale.com

Locke Liddell & Sapp LLP
Roy W. Hardin
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Tel. (214) 740-8556
Fax (214) 740-8800
Email: rhardin@lockeliddell.com

Law Offices of Richard Grainger
Richard Grainger
118 West Houston Street
Tyler, Texas 75710
Tel. (903) 595-3514
Fax (903) 595-5360
Email: graingerpc@aol.com

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of the foregoing documents was served via electronic mail on January 29, 2007.

_____/s/_____
Glen M. Boudreaux