IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:04-CV-85-DF |
| | § | |
| SMALL VALUE PAYMENTS CO., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the court is defendant Small Value Payment Company's Motion to Dismiss for Improper Venue (Dkt No. 2), filed June 1, 2004. After review of the briefing by the parties and the facts and law of this matter, the court finds defendant's motion should be **DENIED**.

## BACKGROUND

This is a patent infringement case brought by plaintiff Datatreasury Corp. (hereafter referred to as "Datatreasury"), on March 2, 2004, against defendant Small Value Payments Co. (hereafter referred to as "SVPCo") for infringement of U.S. Patent Nos. 6,032,137 (the "'137 patent") and 5,910,988 (the "'988 patent").

Datatreasury is a Delaware corporation with its principal place of business in Mellville, New York. SVPCo is a Delaware limited liability company that maintains its principal place of business in New York, New York. Compl. at ¶¶ 1-2.

Datatreasury claims that SVPCo has been and currently is "infringing the '988 and '137 patents by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributorily, and/or by inducement, without authority, products and services that fall

Page 1 of 14

within the scope of the claims of the '988 and '137 patents, including but not limited to electronic clearing and point-of-sale check-to-debit services." Id. at ¶ 8.

As this action arises under the patent laws of the United States and Title 35 of the United States Code, the court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) (1999). SVPCo, however, moves the court under Federal Rule of Civil Procedure 12(b)(3) to dismiss this action for improper venue.

## GENERAL RULES OF LAW

### I. VENUE

Because this is a suit for patent infringement, the law of the United States Court of Appeals for the Federal Circuit and not the Fifth Circuit binds this court, even as to matters concerning personal jurisdiction and the closely related issue of venue. See Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994) (stating that, although issues of personal jurisdiction are generally procedural in nature, they are sufficiently related to substantive patent law, and thus the law of the Federal Circuit controls). The Federal Circuit, however, defers to the law of the regional circuits to resolve non-substantive patent issues. See Amana Refrigeration, Inc. v. Quadlux, Inc., 172 F.3d 852, 856 (Fed. Cir. 1999) (this court is "generally guided by the law of the regional 'circuit to which district court appeals normally lie, unless the issue pertains to or is unique to patent law'") (citation omitted).

Venue relates to the locality in which a lawsuit may be brought. Minn. Min. & Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256, 1264 (Fed. Cir. 1985) (citing Neirbo v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167-68 (1939)). The purpose of a venue requirement is to protect defendants from being forced to defend lawsuits in a court remote from their residence or from where the acts

underlying the controversy occurred. Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1410 (Fed. Cir. 1996).

The venue statute relating to patent infringement claims provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (1999). In determining where a defendant "resides" for venue purposes, courts must look to the general venue statute, 28 U.S.C. § 1391(c) (2002). VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1578 (Fed. Cir. 1990). Section 1391(c) provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time the action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c). Reading the statutes together, Datatreasury must demonstrate that personal jurisdiction over SVPCo exists in the Eastern District of Texas, and cannot aggregate SVPCo's contacts within the entire State of Texas to establish that venue is proper in this district.

A non-resident defendant is subject to personal jurisdiction in a federal district court if: (1) the defendant is within the reach of the forum state's long arm statute; and (2) due process is satisfied. See Beverly Hills Fan, 21 F.3d at 1569 (stating that courts must look to the relevant state's long-arm statute even when the cause of action is purely federal). Because the Texas long-arm statute is co-extensive with the limits of due process, Bearry v. Beech Aircraft Corp., 818 F.2d 370, 372 (5th Cir. 1987), the court's sole inquiry is whether the exercise of personal jurisdiction over

Page 3 of 14

SVPCo comports with due process. Viam Corp. v. Iowa Export-Import Trading Co., 84 F.3d 424, 427 (Fed. Cir. 1996); see also Akro Corp. v. Luker, 45 F.3d 1541, 1544 (Fed. Cir. 1995) (stating federal courts have personal jurisdiction over a nonresident defendant in federal question cases to the extent that federal constitutional due process limits allow).

Although Datatreasury bears the burden of establishing contacts by SVPCo sufficient to invoke the jurisdiction of this court, Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994), the Federal and Fifth Circuits agree that where a district court's disposition of the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a prima facie showing that defendants are subject to personal jurisdiction. Electronics for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003); Wilson, 20 F.3d at 648; Asarco, Inc. v. Glenara, Ltd., 912 F.2d 784, 785 (5th Cir. 1990). In the procedural posture of a motion to dismiss, "a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." Coyle, 340 F.3d at 1349; D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 545 (5th Cir. 1985).

The exercise of personal jurisdiction over a nonresident defendant comports with the constitutional guarantee of due process if: (1) the defendant has purposely availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the state such that (2) exercising jurisdiction does not offend "traditional notions of fair play and substantial justice." Beverly Hills Fan, 21 F.3d at 1565 (quoting Int'l Shoe v. Wash., 326 U.S. 310, 316 (1945) & citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).

### A. MINIMUM CONTACTS

The critical issue in determining whether any set of circumstances suffices to establish minimum contacts is whether the nonresident defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King, 471 U.S. at 475. When analyzing whether sufficient minimum contacts exist with a forum state, the court is to focus on the relationships among the non-resident defendant, the forum state, and the litigation at issue. Shaffer v. Heitner, 433 U.S. 186, 204 (1977). Jurisdiction is not proper when a defendant only has random, fortuitous, or attenuated contacts with the forum state, or due to the unilateral activity of another party or a third person. Burger King, 471 U.S. at 475. This standard helps ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum. Beverly Hills Fan, 21 F.3d at 1565.

### B. FAIR PLAY AND SUBSTANTIAL JUSTICE

Notwithstanding its comportment with due process, a nonresident defendant may defeat the exercise of personal jurisdiction if it can show that "fair play and substantial justice" militate against such an exercise. Asahi Metal Indus. v. Superior Court, 480 U.S. 102, 121-22 (1987); Burger King, 471 U.S. at 477. "[S]uch defeats of otherwise constitutional personal jurisdiction 'are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.'" Akro, 45 F.3d at 1549 (quoting Beverly Hills Fan, 21 F.3d at 1568).

The following factors are to be considered by the court when conducting an inquiry of fair play and substantial justice: (1) the burden upon the non-resident defendant; (2) the interests of the forum state; (3) the plaintiff's interests in securing relief; (4) the interstate judicial system's interests

in obtaining the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental substantive social policies. Burger King, 471 U.S. at 476-77.

The fairness factors cannot of themselves invest the court with jurisdiction over a non-resident defendant when the minimum contacts analysis weighs against the exercise of jurisdiction. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 294 (1980). The defendant's actions must justify the conclusion that it should reasonably anticipate being haled into court in the forum state. Id. at 297. Hence, unilateral activity of the plaintiff is insufficient to establish personal jurisdiction over the defendant. Id.

A defendant's contacts for personal jurisdiction purposes is analyzed for both specific and general jurisdiction.

## II. SPECIFIC JURISDICTION

A nonresident defendant's contacts with the forum state that arise from, or are directly related to, the cause of action are sufficient to give rise to specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). Specific jurisdiction may arise even where the nonresident defendant has never set foot in the forum state. Bullion v. Gillespie, 895 F.2d 213, 216 (5th Cir. 1990).

When the court exercises specific jurisdiction over a nonresident defendant, the quantity of defendant's contacts need not be great. Even a single substantial act may permit the exercise of personal jurisdiction. Ham v. La Cienega Music Co., 4 F.3d 413, 415 (5th Cir. 1993). The Supreme Court has stated: "If the sale of a product of a manufacturer or distributor . . . is not simply an isolated occurrence, but arises from the efforts of the [defendant] to serve, directly or indirectly, the market for its product . . . it is not unreasonable to subject it to suit." World-Wide Volkswagen, 444

U.S. at 297. This is particularly true when the purposeful act involves the placing of an accused product in an intentionally established distribution channel, i.e., into the "stream of commerce" with the expectation or reasonable foreseeability that it will reach the forum state. Id. at 297-98; Beverly Hills Fan, 21 F.3d at 1565-66; Ham, 4 F.3d at 416.

What is important is whether the defendant deliberately engaged in significant activities within the forum or has created continuing obligations between itself and residents of the forum, manifesting an availment of the privilege of conducting business there. Burger King, 471 U.S. at 471-76. When the nonresident's activities are shielded by the benefits and protections of the forum's laws, it is presumptively reasonable to require the defendant to submit to the burdens of litigation in the forum. Id. Therefore, jurisdiction is proper "where the contacts proximately result from actions by the defendant that create a substantial connection with the forum State." Id.

### III. GENERAL JURISDICTION

If the defendant's contacts with the forum state are not directly related to the plaintiff's cause of action, they will still suffice to establish general jurisdiction if they are sufficiently "continuous and systematic" to support a reasonable exercise of jurisdiction. Helicopteros, 466 U.S. at 415-16; Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779-80 (1984); see also Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 777-79 (5th Cir. 1986) (explaining courts are required to examine a nonresident defendant's contacts "in toto to determine whether they constitute the kind of continuous and systematic contacts required to satisfy due process").

Such unrelated contacts must be "substantial" to support general jurisdiction. Wilson, 20 F.3d at 649 (citing Keeton, 465 U.S. at 779 n.11). Substantial contacts noted by the Supreme Court in Keeton include "a continuous and systematic supervision" of corporate activities in the forum

Page 7 of 14

state; the location of corporate files there; the holding of directors' meetings there; the maintenance of substantial accounts in the forum; and the making of key business decisions there. Keeton, 465 U.S. at 779 n.11. The Keeton Court additionally noted the forum in question was the principal, albeit temporary, place of business for the defendant seeking to avoid personal jurisdiction. Id.

Other factors relied upon to uphold general jurisdiction include the nonresident's ownership of real estate in the forum state; travel to the forum state; and extensive business dealings therein to such an extent the Fifth Circuit has found "constant and extensive personal and business connections" with the forum state throughout the nonresident's life. Holt, 801 F.2d at 779. Other factors include maintenance of offices in the forum; residence of employees or officers in the forum; ownership of personal property in the forum; maintenance of a telephone listing or mailing address in the forum; and negotiation in the forum by agents or officers of the nonresident defendant. Dominion Gas Ventures, Inc. v. N.L.S., Inc., 889 F. Supp. 265, 268 (N.D. Tex. 1995).

## ANALYSIS

Applying the foregoing general rules of law to this case, the court is to determine whether venue properly existed at the time Datatreasury's complaint was filed. Hoffman v. Blaski, 363 U.S. 335, 342-44 (1960). Venue in patent cases is determined based on a personal jurisdiction analysis. VE Holding, 917 F.2d at 1584.

As stated, this court applies the law of the Federal Circuit to determine whether personal jurisdiction can be exercised over an out-of-state defendant in a patent infringement case. As part of the personal jurisdiction analysis, the court considers whether it has specific or general jurisdiction over SVPCo.

I.  **SPECIFIC JURISDICTION**

In the Federal Circuit, specific jurisdiction exists when the plaintiff satisfies a three-prong test by showing: (1) the defendant purposefully directed its activities at the forum state; (2) the plaintiff's claims arise out of those activities; and (3) assertion of personal jurisdiction over the defendant is "reasonable and fair." Akro, 45 F.3d at 1545-46.

While a single act can be enough to trigger specific jurisdiction, the court looks at the totality of the circumstances to determine whether the act was substantial, i.e., of such a purposeful nature that exercising personal jurisdiction comports with due process. Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985); Hydrokinetics, Inc. v. Alaska Mechanical, Inc., 700 F.2d 1026, 1028 (5th Cir. 1983).

> 35 U.S.C. § 271 defines patent infringement as follows:
>
> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
>
> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.
>
> (c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer . . . .

35 U.S.C. § 271 (3003).

Datatreasury claims that personal jurisdiction exists "specifically over SVPCo because of SVPCo's conduct in making, using, selling, offering to sell, and/or importing, directly, contributorily,

Page 9 of 14

and/or by inducement, infringing products and services within the State of Texas and within this district, in particular for J.P. Morgan Chase, an infringing Defendant in the United States District Court for the Eastern District of Texas." Compl. at ¶ 4.

SVPCo asserts through the affidavit of Susan E. Long, senior vice president of SVPCo, that it has no offices or employees in the State of Texas, is not licensed to do business in, and does not do business in the State of Texas. D. Mot. at Long affidavit ¶ 2. Ms. Long further states that since 1998, SVPCo has provided through a subsidiary an electronic service for expediting bank check clearing called electronic check presentment ("ECP"). Id. at ¶ 3. The ECP service currently is used by twenty-six banks and the Federal Reserve. Id. It permits banks to exchange check payment information electronically but does not involve the exchange of images - the subject of the patents in suit in this action. Id. Each bank using the ECP service does so from one or more ECP facilities. Id. at ¶ 4. None of the banks that use or have used the ECP service have done so from any such facility in this district. Id. In addition, SVPCo maintains a publicly accessible internet website that provides information about its services, but such services are not available through the wesbsite. Id. at ¶ 6.

Datatreasury rebuts the Long affidavit with an affidavit from a Lindsey Whitehead and PowerPoint slides attached to the affidavit submitted with their response to SVPCo's motion. Through Ms. Whitehead's affidavit and the slides, Datatreasury asserts that Ms. Long made a presentation on March 2, 2004, at a BAI Check 21 Implementation Planning Clinic in Orlando, Florida. In the presentation, Ms. Long allegedly represented that SVPCo is currently engaged in the business of image exchange on a nationwide level, and that she did not represent that SVPCo excluded the Eastern District of Texas from its business strategy. P. Resp. at Whitehead affidavit

Page 10 of 14

¶ 2.

SVPCo asserts through a second affidavit of Susan Long that in the speech she gave on March 2, 2004, in Orlando, she described a peer-to-peer imaging network that, as of March 2004, SVPCo was planning to introduce. D. Reply at Long affidavit ¶ 4. Such a network was first tested on June 8, 2004, but no testing occurred in the Eastern District of Texas. Id. Moreover, such a network has not become operational anywhere in the United States. Id. This network would be used by a number of large banks' data centers, but SVPCo has no plans to include any data center in the Eastern District of Texas and has taken no steps to do so. Id. Ms. Long further asserts that she is not aware of any conduct by SVPCo that could be described as "making, using, selling, offering to sell, and/or importing, directly, contributorily, and/or by inducement" any products or services within the Eastern District of Texas. Id. at ¶ 5.

An article submitted by Datatreasury as an exhibit to their supplemental response that appeared on the "InformationWeek" website on September 3, 2004, states:

> Key Bank and J.P. Morgan Chase & Co. have inaugurated a check-image-sharing program using Image Exchange Network, an image exchange system owned and operated by Small Value Payments Co., a consortium of large banks. Key and Chase have concluded a two-month pilot and expect to increase the volume of images they exchange this year and next.
>
> Image Exchange Network enables banks of all sizes to clear and settle check images directly or through third parties such as the Federal Reserve. By allowing banks to create *digitized images of paper checks*, it eliminates the expense of physically transporting them between banks.

P. Suppl. Resp. at Ex. A. The article shows that SVPCo potentially performs infringing activities with J.P. Morgan Chase Bank, who is a defendant currently subject to personal jurisdiction and venue in this district for alleged patent infringement of the same '988 and '137 patents. Datatreasury

Corp. v. J.P. Morgan Chase. et al., Civil Action No. 5:02-CV-124-DF-CMC (E.D. Tex. filed June 5, 2002). The article also shows that SVPCo may have a commercial relationship with the Federal Reserve Bank that includes potentially infringing activities with regard to the claims of the '988 and '137 patents.

Accepting the allegations in Datatreasury's complaint as true and resolving the factual conflicts in the affidavits and the documentation attached to those affidavits in Datatreasury's favor, the court finds Datatreasury's allegations to be uncontroverted. The court also finds that sufficient evidence has been presented to find that: (1) SVPCo purposefully directed its infringing activities at the Eastern District of Texas through its affiliation with J.P. Morgan Chase and the Federal Reserve; (2) Datatreasury's patent infringement claims arise out of SVPCo's activities; and (3) due to SVPCo's potentially infringing activities in this district, assertion of personal jurisdiction over SVPCo would be "reasonable and fair."

For these reasons, the court finds it has specific jurisdiction over SVPCo.

## II.  GENERAL JURISDICTION

Even if SVPCo's contacts with the Eastern District of Texas are not directly related to Datatreasury's cause of action for patent infringement, they will still suffice to establish general jurisdiction if they are sufficiently "continuous and systematic" to support a reasonable exercise of jurisdiction. Helicopteros, 466 U.S. at 415-16. Such unrelated contacts must be "substantial" to support general jurisdiction. Wilson, 20 F.3d at 649.

Datatreasury claims that "[p]ersonal jurisdiction exists generally over SVPCo pursuant to 28 U.S.C. § 1391 because it has sufficient minimum contact[s] with the forum as a result of business conducted within the State of Texas and within this district." Compl. at ¶ 4. However, even

accepting as true the allegations in Datatreasury's complaint, the court cannot resolve the foregoing factual conflicts in the affidavits and attached documentation in Datatreasury's favor. Insufficient evidence has been presented to find that SVPCo's contacts with the Eastern District of Texas are adequately continuous and systematic to support a reasonable exercise of general jurisdiction over it. Therefore, even though the court finds it has specific jurisdiction over SVPCo, it cannot find that it has general jurisdiction over SVPCo.

### III. FAIR PLAY AND SUBSTANTIAL JUSTICE

The exercise of specific personal jurisdiction over SVPCo in this district comports with the requirements of fair play and substantial justice because: (1) the burden on SVPCo is small given its directed activities at the Eastern District of Texas, SVPCo's availment of the protection of Texas laws, and the reasonable foreseeablity of SVPCo being haled into court in the Eastern District of Texas based on its national and affiliated activities in the district; (2) the district has an interest in pursuing potential patent infringers in its jurisdiction; (3) Datatreasury has chosen this forum to secure relief from SVPCo's alleged infringing activities; (4) pursuing the instant action in this district alleviates another federal district court from having to resolve the dispute; and (5) exercising personal jurisdiction in this district will help preserve the integrity of the patent system by ensuring the rights of inventors to be free from infringing activities by alleged infringers. Burger King, 471 U.S. at 476-77.

### CONCLUSION

Based on the foregoing analysis, the court finds venue in this case is proper in the Eastern District of Texas because the court has specific jurisdiction over SVPCo, which comports with the requirements of fair play and substantial justice. However, the court finds it does not have general

Page 13 of 14

jurisdiction over defendant SVPCo due to a lack of evidence of continuous and systematic contacts by SVPCo in the district.

Therefore, the court **ORDERS** that defendant Small Value Payment Company's Motion to Dismiss for Improper Venue (Dkt No. 2), filed June 1, 2004, is **DENIED**.

**SIGNED** this 16th day of November 2004.

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE