# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **DATA TREASURY CORPORATION,** | |
| **Plaintiff** | |
| v. | 2:06-CV-72 DF |
| **WELLS FARGO & CO., et al.,** | |
| **Defendant** | |

## BANK OF AMERICA CORPORATION'S ANSWER TO DATA TREASURY CORPORATION'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1.      Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 1 and therefore denies the same.

2.      Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 2 and therefore denies the same.

3.      Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 3 and therefore denies the same.

4.      Bank of America Corp. admits that Bank of America Corp. maintains its principal place of business at Bank of America Center, 100 North Tryon Street, North Carolina 28255. Bank of America Corp. is a holding company and conducts no "banking" activities in Texas. Bank of America Corp. admits that it can be served with process through its registered Agent for Service, CT Corporation System, located at 350 N. St. Paul Street, Dallas, Texas 75201. Bank of America Corp. further denies that is has committed any "infringing" activities. Bank of America Corp. lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 4 and therefore denies the same.

**BANK OF AMERICA CORPORATION'S ANSWER TO DATA TREASURY CORPORATION'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** – Page 1

5. Bank of America Corp. denies that Bank of America, National Association is a banking subsidiary of Bank of America Corp. Bank of America Corp. admits that Bank of America, N.A. can be served through its registered agent for service, CT Corporation System, located at 350 N. St. Paul Street, Dallas, Texas 75201. Bank of America Corp. further denies that is has committed any "infringing" activities. Bank of America Corp. lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 5 and therefore denies the same.

6. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 6 and therefore denies the same.

7. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 7 and therefore denies the same.

8. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 8 and therefore denies the same.

9. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 9 and therefore denies the same.

10. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 10 and therefore denies the same.

11. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 11 and therefore denies the same.

12. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 12 and therefore denies the same.

13. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 13 and therefore denies the same.

14. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 14 and therefore denies the same.

15. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 15 and therefore denies the same.

16. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

17. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 17 and therefore denies the same.

18. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 18 and therefore denies the same.

19. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 19 and therefore denies the same.

20. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 20 and therefore denies the same.

21. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 21 and therefore denies the same.

22. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 22 and therefore denies the same.

23. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 23 and therefore denies the same.

24. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 24 and therefore denies the same.

25. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 25 and therefore denies the same.

26. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 26 and therefore denies the same.

27. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 27 and therefore denies the same.

28. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 28 and therefore denies the same.

29. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 29 and therefore denies the same.

30. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 30 and therefore denies the same.

31. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 31 and therefore denies the same.

32. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 32 and therefore denies the same.

33. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 33 and therefore denies the same.

34. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 34 and therefore denies the same.

35. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 35 and therefore denies the same.

36. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 36 and therefore denies the same.

37. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 37 and therefore denies the same.

38. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 38 and therefore denies the same.

39. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 39 and therefore denies the same.

40. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 40 and therefore denies the same.

41. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 41 and therefore denies the same.

42. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 42 and therefore denies the same.

43. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 43 and therefore denies the same.

44. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 44 and therefore denies the same.

45. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 45 and therefore denies the same.

46. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 46 and therefore denies the same.

47. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 47 and therefore denies the same.

48. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 48 and therefore denies the same.

49. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 49 and therefore denies the same.

50. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 50 and therefore denies the same.

51. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 51 and therefore denies the same.

52. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 52 and therefore denies the same.

53. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 53 and therefore denies the same.

54. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 54 and therefore denies the same.

55. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 55 and therefore denies the same.

56. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 56 and therefore denies the same.

57. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 57 and therefore denies the same.

58. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegations of Paragraph 58 and therefore denies the same.

59. Bank of America Corp. admits that the Complaint includes patent infringement claims that arise under the patent laws of the United States codified in Title 35. Bank of America Corp. admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 and 35 U.S.C. § 271 *et seq*.

60. Bank of America Corp. denies that personal jurisdiction exists pursuant to 28 U.S.C. § 1391, which concerns venue, and also denies that personal jurisdiction exists over Bank of America Corp. in Texas. Bank of America Corp. is a holding company that conducts no business in Texas. Bank of America Corp. denies that it has committed acts of patent infringement, either directly or indirectly (by contributory infringement or inducement of infringement), in the State of Texas or in the Eastern District of Texas. Bank of America Corp. maintains that it has never engaged in any activity that could reasonably be alleged to have infringed any patent owned by or assigned to Data Treasury. Bank of America Corp. is without sufficient knowledge to confirm or deny the allegations of paragraph 60 as to any other party and therefore denies the same.

61. Bank of America Corp. denies that venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), (c), & (d) and § 1400(b). Bank of America Corp. is a holding company that conducts no business in Texas. Bank of America Corp. denies that venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(d), which provides venue rules for aliens. Bank of America Corp. further denies that venue is proper in the Eastern District of Texas due to any other litigation. Bank of America Corp. further denies that it has committed any infringing activities. Bank of America Corp. is without sufficient knowledge to

confirm or deny the allegations of paragraph 61 as to any other party and therefore denies the same.

62.  Bank of America Corp. denies that it is a current user of Viewpointe Archive Services. Bank of America Corp. further denies that it has an ownership stake in Viewpointe Archive Services. Bank of America Corp. is without sufficient knowledge to confirm or deny the allegations of paragraph 62 as to any other party and therefore denies the same.

63.  Data Treasury has not asserted that Bank of America Corp. infringes United States Patent No. 5,910,988 ("the '988 Patent") and/or United States Patent No. 6,032,137 ("the '137 Patent") in the instant case. Nonetheless, Bank of America Corp. denies that it has committed any infringing activities with relation to the products and services of Viewpointe Archive Services in this or in any other District. Therefore, Bank of America Corp. denies that it is subject to personal jurisdiction as a member of the Viewpointe Defendant Group for any alleged infringing activities in relation to the products and services of Viewpointe Archive Services. Bank of America Corp. is without sufficient knowledge to confirm or deny the allegations of paragraph 63 as to any other party and therefore denies the same.

64.  Bank of America Corp. denies that it is a current user of and further denies any ownership stake in an entity called "Small Value Payments Company, LLC." Bank of America Corp. also denies that it is a current user of and further denies that it has an ownership stake in The Clearing House Payments Company, LLC. Bank of America Corp. is without sufficient knowledge to confirm or deny the allegations of paragraph 64 as to any other party and therefore denies the same.

65.  Bank of America Corp. denies that it has committed any infringing activities with relation to the products and services of an entity called "Small Value Payments Co., LLC."

Bank of America Corp. further denies that it has committed any infringing activities with relation to the products and services of The Clearing House Payments Company, LLC. Bank of America Corp. is without sufficient knowledge to confirm or deny the allegations of paragraph 65 that this Court has determined by a previous order that an entity called "Small Value Payments Co., LLC," is subject to this Court's jurisdiction and therefore denies the same. Bank of America Corp. denies that it has authorized, participated in, or facilitated transactions occurring in whole or in part within this District that, in whole or in part, infringe the patents asserted against it by Data Treasury. Bank of America Corp. is without sufficient knowledge to confirm or deny the allegations of paragraph 65 as to any other party and therefore denies the same.

66. Data Treasury has not asserted that Bank of America Corp. infringes the '988 patent in the instant case. Nonetheless, Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegation that Data Treasury is the owner as assignee of all rights, title and interest in the '988 Patent. Bank of America Corp. denies that the '988 Patent was duly and legally issued but admits that the face of the '988 Patent indicates that it was issued on June 8, 1999. Claudio Ballard is the named inventor, and the title is "Remote Image Capture with Centralized Processing and Storage."

67. Data Treasury has not asserted that Bank of America Corp. infringes the '137 patent in the instant case. Nonetheless, Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegation that Data Treasury is the owner as assignee of all rights, title and interest in the '137 Patent. Bank of America Corp. denies that the '137 Patent was duly and legally issued but admits that the face of the '137 Patent indicates that it was issued on February 29, 2000. Claudio Ballard is the named inventor, and the title is "Remote Image Capture with Centralized Processing and Storage."

68. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegation that Data Treasury is the owner as assignee of all rights, title and interest in United States Patent No. 5,265,007 ("the '007 Patent"). Bank of America Corp. denies that the '007 Patent was duly and legally issued but admits that the face of the '007 Patent indicates that it was issued on November 23, 1993. John L. Barnhard, Jr., Thomas K. Bowen, Terry L. Geer, and John W. Liebersbach are the named inventors and the title is "Central Check Clearing System."

69. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegation that Data Treasury is the owner as assignee of all rights, title and interest in United States Patent No. 5,583,759 ("the '759 Patent"). Bank of America Corp. denies that the '759 Patent was duly and legally issued but admits that the face of the '759 Patent indicates that it was issued on December 10, 1996. Terry L. Geer is the named inventor and the title is "Mechanism for Expediting the Deposit, Transport, and Submission of Checks Into the Payment System."

70. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegation that Data Treasury is the owner as assignee of all rights, title and interest in United States Patent No. 5,717,868 ("the '868 Patent"). Bank of America Corp. denies that the '868 Patent was duly and legally issued but admits that the face of the '868 Patent indicates that it was issued on February 10, 1998. David L. James is the named inventor and the title is "Electronic Payment Interchange Concentrator."

71. Bank of America Corp. lacks knowledge sufficient to confirm or deny the allegation that Data Treasury is the owner as assignee of all rights, title and interest in United States Patent No. 5,930,778 ("the '778 Patent"). Bank of America Corp. denies that the '778 Patent was duly and legally issued but admits that the face of the '778 Patent indicates that it was issued on July 27, 1999. Terry L. Geer is the named inventor and the title is "System For

Expediting the Clearing of Financial Instruments and Coordinating the Same With Invoice Processing At the Point of Receipt."

72. Bank of America Corp. denies that this is an exceptional case within the meaning of 35 U.S.C. § 285.

73. Bank of America Corp. need not respond to paragraph 73 as it does not apply to Bank of America Corp. Bank of America Corp is without sufficient knowledge to confirm or deny the allegations of this paragraph as to any other parties and therefore denies the same.

74. Bank of America Corp. need not respond to paragraph 74 as it does not apply to Bank of America Corp. Bank of America Corp is without sufficient knowledge to confirm or deny the allegations of this paragraph as to any other parties and therefore denies the same.

75. Bank of America Corp. need not respond to paragraph 75 as it does not apply to Bank of America Corp. Bank of America Corp is without sufficient knowledge to confirm or deny the allegations of this paragraph as to any other parties and therefore denies the same.

76. Defendant Bank of America Corp. admits that Data Treasury Corp. has asserted another action against it regarding the '988 Patent but denies any infringement, willful or otherwise. Defendant Bank of America Corp. is without sufficient knowledge to confirm or deny the remaining allegations and therefore denies the same.

77. Bank of America Corp. need not respond to paragraph 77 as it does not apply to Bank of America Corp. Bank of America Corp is without sufficient knowledge to confirm or deny the allegations of this paragraph as to any other parties and therefore denies the same.

78. Bank of America Corp. need not respond to paragraph 78 as it does not apply to Bank of America Corp. Bank of America Corp is without sufficient knowledge to confirm or deny the allegations of this paragraph as to any other parties and therefore denies the same.

79. Bank of America Corp. need not respond to paragraph 79 as it does not apply to Bank of America Corp. Bank of America Corp is without sufficient knowledge to confirm or deny the allegations of this paragraph as to any other parties and therefore denies the same.

80. Defendant Bank of America Corp. admits that Data Treasury Corp. has asserted another action against it regarding the '137 Patent but denies any infringement, willful or otherwise. Defendant Bank of America Corp. is without sufficient knowledge to confirm or deny the remaining allegations and therefore denies the same.

81. Bank of America Corp. denies that it has been or is infringing the '007 Patent in any way whether directly, contributorily, and/or by inducement. Bank of America Corp. further denies that Data Treasury Corp. is entitled to any injunctive relief against Bank of America Corp. Bank of America Corp. is without sufficient knowledge to confirm or deny the remaining allegations of paragraph 81 and therefore denies the same.

82. Bank of America Corp. again denies that it has been or is infringing the '007 Patent in any way. Bank of America Corp. is without sufficient knowledge to confirm or deny these allegations as to the remaining defendants and therefore denies the same.

83. Bank of America Corp. denies that it has been or is infringing the '007 Patent in any way, willfully or otherwise. Bank of America Corp. is without sufficient knowledge to confirm or deny these allegations as to the remaining defendants and therefore denies the same.

84. Bank of America Corp. denies that it has been or is infringing the '759 Patent in any way whether directly, contributorily, and/or by inducement. Bank of America Corp. further denies that Data Treasury Corp. is entitled to any injunctive relief against Bank of America Corp. Bank of America Corp. is without sufficient knowledge to confirm or deny the remaining allegations of paragraph 84 and therefore denies the same.

85. Bank of America Corp. again denies that it has been or is infringing the '759 Patent in any way. Bank of America Corp. is without sufficient knowledge to confirm or deny these allegations as to the remaining defendants and therefore denies the same.

86. Bank of America Corp. denies that it has been or is infringing the '759 Patent in any way, willfully or otherwise. Bank of America Corp. is without sufficient knowledge to confirm or deny these allegations as to the remaining defendants and therefore denies the same.

87. Bank of America Corp. denies that it has been or is infringing the '868 Patent in any way whether directly, contributorily, and/or by inducement. Bank of America Corp. further denies that Data Treasury Corp. is entitled to any injunctive relief against Bank of America Corp. Bank of America Corp. is without sufficient knowledge to confirm or deny the remaining allegations of paragraph 87 and therefore denies the same.

88. Bank of America Corp. again denies that it has been or is infringing the '868 Patent in any way. Bank of America Corp. is without sufficient knowledge to confirm or deny these allegations as to the remaining defendants and therefore denies the same.

89. Bank of America Corp. denies that it has been or is infringing the '868 Patent in any way, willfully or otherwise. Bank of America Corp. is without sufficient knowledge to confirm or deny these allegations as to the remaining defendants and therefore denies the same.

90. Bank of America Corp. denies that it has been or is infringing the '778 Patent in any way whether directly, contributorily, and/or by inducement. Bank of America Corp. further denies that Data Treasury Corp. is entitled to any injunctive relief against Bank of America Corp. Bank of America Corp. is without sufficient knowledge to confirm or deny the remaining allegations of paragraph 90 and therefore denies the same.

91. Bank of America Corp. again denies that it has been or is infringing the '778 Patent in any way. Bank of America Corp. is without sufficient knowledge to confirm or deny these allegations as to the remaining defendants and therefore denies the same.

92. Bank of America Corp. denies that it has been or is infringing the '778 Patent in any way, willfully or otherwise. Bank of America Corp. is without sufficient knowledge to confirm or deny these allegations as to the remaining defendants and therefore denies the same.

93. Bank of America Corp. ask that the Court deny any and all relief requested in the paragraph entitled "PRAYER FOR RELIEF."

## AFFIRMATIVE DEFENSES

Bank of America Corp.'s Affirmative Defenses are listed below. Bank of America Corp. reserves the right to amend its Answer to add Affirmative Defenses, including inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

94. Bank of America Corp. does not infringe, and has not infringed (either directly, contributorily or by inducement), any claim of the '007, '759, '868, '778 Patents. Bank of America Corp. does not include the '988 and '137 patents in this defense because Data Treasury does not assert these patents against Bank of America in this litigation and Bank of America Corp. asserts this defense as to the '988 and '137 patents in other litigation.

## SECOND DEFENSE

95. The '007, '759, '868, '778 Patents are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 102. Bank of America Corp. does not include the '988 and '137 patents in this defense because Data Treasury does not assert

these patents against Bank of America in this litigation and Bank of America Corp. asserts this defense as to the '988 and '137 patents in other litigation.

## THIRD DEFENSE

96. The '007, '759, '868, '778 Patents are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 103. Bank of America Corp. does not include the '988 and '137 patents in this defense because Data Treasury does not assert these patents against Bank of America in this litigation and Bank of America Corp. asserts this defense as to the '988 and '137 patents in other litigation.

## FOURTH DEFENSE

97. The '007, '759, '868, '778 Patents are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 112. Bank of America Corp. does not include the '988 and '137 patents in this defense because Data Treasury does not assert these patents against Bank of America in this litigation and Bank of America Corp. asserts this defense as to the '988 and '137 patents in other litigation.

## FIFTH DEFENSE

98. Data Treasury Corp.'s claims against Bank of America Corp. are barred by the doctrines of laches and/or equitable estoppel.

## SIXTH DEFENSE

99. To the extent that Data Treasury, and predecessors in interest to the '007, '759, '868, or '778 Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Bank of America Corp.'s actions allegedly infringed the '007, '759, '868, or '778 Patents, Bank of America Corp. is not liable to Data Treasury for the acts alleged to have been performed before Bank of America Corp. received

actual notice that it was allegedly infringing the '007, '759, '868, or '778 Patents. Bank of America Corp. does not include the '988 and '137 patents in this defense because Data Treasury does not assert these patents against Bank of America in this litigation and Bank of America Corp. asserts this defense as to the '988 and '137 patents in other litigation.

## SEVENTH DEFENSE

100.  To the extent that Data Treasury asserts that Bank of America Corp. indirectly infringes, either by contributory infringement or inducement infringement, Bank of America Corp. is not liable to Data Treasury for the acts alleged to have been performed before Bank of America Corp. knew that its actions would cause indirect infringement.

## EIGHTH DEFENSE

101.  Bank of America Corp., upon information and belief, is entitled to a license and/or partial ownership of the '007, '759, '868 and '778 Patents due to the participation of its predecessor-in-interest, the Bank of Boston, in the Financial Services Technology Consortium ("FSTC") during the development of the technology disclosed in the '007, '759, '868 and '778 Patents.

## JURY DEMAND

Bank of America Corp. hereby demands trial by jury on all issues.

Dated: February 16, 2007

Respectfully submitted,

FISH & RICHARDSON P.C.

By: /s/Thomas M. Melsheimer
    Thomas M. Melsheimer
    Texas State Bar No. 13922550
    1717 Main Street
    Suite 5000
    Dallas, TX 75201
    214-747-5070 (Telephone)
    214-747-2091 (Telecopy)

    Robert E. Hillman
    Fish & Richardson P.C.
    225 Franklin Street
    Boston, MA 02110-2804
    617-542-5070 (Telephone)
    617-542-8906 (Telecopy)

    Robert M. Parker
    Robert Christopher Bunt
    Parker & Bunt, P.C.
    100 E. Ferguson, Suite 1114
    Tyler, Texas 75702
    (903) 531-3535 (Telephone)
    (903) 533-9687 (Telecopy)

    Michael E. Jones
    Texas Bar No. 10929400
    E. Glenn Thames, Jr.
    Texas Bar No. 00785097
    Potter Minton
    500 Plaza Tower
    110 North College, Suite 500
    Tyler, TX 75702

    Counsel for Defendants and Counter-Claimants
    BANK OF AMERICA CORPORATION,
    BANK OF AMERICA, NATIONAL
    ASSOCIATION

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 16, 2007 to all counsel of record pursuant to the Court's CM/ECF system.

                                          /s/Thomas M. Melsheimer
                                            Thomas M. Melsheimer

90176258.doc