IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORTION | § | |
| *Plaintiff/Counter-Defendant* | § | |
| | § | |
| vs. | § | No. 2:06cv72 (DF) |
| | § | Jury Trial Demanded |
| WELLS FARGO & COMPANY; | § | |
| WELLS FARGO BANK, NATIONAL | § | |
| ASSOCIATION | § | |
| *Defendants/Counter-Plaintiff* | § | |

# DATATREASURY'S ANSWER TO UNION BANK OF CALIFORNIA, NATIONAL ASSOCIATION'S COUNTERCLAIMS

Plaintiff/Counter-Defendant DataTreasury Corporation hereby files its Answer to Union Bank of California, N.A.'s ("UBoC") Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement and in support thereof, states as follows:

## JURISDICTION AND VENUE

1.   Plaintiff/Counter-Defendant admits the allegations contained in paragraphs 99 thru 103 of UBoC's Counterclaim.

## THE PARTIES

2.   Plaintiff/Counter-Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 104 of UBoC's Counterclaim.

3.   Plaintiff/Counter-Defendant admits the allegations in paragraphs 105 thru 107 of BNY's Counterclaim.

## COUNTERCLAIM ONE:  INVALIDITY OF THE '007 PATENT

4.     In paragraph 108 of Defendant's Counterclaim, UBoC has incorporated Paragraphs 93 through 98 of Defendant's Answer which are affirmative defenses by Defendant UBoC for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant.  However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 93 through 98 as denied.

5.     Plaintiff/Counter-Defendant denies the allegations contained in paragraph 109 of UBoC's Counterclaim.

## COUNTERCLAIM TWO:  NON-INFRINGEMENT OF THE '007 PATENT

6     In paragraph 110 of Defendant's Counterclaim, UBoC has incorporated Paragraphs 93 through 98 of Defendant's Answer which are affirmative defenses by Defendant UBoC for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant.  However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 93 through 98 as denied.

7.     Plaintiff/Counter-Defendant denies the allegations contained in paragraph 111 of UBoC's Counterclaim.

## COUNTERCLAIM THREE:  INVALIDITY OF THE '868 PATENT

8.     In paragraph 112 of Defendant's Counterclaim, UBoC has incorporated Paragraphs 93 through 98 of Defendant's Answer which are affirmative defenses by Defendant UBoC for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant.  However, in the event any response would be

required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 93 through 98 as denied.

9.  Plaintiff/Counter-Defendant denies the allegations contained in paragraph 113 of UBoC's Counterclaim.

## COUNTERCLAIM FOUR: NON-INFRINGEMENT OF THE '868 PATENT

10. In paragraph 114 of Defendants' Counterclaim, UBoC has incorporated Paragraphs 93 through 98 of Defendant's Answer which are affirmative defenses by Defendant UBoC for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant. However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 93 through 98 as denied.

11. Plaintiff/Counter-Defendant denies the allegations contained in paragraph 115 of UBoC's Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Counter-Defendant prays for judgment against Defendants/Counter-Plaintiffs as follows:

    A.    For judgment dismissing the counterclaims with prejudice;

    B.    For a declaration that this is an exceptional case, and an award to Plaintiff/Counter-Defendant of its costs and attorneys' fees incurred herein;

    C.    An award of the costs of this action; and

D.    That Plaintiff/Counter-Defendant be awarded such other and further relief as the Court may deem just and proper, including all relief requested in Plaintiff's Complaint.

Respectfully submitted,

_____/S/_____
**EDWARD L. VON HOHN**, Attorney in Charge
State Bar No. 09813240
**ROD COOPER**
State Bar No. 90001628
**EDWARD CHIN**
STATE BAR NO. 50511688
 **NIX PATTERSON & ROACH LLP**
5215 N. O'Connor Blvd. Ste. 1900
Irving, Texas  75039
972.831.1188 (telephone)
972.692.5445 (facsimile)
edhohn@nixlawfirm.com
rodcooper@nixlawfrm.com
edchin@nixlawfirm.com

**C. CARY PATTERSON**
State Bar No. 15587000
**BRADY PADDOCK**
State Bar No. 00791394
**ANTHONY BRUSTER**
State Bar No. 24036280
**R. BENJAMIN KING**
State Bar No. 24048592
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas  75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
akbruster@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

**JOE KENDALL**
State Bar No. 11260700
**KARL RUPP**
State Bar No. 24035243
**PROVOST * UMPHREY, L.L.P.**
3232 McKinney Avenue, Ste. 700
Dallas, Texas  75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@provostumphrey.com
krupp@provostumphrey.com

**ERIC M. ALBRITTON**
State Bar ;No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas  75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com

**T. JOHN WARD, JR.**
State Bar No. 00794818
**LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231
Longview, Texas  75601
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT, DATATREASURY CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record, via CM/ECF, on the 1st day of March, 2007.

_____/S/_____
Edward Lewis von Hohn