IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORTION | § | |
|     *Plaintiff/Counter-Defendant* | § | |
| | § | |
| vs. | § | No. 2:06cv72 (DF) |
| | § | Jury Trial Demanded |
| WELLS FARGO & COMPANY; | § | |
| WELLS FARGO BANK, NATIONAL | § | |
| ASSOCIATION | § | |
|     *Defendants/Counter-Plaintiff* | § | |

## DATATREASURY'S ANSWER TO WACHOVIA CORPORATION AND WACHOVIA BANK NATIONAL ASSOCIATION'S COUNTERCLAIMS

Plaintiff/Counter-Defendant DataTreasury Corporation hereby files its Answer to Wachovia Corporation's and Wachovia Bank National Association's (collectively "Wachovia"), Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement and in support thereof, states as follows:

### COUNTERCLAIM

1. Plaintiff/Counter-Defendant denies that Wachovia Bank, N.A. is entitled to a declaration of non-infringement as to the '007, '759, '868 and '778 Patents as alleged in paragraph 1 of Wachovia's Counterclaim.

2. Plaintiff/Counter-Defendant denies that Wachovia Bank N.A. is entitled to a declaration of invalidity as to the '007, '759, '868, and '778 Patents as alleged in paragraph 2 of Wachovia's Counterclaim.

### JURISDICTION AND VENUE

3. Plaintiff/Counter-Defendant admits the allegations contained in paragraph 3 of Wachovia's Counterclaim.

4.      Plaintiff/Counter-Defendant admits the allegations contained in paragraph 4 of Wachovia's Counterclaim.

## THE PARTIES

5.      Plaintiff/Counter-Defendant can neither admit or deny that Wachovia is a national banking association authorized to do business under the laws of the United States as alleged in paragraph 5 of Wachovia's Counterclaim.  Plaintiff/Counter-Defendant admits that DataTreasury is a Delaware corporation with is principal place of business at 101 East Park Boulevard, #600, Plano, Texas  75074, as alleged in paragraph 5 of Wachovia's Counterclaim.

## COUNT 1

(Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

6.      Plaintiff/Counter-Defendant admits the allegations contained in paragraphs  6 thru 7 of Wachovia's Counterclaim.

7.      Plaintiff/Counter-Defendant denies that Wachovia is entitled to a Declaratory Judgment of Non-Infringement, as to the '007 Patent as alleged in paragraphs 8 thru 9 of the first counterclaim of Wachovia's Counterclaim.

## COUNT II

(Declaratory Judgment of Non-Infringement, 28. U.S.C. §§ 2201-2202)

8.      Plaintiff/Counter-Defendant admits the allegations contained in paragraphs  10 thru 11 of Wachovia's Counterclaim.

9.      Plaintiff/Counter-Defendant denies that Wachovia is entitled to a Declaratory Judgment of Non-Infringement, as to the '759 Patent as alleged in paragraphs 12 thru 13 of the second counterclaim of Wachovia's Counterclaim.

### COUNT III

(Declaratory Judgment of Non-Infringement, 28. U.S.C. §§ 2201-2202)

10.     Plaintiff/Counter-Defendant admits the allegations contained in paragraphs 14 thru 15 of Wachovia's Counterclaim.

11.     Plaintiff/Counter-Defendant denies that Wachovia is entitled to a Declaratory Judgment of Non-Infringement, as to the '868 Patent as alleged in paragraphs 16 thru 17 of the third counterclaim of Wachovia's Counterclaim.

### COUNT IV

(Declaratory Judgment of Non-Infringement, 28. U.S.C. §§ 2201-2202)

12.     Plaintiff/Counter-Defendant admits the allegations contained in paragraphs 18 thru 19 of Wachovia's Counterclaim.

13.     Plaintiff/Counter-Defendant denies that Wachovia is entitled to a Declaratory Judgment of Non-Infringement, as to the '778 Patent as alleged in paragraphs 20 thru 21 of the fourth counterclaim of Wachovia's Counterclaim.

### COUNT V

(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

14.     Plaintiff/Counter-Defendant admits that it has alleged that Wachovia Bank, N.A. has infringed, contributed to the infringement of, or induced others to infringe the '007 Patent as alleged in paragraph 22 of the fifth counterclaim of Wachovia's Counterclaim.

Plaintiff/Counter-Defendant denies that some or all of the claims of the '007 Patent are invalid as alleged in paragraph 22 of the fifth counterclaim of Wachovia's Counterclaim.

15. Plaintiff/Counter-Defendant admits the allegations contained in paragraph 23 of the fifth counterclaim of Wachovia's Counterclaim.

16. Plaintiff/Counter-Defendant denies that Wachovia is entitled to a Declaratory Judgment of Invalidity, as to the '007 Patent as alleged in paragraphs 24 thru 25 of the fifth counterclaim of Wachovia's Counterclaim.

## COUNT VI

(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

17. Plaintiff/Counter-Defendant admits that it has alleged that Wachovia has infringed, contributed to the infringement of, or induced others to infringe the '759 Patent as alleged in paragraph 26 of the sixth counterclaim of Wachovia's Counterclaim. Plaintiff/Counter-Defendant denies that some or all of the claims of the '759 Patent are invalid as alleged in paragraph 26 of the sixth counterclaim of Wachovia's Counterclaim.

18. Plaintiff/Counter-Defendant admits the allegations contained in paragraph 27 of the sixth counterclaim of Wachovia's Counterclaim.

19. Plaintiff/Counter-Defendant denies that Wachovia is entitled to a Declaratory Judgment of Invalidity, as to the '759 Patent as alleged in paragraphs 28 thru 29 of the sixth counterclaim of Wachovia's Counterclaim.

## COUNT VII

(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

20. Plaintiff/Counter-Defendant admits that it has alleged that Wachovia has infringed, contributed to the infringement of, or induced others to infringe the '868 Patent

as alleged in paragraph 30 of the seventh counterclaim of Wachovia's Counterclaim. Plaintiff/Counter-Defendant denies that some or all of the claims of the '868 Patent are invalid as alleged in paragraph 30 of the seventh counterclaim of Wachovia's Counterclaim.

21. Plaintiff/Counter-Defendant admits the allegations contained in paragraph 31 of the seventh counterclaim of Wachovia's Counterclaim.

22. Plaintiff/Counter-Defendant denies that Wachovia is entitled to a Declaratory Judgment of Invalidity, as to the '868 Patent as alleged in paragraphs 32 thru 33 of the seventh counterclaim of Wachovia's Counterclaim.

## COUNT VIII

(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

22. Plaintiff/Counter-Defendant admits that it has alleged that Wachovia has infringed, contributed to the infringement of, or induced others to infringe the '778 Patent as alleged in paragraph 34 of the eighth counterclaim of Wachovia's Counterclaim. Plaintiff/Counter-Defendant denies that some or all of the claims of the '778 Patent are invalid as alleged in paragraph 34 of the eighth counterclaim of Wachovia's Counterclaim.

23. Plaintiff/Counter-Defendant admits the allegations contained in paragraph 35 of the eighth counterclaim of Wachovia's Counterclaim.

24. Plaintiff/Counter-Defendant denies that Wachovia is entitled to a Declaratory Judgment of Invalidity, as to the '778 Patent as alleged in paragraphs 36 thru 37 of the eighth counterclaim of Wachovia's Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Counter-Defendant prays for judgment against Defendants/Counter-Plaintiffs as follows:

A. For judgment dismissing the counterclaims with prejudice;

B. For a declaration that this is an exceptional case, and an award to Plaintiff/Counter-Defendant of its costs and attorneys' fees incurred herein;

C. An award of the costs of this action; and

D. That Plaintiff/Counter-Defendant be awarded such other and further relief as the Court may deem just and proper, including all relief requested in Plaintiff's Complaint.

Respectfully submitted,

_____/S/_____
**EDWARD L. VON HOHN**, Attorney in Charge
State Bar No. 09813240
**ROD COOPER**
State Bar No. 90001628
**EDWARD CHIN**
STATE BAR NO. 50511688
 **NIX PATTERSON & ROACH LLP**
5215 N. O'Connor Blvd. Ste. 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.692.5445 (facsimile)
edhohn@nixlawfirm.com
rodcooper@nixlawfrm.com
edchin@nixlawfirm.com

**C. Cary Patterson**
State Bar No. 15587000
**Brady Paddock**
State Bar No. 00791394
**Anthony Bruster**
State Bar No. 24036280
**R. Benjamin King**
State Bar No. 24048592
**Nix Patterson & Roach L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas  75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
akbruster@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

**Joe Kendall**
State Bar No. 11260700
**Karl Rupp**
State Bar No. 24035243
**Provost * Umphrey, l.l.p.**
3232 McKinney Avenue, Ste. 700
Dallas, Texas  75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@provostumphrey.com
krupp@provostumphrey.com

**Eric M. Albritton**
State Bar ;No. 00790215
**Albritton Law Firm**
P.O. Box 2649
Longview, Texas  75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com

**T. John Ward, Jr.**
State Bar No. 00794818
**Law Office of T. John Ward, Jr.**
P.O. Box 1231
Longview, Texas  75601
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT,DATATREASURY CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record, via CM/ECF, on the 1st day of March, 2007.

_____/S/_____
Edward Lewis von Hohn