IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORTION | § | |
|     *Plaintiff/Counter-Defendant* | § | |
| | § | |
| vs. | § | No. 2:06cv72 (DF) |
| | § | Jury Trial Demanded |
| WELLS FARGO & COMPANY; | § | |
| WELLS FARGO BANK, NATIONAL | § | |
| ASSOCIATION | § | |
|     *Defendants/Counter-Plaintiff* | § | |

**DATATREASURY'S ANSWER TO PNC FINANCIAL SERVICES GROUP, INC.'S AND PNC BANK, NATIONAL ASSOCIATION'S COUNTERCLAIMS**

Plaintiff/Counter-Defendant DataTreasury Corporation hereby files its Answer to PNC Financial Services Group, Inc.'s and PNC Bank, National Association's (collectively "PNC") Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement and in support thereof, states as follows:

1.      Plaintiff/Counter-Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 130 of PNC's Counterclaim.

2.      Plaintiff/Counter-Defendant admits the allegations contained in paragraph 131 of PNC's Counterclaim.

3.      Plaintiff/Counter-Defendant admits the allegations contained in paragraph 132 of PNC's Counterclaim.

4.      Plaintiff/Counter-Defendant admits the allegations contained in paragraph 133 of PNC's Counterclaim.

5.      Plaintiff/Counter-Defendant admits the allegations contained in paragraph 134 of PNC's Counterclaim.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of NonInfringement of U. S. Patent No, 5,265,007)

6.  In paragraph 135 of Defendants' Counterclaim, PNC has incorporated Paragraphs 94 through 129 of Defendant's Answer which are affirmative defenses by Defendant PNC for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant. However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 94 through 129 as denied.

7.  Plaintiff/Counter-Defendant denies the allegations contained in paragraph 136 of the first counterclaim of PNC's Counterclaims.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U. S. Patent No. 5,265,007)

8.  In paragraph 137 of Defendants' Counterclaim, PNC has incorporated Paragraphs 94 through 129 of Defendant's Answer which are affirmative defenses by Defendant PNC for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant. However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 94 through 129 as denied.

9.  Plaintiff/Counter-Defendant denies the allegations contained in paragraph 138 of the second counterclaim of PNC's Counterclaims.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Unenforceability of U. S. Patent No. 5,265,007)

10.     In paragraph 139 of Defendants' Counterclaim, PNC has incorporated Paragraphs 94 through 129 of Defendant's Answer which are affirmative defenses by Defendant PNC for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant.  However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 94 through 129 as denied.

11.     Plaintiff/Counter-Defendant denies the allegations contained in paragraph 140 of the third counterclaim of PNC's Counterclaims.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Noninfringement of U. S. Patent No. 5,717,868)

12.     In paragraph 141 of Defendants' Counterclaim, PNC has incorporated Paragraphs 94 through 129 of Defendant's Answer which are affirmative defenses by Defendant PNC for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant.  However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 94 through 129 as denied.

13.     Plaintiff/Counter-Defendant denies the allegations contained in paragraph 142 of the fourth counterclaim of PNC's Counterclaims.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U. S. Patent No. 5,717,868)

14.     In paragraph 143 of Defendants' Counterclaim, PNC has incorporated Paragraphs 94 through 129 of Defendant's Answer which are affirmative defenses by Defendant PNC for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant.  However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 94 through 129 as denied.

15.     Plaintiff/Counter-Defendant denies the allegations contained in paragraph 144 of the fifth counterclaim of PNC's Counterclaims.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Unenforceability of U. S. Patent No. 5,717,868)

16.     In paragraph 145 of Defendants' Counterclaim, PNC has incorporated Paragraphs 94 through 129 of Defendant's Answer which are affirmative defenses by Defendant PNC for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant.  However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 94 through 129 as denied.

17.     Plaintiff/Counter-Defendant denies the allegations contained in paragraph 146 of the sixth counterclaim of PNC's Counterclaims.

18.     Plaintiff/Counter-Defendant denies the allegations contained in paragraph 147 of the sixth counterclaim of PNC's Counterclaims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff/Counter-Defendant prays for judgment against Defendants/Counter-Plaintiffs as follows:

A. For judgment dismissing the counterclaims with prejudice;

B. For a declaration that this is an exceptional case, and an award to Plaintiff/Counter-Defendant of its costs and attorneys' fees incurred herein;

C. An award of the costs of this action; and

D. That Plaintiff/Counter-Defendant be awarded such other and further relief as the Court may deem just and proper, including all relief requested in Plaintiff's Complaint.

Respectfully submitted,

_____/S/_____
**EDWARD L. VON HOHN**, Attorney in Charge
State Bar No. 09813240
**ROD COOPER**
State Bar No. 90001628
**EDWARD CHIN**
STATE BAR NO. 50511688
 NIX PATTERSON & ROACH LLP
5215 N. O'Connor Blvd. Ste. 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.692.5445 (facsimile)
edhohn@nixlawfirm.com
rodcooper@nixlawfrm.com
edchin@nixlawfirm.com

**C. CARY PATTERSON**
State Bar No. 15587000
**BRADY PADDOCK**
State Bar No. 00791394
**ANTHONY BRUSTER**
State Bar No. 24036280
**R. BENJAMIN KING**
State Bar No. 24048592
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas  75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
akbruster@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

**JOE KENDALL**
State Bar No. 11260700
**KARL RUPP**
State Bar No. 24035243
**PROVOST * UMPHREY, L.L.P.**
3232 McKinney Avenue, Ste. 700
Dallas, Texas  75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@provostumphrey.com
krupp@provostumphrey.com


**ERIC M. ALBRITTON**
State Bar ;No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas  75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com

**T. JOHN WARD, JR.**
State Bar No. 00794818
**LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231
Longview, Texas  75601
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT,DATATREASURY CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record, via CM/ECF, on the 1st day of March, 2007.

_____/S/_____
Edward Lewis von Hohn