IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORTION | § | |
| *Plaintiff/Counter-Defendant* | § | |
| | § | |
| vs. | § | No. 2:06cv72 (DF) |
| | § | Jury Trial Demanded |
| WELLS FARGO & COMPANY; | § | |
| WELLS FARGO BANK, NATIONAL | § | |
| ASSOCIATION | § | |
| *Defendants/Counter-Plaintiff* | § | |

## DATATREASURY'S ANSWER TO DEUTSCHE BANK TRUST COMPANY AMERICA'S COUNTERCLAIMS

Plaintiff/Counter-Defendant DataTreasury Corporation hereby files its Answer to Deutsche Bank Trust Company America's ("Deutsche Bank") Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement and in support thereof, states as follows:

1. In paragraph 100 of Defendants' Counterclaim, Deutsche Bank has incorporated Paragraphs 93 through 99 of Defendant's Answer which are affirmative defenses by Defendant Deutsche Bank for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant. However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 93 through 99 as denied.

2. Plaintiff/Counter-Defendant admits the allegations contained in paragraph 101 of Deutsche Bank's Counterclaim.

3. Plaintiff/Counter-Defendant admits the allegations contained in paragraph 102 of Deutsche Bank's Counterclaim.

4.     Plaintiff/Counter-Defendant admits the allegations contained in paragraph 103 of Deutsche Bank's Counterclaim.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of NonInfringement)

5.     In paragraph 104 of Defendants' Counterclaim, Deutsche Bank has incorporated Paragraphs 93 through 99 of Defendant's Answer which are affirmative defenses by Defendant Deutsche Bank for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant. However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 93 through 99 as denied.

6.     Plaintiff/Counter-Defendant denies the allegations contained in paragraph 105 of the first counterclaim of Deutsche Bank's Counterclaims.

7.     Plaintiff/Counter-Defendant denies the allegations contained in paragraph 106 of the first counterclaim of Deutsche Bank's Counterclaims.

8.     Plaintiff/Counter-Defendant denies the allegations contained in paragraph 107 of the first counterclaim of Deutsche Bank's Counterclaims.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

9.     In paragraph 108 of Defendants' Counterclaim, Deutsche Bank has incorporated Paragraphs 93 through 99 of Defendant's Answer which are affirmative defenses by Defendant Deutsche Bank for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant. However, in the event any response would be

required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 9. through 99 as denied.

10.    Plaintiff/Counter-Defendant denies the allegations contained in paragraph 109 of the second counterclaim of Deutsche Bank's Counterclaims.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Unenforceability)

11.    In paragraph 110 of Defendants' Counterclaim, Deutsche Bank has incorporated Paragraphs 93 through 99 of Defendant's Answer which are affirmative defenses by Defendant Deutsche Bank for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant.  However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 93 through 99 as denied.

12.    Plaintiff/Counter-Defendant denies the allegations contained in paragraph 111 of the third counterclaim of Deutsche Bank's Counterclaims.

## FOURTH COUNTERCLAIM

### (Laches and/or Statute of Limitations)

13.    In paragraph 112 of Defendants' Counterclaim, Deutsche Bank has incorporated Paragraphs 93 through 99 of Defendant's Answer which are affirmative defenses by Defendant Deutsche Bank for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant.  However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 93 through 99 as denied.

14.  Plaintiff/Counter-Defendant denies the allegations contained in paragraph 113 of the fourth counterclaim of Deutsche Bank's Counterclaims.

## FIFTH COUNTERCLAIM

### (Exceptional Case)

15.  In paragraph 114 of Defendants' Counterclaim, Deutsche Bank has incorporated Paragraphs 93 through 99 of Defendant's Answer which are affirmative defenses by Defendant Deutsche Bank for which Defendant has the burden of proof, and no response is required by Plaintiff/Counter-Defendant.  However, in the event any response would be required by Plaintiff/Counter-Defendant, DataTreasury Corporation responds to each of the affirmative defenses contained in paragraphs 93 through 99 as denied.

15.  Plaintiff/Counter-Defendant denies that Defendant Deutsche Bank is entitled to recover reasonable attorneys fees as alleged in paragraph 115 of the fifth counterclaim of Deutsche Bank's Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Counter-Defendant prays for judgment against Defendants/Counter-Plaintiffs as follows:

  A.  For judgment dismissing the counterclaims with prejudice;

  B.  For a declaration that this is an exceptional case, and an award to Plaintiff/Counter-Defendant of its costs and attorneys' fees incurred herein;

  C.  An award of the costs of this action; and

D.  That Plaintiff/Counter-Defendant be awarded such other and further relief as the Court may deem just and proper, including all relief requested in Plaintiff's Complaint.

Respectfully submitted,

_____/S/_____
**EDWARD L. VON HOHN**, Attorney in Charge
State Bar No. 09813240
**ROD COOPER**
State Bar No. 90001628
**EDWARD CHIN**
STATE BAR NO. 50511688
 **NIX PATTERSON & ROACH LLP**
5215 N. O'Connor Blvd. Ste. 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.692.5445 (facsimile)
edhohn@nixlawfirm.com
rodcooper@nixlawfrm.com
edchin@nixlawfirm.com
**C. CARY PATTERSON**
State Bar No. 15587000
**BRADY PADDOCK**
State Bar No. 00791394
**ANTHONY BRUSTER**
State Bar No. 24036280
**R. BENJAMIN KING**
State Bar No. 24048592
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
akbruster@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

**JOE KENDALL**
State Bar No. 11260700
**KARL RUPP**
State Bar No. 24035243
**PROVOST * UMPHREY, L.L.P.**
3232 McKinney Avenue, Ste. 700
Dallas, Texas 75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@provostumphrey.com
krupp@provostumphrey.com

**ERIC M. ALBRITTON**
State Bar ;No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas  75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com

**T. JOHN WARD, JR.**
State Bar No. 00794818
**LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231
Longview, Texas  75601
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT,DATATREASURY CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record, via CM/ECF, on the 1st day of March, 2007.

_____/S/_____
Edward Lewis von Hohn