# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

|  |  |  |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 2:06cv72 |
| WELLS FARGO & COMPANY, et al. | § | |
| Defendants. | § | |

## UNIONBANCAL CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS

Comes now Defendant UnionBanCal Corporation ("UnionBanCal"), subject to its Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and Brief in Support Thereof for Lack of Jurisdiction, (Dkt. No. 83), to oppose Plaintiff DataTreasury Corporation's ("DataTreasury") Motion to Compel Certain Documents Relating to Defendant UnionBanCal Corporation's Jurisdictional Challenge. (Dkt. No. 523). Plaintiff's motion is a transparent attempt to expand the scope of jurisdictional discovery formerly rejected by this Court in the December 8, 2006, Order ("Order"). (Dkt. No. 394).[1] Plaintiff's motion should be denied as outside the limited scope of the Order, beyond the scope of Plaintiff's pleadings, unduly burdensome and unnecessary and a violation of UnionBanCal's Due Process rights.

---

[1] The Order dramatically curtailed Plaintiff's "kitchen sink" jurisdictional discovery request. By way of example, in its motion for jurisdictional discovery, Plaintiff requested authority to depose all "dual position executives" and persons with the most knowledge about various sworn statements from UnionBanCal executives in a recent SEC 10-K statement. In contrast, the Order granted only one (1) Fed. R. Civ. P. 30(b)(6) deposition.

## INTRODUCTION

As previously detailed to this Court, UnionBanCal is a California-based bank holding company with no employees, no products or services and no direct contact with the state of Texas. (See, generally, Dkt. No. 83). Also previously outlined, as a bank holding company, UnionBanCal is a creature of federal statute. See 12 U.S.C.A. §§ 1841-1850 (West 2006). So as it is with all highly regulated bank holding companies, UnionBanCal is defined by statute as a company that owns stock in a banking institution but does not itself conduct banking operations. UnionBanCal therefore does not actively engage in banking operations and its limited activities as a holding company in California do not result in *any* contact with Texas.

To further evidence the nature of UnionBanCal's limited business as a holding company and to demonstrate specifically its lack of ties to Texas, UnionBanCal filed the affidavit of David A. Anderson, Executive Vice President and Controller at UnionBanCal ("Anderson Affidavit"), with its Motion to Dismiss. In addition, pursuant to the Court's Order granting authorization for a single jurisdictional Fed. R. Civ. P. 30(b)(6) deposition, Mr. Anderson was also questioned at length regarding his affidavit, UnionBanCal's relationship with its subsidiary Union Bank of California and the extent of any UnionBanCal business contacts within the State of Texas. No statement in the Anderson Affidavit or in Mr. Anderson's deposition testimony supports Plaintiff's continued misguided assertion that this Court has general or specific personal jurisdiction over UnionBanCal.

Limits placed on jurisdictional discovery should be closely guarded. This Court's Order strictly limited discovery to matters dealing specifically with jurisdictional issues. Now comes Plaintiff seeking a universe of documents that are irrelevant to the specified issue of personal jurisdiction. Plaintiff also refused to properly limit the scope of production by adequately

identifying its basis for jurisdiction – namely, specific or general jurisdiction. Moreover, Plaintiff's motion does not claim that the documents requested are relevant to prove sufficient minimum contacts with the forum state. Instead, Plaintiff improperly seeks the documents to "verify" UnionBanCal's contention that it is a separate legal entity from its wholly owned banking subsidiary, Union Bank of California, N.A. – a codefendant in this lawsuit. However, Plaintiff has not alleged with "reasonable particularity" any veil piercing theory in its First Amended Complaint. Therefore, as detailed below, UnionBanCal has already provided sufficient jurisdictional discovery to resolve the pending motion to dismiss and further compelled production of the requested documents would violate UnionBanCal's fundamental Due Process rights.

**FACTUAL BACKGROUND**

In its First Amended Complaint, DataTreasury accused UnionBanCal and its subsidiary Union Bank of California, along with numerous other defendants, of infringing U.S. Patent Nos. 5,910,988, 6,032,137, 5,265,007, and 5,717,868 ("the patents-in-suit"). DataTreasury generically alleges that UnionBanCal, among others, engaged in unspecified "infringing activities with relation to the products and services of Small Value Payments Co., LLC and The Clearing House Payments Company, LLC," through its use of "a nationwide check image archive and exchange service." Amended Compl. ¶ 65. DataTreasury further alleges that UnionBanCal and certain other defendants are "owners or current users of Small Value Payments Co., LLC and/or The Clearing House Payments Company LLC" and as such are subject to personal jurisdiction because of those companies' infringing activity. Amended Compl. ¶¶ 64-65.

Contrary to Plaintiff's conclusory infringement allegations in its First Amended Complaint, UnionBanCal does not participate, in any way, in the imaging, exchange or

settlement of checks or any other retail banking operations. In addition, UnionBanCal is not an owner or user of Small Value Payments Co., LLC or The Clearing House Payments Company LLC. Moreover, Plaintiff DataTreasury does **not** allege that UnionBanCal is somehow the alter-ego of its subsidiary, Union Bank of California, based upon some corporate veil piercing theory. Neither does Plaintiff base jurisdiction of UnionBanCal under an agency theory. Early on in this litigation, UnionBanCal confronted DataTreasury, explaining that, unlike its subsidiary, it is simply a bank *holding* company -- lacking sufficient minimum contacts within the forum state. Despite being so advised, Plaintiff refuses to dismiss its claims against UnionBanCal, ultimately forcing UnionBanCal to file a motion to dismiss for lack of personal jurisdiction.

In compliance with the Court's Order granting limited discovery relating to the issue of jurisdiction, Mr. David Anderson, Executive Vice President and Controller of UnionBanCal, was deposed on February 7, 2007. (Exhibit A, attached hereto)(Excerpts from Mr. Anderson's 2/7/07 Deposition Transcript)("Ex. A"). When questioned by Plaintiff's counsel, "In your role as an officer of UnionBanCal, does the term 'commercial deposits' have any meaning to you?" Mr. Anderson testified under oath that "UnionBanCal has no commercial deposits, has no products or services." (Ex. A at 25:1-5). When asked, "In your role as an officer of UnionBanCal, does the term real estate lending have any meaning to you?" Mr. Anderson testified, "No. [] UnionBanCal has no products or services for customers." (Ex. A at 29:13-17). Mr. Anderson also testified that UnionBanCal, as a holding company, has no employees, but that its subsidiaries, including Union Bank of California have 10,000 employees. (Ex. A at 15:19; 69:3-4). Mr. Anderson also acknowledged that, characteristic of a holding company, there was an overlap of officers and directors between the parent and its subsidiary, "16 [of 17] members of the board of directors of [UnionBanCal] also serve as directors of Union Bank of California." (Ex. A at 48:23-25; 53:4).

See *Invacare Corp. v. Sunrise Med. Holdings, Inc.*, 74 U.S.P.Q.2d (BNA) 1906 (D. Ohio 2004)("Although admittedly the officers and directors of these two entities overlap, this factor alone is insufficient to warrant a finding that Sunrise Medical is Sunrise Holdings's alter ego").

After a complete day of questioning Mr. Anderson, Plaintiff concluded that "it appears as though there *may be* a number of documents … that were not produced but are responsive to the jurisdictional discovery requests we served." Plaintiff further suggested that it is entitled to the documents because UnionBanCal has:

> [R]epresented … that they are separate legal entities following all corporate formalities. However, [UnionBanCal has] produced no documents to support this fact, and the testimony of the corporate representative [Mr. Anderson] revealed that the Boards of Directors and their officers are overlapping, meet jointly, and have joint committees and shared officers. The documents requested above are unquestionably relevant to determine the veracity of these positions.

In response, UnionBanCal agreed to update its list of directors and officers, (See Exhibit C, attached hereto), but objected to the remaining demands as unnecessary, beyond the scope of the Order and a gross abuse of UnionBanCal's Constitutional Due Process rights. UnionBanCal also invited Plaintiff to justify any apparent suspicion that any of the documents would support a claim for jurisdiction in the documents requests and to further specify its basis for jurisdiction. Plaintiff refused to respond, instead electing to file the present motion.

## ARGUMENT
**A.    Applicable Legal Standards**

    1.    <u>Applying the proper limitations to jurisdictional discovery</u>

Courts and litigants must rely on "control of discovery to weed out unmeritorious claims sooner rather than later." See *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). The requirement that courts have personal jurisdiction flows not from Article III of the Constitution, but from the Due Process Clause. *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 102 S.

Ct. 702 (1982)("The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty."). When a motion to dismiss for lack of jurisdiction is filed, generally a court will permit limited discovery if the opponent of the motion has made specific enough allegations in the pleadings to permit the conclusion that discovery may enable him to establish that assertion of jurisdiction that meets the requirements of the Due Process Clause. See, e. g., *Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005) (citing *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3rd Cir. 1992)(holding that plaintiff's right to conduct jurisdictional discovery should be sustained when factual allegations suggest the possible existence of requisite contacts between the defendant and the forum state with "**reasonable particularity**"))(emphasis added); *Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 426 (D. Pa. 2005)("When plaintiffs have alleged with reasonable particularity the possible existence of the requisite contacts between the defendant and the forum state, the plaintiff has the right to conduct discovery before the district court dismisses for lack of personal jurisdiction.")(citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455-56 (3d Cir. 2003)). Furthermore, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) would also apply to any veil piercing allegations when fraud is alleged as an element. See, e.g., *Mayes v. Moore*, 419 F. Supp. 2d 775, (M.D.N.C. 2006) (requiring general allegations of injustice or unfairness under Rule 8(a)(2), or specific allegations of fraud under Rule 9(b)).

On the other hand, there is no abuse of discretion in denying jurisdictional discovery where a plaintiff offers only conclusory or speculative allegations. See *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004). Indeed, "[i]n order to be entitled to

jurisdictional discovery, plaintiff is required to have alleged facts in the petition, which, if true, establish jurisdiction." Cf. *Mello v. Giliberto*, 73 S.W.3d 669, 673 (Mo. App. E.D. 2002). This is to ensure that discovery does not "allow plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." *Gear, Inc. v. L.A. Gear California, Inc.*, 637 F.Supp. 1323, 1328 (S.D.N.Y. 1986).

        2.        <u>Federal Circuit law is to controlling</u>

The United States Court of Appeals for the Federal Circuit will generally apply the law of the regional circuit to review orders regarding motions to compel discovery. *Geneva Pharms., Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373, 1386 (Fed. Cir. 2003). However, when analyzing personal jurisdiction for purposes of compliance with federal due process, Federal Circuit law, rather than regional circuit law, applies. See *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65, 30 U.S.P.Q.2D (BNA) 1001, 1006 (Fed. Cir. 1994)(holding that although the due process jurisdictional issue is procedural, "application of an assumed Fourth Circuit law, or for that matter, the law of any particular circuit, would thus not promote our mandate of achieving national uniformity in the field of patent law."); *3 D Systems, Inc. v. Aarotech Lab., Inc.*, 160 F.3d 1373, 1377-78, 48 U.S.P.Q.2D (BNA) 1773, 1776 (Fed. Cir. 1998)(applying Federal Circuit law in determining that the district court had personal jurisdiction over an out-of-state corporation defending an action involving a patent infringement claim and state law claims of trade libel and unfair competition). Thus, Federal Circuit law governs the proper scope of any jurisdictional discovery request. *Commissariat*, 395 F.3d at 1323 (citing *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)(holding that Federal Circuit law governs the relevance of discovery requests in patent cases when substantive patent law is implicated).

**B.      Plaintiff's Request is Beyond the Scope of the Order and Its Own Pleadings**

      1.      <u>Plaintiff improperly seeks to expand jurisdictional discovery beyond that claimed with reasonable particularity in the First Amended Complaint.</u>

In its motion, Plaintiff seeks a vast array of documents in a desperate attempt to salvage its jurisdictional claim against UnionBanCal; such as, (1) the minutes of all meetings of the Board of Directors, (2) all documents distributed at those meetings, (3) all communications and documents transmitted between officers and directors of UnionBanCal and the officers and directors of its bank subsidiaries, (4) all documents concerning employee benefit plans and the components thereof that are overseen and/or implemented by UnionBanCal and/or its various committees; (5) Business Standard for Ethical Conduct policies; and (6) policies of Union Bank of California and/or UnionBanCal that are reviewed by the joint Public Policy Committee of UnionBanCal and Union Bank of California.  Plaintiff does not and cannot reasonably suggest that the documents identified on this list are somehow relevant to demonstrate UnionBanCal's "contacts" with the forum state in relation to the alleged patent infringement.  Instead, Plaintiff acknowledges in its requests, as well as in its motion to compel, that the documents are sought solely to verify UnionBanCal's "relationship" with its subsidiary.  Thus, the jurisdictional relevance of these documents is tied to a theory of jurisdiction not even alleged against UnionBanCal.  See, e.g., *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1298 (S.D. Cal. 2003)("Plaintiff must make at least a *prima facie* showing of the alter ego relationship **alleged to exist**")(emphasis added).

In this case, Plaintiff has not alleged that the relationship between UnionBanCal and Union Bank of California is relevant for a finding of jurisdiction as to the parent company because it does not have a basis to suspect such improper conduct by UnionBanCal.  As such, Plaintiff makes absolutely no mention of an alter ego or improper relationship between the

accused holding company and its subsidiary in its First Amended Complaint. Similar to the court's findings in *Mayes*, *supra*, the pleadings in this case lack any indicia of a veil piercing claim; there is no general allegations of injustice or unfairness or specific allegations of fraud within the Complaint. So under either procedural standard, Fed. R. Civ. P. 8 or 9, Plaintiff fails to plead the requisite particularity to warrant the jurisdictional discovery sought in its motion to compel. Plaintiff's indiscreet motion to compel appears wholly indifferent to its failure to plead with *any* particularity that the two companies are alter egos' of one another. Thus, given that due process demands that Plaintiff first adequately allege an alter ego theory before such documents are relevant, the present document requests are irrelevant, overbroad and outside the limited scope of the Order and the pleadings.

### C.     DataTreasury's Document Demands are Unnecessary and Futile

#### 1.     Commonality of officers and directors is not a basis to expand discovery or justify jurisdiction

In this case, Plaintiff tries to use the common relational features of a holding company and subsidiary, such as common directors, officers, etc., to justify casting as wide a discovery net as possible in the hopes of coming across some yet unknown and presently unsuspected improper business relationship between UnionBanCal and its subsidiary, Union Bank of California. However, to "fuse" the parent company and its subsidiary for jurisdictional purposes, even under Texas law, the Plaintiff must allege and prove the parent controls the internal business operations and affairs of the subsidiary. See, e.g., *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 799 (Tex. 2002)(internal citations omitted). But the degree of control the parent exercises must be greater than that normally associated with common ownership and directorship; the evidence must show that the two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice. *Id*.; see also *Hargrave v. Fibreboard Corp.*, 710 F.2d

1154, 1159 (5th Cir. 1983). To date, DataTreasury has made no showing that the production requested would provide such a relationship.

UnionBanCal respectfully cautioned the Court in its opposition to Plaintiff's motion for discovery authorization that DataTreasury was trying to exceed the reasonable bounds of discovery necessary to resolve the jurisdictional dispute. UnionBanCal further recommended that the Court specifically limit the scope of discovery to document production "directly related to UnionBanCal's lack of operational banking activities and lack of contacts with Texas and a single deposition in California of UnionBanCal's affiant, David A. Anderson." (Dkt. No. 242). Although the Court granted Plaintiff's motion, the Order adopted the recommendation of UnionBanCal to limit the scope of discovery. Plaintiff has failed to demonstrate or even claim that the present state of discovery is inadequate to resolve the jurisdictional dispute. To the contrary, the completed discovery is more than sufficient to resolve the issue of personal jurisdiction over UnionBanCal; any additional discovery would be superfluous and futile as well as unduly burdensome and oppressive.

### 2. UnionBanCal has provided sufficient discovery to resolve the jurisdictional dispute

Beyond the 30(b)(6) deposition of Mr. Anderson, UnionBanCal also responded to 13 requests for admission (Exhibit B), 17 interrogatories (Exhibit C); and 24 document requests (Exhibit D). As for the Admissions, UnionBanCal again denied that it operated or controlled Union Bank of California or that it own or operated Small Value Payments Co., LLC or The Clearing House Payments Company, LLC. As for the Responses to Interrogatories, UnionBanCal again explained that as for any business activities in Texas, "There are no such activities to describe." (Ex. C at 9). For most of the documents requests UnionBanCal agreed to conduct a reasonable search and provide any documents it may have in its possession. (Ex. D).

Given the fact that UnionBanCal has never conducted business in Texas, it possessed almost no relevant, responsive documents. So, to the extent that UnionBanCal has documents that are responsive to Plaintiff's jurisdictional Requests for Production, those documents have already been produced.

The remaining document requests were clearly overbroad and beyond the intended scope of the Court's Order. By way of example, Document Request No. 4 requested production of "all financial documents and reports of any type for UnionBanCal Corporation from 2001 to the present." (Ex. D at 9). Another request was for "all documents related to the relationship between UnionBanCal Corporation and Union Bank of California, N.A." (Ex. D at 19). UnionBanCal objected to production of documents in response to those overly broad requests unless and until Plaintiff clarified or narrowed the request. Plaintiff did neither.

The totality of UnionBanCal's jurisdictional discovery production makes clear the fact that the Court lacks jurisdiction. But even in the face of overwhelming evidence, Plaintiff continues to assert the illusion of jurisdiction; continuing to argue that Defendant's Annual Report contradicts and challenges all of the evidence that shows no contact with Texas, including the Anderson Affidavit and Mr. Anderson's sworn deposition testimony. (See Plaintiff's Amended Response to the Defendant UnionBanCal Corporation's Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2), Dkt. No. 526). As part of its Amended Response, Plaintiff even had the temerity to suggest to the Court that the evidence supports a finding that instead of zero employees, UnionBanCal, as opposed to Union Bank of California, has over 10,000 employees. Plaintiff further argued that the holding company's Annual Report alone is more than sufficient to establish a *prima facie* case of jurisdiction over UnionBanCal. (*Id.* at 5, 12-13). Plaintiff also suggests that the evidence produced demonstrates a "source of strength"

basis to establish jurisdiction without the need for further discovery.[2]  Finally, Plaintiff argues that UnionBanCal waived the issue of jurisdiction by accepting affirmative relief from this Court.[3]  If Plaintiff truly believes, as it presently alleges, that it already has sufficient evidence to prove jurisdiction, additional discovery is unnecessary and thus unduly burdensome and oppressive. In either event, UnionBanCal has provided the necessary discovery and has no other relevant documents in its possession.

## CONCLUSION

For the forgoing reasons, Plaintiff's request for documents is beyond the scope of the Court's Order and DataTreasury's Pleadings and is otherwise overly broad, unnecessary and futile.  Therefore, UnionBanCal respectfully requests that the Court deny Plaintiff's motion to compel production of certain documents.


March 1, 2007                              Respectfully Submitted,

                                           */s/ Jennifer Parker Ainsworth*
                                           Jennifer Parker Ainsworth
                                           Texas Bar No. 00784720
                                           WILSON, SHEEHY, KNOWLES, ROBERTSON &
                                           CORNELIUS, P.C.
                                           909 ESE Loop 323
                                           Suite 400
                                           Tyler, Texas 75701
                                           T: (903) 509-5000
                                           F: (903) 509-5092
                                           jainsworth@wilsonlawfirm.com

---

[2] The 'source of strength' doctrine is entirely irrelevant to both DataTreasury's Motion to Compel and its opposition to UnionBancal's Motion to Dismiss for Lack of Personal Jurisdiction.  See Defendant UnionBanCal Corporation's Reply to Plaintiff's Amended Response to Defendant UnionBanCal Corporation's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and Brief in Support Thereof ("UnionBanCal's Reply") at 8-9, filed concurrently.

[3] DataTreasury's assertion of waiver is plainly wrong.  See UnionBanCal's Reply at 9-10.  Simply put, if as DataTreasury asserts before this Court that UnionBanCal waived personal jurisdiction, DataTreasury's Motion to Compel was and is moot.

>Richard Hogan
>Texas Bar No. 09802010
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>2 Houston Center
>909 Fannin Street 22nd Floor
>Houston TX 77010
>T: (713) 425-7327
>F: (713) 425-7373
>richard.hogan@pillsburylaw.com
>
>Raymond L. Sweigart (admitted *pro hac vice*)
>Scott J. Pivnick (admitted *pro hac vice*)
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>1650 Tysons Blvd.
>McLean, VA  22102-4859
>T: (703) 770-7900
>F: (703) 905-2500
>raymond.sweigart@pillsburylaw.com
>scott.pivnick@pillsburylaw.com
>
>*Attorneys for Defendant*,
>*UnionBanCal Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 1st day of March, 2007.

>*/s/ Jennifer Parker Ainsworth*_____
>Jennifer Parker Ainsworth