# Exhibit C

Dockets.Justia.com

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No. 2:06cv72 |
| WELLS FARGO & COMPANY et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT UNIONBANCAL CORPORATION'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES REGARDING
JURISDICTIONAL DISCOVERY TO DEFENDANT UNIONBANCAL CORPORATION**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26 of the

Local Rules of the United States District Court for the Eastern District of Texas, Defendant

UnionBanCal Corporation ("UBC") hereby responds and objects to Plaintiff DataTreasury

Corporation's ("DTC") First Set of Interrogatories Regarding Jurisdictional Discovery.

**GENERAL OBJECTIONS**

The following objections apply to each request:

1.      UBC objects to all interrogatories, definitions, and instructions to the extent that

they exceed the limited scope of discovery permitted by the Court's December 8, 2006 Order

permitting DTC to propound interrogatories, requests for production, and requests for admission

dealing specifically with jurisdictional issues.  Accordingly, UBC objects to all interrogatories,

700601114v1

definitions, and instructions to the extent that they do not deal specifically with jurisdictional issues.

2.      UBC objects to all interrogatories, definitions, and instructions insofar as they purport to require the production or disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine that limits discovery. By responding to any request, UBC does not waive any applicable privilege or doctrine as to that request or as to any other future request. In the event that privileged or confidential information or documents are produced, the production, unless otherwise expressly stated to the contrary in writing at the time of production, is inadvertent and shall be deemed to be null, void, and of no legal consequence. Plaintiff and its counsel are directed to refrain from reading or copying any inadvertently produced document that contains such privileged or confidential information if they have been advised of the privileged or confidential nature of the document produced by UBC or otherwise become aware of its privileged or confidential nature, and to return it (and all copies) immediately to UBC.

3.      UBC objects to all interrogatories, definitions, and instructions to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure ("Federal Rules") and/or the Local Rules of the United States District Court for the Eastern District of Texas ("Local Rules").

4.      UBC objects to all interrogatories, definitions, and instructions to the extent that they are unreasonably vague, overly broad, unduly burdensome, cumulative, duplicative, seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, seek information that is not in the custody, possession, or control of UBC,

2

or seek information that is obtainable from another source that is more convenient, less burdensome, and less expensive.

5.     UBC's responses herein are based on facts presently known to it and represent a diligent and good faith effort to comply with the interrogatories. UBC reserves its right to revise, supplement, correct, alter, add to, clarify, or change its responses and objections to the interrogatories and to produce additional responsive information, if any, that UBC had within its possession, custody, or control at the time the requests were propounded.

6.     By agreeing to search for or to produce responsive information, or by producing such information, UBC does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein, and specifically reserves its rights to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. UBC's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility.

7.     UBC objects to each interrogatory to the extent that it seeks production of confidential commercial, research and development, trade secret, and/or proprietary information. Subject to and without waiving this or any other objection, UBC states that responsive information containing such confidential, proprietary, and/or trade secret information will only be produced pursuant to the Protective Order entered by the Court in this case. UBC further objects to each request to the extent that it seeks information that, if produced, would result in the violation of any contractual obligation to third parties.

8.     UBC objects to all interrogatories, definitions, and instructions to the extent that they seek private information, the disclosure of which would violate federal or state law, any applicable confidentiality agreement, and/or the privacy rights of persons not parties to this

700601114v1

action. To the extent that UBC produces information containing such information, any such information will be redacted.

9.     UBC objects to all interrogatories, definitions, and instructions to the extent that they seek information subject to non-disclosure agreements. UBC will not disclose nor produce any such information subject to non-disclosure agreements.

10.     UBC objects to each interrogatory to the extent that the information sought by plaintiff is contained in documents that are already in plaintiff's possession, custody or control, or are equally available to plaintiff, on the grounds that such requests are unreasonably burdensome, cumulative, and duplicative, and that the information or documents are obtainable from a source that is more convenient, less burdensome, and less expensive.

11.     UBC objects to each interrogatory to the extent that the information requested is not reasonably limited in time on the grounds that such requests are overbroad, oppressive and unreasonably burdensome.

12.     UBC objects to the interrogatories to the extent that they call for the disclosure of information in the possession or control of UBC's corporate affiliates and subsidiaries. Plaintiff has not pled or established any grounds for disregarding the separate corporate existence of any of UBC's affiliates or subsidiaries. UBC cannot respond to these interrogatories on behalf of any other company. Accordingly, all responses are on behalf of UBC only, and represent only that information currently available to UBC.

13.     UBC objects to the interrogatories to the extent that the information requested does not relate to UBC's contacts with Texas and, as such, does not pertain to this Court's general or specific personal jurisdiction over UBC as irrelevant, overbroad, unreasonably

700601114v1

burdensome, harassing and not reasonably calculated to lead to the discovery of evidence pertaining to jurisdictional discovery.

## OBJECTIONS TO DEFINITIONS

1.    UBC objects to DTC's Definition No. 7 as vague, ambiguous, overly broad, and unduly burdensome to the extent that DTC's definition of "relates" or "relating" attempts to expand the scope of permissible discovery by broadening the terms beyond any reasonable definition.  UBC will treat these terms as having only their ordinary meaning.

## OBJECTIONS TO INSTRUCTIONS

1.    UBC objects to DTC's Instruction No. 2 to the extent it exceeds the requirements of Rule 26.  UBC's response will conform to Rule 26.

2.    UBC objects to DTC's Instruction No. 3 to the extent it exceeds the requirements of Rule 33.  UBC's response will conform to Rule 33.

3.    UBC objects to DTC's Instruction No. 4 to the extent it exceeds the requirements of Rule 33(d).  UBC's response will conform to Rule 33(d).

4.    UBC objects to DTC's Instruction No. 5 to the extent it exceeds the requirements of Rule 33.  UBC's response will conform to Rule 33.

## OBJECTIONS AND RESPONSES

Investigation and discovery are ongoing in this case.  UBC responds to these interrogatories based on a reasonable investigation of the facts as presently known and without prejudice to its right to supplement or modify its responses hereto.  UBC also reserves the right to produce or use any information or document, the existence or relevance of which is discovered after the service of this response, in support of or in opposition to any motion, in any deposition or at trial.

700601114v1

**INTERROGATORY NO. 1:**

Please identify each and every person who assisted in preparing the answers to these discovery requests.

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege or attorney work-product doctrine. Subject to and without waiver of the foregoing general and specific objections, UBC responds as follows:

Joe Catalano, Julia Brighton, David Anderson.

**INTERROGATORY NO. 2:**

Please identify each and every person who assisted in preparing and drafting the affidavit of David A. Anderson titled Affidavit of David A. Anderson in Support of UnionBanCal Corporation's Motion to Dismiss relating to this matter.

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege or attorney work-product doctrine. Subject to and without waiver of the foregoing general and specific objections, UBC responds as follows:

Joe Catalano, Julia Brighton, David Anderson, Mary Helvey.

700601114v1

**INTERROGATORY NO. 3:**

Please identify (by parties, docket number and court) all lawsuits in which UnionBanCal Corporation has been a party to a lawsuit in the State of Texas.

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory as overly broad and irrelevant, as the identity or number of lawsuits in Texas to which UBC has been a party has no bearing on whether the Eastern District of Texas may properly exercise jurisdiction over UBC; the mere fact that a plaintiff names UBC as a party to a lawsuit filed in the Eastern District of Texas does not mean that this Court may properly exercise jurisdiction over UBC. Subject to and without waiver of the foregoing general and specific objections, UBC responds as follows:

Based upon present investigation and to the best of UBC's knowledge, UBC has never initiated a lawsuit in the State of Texas, nor has it been found to be subject to the jurisdiction of a court within the State of Texas.

**INTERROGATORY NO. 4:**

Please identify all instances in which UnionBanCal Corporation has defended or assumed responsibility for a liability claim against Union Bank of California, N.A. or other banking subsidiary, including but not limited to all instances where UnionBanCal Corporation has paid any form of consideration on behalf of Union Bank of California, N.A.

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory as overly broad,

7

unduly burdensome, vague, and ambiguous to the extent that it seeks information that is not

relevant to UBC's contacts with Texas or the establishment of personal jurisdiction over UBC

and, therefore, is beyond the scope of jurisdictional discovery.  UBC further objects to this

interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it

seeks information regarding "other banking subsidiaries" without clarification or limitation as to

what entities it refers.  UBC further objects to this interrogatory as overly broad, unduly

burdensome, vague, and ambiguous to the extent that it seeks information regarding alleged

whether UBC "assumed responsibility" without clarification or limitation as to what the term

means.  UBC further objects to this interrogatory as overly broad, unduly burdensome, vague,

and ambiguous to the extent that it seeks information regarding alleged payment of consideration

"on behalf of on Bank of California, N.A." without clarification or limitation as to what "on

behalf of" means.  As the term "on behalf of" is hopelessly vague, UBC is unable to determine

what information DTC is seeking with this interrogatory.  Accordingly, unless and until DTC can

clarify this interrogatory, UBC will treat this interrogatory as asking UBC to "identify all

instances in which UnionBanCal Corporation has defended or assumed responsibility for a

liability claim against Union Bank of California, N.A.," if any.  Subject to and without waiver of

the foregoing general and specific objections, UBC responds as follows:

There are no such instances to identify.

## INTERROGATORY NO. 5:

For the period of time between January 1, 1999 and the present, please describe all

business activities between UnionBanCal Corporation and Union Bank of California, N.A.

(including but not limited to activities in Texas).

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information that is not relevant to UBC's contacts with Texas or the establishment of personal jurisdiction over UBC and, therefore, is beyond the scope of jurisdictional discovery. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding "business activities" without clarification or limitation as to what those terms mean. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding business activities "between" UBC and Union Bank of California, N.A., without clarification or limitation as to what constitutes a business activity "between" two parties. As this interrogatory is indefensibly broad and vague, UBC will treat this interrogatory as asking UBC to describe "all UnionBanCal Corporation business activities in Texas," if any. Subject to and without waiver of the foregoing general and specific objections, UBC responds as follows:

There are no such activities to describe.

**INTERROGATORY NO. 6:**

For the period of time between January 1, 1999 and the present, please describe all business activities between UnionBanCal Corporation and Small Value Payments Company, LLC and/or The Clearing House Payments Company LLC (including but not limited to activities in Texas).

700601114v1

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information that is not relevant to UBC's contacts with Texas or the establishment of personal jurisdiction over UBC and, therefore, is beyond the scope of jurisdictional discovery. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding "business activities" without clarification or limitation as to what those terms mean. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding business activities "between" UBC and Small Value Payments Company, LLC and/or The Clearing House Payments Company LLC, without clarification or limitation as to what constitutes a business activity "between" two parties. As this interrogatory is indefensibly broad and vague, UBC will only provide information regarding the business activities between UBC and Small Value Payments Company, LLC and/or The Clearing House Payments Company LLC in Texas, if any. Subject to and without waiver of the foregoing general and specific objections, UBC responds as follows:

There are no such activities to describe.

**INTERROGATORY NO. 7:**

From January 1, 1999 to present, please identify all revenues that have been provided to UnionBanCal Corporation from Union Bank of California, N.A., including but not limited to all revenues originating from business activity in Texas.

700601114v1

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information that is not relevant to UBC's contacts with Texas or the establishment of personal jurisdiction over UBC and, therefore, is beyond the scope of jurisdictional discovery. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding "all revenues" without clarification or limitation as to what those terms mean. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding revenues that have been "provided to" UBC without clarification or limitation as to what that term means. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding "business activities" without clarification or limitation as to what those terms mean. As this interrogatory is indefensibly broad and vague, UBC will only provide UBC's revenues originating from its business activity in Texas, if any. Subject to and without waiver of the foregoing general and specific objections, UBC responds as follows:

There are no such revenues to describe.

**INTERROGATORY NO. 8:**

Please identify the address of each location in Texas which UnionBanCal Corporation owns, leases, or has any interest in real estate.

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory as overly broad,

11

700601114v1

unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding "any interest in real estate" without clarification or limitation as to what those terms mean. To the extent that UBC is able to ascertain what information this interrogatory seeks, it will provide information about real estate in Texas that UBC owns or leases within the State of Texas, if any. Subject to and without waiver of the foregoing general and specific objections, UBC responds as follows:

There are no such addresses to identify.

**INTERROGATORY NO. 9:**

Please identify all land-line telephone numbers in Texas used by UnionBanCal Corporation to conduct business from January 1, 1999 to present.

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding telephone numbers in Texas "used by" UBC without clarification or limitation as to what that term means. As the term "used by" is hopelessly vague and overly broad, UBC will treat this interrogatory as asking UBC to "identify all land-line telephone numbers in Texas that are used to conduct business in the State of Texas by UnionBanCal Corporation from January 1, 1999 to present", if any. Subject to and without waiver of the foregoing general and specific objections, UBC responds as follows:

There are no such telephone numbers to identify.

**INTERROGATORY NO. 10:**

From January 1, 1999 to present, please identify all members of the board of directors of UnionBanCal Corporation, and describe in detail any business activities conducted by those persons for UnionBanCal Corporation while physically in Texas.

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information that is not relevant to UBC's contacts with Texas or the establishment of personal jurisdiction over UBC and, therefore, is beyond the scope of jurisdictional discovery. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding "any business activities" without clarification or limitation as to what those terms mean. UBC further objects to this interrogatory as being redundant of Interrogatory No. 5. Accordingly, UBC will treat this interrogatory as asking UBC to describe "all UnionBanCal Corporation business activities in Texas," if any. Subject to and without waiver of the foregoing general and specific objections, UBC responds as follows:

The following individuals are members of the Board of Directors of UBC: Aida Alvarez; David R. Andrews; L. Dale Crandall; Murray H. Dashe; Richard D. Farman; Stanley F. Farrar; Phillip B. Flynn; Michael J. Gillfillan; Mohan S. Gyani; Ronald L. Havner, Jr.; Norimichi Kanari; Mary S. Metz; Shigemitsu Miki; Takashi Morimura; J. Fernando Niebla; Masashi Oka; Tetsuo Shimura. There are no such activities to describe.

**INTERROGATORY NO. 11:**

Please describe in detail the manner(s) in which UnionBanCal Corporation exercises

ownership and control of Union Bank of California, N.A. as represented in UnionBanCal

Corporation's 2005 Form 10-K filing with the Securities and Exchange Commission.

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and

incorporates those objections herein.  UBC further objects to this interrogatory as overly broad,

unduly burdensome, vague, and ambiguous to the extent that it seeks information that is not

relevant to UBC's contacts with Texas or the establishment of personal jurisdiction over UBC

and, therefore, is beyond the scope of jurisdictional discovery.  UBC further objects to this

interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it

seeks information regarding whether and to what extent UBC "exercises ownership and control"

of other entities without clarification or limitation as to what those terms mean.  Accordingly,

unless and until DTC is able to clarify and narrow this interrogatory, UBC is unable to provide a

response.

**INTERROGATORY NO. 11 [sic]:**

Please identify the names and addresses of all employees of UnionBanCal Corporation,

as represented in both UnionBanCal Corporation's 2005 10-K filing and on its website (see Ex. 2

to DataTreasury's Response to Defendant UnionBanCal Corporation's Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(2)), who work within the state of Texas.

14

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding employees who "work within the state of Texas." UBC will redefine the term "work within the state of Texas" as "work for UBC within the state of Texas." Subject to and without waiver of the foregoing general and specific objections, UBC responds as follows:

There are no such employees to identify.

**INTERROGATORY NO. 12:**

Please identify the person(s) within UnionBanCal Corporation that is(are) responsible for complying with the requirements of the *Sarbanes-Oxley* Act for all Securities& Exchange Commission filings made by UnionBanCal Corporation.

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory as overly broad unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding the "requirements of the *Sarbanes-Oxley* Act" without clarification or limitations as to which "requirements" it refers. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information that is not relevant to UBC's contacts with Texas or the establishment of personal jurisdiction over UBC and, therefore, is beyond the scope of jurisdictional discovery.

15

**INTERROGATORY NO. 15 [sic]:**

Please identify all officers, directors, and employees of UnionBanCal Corporation that

also serve as officers, directors, or employees of Union Bank of California, N.A.

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and

incorporates those objections herein.  UBC further objects to this interrogatory as overly broad,

unduly burdensome, vague, and ambiguous to the extent that it seeks information that is not

relevant to UBC's contacts with Texas or the establishment of personal jurisdiction over UBC

and, therefore, is beyond the scope of jurisdictional discovery.  Subject to and without waiver of

the foregoing general and specific objections, UBC responds as follows:

All officers and of UBC are also officers of Union Bank of California, N.A.  All directors

of UBC are also directors of Union Bank of California, N.A., except Messrs. Kanari and Miki.

UBC has no employees.

**INTERROGATORY NO. 16:**

Please list all instances where UnionBanCal Corporation has provided financial

assistance in any way for Union Bank of California, N.A. to operate in Texas.

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and

incorporates those objections herein.  UBC further objects to this interrogatory as overly broad,

unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding

"financial assistance" without clarification or limitation as to what those terms mean.  UBC

further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous

16

in its use of the term "operate" without clarification or limitation as to what that term means. Subject to and without waiver of the foregoing general and specific objections, UBC responds as follows:

There are no such instances to describe.

**INTERROGATORY NO. 17:**

Please list and describe in detail all instances where UnionBanCal Corporation has made a representation that it operates or controls any subsidiary company that does business in Texas.

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding "a representation that it operates or controls any subsidiary" without clarification or limitation as to what those terms mean. Subject to and without waiver of the foregoing general and specific objections, UBC responds as follows:

Based upon present investigation and to the best of UBC's knowledge, UBC is not aware of any authorized representation that UBC operates or controls any subsidiary company that does business in Texas.

**INTERROGATORY NO. 18:**

List and describe all contacts between UnionBanCal Corporation and the State of Texas.

**OBJECTIONS AND RESPONSE:**

UBC objects to this interrogatory on the grounds set forth in the General Objections and incorporates those objections herein. UBC further objects to this interrogatory as overly broad,

17

unduly burdensome, vague, and ambiguous to the extent that it seeks information regarding "all

contacts" without clarification or limitation as to what those terms mean or clarification or

limitation in time.  As the term "all contacts" is hopelessly vague, UBC is unable to determine

what information DTC is seeking with this interrogatory.  To the extent that UBC is able to

ascertain what information this interrogatory seeks, it will provide information about its current,

actual contacts with the State of Texas, if any, as information regarding "all contacts" results in

an unduly burdensome and overly broad interrogatory.  Moreover, UBC will treat the term "State

of Texas" as referring to only the governmental entity that is the "State of Texas."  Subject to

and without waiver of the foregoing general and specific objections, UBC responds as follows:

There are no such contacts to list or describe.


By:     /s/ Raymond L. Sweigart
        Raymond L. Sweigart (pro hac vice)
        Scott J. Pivnick (pro hac vice)
        PILLSBURY WINTHROP SHAW PITTMAN LLP
        1650 Tysons Blvd.
        McLean, VA  22102-4859
        T: (703) 770-7900
        F: (703) 905-2500
        raymond.sweigart@pillsburylaw.com
        scott.pivnick@pillsburylaw.com

        Richard Hogan
        Texas Bar No. 09802010
        PILLSBURY WINTHROP SHAW PITTMAN LLP
        2 Houston Center
        909 Fannin Street 22nd Floor
        Houston TX 77010
        T: (713) 425-7327
        F: (713) 425-7373
        richard.hogan@pillsburylaw.com

700601114v1

Jennifer Parker Ainsworth
Texas Bar No. 00784720
WILSON, SHEEHY, KNOWLES, ROBERTSON
& CORNELIUS, P.C.
909 ESE Loop 323
Suite 400
Tyler, Texas  75701
T: (903) 509-5000
F: (903) 509-5092
jainsworth@wilsonlawfirm.com


ATTORNEYS FOR
DEFENDANT UNIONBANCAL
CORPORATION

19

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January 2007, a true and correct copy of the *Defendant UnionBanCal Corporation's Objections And Responses To Plaintiff's First Set Of Interrogatories Regarding Jurisdictional Discovery To Defendant UnionBanCal Corporation* was forwarded electronically pursuant to the parties written agreement to the following counsel of record:

> Edward L. Hohn
> NIX PATTERSON & ROACH, L.L.P.
> 205 Linda Drive
> Daingerfield, Texas 75638
> Telephone:  (903) 645-7333

> /s/ Ross R. Barton
> Ross R. Barton

700601114v1