IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | | Civil Action No. 2:06-CV-72 |
| § | | Judge David Folsom |
| WELLS FARGO & COMPANY, et al. § | | |
| *Defendants* § | | |

**DATATREASURY CORPORATION'S REPLY TO HNAH'S REPLY TO
DATATREASURY'S MOTION TO COMPEL**

## I.   INTRODUCTION

Knowing that the specific documents that DataTreasury seeks as part of its rights to conduct jurisdictional discovery, as granted by the Court, would support a finding of jurisdiction over it, Defendant continues its refusal to produce these clearly relevant documents. Defendant's continued attempts to avoid the jurisdiction of this Court and ultimately answering for its infringing activities in this district are highlighted by its blatant refusal to produce clearly relevant documents to DataTreasury.

## II.   ARGUMENT

### A.   THE *GUNDLE* FACTORS DO APPLY TO THIS CASE

In patent infringement cases, the law of the Federal Circuit does apply, and DataTreasury does not dispute this. As this Court has noted, "[b]ecause this is a suit for patent infringement, the law of the United States Court of Appeals for the Federal Circuit and not the Fifth Circuit binds this court, even as to matters concerning personal jurisdiction and the closely related issue of venue." *DataTreasury Corp. v. Small Value Payments Co.*, 2:04-cv-85 (E.D. Tex.) (Order of Nov. 16, 2004) *citing Beverly Hills Fan*

1

*Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir, 1994) (stating that, although issues of personal jurisdiction are generally procedural in nature, they are sufficiently related to substantive patent law, and thus the law of the Federal Circuit controls). This Court went on to state, however, that "[t]he Federal Circuit, however, defers to the law of the regional circuits to resolve non-substantive patent issues." *Id*. (looking to the law of the regional circuit in evaluating SVPCo's challenge to the jurisdiction of the Court), *citing Amana Refriqeration Inc. v. Ouadlux., Inc*., 172 F.3d 852, 856 (Fed. Cir 1999) (this court is "generally guided by the law of the regional 'circuit to which district court appeals normally lie unless the issue pertains to or is unique to patent law'"). Therefore, with regards to the issue of personal jurisdiction, this Court looks to the law of the regional circuit for guidance.

As the Court of Appeals for the Fifth Circuit Court noted in *Gundle*, "This circuit has developed the following laundry list of factors to be used when determining whether a subsidiary is the alter ego of the parent…." *Gundle Lining Constr. Corp v. Adams County Asphalt, Inc.*, 85 F.3d 201, 208 (5th Cir. 1996) (listing the 12 factors the Court should consider which have been previously expounded upon in DataTreasury's Motion). Even in cases arising out of Texas, these factors are applicable. *See id*. (*Gundle* was a case arising out of the United States District Court for the Southern District of Texas); *see also Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 593-94 (5th Cir. 1999) (citing and referencing *United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686 (5th Cir. 1985) from which the *Gundle* factors were derived). Defendant's emphatic attempts to avoid the application of these factors is not surprising since their application would suggest that that Defendant is subject to the jurisdiction of this Court.

**B.    DISCOVERY SOUGHT BY DATATREASURY IS RELEVANT**

Defendant would erroneously have this Court look at each *Gundle* factor in isolation, and Defendant argues that each factor alone is insufficient to warrant a finding that Defendant is subject to this Court's jurisdiction. Such an application, as suggested by Defendant, is simply incorrect and improper. When the Court applies the *Gundle* factors it should do so while considering all of the factors together and the "totality of the circumstances" and should not view each factor in isolation as Defendant suggests. *See Gundle*, 85 F.3d at 209. The documents sought by DataTreasury are clearly relevant in light of *Gundle*. Defendant's refusal to provide these documents suggest to DataTreasury that Defendant's know what the production of such documents will ultimately prove – that Defendant is the alter-ego of its subsidiary and subject to the jurisdiction of this Court.

Defendant points to documents it has produced to date and touts what it has done to comply with its discovery obligations. However, the appropriate inquiry here is not what has been produced, but rather what relevant and clearly discoverable documents have not been produced. Defendant has not fully complied with its discovery obligations and should be required by the Court to produce these clearly relevant documents so that DataTreasury and the Court can fully and completely evaluate the jurisdictional question at hand.

### III. CONCLUSION

The factors used by the Court in *Gundle* are applicable in this matter. In light of those factors, documents that DataTreasury has requested from Defendant are clearly

3

relevant and discoverable. As such, Defendant should be required to produce these documents to DataTreasury.

         Respectfully submitted,

         **/s/**_____
         **R. BENJAMIN KING**
         State Bar No. 24048592
         **C. CARY PATTERSON**
         State Bar No. 15587000
         **BRADY PADDOCK**
         State Bar No. 00791394
         **ANTHONY BRUSTER**
         State Bar No. 24036280
         **NIX PATTERSON & ROACH L.L.P.**
         2900 St. Michael Drive, Suite 500
         Texarkana, Texas 75503
         903.223.3999 (telephone)
         903.223.8520 (facsimile)
         akbruster@nixlawfirm.com
         bpaddock@nixlawfirm.com
         benking@nixlawfirm.com

         **EDWARD L. VON HOHN**, Attorney in Charge
         State Bar No. 09813240
         **EDWARD CHIN**
         State Bar No. 50511688
         **ROD COOPER**
         State Bar No. 90001628
         **NIX PATTERSON & ROACH, L.L.P.**
         Williams Square
         5215 North O'Connor Blvd., Suite 1900
         Irving, Texas 75039
         972.831.1188 (telephone)
         972.444.0716 (facsimile)
         edchin@nixlawfirm.com
         rcooper@cooperiplaw.com
         edhohn@nixlawfirm.com

         **JOE KENDALL**
         State Bar No. 11260700

**KARL RUPP**
State Bar No. 24035243
**PROVOST * UMPHREY, L.L.P.**
3232 McKinney Avenue, Ste. 700
Dallas, Texas 75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@provostumphrey.com
krupp@provostumphrey.com

**ERIC M. ALBRITTON**
State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com

**T. JOHN WARD, JR.**
State Bar No. 00794818
**LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231
Longview, Texas 75601
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 5th day of March, 2007 via electronic transmission.

Bank of America - Listserve (BankofAmericaF&R@fr.com)
BB&T 007 ListServe (BB&T_DataTreasury@kilpatrickstockton.com)
Citizens Financial (citizensfinancial@standleyLLP.com)
City National Bank - Listserve (citynationalbank@dmtechlaw.com)
Comerica Bank 007 Listserve (Comerica_DataTreasury@kilpatrickstockton.com)
Compass/First Horizon/TN Bank - Listserve (comfhft@andrewskurth.com)
Cullen/Frost Bank - Listserve (frostbank@dmtechlaw.com)
EDS - Listserve (EDS_DataTreasury@mckoolsmith.com)

UBS – Listserve (ubsamericas@velaw.com)
HSBC North America Holdings, Inc./HSBC Bank USA  Listserve  (hsbccounsel@blhc-law.com)
BancorpSouth Listserve (bxs@hughesluce.com)
Bank of Tokyo Listserve (BankofTokyo_DataTreasury@sidley.com)
BofNY Listserve (BofNYLitTeam@pillsburylaw.com)
The Clearing House/SVPCo Listserve (TCH_DT@sullcrom.com)
Deutsche Bank Listserve (DeutscheBank_DataTreasury@sidley.com)
First Citizens Listserve (firstcitizens@bakerbotts.com)
First Data Listserve (FirstData_DataTreasury@sidley.com)
Key Bank Listserve (KeyCorp_DataTreasury@mckoolsmith.com)
LaSalle Bank Listserve (LaSalleBank_DataTreasury@sidley.com)
National City Bank Listserve (foley-dtc@foley.com)
Remitco Listserve (Remitco_DataTreasury@sidley.com)
Telecheck Listserve (Telecheck_DataTreasury@sidley.com)
Union BofCA Listserve (ubofclitteam@pillsburylaw.com)
Viewpointe Listserve (Viewpointe_dtc@skadden.com)
Zion First National Bank Listserve (foley-dtc@foley.com)
Harris Bancorp. - Listserve (Harris_DataTreasury@mckoolsmith.com)
M&T 007 Listserve (M&T_DataTreasury@kilpatrickstockton.com)
PNC Bank - Listserve (PNC_DataTreasury@mckoolsmith.com)
Suntrust - Listserve (SunTrust_DataTreasury@mckoolsmith.com)
U.S. Bancorp – Listserve (foley-dtc@foley.com)
Wachovia 007 Listserve (Wachovia_DataTreasury@kilpatrickstockton.com)
Wells Fargo - Listserve (*DalWellsFargo_DTC@BakerNet.com)

/s/_____
**R. BENJAMIN KING**

6