# Exhibit B

Dockets.Justia.co

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No.: 2:06-CV-72 |
| WELLS FARGO & COMPANY, et al, | § § § | |
| Defendants | § | |

**FIRST CITIZENS BANCSHARES, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF DATATREASURY CORPORATION'S FIRST SET OF INTERROGATORIES REGARDING JURISDICTIONAL DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 33, First Citizens BancShares, Inc. ("BancShares") submits its objections and responses to Plaintiff Datatreasury Corporation's First Set of Interrogatories Regarding Jurisdictional Discovery to Defendants First Citizens BancShares, Inc. (Nos. 1-18).

**GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1      BancShares objects to Definitions 6, 7, 9, and 10 as overly broad and as rendering the interrogatories unduly burdensome, harassing, and as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2      BancShares objects to Instructions 2, 3, and 5 as seeking to impose obligations on BancShares beyond those within the Federal Rules of Civil Procedure, the Court's Local Rules and Patent Rules, and the Court's order dated December 8, 2006 (Docket Entry 394).

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each and every person who assisted in preparing the answers to these discovery requests.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this inquiry as seeking information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity from discovery. BancShares also objects to this interrogatory as vague and ambiguous in that "these discovery requests" is undefined and subject to multiple interpretations.

Subject to and without waiving these objections, BancShares responds that John Gray assisted in preparing these responses to DataTreasury's interrogatories.

**INTERROGATORY NO. 2:**

Please identify each and every person who assisted in preparing and drafting the affidavit of John Gray titled Declaration of John Gray in Support of Defendant First Citizens Bancshares, Inc. Motion to Dismiss for Lack of Personal Jurisdiction relating to this matter.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this inquiry as seeking information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity from discovery.

Subject to and without waiving these objections, BancShares responds: John Gray, Kathleen Perkinson, Jan Jeffrey, Peg Powers, Mark Johnson, Ruth Clark, and Charles Dail.

**INTERROGATORY NO. 3:**

Please identify (by parties, docket number and court) all lawsuits in which First Citizens Bancshares Inc. has been a party to a lawsuit in the State of Texas.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules.

Subject to and without waiving these objections, BancShares responds that other than the current lawsuit filed by DataTreasury against BancShares, it has not been a party to any lawsuit in Texas.

**INTERROGATORY NO. 4:**

Please identify all instances in which First Citizens Bancshares Inc. has defended or assumed responsibility for a liability claim against any of its banking subsidiaries, including but not limited to all instances where First Citizens Bancshares Inc. has paid any form of consideration on behalf of First Citizens Bank and Trust Company.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as vague and ambiguous with respect to the phrase "assumed responsibility for a liability claim." BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules. BancShares also objects to this inquiry as seeking information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity from discovery.

Subject to and without waiving these objections, BancShares responds that it has not defended or assumed responsibility for any of its banking subsidiaries in Texas in any legal dispute.

**INTERROGATORY NO. 5:**

For the period of time between January 1, 1999 and the present, please describe all business activities between First Citizens Bancshares, Inc. and First Citizens Bank and Trust Company (including but not limited to activities in Texas).

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as vague and ambiguous with respect to the phrase "business activities." BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules. BancShares also objects to the specified time frame for this interrogatory as rendering the inquiry overly broad and as seeking information beyond the scope of permissible discovery. BancShares also objects to this inquiry as seeking information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity from discovery.

Subject to and without waiving these objections, BancShares responds that pursuant to Federal Rule of Civil Procedure 33(d), BancShares has produced business records from which the relationship between BancShares and First-Citizens Bank & Trust Company may be derived or ascertained. Without limitation, the business records are bates labeled FCBS00001 - 1216.

**INTERROGATORY NO. 6:**

For the period of time between January 1, 1999 and the present, please describe all business activities between First Citizens Bancshares, Inc. and Small Value Payments Company, LLC and/or The Clearing House Payments Company LLC (including but not limited to activities in Texas).

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as vague and ambiguous with respect to the phrase "business activities." BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules. BancShares also objects to the specified time frame for this interrogatory as rendering the inquiry overly broad and as seeking information beyond the scope of permissible discovery. BancShares also objects to this inquiry as seeking information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity from discovery.

Subject to and without waiving these objections, BancShares responds that it is aware of no activity responsive to this Interrogatory.

**INTERROGATORY NO. 7:**

For the period of time between January 1, 1999 and the present, please describe all business activities between First Citizens Bancshares, Inc. and Viewpointe Archive Services LLC (including but not limited to activities in Texas).

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as vague and ambiguous with respect to the phrase "business activities." BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules. BancShares also objects to the specified time frame for this interrogatory as rendering the inquiry overly broad and as seeking information beyond the scope of permissible discovery. BancShares also objects to this inquiry as seeking information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity from discovery.

Subject to and without waiving these objections, BancShares responds that it is aware of no activity responsive to this Interrogatory.

**INTERROGATORY NO. 8:**

From January 1, 1999 to present, please identify all revenues that have been provided to First Citizens Bancshares, Inc. from First Citizens Bank and Trust Company, including but not limited to all revenues originating from business activity in Texas.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as vague and ambiguous with respect to the phrase "revenues that have been provided." BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal

Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules. BancShares also objects to the specified time frame for this interrogatory as rendering the inquiry overly broad and as seeking information beyond the scope of permissible discovery.

Subject to and without waiving these objections, BancShares responds that as a shareholder, it receives dividends from First-Citizens Bank & Trust Company, which does not have any offices or branches in Texas and does not conduct banking operations in Texas.

**INTERROGATORY NO. 9:**

Please identify the address of each location in Texas which First Citizens Bancshares, Inc. owns, leases or has any interest in real estate.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules.

Subject to and without waiving these objections, BancShares responds: None.

**INTERROGATORY NO. 10:**

Please identify all land-line telephone numbers in Texas used by First Citizens Bancshares, Inc. to conduct business from January 1, 1999 to present.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this interrogatory as vague and ambiguous. BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules. BancShares also objects to the specified time frame for this interrogatory as rendering the inquiry overly broad and as seeking information beyond the scope of permissible discovery.

Subject to and without waiving these objections, BancShares responds: None.

**INTERROGATORY NO. 11:**

From January 1, 1999 to present, please identify (by name and address) all members of the board of directors of First Citizens Bancshares, Inc., and describe in detail any business activities conducted by those persons for First Citizens Bancshares, Inc. while physically in Texas.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as vague and ambiguous with respect to the phrase "business activities." BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules. BancShares also objects to the specified time frame for this interrogatory as rendering the inquiry overly broad and as seeking information beyond the

scope of permissible discovery. BancShares also objects to this inquiry as seeking information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity from discovery.

Subject to and without waiving these objections, BancShares responds that pursuant to Federal Rule of Civil Procedure 33(d), BancShares has produced business records from which the identity of members of the board of directors may be derived or ascertained. Without limitation, the business records are bates labeled FCBS00700 - FCBS00795. BancShares also responds that to its knowledge, none of its directors have conducted business for BancShares while in Texas.

**INTERROGATORY NO. 12:**

From January 1, 1999 to present, please identify all charitable or financial contributions or payments made to any and all organizations, including but not limited to, charitable organizations, businesses, affiliates, subsidiaries, or otherwise in the state of Texas.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules. BancShares also objects to the specified time frame for this interrogatory as rendering the inquiry overly broad and as seeking information beyond the scope of permissible discovery.

Subject to and without waiving these objections, BancShares responds that to its knowledge, the only payments responsive to this request relate to the documents bates labeled FCBS01217-1227.

**INTERROGATORY NO. 13:**

Please describe in detail the manner(s) in which First Citizens Bancshares, Inc. exercises ownership and control of its banking subsidiaries as represented in First Citizens Bancshares, Inc.'s 2005 Form 10-K filing with the Securities and Exchange Commission.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as vague and ambiguous with respect to the phrase "exercises ownership and control." BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules. BancShares also objects to this inquiry as seeking information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity from discovery.

Subject to and without waiving these objections, BancShares responds that its 2005 Form 10-K accurately describes the relationship between BancShares and its subsidiaries.

**INTERROGATORY NO. 14:**

Please identify the person(s) within First Citizens Bancshares, Inc. that is(are) responsible for complying with the requirements of the Sarbanes-Oxley Act for all Securities & Exchange Commission filings made by First Citizens Bancshares, Inc.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules. BancShares also objects to this inquiry as seeking information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity from discovery.

**INTERROGATORY NO. 15:**

Please identify all officers, directors, and employees of First Citizens Bancshares, Inc. that also serve as officers, directors, or employees of First Citizens Bank and Trust Company.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules.

Subject to and without waiving these objections, BancShares responds that pursuant to Federal Rule of Civil Procedure 33(d), BancShares has produced business records from which

the requested information may be derived or ascertained. Without limitation, the business records are bates labeled FCBS00700 - FCBS00795.

**INTERROGATORY NO. 16:**

Please list all instances where First Citizens Bancshares, Inc. has provided financial assistance in any way for First Citizens Bank and Trust Company to operate in Texas.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as vague and ambiguous with respect to the phrase "has provided financial assistance." BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under the Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules.

Subject to and without waiving these objections, BancShares responds: None.

**INTERROGATORY NO. 17:**

Please list and describe in detail all instances where First Citizens Bancshares, Inc. has made a representation that it operates or controls any subsidiary company that does business in Texas.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as vague and ambiguous with respect to the phrase "operates or controls." BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as

seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules. BancShares also objects to this inquiry as seeking information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity from discovery.

Subject to and without waiving these objections, First Citizens BancShares responds: None.

**INTERROGATORY NO. 18:**

List and describe all contacts between First Citizens Bancshares, Inc. and the State of Texas.

**ANSWER:**

BancShares incorporates its General Objections. BancShares also objects to this Interrogatory as vague and ambiguous with respect to the term "contacts." BancShares also objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information beyond the scope of permissible discovery available under Federal Rule of Civil Procedure 26, the Court's order dated December 8, 2006 (Docket Entry 394), and the Court's Local Rules and Patent Rules.

Subject to and without waiving these objections, BancShares responds that pursuant to Federal Rule of Civil Procedure 33(d), BancShares has produced business records from which the requested information may be derived or ascertained. Without limitation, the business records are bates labeled FCBS01217 - FCBS01227.

Dated: January 22, 2007.                    Respectfully submitted,


    /s/ Larry D. Carlson
Larry D. Carlson, Attorney-in-Charge
    Texas State Bar No. 03814500
    E-Mail: larry.carlson@bakerbotts.com
Fernando Rodriguez, Jr.
    Texas State Bar No. 24005048
    E-Mail: fernando.rodriguez@bakerbotts.com
David O. Taylor
    Texas State Bar No. 24042010
    E-Mail: david.taylor@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503


Donalt J. Eglinton
    E-Mail: dje@wardandsmith.com
WARD AND SMITH, P.A.
Post Office Box 867
New Bern, North Carolina 28563
Telephone: (252) 672-5456
Facsimile: (252) 672-5477

ATTORNEYS FOR DEFENDANTS FIRST-
CITIZENS BANK & TRUST COMPANY AND
FIRST CITIZENS BANCSHARES, INC.


## CERTIFICATE OF SERVICE

I certify that on January 22, 2007, all counsel who are deemed to have consented to electronic service are being served with a copy of this document via electronic transmission.

    /s/ Larry D. Carlson
Larry D. Carlson