Datatreasury Corporation v. Wells Fargo & Company et al    Doc. 672
04/19/07 15:42 FAX    ☑002/003
Case 2:06-cv-00072-DF-CMC   Document 672   Filed 04/19/2007   Page 1 of 2

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
2200 ROSS AVENUE, SUITE 2800
DALLAS, TEXAS 75201-2784
WWW.FULBRIGHT.COM

ROBERT M. CHIAVIELLO, JR.
PARTNER
BOBC@FULBRIGHT.COM

DIRECT DIAL: (214) 855-8003
TELEPHONE: (214) 855-8000
FACSIMILE: (214) 855-8200

April 19, 2007

**VIA FACSIMILE 903/794-1224
& U.S. MAIL**

Honorable David Folsom
United States District Court

Re: Case No. 2:05-cv-00294 DF; *DataTreasury Corporation v. Citigroup, Inc. and Citibank National Association;* In the United States District Court for the Eastern District of Texas – Marshall Division

Dear Judge Folsom:

This responds to your request for Citigroup's and Citibank's (collectively "Citigroup") comments and position with respect to the suggestion in Judge Parker's letter of April 18, 2007 to reschedule the *Markman* hearing set for April 26, 2007 in the *DataTreasury v. Citigroup* case.

Citigroup respectfully requests that you decline Judge Parker's suggestion of consolidating the Citigroup hearing with the *Markman* hearing scheduled for September 24, 2007 in the Wells Fargo case.

Contrary to Judge Parker's suggestion, rescheduling the Citigroup *Markman* hearing will not save judicial resources but will in fact increase the burden on the Court not to mention impose substantial burden on Citigroup. The most efficient use of judicial resource would be to go forward with the hearing as scheduled for April 26, 2007. Under the current schedule in the Citigroup case, it is likely the Court would enter a *Markman* order in the Citigroup case before the Wells Fargo hearing. A *Markman* order in the Citigroup case will almost certainly reduce the time and effort the Court, and the parties, would otherwise have to expend in the Wells Fargo case.

Another important reason for not consolidating the hearings is the Citigroup case is scheduled for trial in March 2008. If the Court were to reschedule the *Markman* hearing to September 24, 2007 that would likely necessitate a rescheduling of the Citigroup trial, likely pushing the trial beyond three years from the date of filing.

Honorable David Folsom
April 19, 2007
Page 2

Finally, rescheduling the *Markman* hearing at this late date would increase the expense to both Citigroup and DataTreasury as the parties would now have to "redo" the work that was completed in preparation for this hearing.

For the foregoing reasons, Citigroup respectfully requests that the Court go forward with the *Markman* hearing in this case as scheduled. On behalf of Citigroup, I thank the Court for its indulgence and consideration of this matter. Should the Court wish or desire further comment upon this issue, we stand ready at the Court's convenience.

Very truly yours,

Bob Chiaviello

Robert M. Chiaviello, Jr.

RMC/sjm

cc:   Counsel of Record
      Judge Robert M. Parker

25767832.1