IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **DATATREASURY CORP.**, | § § | |
| **Plaintiff,** | § § | |
| v. | § § | 2:06-CV-72-DF |
| **WELLS FARGO & CO., et al.** | § § | |
| **Defendants.** | § § § | |

## O R D E R

Before the Court is the Motion of Defendant Electronic Data Systems Corp. ("EDS") for Modification of the Stay. Dkt. No. 401. This motion concerns the Court's grant of a conditional stay in this case on October 25, 2006. Dkt. No. 326. The Court required that for a stay to be granted as to a particular defendant, the particular defendant must stipulate as follows:

> The parties agree that the stay will be granted only on condition that [an individual defendant] agrees not to challenge United States Patent Numbers 5,910,988 and/or 6,032,137 based on any prior art printed publications that were considered in the reexamination process.

*Id.* at 10.

In the present motion, filed January 8, 2007, EDS "requests that the Court clarify that the terms of its stipulation do not apply to combinations of art considered in the reexamination with art what was no so considered." Dkt. No. 401 at 1.

By Order dated January 12, 2007, the Court restated the stipulation required for the conditional stay as follows:

> As a condition of the stay, Defendant may not argue invalidity at trial based on one or more prior art printed publications that were submitted by

-1-

>the petitioner in the reexamination proceedings. However, Defendant will
be permitted to rely for obviousness on the combination of printed
publication reference that was submitted by the petitioner in the
reexamination with prior art that was not so submitted.

Dkt. No. 411 at 1.

Because the Court's restated stipulation includes the clarification sought by the present motion, EDS' motion for clarification (Dkt. No. 401) is hereby **TERMINATED AS MOOT.**

**IT IS SO ORDERED.**

**SIGNED this 25th day of April, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE