# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **DATA TREASURY CORP.** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CIVIL ACTION NO. 2:06-CV-72 (DF)** |
| § | |
| **WELLS FARGO and COMPANY, et al.,** § | |
| § | |
| Defendants. § | |
| § | |

## ORDER FROM SCHEDULING CONFERENCE AND
## DOCKET CONTROL ORDER

The Court issues the following Order from the October 19, 2006, Scheduling Conference. The Court's Docket Control Order is filed in conjunction herewith.

### Protective Order

The parties have informed the Court that they are finalizing the terms of a protective order in this case. The parties inform the Court that they will submit an Agreed Motion for Entry of Protective Order by November 1, 2006. In the event the parties are unable to reach an agreement they shall submit their respective proposals to the Court by November 1, 2006.

### *Markman* Hearing & Deadlines in the Docket Control Order

The Court, having considered the briefing and arguments presented at the scheduling conference, issues a Docket Control Order for the above-entitled and numbered cause of action, which sets forth the briefing schedule. In accordance with the local patent rules, Plaintiff shall file its opening claim construction brief followed by Defendants' response, Plaintiff's reply, and Defendants' Sur-reply. To reiterate, the claim construction hearing in this case is scheduled for September 24, 2007, at 10 a.m. The hearing will continue on September 25, 2007 if necessary. Each

side shall have four (4) hours to present. Further, Plaintiff's opening claim construction brief shall be limited to forty (40) pages. Defendants shall file one joint, responsive brief with issues about which that all agree limited to forty (40) pages and, upon leave of Court, each Litigant group may file a responsive brief concerning issues about which it disagrees with the other Defendants, if any, limited to ten (10) pages. Plaintiff's reply and Defendants' sur-reply shall be limited to twenty (20) pages and shall address all of the opposing side's responses.

## **Limits on Discovery**

As to the parties' discovery requests in this matter, the Court finds as follows:

(a)     Requests for Production

The Court orders that requests for production in this case shall be unlimited.

(b)     Requests for Admissions

The Court orders that requests for admissions shall be limited to 500 per litigation group.

(c)     Interrogatories

Pursuant to the parties agreement outlined in their Joint Conference Report, the Court orders interrogatories, by and as to each litigant group, limited to two sets of interrogatories with no more than 30 interrogatories per set.

(d)     Depositions

The parties agree that depositions in this case should be limited based on a finite number of hours. The parties disagree, however, over the total number of deposition hours that should be allocated. The Court orders that the total number of deposition hours be limited to 175 hours per litigation group. This hour limit shall include the depositions of fact witnesses as well as expert witnesses and Rule 30(b)(6) witnesses. The Court further orders that the depositions of each expert

or Rule 30(b)(6) witness be limited to no more than ten (10) hours. The depositions of fact witnesses shall be limited to no more than eight (8) hours.

Given the large number of litigation groups involved, the Court will allow reasonable modifications of these time limits under the deposition protocol order. Unless modifications are necessary pursuant to the deposition protocol order, the parties shall not otherwise alter these limits. Additionally, the Court is confident that the parties will continue to reach an agreement concerning the terms of the deposition protocol order. However, if the parties are unable to reach an agreement then they shall submit to the Court their respective proposals within fourteen (14) days of this order.

## **Preliminary Infringement Contentions**

In this matter, Defendants maintain that Plaintiff should limit the number of claims it is asserting at this early stage in order for the case to proceed in an expeditious manner. Defendants assert that this case potentially involves 224 potential patent claims involving six (6) patents. This, they argue, makes the case unmanageable and creates a plethora of discovery problems. Accordingly, Defendants request the Court limit Plaintiff to a specific number of representative claims or allow for additional time for Defendants to meet certain disclosure requirements. In response, Plaintiff argues that limiting the number of claims at this early stage of litigation would unfairly prejudice its rights under the patent laws. Plaintiff argues that the claims in this case should not be limited until, at least, after fact discovery has concluded.

As the parties' arguments reveal, this matter puts two legitimate interests at odds – a patentee's fundamental patent rights and the Court's discretion to manage its docket. In presenting a patent case to the jury, counsel must address which claims of the asserted patent or patents are being allegedly infringed upon. Thus, the potential for jury confusion in a patent case increases

3

exponentially with the number of claims asserted. Additionally, when the number of claims being asserted is so voluminous, litigation becomes extremely burdensome on both the parties and the Court. While a patentee has the right to prevent others from infringing, that right must not be allowed to frustrate litigation. As noted by the parties, a few courts have restricted the number of claims that a patentee may assert in trial. The Federal Circuit, while not squarely addressing this issue, has acknowledged the use of the court limiting claims so long as the party opposing the limitation is not prejudiced. *See ReRoof America, Inc. et al. v. United Structures of America, Inc.*, 215 F.3d 1351 (Fed. Cir. Aug. 30, 1999) (unpublished opinion) (noting that where the trial court limited plaintiff to five representative claims plaintiff was not prejudiced); *Kearns v. General Motors Corp.*, No. 93-1535, 1994 U.S. App. LEXIS 19568, at *6-7 (Fed. Cir. Jul. 26, 1994) (affirming dismissal of patent case where the district court ordered to limit the "case to *one representative claim per patent*" because there were "51 claims in the five patents listed in the complaint and 232 total claims in all of [the plaintiff's] patents").

Whether courts may properly limit the number of claims a party may present to a jury has yet to be decided. However, this Court finds it within its discretion to limiting the number of claims to help expedite the case and effectuate case management. The Court agrees with Defendants that Plaintiff's number of asserted claims is too numerous. The Court would prefer the parties to address such issues among themselves, but when that does not happen the Court must intervene. The Court finds that Plaintiff should be limited, at this juncture, to a reasonable number of representative claims. As discussed at the scheduling conference on October 19, 2006, the Court orders that Plaintiff shall limit its asserted claims to no more than 50 claims for all patents-in-suit by December 4, 2006. Plaintiff shall further limit the number of asserted claims to no more than eighteen (18)

claims[1] against each respective litigant group[2] by April 7, 2007.  Plaintiff shall be provided time to assess its infringement contentions with regard to such representative claims as is reflected in the Court's Docket Control Order.

### Limitation of Affirmative Defenses

Plaintiff proposes that the Court also limit the number of affirmative defenses that the accused infringers may assert with respect to each relevant claim to one affirmative defense.  The Plaintiff, however, cannot point the Court to any authority for their proposal.  As a result, the Court denies their proposal to limit the number of affirmative defenses that may be asserted with respect to each claim.

### No Excuses Concerning Discovery

As the Court mentioned at the scheduling conference on October 19, 2006, a party is not excused from the requirements of this Order or the Court's Docket Control Order simply because it has not fully completed its investigation of the case, because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent an order of the Court to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand, or to change venue.

### Meet and Confer Procedure

Pursuant to this District's Local Rules, the Court will refuse to entertain any motion

---

[1] In both *Katz v. Citibank*, 5:05-cv-142, and *Polycom v. Codian*, 2:05-cv-520, the parties agreed to limit the number of claims to eighteen for claim construction purposes.  The Court will do the same here.  If necessary, the Court may further limit the number of claims down to ten for trial.

[2] The parties have informed the Court that a Litigant Group is defined as a defendant bank and, where applicable, the bank's correlative national association or holding company.

pertaining to discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first met and conferred in person, with local counsel present, in a good faith effort to resolve the matter. This is only required for parties involved in the dispute.

### Appointment of A Special Master and A Technical Advisor

The Court understands that the parties will continue to meet concerning the selection of a special master and a technical advisor in this case. The Court orders the parties to report to the Court within fourteen (14) days from this order concerning their selections. In the event the parties cannot agree on the selection of a special master and/or a technical advisor, the parties shall each submit, as necessary, two (2) candidates for special master, and two (2) candidates for technical advisor.

### Electronic Communication Protocal

The parties have informed the Court of their intention to create and to exchange a single email address for each litigant group, which the parties will utilize for electronic communication and service between and amongst themselves. While the parties have not currently established such an email address, the Court is confident that the parties will expeditiously do so. In the event that the parties have not done so within fourteen (14) days from this order, the parties shall notify the Court in writing of their reasons for failing to do so.

**SIGNED this 25th day of October, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

6