IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION § | |
| *PLAINTIFF* § | |
| vs. § | No. 2:06cv72 |
| § | |
| WELLS FARGO & COMPANY, *et al* § | JURY TRIAL DEMANDED |
| *DEFENDANTS* § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT UNIONBANCAL CORPORATION'S MOTION FOR CLARIFICATION OR FOR A PROTECTIVE ORDER REGARDING DISCOVERY ORDER (D.E. NO. 597) AND ENLARGEMENT OF TIME**

Plaintiff DataTreasury Corporation ("DTC") files this Response to UnionBanCal Corporation's ("UnionBanCal") Motion for Clarification or For a Protective Order and for Enlargement of Time, and would respectfully show this Honorable Court as follows:

## I. INTRODUCTION

On February 16, 2007 DTC filed its Amended Response to UnionBanCal's Motion to Dismiss, and a Motion to Compel additional documents relevant to the jurisdictional discovery that the Court authorized DTC to conduct. On March 15, 2007 the Court entered an Order granting in part DTC's Motion to Compel additional documents, and required UnionBanCal to produce within thirty days:

> "all minutes and other documents related to all meetings of the Boards of Directors of UnionBanCal and its banking subsidiaries, particularly Union Bank of California; and all minutes and other documents related to all meetings of the various committees (joint or otherwise) that are created at the direction of the Board of Directors for UnionBanCal, Union Bank of California, or both or committees of either UnionBanCal or Union Bank of California that otherwise oversee or coordinate with committees of the other."

The Court's Order is clear as to what documents Defendant must produce. Instead of complying with this Order and producing the documents as ordered by the Court, Defendant filed this Motion seeking to avoid its document production obligations essentially asking for "clarification" as to whether the Court really meant what it said in its Order. Defendant's Motion for Clarification and for a Protective Order should be denied because its questions have already been answered by the Court's prior Order, and its excuses for not producing the documents are lacking in merit as explained below.

## II.   ARGUMENT

UnionBanCal's Motion presents two arguments in support of its Motion. First, UnionBanCal seeks "clarification" that the Court really meant to order UnionBanCal to produce the documents that the Court ordered UnionBanCal to produce. In essence, UnionBanCal desires a second bite at the apple to re-argue the Motion to Compel that the Court has already granted in part. Secondly, assuming the Court meant what it said in its prior Order, UnionBanCal then moves for a protective order to prevent it from having to produce these documents at all. Ultimately, through both their Motion for "Clarification" and their alternative Motion for Protective Order, what Defendant really seeks is a blanket protective order that relieves UnionBanCal of producing *any* documents that they were previously ordered by this Court to produce.

### A.   THE COURT'S ORDER WAS CLEAR AND CLARIFICATION IS NOT NEEDED

In its March 15 Order, the Court clearly set forth the documents that Defendant was required to produce. As to UnionBanCal's request for clarification, Defendant simply re-argues a Motion that it already lost, that being DTC's Motion to Compel the documents now at issue. UnionBanCal now wants to present for the first time new arguments to the Court as

to why Defendant should not have to produce the documents at issue such as "production would be overly burdensome and too costly and time-consuming". Unfortunately for UnionBanCal, these arguments are simply untimely. UnionBanCal had ample opportunity to present to the Court previously these arguments regarding the scope of the documents that DataTreasury sought to compel. DataTreasury's Motion to Compel clearly set forth the documents it sought, and if UnionBanCal wanted to make and rely on arguments it now presents to the Court to avoid its discovery obligations, it should have properly presented them in response to DTC's Motion to Compel. However, it chose not to even though the arguments it now makes could have been made at that time.

UnionBanCal admits as much in its Motion for Clarification, stating: "Admittedly, UnionBanCal was not clear in its Opposition to DataTreasury's Motion to Compel…." *See* Defendant's Motion, page 6. UnionBanCal basically admits that it had the opportunity to make the arguments it now makes – that the production would be too voluminous, that the burden outweighs the benefit, etc. – but it failed to or chose not to do so. UnionBanCal offers no justification for not raising these concerns earlier, nor does it offer any authority for its desire to re-argue a Motion that it already lost. Notably, nothing has changed with respect to the responsive documents from the time the Motion to Compel was filed until now – it is just that now Defendant wants to raise additional arguments it left out earlier in hopes that the Court will change its mind about a prior order because UnionBanCal simply does not like the Court's ruling.[1]

---

[1] DTC also opposes Defendant's suggestion that DTC be required to pay for the costs and attorney's fees associated with Defendant's review and production of these materials. See Defendant's Motion, footnote 9.

Additionally, Defendant attempts to unilaterally and inappropriately narrow the basis for DataTreasury's request for these documents. DataTreasury's basis for its request is not as narrow as Defendant would suggest.[2] Defendant states that DataTreasury seeks these documents to verify certain facts to which Defendant has agreed to via discovery or deposition,[3] and in light of those agreements asks the Court to clarify its Order. However, absolutely no clarification is needed because the Court has already considered this argument in Ordering UnionBanCal to produce the requested documents. Specifically, in its Response to DataTreasury's Motion to Compel, Defendant stated that DataTreasury was seeking the requested information based on these very issues it now claims to have admitted to. *See* Defendant Response to DTC Motion to Compel, p. 5. Defendant  Significantly, Defendant also highlighted a portion of David Anderson's deposition transcript where he admitted that there were overlapping members on the Boards of Directors for Union Bank of California and UnionBanCal. This deposition excerpt was attached as Exhibit A to Defendant's Response to DataTreasury's Motion to Compel. These admissions on which Defendant now seeks clarification are nothing new to this Court and have previously been considered.[4]

---

[2] Defendant suggests that DTC's sole basis for requesting these documents are based on the fact that "it was 'revealed that the two Board[s] of Directors and their officers are almost completely overlapping, meet jointly, and have joint committees and shared officers" and so DataTreasury argued that "the requested documents are relevant to determine the veracity of these positions.'" Defendant suggests that since these issues have been agreed to by Defendant that the discovery now sought is moot and the Court should clarify its Order. While these issues, admittedly, formed part of the basis for DTC's Motion to Compel, they are not exhaustive of DTC's bases. In its Motion to Compel, DTC pinpointed these specific examples, *among "other relevant factors"* supported by case law cited therein. *See* DTC Motion to Compel, pp. 2-3. Defendant is well aware that these few factors it has stipulated to do not form the entire basis for DTC's motion.

[3] Defendant states that it has admitted through deposition or written discovery that the two Boards of Directors and their officers are almost completely overlapping, meet jointly, and have joint committees and shared officers. *See* Defendant's Motion, p. 6.

[4] To the extent that any of these admissions were not revealed to the Court, Defendant's failure waives those arguments. Defendant was aware of the bases for DTC's Motion to Compel and was required to fully brief the issues in its Response.

However, despite being presented with these admissions previously, the Court still ordered Defendant to produce the documents it now seeks to keep secret. No clarification is needed, as these issues have been considered by the Court and clearly rejected. Defendant's motion should, therefore, be denied.

> **B.    THE DOCUMENTS AT ISSUE WOULD BE PROTECTED UNDER THE CURRENT PROTECTIVE ORDER AGREED TO BY THE PARTIES IN THIS CASE**

Near the end of its arguments for "clarification," Defendant segues to an argument that the documents should not have to be produced because they contain information that is confidential and secretive, and is purportedly protected from disclosure by various statutes and federal regulations. This argument carries into Defendant's arguments for a protective order as well. This argument that "our documents are too confidential to produce" is insufficient, and UnionBanCal's Motion should be denied in its entirety.

In support of this new argument, Defendant claims that Titles 12 and 31 of the United States Code and implementing regulations from Title 12 of the C.F.R. (concerning their status as a Federal Reserve Board-regulated institution) relieves Defendant of the obligation to produce the ordered documents. This new argument is likewise untimely and unpersuasive.[5]

---

[5] In addition to the remaining discussion in this Response on Defendant's previous agreements in this case's Protective Order, Defendant's cherry-picked provisions of Title 12 of the C.F.R. do not support the arguments it makes. For example, Defendant claims that because it is regulated by the Board of Governors of the Federal Reserve, it is prohibited from disclosing confidential information. *See* Defendant's Motion, pages 9-12. However, Defendant failed to cite to the Court one of the very first provisions in Title 12 – 12 C.F.R. § 261.1(a)(3) – which reads: "The Board has also determined that it is authorized by law to disclose information to a law enforcement or other federal or state government agency that has the authority to request and receive such information in carrying out its own statutory responsibilities, or in response to a valid order of a court of competent jurisdiction or of a duly constituted administrative tribunal." *See id*. (emphasis added). Thus, Defendant's fears of running afoul of these regulations are misplaced, as this Court has entered just such an Order already.

To begin with, none of Defendant's cited references explain this very simple question: how are the documents of such a sensitive nature that they will not be protected by the Court's Protective Order in this case? This Court entered a Protective Order on November 20th, 2006, after all parties – including UnionBanCal – agreed to it. *See* Exhibit 1. That Protective Order defines "Confidential Information" as:

> "technical information such as product design and operation and manufacturing techniques or processing information, **trade secrets**, formulas, research and development information, source code, object code, customer lists, sales and cost information, and pricing information, patent license agreements, or information that was generated in connection with, or reveals the content of, patent licensing negotiations; **information that a party has treated as confidential and is not subject to public disclosure**; information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade Secret Act (1985); and **any other information that would qualify as Confidential pursuant to** Federal Rule of Civil Procedure 26(c) **or any other legal standard**."

*See id.* at page 2-3 (emphasis added). The Protective Order goes on to discuss how "Confidential Information" as defined in the Order can be produced by following certain requirements.

Defendant's current Motion wholly fails to explain why the Protective Order Defendant agreed to in this case and that controls production of "Confidential Information" – which specifically includes "any other information that would qualify as Confidential pursuant to…<u>any other legal standard</u>" – does not extend to documents that Defendant now contends are "too confidential" to be produced. Fatally, in its Motion Defendant merely cites "other legal standards" for its claims of confidentiality, such as United States Code provisions, C.F.R. provisions or case law. However, Defendant has already *stipulated* to an

agreed way to deal with information that is confidential under "other legal standards" by agreeing to the Protective Order entered by this Court.[6]

Defendant claims in its Motion that the documents at issue are "marginally relevant" and that their production would be "overly burdensome." Once again, these arguments have long been waived due to Defendant's failure to assert them in response to DTC's Motion to Compel, and Defendant should not be allowed a second bite at this apple. Defendant also claims that its documents are too confidential to produce, and would require them to disclose confidential information that should be protected – again an argument raised for the very first time here and therefore waived. Yet, Defendant ignores entirely the fact that it previously agreed to the Protective Order in this case that governs the parties' productions of "information that a party has treated as confidential and is not subject to public disclosure." Simply, UnionBanCal should be required to live up to the terms of its previous bargain in entering the Protective Order in this case – and the Court's Order clearly requiring that these documents be produced – and produce the documents while making the proper designations of confidentiality as called for by the Protective Order. As such, their Motion should be denied in its entirety.

### III.   CONCLUSION AND PRAYER

Based on the foregoing, Plaintiff DataTreasury Corporation respectfully requests that the Court DENY UnionBanCal Corporation's Motion for Clarification or for a Protective Order Regarding Discovery Order (D.E. No. 597) and for Enlargement of Time, and require

---

[6] If some of Defendant's documents contain information protected from disclosure by the attorney-client privilege, DTC certainly does not argue that Defendant must produce that privileged information. However, DTC is unable to determine what privilege – if any at all – might apply to the documents, because Defendant has yet to produce any. While proper privilege assertions are appropriate to protect privileged information, the majority of Defendant's Motion – and DTC's arguments herein – are directed toward Defendant's arguments that its documents are "too confidential" to be produced at all.

Defendant to produce unredacted versions of the documents at issue within seven days. Plaintiff prays for any further relief to which it is entitled.

                        Respectfully submitted,

*[signature]*

_____

**ANTHONY BRUSTER**
State Bar No. 24036280
**R. BENJAMIN KING**
State Bar No. 24048592
**C. CARY PATTERSON**
State Bar No. 15587000
**BRADY PADDOCK**
State Bar No. 00791394
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
akbruster@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

**EDWARD CHIN**
State Bar No. 50511688
**ROD COOPER**
State Bar No. 90001628
**EDWARD L. VON HOHN**
Attorney in Charge
State Bar No. 09813240
**NIX  PATTERSON & ROACH, L.L.P.**
Williams Square
5215 North O'Connor Blvd., Suite 1900
Irving, Texas  75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@nixlawfirm.com
rodcooper@nixlawfirm.com

edhohn@nixlawfirm.com

**JOE KENDALL**
State Bar No. 11260700
**KARL RUPP**
State Bar No. 24035243
**PROVOST * UMPHREY, L.L.P.**
3232 McKinney Avenue, Ste. 700
Dallas, Texas 75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@provostumphrey.com
krupp@provostumphrey.com

**ERIC M. ALBRITTON**
State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com


**T. JOHN WARD, JR.**
State Bar No. 00794818
**LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231
Longview, Texas 75601
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

*ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 27th day of April, 2007 via electronic transmission.

Bank of America - Listserve (BankofAmericaF&R@fr.com)
BB&T ListServe (BB&T_DataTreasury@kilpatrickstockton.com)
Citizens Financial (citizensfinancial@standleyLLP.com)
City National Bank - Listserve (citynationalbank@dmtechlaw.com)
Comerica Bank 007 Listserve (Comerica_DataTreasury@kilpatrickstockton.com)
Compass/First Horizon/TN Bank - Listserve (comfhft@andrewskurth.com)
Cullen/Frost Bank - Listserve (frostbank@dmtechlaw.com)
EDS - Listserve (EDS_DataTreasury@mckoolsmith.com)
UBS – Listserve (ubsamericas@velaw.com)
HSBC North America Holdings, Inc./HSBC Bank USA  Listserve  (hsbccounsel@blhc-law.com)
BancorpSouth Listserve (bxs@hughesluce.com)
Bank of Tokyo Listserve (BankofTokyo_DataTreasury@sidley.com)
BofNY Listserve (BofNYLitTeam@pillsburylaw.com)
The Clearing House/SVPCo Listserve (TCH_DT@sullcrom.com)
Deutsche Bank Listserve (DeutscheBank_DataTreasury@sidley.com)
First Citizens Listserve (firstcitizens@bakerbotts.com)
First Data Listserve (FirstData_DataTreasury@sidley.com)
Key Bank Listserve (KeyCorp_DataTreasury@mckoolsmith.com)
LaSalle Bank Listserve (LaSalleBank_DataTreasury@sidley.com)
National City Bank Listserve (foley-dtc@foley.com)
Remitco Listserve (Remitco_DataTreasury@sidley.com)
Telecheck Listserve (Telecheck_DataTreasury@sidley.com)
Union BofCA Listserve (ubofclitteam@pillsburylaw.com)
Viewpointe Listserve (Viewpointe_dtc@skadden.com)
Zion First National Bank Listserve (foley-dtc@foley.com)
Harris Bancorp. - Listserve (Harris_DataTreasury@mckoolsmith.com)
M&T 007 Listserve (M&T_DataTreasury@kilpatrickstockton.com)
PNC Bank - Listserve (PNC_DataTreasury@mckoolsmith.com)
Suntrust - Listserve (SunTrust_DataTreasury@mckoolsmith.com)
U.S. Bancorp – Listserve (foley-dtc@foley.com)
Wachovia 007 Listserve (Wachovia_DataTreasury@kilpatrickstockton.com)
Wells Fargo - Listserve (*DalWellsFargo_DTC@BakerNet.com)

_____
**ANTHONY BRUSTER**