# David Curcio

**From:**     Anthony Bruster [akbruster@nixlawfirm.com]
**Sent:**     Friday, May 04, 2007 3:26 PM
**To:**       'David Curcio'
**Cc:**        hsbccounsel@blhc-law.com; datatreasury@cooperiplaw.com
**Subject:** RE: DTC - proposed conference

Sorry for the late reply, David, I've been in depositions all day. How about next Friday? I am unavailable Monday & in depositions Tues – Thurs. Please let me know if that works. Thanks
AKB

Case 2:06-cv-00072-DF-CMC     Document 688     Filed 05/07/2007     Page 1 of 4

Dockets.Justia.com

---

**From:** David Curcio [mailto:dcurcio@blhc-law.com]
**Sent:** Thursday, May 03, 2007 4:45 PM
**To:** akbruster@nixlawfirm.com
**Cc:** hsbccounsel@blhc-law.com; datatreasury@cooperiplaw.com
**Subject:** RE: DTC - proposed conference

Anthony:
Our certificate of conference on the motion for protection, like DTC's certificate on its earlier motion to compel, complied with Local Rule 7(h). Since DTC conferred by correspondence on its motion, we thought it was appropriate for HNAH to do the same on its motion, especially since the two motions addressed similar documents and issues. Nevertheless, in light of DTC's newfound insistence on meeting and conferring in person, please let me know when and where you want to meet to confer on the motion for protection and/or the motion to compel. I do not see why a conference now is any less meritorious than an earlier conference, especially if the goal is to try to un-burden the court.


David S. Curcio
Boudreaux, Leonard, Hammond & Curcio, P.C.
909 Fannin, Suite 2350
Houston, Texas 77010
713-757-0000
713-757-0178 (Fax)

-----Original Message-----
**From:** Anthony Bruster [mailto:akbruster@nixlawfirm.com]
**Sent:** Wednesday, May 02, 2007 9:09 PM
**To:** 'David Curcio'
**Cc:** hsbccounsel@blhc-law.com; datatreasury@cooperiplaw.com
**Subject:** RE: DTC - proposed conference

David:
I read your letter. Not sure if additional conferencing would help at this stage. Had we begin given the opportunity to discuss this in person (at least on the phone), as the Court's order requires, I have a feeling the "unilateral redaction" issue could've been worked through to allow some room for compromise by both parties. But since it was done without opportunity to explore options, I don't really see any way further conferencing could help now. Bottom line – we probably could've been flexible with a solution before the motion was filed, but now, it appears "what's done is done." I guess we'll have to see which way the Court rules.
Thanks,
AKB

---

**From:** David Curcio [mailto:dcurcio@blhc-law.com]
**Sent:** Wednesday, May 02, 2007 10:37 AM
**To:** akbruster@nixlawfirm.com



**Cc:** hsbccounsel@blhc-law.com
**Subject:** RE: DTC - proposed conference

See attached letter.

-----Original Message-----
**From:** David Curcio [mailto:dcurcio@blhc-law.com]
**Sent:** Friday, April 13, 2007 12:33 PM
**To:** 'akbruster@nixlawfirm.com'
**Subject:** RE: DTC - proposed conference

Attached is a *draft* of a summary of the documents which address your questions; the actual redacted documents will be sent to you. Based on your e-mail and DTC's prior briefing and position on jurisdictional discovery, I will file the motion as "opposed."

-----Original Message-----
**From:** Anthony Bruster [mailto:akbruster@nixlawfirm.com]
**Sent:** Thursday, April 12, 2007 3:50 PM
**To:** dcurcio@blhc-law.com
**Cc:** 'DataTreasury'; 'Nick Nicholas'
**Subject:** FW: DTC - proposed conference
**Importance:** High


David:

I'm trying to understand the issue here.  You are seeking Court protection to avoid having to produce documents the Court has already ordered you to produce, on the grounds that the content is irrelevant? Please advise as to what the general nature of the contents you seek to redact, why you believe it to be irrelevant, what specific dates / types of documents you seek to redact, and all other pertinent information for us to assess this request.  I also want to ensure that we (i.e., ya'll) satisfy the demands of the Protective Order for our meet and confer.  We look forward to hearing from you.

AKB


---

**From:** David Curcio [mailto:dcurcio@blhc-law.com]
**Sent:** Thursday, April 12, 2007 3:18 PM
**To:** datatreasury@cooperiplaw.com
**Cc:** 'Maryellen Shea'; 'Nick Nicholas'
**Subject:** FW: DTC - proposed conference
**Importance:** High

Dear Counsel for Plaintiff DataTreasury Corporation: I am writing to confer on a motion for protection we are filing on behalf of HSBC. The motion seeks to protect from discovery some of the content of the documents subject to the March 15, 2007 Order, based on the assertion that the redacted content is irrelevant to the narrow issue identified by the Court and is highly sensitive and confidential.  We will also seek the Court's permission to provide the unredacted documents for *in camera* review.  Please allow this email to serve as our conference requirements under the local and Federal rules, and kindly advise whether or not you oppose the Motion for Protection. *I will assume that you* **oppose** *the motion, unless you advise otherwise by 2:00 p.m. on Friday, April 13, 2007.*

David S. Curcio
Boudreaux, Leonard, Hammond & Curcio, P.C.
909 Fannin, Suite 2350
Houston, Texas 77010
713-757-0000

713-757-0178 (Fax)

Case 2:06-cv-00072-DF-CMC    Document 688    Filed 05/07/2007    Page 3 of 4

5/7/2007

# *Boudreaux, Leonard, Hammond & Curcio, PC*
## *Attorneys at Law*

Two Houston Center
909 Fannin, Suite 2350
Houston, Texas 77010

Tel: 713.757.0000
Fax: 713.757.0178
www.blhc-law.com

May 2, 2007

Electronic Mail
Mr. Anthony Bruster
Nix Patterson & Roach L.L.P.
2900 Sr. Michael Drive, Suite 500
Texarkana, Texas 75503

Re:    *DataTreasury Corporation v. Wells Fargo & Company;* No.
2:06CV72 in the United States District Court for the Eastern District
of Texas – Marshall Division.

Dear Mr. Bruster:

I wanted to fully explore your position with regard to HSBC's Motion for Protection.
While I believe that the conference requirement was satisfied through the e-mails on April 12-13,
2007, your reply to the motion seems to suggest that you would have reached a different conclusion
had there been additional conferencing. While I am not certain that the merits-based argument in
your response supports such flexibility, I would certainly be willing to conference more fully in
person if you believe there is potential for compromise with regard to the motion for protection.
Please advise me if you believe further conferencing would lead to a resolution in this matter.

Sincerely,

Boudreaux, Leonard, Hammond & Curcio, P.C.

David S. Curcio