# EXHIBIT D

# McKool Smith

A PROFESSIONAL CORPORATION • ATTORNEYS
300 West 6th Street, Suite 1700
Austin, Texas 78701

Peter J. Ayers
Direct Dial: (512) 692-8703
payers@mckoolsmith.com

Telephone: (512) 692-8700
Telecopier: (512) 692-8744

April 23, 2007

**VIA E-MAIL**

Rod Cooper Esq.
Nix, Patterson & Roach, L.L.P.
5215 N. O'Connor Blvd., Ste. 1900
Irving, Texas 75039

RE: *Data Treasury Corporation v. Wells Fargo & Co., et al.*
United States District Court for the Eastern District of Texas, Marshall Division
Civil Action No. 2:06CV72(DF)

Dear Rod:

Thank you for your letter of April 9, 2007 identifying DataTreasury Corporation's "limited number of asserted claims (18)" pursuant to the Court's January 30, 2007 Second Amended Docket Control Order ("DCO"). Your letter identified "All Claims" of the Huntington Bank '007 patent and "All Claims" of the Huntington Bank '868 patent. Defendants have interpreted "All Claims" to mean all of the claims of those patents identified in DataTreasury's Preliminary Infringement Contentions, namely claims 1-6 of the '007 patent and claims 1-3, 22, 24, 27, 45, 48, 61-62, 64 and 80.[*] Your letter also states that "the '988 and '137 Patents ... were not included in this document" because "each of the defendants in this case have accepted the Court's stipulation, staying the case" as to those patents. We write to clarify your position on that point and seek your position.

As you know, the number of asserted claims was a hotly contested issue between the parties prior to the Court's scheduling conference. The Court resolved this issue by ordering DataTreasury to limit the number of claims in the case in a two step process. In the first step, DataTreasury was limited to "less than 50 claims for all patents-in-suit." That step was explicitly qualified by "the further limitation provided in step 11" of the Court's DCO. That step further required DataTreasury to "limit the number of asserted claims to no more than eighteen (18) against a Litigant Group." After some initial confusion, DataTreasury now implicitly acknowledges that this reduced set of claims must be selected from the initial set of claims identified in its Preliminary Infringement Contentions against a particular defendant.[**]

---

[*] See Letter from Guillermo E. Baeza to Rod Cooper, dated April 11, 2007.

[**] See Letter from Rod Cooper to M. Brett Johnson, dated April 11, 2007; Letter from Rod Cooper to Audra Dial, dated April 11, 2007.

Austin 36690v2

Rod Cooper, Esq.
April 23, 2007
Page 2

It appears from your letter that DataTreasury is taking the position that the Court's 18-claim limit applies only to the Huntington Bank patents because of the Court's intervening order staying certain proceedings on the Ballard '988 and '137 patents. We disagree.

Clearly DataTreasury would be required to select these 18 claims from among both the Huntington Bank and Ballard patents if those two Ballard patents were not stayed. The stay does not change that fact. The Court's stay order only stays "all motion practice, disclosure obligations, and discovery deadlines as to Plaintiff's claims against the stipulation defendants based on ... the 'Ballard' patents." Limiting the number of asserted claims to 18 is not a "disclosure obligation" relating to the Ballard patents. We are not asking you to identify the particular claims in the Ballard patents that you intend to assert if and when those patents come out of reexamination. Instead, we are simply requesting that if you intend to assert any claims of the Ballard patents that may emerge from reexamination you now limit the number of claims from the Huntington Bank patents to make allowance for those Ballard patent claims that you intend to assert. In other words, your failure to reserve for the Ballard patents any of the 18 claims allowed by the Court for all the patents would waive DataTreasury's infringement claim under those patents.

Allowing DataTreasury to use its full complement of 18 claims now and some unidentified number of additional claims from the Ballard patents later would circumvent the Court's express limitation of claims in this case. It would require the parties to go through the considerable time and expense of litigating all 18 asserted claims from the Huntington Bank patents and then incur the added time and expense of litigating additional claims from the Ballard patents. The Court's limitation on asserted claims was designed to prevent just such a burden. Accordingly, if DataTreasury does not now reduce its list of 18 asserted claims from the '007 and '868 patents, Key and PNC will assume that DataTreasury has no intention of moving forward on the Ballard patents if and when those emerge from reexamination and, therefore, will move to dismiss the Ballard patents from the case. Please let us know DataTreasury's intentions in this regard. In the meantime, please call me if you have any questions.

Best regards,

Peter J. Ayers

c: All Counsel of Record (via e-mail)

Austin 36690v2