IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **DATATREASURY CORPORATION** | § | |
| | § | |
| V. | § | No. 2:06CV72 |
| | § | |
| **WELLS FARGO & COMPANY, ET AL.** | § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, all discovery matters in the above-referenced consolidated cause of action has been referred to the undersigned for decision. On March 15, 2007, the undersigned issued an Order granting in part DataTreasury Corporation's Motion to Compel Certain Documents Relating to Defendant First Citizen Bancshares, Inc.'s Jurisdictional Challenge (Docket Entry # 522), DataTreasury Corporation's Motion to Compel Certain Documents Relating to Defendant UnionBanCal Corporation's Jurisdictional Challenge (Docket Entry # 523), and DataTreasury Corporation's Motion to Compel Certain Documents Relating to Defendant HSBC North America Holdings, Inc.'s Jurisdictional Challenge (Docket Entry # 524).

Currently pending before the Court Defendant HSBC North America Holdings Inc.'s and HSBC Bank USA, N.A.'s Motion for Protective Order and for Extension of Time (Docket Entry # 646), Defendant HSBC North America Holdings Inc.'s and HSBC Bank USA, N.A.'s Corrected Motion for Leave to File Documents Ex Parte (Docket Entry # 651), and Defendant UnionBanCal Corporation's Motion for Clarification or for a Protective Order Regarding Discovery Order (D.E. No. 597) and Enlargement of Time (Docket Entry # 681). The Court, having reviewed the relevant briefing, issues the following Order.

## I. BACKGROUND

By Order dated December 8, 2006, the undersigned authorized DataTreasury Corporation ("DataTreasury") to file amended responses to various defendants' challenges to this Court's jurisdiction after conducting jurisdictional discovery against those defendants. The defendants included First Citizens Bancshares, Inc. ("BancShares"), UnionBanCal Corporation ("UnionBanCal"), and HSBC North America Holdings, Inc. ("HSBCNAH"). *See* Docket No. 394. In response to that Order, DataTreasury served the defendants with various jurisdictional discovery requests and conducted depositions of each defendant.

Subsequently, DataTreasury sought additional discovery from the defendants,[1] asserting that during the 30(b)(6) depositions of defendants, it learned of documents in the defendants' possession that were not produced to DataTreasury but which are responsive to the jurisdictional discovery requests served by DataTreasury. By Order dated March 15, 2007, the undersigned granted in part DataTreasury's motions.

The Court noted DataTreasury had already received jurisdictional discovery from these defendants and found the majority of the additional requests not relevant to the jurisdictional claims

---

[1] Regarding UnionBanCal, DataTreasury sought, among other things, a list of all individuals who serve as an officer, director, or otherwise for UnionBanCal and also serve as an officer, director, or otherwise by Union Bank of California; employee benefit plans and the components thereof that are overseen and/or implemented by UnionBanCal and/or its various committees; all communications and documents transmitted between officers and directors of UnionBanCal and the officers and directors of its bank subsidiaries; all minutes and other documents related to all meetings of the Boards of Directors of UnionBanCal and its banking subsidiaries, particularly Union Bank of California; and all minutes and other documents related to all meetings of the various committees (joint or otherwise) that are created at the direction of the Board of Directors for UnionBanCal, Union Bank of California, or both or committees of either UnionBanCal or Union Bank of California that otherwise oversee or coordinate with committees of the other. DataTreasury sought similar information from the other defendants.

before the Court. The Court assumed *arguendo* the requests were relevant to Defendants' jurisdictional challenges based on DataTreasury's assertions of alter ego and found the burden or expense of the majority of DataTreasury's proposed discovery outweighs the likely benefits of the discovery. FED. R. CIV. P. 26(b)(2)(iii). That having been said, based on DataTreasury's specific argument that the defendants' corporate representatives revealed that the boards of directors of the pertinent parent companies and subsidiaries are overlapping, meet jointly, and have joint committees and shared officers, the Court allowed limited discovery into the minutes and other documents related to the meetings of the boards of directors of the pertinent parent companies and subsidiaries.

Specifically, the Court ordered UnionBanCal to produce to DataTreasury, within thirty days, all documents responsive to the previously-served jurisdictional Requests for Production; all minutes and other documents related to all meetings of the Boards of Directors of UnionBanCal and its banking subsidiaries, particularly Union Bank of California; and all minutes and other documents related to all meetings of the various committees (joint or otherwise) that are created at the direction of the Board of Directors for UnionBanCal, Union Bank of California, or both or committees of either UnionBanCal or Union Bank of California that otherwise oversee or coordinate with committees of the other. The Court further ordered HSBCNAH to produce to DataTreasury, within thirty days, all documents responsive to the previously-served jurisdictional Requests for Production; and all minutes and other documents related to all meetings of the Boards of Directors of HSBCNAH and its banking subsidiaries. All other requests by DataTreasury were denied.

## II. DEFENDANTS' MOTIONS

**A.    HSBC**

HSBC North America Holdings, Inc. ("HSBCNAH") and HSBC Bank USA, N.A. ("HSBC

USA")(collectively "HSBC") move, pursuant to Federal Rule of Civil Procedure 26(c) for a protective order with regard to documents produced in redacted form to DataTreasury pursuant to the Court's March 15 Order. HSBC asserts it has produced to DataTreasury copies of minutes and other documents related to all meetings of the Board of Directors of HSBCNAH and HSBC USA, HSBCNAH's banking subsidiary and co-defendant in this lawsuit, as well as those banking subsidiaries in the direct line between HSBCNAH and HSBC USA. The production covers the period beginning January 1, 2004 when HSBCNAH came into existence. According to HSBC, it redacted from the minutes and other documents information which has no relationship to the issues identified as potentially relevant by the Court in the March 15 Order. HSBC states the redacted information is "extremely sensitive and confidential, and is entitled to protective because it contains information that [HSBC is] prohibited from disclosing pursuant to various federal banking laws. . . ." HSBC's mot. at pg. 2. By separate motion, HSBC also seeks leave to tender to the Court *in camera* unredacted copies of the documents and moves to protect the redacted portions from discovery.

**B.     UnionBanCal**

Similarly, UnionBanCal moves the Court to clarify the scope of its March 15 Order regarding the discovery of certain documents relating to UnionBanCal's jurisdictional challenge, or in the alternative, for a protective order with regard to these documents. Additionally, because of the voluminous amount of documents sought by DataTreasury and the extensive level of review of the records before they can be released, to the extent that UnionBanCal is required to produce them, UnionBanCal moves the Court, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, for an enlargement of time from April 16, 2007 to June 16, 2007 or 60 days after the Court rules on this

motion, whichever is later, to produce documents in compliance with the Order.

Specifically, UnionBanCal seeks a clarification of the Court's order to determine (1) if UnionBanCal must actually produce documents in response to the Order even though UnionBanCal has now admitted the very facts that DataTreasury sought to prove through the requested discovery and that served as a basis for DataTreasury's Motion to Compel and the Court's Order; (2) if the Court intended to require UnionBanCal to produce the responsive documents given their voluminous nature and the burden and cost of having to review, redact, copy, and produce the documents and the marginal relevance of the documents; and (3) did the Court intend to require UnionBanCal to produce all of the documents to DataTreasury even though a great deal of the information contained in the documents is protected from disclosure to third parties by various Federal laws and regulations.

### III. APPLICABLE LAW

Rule 26(c) provides that, upon motion, "the court may make an order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). A prerequisite to the issuance of a protective order governing discovery is a showing of "good cause." FED. R. CIV. P. 26(c). Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that the "burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978). The district court has broad discretion in discovery matters and its rulings will be reversed only on an abuse of that discretion. *See Eastway Gen. Hosp. v. Eastway Women's Clinic, Inc.*, 737 F.2d 503, 505 (5th Cir. 1984), *cert. denied*, 470

U.S. 1052 (1985).

## IV. DISCUSSION

**A.     HSBC**

HSBC has attached a summary of its production, listing broad categories and proving general descriptions of the type of information contained therein. The Court has reviewed the summary as well as the relevant briefing submitted by the parties and is of the opinion HSBC's motion for protective order should be denied. The Court also denies HSBC's request to file the documents ex parte.

HSBC has redacted information from the documents ordered produced to DataTreasury by the Court, not on the grounds of a privilege, but rather on HSBC's determination that the information is not relevant. This is improper. HSBC also claims the redacted information is sensitive and confidential and prohibited from disclosure pursuant to various federal banking laws. However, as noted by DataTreasury, this Court entered a Protective Order on November 20, 2006 after all parties agreed to it. The Protective Order defines "Confidential Information" as:

> technical information such as product design and operation and manufacturing techniques or processing information, **trade secrets**, formulas, research and development information, source code, object code, customer lists, sales and cost information, and pricing information, patent license agreements, or information that was generated in connection with, or reveals the content of, patent licensing negotiations; **information that a party has treated as confidential and is not subject to public disclosure**; information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade Secret Act (1985); and **any other information that would qualify as Confidential pursuant to** Federal Rule of Civil Procedure 26(c) **or any other legal standard**.

(Docket Entry # 360 at page 2-3)(emphasis added). The Protective Order also provides "Confidential Information" as defined in the Order can be produced by following certain requirements.

HSBC shall produce the documents while making the proper designations of confidentiality as required by the Protective Order. HSBC's motions are denied. HSBCNAH and HSBC USA shall produce unredacted versions of the documents to DataTreasury on or before June 16, 2007.

**B.    UnionBanCal**

During the 30(b)(6) deposition of UnionBanCal, the company admitted that certain of the Board Members of UnionBanCal were also board members of Union Bank of California, N.A. ("UBOC") and that the two boards often met jointly. (Anderson Dep. 53:19-54:1, 115:9-116:2). UnionBanCal also admitted that certain of its Board level committees were joint committees with the UBOC Board. (Anderson Dep. 73:11-74:7, 77:11-24). In the Declaration of Julia Brighton, attached to UnionBanCal's motion, UnionBanCal once again identifies that there are overlapping directors of UnionBanCal and UBOC and that the Boards of the entities sometimes hold joint meetings. (Brighton Decl. ¶¶ 4-5). UnionBanCal also identifies six Joint Committees that were created at the direction of UnionBanCal's Board of Directors: Audit; Bank Secrecy Act Compliance; Corporate Governance; Executive Compensation and Benefits; Finance and Capital; and Public Policy. (Brighton Decl. ¶ 5, Exs. A-E.)

Based on the foregoing, UnionBanCal asserts it has already admitted the facts that DataTreasury seeks to prove through this additional discovery. Thus, UnionBanCal seeks clarification of what additional information must actually be produced in order to establish a fact that has already been admitted by UnionBanCal. Despite these admissions, in an effort to comply with the Court's Order, UnionBanCal states it searched for and located all of the documents that it believes are potentially responsive to the Court's Order and has identified highly confidential and proprietary documents exceeding twenty feet in stacked legal-sized folders. (Brighton Decl. ¶¶ 4-5).

In addition, due to their specific content, UnionBanCal contends federal law prohibits disclosure of many of these documents to third parties and most of the remaining documents examined to date are irrelevant to DataTreasury's personal jurisdiction claim. (Brighton Decl. ¶¶ 6-7). As one example, UnionBanCal asserts the Bank Secrecy Act, 31 U.S.C. §§ 5311-5330, 12 U.S.C. §§ 1818(s), 1829(b), 1951-1959, and its implementing regulation, 31 C.F.R. § 103, prohibit the disclosure of certain confidential information to third parties. Specifically, disclosing the existence or filing of Suspicious Activity Reports ("SAR") is prohibited by 31 C.F.R. § 103.18(e)[4] and 31 U.S.C. § 5318(g)(2); *see F.D.I.C. v. Flagship Auto Ctr., Inc.*, No. 3:04 CV 7233, 2005 WL 1140678, at *6 (N.D. Ohio May 13, 2005)(denying defendant's motion to compel discovery of suspicious activity reports held by the FDIC pursuant to the Bank Secrecy Act). UnionBanCal states the documents identified as potentially responsive to the Court's Order contain numerous SARs or references to SARs which by law, cannot be produced and must be redacted. (Brighton Decl. ¶ 6). Additionally, because UnionBanCal is regulated by the Board of Governors of the Federal Reserve Board, UnionBanCal asserts disclosing confidential supervisory information, including reports of examination or any portion of such reports, is prohibited by 12 C.F.R. §§ 261.2(c)(1), 261.20(g), and 261.22(e). According to UnionBanCal, many of the records at issue are replete with this confidential supervisory information and so must be heavily redacted before potential production. (Brighton Decl. ¶¶ 7-8).

To the extent the documents are marginally relevant, UnionBanCal states their limited relevance is substantially outweighed by the extreme burden in having to review and redact these voluminous documents to remove the barred information. UnionBanCal, therefore, seeks a protective order pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(iii). In the event the Court is

unwilling to grant a blanket protective order, UnionBanCal requests the Court clarify and limit the scope of the production so that UnionBanCal does not have to produce any documents protected from disclosure by any federal laws or regulations and that only the redacted minutes of any joint UnionBanCal and UBOC Board of Directors meetings need to be produced and then only if they implicate joint ownership and control. According to UnionBanCal, the work of the Audit, Corporate Governance, Bank Secrecy Act Compliance, Executive Compensation and Benefits, Finance and Capital, and Public Policy Committees are all irrelevant to a determination of alter ego and personal jurisdiction. UnionBanCal further asserts these Committees deal with highly sensitive and proprietary information and information that cannot legally be disclosed to third parties.

    First, the Court notes UnionBanCal presents for the first time new specific arguments to the Court as to why UnionBanCal should not have to produce the documents at issue because such production would be too costly and time-consuming. UnionBanCal had the opportunity to make the arguments earlier; it failed to do so; and it offers no justification for not raising these concerns earlier. Nothing has changed with respect to the responsive documents from the time the motion to compel was filed until now.

    Additionally, UnionBanCal asserts DataTreasury seeks the documents to verify certain facts to which UnionBanCal has agreed to during discovery or depositions. However, as urged by DataTreasury, no clarification is needed because the Court has already considered this argument in ordering UnionBanCal to produce the requested documents. Specifically, in its response to DataTreasury's motion to compel, UnionBanCal stated that DataTreasury was seeking the requested information based on the issues it now claims to have admitted. Certain of the admissions on which UnionBanCal now seeks clarification have previously been considered. Thus, no clarification is

needed.

UnionBanCal also argues the documents should not have to be produced because they contain information that is confidential and secretive and are protected from disclosure by various statutes and federal regulations. This new argument is untimely and unpersuasive. As noted above in the Court's discussion regarding HSBC, the documents at issue will be protected under the current Protective Order agreed to by the parties and entered by the Court in this case.

UnionBanCal claims in its motion that the documents at issue are "marginally relevant" and that their production would be "overly burdensome." However, the Court is unwilling to grant a protective order. The information is potentially relevant to this case, and UnionBanCal has not convinced the Court the burden of reviewing and producing this information is so extreme to outweigh the relevance. UnionBanCal shall produce the documents to DataTreasury on or before June 16, 2007. The Court will not require DataTreasury to pay the costs and attorneys fees for this review and production as requested by UnionBanCal. Based on the foregoing, it is

**ORDERED** that Defendant HSBC North America Holdings Inc.'s and HSBC Bank USA, N.A.'s Motion for Protective Order and for Extension of Time (Docket Entry # 646) is **DENIED.** HSBCNAH and HSBC USA shall produce unredacted versions of the documents to DataTreasury on or before June 16, 2007. It is further

**ORDERED** that Defendant HSBC North America Holdings Inc.'s and HSBC Bank USA, N.A.'s Corrected Motion for Leave to File Documents Ex Parte (Docket Entry # 651) is **DENIED**. It is further

**ORDERED** that Defendant UnionBanCal Corporation's Motion for Clarification or for a Protective Order Regarding Discovery Order (D.E. No. 597) and Enlargement of Time (Docket Entry

# 681) is **DENIED**.  UnionBanCal shall produce the documents to DataTreasury on or before June 16, 2007.

**SIGNED this 15th day of May, 2007.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE