UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION, | |
| Plaintiff, | |
| v. | 2:06-CV-72 DF |
| WELLS FARGO & COMPANY, et al., | |
| Defendants. | |

**UNOPPOSED MOTION TO STAY PENDING APPEAL**

Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively "Wells Fargo"), Defendants, file this Unopposed Motion to Stay Pending Appeal (the "Motion to Stay"), requesting that the Court stay this lawsuit as between DataTreasury and Wells Fargo in its entirety until Wells Fargo has exhausted its appellate remedies with respect to the Court's order denying Wells Fargo's Motion to Dismiss or, in the Alternative, to Stay Pending Arbitration.

1. On or about January 8, 2007, Wells Fargo filed a Motion to Dismiss or, in the Alternative, to Stay Pending Arbitration (the "Motion to Dismiss"). On or about January 22, 2007, the Court granted DataTreasury and Wells Fargo's joint motion to stay this lawsuit as between DataTreasury and Wells Fargo pending this Court's determination of the Motion to Dismiss. On April 24, 2007, this Court denied Wells Fargo's Motion to Dismiss (the "Order"). On April 26, 2007, Wells Fargo timely filed a notice of appeal.

2. To avoid any potentially unnecessary litigation and to preserve the parties' and the Court's resources, DataTreasury and Wells Fargo have agreed that this lawsuit may be stayed in its entirety as between Wells Fargo and DataTreasury, including but not limited to any and all

motion practice, discovery requests, and depositions of Wells Fargo witnesses, until Wells Fargo exhausts its appellate remedies with respect to the Court's Order. Notwithstanding the foregoing, while neither Wells Fargo nor DataTreasury is currently aware of any reason to lift the stay as requested herein, if either party determines that the stay should be lifted in whole or in part, the parties agree that the relief sought by this Motion to Stay would not apply to or prohibit the filing of a motion to lift the stay. If either party files a motion to lift the stay, assuming the Court grants the relief sought herein, Wells Fargo and DataTreasury agree that the non-filing party will be provided an opportunity to oppose the motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

3. DataTreasury and Wells Fargo further agree that this Motion to Stay shall in no way be construed as a concession or compromise by either party regarding whether arbitration is the proper forum to resolve the disputes between Wells Fargo and DataTreasury. Wells Fargo agrees that it will not argue to any appellate court or arbitration panel that DataTreasury's agreement set forth in this Motion to Stay constitutes DataTreasury's express or implied agreement that arbitration is proper.

FOR THE FOREGOING REASONS, Wells Fargo & Company and Wells Fargo Bank, N.A. respectfully request that the Court stay this lawsuit as between DataTreasury and Wells Fargo in its entirety until Wells Fargo exhausts its appellate remedies with respect to the Court's Order, with the exception that either party may file a motion to lift the stay without violating the Court's order granting the relief sought herein.

                Respectfully submitted,

                By: /s/ W. Barton Rankin
                      Brian J. Hurst
                      Texas Bar No. 10313300
                      John G. Flaim
                      Texas Bar No. 00785864
                      Jay F. Utley
                      Texas Bar No. 00798559
                      Richard V. Wells
                      Texas Bar No. 24033326
                      W. Barton Rankin
                      Texas Bar No. 24037333

                BAKER & McKENZIE LLP
                2300 Trammell Crow Center
                2001 Ross Avenue
                Dallas, Texas 75201
                Telephone: (214) 978-3000
                Facsimile: (214) 978-3099

                ATTORNEYS FOR DEFENDANTS, WELLS
                FARGO & COMPANY AND WELLS FARGO
                BANK, NATIONAL ASSOCIATION

## CERTIFICATE OF CONFERENCE

    I hereby certify that I have conferred with Karl Rupp, an attorney of record for DataTreasury, and Mr. Rupp informed me that DataTreasury was not opposed to the relief sought in this Motion to Stay.

                /s/ W. Barton Rankin

## CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of May 2007, this Motion to Stay was served electronically on each party to this lawsuit, by and through their counsel of record, pursuant to Local Rule CV-5.

                                                                             /s/ W. Barton Rankin

DALDMS/608358.1