# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **DATA TREASURY CORP.** | § | |
| | § | |
| V. | § | NO. 2:06-CV-72 |
| | § | |
| **WELLS FARGO & CO., ET AL.** | § | |

## ORDER RE: "HOTLINE" HEARING

Participants:   Ben King, Esq.
                Attorney for plaintiff Data Treasury Corp.

                Shepherd Lane, Esq.
                In-house counsel for Data Treasury Corp.

                Christopher Broderick, Esq.
                Attorney for defendant LaSalle Bank

Date:           May 16, 2007

Time:           1:45 p.m.

Action on:      Deposition Dispute

Case Assigned To:  Hon. David Folsom, referred to Hon. Caroline Craven

## NATURE OF THE DISPUTE

In this patent infringement case, plaintiff is conducting the oral deposition of Mr. Jeffrey Griffiths ("Griffiths"), a Rule 30(b)(6) representative of defendant, LaSalle Bank ("LaSalle"). Griffith is an employee of Huron Consulting Group, an entity retained by LaSalle for the purpose of gathering electronic and paper documents relevant to this litigation.

Plaintiff's attorney, Mr. Ben King ("King") asked Griffiths questions regarding communications between Griffiths and defendant's attorneys, Sidley Austin LLP ("Sidley Austin"). Mr. Christopher Broderick ("Broderick"), attorney for LaSalle, instructed Griffiths not to answer such questions asserting that the communications in question were protected by the attorney client privilege.

King proceeded to ask Griffiths other questions regarding the relationship between Griffiths, his employer, and Sidley Austin. At some point during this questioning, King noted that the videographer was running out of tape, and called a recess.

When the deposition resumed after approximately nine minutes, King resumed his examination of Griffiths. King first inquired whether Griffiths and Broderick had talked during the recess. King then asked further questions regarding the relationship between Griffiths, his employer, and Sidley Austin. After receiving clarifying re-

sponses from Griffiths as to the nature of Sidley Austin's representation of Griffiths and his employer, King inquired as to the contents of the communication between Griffiths and Broderick during the recess. Broderick instructed Griffiths not to answer, again asserting the communication was protected by the attorney-client privilege.

Plaintiff's counsel, King, invoked the hotline to assert a motion to compel the witness to answer questions regarding the communications between Griffiths and counsel described above.

### Discussion

This deposition dispute has two facets. First, there is an issue as to whether an attorney-client relationship exists between the deponent and Sidley Austin such that the privilege can be invoked with respect to questions pertaining to communications at meetings between Griffiths and Sidley Austin regarding the gathering of documents. Second, even if the privilege exists, there is an issue as to whether it applies to communications between Broderick and Griffiths during deposition recesses.

A.       Communications with Counsel re Gathering Documents

After consideration, the undersigned concludes that the first issue is not appropriate for intuitive and fast-draw resolution via the discovery hotline. Griffiths's deposition testimony is conflicting as to the nature of the relationship between Griffiths, his employer, and Sidley Austin. Consequently, resolution of this issue may turn on additional facts not available to the hotline judge, and a studied analysis of agency principles.

Although Griffiths and his employer are not themselves parties to the litigation, they were hired by a party to assist in discovery matters. In some limited instances, communications between a client's representative and the client's attorney are protected by the attorney-client privilege. See generally In re Bieter Co., 16 F.3d 929 (8th Cir. 1984) (holding that communications with an individual deeply involved in the business of the client, although not an employee or agent of the client, were protected by the attorney-client privilege). However, not every representative of a client is entitled to protection of the privilege, and not every communication between a representative of the client and the client's attorney is for the purposes of securing legal advice or services for the client. Analysis of the precise relationship between Mr. Griffiths and Sidley Austin is necessary to determine if the privilege protects these communications.

Therefore, resolution of this question, if important, is best left to the prerogative of the presiding judge who, with the benefit of written briefs and superior knowledge and familiarity with the parties and the case generally, can make a principled determination.

B.   Communications During Deposition Recesses

Assuming *arguendo* that the attorney-client privilege generally protects communications between Griffiths and Broderick, the privilege does not apply to all communications between the two during recesses of Griffiths's deposition. Plaintiff relies on Hall v. Clifton Precision, 150 F.R.D. 525, 526 (E.D. Penn. 1993) as forbidding private conferences during recesses. In *dicta*, the Hall court stated that to the extent such conferences do occur, except to confer with respect to whether to assert a claim of privilege, they are not covered by the attorney-client privilege, and are fair game for inquiry by the deposing attorney to ascertain whether there has been any coaching and, if so, what. The court stated that, "during a civil trial, a witness and his or her lawyer are not permitted to confer *at their pleasure* during the witness's testimony" (emphasis added). "To allow private conferences *initiated* by the witness would be to allow the witness to listen to the question, ask his or her lawyer for the answer, and then parrot the lawyer's response" (emphasis added).

Hall does not purport to establish a hard and fast rule applicable to every situation. In In re Stratosphere Corporation Securities Litigation, the court stated that Hall goes "too far" because it is one thing to preclude attorney-coaching of witnesses and quite another to deny someone the right to counsel." 182 F.R.D. 614, 620 (D. Nev. 1998). Similarly, Odone v. Croda Int'l PLC refused to penalize an attorney for utilizing a five-minute recess that he did not request to learn whether the client misunderstood or misinterpreted questions. 170 F.R.D. 66, 69 (D.C.Cir. 1997). In McKinley Infuser, Inc. v. Zdeb, 200 F.R.D. 648, 650 (D. Colo. 2001), the court held that consultations during periodic deposition breaks, luncheon and overnight recesses, and more prolonged recesses ordinarily are appropriate.

The undersigned concludes that application of Hall is appropriate when circumstances suggest witness coaching or other abuses of the deposition process described illustratively in that decision. Blanket application of Hall risks infringing a party's right to assistance of counsel. In Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1118 (5th Cir. 1980), the Fifth Circuit held that such a blanket ban on communications during a trial infringed on the right to counsel. In Potashnick, a district judge issued an order forbidding contact between witnesses and attorneys during recesses in trial. Id. The court stated "[r]ecognizing that a civil litigant has a constitutional right to retain hired counsel, we hold that Judge Hand's rule prohibit-

ing a litigant from consulting with his attorney during breaks and recesses in the litigant's testimony impinges upon that right." Id.

Distillation of these principles results in the conclusion that plaintiff's motion to compel should be partially granted and partially denied as follows:

### DECISION

It is **ORDERED** that plaintiff's motion to compel is:

1. **GRANTED** to the extent it seeks an order directing the witness to testify regarding his knowledge of facts relevant to a claim or defense. Relevant *information* is not protected by the attorney-client privilege, even if that information is communicated to counsel. The privilege protects only attorney-client *communication*.

2. **DENIED** to the extent it seeks an order directing the witness to testify generally regarding communications with counsel pertinent to the gathering of documents, without prejudice, however, to reassertion by formal motion.

3. **DENIED** to the extent it seeks an order directing the witness to testify as to conversations with counsel during deposition recesses except as follows:

    a) If the witness changed, clarified, or amplified an answer given before the recess, or if the witness's attorney attempted to rehabilitate the witness regarding a previous answer given before the recess, examining counsel may inquire, and the witness shall answer:

        (i) questions regarding the subject matter of all recess conversations

        (ii) questions regarding the substance of recess conversations concerning the changed, clarified, or amplified answers.

(b) If a recess was requested by the witness, his counsel, or anyone other than the attorney conducting the deposition when a question was pending, or before the current topic of the examination was completed:

    (i) counsel may inquire and the witness shall answer questions regarding the subject matter of all topics of conversation with counsel during the recess

    (ii) counsel may inquire and the witness shall answer questions regarding the substance of all conversations during the recess regarding the pending question or unfinished topic.

(c) Regarding all other recesses:

    (i) counsel may inquire and the witness shall answer questions regarding the subject matter of all recess conversations.

    (ii) counsel may not inquire as to the substance of these conversations, except upon further order of the court and a showing of strong indicia of likely witness coaching.

SIGNED this __17__ day of May, 2007.

_Earl S. Hines_
Earl S. Hines
United States Magistrate Judge