## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **DATATREASURY CORPORATION** | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **Civil Action No.: 2:06-CV-72** |
| | : | |
| **WELLS FARGO & COMPANY, et al;** | : | |
| | : | |
| **Defendants** | : | |

### DEFENDANT CITIZEN FINANCIAL GROUP'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Citizens Financial Group, Inc. ("CFG") provides the following responses and objections to Plaintiff DataTreasury Corporation's ("DataTreasury") First Set of Requests for Production of Documents ("Plaintiff's Request").

### GENERAL OBJECTIONS

1.      CFG objects to the definition of "You", "your", "defendant" and "Citizens Financial Group" in the Notice. The definition of "Citizens Financial Group" and the definition of "you", "your", and "defendant" shall only be the named party Citizens Financial Group Inc., a Delaware corporation which is a holding company. The definition shall not include any entities held by Citizens, any parent corporations, nor shall the definition include subsidiaries, divisions, departments that are recognized as legally cognizable entities, predecessors or successors in interests, and joint ventures.

2.      CFG objects to the definition of "document" on the grounds that it is overly broad. "Document" shall have the definition afforded to it by the Federal Rules of Civil Procedure as interpreted by the Courts of the District where this case is pending.

Dockets.Justia.com

3.      CFG objects to the definition of "patents-in-suit" as overly broad, unduly burdensome, and harassing in that the proposed definition encompasses information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that it encompasses U.S. Patent No. 5,583,759 and U.S. Patent No. 5,930,778, neither of which have been asserted against CFG.   CFG will construe "patents-in-suit" as including only U.S. Patent Nos. 5,265,007, 5,717,868, 6,032,137, and 5,910,988.

4.      CFG objects to the definition of "Product" as ambiguous and vague.

5.      CFG objects to the definition of "Sales Area" as ambiguous and vague.

6.      CFG objects to Definition 22 as overly broad and as rendering the document requests unduly burdensome, harassing, and as seeking documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.      CFG objects to Definition 23 as overly broad and as rendering the document requests unduly burdensome, harassing, and as seeking documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8.      CFG objects to Instruction 9 in that the specified time frame renders the requests overly broad, unduly burdensome, harassing, as seeking documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and as impermissibly encompassing a time period for which no damages are recoverable.  First Citizens Defendants shall produce documents for the time period beginning six years prior to the filing of this lawsuit.

9.      CFG also objects to the requests to the extent they seek the production of documents protected from disclosure by non-disclosure agreements, confidentiality agreements, protective orders, or similar agreements and/or documents.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

CFG incorporates by reference its General Objections set forth above into the specific objections set forth below. CFG may repeat a general objection for emphasis or some other reason, but the failure to repeat any General Objection does not waive any general objection to that request. CFG reserves the right to amend and/or supplement its objections and responses as allowed by the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 1:**

All documents related to, discussing, or provided to you by WMR e-PIN LLC.

**RESPONSE**:

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All documents related to, discussing, or provided to you by e-Bank LLC.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

All documents related to, discussing, or provided to you by Synoran LLC.

**RESPONSE**:

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

All documents related to, discussing, or provided to you by WMR e-Ventures LLC.

**RESPONSE**:

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to, discussing, or provided to you by DIGI-FI.

**RESPONSE**:  CFG has no documents responsive to this request.

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objection. CFG has no responsive documents.

**REQUEST FOR PRODUCTION NO. 6:**

All documents related to, discussing, or provided to you by William Randle.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG has no responsive documents.

**REQUEST FOR PRODUCTION NO. 7:**

All documents related to check clearing or settlement systems used or operated by you in any way.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity. CFG also objects to this request as seeking documents protected by the

attorney-client privilege, attorney work product doctrine, joint defense privilege or any

other applicable privilege or immunity.


**REQUEST FOR PRODUCTION NO. 8:**

All documents related to your systems compliance and operations compliance

with the requirements of The Check Clearing for the 21st Century Act ("Check 21").

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and

harassing to the extent that it seeks information that exceeds the permissible scope of

discovery and seeks documents that are neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence.  CFG also objects to this request as failing to

satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable

particularity.  CFG also objects to this request as seeking documents protected by the

attorney-client privilege, attorney work product doctrine, joint defense privilege or any

other applicable privilege or immunity.  CFG also objects to this request on the grounds

that according to Plaintiff's Preliminary Infringement Contentions, this request pertains

solely to allegations based on United States Patent Numbers 5,910,988 and 6,032,137

(the "Ballard Patents)," and this action has been stayed as to the Ballard Patents as to

CFG.


**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to the process of submitting checks into the payment

system.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.   CFG has no responsive documents.  CFG does not process checks.


**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to the process of submitting invoices into the payment system.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  CFG has no responsive documents.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to the process of submitting electronic payments into the payment system.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. CFG has no responsive documents.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to the process of managing and transmitting information about financial instruments.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity. CFG also objects to this request as seeking documents protected by the

attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  CFG has no responsive documents.


**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to data management and security for electronic transactions.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.   CFG has no responsive documents.


**REQUEST FOR PRODUCTION NO. 14:**

All documents identified, referenced, or discussed in your Initial Disclosures.

**RESPONSE:**

CFG will produce all non-privileged documents within its possession that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

All organizational charts of Defendant that identify any personnel working with Defendant's Accused Instrumentalities (including management, marketing, development, engineering, accounting, and operational personnel).

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All reports, meeting minutes, and other documents of Defendant's Board of Directors (including committees) relating in any way to DataTreasury, William Randle, WMR e-PIN LLC, e-Bank LLC, Synoran LLC, or the patents-in-suit.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents

protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request. CFG has no responsive documents.


**REQUEST FOR PRODUCTION NO. 17:**

All documents relating in any way to Defendant's policies for licensing-in and/or licensing-out intellectual property.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.


**REQUEST FOR PRODUCTION NO. 18:**

All document retention policies of Defendant that have been in place at any time between 1999 and the present.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to any Accused Instrumentality that Defendant has offered to sell, sold, or used from 1999 to the present.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request. CFG has no responsive documents. CFG does not process checks.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating in any way to any products or services associated with the Accused Instrumentalities offered by Defendant.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. CFG has no responsive documents. CFG does not process checks.

**REQUEST FOR PRODUCTION NO. 21:**

All opinions, letters, or other documents received from any other person, agency, or entity regarding the patents-in-suit.

**RESPONSE:**

CFG objects to this request as premature and as seeking documents the production of which is governed by the Court's Amended Docket Control Order (Docket Entry 328) and Patent L.R. 3-7. CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence.  CFG also objects to this request as failing to satisfy Fed. R. Civ. P. 34 by not describing the requested documents with reasonable particularity.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged opinion letters, if any, within its possession, custody, or control that are responsive to this request.


**REQUEST FOR PRODUCTION NO. 22:**

All opinions, letters, or other documents provided to any other person, agency, or entity regarding the patents-in-suit.

**RESPONSE:**

CFG objects to this request as premature and as seeking documents the production of which is governed by the Court's Amended Docket Control Order (Docket Entry 328) and Patent L.R. 3-7.  CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to this request as failing to satisfy Fed. R. Civ. P. 34 by not describing the requested documents with reasonable particularity.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-

privileged opinion letters, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All opinions, letters, or other documents prepared by Defendant for submission to another person, agency, or entity (including the Securities and Exchange Commission) regarding the patents-in-suit.

**RESPONSE:**

CFG objects to this request as premature and as seeking documents the production of which is governed by the Court's Amended Docket Control Order (Docket Entry 328) and Patent L.R. 3-7.  CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged opinion letters, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents related to opinions of patent counsel concerning the validity, enforceability, or infringement of the patents-in-suit.

**RESPONSE:**

CFG objects to this request as premature and as seeking documents the production of which is governed by the Court's Amended Docket Control Order (Docket Entry 328) and Patent L.R. 3-7. CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All patents, printed publications, and all other alleged prior art (foreign and domestic) relating to the validity or enforceability of the patents-in-suit.

**RESPONSE:**

CFG objects to this request as premature and as seeking documents the production of which is governed by the Court's Amended Docket Control Order (Docket

Entry 328) and Patent L.R. 4-2(a).  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:**

All documents associated in any way with prior art searches relating to one or more of the claims in the patents-in-suit.

**RESPONSE:**

CFG objects to this request as premature and as seeking documents the production of which is governed by the Court's Amended Docket Control Order (Docket Entry 328) and Patent L.R. 4-2(a).  CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:**

All communications between Defendant and DataTreasury, William Randle, WMR e-PIN LLC, e-Bank LLC, Synoran LLC, or any of their officers or employees.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request. CFG has no responsive documents.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relating in any way to the patents-in-suit, including emails and other communications with any other entity or person relating to the patents-in-suit.

**RESPONSE:**

CFG objects to this request as premature and as seeking documents the production of which is governed by the Court's Amended Docket Control Order (Docket Entry 328) and Patent L.R. 4-2(a). CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 29**:

All documents exchanged or transmitted between Defendant and any non-party relating to DataTreasury, William Randle, WMR e-PIN LLC, e-Bank LLC, Synoran LLC, or any of their officers or employees, or the patents-in-suit.

**RESPONSE:** CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.  CFG is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 30:**

All documents exchanged or transmitted between Defendant and all other codefendants relating to the patents-in-suit or any of their owners or assignees, whether current or previous.

**RESPONSE:**

CFG objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 31:**

All agreements, contracts, correspondence, and other documents relating in any way to the design, development, marketing, sales, or use of Defendant's Accused Instrumentalities (including all software and hardware components).

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request. CFG has no responsive documents. CFG does not process checks.

**REQUEST FOR PRODUCTION NO. 32:**

All technical specifications, charts, manuals, and diagrams for the Accused Instrumentalities, including all documents relating to the following components of the

Accused Instrumentalities: computers, software, hardware, routers, servers, networks, communication links.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request. CFG has no responsive documents. CFG does not process checks.


**REQUEST FOR PRODUCTION NO. 33:**

All financial studies, ROI analyses, cost/benefit analyses, and other quantitative studies relating in any way to the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving

these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request. CFG has no responsive documents. CFG does not process checks.

**REQUEST FOR PRODUCTION NO. 34:**

All documents referenced in any discovery responses or disclosures by Defendant in this litigation.

**RESPONSE:**

CFG will produce all documents, if any, within its possession that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All documents that describe the function and operation of the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of FED. R. CIV. P. 26. CFG also objects to this request as ambiguous and vague to the extent that "function" and "operation" are undefined and subject to multiple meanings. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request. CFG has no responsive documents. CFG does not process checks.

**REQUEST FOR PRODUCTION NO. 36:**

All patents held, owned, or licensed by Defendant relating to electronic transactions or the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of FED. R. CIV. P. 26. CFG also objects to this request as ambiguous and vague to the extent that "electronic transactions" are undefined and subject to multiple meanings. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 37**:

All patent applications prosecuted (either in the past or currently) relating to electronic transactions or the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of FED. R. CIV. P. 26. CFG also objects to this request as ambiguous and vague to the extent that "electronic transactions" is undefined and subject to multiple meanings. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All documents provided to potential or actual customers of Defendant that discuss in any way products or services associated with the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of FED. R. CIV. P. 26. CFG also objects to this request as ambiguous and vague to the extent that "products or services associated with the Accused Instrumentalities" is undefined and subject to multiple meanings. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity.

**REQUEST FOR PRODUCTION NO. 39:**

All engineering documents, laboratory notebooks, and other documents relating to prototypes of the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request. CFG has no responsive documents. CFG does not process checks.

**REQUEST FOR PRODUCTION NO. 40:**

All market studies, surveys, reports, plans, and other documents that relate to the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 41:**

All documents associated with all insurance, indemnification, or hold harmless demands or agreements relating to the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 42:**

All documents that relate in any way to the background or prior testimony of any person Defendant may call as a witness at trial (including expert witnesses).

**RESPONSE:**

CFG objects to this request as premature and as seeking documents the production of which is governed by the Court's Amended Docket Control Order (Docket Entry 328) and FED. R. CIV. P. 26(a)(2).  CFG further objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of permissible discovery and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 43:**

All documents that relate to any actual or proposed technology transfer agreement involving any portion of the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of permissible discovery and requests documents that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request. CFG is not aware of documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 44:**

All documents that discuss or relate to costs forecasted or incurred by Defendant as a result of implementing and operating the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of permissible discovery and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request. CFG has no responsive documents. CFG does not process checks.

**REQUEST FOR PRODUCTION NO. 45:**

All documents discussing or relating to actual or expected benefits or cost savings associated with implementing or operating the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of permissible discovery and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request. CFG has no responsive documents. CFG does not process checks.

**REQUEST FOR PRODUCTION NO. 46**:

All white papers, release notes, technical manuals, press releases, and other documents relating in any way to the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of permissible discovery and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense

privilege or any other applicable privilege or immunity.  Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 47:**

A full, usable copy of every version of software utilized by the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of FED. R. CIV. P. 26.  Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.  CFG has no responsive documents.  CFG does not process checks.

**REQUEST FOR PRODUCTION NO. 48:**

All design boards, flowcharts, specifications, and developer documents related to the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of FED. R. CIV. P. 26.  CFG also objects to this request as ambiguous and vague to the extent that the term "developer documents" is undefined and subject to multiple meanings.  Subject to and without

waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request. CFG has no responsive documents.

**REQUEST FOR PRODUCTION NO. 49:**

All documents related to the Accused Instrumentalities for use in trade shows, promotions, seminars, or marketing.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity. CFG has no responsive documents.

**REQUEST FOR PRODUCTION NO. 50:**

For each expert witness whom you have contacted regarding this case and who will testify or whose work product will be reviewed by a testifying expert, please produce all documents related to (i) the expert's opinions; (ii) the bases for those opinions; (iii) preparatory notes and drafts used or created by the expert in formulating those opinions; (iv) all documents provided to or received from the expert.

**RESPONSE:**

CFG objects to this request as premature and as seeking documents the production of which is governed by the Court's Amended Docket Control Order (Docket Entry 328) and FED. R. CIV. P. 26(a)(2). CFG further objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of permissible discovery and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 51:**

All documents related to any relationships, understandings, or agreements that you have with any other defendant in this case related to electronic check processing, electronic payment processing, or the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. CFG has no responsive documents. CFG does not process checks.

**REQUEST FOR PRODUCTION NO. 52:**

All documents relating to the date of original conception and/or design of each feature of the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. CFG has no responsive documents. CFG does not process checks.

**REQUEST FOR PRODUCTION NO. 53:**

A full, machine-readable copy of the source code for the Accused Instrumentalities, and all documents related to that source code, including remarks.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 54:**

All documents revealing the identities of all persons that have worked with or on the design, development, production, operation, marketing, management and accounting of any Accused Instrumentality.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 55**:

All documents related to time lines, progress reports, testing, success reports, and periodic reports relating to the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense

privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request. CFG has no responsive documents.

**REQUEST FOR PRODUCTION NO. 56**:

All documents related to any contention you have that the patents-in-suit are void, unenforceable, or not infringed.

**RESPONSE:**

CFG objects to this request as premature and as seeking documents the production of which is governed by the Court's Amended Docket Control Order (Docket Entry 328) and Patent L.R. 4-2(a). CFG further objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of permissible discovery and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 57:**

All documents related to any contention you have that the patents-in-suit are invalid for any reason, including a failure to meet any conditions for patentability set forth in any provision of Title 35 of the United States Code.

**RESPONSE:**

CFG objects to this request as premature and as seeking documents the production of which is governed by the Court's Amended Docket Control Order (Docket Entry 328) and Patent L.R. 4-2(a).  CFG further objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of permissible discovery and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce, at the appropriate time, all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 58:**

All documents related to DataTreasury's contention that the patents-in-suit are valid, enforceable, and infringed by you.

**RESPONSE:**

CFG objects to this request as premature and as seeking documents the production of which is governed by the Court's Amended Docket Control Order (Docket Entry 328) and Patent L.R. 4-2(a). CFG further objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of permissible discovery and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 59:**

All documents containing historical, current, and future projected financial performance related in any way to the operation of the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 60:**

All documents relating to the valuation of intellectual property by you.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 61:**

All documents relating to each and every third party (including customers of Defendant) who has ever purchased, used, or been offered to purchase or use the Accused Instrumentalities.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable

particularity. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. CFG has no responsive documents.

**REQUEST FOR PRODUCTION NO. 62:**

All documents related to, discussing, or provided to you by DataTreasury.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 63:**

All documents that identify, from each year from 1990 to the present, Defendant's volumes of checks cleared through every clearing mechanism, including but not limited to:

A.      On-us.

B.      Direct send.

C.      Regional Clearinghouses.

D.      National Clearinghouses.

E.      Federal Reserve.

F.      ECP (with paper to follow, with image to follow, and with image on demand).

G.      Image exchange. All documents that identify the costs and expenses incurred, on both a per-unit basis and in aggregate, in conjunction with the use of each clearing mechanism listed in Request No. 63.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery.   CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. CFG does not process checks.

**REQUEST FOR PRODUCTION NO. 64:**

All documents that identify, for each of the clearing mechanisms listed in Request No. 63:

a.      Average clearing time.

      b.      Transportation costs.

      c.      Float revenue/costs.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. CFG does not process checks and thus has no responsive documents.

**REQUEST FOR PRODUCTION NO. 65:**

All documents that identify, from each year from 1990 to the present, Defendant's volumes of Automated Clearing House ("ACH") items, including but not limited to:

      a.      Total ACH originations/receipts.

      b.      Total ARC originations/receipts.

      c.      Total POP originations/receipts.

      d.      Total WEB originations/receipts.

      e.      Total TEL originations/receipts.

      f.      Total RCK originations/receipts.

      g.      Total BOC originations/receipts.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  CFG does not process checks or ACH items and thus has no responsive documents.

**REQUEST FOR PRODUCTION NO. 66:**

All documents that identify the costs and expenses incurred, on both a per-unit basis and in aggregate, in conjunction with the use of each type of ACH transaction listed in Request No. 66.

**RESPONSE:**

CFG assumes the reference in this request to "Request No. 66" should be "Request No. 65."  CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery.  CFG also objects to this request as seeking

documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  CFG does not process checks or ACH items and thus has no responsive documents.

**REQUEST FOR PRODUCTION NO. 67:**

All documents that identify, for each of the types of ACH transactions included in Request No. 66:

> a.  Average clearing time.
>
> b.  Transportation costs.
>
> c.  Float revenue/costs.

**RESPONSE:**

CFG assumes the reference in this request to "Request No. 66" should be "Request No. 65."  CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  CFG does not process checks or ACH items and thus has no responsive documents.

**REQUEST FOR PRODUCTION NO. 68:**

All documents related to your involvement with the following groups or organizations:

a.     SVPCo/The Clearing House.

b.     Clearing House Association of the Southwest.

c.     National Clearing House Association.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.


**REQUEST FOR PRODUCTION NO. 69:**

All documents related to the benefits and/or cost savings associated with national clearing houses as compared to other forms of check clearing mechanisms, including regional clearing houses or the Federal Reserve's paper clearing system.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and

seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 70:**

All documents related to the benefits and/or cost savings associated with the use of a real-time tracking mechanism used in conjunction with a national clearing house system.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of FED. R. CIV. P. 26. CFG also objects to this request as ambiguous and vague to the extent that the phrase "net settlement agent" is undefined and subject to multiple meanings. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. CFG does not process checks thus has no responsive documents.

**REQUEST FOR PRODUCTION NO. 71:**

All documents related to the benefits and/or cost savings associated with the use of a net settlement agent used in a national clearing house system.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the scope of FED. R. CIV. P. 26.  CFG also objects to this request as ambiguous and vague to the extent that the phrase "net settlement agent" is undefined and subject to multiple meanings.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG has no responsive documents.

**REQUEST FOR PRODUCTION NO. 72:**

All documents related to any lockbox system used, offered for sale, or operated by Defendant, at any time from 1990 to the present.

**RESPONSE:**

CFG objects to this request as exceeding permissible timeframe for damages in patent infringement claims and outside the scope of permissible discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery.  CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG.  CFG also objects to this request as seeking documents protected by

the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 73:**

All documents showing the volumes processed by each lockbox system used, offered for sale, or operated by Defendant, at any time from 1990 to the present.

**RESPONSE:**

CFG objects to this request as exceeding permissible timeframe for damages in patent infringement claims and outside the scope of permissible discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery.  CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 74:**

All documents showing the clearing mechanism used for each lockbox item processed by you from 1990 to the present, including but not limited to:

      a.      On-us.

       b.       Direct send.

       c.       Regional Clearinghouses.

       d.       National Clearinghouses.

       e.       Federal Reserve.

       f.       ECP (with paper to follow, with image to follow, and with image on demand).

       g.       Image exchange.

       h.       Accounts Receivable Conversion ("ARC").

       i.       Back Office Conversion ("BOC").

**RESPONSE:**

CFG objects to this request as exceeding permissible timeframe for damages in patent infringement claims and outside the scope of permissible discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery. CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. CFG has no responsive documents.

**REQUEST FOR PRODUCTION NO. 75:**

All documents showing the revenues, costs, expenses, and profits associated with your lockbox system(s) each year from 1990 to the present.

**RESPONSE:**

CFG objects to this request as exceeding permissible timeframe for damages in patent infringement claims and outside the scope of permissible discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery.  CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 76:**

All documents that identify each of your customers for lockbox systems, from 1990 to the present.

**RESPONSE:**

CFG objects to this request as exceeding permissible timeframe for damages in patent infringement claims and outside the scope of permissible discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery. CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 77:**

All documents showing the benefits (both to Defendant and to Defendant's customers) offered by Defendant's lockbox system.

**RESPONSE:**

CFG objects to this request as exceeding permissible timeframe for damages in patent infringement claims and outside the scope of permissible discovery, exceeds the permissible timeframe for discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 78:**

All documents related to the benefits, both to Defendant and to Defendant's customers, of using imaging in conjunction with any lockbox system, including those offered by Defendant.

**RESPONSE:**

CFG objects to this request as exceeding permissible timeframe for damages in patent infringement claims and outside the scope of permissible discovery, exceeds the permissible timeframe for discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 79:**

All documents related to the benefits, both to Defendant and to Defendant's customers, of using remote endorsement or third-party endorsement with any lockbox system, including those offered by Defendant.

**RESPONSE:**

CFG objects to this request as exceeding permissible timeframe for damages in patent infringement claims and outside the scope of permissible discovery, exceeds the permissible timeframe for discovery, and requests documents that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 80:**

All documents related to the archiving of check images associated with Defendant's lockbox systems from 1990 to the present, including the number of images archived annually.

**RESPONSE:**

CFG objects to this request as exceeding permissible timeframe for damages in patent infringement claims and outside the scope of permissible discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery. CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 81:**

All documents related to any back office conversion, remote deposit capture, and/or corporate capture systems used, offered for sale, or operated by Defendant, at any time from 1990 to present.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome and harassing to the extent that it seeks information that exceeds the scope of permissible discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery. CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, discrete parts of this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 82:**

All documents showing the volumes processed by each back office conversion, remote deposit capture, and/or corporate capture system used, offered for sale, or operated by Defendant, at any time from 1990 to the present.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome and harassing to the extent that it seeks information that exceeds the scope of permissible discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery. CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, discrete parts of this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 83:**

All documents showing the clearing mechanism used for each back office conversion, remote deposit capture, and/or corporate capture item from 1990 to the present, including but not limited to:

      a.      Image exchange.

      b.      Accounts Receivable Conversion ("ARC").

      c.      Back Office Conversion ("BOC").

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome and harassing to the extent that it seeks information that exceeds the scope of permissible discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery.  CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, discrete parts of this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  Subject to and without waiving these objections, CFG has no responsive documents.

**REQUEST FOR PRODUCTION NO. 84:**

All documents showing the revenues, costs, expenses, and profits associated with the Defendant's back office conversion, remote deposit capture, and/or corporate capture system(s) each year from 1990 to the present.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome and harassing to the extent that it seeks information that exceeds the scope of permissible discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope

of permissible discovery. CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, discrete parts of this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity. Subject to and without waiving these objections, CFG has no responsive documents.

**REQUEST FOR PRODUCTION NO. 85:**

All documents that identify each of the Defendant's customers for back office conversion, remote deposit capture, and/or corporate capture systems, from 1990 to the present.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome and harassing to the extent that it seeks information that exceeds the scope of permissible discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery. CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, discrete parts of this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG. CFG also objects to this request as seeking documents

protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.


**REQUEST FOR PRODUCTION NO. 86:**

All documents showing the benefits, both to Defendant and to Defendant's customers, offered by any back office conversion, remote deposit capture, and/or corporate capture system, including those offered by Defendant.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome and harassing to the extent that it seeks information that exceeds the scope of permissible discovery, and requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to the specified time frame for this request as rendering the request overly broad and as seeking documents beyond the scope of permissible discovery.  CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, discrete parts of this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.


**REQUEST FOR PRODUCTION NO. 87:**

All documents related to the systems used, offered for sale, or operated by Defendant for electronic file conversion relating to electronic payment transactions.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.


**REQUEST FOR PRODUCTION NO. 88:**

All documents related to the revenues, costs, expenses, and profits associated with the systems used, offered for sale, or operated by Defendant for electronic file conversion relating to electronic payment transactions.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity.  CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 89:**

All documents related to the benefits and/or cost savings associated with the systems used, offered for sale, or operated by Defendant for electronic file conversion relating to electronic payment transactions.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 90:**

All documents related to systems used, offered for sale, or operated by Defendant for generation of electronic payment files, including but not limited to:

      a.      Paper cash letters.

      b.      Electronic cash letters.

      c.      ECP files.

      d.      ACH files (including international).

      e.      X9.37 and X9.100-180 files.

      f.      Other image exchange files.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request as failing to satisfy FED. R. CIV. P. 34 by not describing the requested documents with reasonable particularity. CFG also objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 91:**

All presentations delivered by Defendant at any payments industry forum, conference, or meeting, including but not limited to those on the subjects of paper check processing, electronic check processing, ACH, lockbox operations, and float management.

**RESPONSE:**

CFG objects to this request as overly broad, unduly burdensome, and harassing to the extent that it seeks information that exceeds the permissible scope of discovery and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFG also objects to this request on the grounds that according to Plaintiff's Preliminary Infringement Contentions, part of this request pertains solely to allegations based on the Ballard Patents, and this action has been stayed as to the Ballard Patents as to CFG. CFG also objects to this request as seeking

documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity.  Subject to and without waiving these objections, CFG will produce all non-privileged documents, if any, within its possession, custody, or control that are responsive to this request.

Respectfully submitted,


  /s/ F. Michael Speed, Jr.　　
Jeffrey S. Standley
James L. Kwak
F. Michael Speed, Jr.
STANDLEY LAW GROUP LLP
495 Metro Place South, Suite 210
Dublin, OH  43017-5315
Tel.:  614-792-5555
Fax:  614-792-5536
jstandley@standleyllp.com
jkwak@standleyllp.com
mspeed@standleyllp.com

Claude E. Welch
115 West Shepherd Avenue
P.O. Box 1574
Lufkin, TX 75902-1574
Tel.: (936) 639-3311
Fax: (936) 639-3049
welchlawoffice@consolidated.net

Counsel to Defendant, CITIZENS
FINANCIAL GROUP, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 1, 2007, the foregoing DEFENDANT CITIZEN FINANCIAL GROUP'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION was served via electronic mail upon the following counsel:


Anthony K. Bruster
Louis B. Paddock
Richard B. King
NIX PATTERSON & ROACH LLP
2900 Saint Michael Drive
Suite 500
Texarkana, TX 75503
Tel: 903-223-3999
Fax: 19032238520
akbruster@nixlawfirm.com
ccp@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com


Edward L. Von Hohn
Edward K. Chin
Rod Cooper
NIX PATTERSON & ROACH LLP
5215 North O'Connor Blvd
Suite 1900
Irving, TX 75039
Tel: 972-831-1188
Fax: 19724440716
edhohn@nixlawfirm.com
edchin@nixlawfirm.com
rcooper@cooperiplaw.com

Elton Joe Kendall
Karl Rupp
PROVOST UMPHREY
3232 McKinney Ave
Suite 700
Dallas, TX 75204
Tel: 214-744-3000
Fax: 12147443015
jkendall@provostumphrey.com

krupp@provostumphrey.com


Eric M. Albritton
Attorney at Law
PO Box 2649
Longview, TX 75606
Tel: 903-757-8449
Fax: 19037587397
ema@emafirm.com


Thomas John Ward, Jr.
LAW OFFICE OF T. JOHN WARD, JR. PC
P O Box 1231
Longview, TX 75606-1231
Tel: 903-757-6400
Fax: 19037572323
jw@jwfirm.com


                                    /s/ F. Michael Speed, Jr.
                                    F. Michael Speed, Jr.