Datatreasury Corporation v. Wells Fargo & Company et al                                                                        Doc. 698 Att. 7
Jul-30-2001   Case 2:03-cv-00073-DF-CMC  Document 698  Filed 03/20/2007  Page 1 of 2   F-232



EOP
7-30-01

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

POWER MOSFET TECHS. §
 §
v. § 2:99-CV-168
 §
SIEMENS AG, et al. §

## ORDER

Defendants Infineon and ST USA argue that Judge Radford erred not finding that the work-product doctrine bars disclosure of communications between themselves in this case. Ordinary work product—i.e., raw factual information—is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means. *See* Fed. R. Civ. P. 26(b). Disclosure of work product may waive any protection, but a disclosure made in preparation of trial, and not inconsistent with maintaining secrecy against opponents, does not. *See United States v. American Telephone & Telegraph Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980). Here, communications between two Defendants both highly antagonistic to Plaintiff cannot be said to unravel the protections such communications would otherwise enjoy. Agreements of nondisclosure between the two Defendants affirms this conclusion.

It is therefore ORDERED that Defendants' objections to the report and recommendation of the magistrate judge, Dkt. Nos. 214 & 215, respectively, are SUSTAINED. Not having shown a substantial need for material protected by the work-product doctrine, Plaintiff's motions to compel and to compel and for sanctions, Dkt. Nos.

412

dockets.Justia.com

108 & 132, respectively, are DENIED. Having found that the work-product doctrine applies, the Court does not reach Defendants' other arguments.

Signed this 30th day of July, 2001.

*[signature]*

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE