# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **DATATREASURY CORPORATION,** <br><br> **Plaintiff** <br><br> v. <br><br> **WELLS FARGO & COMPANY; WELLS FARGO BANK, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; U.S. BANCORP; U.S. BANK, NATIONAL ASSOCIATION; WACHOVIA CORPORATION; WACHOVIA BANK, NATIONAL ASSOCIATION; SUNTRUST BANKS, INC.; SUNTRUST BANK; BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY; BANCORPSOUTH, INC.; BANCORPSOUTH BANK; COMPASS BANCSHARES, INC.; COMPASS BANK; CULLEN/FROST BANKERS, INC.; THE FROST NATIONAL BANK; FIRST HORIZON NATIONAL CORPORATION; FIRST TENNESSEE BANK, NATIONAL ASSOCIATION; HSBC NORTH AMERICA HOLDINGS INC.; HSBC BANK USA, N.A.; HARRIS BANKCORP, INC.; HARRIS N.A.; NATIONAL CITY CORPORATION; NATIONAL CITY BANK; ZIONS BANCORPORATION; ZIONS FIRST NATIONAL BANK; BANK OF NEW YORK CO., INC.; THE BANK OF NEW YORK; UNIONBANCAL CORPORATION; UNION BANK OF CALIFORNIA, NATIONAL ASSOCIATION; BANK OF TOKYO-MITSUBISHI UFJ, LTD.; CITIZENS FINANCIAL GROUP, INC. CITY NATIONAL CORPORATION; CITY NATIONAL BANK; COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION; DEUTSCHE BANK TRUST COMPANY AMERICAS; FIRST CITIZENS BANCSHARES, INC.; FIRST CITIZENS BANK & TRUST COMPANY; KEYCORP; KEYBANK NATIONAL ASSOCIATION; LASALLE BANK CORPORATION; LASALLE BANK NA; M&T BANK CORPORATION; M&T BANK; THE PNC FINANCIAL** | **2:06-CV-72 DF** |

**SERVICES GROUP, INC.; PNC BANK, NATIONAL ASSOCIATION; UBS AMERICAS, INC.; SMALL VALUE PAYMENTS COMPANY, LLC; THE CLEARING HOUSE PAYMENTS COMPANY, LLC; MAGTEK, INC; FIRST DATA CORPORATION; TELECHECK SERVICES, INC., REMITCO, LLC; and ELECTRONIC DATA SYSTEMS CORP.**

**Defendants**

## JOINT MOTION OF DEFENDANTS TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

Defendants Bank of America Corporation; Bank of America, N.A.; Bank of New York Co., Inc.; Bank of Tokyo-Mitsubishi UFJ, Ltd.; BB&T Corporation; Branch Banking and Trust Company; Citizens Financial Group, Inc.; Comerica Bank & Trust, N.A.; Comerica Incorporated; Cullen/Frost Bankers, Inc.; Deutsche Bank Trust Company Americas; First Data Corporation; LaSalle Bank Corporation; LaSalle Bank, N.A; M&T Bank Corporation.; M&T Bank; Remitco, LLC; TeleCheck Services, Inc.; The Bank of New York; The Frost National Bank; UBS Americas, Inc.; Union Bank of California, N.A.; Wachovia Bank, N.A.; Wachovia Corporation; Wells Fargo & Company; and Wells Fargo Bank, N.A. (hereinafter "Defendants") hereby jointly move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Counts 1-6 of Plaintiff DataTreasury Corporation's ("DTC") First Amended Complaint for Patent Infringement ("Amended Complaint") for failure to state a claim upon which relief may be granted. In the alternative, Defendants hereby move pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement of DTC's claims.

### I.   BACKGROUND

On February 24, 2006, DTC filed its Complaint purportedly alleging infringement of the following United States patents: No. 5,910,988 ("the '988 patent"); No. 6,032,137 ("the '137 patent"); No. 5,265,007 ("the '007 patent); No. 5,583,759 ("the'759 patent"); No. 5,717,868

2

("the '868 patent); and No. 5,930,778 ("the '778 patent). Compl. ¶¶73-92. On March 28, 2006, prior to a response by any defendant, DTC filed its Amended Complaint which only added Electronic Data Systems Corp. as a defendant. Amended Compl. ¶58. The alleged infringement claims related to the patents-in-suit remained unchanged.[1] Amended Compl. ¶¶73-92. The Amended Complaint does not identify or include any factual allegations regarding any accused product or system made, used, sold, offered for sale or imported into the United States by any of the fifty-six defendants that DTC contends is infringing any of the six patents-in-suit. Amended Compl. ¶¶73, 77, 81, 84, 87, 90.

This is not a typical patent-infringement action. Even though the fifty-six named defendants are operating banks, bank holding companies, equipment vendors, software vendors, and other service providers, DTC relies upon identical language in its allegations of patent infringement against each defendant even though DTC asserts different combinations of the six patents-in-suit against different defendants.[2] *Id.* An action such as this would present quite a formidable management challenge for the Court in the best of circumstances. DTC's disregard of its pleading obligations – variously grouping together the fifty-six defendants without identifying any infringing products or services – only serves to magnify those management challenges. DTC should be required to provide fair notice of its claims to the Defendants and this Court before it enjoys the privileges of litigating in this District.

---

[1] All six patents are not alleged against all Defendants. As such, each Defendant joining in this Motion to Dismiss adopts these arguments in support of dismissing only the patent infringement claims asserted against it in DTC's Amended Complaint filed on March 28, 2006.

[2] DTC further alleges that it only "recently acquired all rights, title and interest" in the '007, '759, '868, and '778 patents. Amended Compl. ¶¶68-71. Indeed, DTC has confirmed in related litigation that it acquired these four patents on February 6, 2006, only three weeks before filing its original Complaint. *DataTreasury Corp. v. First Data Corp. et al.*, Case No. 5:03-cv-39-DF-CMC, Response to Motion to Stay, Exh. K (attached hereto as Exhibit A).

3

## II.     ARGUMENT

### A.     The Pleading Standards of the Federal Rules of Civil Procedure Still Require Minimal Facts and Notice.

In light of the liberal pleading standards, a complaint is properly dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002); *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 513, 518 (E.D. Tex. 2004) (Folsom, J.). While the Court must accept as true all of the well-pleaded facts in the complaint and must give plaintiff the benefit of every favorable inference that can be drawn from the complaint's allegations, this general rule is not limitless or unbounded. *McCormack v. National Collegiate Athletic Ass'n*, 845 F.2d 1338, 1343 (5th Cir. 1988). "[The courts] take the allegations of the complaint to be true, but we do not assume facts that the plaintiffs have not alleged." *Id.* It is well settled that the Court's review should be limited to the facts contained in the complaint, documents attached or incorporated in the complaint, and matters of judicial notice. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted. *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)); *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 513, 518 (E.D. Tex. 2004) (Folsom, J.) (citations omitted).

In a patent infringement case, "the plaintiff must provide facts that 'outline or adumbrate' a viable claim for relief, not mere boilerplate sketching out the elements of a cause of action." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996). The Federal Rules "require that the defendant be given 'fair notice of (1) what the plaintiff's claim is and (2) the grounds upon which it rests.'" *Id.* at 960; *Hewlett-Packard Co. v. Intergraph Corp.*, Case

No. C-03-2517MJJ, 2003 WL 23884794 *1 (N.D. Cal. Sept. 6, 2003) (motion to dismiss granted because complaint did not provide "fair notice" since it essentially alleged that "one or more of Defendant's 4000-plus products directly infringes, contributorily infringes, or induces infringement of at least one claim in each of the [four] patents-in-suit.") (attached hereto as Exhibit B); *Ondeo Nalco Co. v. Eka Chemicals, Inc.*, Case No. Civ.A. 01-537-SLR, 2002 WL 1458853 *1-2 (D. Del. June 10, 2002) (counterclaims for patent infringement were dismissed because they were "too vague to provide plaintiff with fair notice of which products are accused of infringing defendant's patents") (attached hereto as Exhibit C).

For example, in the *Gen-Probe* case, the court granted Amoco's motion to dismiss because "[t]he complaint fail[ed] to provide fair notice of what the plaintiff's claims [were]." *Gen-Probe*, 926 F. Supp. at 960. According to the allegations in the complaint, plaintiff accused all five defendants of three types of infringement of two patents. The court noted that in some paragraphs it was "unclear which of the five [defendants] is accused of which type of infringement," and that in some paragraphs all defendants were accused of all types of infringement. *Id.* The court advised that "this confusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint." *Id.* at 961. Since the complaint identified the defendants and their actions "in a confusingly conclusory manner, accusing each of five defendants of three very different causes of action on two different patents, all in one conclusory sentence, without adequately specifying the grounds for plaintiff's belief that any of these entities have infringed," the plaintiff's "shotgun approach" failed to provide notice of the plaintiff's claims and the bases for those claims. *Id.* at 960.

In addition, the Advisory Committee Notes to Federal Rule of Civil Procedure 8 make clear that a patent-infringement plaintiff cannot simply accuse unidentified transactions, products

5

or services in its attempt to state a claim. Indeed, unlike the Amended Complaint in this action, the sample complaint for patent infringement included as Form 16 to the Advisory Committee Notes specifically identifies the accused product. Fed. R. Civ. P. 8 Advisory Committee's Note, Form 16 ("Defendant has for a long time past been and still is infringing those Letters Patents by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court.").

      **B.**      **In this Case, DTC's First Amended Complaint Fails to Meet the Minimum Requirements of the Federal Rules of Civil Procedure and, Therefore, Should be Dismissed.**

DTC's Amended Complaint fails to meet the minimum requirements under the Federal Rules of Civil Procedure for a cognizable cause of action in patent infringement. Specifically, DTC's Amended Complaint fails to allege any identifiable conduct on the part of any of the Defendants that would give rise to any liability for infringement of the asserted patents. DTC's only allegations of infringement reference nothing more than vague "transactions" or unspecified "products and/or services." This is insufficient.

Each of DTC's infringement counts states that:

> The following Defendants have been and are infringing the [insert patent number] patent by making, using, selling, offering for sale, and/or importing in or into the United States directly, contributorily, and/or by inducement without authority, products and services that fall within the scope of the claims of the [insert patent number] patent: [insert list of defendants] (hereafter "the [insert patent number] Defendants"). Unless the [insert patent number] Defendants are enjoined by this court [DTC] is without an adequate remedy at law.

Amended Compl. ¶¶ 73, 77, 81, 84, 87, and 90. This constitutes the entirety of the factual basis alleged to support DTC's accusations of infringement; and it is respectfully submitted that this allegation falls far short of the factual allegations necessary to invoke the machinery of this Court to force fifty-six defendants to answer and defend.

6

DTC may also attempt to add factual support for its infringement allegations by relying on allegations contained in "Section II. Jurisdiction and Venue" of its Amended Complaint relating to certain defendants' undefined relationships with the Small Value Payments Company, LLC and/or The Clearing House Payments Company and/or Viewpointe Archive Services, LLC ("SVPCo./VAS"). Specifically, DTC alleges that Defendants "are owners or current users of [SVPCo./VAS]," and that these defendants are subject to personal jurisdiction because of their "infringing activities with relation to the products and services of [SVPCo./VAS]." Amended Compl. ¶¶ 62-65. These allegations (1) fail to define the Defendants' allegedly infringing contacts with SVPCo./VAS; (2) do not specify whether the Defendants allegedly infringe the patents-in-suit as either an SVPCo./VAS owner or user; (3) do not define SVPCo./VAS's allegedly infringing activity; and (4) do not describe the Defendants' allegedly infringing activity. These allegations simply conclude that the Defendants have "authorized, participated in, or facilitated transactions occurring in whole or in part within this District that, in whole or in part, infringe the patents asserted against them herein." *Id*. at ¶ 63, 65. Thus, these allegations do not supply the necessary detail required to meet Rule 8's requirements.

Rather than supply a "short and plain" statement of the claim showing that DTC is entitled to relief as Fed. R. Civ. P. 8(a) requires, each accusation of infringement in DTC's Amended Complaint joins, without distinction or recognition of the differing elements, three separate causes of actions for patent infringement, asserting that Defendants either (1) directly, (2) contributorily, or (3) through inducement, infringe one or more of the patents-in-suit by either making, using, selling, offering for sale, or importing unnamed products or services.[3]

---

[3] Both contributory infringement and inducement of infringement require predicate proof of direct infringement and have an additional element of specific intent not required of direct infringement. *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 n.4 (Fed. Cir. 1990) (contributory infringement and intent to induce); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990) ("It must be established that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of

7

Moreover, just like the "confusingly conclusory" complaint in the *Gen-Probe* case, DTC's Amended Complaint accuses each of fifty-six Defendants of three very different causes of action on some combination of the six patents-in-suit, without specifying the grounds for DTC's belief that any of these fifty-six Defendants have infringed. *Gen-Probe*, 926 F. Supp. at 960-961. Just as this "shotgun approach" did not provide notice of the *Gen-Probe* plaintiff's claims and the bases for those claims, so too DTC's "shotgun approach," whereby its Amended Complaint includes three separate claims of infringement (direct, contributory and inducement) by one of at least five types of activities (making, using, selling, offering for sale or importing) for each of six patents simultaneously asserted against various combinations of fifty-six defendant companies, does not give Defendants notice of DTC's claims and the bases for those claims.

Given the bare and conclusory allegations here, the Defendants, as in *Gen-Probe*, are unable to determine if they have been accused of direct infringement, contributory infringement, or inducement. Likewise the mere identification of "products and/or services" is so vague that it constitutes no notice at all of what, if any, actions are alleged to infringe by what theory of infringement. Because of the inadequate nature of the pleading, none of the Defendants can craft an answer to DTC's Amended Complaint which would satisfy its obligation to respond in a good faith manner. In order to frame any sort of response to the Amended Complaint, the Defendants would be forced to undertake the burdensome task of reading the asserted patents and comparing each claim in those patents to a multitude of products and services necessary to an operating bank.[4] DTC should have undertaken that task prior to filing suit. Instead, DTC's Amended Complaint transfers that burden of investigation and notice to Defendants.

---

the acts alleged to constitute inducement.")  DTC does not even purport to allege specific intent against any defendant in the Amended Complaint.

[4] Even then, any Answer would be based upon each Defendant's best guess as to which claims DTC intended to assert and which products or services DTC intended to accuse.

Perhaps the most glaring example of DTC's lack of investigation and its inappropriate joinder of multiple defendants which lack any relationship to one another or to any common factual nexus can be illustrated by DTC's naming as defendants the stock holding companies of certain defendants, including Bank of America Corporation; Bank of New York Co., Inc.; BB&T Corporation; Citizens Financial Group, Inc; Comerica Incorporated; First Data Corporation; LaSalle Bank Corporation; M&T Bank Corporation.; National City Corporation; U.S. Bancorp; Wachovia Corporation; Wells Fargo & Company; and Zions Bancorporation.

These holding companies are broadly lumped in with all the other defendants and likewise accused of direct infringement, contributory infringement, and inducement. None of these holding companies conducts any banking operations that could conceivably be accused of infringement. The Amended Complaint simply remains silent as to why any of these holding companies is named here and it is impossible to determine how or why these companies are accused of infringement.

### C.    Alternatively, DTC Should Provide a More Definite Statement of its Claims.

In the event this Court determines that DTC's Amended Complaint should not be dismissed, these Defendants alternatively request a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure setting forth allegations of infringement. "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002); *Sisk v. Texas Parks and Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981). "Rule 12(e) motions are appropriate when the complaint is 'sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but it must be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" *Sefton v.*

9

*Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376. pp. 577-8 (2d ed.1990)).

As detailed above, DTC's Amended Complaint is so vague and ambiguous that these Defendants cannot frame a proper responsive pleading, conform their conduct, if necessary, to avoid allegations of willful infringement, or alert third parties to any indemnification obligations for the purported conduct at issue. *See Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948 (S.D. Cal. 1996). By failing to provide sufficient allegations, DTC is causing confusion and delay which may only be compounded when the Court must determine how to manage this case. To keep this case manageable, DTC should set forth sufficient claims against each Defendant so the Court and the Defendants do not waste their time on unspecified claims that are without merit.

## III. CONCLUSION

In sum, DTC has failed to satisfy the most basic pleading requirements of the Federal Rules. DTC's Amended Complaint contains boilerplate legal conclusions and fails to describe any of the Defendants' products, services, or activities that allegedly infringe the patents-in-suit, thereby depriving the Defendants of the notice to which they are entitled under the Federal Rules. Accordingly, the Defendants respectfully request the Court to dismiss DTC's Amended Complaint or, in the alternative, to order DTC to provide a more definite statement describing the allegations against all Defendants in reasonable detail sufficient to identify the accused products or systems.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  June 1, 2006 | FISH & RICHARDSON P.C. |

By:  /s/ Thomas M. Melsheimer
Thomas M. Melsheimer
Texas State Bar No. 13922550
1717 Main Street
Suite 5000
Dallas, TX  75201
214-747-5070 (Telephone)
214-747-2091 (Telecopy)

Robert E. Hillman
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804
617-542-5070 (Telephone)
617-542-8906 (Telecopy)

Robert M. Parker
Robert Christopher Bunt
Parker & Bunt, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535 (Telephone)
(903) 533-9687 (Telecopy)

Michael E. Jones
Texas Bar No. 10929400
E. Glenn Thames, Jr.
Texas Bar No. 00785097
Potter Minton
500 Plaza Tower
110 North College, Suite 500
Tyler, TX  75702

**ATTORNEYS FOR DEFENDANTS
BANK OF AMERICA CORPORATION,
BANK OF AMERICA, NATIONAL
ASSOCIATION**

/s/ Jennifer Parker Ainsworth
Jennifer Parker Ainsworth
Texas Bar No. 00784720
WILSON, SHEEHY, KNOWLES, ROBERTSON
& CORNELIUS, P.C.
909 ESE Loop 323
Suite 400
Tyler, Texas  75701
T: (903) 509-5000
F: (903) 509-5092
jainsworth@wilsonlawfirm.com

11

Richard Hogan
Texas Bar No. 09802010
PILLSBURY WINTHROP SHAW PITTMAN LLP
2 Houston Center
909 Fannin Street 22nd Floor
Houston TX 77010
T: (713) 425-7327
F: (713) 425-7373
richard.hogan@pillsburylaw.com

Raymond L. Sweigart (pro hac vice submitted)
Scott J. Pivnick (pro hac vice submitted)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Blvd.
McLean, VA  22102-4859
T: (703) 770-7900
F: (703) 905-2500
raymond.sweigart@pillsburylaw.com
scott.pivnick@pillsburylaw.com

**ATTORNEYS FOR DEFENDANTS
BANK OF NEW YORK CO., INC.,
THE BANK OF NEW YORK, AND
UNION BANK CALIFORNIA, N.A.**


/s/_Edward G. Poplawski
EDWARD G. POPLAWSKI (Pro Hac Vice)
E-Mail: EPoplaws@Sidley.com
JEFFREY A. FINN (Pro Hac Vice)
E-Mail: JFinn@Sidley.com
CARISSA A. TENER (Pro Hac Vice)
E-Mail: CTener@Sidley.com
SIDLEY AUSTIN L.L.P.
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
tel. 213-896-6000
fax 213-896-6600

LANCE LEE
Texas Bar No. 240004762
YOUNG, PICKETT & LEE, L.L.P.
4122 Texas Blvd.
P.O. Box 1897
Texarkana, Texas 75504
tel. 903-794-1303
fax 903-792-5098
E-Mail: WLanceLee@aol.com

**COUNSEL FOR FIRST DATA
CORPORATION, TELECHECK SERVICES,
INC.;REMITCO, LLC, LASALLE BANK
CORPORATION, LASALLE BANK NA,
DEUTSCHE BANK TRUST COMPANY**

12

AMERICAS, BANK OF TOKYO-MITSUBISHI UFJ, LTD.


/s/ John G. Flaim
Brian J. Hurst
Texas Bar No. 10313300
John G. Flaim
Texas Bar No. 00785864
Brian C. McCormack
Texas Bar No. 00797036
Jay F. Utley
Texas Bar No. 00798559
Richard V. Wells
Texas Bar No. 24033326
W. Barton Rankin
Texas Bar No. 24037333

BAKER & McKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas  75201
Telephone:  (214) 978-3000
Facsimile:  (214) 978-3099


**ATTORNEYS FOR DEFENDANTS, WELLS FARGO & COMPANY AND WELLS FARGO BANK, NATIONAL ASSOCIATION**


/s/ Scott W. Breedlove
William L. LaFuze
Texas Bar No. 11792500
*wlafuze@velaw.com*
D. Ferguson McNiel, III
Texas Bar No. 13830300
*fmcniel@velaw.com*
Vinson & Elkins LLP
2300 First City Tower
1001 Fannin Street
Houston, TX  77002
Telephone:  713.758.2222
Facsimile:  713.758.2346
Scott W. Breedlove
Texas Bar No. 00790361
*sbreedlove@velaw.com*
Vinson & Elkins LLP
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, TX  75201-2975
Telephone:  214.220.7700

13

Facsimile: 214.220.7716
 Harry Lee Gillam, Jr.
Texas Bar No. 07921800
*Gil@gillamsmithlaw.com*
Melissa Richards Smith
Texas Bar No. 24001351
*Melissa@gillamsmithlaw.com*
Gillam & Smith LLP
110 South Bolivar, Suite 204
Marshall, TX  75670
Telephone:  903.934.8450
Facsimile:  903.934.9257

**ATTORNEYS FOR UBS AMERICAS, INC.**


/s/ William H. Boice
William H. Boice
E. Danielle Thompson Williams
Audra A. Dial

KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Fax: (404) 815-6555

1001 West 4th Street
Winston-Salem, NC 27104
Telephone: (336) 607-7300
Fax: (336) 607-7500

Damon Young
YOUNG, PICKETT & LEE
4122 Texas Boulevard
P. O. Box 1897
Texarkana, TX 75504

**ATTORNEYS FOR DEFENDANTS WACHOVIA CORPORATION AND WACHOVIA BANK NATIONAL ASSOCIATION; M&T CORPORATION; M&T BANK; BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY; COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION**


   /s/  Kurt M. Sauer
Kurt M. Sauer
Texas Bar No. 17673700
DAFFER MCDANIEL, LLP

14

700 Lavaca Street, Suite 720
Austin, Texas 78701
Tel. (512) 476-1400
Fax (512) 703-1250
ksauer@dmtechlaw.com

**ATTORNEY FOR DEFENDANT CULLEN FROST BANKERS, INC. AND THE FROST NATIONAL BANK**

/s/ Claude E. Welch
Claude E. Welch
115 West Shepherd Avenue
P.O. Box 1574
Lufkin, TX 75902-1574
(936) 639-3311
(936) 639-3049 FAX
welchlawoffice@consolidated.net

**LOCAL COUNSEL TO DEFENDANT CITIZENS FINANCIAL GROUP, INC.**

OF COUNSEL:
Jeffrey S. Standley, Ohio Bar No. 0047248
James L. Kwak, Ohio Bar No. 0066485
F. Michael Speed, Jr., Ohio Bar No. 0067541
STANDLEY LAW GROUP LLP
495 METRO PLACE SOUTH, SUITE 210
DUBLIN, OHIO 43017
(614) 792-5555
(614) 792-5536 FAX
jstandley@standleyllp.com
jkwak@standleyllp.com
mspeed@standleyllp.com

Case 2:06-cv-00072-DF-CMC   Document 89-3   Filed 06/07/2006   Page 15 of 16

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on May 31, 2006, I conferred with plaintiff's counsel Karl Rupp by email. Mr. Rupp indicated that Data Treasury and its counsel are opposed to said motion.

/s/ M. Brett Johnson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 1, 2006 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Thomas M. Melsheimer