IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DATATREASURY CORPORATION,**<br><br>          **Plaintiff,**<br>     v.<br><br>**WELLS FARGO & COMPANY; WELLS FARGO BANK, NATIONAL ASSOCIATION, et al.,**<br><br>          **Defendants,** | 2:06-CV-72 DF |

## CITIZENS FINANCIAL GROUP, INC.'S  RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF JOINT DEFENSE AGREEMENT

Defendant Citizens Financial Group, Inc. ("Citizens Financial") hereby responds to Plaintiff's motion to compel production of Defendants' Joint Defense Agreement. By its motion, DataTreasury Corporation ("Plaintiff") has moved this Court to order Citizens Financial, and in effect, all other Defendants, to produce their Joint Defense Agreement ("JDA"). Plaintiff's motion fails to demonstrate that it is entitled to the JDA. In the first instance, Plaintiff has not shown that the JDA is relevant to a claim or defense of any party as required by the Federal Rules of Civil Procedure. Assuming *arguendo* that the JDA bears some relevance to a claim or defense, Plaintiff has not provided any sufficient basis to overcome the attorney work-product doctrine and privilege that protects the JDA from production. Previous rulings by this Court as well as others, including the *Power Mosfet* case relied on by Plaintiff, clearly recognize the privileged nature of a JDA which protects such a document from production absent compelling reasons. Plaintiff is not entitled to the JDA because it is not relevant to any claim or defense, and

it is privileged. Accordingly, Citizens Financial requests the Court to deny Plaintiff's motion in its entirety.

I.     RELEVANT FACTS

On February 24, 2006, Plaintiff filed its Complaint against over 50 Defendants. In Plaintiff's Complaint, the majority of the Defendants were grouped together based on alleged common affiliations with The Clearing House Payments, LLC ("Clearinghouse") and/or Viewpointe Archives Services LLC ("Viewpointe"). *See* Amended Complaint (Dkt. #3). Plaintiff's complaint alleges in pertinent part:

> 63. The members of the Viewpointe Defendant Group are subject to personal jurisdiction, in addition to the reasons set forth above and below, because of each member's infringing activities with relation to the products and services of Viewpointe Archive Services, LLC, a nationwide check image archive and exchange service that operates in or through this District. Each of the members of the Viewpointe Defendant Group have authorized, participated in, or facilitated transactions occurring in whole or in part within this District that, in whole or in part, infringe the '988 and '137 patents asserted herein. . .
>
> 65. The members of the SVPCo/Clearing House Defendant Group are subject to personal jurisdiction, in addition to the reasons set forth above and below, because of each member's infringing activities with relation to the products and services of Small Value Payments Co., LLC, and The Clearing House Payments Company, LLC. These Defendants operate a nationwide check image archive and exchange service that operates in or through this District. . . Each of the members of the SVPCo/Clearing House Defendant Group have authorized, participated in, or facilitated transactions occurring in whole or in part within this District that, in whole or in part, infringe the patents asserted them herein. Amended Complaint at 16-18 (Dkt. #3).

After suing over 50 Defendants and grouping them together based on its view of common affiliations with the Clearinghouse and Viewpointe, Plaintiff now complains that many of the Defendants are working together in defense of its allegations. *See* Mot. Compel at 8 (stating Defendants have worked together to make this case truly a "one versus all" dispute; and "Citizens Financial isn't really defending itself – it is getting help from numerous financial institutions with aligned interests and limitless resources"). Plaintiff chose the manner in which

it brought this action and seeks to use that choice against Defendants. Plaintiff employs overblown rhetoric to paint the Defendants' cooperation as an unexpected, underhanded ploy designed to put Plaintiff at an unfair disadvantage. In actuality, Defendants' cooperation is a logical, and clearly foreseeable, result of Plaintiff's own combination of Defendants into common "Groups" based on Plaintiff's view of the Defendants' affiliations. *See Trading Technologies Intern., Inc. v. eSpeed, Inc*., 2007 WL 1302765, 1 (N.D. Ill. 2007) (a patent case with multiple defendants where the Court found "cooperation is anticipated, and in fact it would be poor and perhaps actionable legal conduct to fail to participate in such joint defense strategies.").

Indeed, this Court has even ordered Defendants to file one joint claim construction brief. *See* Court's 10/25/06 Order From Scheduling Conference and Docket Control Order (Dkt. 325) (asking for "one joint, responsive brief with issues about which that all agree limited to forty (40) pages and, upon leave of Court, each Litigant group may file a responsive brief concerning issues about which it disagrees with the other Defendants, if any, limited to ten (10) pages"). Accordingly, cooperation among Defendants and the pooling of information is not only a desirable option in this case, but a necessary one.

The use of JDAs should be encouraged in cases such as this where a large number of defendants have been sued based on common issues. Cooperation among joint defendants helps to streamline cases and to preserve judicial resources. In this case, all parties, and this Court, have benefited from the Defendants' joint cooperation as proven by the recent Joint Claim Construction and Prehearing Statement which contained only two sets of definitions from Defendants (instead of over 50 different sets).

Clearly, Plaintiff has no valid grounds for its request, and only seeks to obtain privileged information regarding Defendants' legal representation and joint defense.

II.     ARGUMENT AND AUTHORITY

A.      THE JDA IS NOT RELEVANT TO A CLAIM OR DEFENSE OF A PARTY.

DTC has failed to show that the JDA is "relevant to a claim or defense of any party" under Rule 26(b)(1).  In *Broessel v. Triad Guaranty Ins. Corp.*, 238 F.R.D. 215, 218 (W.D. Ky. 2006), the court summarily denied plaintiff's motion to compel the production of the JDAs in that case based upon a lack of relevance:

> The undersigned notes that four of the documents withheld by Defendant are joint defense agreements.  The parties have argued vigorously on the question of whether these documents are privileged.  However, both seemed to have overlooked a precedent issue. Specifically, are these documents relevant within the meaning of Rule 26(b)(1)?  While these documents may be helpful to the Court in addressing this discovery dispute, they are not "relevant to the claim or defense of any party."  For this reason, the undersigned concludes the joint defense agreements are not discoverable.

(citations omitted). DataTreasury fails to address this threshold issue in its briefing.  Instead of shouldering its burden to prove the relevance of the material it seeks from Citizens Financial, DataTreasury omits this important first step and proceeds to attack the privileged nature of the document.[1]

---

[1] Even if the JDA were relevant under 26(b)(1), it is not discoverable under Rule 26(b)(3) unless DataTreasury can show (1) that it has a "substantial need" for the JDA and (2) that it cannot obtain substantially equivalent information without "undue hardship." Fed. R. Civ. P. 26(b)(3); *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1239-40 (5th Cir. 1982).  The JDA is protected by 26(b)(3) because, as its title suggests, it is a document that was "prepared in anticipation of litigation or for trial . . . . " Fed. R. Civ. P. 26(b)(3).

B.   THE JDA IS A PRIVILEGED DOCUMENT PROTECTED BY THE WORK-PRODUCT DOCTRINE.

Plaintiff relies solely on the ruling of Magistrate Judge Radford in *Power Mosfet Tech. v. Siemens AG*, 206 F.R.D. 422 (E.D. Tex. 2000) to justify its entitlement to the JDA. Plaintiff attempts to dismiss this Court's reversal of the Magistrate's findings and ultimate denial of the motion to compel by claiming that the order rejecting the Magistrate's findings and recommendations did not specifically address the Joint Defense Agreement in that case. *Power Mosfet Tech. v. Siemens AG*, No. 2:99-CV-168, 2001 WL 35986948 (E.D. Tex. July 30, 2001) (Judge Folsom's Order attached as Ex. A). Contrary to what Plaintiff argues, this Court found that the work-product doctrine was applicable to communications among defense counsel and that plaintiff had failed to show a substantial need for the information at issue (which included the Joint Defense Agreement). Consequently, this Court never compelled the defendants in *Power Mosfet* to produce the text of their Joint Defense Agreement. Other decisions from this Court are on point. In *AVID Identification Sys., Inc. v. Philips Elec. N. Am. Corp., et al.*, 2:04-CV-183 (E.D. Tex 2005), Plaintiff brought a motion to compel based on the same arguments asserted by DataTreasury in the present motion.[2] The Defendants opposed production of the JDA relying on *Power Mosfet*.[3] Judge Ward denied Plaintiff's motion to compel. *See* Judge Ward's Order (2:04-183, Dkt. #80, attached as Ex. D). Judge Ward stated that should the "agreement become relevant to the resolution of any privilege issues, the court will inspect the agreement *in camera*." *Id.*

---

[2] *See* Plaintiff's Motion to Compel Production of Joint Defense Agreement(s), 2005 WL 4255998 (E.D. Tex. Jun. 21, 2005) (2:04-CV-183, Dkt. #66).

[3] *See* Defendants' Response to Plaintiff's Motion to Compel Production of Joint Defense Agreement(s), No. 2-04-CV-183, 2005 WL 1924118 (E.D.Tex. Jul. 6, 2005) (Dkt. #69, attached as Ex. B); Defendant's Sur-reply To Plaintiff's Motion To Compel Production of Joint Defense Agreement(s) (Dkt. # 73, attached as Ex. C).

Where the common interest between Defendants is clear and established, a JDA is not discoverable by other parties because the JDA itself is a privileged communication and subject to the attorney work-product doctrine. *See United States v. Bicoastal Corp.*, 1992 WL 693384 at *6, 1992 U.S. Dist. LEXIS 21445, at *18 (N.D.N.Y. September 28, 1992). In other words, the compelled disclosure of a JDA is an improper intrusion into the preparation of a litigant's case. *Id. See also A.I. Credit Corp. v. Providence Washington Ins. Co.*, No. 96 Civ. 7955 (AGS) (AJP) 1997 WL 231127, at *4, (S.D.N.Y. May 7, 1997); *Boyd v. Comdata Network Inc.*, 88 S.W.3d 203, 217 (Tenn. Ct. App. 2002).

Accordingly, Plaintiff bases its current motion on an incorrect premise, that a JDA is not a privileged document. The authority from this, and other jurisdictions, however, clearly establishes that a JDA is a privileged document protected by the work-product doctrine.

C.  DATATREASURY HAS NO LEGITIMATE REASON FOR DEMANDING PRODUCTION OF THE JOINT DEFENSE AGREEMENT.

The JDA is protected from disclosure by both the work product doctrine and attorney-client privilege. The purpose of the work product doctrine is to shelter the mental processes of an attorney, protecting from disclosure his or her analysis and preparation of his or her client's case. *United States v. Nobles*, 422 U.S. 225, 238 (1975). This privilege, as asserted by Defendants, may only be overcome if Plaintiff demonstrates (1) that the JDA is relevant to a claim or defense and, (2) that Plaintiff has a substantial need for the material and would suffer undue hardship if required to obtain the information in some other way. Fed. R. Civ. P. 26 (b)(3).

Plaintiff contends that it needs the JDA to prove that the Defendants are cooperating with each other in this litigation. *See, e.g.,* Mot. Compel at 7-8 ("Second, [the JDA] will be a relevant piece of evidence to show the jury the way in which the dozens of Defendants have worked

together to make this case truly a 'one versus all' dispute."). The issue of whether the Defendants are cooperating -- and, in particular, whether this is a "one versus all" dispute -- is unrelated to any element of a claim or defense in this case. Accordingly, Plaintiff has not shown a "substantial need" for evidence of cooperation, e.g., the JDA as it is protected by Rule 26(b)(3). *Mack v. Global Santa Fe Drilling Co.*, No. 04-3461, 2006 U.S. Dist. LEXIS 18437, *15-*16 (E.D. La. Apr. 11, 2006) ("Ulicsni's alleged defamatory statements . . . are not an element of the damages Mack seeks in this case and are not relevant to any claim asserted in the complaint. Under these circumstances, plaintiff has not met her burden under Fed. R. Civ. P. 26(b)(3) to show substantial need for defendant's work product and undue hardship in obtaining equivalent materials by other means to overcome the presumptive prohibition of discovery of such materials.").

Moreover, even if proof of cooperation by the Defendants was an element of a claim or defense (which it is not), Plaintiff has shown that it can readily obtain such proof without having to rely on material protected by Rule 26(b)(3). In addition to having to prove a "substantial need," Plaintiff must also show that it cannot obtain substantially equivalent information without "undue hardship." In its motion, Plaintiff contends that filings by the various Defendants in this case "show that Defendants are meeting often, exchanging strategy, and otherwise aligning themselves together against DataTreasury." Mot. Compel at 8. Plaintiff apparently knitted together this information without any "undue hardship." Because Plaintiff has shown that it can easily obtain evidence of cooperation by the Defendants without having to rely on material prepared in anticipation of litigation or trial, the JDA is not discoverable.

Plaintiff makes no argument in its motion demonstrating a substantial need for the JDA. Plaintiff gives three basic reasons for seeking the JDA:

      1.  to determine the scope of the joint defense privilege;

      2.  to determine to what extent communications are protected from disclosure; and

      3.  to determine the bias of witnesses that Plaintiff will depose in this matter.

If Plaintiff's motion is granted based on these reasons, there would never be an instance where a JDA would be protected from discovery.

Plaintiff does not indicate any facts or specific privilege issues that warrant production of the JDA. Indeed, Plaintiff states in its motion that it "cannot tell whether Citizens Financial's wholesale refusal to produce any of its communications with other defendants is valid or not until the privilege is established and its scope analyzed."

The Court should not order the production of JDAs to aid the evaluation of a privilege that is not specifically challenged. *See Oklahoma, ex rel. Edmondson v. Tyson Foods, Inc.,* No. 05-CV-329-TCK-SAJ, 2006 WL 2862216, at *4 (N.D. Okla., Oct. 4, 2006). The Court should not decide such issues in the abstract. *Id*. In the *Heartland Surgical* case, the Court would not even undertake an *in camera* review of the JDA since the "applicability of the privilege [was] clear to the Court and Heartland has stated no basis for review." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 950282, at *10 (D. Kan. March 26, 2007).

Plaintiff has not specifically challenged the propriety of the joint defense and the associated privilege. Plaintiff has not identified any specific documents, or even categories of documents, to which a common interest privilege has been asserted, why those documents are relevant to a claim or defense in this case, and why the privilege afforded those documents under the joint defense and work-product doctrine is in question. In short, Plaintiff has not demonstrated a "substantial need" to overcome the privilege.

D.   THE PRIVILEGE HAS NOT BEEN WAIVED.

Plaintiff offers no basis for why or how the joint defense privilege has been waived. Absent waiver of a privilege, a properly asserted privilege protects the document from being disclosed. *Static Control Components, Inc. v. Lexmark Int'l, Inc.,* No. 06-CV-02182-JLK-BNB, 2007 WL 219955, at *3 (D. Colo. Jan. 25, 2007) ("The joint defense privilege preserves the confidentiality of communications and information exchanged between two or more parties and their counsel who are engaged in a joint defense effort. Waiver of the joint defense privilege requires the consent of all parties participating in the joint defense."). Contrary to what Plaintiff argues, the disclosure of a completely separate JDA, signed by other joint Defendants in a previous case is not relevant to the present case. Not one defendant, particularly Citizens Financial, has waived the privilege as to the JDA in this case.

Plaintiff has argued its need to see the JDA to show it to a jury to prove "the bias of witnesses' testimony in support of other Defendants in the case" (Mot. Compel at 7). Even assuming the alleged "bias" of co-parties with common interests is relevant, Plaintiff has not provided any authority recognizing this as a legitimate reason for compelling production of a JDA. This lack of authority proves what common sense already dictates, tainting a jury with theories of conspiracy and bias based on the mere cooperation of Defendants cannot provide a legitimate basis for production of a JDA. Plaintiff may desire to engage in such theatrics, but the case law does not support that desire.

III.   CONCLUSION

For the reasons stated, Plaintiff's Motion to Compel Citizens Financial to produce the JDA should be denied.

Respectfully submitted,

/s/ F. Michael Speed, Jr.
Jeffrey S. Standley (Admitted *Pro Hac Vice*)
James L. Kwak (Admitted *Pro Hac Vice*)
F. Michael Speed, Jr. (Admitted *Pro Hac Vice*)
STANDLEY LAW GROUP LLP
495 Metro Place South, Suite 210
Dublin, OH  43017-5319
Tel.:  614-792-5555
Fax:  614-792-5536
jstandley@standleyllp.com
jkwak@standleyllp.com
mspeed@standleyllp.com

Claude E. Welch
Texas State Bar No.: 21120500
115 West Shepherd Avenue
P.O. Box 1574
Lufkin, TX 75902-1574
Tel.: (936) 639-3311
Fax: (936) 639-3049
welchlawoffice@txucom.net

Trial Attorneys for Defendant
Citizens Financial Group, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 29, 2007.  Any other counsel of record will be served by facsimile transmission and first class mail.

/s/ F. Michael Speed, Jr.
F. Michael Speed, Jr.