Datatreasury Corporation v. Wells Fargo & Company et al
Doc. 700 Att. 2
Case 2:06-cv-00072-DF-CMC   Document 69700   Filed 07/06/2007   Page 1 of 8

# IN THE UNITES STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### Marshall Division

| | | |
|---|---|---|
| **AVID IDENTIFICATION SYSTEMS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. 2-04-CV-183** |
| | § | |
| **PHILIPS ELECTRONICS NORTH** | § | |
| **AMERICA CORPORATION,** | § | |
| **KONINKLIJKE PHILIPS** | § | |
| **ELECTRONICS N.V.,** | § | |
| **THE CRYSTAL IMPORT** | § | |
| **CORPORATION,** | § | |
| **MEDICAL MANAGEMENT** | § | |
| **INTERNATIONAL, INC.,** | § | |
| **and DATAMARS SA** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
## TO COMPEL PRODUCTION OF JOINT DEFENSE AGREEMENT(S)

Defendants Philips Electronics North America Corporation, Koninklijke Philips Electronics N.V., the Crystal Import Corporation, Medical Management International, Inc., and Datamars S.A. hereby respond to Plaintiff's motion to compel production of joint defense agreement(s). By its Motion, Plaintiff AVID Identifications Systems, Inc. ("AVID") has moved this Court to order Defendants to produce their Joint-Defense Agreement ("Agreement"). AVID's motion fails to demonstrate that it is entitled to the Agreement. AVID's reliance on the chronology of its requests for the Agreement does not demonstrate any basis to require production, nor does the *Power Mosfet* case. AVID is not entitled to Defendants' Joint-Defense Agreement because it is not relevant to any claim or defense, and it is privileged. Accordingly, the Court should deny AVID's motion in its entirety.

.1

Dockets.Justia.com

## I.     RELEVANT FACTS

AVID's Complaint alleges that products made, used or sold by defendants infringe upon its asserted patents.  AVID's preliminary infringement contentions identify certain radio frequency identification ("RFID") tags manufactured by the Philips Defendants and RFID readers manufactured by Datamars.  Plaintiff alleges that Defendants contribute to the infringement of certain claims of the patents-in-suit "by importing, selling, offering to sell, and/or using the Accused Reader and/or the Accused Tags."  *See* Preliminary Infringement Contentions served January 13, 2005 at 2, attached as Exhibit A[1].

Defendants Philips Electronics North America Corporation and Koninklijke Philips Electronics N.V. (collectively the "Philips Defendants") are affiliated companies and are represented by the same counsel, Foley & Lardner LLP.  Similarly, defendant Datamars S.A. has agreed to defend and indemnify defendants Crystal Import Corporation and Medical Management International, Inc. (collectively "the Datamars Defendants"), and accordingly they are represented by the same counsel, Ostrolenk, Faber, Gerb & Soffen LLP.  AVID contends that the accused Philips' tags and the accused Datamars readers infringe the patents-in-suit. Therefore, the legal interests of all defendants are aligned with respect to the defense of AVID's claims, and they have entered into a joint-defense agreement in order to facilitate the exchange of information subject to the attorney-client and attorney work product privileges.

The Court recognized the commonality of interest among the defendants in its Amended Discovery Order ("Order") which specifies discovery limitations by each "side" of the litigation.

---

[1] AVID served "supplemental" infringement contentions on May 31, 2005, which identifies additional Philips' chips.  These supplemental contentions are inapplicable because they attempt to modify the preliminary contentions absent an order of the Court, and therefore they are in violation of Local Patent Rule 3-7.

.1

Paragraph 4 of the Order grants common interrogatories and requests for admission for each side and grants a limited number of depositions and limited deposition time per side.  The Court's order explicitly states:   "Discovery is limited to…70 interrogatories and 70 requests for admission (with 15 of each to be common to *each side*), the depositions of the parties (including employees and inventors), depositions on written questions of custodians of business records for third parties, depositions of four (4) expert witnesses *per side* and forty (40) hours of additional depositions *per side*.  *See* Paragraph 4 of Amended Discovery Order (emphasis added).  'Side' means a party or a group of parties with a common interest.  *Id*.  The defendants have shared discovery requests and deposition time because they share a common interest in the outcome of the litigation.

AVID did not object to the Court's treatment of the commonality of interest among the defendants, because it has been in AVID's interest to follow along with these discovery limitation aimed at Defendants.  AVID's motion unjustifiably asks this Court to repudiate the language of its discovery order.

## II.       ARGUMENT

### A.       AVID HAS NO LEGITIMATE REASON FOR DEMANDING PRODUCTION OF THE JOINT-DEFENSE AGREEMENT

The instant dispute arises from requests by AVID's counsel in April and May, 2005 that defendants' counsel simply turn over to it a copy of defendants' joint defense agreement.  None of AVID's initial letters or telephone requests identified any federal or local rule or case authority to show that it was entitled to this document, and Datamars defendants' counsel told this to AVID's counsel, Mr. Walsh, on June 9, 2005.  Then, as now, it is apparent that AVID has no valid ground whatsoever for its request, and is presumably only seeking to harass defendants by trying to obtain privileged information regarding defendants' legal representation.  The

.1

Agreement is simply not relevant to a claim or defense, nor is AVID's request for production of the Agreement reasonably calculated to lead to admissible evidence.

In its motion, AVID does not cite to a single tangible reason to compel production of the Agreement; instead, AVID vaguely alleges that it would provide evidence to Plaintiff of "exactly who the participants are." Plaintiff's Motion at 5. Yet, AVID already knows who the defendants are, who their respective counsel are, the fact that there are only two separate law firms representing all of the defendants, and that both law firms are parties to the joint-defense agreement. More importantly, AVID has acknowledged the commonality of interest among the defendants by agreeing to the discovery limitations aimed at defendants.

The sole authority cited in AVID's motion is *Power Mosfet Technologies v. Seimens AG*, 206 F.R.D. 422 (E.D. Tex. 2000), which AVID interprets, incorrectly, as support for its position that if a joint defense agreement exists, it must be produced to the adversary. This was not the holding of *Power Mosfet*. In that case, the plaintiff moved to compel interrogatory responses that were withheld by the defendants on the grounds of privilege due to a joint defense agreement. *Id.* Contrary to AVID's assertion that the Court ordered the joint-defense agreement to be produced to the Plaintiff (*See* Plaintiff's Motion at 4), the Court did not order production of the agreement to Plaintiff; it ordered Defendants to produce the agreement to the Court for *in camera* inspection to determine the extent of the common interest privilege. *Power Mosfet*, 206 F.R.D. at 426. The reason that Court required even that sort of limited inspection was that in *Power Mosfet,* the defendants in *Power Mosfet* were direct competitors engaged in developing technologies superior to one another for commercial advantage. *Id.* at 425-426. Consequently, the defendants' infringement analyses were independently developed, and the defendants submitted separate briefs for the *Markman* hearing. *Id.* As the Magistrate noted, a non-

.1

infringement finding in favor of one defendant could have led to a finding against another defendant. *Id.* As such, the court was required to make an inquiry regarding the scope of the common-interest privilege.

No such inquiry is necessary in the instant case. Unlike the defendants in *Power Mosfet*, the Datamars Defendants and the Philips Defendants are not competitors with respect to the products at issue, and it is abundantly clear that they share a common legal interest with respect to both their invalidity positions and their infringement positions. Accordingly, the defendants have worked together on a unified defense by submitting a common claim construction statement and by relying, *inter alia*, on the same expert testimony for that construction. AVID itself has benefited from this premise of a common defense, as demonstrated by the fact that the defendants have been given a limited number of "common" interrogatories, requests for admission and must share limited deposition time.

Moreover, much of AVID's argument in reliance on *Power Mosfet* comes from dicta contained in a footnote in which the Magistrate noted that *in camera* inspection of the joint-defense agreement would be required only *where the propriety of the privilege is disputed.* *Power Mosfet*, 206 F.R.D. at 426 n.12 (emphasis added). There is no such allegation here. Unlike the present case, *in camera* inspection of the joint-defense agreement was necessary in *Power Mosfet* because there was an issue regarding the commonality of interest among the defendants due to the fact that they were direct competitors. As discussed above, no such determination is required in this case.

Further, AVID has not challenged any specific interrogatory responses or requests for production to which a common interest privilege has been asserted. In fact, the joint-defense privilege has not been asserted by defendants in any of their interrogatory responses. If AVID

.1

truly seeks to challenge the scope of the defendants' common interest privilege, for instance by contending that the privilege applies to invalidity analysis and not to the infringement analysis, it has not made that clear in its motion.  Even if AVID had articulated a cognizable reason to request inspection of the joint defense agreement – which it has not and cannot -- whether or not the privilege extends to the defendants would be a legal question for the Court to determine, not AVID, and producing the joint-defense agreement to Plaintiff would not bear on any such analysis.  AVID simply overlooks the obvious fact that the Court in *Power Mosfet* never required that the joint defense agreement be produced to the opposing party or its counsel.  Thus, in no event would AVID be entitled to see the agreement here.

> **B.** **THE JOINT DEFENSE AGREEMENT IS PROTECTED BY THE WORK-PRODUCT DOCTRINE AND IS NOT DISCOVERABLE BY OTHER PARTIES**

AVID is not entitled to production of the joint defense agreement.  Where the common interest between defendants is clear and established, a joint defense agreement is not discoverable by other parties because the agreement itself a privileged communication and subject to the attorney work-product doctrine[2].  Courts have held that the compelled disclosure of the existence of a joint defense agreement is an improper intrusion into the preparation of a litigant's case[3].

In this case, it could not be more clear that the defendants have a common interest in defending this suit and in the outcome of the suit.  The defendants are filing joint claim

---

[2] *See United States v. Bicoastal Corp*, 1992 WL 693384 at *6, 1992 U.S. Dist. LEXIS 21445, at *18 (N.D.N.Y. September 28, 1992).

[3] *Id. See also A.I. Credit Corp. v. Providence Washington Ins. Co.,* No. 96 Civ. 7955 (AGS) (AJP) 1997 WL 231127, at *4, 1997 U.S. Dist. LEXIS 6223, at *12 (S.D.N.Y. May 7, 1997); *Boyd v. Comdata Network Inc.,* 88 S.W.3d 203, 217 (Tenn. Ct. App. 2002).

.1

constructions; they are sharing a limited number of "common" interrogatories; and they are sharing "common" deposition time.

The joint-defense agreement is protected from disclosure by both the work product doctrine and the attorney-client privilege. The central purpose of the work product doctrine is to shelter the mental processes of an attorney, protecting from disclosure his or her analysis and preparation of his or her client's case. *United States v. Nobles*, 422 U.S. 225, 238 (1975). To claim protection of the doctrine, a party must demonstrate that the materials in question were prepared in anticipation of litigation. Here, the joint defense agreement was entered into by counsel representing the defendants after commencement of the litigation. Consequently, the Agreement is immune from discovery by AVID.

This privilege, as asserted by Defendants, may only be overcome if AVID demonstrates that it has a substantial need for the material and that it would suffer undue hardship if required to obtain the information in some other way. AVID does not make any argument in its motion that it has any need for this Agreement, let alone a substantial need. In fact, AVID has it exactly backwards, seeking production of the agreement before it has any reason to challenge the scope of the joint defense privilege claimed by Defendants. It admits this on the final page of its motion where it claims that if production is ordered, "Plaintiff will then be in a better position to know whether it will need to challenge the propriety of and/or scope of any such joint defense and/or common interest privilege being claimed by the Defendants." This is no basis on which to overcome the privilege. Neither the Philips defendants nor the Datamars defendants have asserted the joint-defense privilege in response to any of AVID's interrogatories to date, thus, AVID has no basis to challenge the privilege as improperly asserted. Accordingly, the disclosure of the joint-defense agreement in this case is precluded by the work product doctrine.

.1

### III.   CONCLUSION

For the foregoing reasons, Defendants request that AVID's Motion to Compel Joint Defense Agreement(s) be denied in its entirety.

Respectfully submitted,

By: _____
Carl Roth
State Bar No.  17212000

**THE ROTH LAW FIRM, P.C.**
115 North Wellington, Suite 200
P.O. Box 876
Marshall, Texas 75671
Telephone: (903) 935-1665
Facsimile: (903) 935-1797

Brian McNamara
George C. Beck
Vineeta Bathia
**FOLEY & LARDNER LLP**
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
Telephone: (202) 672-5300
Telecopier: (202) 672-5399

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 6th day of July, 2005.

_____
Of Counsel

.1