## IN THE UNITES STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **AVID IDENTIFICATION SYSTEMS,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| **v.** § | **Case No. 2-04-CV-183** |
| § | |
| **PHILIPS ELECTRONICS NORTH** § | |
| **AMERICA CORPORATION,** § | |
| **KONINKLIJKE PHILIPS** § | |
| **ELECTRONICS N.V.,** § | |
| **THE CRYSTAL IMPORT** § | |
| **CORPORATION,** § | |
| **MEDICAL MANAGEMENT** § | |
| **INTERNATIONAL, INC.,** § | |
| **and DATAMARS SA** § | |
| § | |
| *Defendants.* § | |

### DEFENDANTS' SUR-REPLY TO PLAINTIFF'S MOTION
### TO COMPEL PRODUCTION OF JOINT DEFENSE AGREEMENT(S)

In accordance with Local Rule CV-7(f), the Defendants collectively provide the following sur-reply in response to issues raised in Plaintiff's reply in support of its motion to compel production of joint defense agreements.

**A.    The Defendants Correctly Asserted In Their Reply Brief That The Court In *Power Mosfet* Never Required That The Joint Defense Agreement Be Produced To The Opposing Party.**

In support of its demand to compel production, Plaintiff Avid relies solely on the ruling of Magistrate Judge Radford in *Power Mosfet Tech. v. Siemens AG,* 206 F.R.D. 422 (E.D. Tex. 2000). But Avid is apparently unaware that the defendants in *Power Mosfet* objected to the Magistrate Judge's order, and that Judge Folsom sustained those objections on July 30, 2001 in an unpublished order, based on his finding that the communications among the defendants was

Dockets.Justia.com

immune from discovery pursuant to the work-product doctrine.[1]  Having been reversed on appeal to the District Judge, the magistrate's order provides no support for Avid's motion to compel in this case.

The context of Judge Folsom's order in *Power Mosfet* is as follows: In that case, in response to the plaintiff's discovery requests, the defendants asserted documents exchanged between them were privileged, and also declined to disclose whether a joint defense agreement existed, when it was executed or its terms, which resulted in the plaintiff filing a motion to compel the production of any joint defense agreement. (*Power Mosfet Technology v St Microelectronics, et. al*., 2:cv168, Dkt. # 108, July 31, 2000.)  Subsequently, the plaintiff filed a motion to compel responses to several interrogatories addressed to ST Microelectronics, including interrogatory 9 related to the identification of communications between the defendants. (*Power Mosfet Technology v St Microelectronics, et. al*., 2:cv168, Dkt. # 132, August 16, 2000.) These motions were discussed in a hearing before Judge Heartfield on October 4, 2000, and referred to Magistrate Judge Radford with directions to the defendants to produce their joint defense agreement *in camera.* On October 30, 2000 Magistrate Judge Radford issued the opinion and order now relied upon by Avid in this case, granting in part the motion to compel production of the joint defense agreement. (*Power Mosfet Technology v St Microelectronics, et. al*., 2:cv168, Dkt. # 188.)

Both defendants timely filed objections and asked ". . . the Court to reconsider the October 30, 2000, Order and to deny PMT's motion to compel regarding Interrogatory No. 9 to ST, Inc. and PMT's motion to compel regarding the joint defense agreement." (Infineon's

---

[1] A copy of Judge Folsom's Order sustaining the objections, Dkt. No. 482, 2:99-CV-168, July 30, 2001, is attached as Exhibit A.

Motion for Reconsideration and Objections, Dkt. # 214, page 1; ST Microelectronics' Objections to Magistrate Judge's Order, Dkt. # 215). [2]

STMicroelectronics argued that communications among defense counsel were protected under the work product doctrine and that the magistrate's opinion misapplied the common-interest or "joint defense" doctrine. Judge Folsom sustained these objections, finding that the work-product doctrine was applicable to communications among defense counsel and that plaintiff had failed to show a substantial need for the information at issue (which include the joint defense agreement). (*See* Judge Folsom's Order, Ex. A.) Judge Folsom specifically denied both Power Mosfet's motion to compel production of the joint defense agreement (Dkt. # 108) and motion to compel a response to the interrogatory requesting identification of defendants' communications (Dkt. #132). Consequently, the defendants in *Power Mosfet* were **never** compelled to produce the text of their joint defense agreement or to identify communications between defendants' counsel.

The grounds under which Judge Folsom sustained defendants' objections in *Power Mosfet* apply here as well. Plaintiff has charged each defendant with patent infringement and so defendants should be able to cooperate in their common defense. Plaintiff has failed to establish any substantial need for the joint defense agreement, and its motion should be denied for the same reasons underlying Judge Folsom's order in *Power Mosfet.*

**B.     The Authority Cited By Defendants Is Consistent With Judge Folsom's Decision In *Power Mosfet***

---

[2] A copy of Defendant Infineon's Motion for Reconsideration of And Objection To Magistrate Judge's October 30, 2000 Order, Dkt. # 214, No. 2:99-CV-168, is attached as Exhibit B. A copy of STMicroelectronics, Inc.'s Objections to Magistrate Judge's October 30, 2000 Order, Dkt. # 215, 2:99-CV-168 is attached as Exhibit C.

Defendants criticize the cases cited by Defendant's on the grounds that they are from outside this district and that the magistrate judge's opinion in *Power Mosfet* was better reasoned. However, the reasoning underlying the cases cited by Defendant is entirely consistent with that underlying Judge Folsom's order in *Power Mosfet*. Consequently, Plaintiff's criticism of those cases is entirely misplaced.

### C. Plaintiff Has Raised No Question As To Defendants' Assertion of Privilege That Require Or Justify Its Motion To Compel

Plaintiff argues that production of the joint defense agreement would be helpful for it to determine how broadly or narrowly Defendants are construing the common interest privilege. However, Plaintiff has not raised any issue as to the "breadth" of any claim of privilege asserted by Defendants. Inquiry into Defendant's joint defense agreement is unjustified and unnecessary. As even the magistrate judge's opinion in *Power Mosfet* recognizes, defendants in a lawsuit may assert a valid claim of privilege, regardless of whether they enter a written agreement. *See* 206 F.R.D. 422, 425. Plaintiff's motion is simply an attempt to eviscerate defendants' ability to cooperate in defense of the charges it has asserted against defendants in this action.

### D. Conclusion

For the reasons set forth above and in Defendants response, Plaintiff's motion to compel should be denied.

Respectfully submitted,

By: _____
  Carl Roth
  State Bar No. 17312000
  Michael C. Smith
  State Bar No. 18650410

**THE ROTH LAW FIRM, P.C.**
115 North Wellington, Suite 200
P.O. Box 876
Marshall, Texas 75671
Telephone: (903) 935-1665
Facsimile: (903) 935-1797

**FOLEY & LARDNER LLP**
Brian McNamara, Esq.
George C. Beck, Esq.
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
Telephone: (202) 672-5300
Telecopier: (202) 672-5399

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 25th day of July, 2005.

Of Counsel