UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2:06-CV-72-DF |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| WELLS FARGO & COMPANY, et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT FIRST CITIZENS BANCSHARES, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant First Citizens BancShares, Inc. ("BancShares") moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss Plaintiff DataTreasury Corporation's claims against BancShares for lack of personal jurisdiction. BancShares is a non-resident holding company that conducts no business and sells no services or products in Texas. BancShares lacks the "minimum contacts" with Texas that the United States Constitution and other applicable laws require to justify the exercise of personal jurisdiction over a non-resident. Accordingly, all of the claims against BancShares must be dismissed.

## I.    PROCEDURAL BACKGROUND

On June 1, 2006, BancShares filed its first Motion to Dismiss for Lack of Personal Jurisdiction. (Docket Entry 84) DataTreasury Corporation ("DataTreasury") moved the Court to authorize jurisdictional discovery, (Docket Entry 213), which the Court granted in part. (Docket Entry 394) BancShares subsequently responded to DataTreasury's written discovery requests on jurisdictional issues and presented a corporate representative for deposition.

Dockets.Justia.co

On February 16, 2007, DataTreasury filed its supplemental response to BancShares' Motion to Dismiss and moved to compel the production of additional documents from BancShares related to jurisdictional discovery. (Docket Entry 522) Magistrate Judge Craven granted the motion in part, requiring BancShares to produce limited additional jurisdictional discovery in the form of certain corporate records. (Docket Entry 597) Following this ruling, the Court dismissed BancShares' Motion to Dismiss without prejudice to refiling the motion, or an Answer, within 30 days after "the conclusion of the new round of jurisdictional discovery." (Docket Entry 599 (March 22, 2007)) BancShares was required to provide the jurisdictional discovery by April 30, 2007. *See* Docket Entry 650 (Order extending BancShares' time to comply with the order requiring the production of certain corporate records). BancShares has complied with Magistrate Judge Craven's Order, and files this Motion to Dismiss for Lack of Personal Jurisdiction in a timely manner.

## II.    BACKGROUND

DataTreasury alleges that BancShares has been and is infringing United States Patents Nos. 5,910,988, 6,032,137, 5,265,007, and 5,717,868 (collectively, the "Asserted Patents") by "making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory [sic], and/or by inducement, without authority, products and services that fall within the scope of the claims of" the Asserted Patents. First Amended Complaint For Patent Infringement at ¶¶ 73, 77, 81, and 87.[1]

To support personal jurisdiction over BancShares, DataTreasury alleges that BancShares "does business in Texas"; has "sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within this [D]istrict"; engages in conduct

---

[1] By Order dated December 15, 2006, the Court stayed this matter as to United States Patents Nos. 5,910,988 and 6,032,137. (Docket Entry 397)

including "making, using, selling, offering to sell, and/or importing, directly, contributorily, and/or by inducement, infringing products and services within the State of Texas and within this [D]istrict"; has "provided services and sold products in this District separately and with or for other infringing companies which are or were Defendants in related pending litigation" in this District; engages in "infringing activities with relation to the products and services of Small Value Payments Co., LLC and The Clearing House Payments Company, LLC"; "operate[s] a nationwide check image archive and exchange service that operates in or through this District"; and has "authorized, participated in, or facilitated transactions occurring in whole or in part within this District that, in whole or in part, infringe" the Asserted Patents. *Id.* at ¶ 41, 60, 65.

DataTreasury's jurisdictional allegations are incorrect and unsupported. BancShares is a holding company that holds stock in a number of companies. Declaration of John Gray at ¶ 3, attached as Exhibit A. BancShares has not and does not, on behalf of itself, its subsidiaries, or any other persons or entities, offer for sale, sell, advertise or provide any document, receipt, or check imaging or processing services to any customers in Texas or elsewhere. *Id.* at ¶ 4. BancShares does not own any patents *Id.* at ¶ 5. BancShares has never engaged in any activities with respect to the products and services of Small Value Payments Co., LLC ("SVPCo") or The Clearing House Payments Company, LLC ("CHPCo"). *Id.* at ¶ 13. BancShares has never authorized, participated in, or facilitated transactions through any check image archive or exchange service operated by SVPCo or CHPCo. *Id.* at ¶14. BancShares does not own or operate any check image exchange program, nor has it ever entered into any contract with SVPCo or CHPCo related to any check image archive exchange service or anything else. *Id.* at ¶¶ 15 and 16.

Moreover, BancShares conducts no business in Texas and directs none of its activities toward residents of Texas. *Id.* at ¶ 12. BancShares is incorporated and organized under the laws of the State of Delaware, and maintains its principal place of business in Raleigh, North Carolina. *Id.* at ¶ 2. It does not maintain a place of business in Texas, nor has it ever maintained a place of business in Texas. *Id.* at ¶ 7. It is not licensed or otherwise authorized to do business in Texas, nor has it ever been licensed or otherwise authorized to do business in Texas. *Id.* at ¶ 8. It does not have assets, employees, or agents in Texas, nor has it ever had assets, employees, or agents in Texas. *Id.* at ¶ 9. BancShares does not manufacture goods, distribute products, or provide services in Texas. *Id.* at ¶ 10. Nor does it pay franchise or any other taxes to the State of Texas. *Id.* at ¶ 11. In short, BancShares conducts no business in Texas and directs none of its activities toward residents of Texas. *Id.* at ¶ 12.

As a holding company, BancShares holds stock in a number of companies. *Id.* at ¶ 3. But all of BancShares' subsidiaries – regardless of the use of "First Citizens" in their names – are separate and distinct from BancShares. BancShares has its own board of directors and officers. *Id.* at ¶ 6. BancShares maintains books and bank accounts separate from its subsidiaries. *Id.* Similarly, its subsidiaries maintain books and bank accounts separate from BancShares. *Id.* Furthermore, all of BancShares's operating subsidiaries operate with sufficient capital to conduct day-to-day operations. *Id.*

### III.    ARGUMENT

### DATATREASURY'S CLAIMS AGAINST BANCSHARES MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

A.    **DataTreasury Bears the Burden of Establishing Personal Jurisdiction.**

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of producing facts that support the existence of jurisdiction. *See McNutt v. General Motors*

*Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Patent Incentives, Inc. v. Seiko Epson Corp.*, No. 89-1087, 878 F.2d 1446, 1989 WL 59272, at *1 (Fed. Cir. June 7, 1989); *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996).[2]

**B.      Personal Jurisdiction Analysis Focuses on Due Process.**

Generally speaking, a plaintiff must make two showings to establish personal jurisdiction over a non-consenting, non-resident defendant. *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1269-70 (Fed. Cir. 1998). First, it must show that a statute makes the defendant amenable to process. *Id.* This determination typically turns on whether a state court in the forum at issue could assert jurisdiction over the defendant under the forum state's long-arm statute.

Second, maintenance of the suit in the forum at issue must be consistent with traditional notions of fair play and substantial justice embodied in the Due Process Clause of the United States Constitution. *Dainippon*, 142 at 1269-70; *International Shoe Co. v. Washington*, 326 U.S. 310, 316-20 (1945). The Due Process Clause poses two requirements for the proper assertion of personal jurisdiction: (1) the non-resident must have some "minimum contacts" with the forum that results from an affirmative act on its part such that the non-resident defendant could anticipate being haled into the courts of the forum state; and (2) it must be fair or reasonable to require the non-resident to defend a suit in the forum such that the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice. *International Shoe*, 326 U.S. at 316-20; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-77 (1985); *LSI Indus. Inc., v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1374-75 (Fed. Cir. 2000); *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999).

---

[2] In patent infringement cases, Federal Circuit law governs determinations of personal jurisdiction. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).

The Texas long-arm statute extends as far as the United States Constitution allows. *Tex. Civ. Prac. & Rem. Code Ann.* 17.042 (West 1997); *Gundle Lining Constr. Corp.*, 85 F.3d at 204. In this situation, the personal jurisdiction analysis folds into one question: whether the exercise of personal jurisdiction would violate the Due Process Clause of the United States Constitution. *See, e.g., HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998).

## C.    BancShares Does Not Have Minimum Contacts with Texas.

To establish "minimum contacts," DataTreasury must show that BancShares is subject to either specific jurisdiction or general jurisdiction. *LSI Indus.*, 232 F.3d at 1374-75; *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214-15 (5th Cir. 2000). In either case, DataTreasury must show that BancShares has purposefully directed activities at the forum or its residents. A defendant will not be haled into a jurisdiction solely as a result of "'random,' 'fortuitous,' or 'attenuated' contacts, . . . or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted).

### 1.    BancShares Has No Contacts with Texas to Support General Jurisdiction.

General jurisdiction exists when the non-resident's contacts with the forum state are "continuous and systematic," even if the cause of action has no relation to those contacts. *LSI Indus.*, 232 F.3d. at 1375; *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-416 (1984). The plaintiff must establish a substantial connection between the non-resident defendant and the forum state. *See, e.g., McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957).

BancShares does not have continuous and systematic contacts with Texas. BancShares is a Delaware corporation with its principal place of business in Raleigh, North Carolina. Exhibit A (Declaration of John Gray) at ¶ 2. BancShares does not maintain a place of business in Texas, nor has it ever maintained a place of business in Texas. *Id.* at ¶ 7. It is not licensed or otherwise

authorized to do business in Texas, nor has it ever been licensed or otherwise authorized to do business in Texas. *Id.* at ¶ 8. It does not have assets, employees, or agents in Texas, nor has it ever had assets, employees, or agents in Texas. *Id.* at ¶ 9. BancShares does not manufacture goods, distribute products, or provide services in Texas. *Id.* at ¶ 10. Nor does it pay franchise or any other taxes to the State of Texas. *Id.* at ¶ 11. In short, BancShares conducts no business in Texas and directs none of its activities toward residents of Texas. *Id.* at ¶ 12. BancShares thus lacks even "random," "fortuitous," or "attenuated" contacts with Texas, which, even if they existed, would still be insufficient to assert personal jurisdiction over the company. Moreover, DataTreasury cannot, under any circumstances, show that BancShares has had continuous and systematic contacts with Texas.

DataTreasury cannot rely on the activities of BancShares' subsidiaries to support jurisdiction over BancShares. Those subsidiaries are separate and distinct from BancShares. BancShares observes all corporate formalities. *Id.* at 6. It is hornbook law that facts relating to a holding company's subsidiaries cannot establish personal jurisdiction over the holding company itself. *See Phonometrics, Inc., v. Northern Telecom Inc.*, 133 F.3d 1459, 1463, 1468 (Fed. Cir. 1998); *Alpine*, 205 F.3d at 218 (noting that a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there and that the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 856 (5th Cir. 2000) (noting that so long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other); *Nutrition Physiology Corp. v. Enviros Ltd.*, 87 F. Supp. 2d 648, 653-7 (N.D. Tex. 2000)

(applying Federal Circuit law and granting motion to dismiss a parent company for lack of personal jurisdiction).

**2.    BancShares Has No Contacts with Texas to Support Specific Jurisdiction.**

Specific jurisdiction over a non-resident defendant exists when the defendant has purposefully directed its activities at the forum state and "the litigation results from alleged injuries that arise out of or relate to those activities." *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995) (quoting *Burger King*, 471 U.S. at 472). To determine if minimum contacts exist for specific jurisdiction, the Federal Circuit examines (1) whether the defendant purposefully directed its activities at residents of the forum, and (2) whether the plaintiff's claim arises out of or relates to those activities. *See 3D Systems, Inc.*, 160 F.3d at 1378.

As discussed, BancShares conducts no business in Texas and directs none of its activities toward residents of Texas. Exhibit A at ¶ 12. In particular, BancShares has not and does not, on behalf of itself, its subsidiaries, or any other persons or entities, offer for sale, sell, advertise or provide any document, receipt, or check imaging or processing services to any customers in Texas or elsewhere. *Id.* at ¶ 4.

Since BancShares does not provide any document, receipt, or check imaging or processing services to any customers, and since BancShares conducts no business at all in this jurisdiction, DataTreasury cannot show that BancShares purposefully directed its activities at Texas residents. DataTreasury's cause of action cannot arise out of BancShares's conduct in this forum because BancShares has not directed any activities at residents of this forum.

**D.    The Assertion of Jurisdiction Is Not Fair and Reasonable.**

Given the absence of both general and specific jurisdiction over BancShares in Texas, this Court need not consider whether the assertion of jurisdiction comports with traditional principles of fair play and substantial justice. *See Burger King*, 471 U.S. at 476; *Nutrition*

*Physiology Corp.*, 87 F. Supp. 2d at 651 ("Only if the nonresident defendant purposefully establishes minimum contacts with the forum state does the court consider whether maintenance of the suit comports with traditional notions of fair play and substantial justice."). For the reasons given above, however, there is nothing reasonable about haling BancShares – a Delaware corporation with no minimum contacts with Texas – into the Eastern District of Texas to confront a lawsuit.

## IV.    CONCLUSION

DataTreasury cannot establish that personal jurisdiction exists over BancShares in the Eastern District of Texas. As a result, this Court should dismiss DataTreasury's claims against BancShares.

Respectfully submitted,


/s/ Larry D. Carlson
Larry D. Carlson, Attorney-in-Charge
    Texas State Bar No. 03814500
    E-Mail: larry.carlson@bakerbotts.com
David O. Taylor
    Texas State Bar No. 24042010
    E-Mail: david.taylor@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

ATTORNEYS FOR DEFENDANT
FIRST CITIZENS BANCSHARES, INC.

## CERTIFICATE OF SERVICE

I certify that on the 30th day of May, 2007, all counsel who are deemed to have consented to electronic service are being served with a copy of this document by the Court's Electronic Filing System, pursuant to Local Rule CV-5(a)(3)(A).


/s/ Larry D. Carlson
Larry D. Carlson