IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | No. 2:06cv72 |
| | § | |
| WELLS FARGO & COMPANY, | § | Hon. David Folsom |
| WELLS FARGO BANK, NATIONAL | § | Hon. Caroline Craven |
| ASSOCIATION, et. al., | § | (Jury) |
|    *Defendants*. | § | |

**DATATREASURY CORPORATION'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL CITIZENS FINANCIAL GROUP, INC. TO PRODUCE ITS JOINT DEFENSE AGREEMENT**

## I. INTRODUCTION

In its Response, Defendant Citizens Financial Group, Inc. ("Citizens Financial") fails to establish the privileged nature of the Joint Defense Agreement ("JDA") at issue, and in fact cites case law that justifies production of the JDA rather than the withholding of it. For these reasons, as well as others, Defendant should be compelled to produce its JDA.

## II. ARGUMENT

### A. THE JOINT DEFENSE AGREEMENT SHOULD BE PRODUCED EVEN THOUGH IT MAY BE ANTICIPATED THE DEFENDANTS WOULD WORK TOGETHER

Defendant claims in its Response that the JDA should not be ordered produced because DataTreasury already knows that it is working with other Defendants in this case. This argument is a red herring, designed to shift the Court's focus from the true dispute. Nothing about the simple fact that Citizens Financial has joined forces with certain other banking behemoths to attack DataTreasury means that Defendant can now

- 1 -

claim a document is privileged when it is not. In fact, one of the cases cited by Defendant in its Response demonstrates this sound principle.

In *Trading Techs. Intern. v eSpeed*, 2007 US Dist LEXIS 32653 (N.D. Ill. May 1, 2007) – a case cited by Defendant in its Response – the Court recognized that defendants in a multi-defendant case may find it advantageous to team up for a joint defense. However, the Court went on to state as follows:

> "Plaintiff first seeks the identity of all participants in the joint defense group. **We have previously noted that should the joint defense agreement be memorialized in writing, defendants should produce a copy of the agreement to plaintiff.** If the agreement was made orally or informally, defendants need only produce to defendant a list of the participating members."

*Id.* at *12 (emphasis added). Thus, a case that Defendant has cited for its position that it should not have to produce the agreement itself actually states the exact opposite - the joint defense agreement should be produced. This logic is consistent with Plaintiff's argument that the agreement should be produced to show the potential bias of witnesses against DataTreasury and other reasons.

**B.   DEFENDANT HAS NOT MET ITS INITIAL BURDEN OF ESTABLISHING THE JOINT DEFENSE AGREEMENT ITSELF IS PRIVILEGED**

The party claiming a privilege must initially establish the applicability of the privilege. While a joint defense privilege may in fact exist, and may shield from production a number of Defendant's communications, Citizens Financial has simply not established that the JDA itself is a privileged document. The cases cited to by Defendant in its Response for that proposition have in fact been criticized for the very fact that they do not necessarily stand for the proposition that either the existence of or the terms of a JDA are privileged – the very argument Defendant used those cases for in its Response.

*See U.S. v Hsia*, 81 F. Supp. 2d 7, 11 n.3 (U.S. Dist. D.C.) (criticizing two of the cases cited by Defendant[1] and recognizing that those courts failed to provide any analysis for their reasoning). If Defendants are invoking a privilege to protect the JDA itself, then they – not DataTreasury – bear the burden of establishing the existence of the privilege and that the JDA itself is privileged. *See id*. Defendant has not met this burden, and in light of the conflicting authority on this very issue, Defendant cannot meet this burden. Defendant's failure to establish that the JDA itself is a privileged document renders the JDA discoverable and Defendants should be ordered to produce it to DataTreasury.

C.  **THE JOINT DEFENSE AGREEMENT IS RELEVANT**

The JDA is relevant in this matter. On page four of its Response, Citizens Financial suggests that Plaintiff must meet the threshold burden of establishing that the JDA is relevant, and Defendant cites a case that it contends stands for that proposition. The case cited by Defendant – *Broessel v. Triad Guaranty Ins. Corp.*, 238 F.R.D. 215, 218 (W.D. Ky. 2006) – offers no discussion of the arguments presented by the parties and simply makes the bald assertion that relevance of the JDA was not demonstrated on the facts presented to it. To the contrary, here DataTreasury has demonstrated numerous reasons that the JDA is relevant. First, bias of parties and witnesses is always relevant, and is a factor for the jury to consider when judging testimony at trial. Second, the relevance standard of F.R.C.P. 26 is broad and encompasses a situation just like this, where numerous Defendants work together not just in litigation but also in an industry controlled by a very few. Third, the JDA is relevant to show the extent that certain communications or activities between and among its signatories are not covered by the

---

[1] *United States v. Bicoastal Corp.*, 1992 U.S. Dist. LEXIS 21445, at *18 (N.D.N.Y. September 28, 1992) and *A.I. Credit Corp. v. Providence Washington Ins. Co.*, 1997 WL 231127 at *4 (S.D.N.Y. May 7, 1997)

JDA. Only by reviewing the text of the JDA can Plaintiff assess the discoverability of such non-covered communications and activities, if any, among certain defendants. When these factors are combined with the fact that a privilege is to be construed narrowly where possible because of its status as a hindrance to the truth seeking function of the Courts, it is clear that Defendant's assertion of a relevance objection to protect the JDA from production should not prevail.

DataTreasury is **not** seeking by this Motion production of communications that may be covered by a valid privilege. This Motion instead only seeks production of the JDA itself, which can be used to determine what the scope of the joint defense privilege is, to what extent communications are protected from disclosure, and importantly, to determine the bias of witnesses that DataTreasury will depose in this matter. Ordering production of the JDA now will prevent this same dispute from arising time and time again in this case.

### III.    CONCLUSION

For the foregoing reasons, DataTreasury requests that the Court Order Defendant Citizens Financial Group, Inc. to produce its Joint Defense Agreement within ten days. DataTreasury prays for any other relief to which it may be entitled.

Respectfully submitted,

/s/ ANTHONY BRUSTER
ANTHONY BRUSTER
State Bar No. 24036280
R. BENJAMIN KING
State Bar No. 24048592
C. CARY PATTERSON
State Bar No. 15587000
BRADY PADDOCK
State Bar No. 00791394

**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
Tel. (903)223-3999; Fax (903)223.8520

EDWARD L. HOHN, ATTORNEY IN CHARGE
State Bar No. 09813240
ROD A. COOPER
Texas Bar No. 90001628
EDWARD CHIN
State Bar No. 50511688
**NIX PATTERSON & ROACH L.L.P.**
Williams Square
5215 North O'Connor Blvd., Suite 1900
Irving, Texas 75039
Tel. (972)831-1188; Fax (972)444-0716
edhohn@nixlawfirm.com
edchin@nixlawfirm.com
rcooper@cooperiplaw.com

JOE KENDALL
Texas Bar No. 11260700
KARL RUPP
Texas Bar No. 24035243
**PROVOST UMPHREY, L.L.P.**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Tel. (214)744-3000; Fax (214) 744-3015
jkendall@provosthumphrey.com
krupp@provostumphrey.com

ERIC M. ALBRITTON
Texas Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Tel. (903)757-8449; Fax (903)758-7397
ema@emafirm.com

T. JOHN WARD JR.
Texas Bar No. 00794818
**THE LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231
Longview, Texas 75606
Tel. (903)757-6400; Fax (903) 757-2323

jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record who have consented to receive electronic service on this the 5th day of June, 2007.

    /s/ Anthony Bruster_____
    **ANTHONY BRUSTER**