UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DATATREASURY CORPORATION,** | 2:06-CV-72 DF |
| Plaintiff | |
| v. | |
| **WELLS FARGO & COMPANY, ET AL.,** | |
| Defendants | |

### DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007

All claims of U.S. Patent 5,265,007 ("the '007 Patent")[1] fail to meet the "definiteness" requirement of 35 U.S.C. § 112, ¶¶ 2 and 6, thus rendering the '007 Patent invalid as a matter of law. Accordingly, the Court should grant summary judgment on this patent now, at a point early enough in the case to spare both the Court and the parties the time and expense of arguing and deciding *Markman* issues for this patent. In short, summary judgment as to all claims of the '007 Patent is proper because:

- Section 112, ¶¶ 2 and 6 require that a patent provide descriptions of corresponding structure when, as here, means-plus-function claim terms are utilized;

- Federal Circuit law holds that the corresponding structure for a mean-plus-function software claim term is defined by the algorithms contained in the patent;

- The parties agree that all claims of the '007 patent include means-plus-function software-implemented claim terms; and

- The complete lack of algorithms in '007 Patent for these means-plus-function software claim terms requires a finding of invalidity with respect to all claims.

---

[1] The '007 Patent is attached as Exhibit A.

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007 – Page 1**

Accordingly, pursuant to Rule 56, Defendants Bank of America Corp. and Bank of America, N.A. (collectively "Bank of America") request the entry of judgment as a matter of law that the '007 Patent is invalid in its entirety for failure to meet the "definiteness" requirements of 35 U.S.C. § 112, ¶¶ 2 and 6.  Because all claims of the '007 Patent are invalid for indefiniteness, the Court's granting of this motion would obviate the need for the Court to hold a claim construction hearing as to the '007 Patent or pursue any further proceedings regarding the '007 Patent in this matter.

## I.      STATEMENT OF UNDISPUTED FACTS

A. The '007 Patent contains only two independent claims – Claim 1 and Claim 4.

B. The parties agree that Claim 1 of the '007 Patent includes at least five software claim terms that the parties agree are "means-plus-function" limitations subject to § 112, ¶ 6.

C. The parties agree that Claim 4 of the '007 Patent includes at least three software claim terms that that the parties agree are "means-plus-function" limitations subject to § 112, ¶ 6.

D. The '007 Patent does not include a flowchart.

E. The '007 Patent does not include mathematical equations.

F. The '007 Patent does not include source code.

## II.     ARGUMENTS AND AUTHORITIES

**A.  Summary Judgment Is Proper When All Claims of a Patent Are Invalid.**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when "there is no genuine issue as to any material fact" and "the moving party is

entitled to judgment as a matter of law."[2]  In patent cases, a determination of claim indefiniteness in means-plus-function claims presents a question of law for the Court.[3] An indefiniteness analysis of the claims requires neither discovery nor a trial; indeed, courts have specifically recognized that the issue lends itself to a summary adjudication.[4] Moreover, if even a single phrase or term renders a claim indefinite, that claim and every claim that depends on it are invalid as a matter of law.[5]  In other words, the Court may appropriately enter summary judgment against the plaintiff where the only independent claims of the '007 Patent are invalid as indefinite under 35 U.S.C. § 112, ¶ 2 because of a missing structure required under 35 U.S.C. § 112, ¶ 6.[6]

> **B.    Algorithms Are Required Structure for Means-Plus-Function Software-Implemented Claim Terms.**
>
> > 1.    *Where a Function of Means-Plus-Function Claim is to be Carried out by Software, Federal Circuit Law Requires Specific Disclosure of the Algorithm as Structure for Such Claims.*

Under 35 U.S.C. § 112, ¶ 6, "[a]n element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of the structure . . . in support thereof, and such claim shall be construed to cover the corresponding structure . . . described in the specification and equivalents thereof."  This provision allows patentees to draft claims in shorthand by employing means-plus-function language, but it requires "a patentee to clearly link or associate structure with the

---

[2]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[3]  *See Atmel Corp. v. Information Storage Devices*, 198 F.3d 1374, 1378 (Fed. Cir. 1999) (citing *Personalized Media Communications, LLC v. Int'l Trade Comm'n*, 161 F.3d 696, 705 (Fed. Cir. 1998)).
[4]  *See IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) (affirming the District Court's holding on summary judgment that the patent claim was invalid for being indefinite); *see also Datamize, LLC v. Plumtree Software, Inc.,* 417 F.3d 1342, 1347 (Fed. Cir. 2005); *Default Proof Credit Card Sys., Inc. v. Home Depot USA, Inc.,* 412 F.3d 1291, 1298 (Fed. Cir. 2005).
[5]  *See Datamize*, 417 F.3d at 1350-51.
[6]  *See Default Proof Credit Card System*, 412 F.3d at 1303 (Fed. Cir. 2005) (affirming summary judgment based on indefiniteness of a means-plus-function claim against a patentee).

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007 – Page 3**

claimed function [as] the quid pro quo" for using this shorthand method of claiming.[7] "Structure disclosed in the specification is corresponding structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim."[8] A failure to include the required structure in the patent renders the claim and any dependant claim indefinite and invalid under section 112.[9] This fatal omission is not correctable by extrinsic evidence or expert testimony, as the structure must be disclosed in the patent itself and cannot be subsequently supplied by one skilled in the art.[10]

When, as in this case, a means-plus-function claim term is a software claim term, it "is limited to the corresponding structure disclosed in the specification and equivalents thereof, and <u>the corresponding structure is the algorithm</u>."[11] An algorithm is a finite list of instructions for performing a required function. Accordingly, each step of the algorithm necessary to perform the claimed function must be precisely defined in the patent because the algorithm defines the structure corresponding to the claimed function – and the scope of the claimed invention.[12] For example, "[t]he <u>structure</u> of a

---

[7] *Medical Instrumentation and Diagnostics Corp. v. Elekta AB* ("MIDCO"), 344 F.3d 1205, 1211 (Fed. Cir. 2003).

[8] *Id.* at 1210 (internal quotations omitted); *see also Datamize*, 417 F.3d at 1347; *Chimie v. PPG Indus. Inc.*, 402 F.3d 1371, 1379 (Fed. Cir. 2005); *Honeywell Intl., Inc. v. Int'l Trade Commission*, 391 F.3d 1332, 1339 (Fed. Cir. 2003).

[9] *Id.* at 1211-12.

[10] *See Touchcom, Inc. v. Dresser, Inc.*, 427 F. Supp. 2d 730, 736 (E.D. Tex. 2005) (Ward, J.).

[11] *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1253 (Fed. Cir. 2005) (emphasis added); *see also Overhead Door Corp. v. Chamberlain Group, Inc.*, 194 F.3d 1261, 1273 (Fed. Cir. 1999). As defined by Newton's Telecom dictionary, such an algorithm would comprise "a prescribed finite set of well-defined rules or processes for the solution of a problem in a finite number of steps." Newton's Telecom Dictionary at 55 (19th ed. 2003). *See also WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1348-49 (Fed. Cir. 1999); *Tehrani v. Hamilton Medical Research Inc.*, 2003 WL 21360705, at *6 (Fed. Cir. June 13, 2003) (reversed and remanded to determine "the precise algorithm that is part of the recited structure"); *Harris Corp. v. Ericsson Inc.,* 417 F.3d 1241, 1253 (Fed. Cir. 2005).

[12] *See WMS Gaming, Inc. v. Int'l Game Tech.,* 184 F.3d 1339, 1348-49 (Fed. Cir. 1999); *Tehrani v. Hamilton Medical Inc.,* 2003 WL 21360705, at *6 (Fed. Cir. June 13, 2003) (reversed and remanded to determine "the precise algorithm that is part of the recited structure"); *Gobeli Research, Ltd. v. Apple Computer, Inc.*, 384 F. Supp 2d 1016, 1022-23 (E.D. Tex. 2005) (Ward, J.). Indeed, to do otherwise would allow means-plus-function claims to become an open-ended vehicle for claiming broad patent rights, which was not Congress' intent in allowing this short-hand claiming tool. *See MIDCO*, 344 F.3d at 1211.

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007 – Page 4**

microprocessor programmed to carry out an algorithm <u>is limited by the disclosed algorithm</u>."[13] Both the Federal Circuit and the Honorable T. John Ward of this district have made clear that when software means are linked to a claimed function, the structure for performing that function is limited to the algorithm, if any, disclosed in the patent specification.[14]

> 2.  *Federal Circuit and Eastern District Law Provides Algorithms are Disclosed in Only Four Ways—None of Which are Present Here.*

For means-plus-function software terms, such as those in the '007 Patent, sufficient algorithms teach the patent reader how to perform the particular function. An algorithm is a finite list of instructions for performing a function. As Judge Ward found in *Gobeli Research*, there are four accepted methods for disclosing such an algorithm in a patent:

- A mathematical equation or expression;
- Flowcharts;
- Actual source code; or
- Other detailed description of the algorithm in the patent specification.[15]

In this case, it is undisputed that the '007 Patent does not include mathematical equations or expressions, flowcharts or actual source code. Accordingly, in order to be valid under section 112, the '007 Patent must have a detailed description of the algorithm allowing the patent reader to create software that implements the described solution. Otherwise, the patent merely describes the problems without providing the solutions and is invalid as a matter of law.

---

[13] *WMS Gaming, Inc.*, 184 F.3d at 1348 (emphasis added).
[14] In *Gobeli Research*, 384 F. Supp. 2d at 1022-23, Judge Ward specifically recognized and followed this principle of law.
[15] *Gobeli Research, Ltd.*, 384 F. Supp. 2d 1016 at 1022-23; *see also Touchcom,* 427 F. Supp. 2d at 734-35 (Ward, J.).

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007 – Page 5**

Since the '007 Patent does not include any algorithms in its specification or prosecution history that are the corresponding structures for the claimed functions, the '007 Patent claims are invalid for indefiniteness. For example, Claim 4 of the '007 Patent recites "a programmed central processing unit including: means for calculating debits and credits . . . based on the value of instruments." To determine the algorithm for calculating the recited debits and credits, the '007 Patent specification only provides: "The switch may be an appropriately programmed digital computer having means for receipt and transmission of data **as well as further arithmetic or algorithmic means, to reconcile or calculate debits and credits.**"[16] While the '007 Patent generally mentions that there <u>can be</u> algorithms to perform this function, it does not in any way identify them. The failure to include an algorithm in the specification or prosecution history that is the corresponding structure for the claimed function invalidates the claim as a matter of law, making summary judgment appropriate.[17] As demonstrated in the following section, the '007 Patent fails to include any algorithms for each of the elements at issue, thus rendering all of its claims invalid as a matter of law.

---

[16] The '007 Patent, 6:11-15. The '007 Patent also mentions that a "clearing system is maintained by a central control means in which debits and credits owing from one member to another are calculated on a predetermined periodic basis without regard to Federal Reserve System district settlements." *Id*. at 2:32-37. The "central control means" is the "switch" or appropriately programmed digital computer that has the "algorithmic means." *See id*. at 6:9-14.

[17] *See Gobeli Research*, 384 F. Supp. 2d at 1023 ("Failure to provide the algorithm in the specification is fatal…."). In addition, the algorithm – the structure – cannot be pulled out of thin air nor can the patentee refer to a hypothetical person of skill in the art who could create software even absent an algorithm. As Judge Ward concluded in *Touchcom*, "[t]hat one of skill in the art could create structure sufficient to perform a function is not the inquiry" – the patent must disclose the actual software algorithm. *Touchcom,* 427 F. Supp. 2d at 736. Furthermore, the structure relied on must be clearly linked to the recited function. In this case, the specification merely mentions that "[s]oftware adapted to the system described herein may be devised by persons of skill in the financial programming computer arts." The specification, however, fails to identify the unspecified software as the structure corresponding to the function of calculating debits and credits in the manner specified in the claim. As Exhibit B (attached hereto) confirms, each of DataTreasury's means-plus-function terms fails to identify any software as the structure corresponding to any identified function. The '007 Patent's failure to clearly associate or link the alleged structure with the claimed function causes the claims to lack structure and renders them fatally indefinite. *MIDCO*, 344 F.3d at 1211-12; s*ee also Datamiz*e, 417 F.3d at 1347; *Chimie v. PPG Indus. Inc.*, 402 F.3d 1371, 1379 (Fed. Cir. 2005); *Honeywell Intl., Inc. v. Int'l Trade Commission*, 391 F.3d 1332, 1339 (Fed. Cir. 2003).

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007 – Page 6**

### C. The Eight Software Terms From Claims 1 and 4 of the '007 Patent Are Indefinite Because There Is No Supporting Structure.

The only two independent claims of the '007 Patent, Claim 1 and Claim 4, contain eight software claim terms. The parties agree that all of these software claim terms are governed by 35 U.S.C. § 112, ¶ 6 as mean-plus-function elements.[18] The parties likewise agree on the functions for four of the eight terms and, for purposes of this motion only, Bank of America adopts DataTreasury's proposed function for the remaining four terms. As more particularly developed below, the '007 Patent does not disclose any algorithms for any of these software claim terms thus rendering the patent indefinite and invalid as a matter of law. For the Court's convenience, the following chart lists the eight terms that DataTreasury agrees are subject to section 112, ¶ 6 and claim software-implemented functions:[19]

---

**Claim 1:**

1. *"means . . . for sending to and receiving from a central processing unit . . . information reporting in real time . . . (a) the value of the instruments transported; and (b) the transport status of the instruments"*

**Agreed Function:** Sending to and receiving from a central processing unit ...information reporting in real time in correspondence with the occurrence of an event (a) the value of the instruments transported; and (b) the transport status of the instruments with respect to their having been (i) sent and (ii) received.

**DTC's Corresponding Structure:** Electronic communications links, which may include conventional telephone links by modem connections and the like; ***and software***.[20]

---

2. *"means . . . for receiving from the central processing unit a calculated value . . . information regarding the debits and credits owing to or payable by an institution"*

**Agreed Function:** Receiving from the central processing unit a calculated value (a) on a real time basis and (b) on a regular periodic settlement basis, information regarding the debits and credits owing to or payable by an institution with respect to each other of the institutions with regard to instruments sent and received..

---

[18]   *See* Joint Claim Construction Statement, attached to this Motion as Exhibit C.
[19]   *See* Declaration of DeWayne Perry, attached to this Motion as Exhibit D.
[20]   Joint Claim Construction Statement, Exhibit C, page B4 (emphasis added).

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007 – Page 7**

| |
|---|
| **DTC's Corresponding Structure:** Accounting system; *related software*; electronic communications links.[21] |
| 3. *"means for continuous monitoring on a real time basis . . . (i) the sending and receipt status of the instruments and (ii) the value of the instruments"* <br><br> **Agreed Function:** Continuously monitoring on a real time basis . . . (i) the sending and receipt status of the instruments and (ii) the value of the instruments. <br><br> **DTC's Corresponding Structure:** A *conventional programmable computer or central processing unit . . .*, electronic communications links [Fig. 1], which may include conventional telephone links by modem connections and the like . . ., *and related software*.[22] |
| 4. *"means for calculating credits and debits, based on the value of the instruments sent and received by the institutions . . . (a) the amount owing from or payable to each one of the pre-selected institutions"* <br><br> **DTC's Proposed Function:** Calculating debits and credits among the participating members. <br><br> **DTC's Corresponding Structure:** *Software on a conventional programmable computer or central processing unit (CPU)*.[23] |
| 5. *"a cycling means interrelated with the central processing unit (a) for controlling the physical transport of the financial instruments among the institutions and (b) for controlling the means for calculating such that a final calculation of the debits and credits owing . . . does not occur until the pre-determined local settlement . . . .are completed"* <br><br> **Agreed Function:** Cycling interrelated with the central processing unit (a) for controlling the physical transport of the financial instruments among the institutions and (b) for controlling the means for calculating such that a final calculation . . . does not occur until predetermined local settlements . . . are completed. <br><br> **DTC's Corresponding Structure:** Rules and parameters regarding time scheduling where such rules and schedules *are interrelated with the central processing unit (CPU)*.[24] |

| |
|---|
| **Claim 4:** <br> 6. *"means for calculating debits and credits owing from or payable (1) to one member to another member and (2) from or to one member to all other members, based upon the value of instruments reported by a participant as having been sent and received"* <br><br> **Agreed Function:** Calculating debits and credits among the participating members. <br><br> **DTC's Corresponding Structure:** *Software on a conventional programmable computer or central processing unit (CPU)*.[25] |

---

[21]  Joint Claim Construction Statement, Exhibit C, page B7 (emphasis added).
[22]  Joint Claim Construction Statement, Exhibit C, pages B9-B10 (emphasis added).
[23]  Joint Claim Construction Statement, Exhibit C, page B11 (emphasis added).
[24]  Joint Claim Construction Statement , Exhibit C, pages B12-B13 (emphasis added).
[25]  Joint Claim Construction Statement, Exhibit C, page B17 (emphasis added).

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007 – Page 8**

> 7. *"means for receiving and recording a participant's reports of the value and transit status of the instruments to be cleared as having been sent and received with respect to all participants in the system"*
>
> **Agreed Function:** Receiving and recording a participant's report of the value and transit status of the instruments to be cleared as having been sent and received with respect to all participants in the system.
>
> **DTC's Corresponding Structure:** *Software* associated with an accounting system *running on the central processing unit (CPU).*[26]

> 8. *"means for monitoring on a real time as reported basis (1) the actual sending from and receipt by a participant of the value of the instruments being cleared . . . , and the sending from and receipt by a participant of the actual instruments being cleared"*
>
> **Agreed Function:** Monitoring on a real time as reported basis.
>
> **DTC's Corresponding Structure:** *Software* associated with *a conventional programmable computer or central processing unit* [Fig. 1 (CPU)] operably interconnected with *software* associated with the *accounting system on the CPU*.[27]

1. *The eight "means-plus-function" software claim terms are indefinite because there is no algorithm disclosed to perform the corresponding functions.*

Since the parties agree that section 112, ¶ 6 applies to the eight claim terms in independent Claims 1 and 4, the Court must examine the specification to identify the structure corresponding to the agreed-to[28] functions. As the structure for each of these claim terms indisputably involves software, the Court must also determine the specific computer algorithm, if any, disclosed in the specification for performing the claimed function or the claims are otherwise invalid.[29]

Even a cursory review of the '007 Patent reveals a complete dearth of mathematical equations, source code, or software flow charts. Similarly, nowhere in the

---

[26] Joint Claim Construction Statement, Exhibit C, pages B17-B18 (emphasis added).
[27] Joint Claim Construction Statement, Exhibit C, page B18 (emphasis added).
[28] Solely for purposes of this Motion, Bank of America adopts the functions proposed by DataTreasury that have not previously been agreed upon.
[29] *See Harris Corp.*, 417 F.3d at 1253 (restricting computer-implemented means-plus-function terms to the algorithm disclosed in the specification); *see also WMS Gaming*, 184 F.3d at 1348-49 (enumerating each step of the disclosed algorithm); *Tehrani*, 2003 WL 21360705, at *6 (courts required to "determine the precise algorithm that is part of the recited structure"); *Gobeli Research, Ltd.,* 384 F. Supp. 2d at 1022-24.

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007** – Page 9

'007 Patent is there any detailed description or discussion of any algorithm for implementing the functions DataTreasury contends are implemented via software. DataTreasury simply cannot direct the Court to a disclosure of any of the four acceptable forms of a required algorithm necessary for performing any of the functions. In direct contravention of section 112, ¶ 6, nowhere within the four corners of the '007 Patent can one find, a "precise algorithm that is part of the recited structure."[30]   Thus, the '007 Patent is invalid.

While DataTreasury may point to the labeled CPU in FIG. 1 as "structure," DataTreasury cannot delineate the structure or the specific algorithm describing how the software function is performed. Particularly, a CPU is not the "specific algorithm" required as structure for computer-implemented "means-plus-function" terms.[31] Beyond the label, the CPU merely presents a meaningless picture on FIG. 1 – a lettered box without structure, algorithms, or any other indication of how it performs the recited functions. Even more importantly, the "CPU" as the "means" structure makes no sense in light of the claim language. For example,

- Claim 1 recites "a <u>central processing unit</u> … including (1) <u>means</u> for continuous monitoring on a real time basis".[32]

Finding that the CPU (or central processing unit) is the corresponding structure for these means terms results in plainly absurd claim limitations:

- Claim 1 recites "a <u>central processing unit</u> … including (1) <u>[a central processing unit]</u> for continuous monitoring on a real time basis".[33]

This was recognized by Judge Ward in *Gobeli Research*: "Plaintiff states that the structure associated with the claimed function is 'a microprocessor running a procedure

---

[30] *Tehrani*, 2003 WL 21360705, at *6.
[31] *See WMS Gaming*, 184 F.3d at 1348-49 (rejecting the argument that corresponding structure was merely "an algorithm executed by a computer," and holding instead that it was limited to the specific algorithm disclosed in the specification).
[32] The '007 Patent, Col. 8 (emphasis added).
[33] *Id.*

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007 – Page 10**

call that sets aside resources, such as a memory area.' This construction, however, does not set forth any algorithm for reciting the function. Instead, that construction attempts to adopt the type of structure that was specifically overturned in *WMS Gaming*."[34] In short, only the specific software structure – the algorithm – can tell the patent reader how to perform these functions; however, these necessary algorithms are completely absent from the '007 Patent.

Accordingly, each of the eight software claim terms of the '007 Patent are invalid because the '007 Patent provides no algorithms (the required structure) of any kind for performing the particular functions claimed in the patent. Although the failure of any one of these key elements in Claims 1 and 4 (five in Claim 1 and three in Claim 4) results in fatal defects in the claims,[35] the indefiniteness of *all eight* software claim terms presents this Court with eight independent reasons to remove the '007 Patent from this case in its entirety.[36]

### 2. *DataTreasury Cannot Rely on Alleged Disclosures of Structure that Are Not Clearly Linked to the Recited Functions at Issue.*

Though the '007 Patent is truly bereft of any disclosure or discussion of any algorithms whatsoever, DataTreasury's claim construction attempts to cobble together a patchwork of bits and pieces of the '007 Patent's specification in a desperate attempt to save the patent's ill-fated claims. Such efforts are improper as the law is straightforward and does not allow an after-the-fact, lawyer-created patchwork to suffice as structure. As stated above, section 112 requires that the structure of a means-plus-function term be clearly linked in the patent to the recited function.[37] As a review of the structures

---

[34] *Gobeli Research, Ltd.,* 384 F. Supp. 2d at 1023-24.
[35] *See Datamize*, 417 F.3d at 1347; *see also Touchcom*, 427 F. Supp. 2d at 736-37.
[36] *See Atmel Corp.,* 198 F.3d at 1382 (holding "fulfillment of the § 112 ¶ 6 tradeoff cannot be satisfied when there is a total omission of structure. There must be structure in the specification."). *See also In re Dossel,* 115 F.3d 942, 945-46 (Fed. Cir. 1997) (holding that if the Court's inquiry reveals no such corresponding structure, the claim is invalid for failure to satisfy the definiteness requirement of section 112).
[37] *See* discussion *supra* note 17.

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007 – Page 11**

proposed by DataTreasury shows, there is no statement at all—much less a clear one—linking the unspecified software to the functions claimed. Therefore, statements in the '007 Patent specification relied on by DataTreasury will not support the claims. Accordingly, the missing linkage between functions and DataTreasury's proposed structure in the '007 Patent likewise compels a finding of invalidity for indefiniteness.

### 3. *DataTreasury Cannot Save the '007 Patent by Extrinsic Evidence or Expert Testimony.*

As a matter of law, extrinsic evidence — including expert testimony — will not cure the fatal defects of indefiniteness in the '007 Patent. DataTreasury cannot offer any evidence or otherwise supplement the '007 patent with expert testimony — as it is settled law that "the testimony of one of ordinary skill in the art *cannot supplant the total absence of structure from the specification*."[38] Because extrinsic evidence is inappropriate here, additional discovery likewise would not aid the Court in deciding this issue.[39] The search for structure to carry out the claimed function is limited to the four corners of the patent itself – a fruitless search in this case. Accordingly, the Court should find the '007 Patent invalid in its entirety due to indefiniteness under 35 U.S.C. § 112, ¶ 6 and must disregard any attempt by DataTreasury to rescue the patent through evidence external to the patent itself.

## III.   CONCLUSION

The Court should invalidate the only independent claims of the '007 Patent, Claims 1 and 4, and the remaining claims of the patent that depend on those claims, under 35 U.S.C. § 112, ¶¶ 2 and 6. Because the '007 Patent includes no algorithms – and therefore no structure corresponding to <u>any</u> of the eight key computer/software

---

[38] *Default Proof Credit Card System.,* 412 F.3d at 1302 (emphasis added); *see also Touchcom,* 427 F. Supp. 2d at 736 ("It is the patentee's burden to clearly link and associate corresponding structure with the claimed function. That one of skill in the art could create structure sufficient to perform a function is not the inquiry.")

[39] *See Touchcom,* 427 F. Supp. 2d at 736.

implemented means-plus-function terms in those claims, as required by the Federal Circuit and the previous decisions of this District, it is wholly invalid. The '007 Patent lacks any description of the algorithms necessary to perform the recited functions associated with each of these eight elements, and nothing can remedy this fatal flaw. There are no figures, mathematical equations, flowcharts, or any other disclosure sufficient to identify the required algorithms. Thus summary judgment is required. Furthermore, the '007 Patent contains no clear linkage between DataTreasury's proposed structures and the corresponding claim functions, a second fatal defect warranting summary judgment.

Accordingly, Bank of America respectfully requests that this Court enter summary judgment finding all claims of the '007 Patent invalid as a matter of law and enter judgment for Bank of America as to the '007 Patent.

|  |  |
|---|---|
| Dated: June 8, 2007 | Respectfully submitted,<br><br>FISH & RICHARDSON P.C.<br><br><br>By: /s/Thomas M. Melsheimer<br>Thomas M. Melsheimer<br>Texas Bar No. 13922550<br>1717 Main Street<br>Suite 5000<br>Dallas, TX  75201<br>214-747-5070 (Telephone)<br>214-747-2091 (Telecopy)<br><br>Robert E. Hillman<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA  02110-2804<br>617-542-5070 (Telephone)<br>617-542-8906 (Telecopy)<br><br>Robert M. Parker<br>Robert Christopher Bunt<br>Parker & Bunt, P.C.<br>100 E. Ferguson, Suite 1114<br>Tyler, Texas 75702<br>903-531-3535 (Telephone)<br>903-533-9687 (Telecopy)<br><br>Michael E. Jones<br>Texas Bar No. 10929400<br>E. Glenn Thames, Jr.<br>Texas Bar No. 00785097<br>Potter Minton<br>500 Plaza Tower<br>110 North College, Suite 500<br>Tyler, TX  75702<br><br>Counsel for Defendants<br>BANK OF AMERICA CORPORATION,<br>BANK OF AMERICA, NATIONAL ASSOCIATION |

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM
INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007 – Page 14**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 8, 2007 to all counsel of record pursuant to the Court's CM/ECF system.

                                          /s/ Jordan T. Fowles
                                          Jordan T. Fowles

90226173.doc