### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **DATATREASURY CORPORATION,** | |
| **Plaintiff** | |
| **v.** | **2:06-CV-72 DF** |
| **WELLS FARGO & COMPANY, et al.** | |
| **Defendants** | |

### JOINT CLAIM CONSTRUCTION AND PREHEARING
### STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3

Pursuant to the Court's Second Amended Docket Control Order, the Parties[1] hereby submit this Joint Claim Construction and Prehearing Statement in compliance with Patent Rule 4-3. Each Defendant joins this Joint Claim Construction and Prehearing Statement solely with respect to those terms found in claims asserted against it. The Parties expressly reserve the right to modify this Joint Claim Construction Statement should the Court issue any relevant claim construction rulings between now and the Markman hearing scheduled for September 24, 2007.

### I.    P.R. 4-3(a)

Pursuant to P.R. 4-3(a), the Parties present the agreed construction of the claim terms, phrases, or clauses, contained in **Exhibit A**.

---

[1] First Citizens Bancshares, Inc., HSBC North America Holdings Inc., and Union BanCal Corporation join this Statement subject to, and without waiver of, their lack of personal jurisdiction defenses.



Dockets.Justia.com

## II.    P.R. 4-3(b)

Pursuant to P.R. 4-3(b), the Parties present the disputed constructions of the following claim terms, phrases, or clauses, contained in **Exhibit B** (the "'007 Patent"), **Exhibit C** (the "'868 Patent"), **Exhibit D** (the "'759 Patent"), and **Exhibit E** (the "'778 Patent"). **Exhibits B thru E** include citations to example intrinsic and extrinsic evidence asserted to support the parties' respective claim constructions. For brevity, terms and phrases are defined only once, where they first appear. For purposes of presenting the disputed constructions in **Exhibits B thru E**, the Defendants' constructions are placed in the following groups:

### *"Defendant Group 1":*

Bank of America Corporation
Bank of America, National Association
Bank of Tokyo-Mitsubishi UFJ, LTD
BB&T Corporation
Branch Banking and Trust Company
Citizens Financial Group, Inc.
City National Bank
City National Corporation
Comerica Bank & Trust, National Association
Comerica Incorporated
Deutsche Bank Trust Company Americas
First Citizens Bancshares, Inc.
First Citizens Bank & Trust Company
First Data Corporation
HSBC Bank USA, National Association
HSBC North America Holdings Inc.
Lasalle Bank Corporation
Lasalle Bank, National Association
M&T Bank
M&T Bank Corporation
National City Bank
National City Corporation
Remitco, LLC
Telecheck Services, Inc.
The Bank of New York
The Bank of New York Co, Inc.
The Clearing House Payments Company, L.L.C.

U.S. Bancorp
U.S. Bank, National Association
UBS Americas, Inc.
Union Bank of California, National Association
UnionBanCal Corporation
Wachovia Bank, National Association
Wachovia Corporation

*"Defendant Group 2":*

KeyBank, National Association
KeyCorp
PNC Bank, National Association
PNC Financial Services Group, Inc.

The parties expressly reserve the right to modify this identification of intrinsic and extrinsic evidence, including the right to cite additional evidence not identified herein, to support their respective claim constructions.

**III.    P.R. 4-3(c)**

The Court's Second Amended Docket Control Order has designated 4 hours for each side to present at the Claim Construction Hearing on September 24, 2007, with the hearing to continue September 25th if necessary.  No Party currently proposes to change the Court's Scheduling Order.

**IV.    P.R. 4-3(d)**

Pursuant to P.R. 4-3(d), the parties state as follows:

**A.**    Terry Geer and David James may testify at the Claim Construction Hearing as to the various structural embodiments representing certain means-for applications.

**B.**    If required or helpful to the Court, "Defendant Group 1" proposes to call Dr. Dewayne E. Perry as an expert witness providing testimony for the construction of the means-plus-function claim terms for which he is identified below.  Dr Perry may be

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH
PATENT RULE 4-3 – Page 3

called on to explain the technology, the states-of-the-art at the time the patent application

was filed and/or issued, the meaning of claim terms as they would be understood by those

of ordinary skill in the art at the time of the invention, the proper construction of various

claim terms in light of the intrinsic and extrinsic evidence, and the level of ordinary skill

in the relevant art. Dr. Perry may also be called if required or helpful to the Court as a

rebuttal witness to testimony provided by Plaintiff at the Claim Construction Hearing.

Dr. Perry may testify to the lack of corresponding structure sufficient to perform the

claimed function(s). Specifically, with respect to the "means-plus-function" terms that

recite a computer-implemented function(s), Dr. Perry may provide testimony supporting

the following:

- The identified "means-plus-function" claim terms recite a computer-implemented function(s) which require a CPU, a microprocessor, a programmed computer, and/or software to perform it/them.

- It is well known in the art that a stand-alone processor or CPU could not perform the functions in the identified "means-plus-function" claim terms without associated software and/or programming.

- For each identified "means-plus-function" term, the patent does not provide a flowchart, mathematical equations, source code, or detailed descriptions in the specification that could constitute an algorithm for performing the functions of any of the computer-implemented means-plus-function limitations.

"Defendant Group 1" reserves the right to call Mr. Karl Sammons if required or

helpful to the Court as a rebuttal witness to testimony provided by Plaintiff at the Claim

Construction Hearing. Mr. Sammons may be called on to explain the technology, the

states-of-the-art at the time the patent application was filed, the meaning of claim terms

as they would be understood by those of ordinary skill in the art at the time of the

invention, the proper construction of various claim terms in light of the intrinsic and

extrinsic evidence, and the level of ordinary skill in the relevant art.

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH
PATENT RULE 4-3 – Page 4

**C.**    "Defendant Group 2" does not intend to call any witnesses. "Defendant Group 2" reserves the right to rely on the testimony of witnesses offered by other parties in this case or related cases in support of its claim constructions.

**V.    P.R. 4-3(e)**

Pursuant to P.R. 4-3(e), the parties state as follows:

**A.**    Plaintiff foresees no need for a prehearing conference on claim construction issues, other than for limiting the number of terms for construction at the Markman hearing.

**B.**    At present, "Defendant Group 1" is unaware of any additional issues which might require the scheduling of a prehearing conference. If such issues later arise, "Defendant Group 1" will inform the Court and the parties involved and propose dates for a prehearing conference.

**C.**    At present, "Defendant Group 2" is unaware of any additional issues which might require the scheduling of a prehearing conference. If such issues later arise, "Defendant Group 2" will inform the Court and the parties involved and propose dates for a prehearing conference.

Dated:  April 13, 2007                         Respectfully submitted,

By:  */s/ Thomas M. Melsheimer* by           By:  */s/ Thomas M. Melsheimer*
permission on behalf of the Plaintiff:

                                             Thomas M. Melsheimer
Edward L. Von Hohn, Attorney in Charge       Texas Bar No. 13922550
State Bar No. 09813240                       FISH & RICHARDSON P.C.
Rod Cooper                                   1717 Main Street
State Bar No. 90001628                       Suite 5000
Edward Chin                                  Dallas, TX  75201
State Bar No. 50511688                       214-747-5070 (Telephone)
NIX PATTERSON & ROACH LLP                    214-747-2091 (Telecopy)
5215 N. O'Connor Blvd. Ste. 1900
Irving, Texas 75039                          Robert E. Hillman
972.831.1188 (telephone)                     FISH & RICHARDSON P.C.
972.692.5445 (facsimile)                     225 Franklin Street
edhohn@nixlawfirm.com                        Boston, MA  02110-2804
rodcooper@nixlawfirm.com                     617-542-5070 (Telephone)
edchin@nixlawfirm.com                        617-542-8906 (Telecopy)

C. Cary Patterson                            Robert M. Parker
State Bar No. 15587000                       Robert Christopher Bunt
Brady Paddock                                PARKER & BUNT, P.C.
State Bar No. 00791394                       100 E. Ferguson, Suite 1114
Anthony Bruster                              Tyler, Texas 75702
State Bar No. 24036280                       903-531-3535 (Telephone)
R. Benjamin King                             903-533-9687 (Telecopy)
State Bar No. 24048592
NIX PATTERSON & ROACH L.L.P.                 Michael E. Jones
2900 St. Michael Drive, Suite 500            Texas Bar No. 10929400
Texarkana, Texas 75503                       E. Glenn Thames, Jr.
903.223.3999 (telephone)                     Texas Bar No. 00785097
903.223.8520 (facsimile)                     POTTER MINTON
akbruster@nixlawfirm.com                     500 Plaza Tower
bpaddock@nixlawfirm.com                      110 North College, Suite 500
benking@nixlawfirm.com                       Tyler, TX  75702

                                             **ATTORNEYS FOR DEFENDANTS**
Joe Kendall                                  **BANK OF AMERICA CORPORATION,**
State Bar No. 11260700                        **BANK OF AMERICA, NATIONAL**
Karl Rupp                                    **ASSOCIATION**
State Bar No. 24035243
PROVOST * UMPHREY, L.L.P.                     By:*/s/ Thomas M. Melsheimer* by permission
3232 McKinney Avenue, Ste. 700               on behalf of the following counsel:
Dallas, Texas 75204
214.744.3000 (telephone)                     Danielle Williams
                                             KILPATRICK STOCKTON LLP
                                             1001 West Fourth Street
                                             Winston-Salem, NC  27101

                                             Bill Boice

214.744.3015 (facsimile)
jkendall@provostumphrey.com
krupp@provostumphrey.com

Eric M. Albritton
State Bar ;No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com

T. John Ward, Jr.
State Bar No. 00794818
LAW OFFICE OF T. JOHN WARD, JR.
P.O. Box 1231
Longview, Texas 75601
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**

Audra Dial
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530

Kenneth Godlewski
Stephen Baskin
KILPATRICK STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC  20005-2018

**ATTORNEYS FOR DEFENDANTS
BB&T CORPORATION, BRANCH
BANKING & TRUST CO., COMERICA
BANK & TRUST, N.A., COMERICA,
INC., M&T BANK, M&T
CORPORATION, WACHOVIA
CORPORATION, WACHOVIA BANK,
N.A.**

Raymond Sweigart
Jack Barufka
Scott Pivnick
PILLSBURY WINTHROP SHAW
PITTMAN LLP
1650 Tysons Blvd.
McLean, VA  22102-4859

**ATTORNEYS FOR DEFENDANTS
BANK OF NEW YORK CO., INC., THE
BANK OF NEW YORK, UNION BANK
OF CALIFORNIA, N.A.,
UNIONBANCAL CORPORATION**

David L. Ward, Jr.
Donalt J.Eglinton
WARD AND SMITH, P.A.
1001 College Court
New Bern, NC  28562

Larry Carlson
David Taylor
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980

**ATTORNEYS FOR DEFENDANTS
FIRST CITIZENS BANCSHARES, INC.,
FIRST CITIZENS BANK & TRUST CO.**

James H. Carter
James T. Williams
Jane Jaang
SULLIVAN & CROMWELL LLP

125 Broad Street
New York, New York 10004-2493

**ATTORNEYS FOR DEFENDANTS
THE CLEARINGHOUSE PAYMENTS
CO., L.L.C. F/K/A
SMALL VALUE PAYMENTS CO.,
L.L.C.**

Glen Boudreaux
Tim Leonard
Edward J. Nicholas
BOUDREAUX LEONARD HAMMOND
CURCIO
2 Houston Center
909 Fannin Street, Suite 2350
Houston, TX 77010

**ATTORNEYS FOR DEFENDANTS
HSBC NORTH AMERICA HOLDINGS,
INC., HSBC BANK USA, N.A.**

Irah Donner
WILMER, CUTLER, PICKERING, HALE
& DORR
399 Park Ave.
New York, NY 10022

**ATTORNEY FOR DEFENDANTS
HSBC NORTH AMERICA HOLDINGS,
INC., HSBC BANK USA, N.A.**

Sam Baxter
Lead Attorney
Texas Bar No. 01938000
sbaxter@mckoolsmith.com
McKOOL SMITH, P.C.
505 East Travis Street, Suite 105
Marshall, Texas 75670
903-927-2111 (Telephone)
903-927-2622 (Telecopy)

Theodore Stevenson, III
Texas Bar No. 19196650
tstevenson@mckoolsmith.com
L. David Anderson
Texas Bar No. 00796126
danderson@mckoolsmith.com
McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
214-978-4000 (Telephone)
214-978-4044 (Telecopy)

Peter J. Ayers
Texas Bar No. 24009882
payers@mckoolsmith.com
Geoffrey L. Smith
Texas Bar No. 24041939
gsmith@mckoolsmith.com
McKOOL SMITH P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
512-692-8700 (Telephone)
512-692-8744 (Telecopy)

**ATTORNEYS FOR DEFENDANTS PNC
FINANCIAL SERVICES GROUP, INC.,
PNC BANK NATIONAL
ASSOCIATION, KEYCORP, AND
KEYBANK NA**

Theodore Stevenson, III
Lead Attorney
Texas Bar No. 19196650
tstevenson@mckoolsmith.com
Garret W. Chambers
Texas Bar No. 00792160
gchambers@mckoolsmith.com
L. David Anderson
Texas Bar No. 00796126
danderson@mckoolsmith.com
McKOOL SMITH, P.C
300 Crescent Court, Suite 1500
Dallas, TX 75201
214-978-4000 (Telephone)
214-978-4044 (Telecopy)

Peter J. Ayers
Texas Bar No. 24009882
payers@mckoolsmith.com
Geoffrey L. Smith
Texas Bar No. 24041939
gsmith@mckoolsmith.com
McKOOL SMITH P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
512-692-8700 (Telephone)
512-692-8744 (Telecopy)

**COUNSEL FOR FIRST DATA
CORPORATION, TELECHECK
SERVICES, INC.;REMITCO, LLC,
DEUTSCHE BANK TRUST COMPANY
AMERICAS, BANK OF TOKYO-
MITSUBISHI UFJ, LTD.**

Edward G. Poplawski (Pro Hac Vice)

EPoplaws@Sidley.com
Jeffrey A. Finn (Pro Hac Vice)
JFinn@Sidley.com
Carissa A. Tener (Pro Hac Vice)
CTener@Sidley.com
SIDLEY AUSTIN L.L.P.
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
213-896-6000 (Telephone)
213-896-6600 (Telecopy)

Sidney Calvin Capshaw, III
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 20401960
Elizabeth L. DeRieux
State Bar No. 05770585
Brown McCarroll
1127 Judson Road, Suite 220
Longview, TX 75601
P.O. Box 3999
Longview, TX 75606-3999
903-236-9800
Fax: 903-236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com
ederieux@mailbmc.com

**COUNSEL FOR LASALLE BANK
CORPORATION AND LASALLE BANK
NA**

Jerry L. Beane
Texas Bar No. 01966000
jerrybeane@andrewskurth.com
Gerald C. Conley
Texas Bar No. 04664200
geraldconley@andrewskurth.com
Kay Lynn Brumbaugh
Texas Bar No. 00785152
kaylynnbrumbaugh@andrewskurth.com
Tonya M. Gray
Texas Bar No. 24012726
tonyagray@andrewskurth.com
ANDRWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, TX 75201
214-659-4400 (Telephone)
214-659-4401 (Telecopy)

**ATTORNEYS FOR DEFENDANTS
COMPASS BANCSHARES, INC. AND
COMPASS BANK,
FIRST HORIZON NATIONAL**

CORPORATION
FIRST TENNESSEE BANK, N.A.

William L. LaFuze
Texas Bar No. 11792500
wlafuze@velaw.com
D. Ferguson McNiel
Texas Bar No. 13830300
fmcniel@velaw.com
VINSON & ELKINS LLP
2300 First City Tower
1001 Fannin St.
Houston, TX 77002
713-758-2595 (Telephone)
713-615-5017 (Telecopy)

Scott W. Breedlove
Texas Bar No. 00790361
sbreedlove@velaw.dom
VINSON & ELKINS LLP
3700 Trammell Crow Center
2001 Ross Ave.
Dallas, TX 75201-2975
214-220-7700 (Telephone)
214-220-7716 (Telecopy)

Harry Lee Gillam, Jr.
Texas Bar No. 07921800
gil@gillamsmithlaw.com
Melissa Richards Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
110 South Bolivar, Suite 204
Marshall, TX 75670
903-934-8450 (Telephone)
903-934-9257 (Telecopy)

**ATTORNEYS FOR
UBS AMERICAS, INC.**

Edward G. Poplawski (Pro Hac Vice)
EPoplaws@Sidley.com
Jeffrey A. Finn (Pro Hac Vice)
JFinn@Sidley.com
Carissa A. Tener (Pro Hac Vice)
CTener@Sidley.com
SIDLEY AUSTIN L.L.P.
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
213-896-6000 (Telephone)
213-896-6600 (Telecopy)

Kurt M. Sauer

DAFFER MCDANIEL
The Chase Building
700 Lavaca, Suite 720
Austin, TX  78701-3119

Sidney Calvin Capshaw, III
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 20401960
Elizabeth L. DeRieux
State Bar No. 05770585
Brown McCarroll
1127 Judson Road, Suite 220
Longview, TX  75601
P.O. Box 3999
Longview, TX 75606-3999
903-236-9800
Fax: 903-236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com
ederieux@mailbmc.com

**ATTORNEYS FOR
CITY NATIONAL BANK
CITY NATIONAL CORP.**

Melvin R. Wilcox, III
mrw@smeadlaw.com
SMEAD, ANDERSON & DUNN LLP
2110 Horseshoe Lane
P.O. Box 3343
Longview, TX  75606
903-232-1892 (Telephone)
903-232-1881 (Telecopy)

Of Counsel:
John J. Feldhaus
jfeldhaus@foley.com
Anthony H. Son
ason@foley.com
FOLEY & LARDNER LLP
3000 K Street, N.W.
Washington, DC  20007
202-672-5300 (Telephone)

**ATTORNEYS FOR
U.S. BANCORP, U.S. BANK,
NATIONAL ASSOCIATION,
NATIONAL CITY CORPORATION
AND NATIONAL CITY BANK, ZIONS
BANCORPORATION AND ZIONS
FIRST NATIONAL BANK**

John H. McDowell, Jr.

john.mcdowell@hughesluce.com
Greg Perrone
gregory.perrone@hughesluce.com
HUGHES & LUCE LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
214-939-5413 (Telephone)
214-939-5849 (Telecopy)

**ATTORNEYS FOR
BANCORPSOUTH, INC., AND
BANCORPSOUTH BANK**

Jeffrey Standley
jstandley@standleyllp.com
STANDLEY LAW GROUP LLP
495 Metro Place South, Suite 210
Dublin, OH 43017
614-792-5555 (Telephone)
614-792-5536 (Telecopy)

Claude Welch
cwelch@consolidated.net
115 W. Shepherd Ave.
Lufkin, TX 75904-3808
936-639-3311 (Telephone)
936-639-3049 (Telecopy)

**ATTORNEYS FOR
CITIZENS FINANCIAL GROUP, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 13, 2007, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Tim K. Brown
Tim K. Brown

90219375.doc

# EXHIBIT A

*DataTreasury Corporation v. Wells Fargo & Company, et al.*
P.R. 4-3(a) AGREED CONSTRUCTIONS

## '007 Patent

| Claim Term | Agreed Construction |
|---|---|
| **Claim 1** | |
| The "means for sending" includes a further means-plus-function limitation of "means for physically transporting the instruments from an institution at one site to each other of the institutions at the other sites" subject to 35 U.S.C. § 112(6) | <u>Function:</u> Physically transporting the instruments from an institution at one site to each other of the institutions at the other sites.<br><br><u>Corresponding Structure:</u> Air and/or ground transportation. |
| "financial instrument" | A document in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, coupons. |
| "within" | Inside. |

## '868 Patent

| Claim Term | Agreed Construction |
|---|---|
| **Claim 1** | |
| "financial instrument" | A document in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, coupons. |

EXHIBIT A TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page A1

| Claim 2 | |
|---|---|
| "identifying information" | Data contained in the data file that identifies the originating or receiving institution. |

## '759 Patent

| Claim Term | Agreed Construction |
|---|---|
| **Claim 1** | |
| "financial instrument" | A document in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, coupons. |
| "parameters determined by the payee's collecting and clearing bank" | Standards set by the payee's collecting and clearing bank for submitting financial instruments into the payment system. |
| "check payment system" | The system by which checks are collected and cleared among banks.  The check payment system includes institutions such as the Federal Reserve Banks, correspondent banks, The National Clearinghouse Association and like mechanisms. |
| "sorter" | A machine well-known in the industry for sorting instruments into discrete groups. |
| "cash letters" | A listing of checks and the amounts of the checks drawn on a particular institution or group of institutions in a particular area. |

| "discrete groups" | Separate groups that are determined by predetermined sort patterns and/or instructions from the payee's collecting and clearing bank. |
|---|---|
| **Claim 11** | |
| "parameters determined by the bank of subsequent deposit" | Standards set by the bank of subsequent deposit for submitting financial instruments into the payment system. |
| "bank of first deposit" | The payee's depository bank. |

**'778 Patent**

| Claim 1 | Agreed Construction |
|---|---|
| "financial instrument" | A document in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, coupons. |
| "routing information" | Information that ensures proper routing through the payment system. |
| "sorter" | A machine well-known in the industry for sorting instruments into discrete groups. |
| "payment stub identifier" | A form or invoice containing relevant information about the identity of the payor and the purpose of the payment to the payee. |

EXHIBIT A TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page A3

| | |
|---|---|
| "in accordance with predetermined criteria established by the bank" | According to criteria established in advance by the bank. |
| "process control instructions" | Commands to control communication between the payee, the depository bank, and the payment system. |
| "controller for controlling and coordinating transmissions" | A central control/processor unit coordinates and synchronizes communications. |
| "associating said bundles with electronic cash letter information" | Electronic information, the equivalent of a cash letter, is included with each electronic bundle. |
| "unique record" | Record generated by adding document identifiers and routing information to the first information record of each instrument. |
| **Claim 5** | |
| "coordinating the delivery of the instruments and cash letters into the payment system" | Controlling the process of the delivery of instruments and cash letters into the payment system. |
| "payment form" | A payment stub or invoice containing information about the payor's account with the payee, or an order form or the like containing relevant information about the identity of the payor and the purpose of the payment, which usually accompany instruments sent by payor. |
| "coordinating the transmissions of information" | A central control/processor unit coordinates and synchronizes communications. |

**EXHIBIT A TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page A4**

# EXHIBIT B

*DataTreasury Corporation v. Wells Fargo & Company, et al.*

P.R. 4-3(b) PARTIES DISPUTED CONSTRUCTIONS FOR U.S. PATENT NO. 5,265,007

| No. | '007 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction | Defendant Group 2 Construction | Defendant Group 3 Construction |
|---|---|---|---|---|---|
| | **Claim 1**[2] | | | | |
| 1. | Preamble should be construed as limiting | Preamble is not limiting and the language in preamble does not need to be construed. *See, e.g.* Catalina Mktg. Int'l Inc. v. Coolsavirgs.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | Preamble contains limiting terms, including term(s) requiring construction(s). | | |
| 2. | "pre-selected financial institutions" "pre-selected institutions" "participants" (Claim 4)[3] | Plaintiff construes *"pre-selected financial institutions"* and *"pre-selected institutions"* to be "Financial institutions which have previously been selected to be members of or participants in the central check clearing system or a local clearinghouse as to clearing the financial instrument." Plaintiff construes *"participants"* to be "members of the clearinghouse association." **Intrinsic Evidence:** | Financial institutions that have been previously chosen to be direct participants in a central check clearing system other than the Federal Reserve System. **Intrinsic Evidence:** (2:28-32); (3:21-28); (4:22-40); (5:26-45); (6:25-51); Language of Claim 1 and 4; FIG. 1; Amendment (Dec. 8, 1992) at 9; Amendment (Jan. 2, 1992) at 3 **Extrinsic Evidence:** | Members of a centralized clearinghouse association that settle financial transactions with each other, each located in a specific and exclusive geographical region. **Intrinsic Evidence:** Col. 2:28-32; Col. 2:66-Col. 3:3; Col. 3: 21-28; Col. 4:22-40; Col. 5:26-45; Col. 6:25-59; Fig. 1; Amendment, pp. 2-3 (May 29, 1991); Amendment, pp. 2-3 (Jan. 2, 1992); Amendment, pp. 8-9 (Dec. 8, 1992). | |

---

[2] For brevity, terms and phrases are defined only once, where they first appear.

[3] The terms that share common constructions are grouped together. Terms located in different claims are annotated with the claim number where the claim is found. Plaintiff opposes the grouping of claim terms from different claims and notes its objection for the Court.

**EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page B1**

| No. | "'007 Claim Terms for Construction" | Plaintiff Construction | Defendant Group 1 Construction | Defendant Group 2 Construction |
|---|---|---|---|---|
| | | '007 Patent at 1:44-52; 2:30-37; 2:66-3:7; 3:24-28; 5:13-18; 7-34-38; 10:25<br><br>Extrinsic Evidence:<br><br>Webster's Encyclopedic Unabridged Dictionary of the English Language, Random House, Inc., p. 1138 (1994) (defining "preselect" as "to select in advance; choose beforehand.") (Exhibit F).<br><br>Plaintiff's construction for 'participants" (Claim 4) is as follows: | "preselect" Webster's Encyclopedic Unabridged Dictionary of the English Language, Random House, Inc. (1994) – "to select in advance; choose beforehand." | |
| 3. | "preselected site" | This language is in the preamble and does not need to be construed.<br><br>Alternatively, Plaintiff's construction is:<br><br>The instrument processing location of a participating institution. | The specific and exclusive geographical region of a financial institution that has been previously chosen to be a direct participant in a central check clearing system other than the Federal Reserve System.<br><br>Intrinsic Evidence:<br><br>(2:28-32); (3:21-28); (4:22-40); (4:41-49); (5:10-25); (5:26-45); (6:25-51); (7:1-13); Language of Claims 1 and 4; *Objects of the Invention*; FIG 1; Amendment (May 29, 1991) at 3; Amendment (Jan. 2, 1992) at 3-4; Amendment (Dec. 8, 1992) at 9<br><br>Extrinsic Evidence:<br><br>"preselect" Webster's Encyclopedic Unabridged Dictionary of the English Language, Random House, Inc. | A place within a specific and exclusive geographical region.<br><br>Intrinsic Evidence:<br>Col. 1:44–Col. 2:16; Col. 2:28-32; Col. 2:66–Col. 3:3; Col. 3:21-28; Col. 4:22-49; Col. 5:10-25; Col. 5:26-45; Col. 6:25-59; Col. 7:1-13; Fig. 1;<br>Amendment, pp. 2-3 (May 29, 1991); Amendment, pp. 2-3 (Jan. 2, 1992); Amendment, pp. 8-9 (Dec. 8, 1992). |

EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page B2

| No. | '007 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | | | (1994) – "to select in advance; choose beforehand." | |
| | | | "*site*," The Oxford English Dictionary (2d ed. 1989) – "2. a. the situation or position of a place, town, building, etc., esp. with reference to the surrounding district or locality." | |
| 4. | "means within each of the pre-selected institutions...for sending and receiving the instruments, said means for sending including means for physically transporting the instruments from an institution at one site to each other of the institutions at the other sites, said means for receiving including means for physically accepting the instruments transported from the other institutions" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Sending and receiving the instruments. <br><br> Corresponding Structure: Air or ground transportation and a pre-selected institution's physical facility. <br><br> Intrinsic Evidence <br><br> '007 Patent, at Fig. 1; Col. 6:22-24; and potentially the file history. | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Sending and receiving the instruments. <br><br> Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. <br><br> Extrinsic Evidence: <br><br> Testimony from Dr. Perry. | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Sending and receiving the instruments. <br><br> Corresponding Structure: The structure disclosed in the specification of the '007 patent that corresponds to this element is the structure disclosed in the specification for the "means for physically transporting instruments..." and the "means for physically accepting the instruments..." if any. |
| 5. | The "means for receiving" includes a further means-plus-function limitation of "means for receiving including means for physically accepting the instruments transported from the other institutions" subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Sending and receiving the instruments. <br><br> Corresponding Structure: Air or ground transportation and a pre-selected institution's physical facility. <br><br> Intrinsic Evidence | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Physically accepting the instruments transported from other institutions. <br><br> Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Physically accepting the instruments transported from the other institutions. <br><br> Corresponding Structure: The specification of the '007 patent does not disclose structure sufficient to perform the recited function. |

EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page B3

| No. | '007 Claim Term for Construction | Plaintiff Construction | Defendant Group 1 Construction | Defendant Group 2 Construction |
|---|---|---|---|---|
| | | '007 Patent, at Fig. 1; Col. 6:22-24; and potentially the file history. | | |
| 6. | "means within each of the pre-selected institutions….for sending to and receiving from a central processing unit connected to each institution information reporting in real time in correspondence with the occurrence of an event (a) the value of the instruments transported; and (b) the transport status of the instruments with respect to their having been (i) sent and (ii) received" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending to and receiving from a central processing unit connected to each institution information reporting in real time in correspondence with the occurrence of an event (a) the value of the instruments transported; and (b) the transport status of the instruments with respect to their having been (i) sent and (ii) received<br><br>Corresponding Structure: Electronic communications links, which may include conventional telephone links by modem connections and the like, and software.<br><br>Intrinsic Evidence<br><br>'007 Patent, at Fig. 1 Col. 6:22-24, and potentially the file history. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function:  Sending to and receiving from a central processing unit connected to each institution information reporting in real time in correspondence with the occurrence of an event (a) the value of the instruments transported; and (b) the transport status of the instruments with respect to their having been sent and received.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence:<br><br>(6:20-22); Amendment After Final Office Action (May 6, 1993) at 8<br><br>Extrinsic Evidence:<br><br>Testimony from Dr. Perry. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending to and receiving from a central processing unit connected to each institution information reporting in real time in correspondence with the occurrence of an event (a) the value of the instruments transported; and (b) the transport status of the instruments with respect to their having been (i) sent and (ii) received.<br><br>Corresponding Structure: The specification of the '007 patent does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence:<br>Col. 6:20-24; Amendment After Final Action, p. 8 (May 5, 1993). |
| 7. | "central processing unit" | A conventional programmable computer.<br><br>Intrinsic Evidence | A single central processing unit, connected to all originating and receiving institutions and through which all data files are transmitted.<br><br>Intrinsic Evidence: | A single master conventional programmable computer.<br><br>Intrinsic Evidence:<br>Fig. 1; Col. 1:62-66; Col.2:1-7; Col. 6:9-22; Amendment, pp. 2-3 (May 15, |

**EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page B4**

| No. | '007 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | | | '007 Patent, at Col. 9:1-2; 9:10; 1:62-66; 6:11-16. | (1:62-68); (2:22-23); (5:66); (6:11-22); (7:15-17); FIG 1; The language of Claims 1 and 4; Amendment (Dec. 8, 1992) at 9; Amendment (May 15, 1991) at 2; Amendment (May 29, 1991) at 2; Amendment (May 29, 1991) at 2; Amendment (May 14, 1992) at 8-9; Amendment (May 6, 1993) at 8, 12<br><br>Extrinsic Evidence:<br><br>*"processor"*, Academic Press Dictionary of Science and Technology (1993) – "a device that interprets and executes instructions."<br><br>*"centralized data processing"*, The New Webster's Comprehensive Dictionary CD-11 (1985) – "the handling of all data in one place." | 1991); Amendment, pp. 2-3 (May 29, 1991); Amendment, pp. 2-3 (Jan. 2, 1992); Request for Consideration of Amendment, pp. 8-9 (May 14, 1992); Amendment, pp. 8-9 (Dec. 8, 1992); Amendment After Final Action, p. 8, 12 (May 5, 1993). |
| 8. | "real time"<br><br>"in real time" | The actual time during which something takes place.<br><br>Intrinsic Evidence<br><br>'007 Patent, at Col. 2:40, 6:60-64; 7:14-34.<br><br>Extrinsic Evidence:<br><br>Merriam Webster Online Dictionary at http://www.mw.com/dictionary/realtime (defining "*real time*" as "the actual time during which something takes place"). | Instantaneous, instantaneously.<br><br>Intrinsic Evidence:<br><br>(1:65-2:8); (2:32-50); (3:29-42); (4:1-10); (6:1-11); (6:9-24); (6:25-27); (6:52-56); (6:55-66); (7:14-31); Amendment (June 29, 1993) at 8-9<br><br>Extrinsic Evidence:<br><br>"*real time*", The Random House Handbook of Business Terms (1988) – "See *interactive processing*"; | Immediate; immediately.<br><br>Intrinsic Evidence:<br><br>Col. 1:66-2:7; Col. 2:32-50; Col. 3:29-42; Col. 3:67-Col. 4:10; Col. 5:63-Col.6:34; Col. 6:52-66; Col. 7:14-31; Amendment, p. 11 (Dec 8, 1992); Amendment, pp. 8-9 (June 29, 1993).<br><br>Extrinsic Evidence:<br><br>Webster's Encyclopedic Unabridged Dictionary, (1996); International Dictionary of Data Communications |

**EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page B5**

| No. | "007" Claim Terms for Construction | Plaintiff Construction | Defendant Group 1's Construction | Defendant Group 2's Construction |
|---|---|---|---|---|
| | | | *"interactive processing"* – "also called real time. Immediate and instantaneous processing of data entered in a computer, such that the operator need not wait until a batch is collected." <br><br> *"real time"*, Random House Webster's Unabridged Dictionary (2d ed. 1998) – "at once, instantaneously." | (1998); Random House Webster's Computer and Internet Dictionary, 3rd Ed. (1999). |
| 9. | "real time in correspondence with the occurrence of an event" | The actual time during which something takes place. <br><br> Intrinsic Evidence: <br><br> '007 Patent, at Col. 2:40, 6:60-64; 7:14-34. <br><br> Extrinsic Evidence: <br><br> Merriam Webster Online Dictionary at http://www.mw.com/dictionary/realtime (defining *"real time"* as "the actual time during which something takes place"). | Instantaneous in correspondence with the occurrence of the physical sending and receiving of the financial instruments. <br><br> Intrinsic Evidence: <br><br> (1:65-2:8); (2:32-50); (3:29-42); (4:1-10); (5:63-66); (6:1-11); (6:9-24); (6:25-27); (6:52-56); (6:55-66); (7:14-31); Amendment (June 29, 1993) at 8-9; Amendment (Dec 8, 1992) at 11 <br><br> Extrinsic Evidence: <br><br> *"real time"*, The Random House Handbook of Business Terms (1988) – See *"interactive processing"*; *"interactive processing"* – "also called real time. Immediate and instantaneous processing of data entered in a computer, such that the operator need not wait until a batch is collected." <br><br> *"real time"*, Random House | Immediately when the instruments are sent and received. <br><br> Intrinsic Evidence: <br><br> Col. 1:66-2:7; Col. 2:32-50; Col. 3:29-42; Col. 3:67-Col. 4:10; Col. 5:63-Col.6:34; Col. 6:52-66; Col. 7:14-31; Amendment, p. 11 (Dec 8, 1992); Amendment, pp. 8-9 (June 29, 1993). <br><br> Extrinsic Evidence: <br><br> Webster's Encyclopedic Unabridged Dictionary, (1996); International Dictionary of Data Communications (1996); Random House Webster's Computer and Internet Dictionary, 3rd Ed. (1999). |

| No. | "'007 Claim Term for Construction" | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| 10. | "value of the instruments transported" <br><br> "the value of the instruments sent and received" | The construed phrase should be just "value of the instruments" as that appears several times in Claim 1. The construction should be "the total dollar amount of the financial instruments being delivered." <br><br> **Intrinsic Evidence:** <br><br> '007 Patent, at Col. 2:32-50. | Does not need to be construed separately. | The aggregate total dollar amount of the financial instruments physically sent and received. <br><br> **Intrinsic Evidence:** <br><br> Col.5:17-22; Col. 5:63-Col.6:34. |
| 11. | "means within each of the pre-selected institutions... for receiving from the central processing unit a calculated value (a) on a real time basis and (b) on a regular periodic settlement basis, information regarding the debits and credits owing to or payable by an institution with respect to each other of the institutions with regard to instruments sent and received" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Receiving from the central processing unit a calculated value (a) on a real time basis and (b) on a regular periodic settlement basis, information regarding the debits and credits owing to or payable by an institution with respect to each other of the institutions with regard to instruments sent and received. <br><br> Corresponding Structure: Accounting system; related software; electronic communications links. <br><br> **Intrinsic Evidence:** <br><br> 007 Patent, at Fig. 1; Col. 3:35-39, 5:25, 4:50; 6:20-24; possibly the file history. | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Receiving from the central processing unit a calculated value (a) on a real time basis and (b) on a regular periodic settlement basis, information regarding the debits and credits owing to or payable by an institution with respect to each other of the institutions with regard to instruments sent and received. <br><br> Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. <br><br> **Intrinsic Evidence:** <br><br> (6:20-24); Amendment After Final Office Action (May 6, 1993) at 8 | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Receiving from the central processing unit a calculated value (a) on a real time basis and (b) on a regular periodic settlement basis, information regarding the debits and credits owing to or payable by an institution with respect to each other of the institutions with regard to instruments sent and received. <br><br> Corresponding Structure: The specification of the '007 patent does not disclose structure sufficient to perform the recited function. <br><br> **Intrinsic Evidence:** <br><br> Col. 6:20-24; Amendment After Final Action, p. 8 (May 5, 1993). |

Webster's Unabridged Dictionary (2d ed. 1998) – "at once, instantaneously."

**EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page B7**

| No. | '107 Claim Term(s) & Construction | Plaintiff Construction | Defendant Group 1's Construction |
|---|---|---|---|
| 12. | "settlement" | Settlement of credit and debit balances between institutions. <br><br> Intrinsic Evidence: <br><br> Abstract; 2:9-16; 2:32-39, 2:47-49; 3:5-9. | A calculation and transfer of amounts owed and payable between financial institutions. <br><br> Intrinsic Evidence: <br><br> (1:10-19); (2:9-17); (2:31-54); (3:5-16); (3:29-54); (4:10-14); (4:30-40); Amendment (May 29, 1991) at 5; Amendment (Jan. 2, 1992) at 2; Amendment (Dec. 8, 1992) at 10 <br><br> Extrinsic Evidence: <br><br> "settlement", Dictionary of Banking Terms (Barron's 1990) – "the accounting process recording the respective debit and credit positions of the two parties involved in a transfer of funds." | A calculation and transfer of amounts owed to and payable between and among financial institutions. <br><br> Intrinsic Evidence: <br><br> Col. 1:10-19; Col. 2:9-17; Col. 2:32-54; Col.3:5-16; Col. 3:29-54; Col.4:10-14; Col. 4:22-40; Col.6:16-20; Fig. 1; Amendment, p. 5 (May 29, 1991); Amendment, pp. 2-4 (Jan 2, 1992); Amendment, pp. 9-10 (Dec 8, 1992). <br><br> Extrinsic Evidence: <br><br> Dictionary of Banking (1994). |
| | | Extrinsic Evidence: <br><br> Testimony of Terry L. Geer Testimony of David James | Extrinsic Evidence: <br><br> Testimony from Dr. Perry. | |
| 13. | "regular periodic settlement" <br><br> (This term has been shortened from previously identified "regular periodic settlement basis") <br><br> "final settlement" (Claim 4)[4] | DTC construes "regular periodic settlement" to be "settlement of credit and debit balances between institutions at predetermined time intervals." <br><br> DTC construes "final settlement" to be "final settlement of credit and debit | A final calculation and transfer of amounts owed to and payable between direct participants in the central check clearing system occurring at pre-determined time intervals. <br><br> Intrinsic Evidence: | Settlement occurring at pre-determined time intervals. <br><br> Intrinsic Evidence: <br><br> Col. 1:10-19; Col. 1:62-66; Col. 2:9-17; Col. 2:32-54; Col.3:5-16; Col. 3:29-54; Col.4:10-14; Col. 4:22-40; Col.6:7-20; |

[4] The terms that share common constructions are grouped together. Terms located in different claims are annotated with the claim number where the claim is found. Plaintiff opposes the grouping of claim terms from different claims and notes its objection for the Court.

| No. | UTI Claim Terms to Construction | Plaintiff Construction | "Defendant Group1" Construction | "Defendant Group2" Construction |
|---|---|---|---|---|
| | | balances between institutions." | (1:10-19); (1:62-68); (2:9-17); (2:31-54); (3:5-16); (3:29-54); (4:10-14); (4:22-40); (4:30-40); (6:7-20); Language of Claims 1 and 4; FIG 1; Amendment (Dec. 8, 1992) at 9; Amendment (Jan. 2, 1992) at 2-4; Amendment (May 29, 1991) at 5; Amendment (Dec. 8, 1992) at 10 | Fig. 1; Amendment, p. 5 (May 29, 1991); Amendment, pp. 2-4 (Jan 2, 1992); Amendment, pp. 9-10 (Dec 8, 1992). |
| | | **Intrinsic Evidence:** | | **Extrinsic Evidence:** |
| | | '007 Patent, at Abstract Col. 2:9-16; 2:32-39; 2:47-49 | **Extrinsic Evidence:** | Dictionary of Banking (1994). |
| | | | *"settlement"*, Dictionary of Banking Terms (Barron's 1990) – "the accounting process recording the respective debit and credit positions of the two parties involved in a transfer of funds." | |
| 14. | "means for continuous monitoring on a real time basis, as reported by each institution by the means for sending information within each institution (a) (i) the sending and receipt status of the instruments and (ii) the value of the instruments sent and received, as reported by each of the institutions, and (b) the status in transit of the instruments with respect to their having been (i) sent and (ii) received, as reported by each of the institutions, according to the reporting of an institution's | This term should be construed under 35 U.S.C. § 112(6). Function: Continuously monitoring on a real time basis, as reported by each institution by the means for sending information within each institution (a) (i) the sending and receipt status of the instruments and (ii) the value of the instruments sent and received, as reported by each of the institutions, and (b) the status in transit of the instruments with respect to their having been (i) sent and (ii) received, as reported by each of the institutions, according to the reporting of an institution's sending and receiving of | This term should be construed under 35 U.S.C. § 112(6). Function: Continuously monitoring on a real time basis, as reported by each institution by the means for sending information within each institution (a) (i) the sending and receipt status of the instruments and (ii) the value of the instruments sent and received, as reported by each of the institutions, and (b) the status in transit of the instruments with respect to their having been (i) sent and (ii) received, as reported by each of the institutions, according to the reporting of an institution's | This term should be construed under 35 U.S.C. § 112(6). Function: Continuous monitoring on a real time basis, as reported by each institution by the means for sending information within each institution: (a) (i) the sending and receipt status of the instruments and (ii) the value of the instruments sent and received, as reported by each of the institutions, and (b) the status in transit of the instruments with respect to their having been (i) sent and (ii) received, as reported by each of the institutions, according to the reporting of an institution's sending and receiving of |

EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page **B9**

| No. | '007 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | sending and receiving of instruments," is in means-plus-function format subject to 35 U.S.C. § 112(6) | instruments. <br><br> Corresponding Structure: <br> A conventional programmable computer or central processing unit [1:62-65; Fig. 1 (CPU)], electronic communications links [Fig. 1], which may include conventional telephone links by modem connections and the like [6:22-24], and related software <br><br> Intrinsic Evidence: <br> '007 Patent, at Fig. 1 <br> Col. 1:62-65 ; 2:39-45 ; 6:9-14; 6:22-24; 6:61-64 ; 7:14-20 <br><br> Extrinsic Evidence: <br><br> Testimony of Terry L. Geer <br> Testimony of David James | sending and receiving of instruments. <br><br> Corresponding Structure: <br> Specification does not disclose structure sufficient to perform the recited function. <br><br> Intrinsic Evidence: <br> (1:62-66); (6:11-22) <br><br> Extrinsic Evidence: <br><br> Testimony from Dr. Perry. | instruments. <br><br> Corresponding Structure: The specification of the '007 patent does not disclose structure sufficient to perform the recited function. <br><br> Intrinsic Evidence: <br><br> Col. 1:62-66; Col. 2:32-50; Col. 6:9-24; Col. 6:60-66; Col. 7:14-31; Fig. 1. |
| 15. | "the sending and receipt status of the instruments" | Information about the sending and receipt status of the instruments. <br><br> Or, alternatively, <br><br> Information about whether the instruments have been sent or received. <br><br> Intrinsic Evidence: <br><br> 2:5; 2:37-39; 4:15-22; 5:60-65; 6:25-27; 8:9-15 | Does not need to be construed separately. | Information about whether the instruments have been physically sent and received. <br><br> Intrinsic Evidence: <br><br> Col. 1:66-2:8; Col. 2:32-50; Col. 3:18-20; Col. 4:15-37; Col.5:61-66; Col.6:25-27; Col. 6:60-64; Amendment, pp. 12-13 (Dec. 8, 1992). |
| 16. | "the status in transit of the instruments" | Information about transport of financial instruments sent and | Does not need to be construed separately. | Electronic tracking information that can be used to identify the location of the |

EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page B10

| No. | "'007 Claim Terms for Construction" | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | | received by the pre-selected financial institutions.<br><br>Intrinsic Evidence:<br><br>2:37-39; 4:15-22; 5:60-65; 6:25-27; 8:9-15 | | instruments in real time.<br><br>Intrinsic Evidence:<br><br>Col. 1:66-2:8; Col. 2:32-50; Col. 3:18-20; Col. 4:15-37; Col.5:61-66; Col.6:25-27; Col. 6:60-64; Amendment, pp. 12-13 (Dec. 8, 1992). |
| 17. | "means for calculating debits and credits, based on the value of the instruments sent and received by the institutions, as monitored on a real time basis from information reported by the institutions, of (a) the amount owing from or payable to each one of the pre-selected institutions with respect to each of the other institutions and (b) an aggregate amount owing from or payable to each one of the pre-selected institutions with respect to all of the other institutions" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Calculating debits and credits among the participating members.<br><br>Corresponding Structure: Software on a conventional programmable computer or central processing unit (CPU).<br><br>Intrinsic Evidence:<br><br>'007 Patent, Fig. 1<br>Col. 1:62-65; 2:39-49; 6:20-22; 6:11-16<br><br>Extrinsic Evidence:<br><br>Testimony of Terry L. Geer<br>Testimony of David James | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Calculating debits and credits, based on the value of the instruments sent and received by the institutions, as monitored on a real time basis from information reported by the institutions, of (a) the amount owing from or payable to each one of the pre-selected institutions with respect to each of the other institutions and (b) an aggregate amount owing from or payable to each one of the pre-selected institutions with respect to all of the other institutions.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence:<br><br>(1:62-66); (6:11-22); (6:20-22); FIG 1<br><br>Extrinsic Evidence:<br><br>Testimony from Dr. Perry. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Calculating debits and credits, based on the value of the instruments sent and received by the institutions, as monitored on a real time basis from information reported by the institutions, of (a) the amount owing from or payable to each one of the other institutions and (b) an aggregate amount owing from or payable to each one of the pre-selected institutions with respect to all of the other institutions.<br><br>Corresponding Structure: The specification of the '007 patent does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence:<br><br>Col. 1:62-66; Col. 2:9-12; Col. 2:32-50; Col. 6:11-22; Fig. 1. |

EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page B11

| No. | '007 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction | Defendant Group 2 Construction |
|---|---|---|---|---|
| 18. | "means for sending to each institution the information monitored with respect to instruments sent to an institution and the value of such instruments" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending to each institution the information monitored with respect to the instruments sent to an institution and the value of such instruments.<br><br>Corresponding Structure: Electronic communications links, which may include conventional telephone links by modem connections and the like.<br><br>Intrinsic Evidence:<br><br>'007 Patent, at Fig. 1; Col. 6:22-24; potentially the file history. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending to each institution the information monitored with respect to instruments sent to an institution and the value of such instruments.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence:<br><br>(6:20-22); FIG 1<br><br>Extrinsic Evidence:<br><br>Testimony from Dr. Perry. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending to each institution the information monitored with respect to instruments sent to an institution and the value of such instruments.<br><br>Corresponding Structure: The specification of the '007 patent does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence:<br><br>Col. 6:20-24; FIG 1 |
| 19. | "a cycling means interrelated with the central processing unit (a) for controlling the physical transport of the financial instruments among the institutions and (b) for controlling the means for calculating such that a final calculation of the debits and credits owing from or payable to, with regard to each of the institutions with respect to each other of the institutions, comprising the occurrence of the regular periodic settlement | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Cycling interrelated with the central processing unit (a) for controlling the physical transport of the financial instruments among the institutions and (b) for controlling the means for calculating such that a final calculation . . . does not occur until predetermined local settlements . . . are completed.<br><br>Corresponding Structure: Rules and | This term should be construed under 35 U.S.C. § 112(6).<br><br>Functions:<br>1. Controlling on a regular and periodic basis the physical transport of the financial instruments among the institutions; and<br>2. Controlling on a regular and periodic basis the means for calculating such that a final calculation of the debits and credits owing from or payable to, with respect to each of the | This term should be construed under 35 U.S.C. § 112(6).<br><br>Functions: Controlling the physical transport of the financial instruments among the institutions and controlling the means for calculating such that a final calculation of the debits and credits owing from or payable to each of the institutions with regard to each other of the institutions, comprising the occurrence of the regular periodic settlement among the institutions, does not occur until pre- |

**EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page B12**

| No. | '007 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | among the institutions, does not occur until pre-determined local settlements by the institutions in the pre-selected sites with institutions that are not among the number of pre-selected financial institutions, are completed" is in means-plus-function format subject to 35 U.S.C. § 112(6) | parameters regarding time scheduling where such rules and schedules are interrelated with the central processing unit (CPU).<br><br>Intrinsic Evidence:<br>'007 Patent, at Col. 3:10-25; 6:60-64;10:7-16; 2:55-66; 3:9-16; 3:39-42; 5:35-39; 6:9-23<br><br>Extrinsic Evidence:<br>Testimony of Terry L. Geer<br>Testimony of David James | institutions with regard to each other of the institutions, comprising the occurrence of the regular periodic settlement among the institutions, does not occur until pre-determined local settlements by the institutions in the pre-selected sites with institutions that are not among the number of pre-selected financial institutions, are completed.<br><br>Corresponding Structure:<br>Specification does not disclose structure sufficient to perform the recited function.<br><br>Extrinsic Evidence:<br>Testimony from Dr. Perry. | determined local settlements by the institutions in the pre-selected sites with institutions that are not among the number of pre-selected financial institutions, are completed.<br><br>Corresponding Structure: The specification of the '007 patent does not disclose structure sufficient to perform the recited functions.<br><br>Intrinsic Evidence:<br>Col. 2:13-16; Col. 2:55-61; Col. 4:7-14; FIG 1; Amendment, pp. 11, 13-14 (Dec. 8, 1992). |
| 20. | "a final calculation of the debits and credits . . ., comprising the occurrence of the regular periodic settlement among the institutions, does not occur until pre-determined local settlements by the institutions in the pre-selected sites with institutions that are not among the number of pre-selected financial institutions, are completed" | "Final Calculation"--No construction is necessary.<br><br>"Debits and credits"--Credits are the amounts owed by an institution; debits are the amounts payable to an institution.<br><br>"Occurrence of the regular periodic settlement among the institutions"--No construction is necessary.<br><br>"Predetermined local settlements by the institutions in the preselected sites with institutions that are not among the number of preselected financial | Settlement among the direct participants in the central check clearing system occurs after regular, prescheduled settlements in each geographical region between the direct participants in that region and institutions in that region that do not directly participate in the central check clearing system.<br><br>Intrinsic Evidence:<br>(3:5-16); (3:39-47); (4:50-58); (5:26-45); (6:16-20); (6:25-51); FIG 1; Language of Claims 1 and 4; Amendment (Dec. 8, 1992) at 9; | Settlement between the member institutions occurs, if at all, at regular intervals. The settlement between members does not occur, however, until each member settles with the non-members of the clearinghouse in the member's locality.<br><br>Intrinsic Evidence:<br>Col. 3:5-16; Col. 3:39-47; Col. 4:50-58; Col. 5:26-45; Col. 6:16-20; Col. 6:25-59; Fig. 1; Amendment, p. 3 (May 29, 1991); Amendment, pp. 3-4 (Jan 2, 1992); Amendment, p. 9 (Dec 8, 1992); Amendment After Final Action, |

| No. | '007 Claim Terms for Construction | Plaintiff' Construction | "Defendant Group1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | | | Amendment (May 29, 1991) at 3 Amendment (Jan. 2, 1992) at 3-4 Amendment (May 5, 1993) at 10-11 | pp. 10-11 (May 5, 1993). |
| | | *institutions*"—settlements between a user and non-user of the clearinghouse that occurs at a regular interval.<br><br>Intrinsic Evidence:<br><br>'007 Patent, at 3:29-54 | | |
| **Claim 2** | | | | |
| 21. | "means at an institution by which instruments are sorted by the site locality of each other of the pre-selected institutions and in which the instruments sorted by site are sent by site sort category to institutions at sites within the site sort categories" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6).<br><br>Functions:<br>1) Sorting by the site locality of each other of the pre-selected institutions,<br><br>2) sending the instruments sorted by site category to institutions at sites within the site sort categories<br><br>Corresponding Structure:<br><br>1) For the first function, sorters [7:3] or sort machines [4:46-7]<br><br>2) For the second function, a pre-selected institution's physical facility (i.e., bank, member bank, receiving bank, Participating Bank B), and its relationship with air or ground transportation. [Fig. 1 (solid directional lines); 1:66 2:1; 4:15-22]<br><br>Intrinsic Evidence:<br><br>'007 Patent, at 4:46-47; Fig. 1 (solid directional lines); | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sorting instruments by site locality of each other of the pre-selected institutions and in which the instruments by site are sent by site sort category to institutions at sites within the site sort categories.<br><br>Corresponding Structure: A sorter, air and ground transportation.<br><br>Intrinsic Evidence:<br><br>(1:65-68); (4:41-49); (7:1-13) | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sorting instruments by site locality of each other of the pre-selected institutions and in which the instruments sorted by site are sent by site sort category to institutions at sites within the site sort categories.<br><br>Corresponding Structure: Sorters and air and ground transportation.<br><br>Intrinsic Evidence:<br><br>Col. 1:65-68; Col. 4:41-49; Col. 5:17-25, Col. 7:1-13. |

**EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page B14**

| No. | '007 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | | Col. 1:66-2:1; 4:15-20; 5:61-63; 6:25; 4:41-48 | | |
| | **Claim 4** | | | |
| 22. | Preamble should be construed as limiting | Preamble is not limiting and the language in preamble does not need to be construed. *See, e.g.,* Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | Preamble contains limiting terms, including term(s) requiring construction(s). | |
| 23. | "means at each of the participants (1) for sending and receiving financial instruments to be cleared and (2) for sending and receiving the value and transit status of the financial instruments to be cleared, to a programmed central processing unit, and (3) for addressing the central processing unit by which a participant may determine in real time the information received by the processing unit with respect to that participant's relative credit and debit obligations with respect to other institutions arising from the instruments that are reported to be sent and received" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6).<br><br>(1) <u>Function</u>: Sending and receiving financial instruments to be cleared. <u>Corresponding Structure</u>: Air or ground transportation and a pre-selected institution's physical facility (*i.e.,* bank, member bank, Participating Bank A/B, sending/receiving bank).<br><br>(2) <u>Function</u>: Sending and receiving in real time information reporting the value and transit status of the financial instruments to be cleared to a programmed central processing unit. <u>Corresponding Structure</u>: Electronic communications links, which may include conventional telephone links by modem connections and the like.<br><br>(3) <u>Function</u>: Addressing the central processing unit by which a participant may determine in real time the information received by the | This term should be construed under 35 U.S.C. § 112(6).<br><br><u>Functions</u>:<br>1) Sending and receiving financial instruments to be cleared;<br>2) Sending and receiving in real time information reporting the value and transit status of the financial instruments to be cleared, to a programmed central processing unit; and<br>3) Addressing the central processing unit by which a participant may determine in real time the information received by the processing unit with respect to that participant's relative credit and debit obligations with respect to other institutions arising from the instruments that are reported to be sent and received.<br><br><u>Corresponding Structure</u>:<br>1) Air and ground transportation.<br>2) Specification does not disclose | This term should be construed under 35 U.S.C. § 112(6).<br><br>(1) <u>Function</u>: Sending and receiving financial instruments to be cleared.<br><br><u>Corresponding Structure</u>: Air and ground transportation.<br><br>(2) <u>Function</u>: Sending and receiving in real time information reporting the value and transit status of the financial instruments to be cleared, to a programmed central processing unit.<br><br><u>Corresponding Structure</u>: The specification of the '007 patent does not disclose structure sufficient to perform the recited functions.<br><br>(3) <u>Function</u>: Addressing the central processing unit by which a participant may determine in real time the information received by the processing unit with respect to that participants relative credit and debit obligations with respect to other institutions arising |

**EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page B15**

| No. | '007 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction | Defendant Group 2 Construction |
|---|---|---|---|---|
| | | processing unit.<br><br>Corresponding Structure: Electronic communications links, which may include conventional telephone links by modem connections and the like.<br><br>**Intrinsic Evidence:**<br><br>'007 Patent, at Col. 6:22-24 ; 6:11-13;7:17-21; potentially the file history.<br><br>**Extrinsic Evidence:**<br><br>Testimony of Terry L. Geer Testimony of David James | structure sufficient to perform the recited Function 2.<br>3) Specification does not disclose structure sufficient to perform the recited Function 3.<br><br>**Intrinsic Evidence:**<br><br>(1:66-68); (1:66-2:1); (4:15-22); (5:61-63); (6:20-24); FIG 1; Amendment After Final Office Action (May 5, 1993) at 8; Amendment After Final Office Action, p.8 (05-06-93).<br><br>**Extrinsic Evidence:**<br><br>Testimony from Dr. Perry. | from the instruments that are reported to be sent and received.<br><br>Corresponding Structure: The specification of the '007 patent does not disclose structure sufficient to perform the recited function.<br><br>**Intrinsic Evidence:**<br><br>Col. 1:66-2:1; Col. 4:15-22; Col. 5:61-63; Col. 6:20-24; Fig. 1; Amendment, pp. 8-10 (Dec. 8, 1992); Amendment After Final Action, p. 8 (May 5, 1993). |
| 24. | "transit status of the financial instruments to be cleared" | Information about the status in transit of the instruments, namely, whether the instrument has been sent and/or whether the instrument has been received.<br><br>**Intrinsic Evidence:**<br><br>'007 Patent, at Col. 7:61-63 'Col. 2:37-39; 4:15-22; 5:61-66; 6:25-27; and 8:9-15 | Information about whether the instruments have been physically sent and received.<br><br>**Intrinsic Evidence:**<br><br>(2:1-8); (2:31-50); (3:18-20); (4:15-37); (5:61-66); Language of Claims 1 and 4; Amendment (Dec. 8, 1992) at 12<br><br>**Extrinsic Evidence:**<br><br>"*status*", Webster's Third New International Dictionary of the English Language Unabridged (1986) – "3. state of affairs: situation."<br><br>"*status*," The Oxford English | *See* "the status in transit of the instruments".-<br><br>Electronic tracking information that can be used to identify the location of the instruments in real time.<br><br>**Intrinsic Evidence:**<br><br>Col. 1:66-2:8; Col. 2:32-50; Col. 3:18-20; Col. 4:15-37; Col.5:61-66; Col.6:25-27; Col. 6:60-64; *Amendment*, pp. 12-13 (Dec. 8, 1992). |

EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page **B16**

| No. | '007 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | | | Dictionary (2d ed. 1989) – "4. a. condition of things." | |
| 25. | "means for calculating debits and credits owing from or payable (1) to one member and (2) from or to one member to all other members, based upon the value of instruments reported by a participant as having been sent and received" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Calculating debits and credits among the participating members.<br><br>Corresponding Structure: Software on a conventional programmable computer or central processing unit (CPU).<br><br>Intrinsic Evidence:<br><br>'007 Patent, at Fig. 1<br>Col. 6:20-22; 2:39-49;1:62-65; 6:11-16<br><br>Extrinsic Evidence:<br><br>Testimony of Terry L. Geer<br>Testimony of David James | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Calculating debits and credits owing from or payable (1) to one member and (2) from or to one member to all other members, based upon the value of instruments reported by a participant as having been sent and received.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence:<br><br>(1:62-66); (6:11-22); (6:20-22); FIG 1<br><br>Extrinsic Evidence:<br><br>Testimony from Dr. Perry. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Calculating debits and credits owing from or payable (1) to one member to another member and (2) from or to one member to all other members, based upon the value of instruments reported by a participant as having been sent and received.<br><br>Corresponding Structure: The specification of the '007 patent does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence:<br><br>Col. 1:62-66; Col. 2:9-12; Col. 6:9-22; Figure 1. |
| 26. | "means for receiving and recording a participant's reports of the value and transit status of the instruments to be cleared as having been sent and received with respect to all participants in the system" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: receiving and recording a participant's reports of the value and transit status of the instruments to be cleared as having been sent and received with respect to all participants in the system | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Receiving and recording a participant's reports of the value and transit status of the instruments to be cleared as having been sent and received with respect to all participants in the system. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Functions: Receiving and recording a participant's reports of the value and transit status of the instruments to be cleared as having been sent and received with respect to all participants in the system. |

**EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page B17**

| No. | '007 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | | Corresponding Structure: Software associated with an accounting system running on the central processing unit (CPU). | Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | Corresponding Structure: The specification of the '007 patent does not disclose structure sufficient to perform the recited functions. |
| | | Intrinsic Evidence: | Intrinsic Evidence: | Intrinsic Evidence: |
| | | '007 Patent, at Col. 6:20-24;1:62-66; 2:2-4; 2:11-12 ; 3:31 | Amendment After Final Office Action (May 6, 1993) at 8 | Col. 2:9-12; Col. 6:9-59; Fig. 1; Amendment After Final Action, p. 8 (May 6, 1993). |
| | | Extrinsic Evidence: | Extrinsic Evidence: | |
| | | Testimony of Terry L. Geer Testimony of David James | Testimony from Dr. Perry. | |
| 27. | "means for monitoring on a real time as reported basis (1) the actual sending from and receipt by a participant of the value of instruments being cleared as reported by the participants, and (2) the sending from and receipt by a participant of the actual instruments being cleared, said means for monitoring being operatively interconnected to the means for calculating whereby debits and credits owing from one member to another may be determined and monitored on a continuous basis in real time as reports of the value and transit status of the instruments to be cleared are reported by the participants and received by the processing unit" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6).  Function: Monitoring on a real time as reported basis.  Corresponding Structure: Software associated with a conventional programmable computer or central processing unit [Fig. 1 (CPU)] operably interconnected with software associated with the accounting system on the CPU.  Intrinsic Evidence:  '007 Patent, at Col. 6:20-22; 1:62-65; Fig. 1; 6:9-14; 2:39-45; 6:61-64; 7:14-20  Extrinsic Evidence:  Testimony of Terry L. Geer | This term should be construed under 35 U.S.C. § 112(6).  Function: Monitoring on a real time as reported basis (1) the actual sending from and receipt by a participant of the value of instruments being cleared as reported by the participants, and (2) the sending from and receipt by a participant of the actual instruments being cleared, said means for monitoring being operatively interconnected to the means for calculating whereby debits and credits owing from one member to another may be determined and monitored on a continuous basis in real time as reports of the value and transit status of the instruments to be cleared are reported by the participants and received by the processing unit. | This term should be construed under 35 U.S.C. § 112(6).  Function: Monitoring on a real time as reported basis (1) the actual sending from and receipt by a participant of the value of instruments being cleared as reported by the participants, and (2) the sending from and receipt by a participant of the actual instruments being cleared, said means for monitoring being operatively interconnected to the means for calculating whereby debits and credits owing from one member to another may be determined and monitored on a continuous basis in real time as reports of the value and transit status of the instruments to be cleared are reported by the participants and received by the processing unit.  Corresponding Structure: The |

| No. | "'007 Claim Term/for Construction" | "Plaintiff Construction" | "Defendant Group 1" Construction" | "Defendant Group 2" Construction" |
|---|---|---|---|---|
| | | Testimony of David James | Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | specification of the '007 patent does not disclose structure sufficient to perform the recited function. |
| | | | Intrinsic Evidence: (1:62-66); (6:11-22); (6:20-22); FIG 1 | Intrinsic Evidence: Col. 1:62-66; Col. 2:32-50; Col. 6:9-24; Col. 6:60-66; Col. 7:14-31; Fig. 1. |
| | | | Extrinsic Evidence: Testimony from Dr. Perry. | |
| 28. | "a time control for determining the time of physical transport of financial instruments between and among the participants according to a predetermined time cycle, and for determining the occurrence of a final settlement by the clearinghouse participants at a pre-determined time until after a time that certain pre-determined local settlements in the localities, by the participants in the localities, are completed" is in means-plus-function format subject to 35 U.S.C. § 112(6) | Plaintiff contends that this term is not governed by 35 USC § 112(6). Predetermined time schedule. Intrinsic Evidence: '007 Patent, at Col. 2:55-58; 3:13-16; 5:37-39 Extrinsic Evidence: Webster's Encyclopedic Unabridged Dictionary of the English Language, Random House, Inc., p. 744 (1994) (defining "predetermine" as "to settle or decide in advance"). | This term should be construed under 35 U.S.C. § 112(6). Functions: 1) Determining the time of physical transport of financial instruments between and among the participants according to a predetermined time cycle; and 2) Determining the occurrence of a final settlement by the clearinghouse participants at a pre-determined time until after a time that certain pre-determined local settlements in the localities, by the participants in the localities, are completed. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. Extrinsic Evidence: | This term should be construed under 35 U.S.C. § 112(6). Functions: Determining the time of physical transport of financial instruments between and among the participants according to a predetermined time cycle, and determining the occurrence of a final settlement by the clearinghouse participants at a pre-determined time until after a time that certain pre-determined local settlements in the localities, by the participants in the localities, are completed. Corresponding Structure: The specification of the '007 patent does not disclose structure sufficient to perform the recited functions. Intrinsic Evidence: Col. 2:13-16; Col. 2:55-61; Col. 4:7-14; |

**EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page B19**

| No. | '007 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | | | Testimony from Dr. Perry. | Col. 5:26-40; Col. 6: 11-22; Fig. 1; Amendment, p. 8 (May 14, 1992); Amendment, pp. 12-14 (Dec. 8,1993). |
| 29. | "determining the time of physical transport of financial instruments between and among the participants according to a predetermined time cycle" | Predetermined time schedule. <br><br> <u>Intrinsic Evidence:</u> <br><br> '007 Patent, at Col. 2:55-58; 3:13-16; 5:37-39 <br><br> <u>Extrinsic Evidence:</u> <br><br> Webster's Encyclopedic Unabridged Dictionary of the English Language, Random House, Inc., p. 744 (1994) (defining "predetermine" as "to settle or decide in advance") | Does not need to be construed separately. | Determining on a regular interval when each of the financial instruments was sent and received between and among the participants. <br><br> <u>Intrinsic Evidence:</u> <br><br> Col. 2:55-61; Col. 5:26-45; Col. 5:61-63; Amendment, pp. 9, 12-13 (Dec 8, 1992). |
| 30. | "[determining] the occurrence of a final settlement by the clearinghouse participants at a pre-determined time until after a time that certain predetermined local settlements in the localities, by the participants in the localities, are completed" | Establishing by participant rules settlement time, that accommodates processing, procedures, and transportation needs of all participants regardless of location and time zone. This final settlement occurs after certain predetermined local settlements. <br><br> <u>Intrinsic Evidence:</u> <br><br> '007 Patent, at Col. 4:15-40; 10:7-16; | Settlement among the direct participants in the central check clearing system occurs after regular, prescheduled settlements in each geographical region between the direct participants in that region and institutions in that region that do not directly participate in the central check clearing system. <br><br> <u>Intrinsic Evidence:</u> <br><br> (3:5-16); (3:39-47); (4:50-58); (5:26-45); (6:16-20); (6:25-51); FIG 1; Language of Claims 1 and 4; Amendment (Dec. 8, 1992) at 9; Amendment (May 29, 1991) at 3; | Initiating a settlement between the member institutions, if at all, at regular intervals. The settlement between members does not occur, however, until each member settles with the non-members of the clearinghouse in the member's locality. <br><br> <u>Intrinsic Evidence:</u> <br><br> Col. 3:5-16; Col. 3:39-47; Col. 4:50-58; Col. 5:26-45; Col. 6:16-20; Col. 6:25-59; Fig. 1; Amendment, p. 3 (May 29, 1991); Amendment, p. 3-4 (Jan 2, 1992); Amendment, pp. 9-10 (Dec 8, 1992) Amendment After Final Action, p. 8 (May 5, 1993). |

**EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page B20**

| No. | '007 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|-----|-----------------------------------|------------------------|----------------------------------|----------------------------------|
|     |                                   |                        | Amendment (Jan. 2, 1992) at 3-4; Amendment (May 5, 1993) at 10-11 |      |

EXHIBIT B TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page B21

# EXHIBIT C

*DataTreasury Corporation v. Wells Fargo & Company, et al.*
P.R. 4-3(b) PARTIES DISPUTED CONSTRUCTIONS FOR U.S. PATENT NO. 5,717,868

| No. | '868 Claim terms to be construed | Plaintiff Construction | Defendant Group 1's Construction | Defendant Group 2's Construction |
|---|---|---|---|---|
| | **Claim 1** | | | |
| 1. | Preamble should be construed as limiting. | Preamble is not limiting and the language in preamble does not need to be construed. *See, e.g.,* Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | Preamble contains limiting terms, including term(s) requiring construction(s). | |
| 2. | "financial instruments being exchanged between and among the institutions" | Documents in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, or coupons, that are exchanged between and among institutions.<br><br>Intrinsic Evidence:<br><br>'868, col. 5:16-21. | Physical transport of financial instruments between and among the institutions.<br><br>Intrinsic Evidence:<br><br>(1:5-17); (2:27-32); (2:38-51); (3:1-9); (3:48-53); (5:14-18); (6:49-57); (10:21-26); (10:46-50); FIG 1 | Physical transport of financial instruments between and among the institutions.<br><br>Intrinsic Evidence:<br><br>Col. 1:5-17; Col. 2:27-32; Col. 2:38-51; Col. 3:1-9; Col. 3:48-53; Col. 5:14-18; Col. 6:49-57; Col. 10:21-26; Col. 10:46-50; Fig. 1. |
| 3. | "means for receiving a data file from an originating institution, said data file containing co-mingled records of a plurality of separate financial instruments, said data file being in a first file format established by the originating institution and containing a designation by the originating institution that | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Receiving a data file from an originating institution.<br><br>Corresponding Structure: Translator 1 [Fig. 1; 6:6-10; Fig. 2 (block 10)].<br><br>Intrinsic Evidence: | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Receiving a data file from an originating institution.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Receiving a data file from an originating institution.<br><br>Corresponding structure: The specification of the '868 patent does not disclose structure sufficient to perform the recited function. |

EXHIBIT C TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page C1

| No. | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | information in the data file is to be received by one or more than one predetermined institution" is in means-plus-function format subject to 35 U.S.C. § 112(6). | '868 Patent, at Fig. on front page; Fig. 2; Col. 3:48-57; 4:50-58; 6:6-10; 5:28-33;8:21-24 <br><br> Extrinsic Evidence: <br> Testimony of David James | Intrinsic Evidence: <br><br> (5:28-31); (6:41-45); (8:21-27); (10:50-52); FIG 1; FIG 2 <br><br> Extrinsic Evidence: <br><br> Testimony from Dr. Perry. | Intrinsic Evidence: <br> Col. 5:22-31; Col. 6:6-11; Col. 6:41-45; Col. 8:21-27; Fig. 1; Fig. 2; Applicant's Response, p. 24 (June 13, 1997). |
| 4. | "predetermined institution" | Participant institution that has previously agreed to exchange financial instrument information with another participant institution. <br><br> Intrinsic Evidence: <br><br> '868 Patent, at Col.5 l.63- 67 | Does not need to be construed separately. | Participant institution that has previously agreed to exchange financial instrument information with other participant institutions by way of the central translator. <br><br> Intrinsic Evidence: <br><br> Col. 1:5-17; Col. 1:53-2:15; Col. 2:23-26; Col. 4:50-58; Col. 5:6-13; Col. 6:36-49; Col. 8:53 - 9:9; Col. 10:8-15; Col. 10:22-24; FIG 1; FIG 2; Applicant's Response, pp. 24, 29, 33 (June 13, 1997) |
| 5. | "institution" | A business, bank, or other commercial entity. <br><br> Intrinsic Evidence: <br><br> '868 Patent, at Col.5 l.63- 67. | Bank or other financial institution. <br><br> Intrinsic Evidence: <br><br> (1:5-17);(2:23-25); (4:50-58); (6:36-37); (7:42-47); (7:57-58, 64-65); (10:21-26) | Financial institution. <br><br> Intrinsic Evidence: <br><br> Col. 1:5-17; Col. 2:23-26; Col. 4:50-58; Col. 6:36-42; Col. 7:42-47; Col. 7:57-58, Col. 7:64-65; Col. 10:21-26. |
| 6. | "co-mingled records" <br><br> "co-mingled financial instrument information" (Claim 24) | Co-mingled: "combined financial instrument information intended for one or more a multiple of receiving institutions or settlement | Multiple records in a single electronic data file having information from multiple financial instruments intended for multiple recipients. | Information representing multiple financial instruments intended for multiple recipients mixed together in a single data file. |

| No. | "868 Claim Terms for Construction" | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | "co-mingled financial instrument information intended for multiple receiving institutions" (Claim 24)<br><br>"co-mingled information about financial instruments" (Claim 45)<br><br>"co-mingled financial instrument information addressed to multiple receiving institutions" (Claim 61) | mechanisms."<br><br>Note: "co-mingled information about financial instruments" (Claim 45) appears only in the preamble, and does not need to be construed.<br><br>**Intrinsic Evidence:**<br><br>'868 Patent, at Col. 3:59-61<br><br>**Extrinsic Evidence:**<br><br>Webster's Encyclopedic Unabridged Dictionary of the English Language, Random House, Inc., p. 296 (1994) (defining "commingle" as "to mix or mingle together; combine.") | **Intrinsic Evidence:**<br><br>(3:58-61); (4:38-43); (6:60-61); (7:1-3); (8:60-65); (10:52-53); (10:59-60); (11:42-45); Response to First Office Action pp. 24-27, 33, 35.<br><br>**Extrinsic Evidence:**<br><br>"commingle", Merriam-Webster's Collegiate Dictionary (1993) – "To blend thoroughly into a harmonious whole." | **Intrinsic Evidence:**<br><br>Col. 3:58-61; Col. 4:38-43; Col. 6:60-61; Col. 7:1-3; Col. 8:59-66; Applicant's Response, pp. 24,-27, 29, 32-35 (June 13, 1997).<br><br>**Extrinsic Evidence:**<br><br>Dictionary of Banking (1994). |
| | | *Records:* "portions of files sent and received between financial institutions, which contain various data fields."<br><br>**Intrinsic Evidence:**<br><br>'868 Patent, at Col. 5:33-40; 6:60-63; 8:53-58; 9:59-10:3<br><br>**Extrinsic Evidence:**<br><br>Modern Dictionary of Electronics, 6th ed., Graf, p. 834 (1997). (defining "record: as "(2) a group of related facts or fields of information handled as a unit; thus a listing of information, usually printed or in printable form . . . | | |
| 7. | "file format" | The arrangement of data fields within | A unique arrangement of electronic | The particular arrangement of |

| No. | '868 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction | Defendant Group 2 Construction |
|-----|-----------------------------------|-------------------------|-------------------------------|-------------------------------|
| | | a record, and the arrangement of, and definitions of different types of, records within a data file.<br><br>**Intrinsic Evidence:**<br><br>'868 Patent, at Col. 6:33-35;Claim 45(b); 5:37-40; Claim 45(c) | data fields in a settlement record.<br><br>**Intrinsic Evidence:**<br><br>(1:43-63); (5:33-48); (5:49-54); (6:29-32); (8:4-6); (8:59-65); (9:10-13)<br><br>**Extrinsic Evidence:**<br><br>*"format",* The New Webster's Comprehensive Dictionary (1985) – "the arrangement of fields in a record."<br><br>U.S. Patent No. 5,526,409 (17:32-45) | information within individual data fields or ranges of data fields within a particular record.<br><br>**Intrinsic Evidence:**<br><br>Col. 1:10-14; Col. 1:43-63; Col. 5:33-48; Col. 5:49-54; Col. 6:29-32; Col. 8:4-6; Col. 8:59-65; Col. 9:10-13.<br><br>**Extrinsic Evidence:**<br><br>Random House Webster's Computer and Internet Dictionary, 3rd Ed. (1999); ANSI X9.37-1994; The Complete Guide to Rules and Regulations Governing the ACH Network (1993). |
| 8. | "processor" | A central processing unit programmed to perform a specified function.<br><br>**Intrinsic Evidence:**<br><br>'868 Patent, at Item 21, Fig. 2; Col.8:21-23. | A single central processing unit, connected to all originating and receiving institutions and through which all data files are transmitted.<br><br>**Intrinsic Evidence:**<br><br>(6:6-11); (8:21-28); (10:8-15); FIG 2; Patent Title ("concentrator"); Office Action (Nov 20, 1996) at 3; Amendment (June 13, 1997) at 24, 29, 33<br><br>**Extrinsic Evidence:**<br><br>*"processor",* Academic Press Dictionary of Science and Technology (1993) – "a device that interprets and executes instructions." | A central processing unit programmed to perform a specified function located at a common central facility.<br><br>**Intrinsic Evidence:**<br><br>Col. 1:53-2:15; Col. 6:6-11; Col. 8:21-29; Col. 10:8-15; Fig 2; Office Action, p. 3 (Nov. 20, 1996); Applicant's Response, p. 24, 29, 33 (June 13, 1997). |

EXHIBIT C TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page C4

| No. | "868 Claim Terms or Construction | Plaintiff Construction | Defendant Group 1's Construction | Defendant Group 2's Construction |
|---|---|---|---|---|
| | | | "centralized data processing", The New Webster's Comprehensive Dictionary CD-11 (1985) – "the handling of all data in one place." | |
| 9. | "financial instrument information" | Information representing financial instruments and electronic funds transfers, and additional system generated information.<br><br>Intrinsic Evidence:<br><br>'868 Patent, at Col. 4:50-64. | Information derived from a financial instrument.<br><br>Intrinsic Evidence:<br><br>(1:6-10); (1:43-45, 49-52); (2:18-20); (2:40-41); (2:52-63); (3:3-5); (3:51-52); (4:51-58); (5:14-21); (6:36-39); (9:50-10:7); (12:24-34); Abstract; FIG 1 | Information representing a particular financial instrument.<br><br>Intrinsic Evidence:<br><br>Col. 1:6-14; Col. 1:43-52; Col. 2:52-63; Col. 3:3-5; Col. 3:51-52; Col. 4:51-58; Col. 5:14-21; Col. 6:36-39; Col. 9:50-10:7; Fig. 1; Abstract. |
| 10. | "translating the records in each bundle of said financial instrument information records from said first data file format into a data file format selected by the predetermined institution designated to receive the information"<br><br>"translating each portion of said separated financial instrument information in said first data file format into a data file format preselected by the receiving institution associated therewith" (Claim 24)<br><br>"translating each bundle of said separated financial instrument information into a data file format | Converting the records in each bundle from the first file format to a second file format determined in advance by the receiving institution.<br><br>Intrinsic Evidence:<br><br>'868 Patent, at Col. 3:5-10; Col. 3:14; Col. 5:63-6:10; Col. 8:20-23. | Converting the records in each bundle from one financial file format to a dissimilar and incompatible financial file format selected by a receiving institution designated to receive the information.<br><br>Intrinsic Evidence:<br><br>(1:7-8); (1:16); (1:61-62); (2:22); (2:59-63); (3:1-9); (3:5-9); (3:14-15); (4:10-13); (4:33-36); (4:58-60); (5:51-56); (6:45-49); (6:6-11); (6:64-67); (7:39-42); (7:46-66); (8:25-29); (8:58-9:5); (10:11-15); (10:61-67); FIG 1; FIG 2; Office Action (Nov 20, 1996); Amendment (June 13, 1997) at 24-26, 30, 35<br><br>Extrinsic Evidence: | Converting the data representing each financial instrument in each bundle (portion) from the first file format selected by the sending institution to a second, different file format selected by the receiving institution.<br><br>Intrinsic Evidence:<br><br>Col. 1:5-10; Col. 1:43-2:15; Col. 2:59-63; Col. 3:1-9; Col. 3:14-15; Col. 4:10-13; Col. 4:33-36; Col. 4:58-60; Col. 5:51-56; Co. 6:6-11; Col. 6:27-32; Col. 6:45-49; Col. 6:64-67; Col. 7:47-Col. 8-3; Col. 8:24-29; Col. 8:58-9:5; Col. 10:8-15; Fig 1; Office Action, pp. 2-3, 5-6, 7-8 (Nov. 20, 1996); Applicant's Response, pp. 24-27, 30-31, 34-35 (June 13, 1997). |

EXHIBIT C TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page C5

| No. | '868 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1st Construction | Defendant Group 2nd Construction |
|---|---|---|---|---|
| | preselected by the receiving institution corresponding thereto" (Claim 45)<br><br>"translating each bundle of said separated financial instrument information in said first data file format into a data file format selected by the receiving institution associated therewith" (Claim 61)<br><br>"translating each portion of said data file in said first file format into a file format selected by the receiving institution" (Claim 80) | | "translate", McGraw-Hill Dictionary of Scientific and Technical Terms (1994) – "to convert computer information from one language to another, or to convert characters from one representation set to another, and by extension, the computer instruction which directs the latter conversion to be carried out."<br><br>"translate", The New Webster's Comprehensive Dictionary CD-74 (1985) – "to convert programs or data from one form or language to another."<br><br>"predetermine", Webster's Encyclopedic Unabridged Dictionary of the English Language, Random House, Inc. (1994) – "to settle or decide in advance."<br><br>"preselect", Webster's Encyclopedic Unabridged Dictionary of the English Language, Random House, Inc. (1994) – "to select in advance; choose beforehand." | Extrinsic Evidence:<br><br>International Dictionary of Data Communications (1998); Webster's New World Dictionary of Computer Terms, 6th Ed. (1997); Webster's Encyclopedic Unabridged Dictionary, (1996); ANSI X9.37-1994; The Complete Guide to Rules and Regulations Governing the ACH Network (1993). |
| 11. | "program means for separating and bundling and for translating said records" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Separating and bundling and for translating said records.<br><br>Corresponding Structure: Data processing and signal generation procedures along with file format | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Separating and bundling records and translating records.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Separating and bundling and for translating said records.<br><br>Corresponding Structure: The specification of the '868 patent does not disclose structure sufficient to |

EXHIBIT C TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page C6

| No. | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | | translation protocols. | recited function. | perform the recited function. |
| | | Intrinsic Evidence: | Intrinsic Evidence: | Intrinsic Evidence: |
| | | 3:5-10; 6:6-10; 6:45-49; 6:61-67; 8:20-29 | (8:21-32) | Col. 6:6-11; Col. 8:21-32. |
| | | Extrinsic Evidence: | Extrinsic Evidence: | |
| | | Testimony from Dr. Mullineaux Testimony of David James | Testimony from Dr. Perry. | |
| 12. | "means for storing said bundled financial instrument information in an addressable media where the bundled financial instrument information is uniquely accessible to the institution designated to receive the information" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Storing said bundled financial instrument information in an addressable media.<br><br>Corresponding Structure: Archival storage 25 or memory M23, M24...MN. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Storing said bundled financial instrument information in an addressable media where the bundled financial instrument information is accessible only by the institution designated to receive the information.<br><br>Corresponding Structure: A mailbox or other partition within a memory device that is allocated to and uniquely accessible only by a specific receiving institution. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Storing said bundled financial instrument information in an addressable media where the bundled financial instrument information is uniquely accessible to the institution designated to receive the information.<br><br>Corresponding Structure: Memory/Mailboxes M23, M24...MN of Figure 2. |
| | | Intrinsic Evidence: | Intrinsic Evidence: | Intrinsic Evidence: |
| | | '868 Patent, at Fig. on front page; Fig. 2;Col. 3:18-20; 4:19-26; 7:5-8; 8:44-48 | (3:16-18); (3:33-36); (4:19-21); (4:60-64); (7:6-18); (8:29-32); (9:3-5); FIG 2 | Col. 3:16-18; Col. 3:33-36; Col. 4:19-21; Col. 4:60-64; Col. 7:6-18; Col. 8:29-32; Col. 8:48-52; Col. 9:3-5; FIG 2. |
| | | | Extrinsic Evidence: | |
| | | | Testimony from Dr. Perry. | |

| No. | '868 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction | Defendant Group 2 Construction |
|---|---|---|---|---|
| | | | "uniquely", The Oxford English Dictionary (1989) – "1. exclusively; solely; only." | |
| 13. | "means for the institution designed to receive the information to transmit to and to receive from the means for storing" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). Function: For the institution designed to receive the information to transmit to and to receive from the means for storing. Corresponding Structure: Communication link 12. Intrinsic Evidence: '868 Patent, at Fig. 1; Fig. 2; Col. 8:4-11; 8:41; 8:48-52 | This term should be construed under 35 U.S.C. § 112(6). Function(s): 1) Transmit from the receiving institution to the means for storing; and 2) Receive at the receiving institution from the means for storing. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. Extrinsic Evidence: Testimony from Dr. Perry. | This term should be construed under 35 U.S.C. § 112(6). Functions: (1) Transmitting from the receiving institution to the means for storing; and (2) Receiving at the receiving institution from the means for storing. Corresponding Structure: A communication link. Intrinsic Evidence: Col. 4:60-64; Col. 6:27-29; Col. 6:48-49; Col. 7:15-16; Col. 8:35-40; Col. 8:48-52; Col. 9:5-9; Col. 9:21-25; Fig. 1; Fig. 2. |
| 14. | "means for transmitting a bundle of said stored financial instrument information from the addressable storage media to the institution designed to receive the information upon the receipt of an instruction" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). Function: Transmitting a bundle of said stored financial instrument information from the addressable storage media. Corresponding Structure: Communication link 12. Intrinsic Evidence: | This term should be construed under 35 U.S.C. § 112(6). Function: Transmitting a bundle of said stored financial instrument information from the addressable storage media to the institution designated to receive the information upon the receipt of an instruction. Corresponding Structure: Specification does not disclose | This term should be construed under 35 U.S.C. § 112(6). Function: Transmitting a bundle of said stored financial instrument information from the addressable storage media to the institution designated to receive the information upon the receipt of an instruction. Corresponding Structure: A communication link. |

| No. | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | | '868 Patent, at Fig. 1; Fig. 2; Col. 8:4-11; 8:41;8:48-52; 9:5-9 | structure sufficient to perform the recited function. <br><br> Extrinsic Evidence: <br><br> Testimony from Dr. Perry. | Intrinsic Evidence: <br><br> Col. 4:60-64; Col. 6:27-29; Col. 6:48-49; Col. 7:12-17; Col. 8:35-40; Col. 9:5-9; Fig. 1; Fig. 2. |
| **Claim 2** | | | | |
| 15. | "means for . . . validating the identifying information of the originating institution and said designated receiving institution" is in means-plus-function format subject to 35 U.S.C. § 112(6) | Plaintiff contends this element is not governed by 35 USC § 112(6). <br><br> Plaintiff's Construction: A central processing unit. <br><br> Intrinsic evidence: <br><br> '868 Patent, at Col. 6:6-26 (processor); Claims 24 and 45 (processor); Col. 12:52; 14:37-39. See also 5:63-67. | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Analyzing the identifying information of the originating institution and said designated receiving institution to insure that the institutions are system participants. <br><br> Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. <br><br> Intrinsic Evidence: <br><br> (5:63-67); (8:16-21). <br><br> Extrinsic Evidence: <br><br> Testimony from Dr. Perry. <br><br> "validate", The Oxford English Dictionary (2d ed. 1989) – "2. a. to make valid or of good authority; to confirm or corroborate; to substantiate or support." <br><br> "validate", Webster's Third New | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Validating the identifying information of the originating institution and said designated receiving institution. <br><br> Corresponding Structure: The specification of the '868 patent does not disclose structure sufficient to perform the recited function. <br><br> Intrinsic Evidence: <br><br> Col. 5:63-6:3; Col. 8:8-16; Col. 8:16-21. |

EXHIBIT C TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page C9

| No. | '868 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction | Defendant Group 2 Construction |
|---|---|---|---|---|
| | | | International Dictionary (1993) – "validate" means "verify," which means "to check or test the accuracy or exactness of; confirm the truth or truthfulness of by or as if by comparison with known data or a recognized standard or authority." | |
| 16. | "means for . . . authenticating the financial instrument information contained in said first data file format with respect to predetermined data format parameters" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6). Function: Authenticating the financial instrument information contained in said first data file format with respect to predetermined data format parameters. Corresponding Structure: A central processing unit. Intrinsic Evidence: '868 Patent, at Col. 6:6-26. | This term should be construed under 35 U.S.C. § 112(6). Function: Authenticating the financial instrument information contained in said first data file format with respect to predetermined data format parameters. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. Intrinsic Evidence: (6:27-35) Extrinsic Evidence: Testimony from Dr. Perry. | This term should be construed under 35 U.S.C. § 112(6). Function: Authenticating the financial instrument information contained in said first data file format with respect to predetermined data format parameters. Corresponding Structure: The specification of the '868 patent does not disclose structure sufficient to perform the recited function. Intrinsic Evidence: Col. 6:15-26; Col. 6:27-35; Col. 8:16-23; Applicant's Response, p. 33 (June 13, 1997). |
| 17. | "predetermined data format parameter(s)" | Predetermined standards associated with data file formats regarding the arrangement of data within data fields where the arrangement conforms to the particular parameters associated with a specific file transfer protocol. | Pre-selected specification defining the arrangement of data fields within a financial record. Intrinsic Evidence: (1:43-63); (3:24-26); (5:33-48); (5:49- | The standard arrangement of information within individual data fields associated with a specific transmitted data file format, such as ACH, ECP, etc. Intrinsic Evidence: |

| No. | '868 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1* Construction | Defendant Group 2* Construction |
|---|---|---|---|---|
| | | **Intrinsic Evidence**<br>'868 Patent, at Col. 6:33-35; Claim 45(b). | 54; (6:29-32); (6:32-35); (8:4-6); (8:59-65); (9:10-13); (9:14-21); (11:21-23); FIG 1<br><br>**Extrinsic Evidence:**<br>"*predetermine*", Webster's Encyclopedic Unabridged Dictionary of the English Language, Random House, Inc. (1994)— "to settle or decide in advance." | Col. 1:43-63; Col. 3:24-26; Col. 5:33-54; Col. 6:29-35; Col. 8:4-6; Col. 8:59-65; Col. 9:10-21; Fig. 1.<br><br>**Extrinsic Evidence:**<br>Random House Webster's Computer and Internet Dictionary, 3rd Ed. (1999); ANSI X9.37-1994; The Complete Guide to Rules and Regulations Governing the ACH Network (1993). |
| 18. | "means for . . . determining a data file format acceptable to the designated institution" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6).<br><br>**Function:** Determining a data file format acceptable to the designated institution.<br><br>**Corresponding Structure:** Central processing unit validation procedure or program routine.<br><br>**Intrinsic Evidence**<br>'868 Patent, at Col. 6:33-35; Claim 45(b). | This term should be construed under 35 U.S.C. § 112(6).<br><br>**Function:** Determining a data file format acceptable to the designated institution.<br><br>**Corresponding Structure:** Specification does not disclose structure sufficient to perform the recited function.<br><br>**Extrinsic Evidence:**<br>Testimony from Dr. Perry. | This term should be construed under 35 U.S.C. § 112(6).<br><br>**Function:** Determining a data file format acceptable to the designated institution.<br><br>**Corresponding Structure:** The specification of the '868 patent does not disclose structure sufficient to perform the recited function.<br><br>**Intrinsic Evidence:**<br>Col. 6:27-32; Col. 6:64-67; Col. 7:2-4; Fig. 2. |
| **Claim 3** | | | | |
| 19. | "a security mechanism for preventing the unauthorized one or more of the reception, transmission, translation and | Plaintiff contends that this phrase is not governed by 35 USC § 112(6).<br><br>Software running on a processor | This term should be construed under 35 U.S.C. § 112(6).<br><br>**Function:** Preventing unauthorized | This term should be construed under 35 U.S.C. § 112(6).<br><br>**Function:** Preventing the |

**EXHIBIT C TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page C11**

| No. | '868 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction | Defendant Group 2 Construction |
|---|---|---|---|---|
| | storage of financial instrument information" is in means-plus-function format subject to 35 U.S.C. § 112(6) | which limits only authorized originating and receiving institutions to receive, transmit, translate, and/or store financial instrument information.<br><br>**Intrinsic Evidence**<br>'868 Patent, at Col. 6:11-26; 8:8-23<br><br>**Extrinsic Evidence:**<br>Testimony of David James | reception, transmission, translation and storage of financial instrument information.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Extrinsic Evidence: Testimony from Dr. Perry. | unauthorized one or more of the reception, transmission, translation and storage of financial instrument information.<br><br>Corresponding Structure: The specification of the '868 patent does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence: Col. 6:11-17; Col. 8:8-16; Applicant's Response, pp. 34, 37 (June 13, 1997). |
| 20. | Preamble should be construed as limiting. | Preamble is not limiting and the language in preamble does not need to be construed. See, e.g., Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | Preamble contains limiting terms, including term(s) requiring construction(s). | |
| **Claim 24** | | | | |
| 21. | "means for receiving a data file from the originating institution, said data file being in a first file format established by the originating institution and comprising co-mingled financial instrument information intended for multiple receiving institutions, the data file further including a designation that specified information in the data file is to be received by a predetermined receiving institution" is in means- | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Means for receiving a data file from the originating institution....<br><br>Corresponding Structure: Translator 1 within a central processing unit.<br><br>**Intrinsic Evidence**<br>'868 Patent, at Fig. on front page; Fig. 2; Col. 3:48-57; 4:50-58; 6:6-10; 5:28- | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Receiving a data file from the originating institution.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence: | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Receiving a data file from the originating institution.<br><br>Corresponding Structure: The specification of the '868 patent does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence: Col. 5:22-31; Fig. 1; Fig. 2. |

| No. | '868 Claim Terms for Construction | Plaintiff Construction | Defendant Group 2 Construction | "Defendant Group 3(or 4)" Construction |
|---|---|---|---|---|
| | plus-function format subject to 35 U.S.C. § 112(6). | 33; 8:21-24.<br><br>**Extrinsic Evidence:**<br>Testimony of David James | FIG 2<br><br>**Extrinsic Evidence:**<br>Testimony from Dr. Perry. | |
| 22. | "means for storing said separated financial instrument information according to the separate portions thereof in a memory storage device in a manner such that each separate portion is uniquely accessible to the receiving institution associated therewith" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Storing said separated financial instrument information according to the separate portions thereof….<br><br>Corresponding Structure: Memory/mailboxes M23, M24…MN.<br><br>Intrinsic Evidence:<br>'868 Patent, at Fig. 2; at Col. 3:64-67; 4:60-64; 7:6. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Storing said separated financial instrument information according to the separate portions thereof in a memory storage device in a manner such that each separate portion is accessible only by the receiving institution associated therewith.<br><br>Corresponding Structure: A mailbox or other partition within a memory device that is allocated to and accessible only by a receiving institution.<br><br>Intrinsic Evidence:<br>(3:16-18); (3:33-36); (4:19-21); (4:60-64); (7:6-18); (8:29-32); (9:3-5); FIG 2<br><br>Extrinsic Evidence:<br>"uniquely", The Oxford English Dictionary (1989) – "1. exclusively; solely; only." | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Storing said separated financial instrument information according to the separate portions thereof in a memory storage device in a manner such that each separate portion is uniquely accessible to the receiving institution associated therewith.<br><br>Corresponding Structure:<br>Memory/Mailboxes M23, M24…MN of Figure 2.<br><br>Intrinsic Evidence:<br>Col. 3:16-18; Col. 3:33-36; Col. 4:19-21; Col. 4:60-64; Col. 7:6-18; Col. 8:29-32; Col. 9:3-5; Fig. 2. |
| 23. | "means for transmitting each portion of said separated financial | This term should be construed under 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). |

**EXHIBIT C TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page C13**

| No. | '868 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction | Defendant Group 2 Construction |
|-----|-----------------------------------|------------------------|-------------------------------|-------------------------------|
| | instrument information stored in the memory storage device to, and in the format selected by, the receiving institution associated therewith" is in means-plus-function format subject to 35 U.S.C. § 112(6). | Function: Transmitting each portion of said separated financial instrument information stored in the memory storage device to, and in the format selected by, the receiving institution associated therewith.<br><br>Corresponding Structure: Communication link 12.<br><br>Intrinsic Evidence:<br>'868 Patent, at Fig. 1; Fig. 2; Col. 8:7, 41, 48-52; 9:5-9. | Function: Transmitting each portion of said separated financial instrument information stored in the memory storage device to, and in the format selected by, the receiving institution associated therewith.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Extrinsic Evidence:<br>Testimony from Dr. Perry. | Function: Transmitting each portion of said separated financial instrument information stored in the memory storage device to, and in the format selected by, the receiving institution associated therewith.<br><br>Corresponding Structure: A communication link.<br><br>Intrinsic Evidence:<br>Col. 4:60-64; Col. 6:27-29; Col. 6:48-49; Col. 7:12-17; Col. 8:35-40; Col. 8:48-52; Col. 9:5-9; Fig. 1; Fig. 2. |
| **Claim 27** | | | | |
| 24. | "security procedures for preventing unauthorized reception, transmission, translation and storage of any financial instrument information" is in means-plus-function format subject to 35 U.S.C. § 112(6) | Plaintiff contends that this term is not governed by 35 USC § 112(6).<br><br>Plaintiff's Construction: Programs running on a processor which limits only authorized originating and receiving institutions to receive, transmit, translate, and/or store financial instrument information.<br><br>Intrinsic Evidence<br>'868 Patent, at Col. 6:11-26; 8:8-23<br><br>Extrinsic Evidence:<br>Testimony of David James | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preventing unauthorized reception, transmission, translation and storage of financial instrument information.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Extrinsic Evidence:<br>Testimony from Dr. Perry. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preventing unauthorized reception, transmission, translation and storage of financial instrument information.<br><br>Corresponding Structure: The specification does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence:<br>Col. 6:11-17; Col. 8:8-16; Applicant's Response, pp. 34, 37 (June 13, 1997). |

EXHIBIT C TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page C14

| No. | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | **Claim 45** | | | |
| 25. | Preamble should be construed as limiting. | Preamble is not limiting and the language in preamble does not need to be construed. See, e.g., Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | Preamble contains limiting terms, including term(s) requiring construction(s). | |
| 26. | "master processor" | A central processing unit.  Intrinsic Evidence:  '868 Patent, Col. 3:61-63; Col. 5:58-62; Col. 6:6-10. | A single central processing unit including associated application software programmed to perform a specified function and through which all electronic data files are sent for sorting and translation.  Intrinsic Evidence:  (8:21-29); (10:8-15); (14:29-30); FIG 2; Patent Title ("concentrator"); Office Action (Nov 20, 1996) at 3; Amendment (June 13, 1997) at 33  Extrinsic Evidence:  "master", McGraw-Hill Dictionary of Scientific and Technical Terms (5th ed.) (1994) – "1, a device which controls subsidiary devices."  "processor", Academic Press Dictionary of Science and Technology (1993) – "a device that interprets and executes instructions."  "centralized data processing", The New Webster's Comprehensive | Does not need to be construed separately. |

EXHIBIT C TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page C15

| No. | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction |
|---|---|---|---|---|
| | | | Dictionary CD-11 (1985) – "the handling of all data in one place." | |
| 27. | "means for temporarily storing each bundle of said separated financial instrument information in memory unique to the receiving institution associated therewith" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Temporarily storing each bundle of said separated financial instrument information in memory unique to the receiving institution associated therewith.<br><br>Corresponding Structure: Memory/mailboxes M23, M24…MN.<br><br>Intrinsic Evidence:<br><br>'868 Patent, at Fig. 2; at Col. 3:64-67; 4:60-64; 7:6. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Temporarily storing each bundle of said separated financial instrument information in memory assessable only by the receiving institution associated therewith.<br><br>Corresponding Structure: A mailbox or other partition within a memory device that is allocated to and accessible only by a specific receiving institution.<br><br>Intrinsic Evidence:<br><br>(3:16-18); (3:33-36); (4:19-21); (4:60-64); (7:6-18); (8:29-32); (9:3-5); FIG 2<br><br>Extrinsic Evidence:<br><br>Testimony from Dr. Perry.<br><br>"uniquely", The Oxford English Dictionary (1989) – "1. exclusively, solely, only." | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Temporarily storing each bundle of said separated financial instrument information in memory unique to the receiving institution associated therewith.<br><br>Corresponding Structure: Memory/Mailboxes M23, M24…MN of Figure 2.<br><br>Intrinsic Evidence:<br>Col. 3:16-18; Col. 3:33-36; Col. 4:19-21; Col. 4:60-64; Col. 7:6-18; Col. 8:29-32; Col. 9:3-5; Fig. 2. |
| **Claim 48** | | | | |
| 28. | "security procedures for preventing unauthorized reception, transmission, translation and storage of any | Software running on a processor which limits only authorized originating and receiving institutions to receive, transmit, translate, and/or | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preventing unauthorized | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preventing unauthorized |

EXHIBIT C TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page C16

| No. | '868 Claim Terms for Construction | Plaintiff Construction | Defendant "Group 1" Construction | Defendant "Group 2" Construction |
|---|---|---|---|---|
| | financial instrument information within the system" is in means-plus-function format subject to 35 U.S.C. § 112(6). | store financial instrument information. **Intrinsic Evidence** '868 Patent, at Col. 6:11-26; 8:8-23 **Extrinsic Evidence:** Testimony of David James | reception, transmission, translation and storage of any financial instrument information within the system. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. Extrinsic Evidence: Testimony from Dr. Perry. | reception, transmission, translation and storage of any financial instrument information within the system. Corresponding Structure: The specification of the '868 patent does not disclose structure sufficient to perform the recited function. Intrinsic Evidence: Col. 6:11-17; Col. 8:8-16; Applicant's Response, pp. 34, 37 (June 13, 1997). |
| | **Claim 61** | | | |
| 29. | Preamble should be construed as limiting. | Preamble is not limiting and the language in preamble does not need to be construed. See, e.g., Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | Preamble contains limiting terms, including term(s) requiring construction(s). | |
| | **Claim 80** | | | |
| 30. | Preamble should be construed as limiting. | Preamble is not limiting and the language in preamble does not need to be construed. See, e.g., Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | Preamble contains limiting terms, including term(s) requiring construction(s). | |

EXHIBIT C TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page CJ17

# EXHIBIT D

*DataTreasury Corporation v. Wells Fargo & Company, et al.*
P.R. 4-3(b) PARTIES DISPUTED CONSTRUCTIONS FOR U.S. PATENT NO. 5,583,759

| No. | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction |
|---|---|---|---|
| | **Claim 1** | | |
| 1. | Preamble should be construed as limiting. | Preamble is not limiting and the language in preamble does not need to be construed. *See, e.g.,* Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | Preamble contains limiting terms, including term(s) requiring construction(s). |
| 2. | "financial instruments drawn on different institutions that are received by a payee at a first location" | Preamble is not limiting and the language in preamble does not need to be construed. *See, e.g.,* Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985).<br><br>Alternatively, Plaintiff's construction is: the plain meaning of the words.<br><br>"Financial instrument": A document in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, coupons.<br><br>Extrinsic evidence:<br><br>The Dictionary of Banking, Woelfel (1994) | Financial instruments that are drawn on different financial institutions and that are received by a payee at a payee controlled location geographically distant from, and not at any of the facilities of, the collecting and clearing bank.<br><br>Intrinsic Evidence:<br><br>(2:16-20); (2:21-24); (2:56-63); (3:1-16); (4:3-9); (4:40-44); (5:8-13); (6:30-31); (6:65-67); FIG 1; Response (Nov 30, 2004) at 17; Huntington Banks, Electronic Check Deposit (ECD) Service Brochure (1994). |
| 3. | "said first location determined by the payee remote from the payee's collecting and clearing bank" | Preamble is not limiting and the language in preamble does not need to be construed. *See, e.g.,* Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. | Payee's physical site, which is geographically distant from, and not at any of the facilities of, the bank that performs deposit, collecting, or clearing for the payee. |

**EXHIBIT D TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page D1**

| No. | "759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction |
|---|---|---|---|
| | | 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). Alternatively, Plaintiff's construction is: A location separate from the payee's collecting and clearing bank, but connected by a communication link. <br><br> Intrinsic evidence: <br> Col.4 l.4-6; col.5 l.7-9. | Intrinsic Evidence: <br> (2:16-20); (2:21-24); (2:56-63); (3:1-16); (4:3-9); (4:40-44); (5:8-13); (6:30-31); (6:65-67); FIG 1; Response (Nov 30, 2004) at 17; Huntington Banks, Electronic Check Deposit (ECD) Service Brochure (1994). <br><br> Extrinsic Evidence: <br> "remote", Random House Webster's College Dictionary, Random House, Inc. (1992) – "far apart; far distant in space." <br><br> "remote", The Oxford English Dictionary (2d ed.) (1989) – "1. placed or situated at a distance or interval from each other; far apart. ...2. a. far away, far off, distance from some place, thing or person; removed, set apart." <br><br> "remote", Webster's Third New International Dictionary of the English Language Unabridged (1986) – "2. far removed in space, time, relation or likeness: not near or immediate: far, distant." |
| 4. | "for applying to the instruments ... a separate indorsement on behalf of each of the payee and the collecting and clearing bank with respect to each instrument received" <br><br> "applying to the instruments ... separate indorsements on behalf of each of the payee and the collecting and clearing bank with respect to each instrument | "Separate indorsement" is defined, below. <br><br> "Collecting and clearing bank": "A bank that deposits funds in the payee's account based on received cash letter. <br><br> **Intrinsic Evidence** <br> '759 Patent, at Col. 1:28-30; 2:17-19 | The printer operates to print two distinct indorsements at the same time on the reverse side of a financial instrument, one on behalf of the payee and the other on behalf of the collecting and clearing bank. <br><br> Intrinsic Evidence: <br> (2:9-12); (3:1-7); (4:3-8); (4:26-35); (4:40-44); (4:45-52); (5:13-15); (5:46-6:3); (6:36-40); |

EXHIBIT D TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page D2

| No. | '759 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction |
|---|---|---|---|
| | received" (Claim 5 of '759) <br><br> "applying to each of said instruments a separate indorsement on behalf of each of said payee and said depository bank" (Claim 5 of '778) | | Response (Nov 30, 2004) at 17; Huntington Banks, Electronic Check Deposit (ECD) Service Brochure (1994). |
| 5. | "a separate indorsement" | "*Indorsement*": Payment instructions and the identity of the indorser applied to an instrument. <br><br> **Intrinsic Evidence:** <br><br> '759 Patent, at Abstract; Col. 2:9-12; 3:4-7; 5:13-15 <br><br> **Extrinsic Evidence** <br><br> Dictionary of Banking Terms (Barron's 1990), at 218 (defining "endorsement" as "signature on the back of a negotiable instrument, such as a check. Endorsement legally transfers ownership to another party."); <br><br> Webster's Encyclopedic Unabridged Dictionary of the English Language, Random House, Inc., p. 472, 726 (1994) (defining "endorsement" as "(2) the placing of one's signature, instructions, etc., on a document.") <br><br> "*Separate*": One on behalf of the payee, and one on behalf of the collecting and clearing bank." | Two distinct indorsements, each printed at the same time on the reverse side of a financial instrument. <br><br> Intrinsic Evidence: <br><br> (2:9-12); (3:1-7); (4:3-8); (4:26-35); (4:40-44); (4:45-52); (5:13-15); (5:46-6:3); (6:36-40) <br><br> Extrinsic Evidence: <br><br> "*endorsement*", The Dictionary of Banking (Woelfel 1994) – "the writing on the back of a negotiable or other instrument, including endorsement in blank, special endorsement, conditional endorsement, qualified endorsement, and restrictive endorsement." <br><br> ANSI X9/TG-2, "guidelines for the Standardization of Check Writing, Check Design, and Data Element Location" (1990). |
| 6. | "means at the first location for preparing one or more cash letters associated with each assembled group of instruments" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Preparing one or more cash letters at the first location. | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Preparing one or more cash letters associated with each assembled groups of instruments. |

EXHIBIT D TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page D3

| No. | '759 Claim Terms for Construction | Plaintiff Construction | Defendant "Group 1" Construction |
|---|---|---|---|
| | | Corresponding Structure: Central processing unit 13 or sorter 1 as in Fig. 1<br><br>**Intrinsic Evidence**<br><br>'759 Patent, at Fig. 1<br>Col. 2:2-15; 3:29-35; 3:52-63; 4:12-16;4:19-21; 5:40-45; 5:63-65; 6:36-44;<br><br>**Extrinsic Evidence**<br><br>Testimony of Terry L. Geer<br><br>Testimony of David James<br><br>Testimony of Dr. Mullineaux. | Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence:<br><br>(4:12-15); (5:63-65); (6:41-43) |
| 7. | "transport means for delivering the groups of instruments and the one or more cash letters from the first location to a second location for receipt into the payment system according to parameters determined by the payee's collecting and clearing bank" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Delivering groups of instruments and one or more cash letters.<br><br>Corresponding Structure: Air or ground transportation [Fig. 1, 2].<br><br>Intrinsic Evidence:<br><br>'868 Patent, at Col.6:65-68. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Delivering the groups of instruments and the one or more cash letters from the first location to a second location, without intermediate delivery to the payee's collecting and clearing bank, for receipt into the payment system according to parameters determined by the payee's collecting and clearing bank.<br><br>Corresponding Structure: Conventional ground or air delivery that delivers the instruments (as sorted and bundled at the first location) and the cash letters (as prepared at the first location) into the payment system without further sorting or bundling or preparation of cash letters at the second location or any other location.<br><br>Intrinsic Evidence: |

**EXHIBIT D TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page D4**

| No. | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction |
|---|---|---|---|
| | | | (1:13-16); (1:56-62); (2:21-24); (2:39-40); (3:10-15); (4:25-45); (5:33-34); (5:46-6:3); (6:65-67); FIG 1; Response (Nov 30, 2004) at 17; May 5, 1995 Response Under 37 C.F.R. §1,116, pp. 11-19, Application No. 08/156,190; Huntington Banks, Electronic Check Deposit (ECD) Service Brochure (1994). |
| 8. | "delivering the groups of instruments and the one or more cash letters from the first location to a second location" <br><br> Delivering the assembled groups of instruments and the one or more cash letters associated therewith from the first location to a second location (Claim 5) | Transporting from the first location to the check payment system via air or ground transportation [Fig. 1, 2]. <br><br> Intrinsic Evidence: <br><br> '759 Patent, at Claim 1; Col. 5; 11; 4:25-35; 6:65-7. | Delivering the assembled groups of instruments and the one or more cash letters from the first location to a second location, without intermediate delivery to the payee's collecting and clearing bank. <br><br> Intrinsic Evidence: <br><br> (1:13-16); (1:56-62); (2:21-24); (2:39-40); (3:10-15); (4:25-45); (5:33-34); (5:46-6:3); (6:65-67); FIG 1; May 5, 1995 Response Under 37 C.F.R. §1,116, pp. 11-19, Application No. 08/156,190 |
| 9. | "second location" | A site for the check payment system that is remote or separate from the first location. | A subsequent site geographically distant from the payee and the collecting and clearing bank where financial instruments are submitted into the check payment system. <br><br> Intrinsic Evidence: <br><br> (1:13-16); (1:56-62); (2:21-24); (2:39-40); (3:10-15); (4:25-45); (5:33-34); (5:46-6:3); (6:65-67); FIG 1; May 5, 1995 Response Under 37 C.F.R. §1,116, pp. 11-19, Application No. 08/156,190 |
| 10. | "a central processing unit and | This term is too long and too cumbersome to | A central processing unit and communication |

EXHIBIT D TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page D5

| No. | '759 Claim Terms for Construction | Plaintiff Construction | Defendant (Group 1) Construction |
|---|---|---|---|
| | communication link providing a coordination between the payee and the payee's collecting and clearing bank which predetermines the timing and monitors the transport of the sorted instruments and the cash letters associated therewith and coordinates the recordation of the deposit of the funds represented by the instruments with the collecting and clearing bank in a sequence coordinated with the timing of a settlement of accounts in the check payment system." | construe as a single term.<br><br>Central processing unit: a conventional programmable computer.<br><br>Communication link: Connections for transmitting electronic data.<br><br>Intrinsic Evidence: '759 Patent, at Fig. 1; Col. 2:1-5; 4:15-20; 5:60-67; 6:9-16; 6:22-24<br><br>Cash letters: A listing of checks and the amounts of the checks drawn on a particular institution or group of institutions in a particular area.<br><br>Extrinsic Evidence:<br><br>The Dictionary of Banking, Woelfel (1994).<br><br>The rest is plain meaning. | link that:<br><br>(1) ensure cooperation in a common action or effort between the payee and the payee's collecting and clearing bank;<br><br>(2) determine the timing in advance of the transport and monitor the transport of the sorted instruments and the associated cash letters; and<br><br>(3) control when funds are credited to the payee's account at the collecting and clearing bank, dependent upon the timing of receiving notification that an instrument was settled through the payment system.<br><br>Intrinsic Evidence:<br><br>(2:21-31); (2:39-44); (4:19-35); (4:45-52); (5:57-62); (6:45-64)<br><br>Extrinsic Evidence:<br><br>"coordination", Oxford English Dictionary (2d ed.) (1989) – "3. harmonious combination of agents or functions towards the production of a result."<br><br>"predetermine", Webster's Encyclopedic Unabridged Dictionary of the English Language, Random House, Inc., (1994) – "to settle or decide in advance." |
| 11. | "settlement of accounts" | A calculation of aggregate amounts owing and payable  In each account.<br><br>Intrinsic evidence: '759 Patent, at Col. 3: 63-67; 6:59-64. | A calculation and transfer of total amounts owed and payable from each financial institution's account.<br><br>Intrinsic Evidence: |

EXHIBIT D TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page D6

| No. | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction |
|---|---|---|---|
| | | **Extrinsic evidence:**<br><br>Dictionary of Banking Terms (Barron's 1990), at 562 (defining "settlement" as "the accounting process recording the respective debit and credit positions of the two parties involved in a transfer of funds."). | (3:57-4:2); (6:9-16); (6:59-64)<br><br>**Extrinsic Evidence:**<br><br>"*settlement*", The Dictionary of Banking (Woelfel 1994), "in general, the striking of balance between two or more parties having mutual dealings with one another and payment of the debit balance by the debtor to the creditor; the striking of balances among members of a clearinghouse association." |
| **Claim 5** | | | |
| 12. | Preamble should be construed as limiting. | Preamble is not limiting and the language in preamble does not need to be construed. See, e.g., Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | Preamble contains limiting terms, including term(s) requiring construction(s). |
| 13. | This claim should be construed to require a specific order of performing the steps below | Plaintiff contends that these steps are not required to take place in any particular order.<br><br>**Extrinsic Evidence:**<br><br>Testimony by Don Mullineaux. | This claim should be construed to require the following sequence of steps:<br><br>(1) receiving financial instruments;<br>(2) sorting and indorsing financial instruments;<br>(3) assembling the financial instruments into discrete bundles;<br>(4) prepare cash letters; and<br>(5) reporting the information in the cash letter.<br><br>**Intrinsic Evidence:**<br><br>(3:10-16); (4:3-16); (4:18-26); (6:35-40) |
| 14. | "first location remote from the payee's | Preamble is not limiting and the language in | Payee's physical site, which is geographically |

**EXHIBIT D TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page D7**

| No. | "759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction |
|---|---|---|---|
| | collecting and clearing bank" | preamble does not need to be construed. See, e.g., Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985).<br><br>Alternatively, Plaintiff's construction is:<br><br>A location separate from the payee's collecting and clearing bank, but connected by a communication link.<br><br>Intrinsic evidence:<br><br>Col.4 l.4-6; col.5 l.7-9. | distant from, and not at any of the facilities of, the bank that performs deposit, collecting, or clearing for the payee.<br><br>Intrinsic Evidence:<br><br>(2:16-20); (2:21-24); (2:56-63); (3:1-16); (4:3-9); (4:40-44); (5:8-13); (6:30-31); (6:65-67); FIG 1; Response (Nov 30, 2004) at 17; Huntington Banks, Electronic Check Deposit (ECD) Service Brochure (1994). |
| 15. | "separate indorsements" | "Indorsement": payment instructions and the identity of the indorser applied to an instrument.<br><br>Intrinsic Evidence:<br><br>'759 Patent, at Abstract; Col. 2:9-12; 3:4-7; 5:13-15<br><br>**Extrinsic Evidence**<br><br>Dictionary of Banking Terms (Barron's 1990), at 218 (defining "endorsement" as "signature on the back of a negotiable instrument, such as a check. Endorsement legally transfers ownership to another party.");<br><br>Webster's Encyclopedic Unabridged Dictionary of the English Language, Random House, Inc., p. 472, 726 (1994) (defining "endorsement" as "(2) the placing of one's signature, instructions, etc., on a document.")<br><br>"Separate": one on behalf of the payee, and | Two distinct indorsements, each printed at the same time on the reverse side of a financial instrument.<br><br>Intrinsic Evidence:<br><br>(2:9-12); (3:1-7); (4:3-8); (4:26-35); (4:40-44); (4:45-52); (5:13-15); (5:46-6:3); (6:36-40)<br><br>Extrinsic Evidence:<br><br>ANSI X9/TG-2, "Guidelines for the Standardization of Check Writing, Check Design, and Data Element Location" (1990). |

| No. | '759 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction |
|---|---|---|---|
| | | one on behalf of the collecting and clearing bank. | |
| 16. | "sequence coordinated with the timing of a settlement of the collecting and clearing bank's account" | The recording of the checks as a deposit in the payee's account is coordinated with the timing of the issue of a credit to the bank when a settlement of the accounts represented by the checks is received through the check payment system.<br><br>Intrinsic evidence:<br><br>'759 Patent at Claim 5, Col. 8:23-27; 6:59-64. | Controlling when funds are credited to the payee's account at the collecting and clearing bank, dependent upon the timing of receiving notification that an instrument was settled through the payment system.<br><br>Intrinsic Evidence:<br><br>(6:45-64) |
| **Claim 11** | | | |
| 17. | Preamble should be construed as limiting. | Preamble is not limiting and the language in preamble does not need to be construed. See, e.g., Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | Preamble contains limiting terms, including term(s) requiring construction(s). |
| 18. | "financial instruments drawn on different institutions that are received by different payees" | The language is in the preamble, which does not need to be construed.<br><br>Alternatively,<br><br>Plain meaning. "financial instruments": A document in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, coupons.<br><br>Extrinsic evidence:<br><br>The Dictionary of Banking, Woelfel (1994) | Financial instruments that are drawn on different financial institutions and that are received by multiple payees at a location geographically distant from, and not any of the facilities of, the collecting and clearing bank.<br><br>Intrinsic Evidence:<br><br>(2:21-24); (2:56-63); (3:1-16); (4:3-9); (4:40-44); (5:18-40); (6:30-31); (6:65-67); FIG 1; FIG 2; Response (Nov 30, 2004) at 17; Huntington Banks, Electronic Check Deposit (ECD) Service Brochure (1994). |

EXHIBIT D TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page D9

| No. | '759 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction |
|---|---|---|---|
| 19. | "a means at said first location for applying separate indorsements to the instruments on behalf of each of the one or more banks of first deposit and payees, and the bank of subsequent deposit to each instrument received" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Applying separate indorsements to the instruments.<br><br>Corresponding Structure: A printer or stamping mechanism.<br><br>Intrinsic evidence:<br><br>'759 Patent, at Col. 2:10-12; 3:4-7; 5:59; 6:35-40; [indorsement applier 11]. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Applying separate indorsements to the instruments on behalf of each of the one or more banks of first deposit and payees and the bank of subsequent deposit with respect to each instrument received.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Extrinsic Evidence:<br><br>Testimony from Dr. Perry. |
| 20. | "means for preparing one or more cash letters associated with each assembled group of sorted instruments" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preparing one or more cash letters associated with each assembled group of sorted instruments.<br><br>Corresponding Structure: A central processing unit operating alone or by an operator [Fig. 1].<br><br>Intrinsic Evidence:<br><br>'759 Patent, at Fig. 1; Col. 3:29-35; 3:52-63; 4:12-16; 4:19-21; 5:40-45; 5:63-65; 6:36-44 | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preparing one or more cash letters associated with each assembled group of sorted instruments.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence:<br><br>(4:12-15); (5:63-65); (6:41-43) |
| 21. | "reporting to the respective banks and payee information in the cash letters" | Transmitting information in or about the cash letters to the banks and/or to the payee.<br><br>Intrinsic evidence:<br><br>'759 Patent at Claim 11; Col. 8:64—9:1; 6:45- | Transmitting cash letter information from the first location to each of the bank(s) of first deposit, payee, and bank of subsequent deposit.<br><br>Intrinsic Evidence: |

EXHIBIT D TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page D10

| No. | '759 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1* Construction |
|---|---|---|---|
| | | 49 | (5:15-32); (5:58-64) |
| 22. | "transport means for delivering the groups of instruments and the one or more cash letters from the first location to a second location for introduction into the payment system according to parameters determined by the bank of subsequent deposit" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). Function: Delivering groups of instruments and one or more cash letters. Corresponding Structure: air or ground transportation [Fig. 1, 2]; Intrinsic Evidence: '868 Patent, at Col.6:65-68. | This term should be construed under 35 U.S.C. § 112(6). Function: Delivering the groups of instruments and the one or more cash letters from the first location to a second location, without intermediate delivery to the payee's collecting and clearing bank, for introduction into the payment system according to parameters determined by the bank of subsequent deposit. Corresponding Structure: The structure is conventional ground or air delivery that delivers the instruments (as sorted and bundled at the first location) and the cash letters (as prepared at the first location) into the payment system without further sorting or bundling or preparation of cash letters at the second location or any other location. Intrinsic Evidence: (4:25-45); (5:18-40); FIG 2; May 5, 1995 Response Under 37 C.F.R. §1.116, pp. 11-19, Application No. 08/156,190. |
| 23. | "a control unit interconnecting the banks and predetermining the timing and monitoring the transport of the sorted instruments" | A central processing unit and communication link connecting the banks. Intrinsic Evidence: '759 Patent, at Col. 2:24-26; 5:60; 6:53-64 | A computer allowing electronic processing and communication between the banks and directing in advance the timing of the transport of the sorted instruments and monitoring the transport of the sorted instruments. Intrinsic Evidence: |

EXHIBIT D TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page D11

| No. | '759 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1st Construction |
|---|---|---|---|
| | | | (2:21-31); (4:19-26); (5:18-22); (5:28-32); (5:37-40); (5:57-63); (6:53-64); FIG 2<br><br>Extrinsic Evidence:<br><br>"controller", Academic Press Dictionary of Science and Technology (1992). — "Control Systems. A device that directs the transmission of information over the data links of a network; it is controlled by a program either within the device or in a processor to which the controller is connected." |
| 24. | "coordinate the recordation of the deposit of the funds represented by the instruments in the account with the collecting and clearing bank in a sequence coordinated with the timing of settlement in the check payment system" | The recording of the checks as a deposit in the payee's account is coordinated with the timing of the issue of a credit to the bank when a settlement of the accounts represented by the checks is received through the check payment system.<br><br>Intrinsic evidence:<br><br>'759 Patent at Claim 5, Col. 8:23-27; 6:59-64. | The control unit controls when funds are credited to the payee's account at the collecting and clearing bank, dependent upon the timing of receiving notification that an instrument was settled through the payment system.<br><br>Intrinsic Evidence:<br><br>(2:21-31); (6:45-64) |
| **Claim 14** | | | |
| 25. | Preamble should be construed as limiting. | Preamble is not limiting and the language in preamble does not need to be construed. See, e.g., Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | Preamble contains limiting terms, including term(s) requiring construction(s). |
| 26. | This claim should be construed to require a specific order of performing the steps below | Plaintiff contends that these steps are not required to take place in any particular order.<br><br>Extrinsic evidence: | This claim should be construed to require the following sequence of steps:<br><br>(1) receiving financial instruments; |

EXHIBIT D TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page D12

| No. | '759 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1" Construction |
|-----|-----------------------------------|------------------------|----------------------------------|
| | | Testimony of Dr. Mullineaux | (2) sorting and indorsing financial instruments; (3) assembling the financial instruments into discrete bundles; (4) prepare cash letters; and (5) reporting the information in the cash letter. <br><br> Intrinsic Evidence: <br><br> (3:10-16); (4:3-16); (4:18-26); (5:8-32); (5:63-65) |
| 27. | "delivering the groups of instruments and the one or more cash letters" | Transporting from the first location to the check payment system via air or ground transportation [Fig. 1, 2]. | Delivering the groups of instruments and the one or more cash letters from the first location into the payment system, without intermediate delivery to the bank of subsequent deposit. <br><br> Intrinsic Evidence: <br><br> (1:13-16); (1:56-62); (2:21-24); (3:10-15); (4:25-45); (5:33-34); (5:46-6:3); (6:65-67); FIG 2; May 5, 1995 Response Under 37 C.F.R. §1.116, pp. 11-19, Application No. 08/156,190 |

**EXHIBIT D TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page D13**

# EXHIBIT E

*DataTreasury Corporation v. Wells Fargo & Company, et al.*
P.R. 4-3(b) PARTIES DISPUTED CONSTRUCTIONS FOR U.S. PATENT NO. 5,930,778

| No. | '778 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction |
|-----|-----------------------------------|------------------------|----------------------------------|
| | **Claim 1** | | |
| 1. | Preamble should be construed as limiting. | Preamble is not limiting and the language in preamble does not need to be construed. *See, e.g.*, Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | Preamble contains limiting terms, including term(s) requiring construction(s). |
| 2. | "received . . . by a payee at a location convenient to a payee's item capture facility and remote from the payee's depository bank" | This language is in the preamble and does not need to be construed. | Physically received at the payee's facility where the payee performs its own processing of checks and other cash items geographically distant from all facilities of the payee's bank.<br><br>Intrinsic Evidence:<br><br>(1:18-25); (4:43-54); (4:49-62); (5:1-6); (5:10-16); (5:31-34); (6:24-32); (6:40-49); (7:4-16); (8:1-9); (8:45-54); (8:48-54); (8:55-58); (10:58-63); (11:55-66); (12:38-43); (13:17-29); (13:50-55); (14:13-16); Abstract; FIG 1; FIG 2; Response (Nov 30, 2004) at 17; Huntington Banks, Electronic Check Deposit (ECD) Service Brochure (1994).<br><br>Extrinsic Evidence:<br><br>"*remote*", Random House Webster's College Dictionary, Random House, Inc. (1992) – "far apart; far distant in space."<br><br>"*remote*", The Oxford English Dictionary (2d ed.) (1989) – "1. placed or situated at a |

EXHIBIT E TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page E1

| No. | '778 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction |
|---|---|---|---|
| | | | distance or interval from each other; far apart. . . . 2. a. far away, far off, distance from some place, thing or person; removed, set apart." <br><br>"*remote*", Webster's Third New International Dictionary of the English Language Unabridged (1986) – "2 : far removed in space, time, relation or likeness : not near or immediate : far, distant." |
| 3. | "payee's item capture facility" <br><br>"an item capture facility at a first location convenient to the payee for receiving said check and payment associated with the check" (Claim 11) | Site where remittance processing or deposit processing functions of the payee occur. <br><br>**Intrinsic Evidence** <br><br>'778 Patent, at Col. 7:5-15 | Payee's facility where payee performs its own processing of financial instruments; for example, a site where a retail organization payee performs remittance processing functions. <br><br>Intrinsic Evidence: <br><br>(1:18-25); (4:43-54); (6:40-49); (7:4-16); (8:1-9); (8:45-54); (10:58-63); (13:17-29); *Abstract*; FIG 1; FIG 2: Response (Nov 30, 2004) at 17; Huntington Banks, Electronic Check Deposit (ECD) Service Brochure (1994). |
| 4. | "payee's depository bank" | The bank of first deposit where payee has an account, and where the physical instruments would otherwise be delivered. <br><br>**Intrinsic Evidence** <br><br>'778 Patent, at Col. 9:10-15; 6:24-37 | The bank where the financial instrument would have been delivered for deposit, had it not been processed at the payee's location. <br><br>Intrinsic Evidence: <br><br>(1:28-31); (3:7-9); (4:19-21); (4:43-54); (5:58-61); (6:48-49); (7:26-37); (8:55-58); (9:25-37); (11:65-66); *Abstract*; FIG 1; FIG 2: Response (Nov 30, 2004) at 17; Huntington Banks, Electronic Check Deposit (ECD) Service Brochure (1994). |
| 5. | "at a location" | "At a location" is in the preamble, which does | At a payee's facility geographically distant |

**EXHIBIT E TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 –** Page E2

| No. | '778 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction |
|---|---|---|---|
| | "at the location"<br><br>"said location" | not need to be construed.<br><br>"At the location" - plain meaning.<br><br>See, e.g., Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | from all facilities of the payee's bank. All instances of "location" refer to the location identified in the preamble, namely, a location geographically distant from all the facilities at the payer's bank.<br><br>Intrinsic Evidence:<br><br>(4:49-62); (5:1-6); (5:10-16); (5:31-34); (6:24-32); (6:44-49); (7:8-11); (8:48-54); (8:55-58); (11:65-66); (12:39-43); (13:50-55); (14:13-16); FIG 1; FIG 2; Response (Nov 30, 2004) at 17; Huntington Banks, Electronic Check Deposit (ECD) Service Brochure (1994). |
| 6. | "scanner" | An electronic reader that reads at least MICR data<br><br>Intrinsic Evidence<br><br>'778 Patent, at 7:40-47 | A magnetic reader that collects MICR data printed in magnetic ink on a physical document.<br><br>Intrinsic Evidence:<br><br>(4:54-67); (7:38-50); (8:59-67); (10:44-47); (11:1-7); (12:52-58) |
| 7. | "means for associating said financial information with the payee's records of accounts based upon information derived from the payment stub accompanying the instrument for further processing by the payee" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function:<br>Associating said financial information with the payee's records of accounts based upon information derived from the payment stub accompanying the instrument for further processing by the payee.<br><br>Corresponding Structure: the accounting system and personnel [Fig. 2, 5].<br><br>Intrinsic Evidence: | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Associating said financial information with the payee's records of accounts based upon information derived from the payment stub accompanying the instrument for further processing by the payee.<br><br>Corresponding Structure:  Specification does not disclose structure sufficient to perform the recited function. |

EXHIBIT E TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page E3

| No. | '778 Claim Terms for Construction | Plaintiff Construction | "Defendant Group I" Construction |
|---|---|---|---|
| | | | **Intrinsic Evidence:** (4:20-25); (5:58-64); (8:1-9); FIG 1; FIG 2 **Extrinsic Evidence:** Testimony from Dr. Perry. |
| 8. | "imager" | A device for creating an electronic representation of an instrument. **Intrinsic Evidence** '778 Patent, at Fig. 2, Col. 8:10-27; 8:59-67 **Extrinsic Evidence:** Testimony of Terry L. Geer | Means for creating an optically or electro-optically formed reproduction of a tangible object. |
| 9. | "imager for creating a second record translatable into a visually perceptible image of each of said financial instruments" is in means-plus-function format subject to 35 U.S.C. § 112(6). | A device that creates an electronic representation of an instrument. **Intrinsic Evidence** '778 Patent, at Fig. 2, Col. 8:10-27; 8:59-67. **Extrinsic Evidence** Testimony of David James | There is no well-known structure associated with the word "imager." This term should be construed under 35 U.S.C. § 112(6). **Function:** Creating a second record translatable into a visually perceptible image of each of said financial instruments. **Corresponding Structure:** Item 7 of Figure 1, "electronic imaging." An actual structure is not disclosed other than by specifying electronic means are utilized. **Intrinsic Evidence:** (5:1-9); (6:38-49); (8:10-27); (8:38-42); (8:48-67); (9:1-10); (9:64-67); (10:48-67); (14:17-32) |

EXHIBIT E TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page E4

| No. | '778 Claim Terms for Construction | Plaintiff Construction | Defendant 'Group 1' Construction |
|-----|-----------------------------------|------------------------|----------------------------------|
| | **Claim 2** | | |
| 10. | "means for adding to the record of each instrument an indorsement indicia on behalf of each of payee and the bank" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Adding to the record of each instrument an indorsement indicia.<br><br>Corresponding Structure: A sorter.<br><br>**Intrinsic Evidence**<br>'778 Patent, at Col. 11:36-41; 5:13-21; Fig. 2 | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Adding to the record of each instrument an indorsement indicia on behalf of each of payee and the bank.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence:<br><br>Extrinsic Evidence:<br><br>Testimony from Dr. Perry. |
| | **Claim 5** | | |
| 11. | Preamble should be construed as limiting. | Preamble is not limiting and the language in preamble does not need to be construed. See, e.g., Catalina Mktg. Int'l Inc. v. Coolsavings.com Inc., 289 F.3d 801 (Fed. Cir. 2002); DeGeorge v. Bernier, 768 F.2d 1318 (Fed. Cir. 1985). | Preamble contains limiting terms, including term(s) requiring construction(s). |
| 12. | "means for associating said information with the payee's records of accounts corresponding to the payment form" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Associating said financial information with payees record of accounts corresponding to the payment form.<br><br>Corresponding Structure: The accounting system and personnel [Fig. 2, 5].<br><br>**Intrinsic Evidence** | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Associating said financial information with the payee's records of accounts based upon information derived from the payment stub accompanying the instrument for further processing by the payee.<br><br>Corresponding Structure: The structure is item 5 in Figures 1 and 2, although the |

**EXHIBIT E TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page E5**

| No. | '778 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction |
|---|---|---|---|
| | | '778 Patent, at Col. 1:28-41; Fig. 1; 7:22-24 | software for running it is unknown.<br><br>Intrinsic Evidence:<br><br>(3:30-54); (4:19-26); (4:54-67); (5:58-64); (6:50-66); (7:4-25); (7:56-61); (8:1-9); (13:17-29); FIG 1; FIG 2<br><br>Extrinsic Evidence:<br><br>Testimony from Dr. Perry. |
| 13. | "means at said facility for applying to each of said instruments a separate indorsement on behalf of each of said payee and said depository bank" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Applying to each of said instruments a separate indorsement.<br><br>Corresponding Structure: The mechanical sorter.<br><br>Intrinsic Evidence<br><br>'778 Patent, at Claim 2; 12:52-57 | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Applying to each of said instruments a separate indorsement on behalf of each of said payee and said depository bank.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Intrinsic Evidence:<br><br>Extrinsic Evidence:<br><br>Testimony from Dr. Perry. |
| 14. | "separate indorsement on behalf of each of said payee and said depository bank" | "Indorsement": Payment instructions and the identity of the indorsor applied to an instrument.<br><br>"Separate": One on behalf of the payee, and one on behalf of the collecting and clearing bank. | Two distinct indorsements, each printed at the same time on the reverse side of a financial instrument, one on behalf of the payee and the other on behalf of the payee's depository bank.<br><br>Intrinsic Evidence: |

EXHIBIT E TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page E6

| No. | '778 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1 Construction |
|---|---|---|---|
|  |  | Intrinsic evidence: '778 Patent, at Claim 2; 11:38-44; 12:52-57. | (4:65-5:20); (11:12-27); (11:29-44); (11:59-67); (12:38-51); (13:1-15). Extrinsic Evidence: "endorsement", The Dictionary of Banking (Woelfel 1994) – "the writing on the back of a negotiable or other instrument, including endorsement in blank, special endorsement, conditional endorsement, qualified endorsement, and restrictive endorsement." ANSI X9/TG-2, "guidelines for the Standardization of Check Writing, Check Design, and Data Element Location" (1990). |
| 15. | "means at said facility for preparing at least one cash letter for association with each bundled group of instruments" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). Function: Preparing at least one cash letter at said facility. Corresponding Structure: Sorter at the depository bank" Intrinsic Evidence: '778 Patent, at Col. 9:52-55; 11:22-24;11:44-45; 12:55-58 | This term should be construed under 35 U.S.C. § 112(6). Function: Preparing at least one cash letter for association with each bundled group of instruments. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. Intrinsic Evidence: (14:13-32) |
| 16. | "means for assembling information scanned from the instruments into a transmittable record with respect to each instrument in a correspondence with the bank" is in means-plus-function format subject to 35 U.S.C. | This term should be construed under 35 U.S.C. § 112(6). Function: Assembling information scanned from the instruments into a transmittable record. | This term should be construed under 35 U.S.C. § 112(6). Function: Assembling information scanned from the instruments into a transmittable record with respect to each instrument in a correspondence with the bundled groups and |

EXHIBIT E TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page E7

| No. | '778 Claim Terms for Construction | Plaintiff Construction | Defendant Group 1' Construction |
|---|---|---|---|
| | § 112(6). | Corresponding Structure: A sorter or processor. Intrinsic Evidence: '778 Patent, at Col. 7.38-61. | cash letters for communication to the bank. Corresponding Structure: The specification does not disclose structure sufficient to perform the recited function. Intrinsic Evidence: (4-54-67); (6-40-50); (9:1-24) Extrinsic Evidence: Testimony from Dr. Perry. |
| 17. | "transport means for delivering said bundled groups of sorted instruments with associated cash letters from the facility into said payment system" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). Function: Delivering said bundled groups of sorted instruments. Corresponding Structure: Air or ground transportation. Intrinsic Evidence: '778 Patent, at Col. 5:30-35. | This term should be construed under 35 U.S.C. § 112(6). Function: Delivering said bundled groups of sorted instruments with associated cash letters from the facility into said payment system, without intermediate delivery to the payee's depository bank. Corresponding Structure: The structure is conventional ground or air delivery that delivers the bundled groups of instruments with associated cash letters into the payment system without further sorting or bundling or preparation of cash letters at the payee's depository bank. Intrinsic Evidence: (5:25-34); (11:45-56); (14:13-16); May 5, 1995 Response Under 37 C.F.R. §1.116, pp. 11-19, Application No. 08/756,190 |
| 18. | "coordinating the delivery of the | Controlling the process of the introduction of | Controlling the timing of transport of the |

EXHIBIT E TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN COMPLIANCE WITH PATENT RULE 4-3 – Page E8

| No. | '778 Claim Terms for Construction | Plaintiff Construction | Defendant (Group 1) Construction |
|---|---|---|---|
|  | instruments and cash letters into the payment system" | instruments into the payment system.<br><br>Intrinsic Evidence:<br><br>'778 Patent, at Claim 5(i); Col. 10:19-27; 13:66—14:16. | instruments and cash letters into the payment system.<br><br>Intrinsic Evidence:<br><br>(5:35-45); (11:65-12:13); (13:56-14:8)<br><br>Extrinsic Evidence:<br><br>"coordinate", Random House Webster's College Dictionary, Random House, Inc. (1992) – "(9) to place or arrange in proper order or position."<br><br>"coordinate", The Oxford English Dictionary (2d ed.) (1989) – 2. to place or arrange (things) in proper position relatively to each other and to the system of which they form parts; to bring into proper combined order as parts of a whole." |

EXHIBIT E TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT IN
COMPLIANCE WITH PATENT RULE 4-3 – Page E9