**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **DATATREASURY CORP.,** | § | |
| Plaintiff, | § § | |
| v. | § § | No. 2:06-CV-72-DF |
| **WELLS FARGO & CO.,** *et al.*, | § § | |
| Defendants. | § § | |

**CITIZENS FINANCIAL GROUP, INC.'S SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF JOINT DEFENSE AGREEMENT**

In its Reply, DataTreasury Corporation ("Plaintiff") again fails to acknowledge this Court's established precedent finding that joint defense agreements are privileged documents afforded protection that can only be overcome by a showing of substantial need by the requesting party. Plaintiff's proffered reasons for compelling production of the Joint Defense Agreement ("JDA") are not relevant to a claim or defense in this case, do not demonstrate a substantial need for the privileged information, and are legally unsupported.[1]

**I.   THE JDA IS PRIVILEGED UNDER THE WORK-PRODUCT DOCTRINE AND PLAINTIFF HAS NOT MADE THE NECESSARY SHOWING TO OVERCOME THAT PRIVILEGE.**

Without question, the JDA is privileged material. Rule 26(b)(3), which codifies the common-law work-product doctrine, strictly limits the discovery of material that was "prepared in anticipation of litigation or for trial . . . ."[2] The JDA is protected by Rule 26(b)(3) because, as its title suggests, it is a document that was prepared in anticipation of litigation or for trial.[3]

---

[1] If the Court so desires, Citizens Financial will submit the JDA to the Court for *in camera* inspection.

[2] Fed. R. Civ. P. 26(b)(3); *see Ferko*, 219 F.R.D. at 400.

[3] It has long since been established that the type of materials protected by Rule 26(b)(3) is not limited to mental impressions, conclusions, opinions, or legal theories of an attorney. *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1239-40 (5th Cir. 1982).

With respect to material protected by Rule 26(b)(3), the party seeking to discover the material must show (1) that it has "substantial need" for the protected material and (2) that it cannot obtain "substantial[ly] equivalent" information without "undue hardship."[4] A joint defense agreement is not discoverable unless the party seeking to discover the agreement makes the required showing under Rule 26(b)(3).[5]

Plaintiff has failed to make the showing required to overcome the protection afforded to the JDA by Rule 26(b)(3). As previously noted, Plaintiff's contention that the proper application of the joint defense privilege depends on the JDA lacks legal support. Furthermore, the JDA is not relevant to any claim or defense. Because the JDA does not tend to prove a claim or defense, Plaintiff's need for it is not "substantial."[6]

Other than making general abstract attacks on the joint defense privilege, the only other reason Plaintiff articulates for relevancy of the JDA is its desire to establish the bias of parties and witnesses based on the JDA. Plaintiff has cited no legal authority supporting this as a legitimate reason for overcoming the work product privilege afforded the JDA. The existence of a joint defense agreement has no bearing on a witness's or a party's credibility.

## II.    PLAINTIFF HAS MISREAD *TRADING TECHNOLOGIES*.

Contrary to the suggestion of the Plaintiff in this case, the court in *Trading Technologies International, Inc. v. eSpeed, Inc.*,[7] a decision cited by Citizens Financial, *did not* rule that a joint defense agreement is *per se* discoverable. The primary dispute in *Trading Technologies* was whether non-parties were participating in the privileged conversations of the joint defense group

---

[4] Fed. R. Civ. P. 26(b)(3).

[5] *Power Mosfet Techs.*, 2001 U.S. Dist. LEXIS 26176, at *4 (sustaining defendants' objections to a magistrate judge's order compelling defendants to produce their joint defense agreement).

[6] *Mack v. GlobalSantaFe Drilling Co.*, No. 04-3461, 2006 U.S. Dist. LEXIS 18437, at *15-*16 (E.D. La. Apr. 11, 2006).

[7] No. 04 C 5312, 2007 U.S. Dist. LEXIS 32653 (N.D. Ill. May 1, 2007).

pursuant to the terms of the joint defense agreement.[8] If so, the court pointed out that plaintiff was entitled to know the identity of the participating non-parties.[9] Accordingly, the court ordered defendants to identify all participants in the joint defense agreement:

> Plaintiff first seeks the identity of all participating members in the joint defense [agreement]. We have previously noted that should the joint defense agreement be memorialized in writing, defendants should produce a copy of the agreement to plaintiff. If the agreement was made orally or informally, defendants need only produce to [plainitff] a list of the participating members.[10]

Thus, the court ordered defendants to produce the joint defense agreement for purposes of identifying the non-parties with whom defendants were sharing privileged information. In a subsequent ruling, the *Trading Technologies* court confirmed that that its intent had been to compel defendants to identify the non-party participants of the joint defense agreement and nothing more.[11]

Furthermore, unlike plaintiff in *Trading Technologies*, Plaintiff in this case already knows the JDA participants. In previous dealings and conferences with Plaintiff, it has been established that no non-parties have signed the JDA. Accordingly, *Trading Technologies* is of no help to Plaintiff.

### III. THE JOINT DEFENSE PRIVILEGE ONLY REQUIRES A "COMMON INTEREST," NOT A JOINT DEFENSE AGREEMENT.

The joint-defense privilege, sometimes referred to as the "common-interest doctrine," permits parties with a "common interest" to exchange material protected by other, existing privileges without waiving the privilege against the discoverability of such materials.[12] The propriety of an assertion of the joint-defense privilege turns on whether the interests of the

---

[8] *Id. n.3.*

[9] *Id.*

[10] *Id.* at *12 (footnote omitted).

[11] 2007 U.S. Dist. LEXIS 36797, at *4 (May 17, 2007).

[12] *Ferko v. NASCAR, Inc.*, 219 F.R.D. 396, 401 (E.D. Tex. 2003).

parties are sufficiently aligned such that the exchange of privileged materials between them will not substantially increase the likelihood that the materials will come into possession of an adversary.[13]  In this case, Plaintiff has made nearly identical claims of patent infringement against Citizens Financial and the other named Defendants.  Because Defendants have a strong mutual interest in defeating Plaintiff's claims, Defendants may exchange privileged material with each other in furtherance of their common legal objectives without waiving the privilege as to such material.[14]

In its Reply, Plaintiff persists in arguing that the propriety of an assertion of the joint-defense privilege as to particular material depends on whether the material is covered by the terms and clauses of a formal joint defense agreement.  Plaintiff is mistaken: "[T]he common interest doctrine protects privileged and work-product materials even if there is no 'final' [joint defense] agreement . . . ."[15]  Instead, "[t]he key question" in assessing whether an assertion of the joint-defense privilege is proper "is whether an alignment of interest exists that satisfies the [common-interest] standard."[16]

Plaintiff does not argue that Defendants lack the requisite common interest.  To the contrary, Plaintiff admits that, from its vantage point, Defendants' conduct in this litigation shows that the Defendants "have banded together to team up against [Plaintiff] . . . in an attempt to better combat" Plaintiff's allegations of infringement.[17]  Far from suggesting a lack of evidence to show Defendants' common interest, Plaintiff all but concedes that Defendants'

---

[13] *Robinson v. Tex. Auto. Dealers Ass'n*, 214 F.R.D. 432, 444 (E.D. Tex. 2003).

[14] *Power Mosfet Tech. v. Siemens AG*, No. 2:99-CV-168, 2001 U.S. Dist. LEXIS 26176, *4 (E.D. Tex. July 30, 2001) (Folsom, J.) (concluding that co-defendants in a patent infringement action had a shared antagonism to plaintiff and therefore did not waive the privilege against the discoverability of work product when they exchanged such material).

[15] *Katz v. MCI Telecomms. Corp.*, 191 F.R.D. 433, 437 (E.D. Pa. 2000).

[16] *Sr. Int'l Business Ins. Co. v. World Trade Center Props., L.L.C.*, No. 01 Civ. 9291, 2003 U.S. Dist. LEXIS 1106, *3 (S.D.N.Y. Jan. 29, 2003).

[17] Mot. Compel at 1.

coordinated activity in this case shows that Defendants' interests are aligned. Having conceded with its own rhetoric the existence of Defendants' common interest, the manifestations of Defendants' intent to cooperate, and its knowledge of both of these facts, Plaintiff's own briefing demonstrates that the JDA is immaterial to the inquiry of whether the joint defense privilege has been properly asserted.

**IV.   CONCLUSION**

For the reasons stated, Plaintiff's Motion to Compel Citizens Financial to produce the JDA should be denied.

Respectfully submitted,

/s/ F. Michael Speed, Jr.
Jeffrey S. Standley (Admitted *Pro Hac Vice*)
James L. Kwak (Admitted *Pro Hac Vice*)
F. Michael Speed, Jr. (Admitted *Pro Hac Vice*)
STANDLEY LAW GROUP LLP
495 Metro Place South, Suite 210
Dublin, OH  43017-5319
Tel.:  614-792-5555
Fax:  614-792-5536
jstandley@standleyllp.com
jkwak@standleyllp.com
mspeed@standleyllp.com

Claude E. Welch
Texas State Bar No.: 21120500
115 West Shepherd Avenue
P.O. Box 1574
Lufkin, TX 75902-1574
Tel.: (936) 639-3311
Fax: (936) 639-3049
welchlawoffice@txucom.net

Trial Attorneys for Defendant
Citizens Financial Group, Inc.

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 11, 2007. Any other counsel of record will be served by facsimile transmission and first class mail.

                /s/ F. Michael Speed, Jr.
                F. Michael Speed, Jr.