## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| | ) | |
| DATATREASURY CORPORATION, | ) | |
| | ) | Civil Action No. 2-06CV-72 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO & COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ANSWER OF UNIONBANCAL CORPORATION

Defendant UnionBanCal Corp. ("UBC") answers the numbered paragraphs of Plaintiff

DataTreasury Corporation's ("DataTreasury") First Amended Complaint for Patent Infringement

("Complaint") and as its affirmative defenses and counterclaims states as follows:[1]

### I. THE PARTIES

1.      UBC is without knowledge or information sufficient to form a belief as to the

truth of the averments in paragraph 1 of DataTreasury's Complaint and, therefore, denies same.

2.      UBC is without knowledge or information sufficient to form a belief as to the

truth of the averments in paragraph 2 of DataTreasury's Complaint and, therefore, denies same.

3.      UBC is without knowledge or information sufficient to form a belief as to the

truth of the averments in paragraph 3 of DataTreasury's Complaint and, therefore, denies same.

---

[1]      On January 19, 2007, UBC agreed to a Court-ordered Stay of all claims related to U.S. Patent Nos.
5,910,988 and 6,032,137 (collectively, the "Ballard patents"). Accordingly, UBC is not responding to any Ballard
patent related allegations in DataTreasury's Complaint. For the same reason, UBC is not asserting any affirmative
defenses and/or counterclaims related to the Ballard patents at this time. Should the Stay on the Ballard patent
related claims be lifted, UBC reserves the right to supplement and/or amend its Answer, including the addition of
affirmative defenses and/or counterclaims related to the Ballard patents at the time specified by the Court or
otherwise agreed to by the parties.

4.      UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4 of DataTreasury's Complaint and, therefore, denies same.

5.      UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 of DataTreasury's Complaint and, therefore, denies same.

6.      UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of DataTreasury's Complaint and, therefore, denies same.

7.      UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of DataTreasury's Complaint and, therefore, denies same.

8.      UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8 of DataTreasury's Complaint and, therefore, denies same.

9.      UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 of DataTreasury's Complaint and, therefore, denies same.

10.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 of DataTreasury's Complaint and, therefore, denies same.

11.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 of DataTreasury's Complaint and, therefore, denies same.

12.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12 of DataTreasury's Complaint and, therefore, denies same.

13.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13 of DataTreasury's Complaint and, therefore, denies same.

14.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 of DataTreasury's Complaint and, therefore, denies same.

15.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 of DataTreasury's Complaint and, therefore, denies same.

16.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 of DataTreasury's Complaint and, therefore, denies same.

17.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 of DataTreasury's Complaint and, therefore, denies same.

18.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 of DataTreasury's Complaint and, therefore, denies same.

19.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 of DataTreasury's Complaint and, therefore, denies same.

20.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 of DataTreasury's Complaint and, therefore, denies same.

21.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 of DataTreasury's Complaint and, therefore, denies same.

22.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 of DataTreasury's Complaint and, therefore, denies same.

23.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 23 of DataTreasury's Complaint and, therefore, denies same.

24.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 24 of DataTreasury's Complaint and, therefore, denies same.

25.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 of DataTreasury's Complaint and, therefore, denies same.

26.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26 of DataTreasury's Complaint and, therefore, denies same.

27.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 27 of DataTreasury's Complaint and, therefore, denies same.

28.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 28 of DataTreasury's Complaint and, therefore, denies same.

29.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 29 of DataTreasury's Complaint and, therefore, denies same.

30.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 30 of DataTreasury's Complaint and, therefore, denies same.

31.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 31 of DataTreasury's Complaint and, therefore, denies same.

32.     UBC admits that it is a Delaware corporation and has its principal place of business at 400 California Street, San Francisco, California 94104 and can be served through its Registered Agent for Service.  All other factual averments in this paragraph are denied.

33.     UBC admits that Union Bank of California, National Association, is a wholly-owned banking subsidiary of UnionBanCal Corp.  UBC further admits that Union Bank of California, National Association does business in Texas and can be served with process through its General Counsel, John H. McGuckin, Jr., 400 California Street, San Francisco, California 94104.  All other factual averments in this paragraph are denied.

34.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 34 of DataTreasury's Complaint and, therefore, denies same.

35.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 35 of DataTreasury's Complaint and, therefore, denies same.

36.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 36 of DataTreasury's Complaint and, therefore, denies same.

37.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 37 of DataTreasury's Complaint and, therefore, denies same.

38.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 38 of DataTreasury's Complaint and, therefore, denies same.

39.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 39 of DataTreasury's Complaint and, therefore, denies same.

40.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 40 of DataTreasury's Complaint and, therefore, denies same.

41.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 41 of DataTreasury's Complaint and, therefore, denies same.

42.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 42 of DataTreasury's Complaint and, therefore, denies same.

43.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 43 of DataTreasury's Complaint and, therefore, denies same.

44.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 44 of DataTreasury's Complaint and, therefore, denies same.

45.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 45 of DataTreasury's Complaint and, therefore, denies same.

46.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 46 of DataTreasury's Complaint and, therefore, denies same.

47.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 47 of DataTreasury's Complaint and, therefore, denies same.

48.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 48 of DataTreasury's Complaint and, therefore, denies same.

49.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 49 of DataTreasury's Complaint and, therefore, denies same.

50.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 50 of DataTreasury's Complaint and, therefore, denies same.

51.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 51 of DataTreasury's Complaint and, therefore, denies same.

52.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 52 of DataTreasury's Complaint and, therefore, denies same.

53.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 53 of DataTreasury's Complaint and, therefore, denies same.

54.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 54 of DataTreasury's Complaint and, therefore, denies same.

55.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 55 of DataTreasury's Complaint and, therefore, denies same.

56.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 56 of DataTreasury's Complaint and, therefore, denies same.

57.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 57 of DataTreasury's Complaint and, therefore, denies same.

58.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 58 of DataTreasury's Complaint and, therefore, denies same.

## II. JURISDICTION AND VENUE

59.     Paragraph 59 is an allegation of subject matter jurisdiction for which no response is required.  To the extent this paragraph contains factual averments, they are denied.

60.     Paragraph 60 is an allegation of personal jurisdiction for which no response is required.  UBC denies that it conducts business in Texas, but concedes personal jurisdiction for purposes of this action alone.  UBC denies the remaining averments in paragraph 60 related to UBC, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 60 of DataTreasury's Complaint and, therefore, denies same.

61.     Paragraph 61 of the complaint is an allegation of venue for which no response is required.  To the extent paragraph 61 contains factual allegations, they are denied.

62.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 62 of DataTreasury's Complaint and, therefore, denies same.

63.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 63 of DataTreasury's Complaint and, therefore, denies same.

64.     UBC denies that it is an owner or user of certain of the Clearing House Payments Company LLC's services.  UBC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 64 of DataTreasury's Complaint and, therefore, denies same.

65.      UBC denies all averments in paragraph 65 related to UBC, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 65 of DataTreasury's Complaint and, therefore, denies same.

### III. PATENT INFRINGEMENT

66.      This Paragraph relates to United States Patent No. 5,910,988, one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

67.      This Paragraph relates to United States Patent No. 6,032,137, one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

68.      UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 68 of DataTreasury's Complaint and, therefore, denies same and further asserts that United States Patent No. 5,265,007 ("the '007 patent") is the best evidence of its contents.

69.      UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 69 of DataTreasury's Complaint and, therefore, denies same and further asserts that United States Patent No. 5,583,759 ("the '759 patent") is the best evidence of its contents.

70.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 70 of DataTreasury's Complaint and, therefore, denies same and further asserts that United States Patent No. 5,717,868 ("the '868 patent") is the best evidence of its contents.

71.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 71 of DataTreasury's Complaint and, therefore, denies same and further asserts that United States Patent No. 5,930,778 ("the '778 patent") is the best evidence of its contents.

72.     UBC denies all averments in paragraph 72 of DataTreasury's Complaint.

## IV. COUNT ONE – THE '988 DEFENDANTS

73.     This Paragraph relates to one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

74.     This Paragraph relates to one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

75.     This Paragraph relates to one of the Ballard patents. All proceedings related to the Ballard patents have been stayed. Accordingly, UBC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted. In the event the stay is lifted, UBC will then

supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

76.    This Paragraph relates to one of the Ballard patents.  All proceedings related to the Ballard patents have been stayed.  Accordingly, UBC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted.  In the event the stay is lifted, UBC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

## V. COUNT TWO – THE '137 DEFENDANTS

77.    This Paragraph relates to one of the Ballard patents.  All proceedings related to the Ballard patents have been stayed.  Accordingly, UBC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted.  In the event the stay is lifted, UBC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

78.    This Paragraph relates to one of the Ballard patents.  All proceedings related to the Ballard patents have been stayed.  Accordingly, UBC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted.  In the event the stay is lifted, UBC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

79.    This Paragraph relates to one of the Ballard patents.  All proceedings related to the Ballard patents have been stayed.  Accordingly, UBC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted.  In the event the stay is lifted, UBC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

80.     This Paragraph relates to one of the Ballard patents.  All proceedings related to the Ballard patents have been stayed.  Accordingly, UBC will not provide an answer to this Paragraph until the Court-ordered Stay is lifted.  In the event the stay is lifted, UBC will then supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

## VI. COUNT THREE – THE '007 DEFENDANTS

81.     UBC denies all averments in paragraph 81 related to UBC and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 81 of DataTreasury's Complaint and, therefore, denies same.

82.     UBC denies all averments in paragraph 82 related to UBC and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 82 of DataTreasury's Complaint and, therefore, denies same.

83.     UBC denies all averments in paragraph 83 related to UBC and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 83 of DataTreasury's Complaint and, therefore, denies same.

## VII. COUNT FOUR – THE '759 DEFENDANTS

84.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 84 of DataTreasury's Complaint and, therefore, denies same.

85.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 85 of DataTreasury's Complaint and, therefore, denies same.

86.     UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 86 of DataTreasury's Complaint and, therefore, denies same.

## VIII. COUNT FIVE – THE '868 DEFENDANTS

87.    UBC denies all averments in paragraph 87 related to UBC and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 87 of DataTreasury's Complaint and, therefore, denies same.

88.    UBC denies all averments in paragraph 88 related to UBC and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 88 of DataTreasury's Complaint and, therefore, denies same.

89.    UBC denies all averments in paragraph 89 related to UBC and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 89 of DataTreasury's Complaint and, therefore, denies same.

## IX. COUNT SIX – THE '778 DEFENDANTS

90.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 90 of DataTreasury's Complaint and, therefore, denies same.

91.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 91 of DataTreasury's Complaint and, therefore, denies same.

92.    UBC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 92 of DataTreasury's Complaint and, therefore, denies same.

**WHEREFORE**, UBC denies that DataTreasury is entitled to any of the relief requested in its Prayer for Relief.

## X. AFFIRMATIVE DEFENSES

UBC alleges and asserts the following affirmative defenses in response to the allegations of the Complaint:[2]

### FIRST AFFIRMATIVE DEFENSE

93.     UBC has not infringed any valid claim of the '007 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

94.     Each claim of the '007 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

95.     Each claim of the '007 patent is unenforceable due to waiver, estoppel, and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

96.     UBC has not infringed any valid claim of the '868 patent, either literally or under the doctrine of equivalents.

### FIFTH AFFIRMATIVE DEFENSE

97.     Each claim of the '868 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

### SIXTH AFFIRMATIVE DEFENSE

98.     Each claim of the '868 patent is unenforceable due to waiver, estoppel, and/or laches.

---

[2]     As noted above, all proceedings related to the Ballard patents have been stayed. Accordingly, UBC does not include any affirmative defenses related to the Ballard patents. In the event the stay is lifted, UBC will supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

## SEVENTH AFFIRMATIVE DEFENSE

99.    At least some of the allegedly infringing activities of UBC that DataTreasury complains of in the Complaint were "for the Government and with the authorization or consent of the Government" for the purposes of 28 U.S.C. § 1498(a).

100.    At least part of DataTreasury's remedy for UBC's allegedly infringing use complained of in the Complaint "shall be by action against the United States in the United States Court of Federal Claims for the recovery of [its] reasonable and entire compensation for such use" pursuant to 28 U.S.C. § 1498(a).

## EIGHTH AFFIRMATIVE DEFENSE

101.    UBC does not perform any of the allegedly infringing activities nor does it provide any products or services related to imaging, exchange or settlement of checks or any other retail banking operations and is not an owner or user of Small Value Payments Co., LLC ("SVPCo") or The Clearing House Payments Co.

102.    As such, DataTreasury's Complaint fails to state a claim upon which relief can be granted.

## XI. COUNTER-CLAIMS

UnionBanCal Corp. ("UBC"), for its counterclaims against DataTreasury Corporation ("DataTreasury"), avers and states the following:[3]

## JURISDICTION AND VENUE

99.    This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

100.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c).

---

[3]    As noted above, all proceedings related to the Ballard patents have been stayed. Accordingly, UBC does not include any counterclaims related to the Ballard patents. In the event the stay is lifted, UBC will supplement or amend its Answer to address the Ballard patents at the time specified by the Court or otherwise agreed to by the parties.

101.    UBC brings this action pursuant to 35 U.S.C. § 1 *et seq.*, and seeks declaratory

relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

102.    On February 24, 2006, DataTreasury filed this lawsuit, naming UBC as one of the

Defendants.

103.    DataTreasury's filing of this suit proves that there is a substantial, actual, and

continuing controversy between UBC and DataTreasury with respect to U.S. Patent Nos.

5,910,988 ("the '988 patent"), 6,032,137 ("the '137 patent"), 5,265,007 ("the '007 patent"), and

5,717,868 ("the '868 patent").

## THE PARTIES

104.    UBC is a bank holding company with its principal place of business at 400

California Street, San Francisco, California 94104.

105.    On information and belief, DataTreasury is a corporation organized and existing

under the laws of Delaware, with its principal place of business at 101 East Park Blvd., #600,

Plano, Texas, 75074.

106.    On information and belief, DataTreasury purports to be the assignee of the '007

patent.

107.    On information and belief, DataTreasury purports to be the assignee of the '868

patent.

## COUNTERCLAIM ONE:  INVALIDITY OF THE '007 PATENT

108.    UBC incorporates by reference Paragraphs 1 through 107, above, as though fully

set forth herein.

109.    The '007 patent is invalid for failure to meet the conditions for patentability

specified in 35 U.S.C. § 1 *et seq*.

## COUNTERCLAIM TWO:  NON-INFRINGEMENT OF THE '007 PATENT

110.    UBC incorporates by reference Paragraphs 1 through 109, above, as though fully set forth herein.

111.    UBC does not infringe any valid claim of the '007 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM THREE:  INVALIDITY OF THE '868 PATENT

112.    UBC incorporates by reference Paragraphs 1 through 111, above, as though fully set forth herein.

113.    The '868 patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 1 *et seq*.

## COUNTERCLAIM FOUR:  NON-INFRINGEMENT OF THE '868 PATENT

114.    UBC incorporates by reference Paragraphs 1 through 113, above, as though fully set forth herein.

115.    UBC does not infringe any valid claim of the '868 patent, either literally or under the doctrine of equivalents.

**WHEREFORE,** Counterclaim Plaintiff UBC prays for a judgment against Counterclaim Defendant DataTreasury as follows:

(a)    For a declaration that the '007 patent is invalid;

(b)    For a declaration that UBC has not and does not directly or indirectly infringe the '007 patent, either literally or under the doctrine of equivalents;

(c)    For a declaration that the '868 patent is invalid;

(d)    For a declaration that UBC has not and does not directly or indirectly infringed the '868 patent, either literally or under the doctrine of equivalents;

(e)    For a ruling that DataTreasury shall be required to pay UBC's damages incurred

as a result of this action, including reasonable attorneys' fees and costs consistent with 35 U.S.C.

§ 285, because DataTreasury's actions make this an exceptional case; and

(f)    For such other relief as this Court deems just.

## JURY DEMAND

UBC demands a trial by jury on all issues presented in this Answer and Counterclaims.

Dated: June 15, 2007                                        Respectfully submitted,

*/s/  Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas Bar No. 00784720
WILSON, SHEEHY, KNOWLES,
ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323
Suite 400
Tyler, Texas 75701
T: (903) 509-5000
F: (903) 509-5092
jainsworth@wilsonlawfirm.com

Raymond L. Sweigart (admitted pro hac vice)
Scott J. Pivnick (admitted pro hac vice)
PILLSBURY WINTHROP SHAW PITTMAN
LLP
1650 Tysons Blvd.
McLean, VA 22102-4859
T: (703) 770-7900
F: (703) 905-2500
raymond.sweigart@pillsburylaw.com
scott.pivnick@pillsburylaw.com

*Attorneys for Defendant,*
*UnionBanCal Corporation*

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 15, 2007 a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/  Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth