IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **DATATREASURY CORP.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:06-CV-72-DF |
| | § | |
| **WELLS FARGO & CO., et al.** | § | |
| | § | |
| Defendants. | § | |

## O R D E R

Before the Court is Plaintiff's Motion for Clarification Regarding Limitations of Asserted Claims. Dkt. No. 689. Also before the Court are the Responding Defendants' response[1] and Plaintiff's reply. Dkt. Nos. 699 & 703. The Court finds that Plaintiff's motion should be **GRANTED AS MODIFIED.**

## I. BACKGROUND

The Court's Amended Docket Control Order requires Plaintiff to limit the number of asserted claims to eighteen (18) by April 7, 2007. Dkt. No. 328. Plaintiff seeks clarification as to whether the limitation to eighteen (18) claims includes the so-called "Ballard" patents.[2] The Court granted a conditional stay as to the Ballard patents on October 25, 2006. Dkt. No. 326.

---

[1] The Responding Defendants are KeyBank National Association and KeyCorp, PNC Bank and The PNC Financial Services Group, Inc., Citizens Financial Group, Inc., City National Corporation, City National Bank, Deutsche Bank Trust Company Americas, LaSalle Bank Corporation, LaSalle Bank NA, and Bank of Tokyo-Mitsubishi UFJ, Ltd. Dkt. No. 699 at 1.

[2] United States Patent Nos. 5,910,988 and 6,032,137.

Dockets.Justia.com

The Court subsequently entered a new conditional stay as to the Ballard patents on January 12, 2007. Dkt. No. 411. All of the Responding Defendants have entered the stipulation upon which the Court conditioned its January 12, 2007 stay. Dkt. Nos. 419, 420, 421, 434, 437, 438 & 439.

## II.  DISCUSSION

Plaintiff argues that it should be allowed to assert eighteen claims as to the so-called "Huntington" patents[3] and later assert claims, if any remain, from the Ballard patents. Dkt. No. 689. Plaintiff submits that there is no way to be sure what claims will remain after reexamination. Defendants respond that eighteen is the total for all patents, and if Plaintiff ever wants to assert claims from the Ballard patents then it must assert fewer than eighteen as to the Huntington patents. Dkt. No. 699. Plaintiff replies that the Ballard patents are not in this case at present, so the limitation on the number of asserted claims does not apply. Dkt. No. 703.

Step 11 of the Court's Amended Docket Control Order, entered October 25, 2007, limits Plaintiff to no more than eighteen (18) claims against any defendant Litigant Group.[4] Dkt. No. 328 at 2. Therefore, Plaintiff may assert no more than eighteen (18) claims from both the Ballard patents and the Huntington patents combined. However, the Court finds it would be unreasonable to require Plaintiff to elect claims from the Ballard patents at this time because some or all of those claims may ultimately be modified or rejected upon the conclusion of the current reexamination proceedings. Plaintiff's motion for clarification should be **GRANTED AS MODIFIED**, as detailed below.

---

[3]    United States Patent Nos. 5,265,007, 5,583,759, 5,717,868, and 5,930,778.

[4]    A Litigant Group is defined as "a defendant bank and, where applicable, the bank's correlative national association or holding company." Dkt. No. 328 at 2.

### III.  CONCLUSION

Plaintiff's Motion for Clarification Regarding Limitations of Asserted Claims (Dkt. No. 689) is hereby **GRANTED AS MODIFIED**.

At the conclusion of the current reexamination proceedings as to the Ballard Patents, which are now pending before the United States Patent and Trademark Office, the parties shall request a conference before this Court.  At that time, the Court may allow Plaintiff to choose to substitute remaining Ballard claims, if any, for asserted Huntington claims.  As ordered in the Court's Amended Docket Control Order, Plaintiff will not be allowed to assert more than eighteen (18) total claims, against any Litigant Group, from the Ballard patents or the Huntington patents.  Dkt. No. 328 at 2.

**IT IS SO ORDERED.**

**SIGNED this 25th day of June, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE