# EXHIBIT "E"

Dockets.Justia.com



**CORRES. AND MAIL**

**BOX AF**

IN THE UNITED STATES DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

$\partial 3|$
#$\partial 0$

In re application of

Inventors: Barnhard, et al.
Serial No.: 390,623
U.S.Filing Date: August 7, 1989
Examiner: Laura Brutman
Art Unit: 2311
For: Central Check Clearing System

~~~~~~~~~~~~~~

MAY 1 9 1993

GROUP 2300

PATENT

Paper 20 - Ext

41 South High Street
Columbus, Ohio 43215
May 6, 1993

The Honorable Commissioner
of Patents and Trademarks
Box AF
Washington, D.C. 20231

### PETITION FOR EXTENSION OF TIME
### AND PAYMENT OF FEE UNDER 37 C.F.R. §1.136
### BY AUTHORIZATION TO CHARGE DEPOSIT ACCOUNT

Sir:

1. Request for Extension of Time.

Should it be necessary to permit adequate consideration of the annexed Amendment After Final Action and Statement Pursuant to 37 C.F.R. §1.116(b) it is requested that an extension of time to file the response to the Official Communication mailed in this application on February 25, 1993 be granted to June 25, 1993. This is an extension of time of one month.

CS14152  05/18/93  07390623          16-2326  140  115      110.00CH

By Express Mail, Receipt No. 980625371, May 6, 1993

2.  It is requested that the extension be granted. The extension has not been for delay but is requested so that full consideration may be given to applicant's rights.

3.  Authorization Regarding Deposit Account.

The Commissioner is authorized to charge the $110.00 fee due for a one month extension of time and/or any other fee incurred in the filing of the accompanying Amendment, to our Deposit Account No. 16-2326.  A duplicate copy of this paper is provided.

Respectfully submitted,

Edwin M. Baranowski
Reg. No. 27,482



ƵƷ ᴍ

PORTER, WRIGHT,
MORRIS & ARTHUR
ATTORNEYS AT LAW

EDWIN M. BARANOWSKI

PATENTS AND TRADEMARKS

COLUMBUS, OHIO

(614) 227-2188

41 SOUTH HIGH STREET, COLUMBUS, OHIO 43215-3406
TELECOPIER: (614) 227-2100
TELEX: 6503213584

OTHER FIRM LOCATIONS:

CINCINNATI, OHIO
CLEVELAND, OHIO
DAYTON, OHIO
NAPLES, FLORIDA
WASHINGTON, D.C.

May 6, 1993

The Honorable Commissioner
of Patents and Trademarks
Box AF
Washington, D.C. 20231

RECEIVED

MAY 1 9 1993

GROUP 2300

Re:  Inventors:  Barnhard, et al.
     Serial No.:  390,623
     U.S. Filing Date:  August 7, 1989
     Examiner:  Laura Brutman
     Art Unit:  2311
     For:  CENTRAL CHECK CLEARING SYSTEM

Sir:

Transmitted herein for filing in the above-referenced patent application is an Amendment After Final Action and Statement Pursuant to 37 C.F.R. §1.116(b) and accompanying Petition for Extension of Time and Payment of Fee Under 37 C.F.R. §1.136.

Our postcard receipt, which we ask that you acknowledge and return to us for our file, is also enclosed.

By: *Edwin M. Baranowski*

Edwin M. Baranowski
Reg. No. 27,482.
PORTER, WRIGHT, MORRIS & ARTHUR
41 South High Street
Columbus, Ohio 43215
PH: (614) 227-2188

Enclosures
cc:  (w/encl.) John Liebersbach, Esq.

EMB/kac/1546/58

By Express Mail, Receipt No. 980625371, May 6, 1993

#⎯₂₀

IN THE UNITED STATES DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

GROUP 230

Duplicate

1993 MAY 10  AM 8: 30

In re application of

Inventors: Barnhard, et al.
Serial No.:  390,623
U.S.Filing Date:  August 7, 1989
Examiner:  Laura Brutman
Art Unit:  2311
For:  Central Check Clearing System

                                                PATENT

Paper 20 - Ext

41 South High Street
Columbus, Ohio  43215
May 6, 1993

The Honorable Commissioner
  of Patents and Trademarks
Box AF
Washington, D.C.  20231

### PETITION FOR EXTENSION OF TIME AND PAYMENT OF FEE UNDER 37 C.F.R. §1.136 BY AUTHORIZATION TO CHARGE DEPOSIT ACCOUNT

Sir:

1.  Request for Extension of Time.

Should it be necessary to permit adequate consideration of the annexed Amendment After Final Action and Statement Pursuant to 37 C.F.R. §1.116(b) it is requested that an extension of time to file the response to the Official Communication mailed in this application on February 25, 1993 be granted to June 25, 1993.  This is an extension of time of one month.

By Express Mail, Receipt No. 980625371, May 6, 1993

2. It is requested that the extension be granted. The extension has not been for delay but is requested so that full consideration may be given to applicant's rights.

### 3. Authorization Regarding Deposit Account.

The Commissioner is authorized to charge the $110.00 fee due for a one month extension of time and/or any other fee incurred in the filing of the accompanying Amendment, to our Deposit Account No. 16-2326. A duplicate copy of this paper is provided.

Respectfully submitted,

Edwin M. Baranowski
Reg. No. 27,482

- 2 -

RECEIVED
IN THE UNITED STATES DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

1993 MAY 10 AM 8:30

In re application of·

Inventors: Barnhard, et al.
Serial No.: 390,623
U.S.Filing Date: August 7, 1989
Examiner: Laura Brutman
Art Unit: 2311
For: Central Check Clearing System

PATENT

Paper 20 - Ext

41 South High Street
Columbus, Ohio 43215
May 6, 1993

The Honorable Commissioner
of Patents and Trademarks
Box AF
Washington, D.C. 20231

### PETITION FOR EXTENSION OF TIME
### AND PAYMENT OF FEE UNDER 37 C.F.R. §1.136
### BY AUTHORIZATION TO CHARGE DEPOSIT ACCOUNT

Sir:

1. Request for Extension of Time.

Should it be necessary to permit adequate consideration of the annexed Amendment After Final Action and Statement Pursuant to 37 C.F.R. §1.116(b) it is requested that an extension of time to file the response to the Official Communication mailed in this application on February 25, 1993 be granted to June 25, 1993. This is an extension of time of one month.

By Express Mail, Receipt No. 980625371, May 6, 1993

2. It is requested that the extension be granted. The extension has not been for delay but is requested so that full consideration may be given to applicant's rights.

### 3. Authorization Regarding Deposit Account.

The Commissioner is authorized to charge the $110.00 fee due for a one month extension of time and/or any other fee incurred in the filing of the accompanying Amendment, to our Deposit Account No. 16-2326. A duplicate copy of this paper is provided.

Respectfully submitted,

*Edwin M. Baranowski*

Edwin M. Baranowski
Reg. No. 27,482

- 2 -

#21/C
N.E.
5/10/93

IN THE UNITED STATES DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

1993 MAY 10  AM 8: 30

In re application of:                                        **PATENT**

Inventors:  Barnhard, et al.
Serial No.: 390,623                      Paper No. 20
U.S. Filing Date: August 7, 1989
Examiner:  Laura Brutman
Art Unit:  2311
For:  Central Check Clearing System

                                        41 South High Street

Attorney Docket No.:  1260900-50349    Columbus, Ohio 43215

                                        May 5, 1993


The Honorable Assistant Secretary
     and Commissioner of Patents
     and Trademarks
Box AF
Washington, D.C.  20231


                    **AMENDMENT AFTER FINAL ACTION**
            **AND STATEMENT PURSUANT TO 37 C.F.R. §1.116(b)**

RCB
7-9-93
OK to enter with
Enter paper

        This is a response to the final action mailed in this
application on February 25, 1993.  Entry of this amendment,
reexamination and reconsideration are requested.  A Statement
Pursuant to 37 C.F.R. §1.116(b) setting forth the reasons for
entry of this Amendment is included at pages 13-14, _infra._


I.   AMEND THE CLAIMS AS FOLLOWS:

     A. Amend Claims 7-12 as follows:

        7.   A mechanism for [controlling the] physically [exchange
of] exchanging financial instruments among a number of

By Express Mail, Receipt No. 980625371, May 6, 1993

pre-selected financial institutions, each located at a preselected site, and for effecting the regular periodic settlement of the exchanged instruments among the institutions including:

(A) means within each of the pre-selected institutions:

(1) for sending and receiving the instruments, said means for sending including means for physically transporting the instruments from an institution at one site to each other of the institutions at the other sites, said means for receiving including means for physically accepting the instruments transported from the other institutions;

(2) for sending to and receiving from a central processing unit connected to each institution information reporting (a) the value of the instruments transported; and (b) the transport status of the instruments with respect to their having been (i) sent and (ii) received; and

(3) for receiving from the central processing unit a calculated value (a) on a real time basis and (b) on a regular periodic settlement basis, information regarding the debits and credits owing to or payable by an institution with

respect to each other of the institutions with
regard to instruments sent and received;

(B) a central processing unit connected to each of the
pre-selected institutions including

(1) means for monitoring on a real time basis, as
reported by each institution by the means for
sending information within each institution:

(a) (i) the sending and receipt status of
the instruments and (ii) the value of the
instruments sent and received, as reported
by each of the institutions, and

(b) the status in transit of the instruments
with respect to their having been (i) sent
and (ii) received, as reported by each of
the institutions, according to an
institution's sending and receiving of
instruments.

(2) means for calculating debits and credits,
based on the value of the instruments sent and
received by the institutions, as monitored on a
real time basis from information reported by the
institutions, of (a) the amount owing from or
payable to each one of the pre-selected
institutions with respect to each of the other

- 3 -

institutions and (b) an aggregate amount owing
from or payable to each one of the pre-selected
institutions with respect to all of the other
institutions; and

(3) means for sending to each institution the
information monitored with respect to instruments
sent to an institution and the value of such
instruments; and

(C) a cycling means interrelated with the central
processing unit (a) for controlling the physical
transport of the financial instruments among the
institutions and (b) for controlling the means for
calculating such that a final calculation of the
debits and credits owing from or payable to, with
respect to each of the institutions with regard to
each other of the institutions, comprising the
occurrence of the regular periodic settlement among
the institutions, does not occur until [after a time
that] pre-determined local settlements by the
institutions in the pre-selected sites with
institutions that are not among the number of
pre-selected financial institutions, are completed.

8. The mechanism of claim X further including a means at
an institution [which sends instruments] by which instruments

- 4 -

are sorted by the site locality of each other of the pre-selected institutions and in which the instruments sorted by site are sent by site sort category to institutions at sites within the site sort categories.

3. The mechanism of claim 2 further including a sorter at an institution which receives the instruments, which sorter sorts the instruments received according to categories of:

PJ.β (1) instruments drawn on the receiving institution; and

PJβ (2) instruments drawn on institutions within the site that are not among the number of pre-selected financial institutions.

10. A system for a financial clearinghouse comprised of an association of selected member financial institution participants situated in different localities including:

A. means at each of the participants (1) for sending and receiving financial instruments to be cleared and (2) for sending and receiving information reporting the value and transit status of the financial instruments to be cleared, to a programmed central processing unit, and [said means including further means] (3) for addressing 'a central processing unit by which a participant may determine the

- 5 -

information received by the processing unit with respect to
that participant's relative credit and debit obligations
with respect to other institutions arising from the
instruments that are sent and received [to be cleared];

B.  a programmed central processing unit including:

   means for calculating debits and credits [(1)] owing
   from or payable (1) to one member to another member
   and (2) from or to one member to all other members,
   based upon the value of instruments reported by a
   participant as having been sent and received;

   means for receiving and recording a participant's
   reports of the value and transit status of the
   instruments to be cleared as having been sent and
   received with respect to all participants in the
   system; and

   means for monitoring on a real time as reported basis
   (1) the actual sending from and receipt by a
   participant of the value of instruments being cleared
   as reported by the participants, and (2) the sending
   from and receipt by a participant of the actual
   instruments being cleared, said means for monitoring
   being operatively interconnected to the means for
   calculating whereby debits and credits owing from one

- 6 -

member to another may be determined and monitored in real time as reports of the value and transit status of the instruments to be cleared are reported by the participants and received by the processing unit; and

C.   a time control for determining the time of physical transport of financial instruments between and among the participants according to a predetermined time cycle, and for determining the occurrence of a final settlement by the clearinghouse participants at a pre-determined time until after a time that certain pre-determined local settlements in the localities, by the participants in the localities, are completed.

11.   The system of claim 10 further including a sorter machine which separates the instruments in pre-determined sort categories [on behalf of a participant] according to localities to which the instruments are sent.

12.   The system of claim 11 further including [in which the sorter is] a sorter machine operated by a receiving participant [and includes means] for sorting [such] the instruments received by the participant according to categories of:

(1)  instruments drawn on that participant; and

- 7 -



FIG (2)    instruments [received by the participant which
           are] drawn on different financial institutions in the
           locality   which   are   not   participants   in   the
           clearinghouse.

## II. REMARKS

Claims 7-12 have been amended to particularly point out the
invention in view of the Examiner's rejection under 35 U.S.C.
§112.   Thus, in Claim 7 the means (A) is included in each of
the pre-selected institutions, clarifying that instruments are
sent between institutions and that each institution has a means
for sending and receiving instruments. The CPU is a master CPU
connected to each institution.  Each institution may use a CPU
in a terminal mode connected to the master CPU, but it is the
single master CPU that controls the mechanism.

Claim  7,  in  (B)(2),  more  specifically  provides  that
instruments  are  sent  and  received  "from  one  institution  to
another."   The "cycling means" is a mechanism interrelated to
the master CPU as provided in 7(C).

The ambiguity of Claim 8 is eliminated by striking the
redundant "which sends instruments" from the definition of the
institution.   Likewise the sorter in Claim 9 is particularly
clarified to eliminate any inference the instruments sort
themselves.

- 8 -

Although certain other items are not specifically addressed by the Examiner, Claims 10, 11 and 12 have also been clarified to better define the invention.

Applicant further submits that the amended claims patentably distinguish the invention over the references of record, which were cited and applied.

In general, the cited references relate to electronic funds transfer (EFT) and/or needs for improvement in payment and clearing systems for financial instruments. EFT is generally a paperless transaction system, such as the conventional "wire transfer" in which funds are exchanged without the exchange and clearing of a corresponding or simultaneous written instrument. Wire transfers have always traveled time zones and geography because wire does not depend on paper instruments which require the physical movement and exchange of a document before funds are transferred.

As to the specific references:

Reference T

The article "Electronic Payments Volume Will Gain at Corporations" relates to electronic funds transfer -- a paperless electronic payment system which is distinct from the conventional paper check clearing system. The reference to timed net settlements at pages 4-5 relates to wire transfer systems for the payment of funds. The location in the Examiner's reference to "sorting by site locality (page 4)" has not been identified in this article.

- 9 -

Even so, the reference relates that "very few" payments
were made and that other forms of on-line transfers were to too
expensive, and lacked an ability to provide invoice
information. The transport of physical instruments, as set
forth in the claims in a settlement system is not disclosed in
a coherent system. At pages 7-8 the article refers to the
factor that disbursement float favors paper transfers and again
notes that the reconciliation of check postmark dates and ACH
transfers is a problem. The claimed system does not depend on
check postmark dates, but rather is a "real time" document
exchange and settlement system.

## Reference U

The article "Boycott of Automated Clearing System In London
Is Said Close to Resolution ..." relates to an international
network for the settlement of wire transfers and the
organizations CHAPS and SWIFT. These systems relate to
paperless electronics funds transfer. The apparent dispute
relates to the timing of a closing and the problem involving
institutions which may not be able to collect on a transfer,
and the option of a limited "window" to clear the transfer for
non-member banks.

In contrast to References S and U, the claimed system is an
improved settlement mechanism in which checks and instruments,
for example, which are otherwise the subject of Federal Reserve
Check Clearinghouse settlements, are physically transported to

- 10 -

predetermined locations. At the clearing of the participants
checks of members and non-members are cleared in the system of
the invention, with respect to members, and at a pre-determined
time with respect to Federal Reserve settlements. The master
CPU monitors debits and credits so that participants can
prepare funds for settlement.

Again, the ACH system addressed by Reference U does not
involve a mechanism for the physical transport and transaction
clearing of items that are represented by tangible financial
instruments.

### Reference S

The article "Proposals for Long Term Improvements to the
Check Collection System" relates to proposals concerning the
expedition of the collection and return system for checks.

Applicant notes that the reference is dated February 4,
1988 and was apparently written December 3, 1987. The present
application is a continuation-in-part of application Serial No.
07/203,489 filed on June 7, 1988. Applicants consider
themselves able to proffer an affidavit based on personal
knowledge, under 37 C.F.R. §1.131, showing reduction to
practice of the invention before the date of Reference S.
Applicants do not believe, however, that such an affidavit is
necessary because as Reference S relates to the physical
transportation and sorting of instruments, transportation and
sorting (which are known) is as far as the Reference is
applicable to the claimed invention.

- 11 -

Reference S suggests that improvements are needed to check clearing systems, such as bar codes and imaging systems, but does not suggest the coherent system of the claims (e.g. as illustrated at page 7 of Applicant's prior Amendment). The specified interrelationship of transportation, information entry and reporting, and the sequence of clearing procedures according to a predetermined control and schedule with respect to other settlements, as set forth in claims 7 and 10 is not disclosed or suggested by Reference S or the combination of Reference S with any other cited reference.

In independent claims 7 and 10, a combination of overall elements in an operating mechanism is set forth in which a mechanism for the physical exchange of instruments between locations is coordinated with the settlement transaction of the funds represented by the instruments. The settlement is co-ordinated in a locality with a local settlement. In the mechanism, the physical transport, and the monitoring of information about transport and value, on a real time basis, is provided and controlled by a master CPU, which is accessible to the participant institutions. Based on information reported to and calculated by the master CPU, the institutions can monitor their needs for funds, and prepare for these fund needs at the settlement, as checks are sent and data transmitted. The settlement is separate and apart from conventional local settlements. In the dependent claims, the checks are sorted and at the receiving bank may be fine sorted by participant and non-participant bank categories in preparation for the

- 12 -

settlement. This allows greater utilization of the receiver's
sorter for a fine sort, and permits the expedited sending of
instruments because the sender does not need to do the fine
sort that is otherwise necessary to sort instruments by bank
category. In this manner, greater efficiency in the use of
capital intensive sorting equipment is achieved.

III.     Conclusion.

For these reasons, the amendment to the application is
considered to place claims 7-12 in compliance with 35 U.S.C.
§112. The withdrawal of the rejection and the allowance of
this application is requested. Applicants note, in view of the
foregoing distinctions, that no prior art has been cited and/or
applied in the prosecution hereof which is considered to
disclose or suggest the claimed invention.

*Reexamination, reconsideration and allowance are therefore
requested.*

STATEMENT PURSUANT TO 37 C.F.R. §1.116(b)

Applicant submits that the foregoing amendment should be
admitted because of the following good and sufficient reasons
why they are necessary and were not earlier permitted:

Although the principal effect of the amendment is to place
the claims in better form to more particularly define the
invention with the particularity required by 35 U.S.C. §112, it
is now evident that as the claims define the invention, the

- 13 -

claims, as now presented, distinguish the invention over the prior art references cited and applied by defining the coherent mechanisms and systems discussed above.

If the prior prosecution of this application is considered, it is apparent that the emphasis on the issues between Examiner and applicants related to the patentability of subject matter under 35 U.S.C. §101. Applicant had consistently maintained that the invention was distinguishable over the cited reference; however, the final action was the first time that a rejection under §103 was made.

As heretofore explained, applicants consider the amendment to remove all grounds of §.112 rejection, and in doing so clarifies the definition of the invention, such that the claims are patentably distinguished over the cited reference. No new search is required, and because the claims, as amended, are now in condition for allowance, it is requested that the amendment be entered and this application allowed.

Respectfully submitted,

Edwin M. Baranowski
Reg. No. 27,482
PORTER, WRIGHT, MORRIS & ARTHUR
41 South High Street, Suite 2800
Columbus, Ohio 43215.
(614) 227-2188

## CERTIFICATE OF FILING BY EXPRESS MAIL

I hereby certify that this Amendment After Final
Action and Statement Pursuant to 37 C.F.R. §1.116(b) accompanied
by a Petition for Extension of Time of Time and Payment of Fee
Under 37 C.F.R. §1.136 by Authorization to Charge Deposit
Account (2 copies), in the below captioned application are
being deposited with the United States Postal Service (Postage
prepaid, Express Mail, Receipt No. 980625371) in an envelope
addressed to The Honorable Commissioner of Patents and
Trademarks, Attention: Box AF, Washington, D.C. 20231, on May
6, 1993 and pursuant to the provisions of 37 C.F.R. 1.10, it is
requested that May 6, 1993 be the filing date accorded to these
documents.

Edwin M. Baranowski

Edwin M. Baranowski
Porter, Wright, Morris & Arthur
41 South High Street
Columbus, Ohio  43215
(614) 227-2188

In re application of:

Inventors:  Barnhard, et al.
Serial No.: 390,623
U.S. Filing Date:  August 7, 1989
Examiner:  Laura Brutman
Art Unit:  2311
For:  Central Check Clearing System

BAR/1546/41

- 15 -

## CERTIFICATE OF FACSIMILE TRANSMISSION

In addition to having been filed by Express Mail Receipt 280625371 on May 6, 1993, I hereby certify that a copy by facsimile of this Amendment After Final Action and Statement Pursuant to 37 C.F.R. §1.116(b) is being transmitted to FAX #703/308-3718, 3719, 3720 or 3721 to The Honorable Assistant Secretary and Commissioner of Patents and Trademarks, ATTENTION: Examiner Laura Brutman, Group 2300 (Art Unit 2311), Washington, D.C. 20231,

Edwin M. Baranowski
Porter, Wright, Morris & Arthur
41 South High Street
Columbus, Ohio 43215
(614) 227-2188

BAR/1586/20-25