# IN THE UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **DATATREASURY CORPORATION** § | |
| § | |
| V. § | No. 2:06CV72 |
| § | |
| **WELLS FARGO & COMPANY, ET AL.** § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, all discovery matters in the above-referenced consolidated cause of action were referred to the undersigned for decision. Pending before the Court is DataTreasury's Motion to Compel Citizens Financial Group, Inc. to Produce its Joint Defense Agreement (Docket Entry # 698). The Court, having reviewed the relevant briefing, is of the opinion the motion should be **DENIED**.

## I. PLAINTIFF'S MOTION

DataTreasury Corporation ("Plaintiff") seeks an Order compelling Defendant Citizens Financial Group, Inc. ("Citizens Financial") to produce its Joint Defense Agreement ("JDA"). On December 15, 2006, Plaintiff served its First Set of Requests for Production of Documents to Citizens Financial. Request for Production No. 30 sought all "documents exchanged or transmitted between Defendant and all other co-defendants relating to the patents-in-suit or any of their owners or assignees, whether current or previous." Citizens Financial served Objections and Responses on February 1, 2007. Defendant's response to Request for Production No. 30 was limited to this statement: "CFG objects to this request as seeking documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege or any other applicable privilege or immunity."

Plaintiff asserts Citizens Financial has in essence stipulated that its communications with its co-defendants are relevant as it failed to assert any relevance or scope objections to Request No. 30. Plaintiff contends the JDA is relevant for the following reasons. First, it will show the Court and the jury the bias of witnesses' testimony in support of other Defendants in the case. Second, it will be a relevant piece of evidence to show the jury the way in which the dozens of Defendants have worked together to make this case truly a "one versus all" dispute.

Therefore, according to Plaintiff, Citizens Financial must prove the applicability of the joint-defense privilege which requires a showing by Citizens Financial that the documents in question were made in the course of a joint-defense effort, and that the documents were in furtherance of that effort. Plaintiff asserts it cannot tell whether Citizens Financial's refusal to produce any of its communications with other defendants is valid until the privilege is established and its scope is analyzed. According to Plaintiff, ordering production of the JDA will allow Plaintiff to analyze whether any joint defense privilege exists.

Plaintiff also relies on the fact that all of the defendants were signatories to a previous JDA that was voluntarily produced by Defendant J.P. Morgan Chase in Cause No. 5:02- cv-124, and in that case, none of the participating Defendants objected to the production of that JDA. Plaintiff asserts that conduct is probative of the fact that the JDA here should likewise be produced in this case.

## II.  APPLICABLE LAW

**A.    Work Product**

The purpose of the work product doctrine is to shelter the mental processes of an attorney, protecting from disclosure his or her analysis and preparation of his or her client's case. *United States*

*v. Nobles*, 422 U.S. 225, 238 (1975). Federal Rule of Civil Procedure 26(b)(3), which codifies the common-law work-product doctrine, limits the discovery of material that was "prepared in anticipation of litigation or for trial . . . . " FED. R. CIV. P. 26(b)(3). With respect to material protected by Rule 26(b)(3), the party seeking to discover the material must show (1) that it has "substantial need" for the protected material and (2) that it cannot obtain "substantial[ly] equivalent" information without "undue hardship."

Work-product protection is not automatically waived by disclosure to a third party. *Aiken v. Tex. Farm Bureau Mut. Ins. Co.*, 151 F.R.D. 621, 623 n. 2 (E.D. Tex.1993)(*citing Shields v. Sturm, Ruger & Co.,* 864 F.2d 379, 382 (5th Cir.1989)). "Disclosure of work-product waives work-product protection only if work-product is given to adversaries or treated in a manner that substantially increases the likelihood that an adversary will come into possession of the material." *Ferko v. NASCAR, Inc.*, 219 F.R.D. 396, 400-401 (E.D. Tex. 2003). "The burden of proving waiver of work-product protection falls on the party asserting waiver." *Id.* at 401.

**B.    Joint-Defense Privilege**

The joint-defense privilege, sometimes referred to as the "common-interest doctrine," is an extension to the attorney-client and work product privileges. *Id.* The joint-defense privilege permits parties with a "common interest" to exchange material protected by other, existing privileges without waiving the privilege against the discoverability of such materials. *Id.* "To establish a joint-defense privilege, the proponent of the privilege must first establish either the attorney-client or work-product privileges, and then must also demonstrate: (1) the documents were made in the course of a joint-defense effort; and (2) the documents were designed to further that effort." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 950282 at *9–10 (D. Kan. March 26, 2007).

### III.  DISCUSSION

The Court agrees with Citizens Financial that the JDA is work product, as it is a document that was prepared in anticipation of litigation or for trial.  Plaintiff does not overcome the protection afforded to the JDA by Rule 26(b)(3). Specifically, Plaintiff has not demonstrated it has a "substantial" need for the terms of the JDA and that Plaintiff "is unable without undue hardship to obtain the substantial equivalent of the materials by other means."   FED. R. CIV. P. 26(b)(3).

Citizens Financial also relies on the joint-defense privilege in asserting the Court should not compel production of the JDA in this case. "To establish a joint-defense privilege, the proponent of the privilege must first establish either the attorney-client or work-product privileges, and then must also demonstrate: (1) the documents were made in the course of a joint-defense effort; and (2) the documents were designed to further that effort."  *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc*., 2007 WL 950282 at *9–10 (D. Kan. March 26, 2007).

As noted above, Citizens Financial has established that the work product privilege applies. Citizens Financial asserts the applicability of the joint-defense privilege here because the JDA itself is a document made by counsel for Defendants in furtherance of Defendants' joint defense of Plaintiff's allegations. Specifically, Citizens Financial asserts Plaintiff has alleged nearly identical claims of patent infringement against Citizens Financial and the other named Defendants, and Defendants have a mutual interest in defending Plaintiff's claims.

Although Plaintiff argues Citizens Financial has not met its burden in establishing the existence of the joint-defense privilege, Plaintiff does not dispute Citizens Financial's characterization of the JDA as a document made by Defendants in furtherance of Defendants' joint defense of Plaintiff's allegations.  Plaintiff does not argue that Defendants lack the requisite common

4

interest.

The Court notes that the court in *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 950282 (D. Kan. March 26, 2007) found the defendants had met their burden in establishing the applicability of the privilege based on the defendants' assertions that the "joint-defense agreement itself" was privileged "because the agreement is a document made by counsel for Defendants in furtherance of Defendants joint defense of Heartland's allegations." *Id.* at * 9. The court noted Heartland did not appear to dispute the defendants' characterization of the joint defense agreement. *Id.* In addition, the *Heartland* court declined to "undertake an *in camera* review of the joint-defense agreement," stating the applicability of the privilege was clear to the court and Heartland has provided no basis for review. *Id.* at * 10.

Similarly, in this case, the Court finds Citizens Financial has properly asserted the joint-defense privilege. For all these reasons, the Court declines to order production of the JDA. Plaintiff's motion is denied. Accordingly, it is

**ORDERED** that DataTreasury's Motion to Compel Citizens Financial Group, Inc. to Produce its Joint Defense Agreement (Docket Entry # 698) is **DENIED**.

**SIGNED this 26th day of June, 2007.**

*[signature: Caroline M. Craven]*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE