# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION,<br><br>Plaintiff<br><br>v.<br><br>WELLS FARGO & COMPANY, ET AL.,<br><br>Defendants | 2:06-CV-72 DF |

### DECLARATION OF THOMAS W. GALLMAN

I, Thomas W. Gallman, declare as follows:

1.    I am over the age of twenty-one, of sound mind, and competent to make this declaration. I have never been convicted of a felony or a crime of moral turpitude, and I am qualified to give testimony under oath. Each of the facts listed below is within my personal knowledge and is true and correct.

2.    I am a Vice President with Bank of America (Consumer and Corporate Staff Technology), with over thirty (30) years of electrical engineering experience, twenty-two (22) years of which were with IBM. I have worked extensively with imaging, printing, and sorting devices. More particularly, from 1989 through 1998, I was a consulting information technology specialist for IBM. My duties included providing technical support for the installation and integration of imaging products into financial institutions. I have specific experience with the IBM 3890 series sorters during the 1989 through 1998 period.

3.    As of the July 11, 1996 filing date of the application for U.S. Patent No. 5,930,778 (the "'778 patent"), and November 22, 1993, the claimed filing date of the

priority application for the '778 Patent (collectively, the "'778 Filing Dates"), the IBM 3890 series sorters (the "sorter") had rudimentary installed programming that only permitted the sorter to perform basic sorting and scanning functions. The additional programming necessary to perform more complex functions could be obtained from and customized by various third-party vendors or developed by the financial entity operating the sorter.

4. The function of "adding to the record of each instrument an indorsement indicia" could not be performed by an IBM 3890 sorter in the setup provided by IBM prior to the '778 Filing Dates. The sorter alone was not capable of determining the specified indorsement information or the desired indorsement indicia format. This information and the associated instructions had to be fed to the sorter by external programming. Specifically, the indorsement information and format was provided by additional application software, run outside the sorter, written by the bank or a third-party vendor. Furthermore, the addition of the indorsement indicia to the associated electronic record was controlled by a processor outside of the sorter.

5. The function of "preparing a cash letter at the facility" could not be performed by the IBM 3890 sorter in the setup provided by IBM prior to the '778 Filing Dates. Instead, the cash letter was prepared by an independent processor (external to the sorter) using application software written by a third-party vendor or the bank. The external processor assembled and formatted information it received from the sorter into a cash letter.

6. The function of "assembling information scanned from the instruments into a transmittable record with respect to each instrument in a correspondence with the bundled

groups and cash letters for communication to the bank" could not be performed by the IBM 3890 sorter in the setup provided by IBM prior to the '778 Filing Dates. The sorter required external programming to provide the specific sort patterns. Based on these sort patterns, information scanned by the sorter was sent to an independent processor (external to the sorter) where the external processor assembled the information into a record corresponding with the bundled groups and cash letters. The external processor was not capable of assembling the information without specific instructions prior to the '778 Filing Dates. The instructions were provided by additional application software written by the bank or a third-party vendor.

7. I declare under penalty of perjury that all of the foregoing is true and correct.

FURTHER, DECLARANT SAYETH NOT.

Executed on this 6TH day of June 2007, Charlotte, NC.

*[signature]*
Thomas W. Gallman