EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION,<br><br>Plaintiff<br><br>v.<br><br>WELLS FARGO & COMPANY, ET AL.,<br><br>Defendants | 2:06-CV-72 DF |

### Declaration of Karl T. Sammons

I, Karl T. Sammons, declare as follows:

1.  I am over the age of twenty-one, of sound mind, and competent to make this declaration. I have never been convicted of a felony or a crime of moral turpitude, and I am qualified to give testimony under oath. Each of the facts listed below is within my personal knowledge and is true and correct.

2.  I am presently retired. Prior to retirement, I worked for over twenty-nine (29) years at Unisys Corporation and its predecessors (hereinafter, "Unisys"), then spent four (4) years working for National Processing Company (NPC), followed by two (2) years at Global Concepts, Incorporated. I have worked extensively with check processing, imaging, printing, and sorting devices and systems. Particularly, from 1989 to 1993, I was the Director of Advanced International Programs for Unisys. My responsibilities in this role included international marketing of Unisys high-speed and image check processing systems, which

1

included sorters. During this time, I coordinated the successful international product launch of the Unisys high-speed image check system. From 1993 to 1996, I was the Director of Marketing for the Pacific, Asia, and Americas regions for Unisys. My responsibilities in this role included directing sales of Unisys Payment Systems products and software applications to Unisys subsidiaries and third party channels throughout South America, the South Pacific, and Asia. During this time, I managed development of customer proposals and had significant direct interaction with Unisys's clients.

3.    As of the July 11, 1996 filing date of the application for U.S. Patent No. 5,930,778 (the "'778 Patent"), and November 22, 1993, the filing date of the claimed priority application for the '778 Patent (hereinafter, the "'778 filing dates"), Unisys reader/sorter product offerings in the United States and abroad included devices such as the Unisys DP500 document processor, the Unisys DP1000 document processor, and the Unisys DP1800 document processor (hereinafter, "Unisys sorters"). As of the '778 filing dates, Unisys sorter controller product offerings in the United States and abroad included devices such as the Unisys A Series processors, the Unisys V Series processors, as well as the processor housed within the Unisys DP500 document processor (hereinafter, "sorter controllers"). During the time of the '778 filing dates, I was responsible for international marketing of the Unisys sorters and sorter controllers.

4.    Prior to the '778 filing dates, the Unisys sorters and sorter controllers were sold by Unisys to its customers only with basic systems, diagnostic, and maintenance test software. Customers could separately order application software for the sorter controllers

2

from Unisys. In addition to being available from Unisys, application software compatible with one or more of the Unisys sorter controllers was available from third parties specializing in financial systems applications (e.g., J&B Software, Inc.; TRW Financial Systems, Inc.; and Wausau Financial Systems, Inc.), or could have been developed by the user.

5. Prior to the '778 filing dates, the function of "adding to the record of each instrument an indorsement indicia" could not be performed by any of the Unisys sorters in their basic configuration without application software for the sorter controllers providing such functionality. The Unisys sorters alone were not capable of determining the specifications, formatting, or content of an endorsement indicia required by the user. Such functionality could only have been provided to the Unisys sorters by the sorter controllers via installation of certain application software developed by the user or purchased separately from either Unisys or third parties.

6. Prior to the '778 filing dates, the function of "preparing a cash letter at the facility" could not be performed by any of the Unisys sorters without application software for the sorter controllers providing such functionality. Cash letters were prepared by application software configured to format and organize data captured by the Unisys sorters. Such application software was not included in the basic configuration of the Unisys sorters or sorter controllers, and would have to have been developed by the user or purchased separately from either Unisys or third parties.

7. Prior to the '778 filing dates, the function of "assembling the information scanned from the instruments into a transmittable record with respect to each instrument in a

3

Declaration of Karl T. Sammons
US2000 10054175.1

correspondence with the bundled groups and cash letters for communication to the bank" could not be performed by any of the Unisys sorters or sorter controllers in their basic configuration. This functionality could only be provided by application software for the sorter controllers running in conjunction with the Unisys sorters. Such application software was not included in the basic configuration of the Unisys sorters or sorter controllers, and would have to have been developed by the user or purchased separately from either Unisys or third parties.

8. I declare under penalty of perjury that all of the foregoing is true and correct. FURTHER, DECLARANT SAYETH NOT.

Executed on this __12th__ day of June 2007, Suwanee, GA.

_____
Karl T. Sammons