# EXHIBIT E

Dockets.Justia.com



#3
Response

## IN THE UNITED STATES DEPARTMENT OF COMMERCE
## PATENT AND TRADEMARK OFFICE

In re application of                                    **PATENT**
Barnhard, Jr., <u>et al.</u>
Serial No.: 07/203,489
U.S. Filing Date:  June 7, 1988                      Paper No. 3
Examiner:  S. Kibby
Art Unit:  236
For:  Central Check Clearing System

                                         41 South High Street

Attorney Docket No.:                     Columbus, Ohio 43215

                                         May 13, 1991


The Honorable Commissioner            RECEIVED
  of Patents and Trademarks
Washington, D.C. 20231                MAY 1 7 1991

                    <u>AMENDMENT</u>       GROUP 230


Sir:

I.  <u>Introduction</u>.

        This is a response to the official communication
mailed in this application on February 13, 1991.

        Reexamination and reconsideration are requested in
view of the following.

        Claim 1-6 are pending in the application and were
rejected under 35 U.S.C. §112 as being indefinite.

II. <u>Remarks</u>.

With reference to Claim 1, lines 4-6 and 35-43, the Examiner considers the claimed elements as having no physical manifestation. It is submitted that the interpretation of the Examiner does not appreciate that the term "association" describes the relationship of different physical locations of the member financial institutions, as those members abide by the rules of the association relating to other "means" and schedules utilized by the clearinghouse. In a sense, the "association" is comparable to the rim of a wheel, to which each member is joined as is a spoke, and the central control means may be considered the hub about which clearinghouse operations revolve. In this regard, lines 35 - 43 of Claim 1 relate, in a process that affects the members and is determined by the control means, to a timing sequence by which the clearinghouse operates. From this perspective, the analogy of the subject matter of Claim 1 to a mechanical apparatus is apt. The system operates by making connections to and from the "hub" to the "rim", and separate activities occur between and among members on the rim, all controlled by a time schedule. This physical relationship is not significally different in character from, for example, the operating cycle of a reciprocating piston in an internal combustion engine that operates in a cycle determined by a cam and an electrical

distributor.    Here,    however,    the    institutions    are
geographically diverse places at which checks (financial
instruments) are processed.   The places are physical; and
operations at the places occur on a scheduled basis.    In
this regard, the reference to members, an association and
a time schedule is a very definite and precise definition
of what physically comprises the interactions that occur
among    the    clearinghouse    assoiation    members.    It    is
requested that the rejection of Claim 1 be withdrawn.

In  Claim  4,  lines  34-42,  the  "control"  is  defined
as a central processing unit having specified functional
means  in  accordance  with  a  timing  schedule.   This  Claim
again  is  no  different  than  a  claim  to  a  mechanical
apparatus    having    specified    means    that    interrelatedly
operate in accordance with a timer.   With reference to the
elements of the claim following the preamble, each element
has  a  physical  manifestation.   In  the  preamble,  "control
for  a  financial  clearinghouse"  identifies  a  mechanism,
again  using  an  analogy,  comparable,  for  example,  to  a
"thermostat  for  a  dwelling"  that  includes  processing  and
control means contained in a CPU.   The term "control" in
Claim   4,   as   a   matter   of   logic,   is   defined   by   the
subsequent language of the claim, just as, for example, a
claim to a "thermostat" would have language following that
antcedent  to  define  and  point  out  just  what  constituent
means  and  interrelationships  of  the  means  comprise  the

thermostat.  It  is  submitted  that  Claim  4  is  presented
exactly  in  the  manner  a  claim  should  be  written;  a  term  is
stated   in   the   preamble   and   the   elements   and   their
interrelationship comprising or defining that term follow.

         With  reference  to  Claim  2,  a  "sorting  means"  is
well  known  in  the  banking  industry  and  includes  mechanical
sorters,  such  as  those  which  operate  by  MICR  coding.  (See
Specification,  page  12,  lines  12  et  seq.;  page  14,  lines
16   et   seq.;   page   20,   lines   3   et   seq).   These
electro/mechanical  mechanisms  sort  checks  by  bank,  payee,
payor  and/or  other  criteria  so  that  the  transfer  of  funds
instructed  by  the  checks  can  be  initiated,  processed  and
completed.   The   sorter   reads   the   ABA   routing   transit
instructions  that  are  conventionally  printed  as  numbers  at
the  bottom  of  a  check  and  delivers  checks  having  the  same
instructions  into  "pockets"  of  the  sorter  for  routing.
[See  FIG.  2,  patent  no.  4,358,671].  A  "sort"  and  a
"sorter"  apparatus  are  common  terms  used  in  the  banking
industry  and  refer  respectively  to  known  procedures  of
"sorting,"  to  arrange  according  to  class,  kind,  or  size,
and  to  the  "sorter"  mechanism  which  accomplishes  the  sort.

         The   same   considerations   apply   to   the   use   of
"sorter"  in  Claim  5.  A  "sorter"  is  a  well  known  apparatus
in  the  banking  industry  and  is  claimed  in  Claim  5  as  the
whole  of  a  "sorter"  structure  used  in  the  clearhouse  of
the  invention.

In view of the foregoing remarks it is requested that the Examiner reconsider his rejection of indefiniteness under 35 U.S.C. §112. In the context of the art to which the invention pertains, a physically interconnected mechanism for check clearing and account settlement is described and particularly pointed out.

Reexamination and reconsideration are accordingly requested.

The cited references have been considered; however, none appears to suggest or disclose the clearinghouse system of the invention that interrelates the transfer of funds and physical transit of financial instruments in a location based settlement system as set forth in Claims 1-6.

For this reason, it is requested that the claims be allowed.

Respectfully submitted,

Edwin M. Baranowski
Reg. No. 27,482
Porter, Wright, Morris & Arthur
41 South High Street
Columbus, Ohio 43215
(614) 227-2188



CERTIFICATE OF FILING BY MAIL

I hereby certify that this Amendment is being deposited with the United States Postal Service (Postage prepaid, first class mail) in an envelope addressed to The Honorable Commissioner of Patents and Trademarks, Washington, D.C. 20231, on May 13, 1991 and pursuant to the provisions of 37 C.F.R. 1.8, it is requested that May 13, 1991 be the filing date accorded to this document.

Edwin M. Baranowski
Porter, Wright, Morris & Arthur
41 South High Street
Columbus, Ohio 43215
(614) 227-2188

BAR/1312

– 6 –



236
#
3

EDWIN M. BARANOWSKI

COLUMBUS, OHIO

(614) 227-2188

# PORTER, WRIGHT, MORRIS & ARTHUR
## ATTORNEYS AT LAW
41 SOUTH HIGH STREET, COLUMBUS, OHIO 43215-3406
TELECOPIER: (614) 227-2100
TELEX: 6503213584

OTHER FIRM LOCATIONS:

CINCINNATI, OHIO
CLEVELAND, OHIO
DAYTON, OHIO
NAPLES, FLORIDA
WASHINGTON, D.C.

May 13, 1991

RECEIVED

MAY 1 7 1991

GROUP 230

The Honorable Commissioner
of Patents and Trademarks
Washington, D.C. 20231

ʒms 5/22/91

Re:     Serial No.: 07/390,623
        07/203/489
        Group Art Unit:  236
        U.S. Filing Date:  June 7, 1988
        Examiner:  S. Kibby
        For: Central Check Clearing System

Sir:

        Transmitted    herein    for    filing    in    the
above-referenced patent application is an Amendment.

        Our    postcard    receipt,    which    we    ask    that    you
acknowledge    and    return    to    us    for    our    file,    is    also
enclosed.

                        By:    _Edwin M. Baranowski_
                        Edwin M. Baranowski
                        Reg. No. 27,482
                        PORTER, WRIGHT, MORRIS & ARTHUR
                        41 South High Street
                        Columbus, ohio 43215
                        PH: (614) 227-2188

EMB/kac
Enclosures