# EXHIBIT G

# 10



IN THE UNITED STATES DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

In re application of                              PATENT
Barnhard, Jr., et al.
Serial No.: 07/390,623
U.S. Filing Date: August 7, 1989              Paper No. 9
Examiner: Jablon, C.
Art Unit: 236
For: Central Check Clearing System

                                              41 South High Street

Attorney Docket No.: 126090050349             Columbus, Ohio 43215

                                              January 2, 1992


The Honorable Commissioner
  of Patents and Trademarks
Washington, D.C. 20231


### AMENDMENT

Sir:

Introduction.

    This is a response to the official communication mailed in this application on July 2, 1991. A petition for extension of time under 37 C.F.R.§1.36 accompanies this Amendment.

    Reexamination and reconsideration are requested in view of the following.

Claims 1-6 are pending in the application and were rejected under 35 U.S.C. §112 as being indefinite and under 35 U.S.C. §101 as being directed to non-statutory subject matter. The grounds for rejection are discussed separately below.

### 35 U.S.C. §112

This section of the statute requires the applicant to "particularly point out and distinctly claim" the subject matter regarded as an invention. The statute also provides that a patent disclosure and claims are written to a person skilled in the art.

The art pertinent to the application herein is generally that of banking, and particularly that of check[1] clearing and the settlement of debit and credit accounts of the different banks on which the checks are drawn. In the banking art, "settlements" are achieved locally and in Federal Reserve Districts by the physical transfer of checks and an accounting procedure in which appropriate debiting and crediting of funds among banks on which the checks are drawn is completed.

The Examiner has referred to Claim 1 as describing "elements" that "have no physical manifestation." This

---

[1] The term "check" is used as a convenient reference for all types of financial payment instruments.

characterization misunderstands the claimed invention. Lines 4-6 relate to an "association of ... institutions ... in localities." If language not typical of the banking art were employed, the claim could just as well read "members of the same group in different places." Clearly, this element of the claim has a "physical manifestation" with reference to the different localities in which the members are located -- and in the fact that in the check clearing process, checks physically are transported between localities and members of a clearing association.



Lines 11-15 referring to "without regard to Federal Reserve System district settlements," represent one facet of the improvement of the invention by which prompt cash settlements of check accounts may be achieved by banks -- independently of the slower Federal Reserve process. The reference of the independence of the claimed system to the Federal Reserve is clearly understood by one skilled in the art.



Lines 35-43 refer to "a predetermined time schedule." Again, in common parlance, the "schedule" is a timer by which the various physical and electronic aspects of the settlement are accomplished. In an analogy, a multi-cylinder internal combustion engine includes an "association of members in different localities" (the different pistons and cylinders in the engine block configuration) and a comparable timer controlling their smooth interaction with the ignition and fuel system.

In like manner, lines 34-42 refer to a "schedule" which is the timer/controller for the occurrence of the physical transport and the settlements. Practically all mechanisms, including the settlement mechanisms of the invention, require a timer to regulate operations.

With reference to Claim 2 and the "sorting means" recited, the function of the means is specifically stated in the two following lines of the claim: the sorter sorts the checks by locality. As an example, the checks are physically sorted by locality such as Washington, New York, Miami and the checks in each category of the sort, are then sent to those cities. A "sorter" is a mechanical/electrical device well known in the industry, but the sorting can just as well be done by hand or in some other operator controlled mechanism.

The "control" of Claim 4 is defined by all of the following language of the claim, in which the CPU, communications link and timer for the "control" are particularly specified in their inter-relationship. This claim is a classic application of the maxim that "a patentee is his/her own lexicographer." Here, a term is stated and then particularly defined.

In sum, applicant submits that to one skilled in the art, the claims specifically define "elements" intended as well as their relationship to one another in a manner sufficiently capable of understanding by one skilled in the banking art of check clearing.

### 35 U.S.C. §101

The Examiner has taken the position that "a clearinghouse scheme for check settlement is not, per se, patentable subject matter." Applicant submits that this rejection does not (1) consider the meaning of the claims to one skilled in the art nor (2) apply current case law regarding 35 U.S.C. §101 and patentable subject matter.

Regarding the latter issue, the Examiner is requested consider Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 564 F. Supp. 1358, 218 U.S.P.Q. 212 (D. Del. 1983)(Copy Enclosed), as well as office practice regarding inventions in the subject area of financial systems and institutions. There is no question but that "apparatus," "systems," "methods" and "interfaces" for financial operations have been considered valid subject matter for patents. As to the first issue, applicant queries whether in the overall context of the claim, in which the word "clearinghouse" is the antecedent, the additional statement of "an apparatus for [a clearinghouse] or "a clearinghouse system" should make any difference to the meaning of the claim to one skilled in the art? Any such change would be superfluous to the claim, as written and interpreted by one skilled in the relevant art.

- 5 -

Conclusion.

For these reasons, it is requested that the rejection be withdrawn and this application passed to issue.

Respectfully submitted,



Edwin M. Baranowski
Reg. No. 27,482
Porter, Wright, Morris & Arthur
41 South High Street
Columbus, Ohio 43215
(614) 227-2188

CERTIFICATE OF FILING BY MAIL

I hereby certify that this Amendment accompanied by a Petition for Extension of Time and a cover Letter are being deposited with the United States Postal Service (Postage prepaid, first class mail) in an envelope addressed to The Honorable Commissioner of Patents and Trademarks, Washington, D.C. 20231, on January 2, 1992 and pursuant to the provisions of 37 C.F.R. 1.8, it is requested that January 2, 1992 be the filing date accorded to this document.

Edwin M. Baranowski
Porter, Wright, Morris & Arthur
41 South High Street
Columbus, Ohio 43215
(614) 227-2188

- 6 -