# EXHIBIT H



13/a
N.E.

IN THE UNITED STATES DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

In re application of                              PATENT

Serial No.: 390,623                               Paper No. 12
U.S. Filing Date:  August 7, 1989
Examiner: Laura Brutman
Art Unit:  2311
For:  Central Check Clearing System

                                                  41 South High Street

Attorney Docket No.:  1260900-50349               Columbus, Ohio 43215

                                                  May, 1992


The Honorable Commissioner
  of Patents and Trademarks
Washington, D.C.   20231


### AMENDMENT

   This is a response to the Official Communication mailed in this application on February 14, 1992. Entry of this amendment, reexamination and reconsideration are requested.


AMEND THE CLAIMS AS FOLLOWS:

   1.   (Amended)  A <u>mechanism for controlling the physical exchange of financial instruments among a number of pre-selected financial institutions</u> [centralized financial clearinghouse] <u>and</u> for effecting the settlement of <u>the instruments</u> [checks drawn on financial] <u>among the</u> institutions including:

[an association of] <u>a pre-selected number of sites for sending, receiving and clearing the instruments,</u> [member financial institutions in] <u>said sites corresponding to</u> predetermined [localities] <u>in which the pre-selected institutions are located</u>;

means for physically transporting [checks] <u>the instruments</u> from one [member] <u>site</u> to each other <u>site</u> [member of the association];

a central [control means] <u>processing unit</u> including

(1) means for calculating debits and credits <u>based on the instruments</u> owing from <u>or payable to each</u> one <u>of the number of pre-selected institutions</u> [member] to <u>each of</u> the others [another] on a predetermined periodic basis [without regard to Federal Reserve System district settlements]; [and]

(2) means for <u>sending and</u> receiving [a participant's] reports of the value and transit status of [items] <u>the instruments</u> to be cleared <u>by an institution</u> with respect to <u>all instruments received at all sites</u> [other participants in the system];

- 2 -

(3) means for monitoring on a real time basis <u>as reported</u>:

([1]<u>a</u>) the actual sending and receipt of (the) [dollar] <u>currency</u> amount of [items] <u>the instruments</u> (being cleared) as reported by the <u>institutions</u> [participants], and

([2]<u>b</u>) the sending and receipt of (the actual financial instruments being cleared,

said means for monitoring being operatively interconnected to the means for calculating, (whereby corresponding debits and credits necessary to effect settlement among [members] <u>the pre-selected institutions</u> may be determined and monitored<u>;</u> and [including further]

<u>(4)</u> means for reporting to each <u>institution</u> [member] the information monitored; <u>and</u>

a <u>cycling means</u> [predetermined time schedule] (1) for controlling the physical transport of financial instruments between and among the <u>sites</u> [members], and (2) for controlling the <u>predetermined</u> occurrence of the [national] settlement [of] <u>among</u> the <u>institutions</u> [individual members of the association] until after a

- 3 -

time that local settlements by [members of the association] the institutions in the pre-selected sites with institutiions that are not among the number of pre-selected financial institutions are completed.

2. (Amended) The [clearinghouse] mechanism of claim 1 further including a [sorting] means [in each member institution] at a site by which [checks] instruments [presented] are sorted by the site locality of each other [member] of the pre-selected institutions and in which the instruments sorted [checks] by site are sent by site sort category to the respective sites of the site sort categories [such other member institutions].

3. (Amended) The mechanism [clearinghouse] of claim 2 further including means at a site where instruments are received [by] which [each member institution receiving check] further sorts the [checks] instruments received according to categories of:

   (1) [checks] instruments drawn on [that member] the institution located in the locality of the site; and

   (2) [checks] instruments drawn on [non-member] institutions that are not among the number of pre-selected financial institutions [in that member's locality,

- 4 -

in which clearinghouse, the control means includes further means for separately calculating, receiving and monitoring <u>data</u> in accordance with each of said categories].

4. (Amended) A [control] <u>system</u> for a financial clearinghouse comprised of an association of selected member financial institution[s] <u>participants</u> situated in different localities including:

A. a programmed central processing unit including:

> means for calculating debits and credits owing from one member to another;
>
> means for receiving and recording a participant's reports of the value and transit status of items to be cleared with respect to other participants in the system;
>
> means for monitoring on a real time <u>as reported</u> basis (1) the actual sending and receipt of the [dollar] <u>currency</u> amount of items being cleared as reported by the participants, and (2) the sending and receipt of the actual financial instruments being cleared, said means for monitoring being operatively interconnected to the means for calculating whereby debits and credits owing from one member to another may be

- 5 -

determined and monitored in accordance with the sending and receipt of the [dollar] <u>currency</u> amounts and <u>the</u> financial instruments to be cleared;

B. means for addressing the processing unit by which a [member] financial institution <u>participant</u> may address the information monitored with respect to its own account; and

C. a <u>time control</u> [schedule] for determining the physical transport of financial instruments between and among the [members] <u>participants</u> according to a predetermined time [schedule] <u>cycle</u>, and for determining the [time] occurrence of the [national] settlement of the individual <u>participants at a pre-determined time</u> [members of the association] until after a time that local settlements <u>in the localities</u> by <u>the participants</u> [members of the association] are completed.

5. (Amended) The [control] <u>system</u> of claim 4 further including a sorter <u>in a locality</u> which separates [checks] <u>the instruments in pre-determined sort categories</u> [by the locality of each member institution].

6. (Amended) The [control] <u>system</u> of claim 5 in which the sorter <u>is a sorter which receives items on behalf of a participant in a locality and</u> includes means for sorting [checks] <u>such instruments</u> according to categories of:

- 6 -

(1)   <u>instruments</u> [checks] drawn on [a member institution] <u>that participant</u> in [a] <u>the</u> locality; and

(2)   <u>instruments</u> [checks] drawn on [a non-member] <u>financial</u> institution<u>s</u> in the locality <u>which are not participants</u>

[and in which clearinghouse, the central processing unit includes further means for separately calculating, receiving and monitoring said sorted checks by each such category].

<u>REMARKS</u>

Regarding the Examiner's comments in the Official Communication, the claims have been amended to clarify the definition of the invention under 35 U.S.C. §112 as proper subject matter under 35 U.S.C. §101. The claims have also been revised so that consistent terminology appears. The Examiner's helpful suggestions have been adopted and are appreciated.

In Claim 1, the invention is set forth as a "mechanism" for achieving "the physical exchange of financial instruments." An "association" is no longer claimed and the "elements" are now physically defined. The "predetermined time schedule", considered a "concept" by the Examiner, is replaced by the physical embodiment of a "cycling means." The reference to Federal Reserve System district settlements relates to conventional Federal Reserve settlements between institutions in a daily clearinghouse procedure that is well known in the

banking industry. The Federal Reserve settlement may be characterized as the "background" environment from which the claimed invention is distinguished. Claim 1 is clarified to state that the settlements effected among the institutions in the pre-selected sites are made separate from the conventional Federal Reserve settlement in a locality and, thus, reference to the Federal Reserve is deleted as necessary.

Regarding Claim 2 and the "sorting means", examples of "sorts" used in the claimed invention are set forth in the Specification, inter alia, at pages 12, 14, 15, 16 and 20; and in clarification of Claim 2, the word "sorting" in line 2 before "means" is deleted such that the claim is now consistent with the specification. The amended Claim 2, in a manner permitted by §112, now sets forth the means to accomplish the sort. In this regard, "sorting" is a well known term having a usual and conventional meaning of separating items according to pre-determined categories; that same meaning pertains in the financial industry when instruments are sorted for settlement. A well known and conventional "sorter" useful with the invention which reads and sorts according to financial instrument MICR codes is shown in Exhibit A.

In Claim 4, as the Examiner has suggested, "system" replaces "control" and the subject matter of the former lines 34-42 is defined as a "time control" that accomplishes a cycling function in the physical environment of the system.

With reference to the rejection of Claims 1-6 under 35 U.S.C. §101, applicant submits that the clarifying amendments

to the claims make it clear that (responsive to the Examiner's concerns) an actual physical embodiment of an exchange mechanism that is useful for exchanging and effecting financial settlements of instruments is stated as the claimed invention. Specific sites are identified and interrelated by a control means or processor, which as a machine, controls the physical exchange of the financial instruments (the instruments are tangible items), monitors transit and financial data and reports to members with regard to clearinghouse and settlement operations. The assembly set forth in the claims is comparable to any other process, art, method, apparatus, machine, or manufacture which is proper subject matter under 35 U.S.C. §101 and §100(b). [See the References Cited in Paper No. 2, mailed February 13, 1991; See also Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 564 F. Supp. 1358 at 1361-1369 (D. Del. 1983) (Exhibit B)]. The Federal Reserve approval of the system of the invention is reported in Exhibit C. The claimed invention is new, useful, approved by the relevant regulatory agency, defined in terms that set forth proper subject matter for a patent, and is accordingly not merely a "concept".

For these reasons, the amendment to the application is considered to place the claims in compliance with 35 U.S.C. §§ 101 and 112. The withdrawal of the rejection and the allowance of this application is requested. Applicant notes that no

prior art has been cited and/or applied in the prosecution hereof which discloses or suggests the claimed invention.

                                      Respectfully submitted,

*[signature: Edwin M. Baranowski]*

Edwin M. Baranowski
Reg. No. 27,482
PORTER, WRIGHT, MORRIS & ARTHUR
41 South High Street, Suite 2800
Columbus, Ohio 43215
(614) 227-2188

## CERTIFICATE OF FILING BY MAIL

I hereby certify that this Amendment and accompanying Exhibits A , B and C and a Request for Consideration of Amendment and Petition for Extension of Time and Payment of Fee Under 37 C.F.R. §1.136 are being deposited with the United States Postal Service (Postage prepaid, first class mail) in an envelope addressed to The Honorable Commissioner of Patents and Trademarks, Washington, D.C. 20231, on May 14, 1992 and pursuant to the provisions of 37 C.F.R. 1.8, it is requested that May 14, 1992 be the filing date accorded to this document.

*Edwin M. Baranowski*
Edwin M. Baranowski
Porter, Wright, Morris & Arthur
41 South High Street
Columbus, Ohio 43215
(614) 227-2188

BAR/1546