# EXHIBIT A

Page 1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    EASTERN DISTRICT OF TEXAS

 3                         MARSHALL DIVISION

 4    DATATREASURY CORPORATION,    )
                                   )
 5              Plaintiff,         )
                                   )
 6    VS.                          )  NO. 2:06-CV-72(DF)
                                   )
 7    WELLS FARGO & COMPANY, ET AL.)
                                   )
 8              Defendants.        )

 9

10    **************************************************

11              VIDEOTAPED ORAL DEPOSITION OF

12                       JOHN GRAY

13                    FEBRUARY 7, 2007

14       CONFIDENTIAL - FOR OUTSIDE COUNSEL ONLY

15    **************************************************

16

17         On the 7th day of February, 2007, at 9:18 a.m., the

18    videotaped oral deposition of the above-named witness

19    was taken at the instance of the Plaintiff, DataTreasury

20    Corporation, before Michelle L. Munroe, Certified

21    Shorthand Reporter in and for the State of Texas, at the

22    offices of Ward & Smith, P.A., Two Hannover Square,

23    Fayetteville Street, Raleigh, North Carolina, pursuant

24    to Notice.

25
```

EXHIBIT A

Page 202

1  us to remit it to this Dallas, Texas address. But we
2  did, and for that reason we disclosed that to you.
3      Q.  Is it your testimony that when First Citizens
4  BancShares, Inc. is directly billed by just like this, a
5  matter here that it turns around and pays and sends a
6  check to Dallas, Texas, that that's not conducting
7  business in Texas?
8      A.  I do not recall having any contact with any
9  individual from Texas related to this matter. To the
10 best of my recollection, we handled -- or this
11 engagement was handled by members of the Raleigh and
12 Charlotte offices.
13     Q.  Let me ask the question again. Do you not
14 consider being invoiced -- First Citizens BancShares,
15 Inc. being invoiced and First Citizens BancShares, Inc.
16 turning around and sending a check directly to Texas to
17 pay that invoice conducting business in Texas?
18     A.  No, sir.
19     Q.  Do you not consider that directing an activity
20 toward the state of Texas?
21     A.  No, sir.
22     Q.  Mailing a check?
23     A.  We remitted as they requested us to do for the
24 services that were provided to us.
25     Q.  Mailing a check to a company in the state of

Page 203

1  Texas in your mind is not directing an activity toward
2  the state of Texas?
3      A.  No, sir.
4          MR. RODRIGUEZ:  Objection; form.
5      Q.  And the same would hold true for Third Eye
6  Photography?
7      A.  Yes, sir.
8      Q.  That's not directing activity toward the State
9  of Texas?
10     A.  Yes, sir, that's correct.
11     Q.  When the leases were negotiated for IronStone
12 Bank locations that lease property -- let me back up.
13     Does IronStone Bank own all of its locations
14 and property in Texas or does it lease them, some
15 locations?
16     A.  I'm not sure of the particulars, whether
17 they're owned or leased properties.
18     Q.  How much time did you spend meeting with your
19 lawyers before the deposition today?
20     A.  Approximately four hours.
21     Q.  Was that yesterday?
22     A.  Yes, sir.
23     Q.  Where did you guys meet?
24     A.  We met at the offices of Ward & Smith.
25     Q.  Did you review any documents in that meeting?

Page 204

1      A.  Yes, sir.
2      Q.  Had you met the attorneys from Texas that came
3  up here in North Carolina to defend this deposition, had
4  you met them before?
5      A.  I had met neither of them before.
6      Q.  Did you talk on the phone before?
7      A.  I had talked to both of them on the phone
8  before.
9      Q.  Do you know how many times?
10     A.  Not precisely.
11         (Exhibit No. 27 marked.)
12     Q.  I have marked as Exhibit 27, Amended Notice of
13 Intention to Take Oral and Video Deposition of 30(b)(6)
14 representative of First Citizens BancShares, Inc.
15         And flipping, so you can see, to page 7,
16 there's a topic area list of 1 through 23.
17         You have seen this document before, correct?
18     A.  Yes, sir.
19     Q.  Do you understand that you have been presented
20 here today as the corporate representative of First
21 Citizens BancShares, Inc. to give binding testimony on
22 behalf of the corporation on those topics that we have
23 been discussing?
24         MR. RODRIGUEZ:  Objection; form.
25     A.  I'm presuming on behalf of First Citizens

Page 205

1  BancShares, Inc.
2      Q.  Correct.
3      A.  Yes, sir.
4      Q.  To give binding testimony on behalf of the
5  corporation on these topics that we have been discussing
6  today. Do you understand that?
7      A.  Yes, sir.
8          MR. RODRIGUEZ:  Objection; form.
9      Q.  Have you understood all my questions here
10 today?
11     A.  I believe so.
12     Q.  Have you ever read the patents that are at
13 issue in this case?
14     A.  No, sir.
15     Q.  Have you ever had any discussions with anybody
16 else outside the presence of your counsel concerning
17 this lawsuit?
18     A.  I don't recall any conversations with anyone
19 other than individuals we have discussed today from whom
20 I solicited assistance in preparing my responses.
21     Q.  Have you ever had any discussions with anybody
22 other than your counsel outside the First Citizens
23 organization about this lawsuit?
24     A.  Being a nonattorney, nonemployee or
25 nondirector of First Citizens BancShares or First

Page 206

1 Citizens Bank & Trust Company?
2    Q.  Yes, sir.
3    A.  No, sir.
4    Q.  And you have worked with the First Citizens
5 organization for 28 years you said?
6    A.  21 years.
7    Q.  21 years. Excuse me. Do you like your job?
8    A.  I do. It's a great place to work.
9    Q.  You want to keep it?
10   A.  I do.
11        MR. BRUSTER:  Thanks for your time. I'll
12 pass the witness.
13        MR. RODRIGUEZ:  Take a short break.
14        THE VIDEOGRAPHER:  We're off the record.
15        (Recess taken 4:15 to 4:19 p.m.)
16        THE VIDEOGRAPHER:  We're back on the
17 record.
18            EXAMINATION
19 BY MR. RODRIGUEZ:
20   Q.  Mr. Gray, do you remember discussing earlier
21 in the deposition the insurance policies issued to First
22 Citizens BancShares, Inc. and its direct and indirect
23 subsidiaries?
24   A.  Yes, sir.
25   Q.  Who pays for the -- any insurance that is

Page 207

1 procured where the insured is First Citizens BancShares,
2 Inc. and its direct and indirect subsidiaries and for
3 which coverage exists for IronStone?
4        MR. BRUSTER:  Object to form.
5    A.  Could you repeat the question, please?
6    Q.  Sure. Who pays for the insurance coverage for
7 IronStone properties or employees?
8        MR. BRUSTER:  Object to form.
9    A.  With respect to the property coverage and the
10 workers' compensation coverage, the policies that are in
11 the name of First Citizens BancShares, Inc. and direct
12 and indirect subsidiaries, the invoices are paid by
13 First Citizens Bank & Trust Company, but a portion of
14 the property and workers' compensation premiums are
15 recovered from IronStone by First Citizens Bank & Trust
16 Company.
17   Q.  Do you recall testifying that you had the
18 desire to remain with First Citizens Bank & Trust in the
19 job you currently hold or other positions?
20   A.  Yes, sir.
21   Q.  How has that desire affected the answers you
22 have provided here today on behalf of First Citizens
23 BancShares, Inc.?
24   A.  It has not. I have told the truth to the best
25 of my ability.

Page 208

1        MR. RODRIGUEZ:  Pass the witness.
2         FURTHER EXAMINATION
3 BY MR. BRUSTER:
4    Q.  Did you have a chance to visit with your
5 counsel before answering these last couple questions?
6    A.  Yes, sir.
7        MR. BRUSTER:  Nothing further.
8        THE VIDEOGRAPHER:  We're off the record.
9        (Deposition concluded at 4:22 p.m.)

Page 209

1            DEPOSITION CHANGES
2 WITNESS: JOHN GRAY
3 PAGE NO.  LINE NO. CHANGE    REASON FOR CHANGE
4  _____
5  _____
6  _____
7  _____
8  _____
9  _____
10 _____
11 _____
12 _____
13 _____
14 _____
15 _____
16 _____
17 _____
18 _____
19 _____
20 _____
21 _____
22 _____
23 _____
24 _____
25 _____

Page 210

```
(Signature of the Witness)

THE STATE OF _____
COUNTY OF _____

   Subscribed and sworn to before me by the said
witness, JOHN GRAY, on this the _____ day of
_____, 2007.


   _____
   Notary Public in and for the
   State of _____
   County of _____
My commission expires: _____
```

Page 212

```
FOR THE DEFENDANTS FIRST CITIZENS BANCSHARES, INC. AND
FIRST CITIZENS BANK & TRUST COMPANY:
   Mr. Fernando Rodriguez, Jr.
   BAKER BOTTS, LLP
   2001 Ross Avenue
   Dallas, Texas  75201-2980

   I further certify that I am neither counsel for nor
related to any party in this cause and am not
financially interested in its outcome.
   Given under my hand on this the _____ day of
_____, 2007.


   _____
   Michelle L. Munroe, CSR No. 6011
   GRETCHEN SHORE COURT REPORTING & RECORDS
   Firm Registration Number 90
   P.O. Box 1789
   Longview, Texas  75606
   903.758.2183  phone
   903.758.4890  fax
My commission expires 12-31-07
Original deposition sent to Mr. Rodriguez on
_____, 2007 for signature.
```

Page 211

```
STATE OF TEXAS   )
COUNTY OF DALLAS )

   I, Michelle L. Munroe, Certified Shorthand Reporter
in and for the State of Texas, certify that the
foregoing deposition of JOHN GRAY was reported
stenographically by me at the time and place indicated,
said witness having been placed under oath by me, and
that the deposition is a true record of the testimony
given by the witness.
   That the amount of time used by each party at the
deposition is as follows:
   Mr. Bruster       -   5 hours, 4 minutes
   Mr. Rodriguez     -   3 minutes

   That pursuant to information given to the deposition
officer at the time said testimony was taken, the
following includes counsel for all parties of record:

FOR THE PLAINTIFF DATATREASURY CORPORATION:
   Mr. Anthony Bruster
   NIX PATTERSON & ROACH, LLP
   2900 St. Michael Drive
   Suite 500
   Texarkana, Texas  75503
```