# EXHIBIT A

## DEFENDANTS' CONSTRUCTIONS OF DISPUTED TERMS

### '007 PATENT

| Response Brief | Term | DEFENDANTS' Construction | DTC's Construction |
|---|---|---|---|
| § (II)(A) | "pre-selected financial institutions" (claim 1)<br><br>"pre-selected institutions" (claim 1)<br><br>"participants" (claim 4) | Financial institutions that have been previously chosen to be direct participants in a central check clearing system other than the Federal Reserve System. | (Claim 1) "Pre-selected financial institutions" [Claim 1] appears only in the preamble and does not need to be construed. Alternatively, if the Court elects to construe this term, "preselected institutions" should be construed as "financial institutions which have previously been selected to be members of or participants in the central check clearing system or a local clearinghouse as to clearing the financial instrument."<br><br>DTC Br. at 5 [No. (A)(2)].<br><br>(Claim 4) Plaintiff construes "participants" to be "members of the clearinghouse association."<br><br>DTC Br. at 13 [No. (A)(31)]. |
| § (II)(B) | "real time" (claim 1)<br><br>"in real time" (claim 1) | Instantaneous, instantaneously. | The actual time during which something takes place.<br><br>DTC Br. at 6 [No. (A)(8)]. |
| | "real time in correspondence with the occurrence of an event" (claim 1) | Instantaneous in correspondence with the occurrence of the physical sending and receiving of the financial instruments. | The actual time during which something takes place.<br><br>DTC Br. at 6 [No. (A)(9)]. |
| § (II)(C) | "settlement" (claim 1) | A calculation and transfer of amounts owed and payable between financial institutions. | Settlement of credit and debit balances between institutions.<br><br>DTC Br. at 7 [No. (A)(12)]. |

**EXHIBIT A TO DEFENDANTS' RESPONSIVE CLAIM CONSTRUCTION BRIEF** – Page **A1**

| | | | |
|---|---|---|---|
| | "regular periodic settlement" (claim 1)<br><br>"final settlement" (claim 4) | A final calculation and transfer of amounts owed to and payable between direct participants in the central check clearing system occurring at pre-determined time intervals. | (Claim 1) DTC construes "regular periodic settlement" to be "settlement of credit and debit balances between institutions at predetermined time intervals."<br><br>DTC Br. at 7 [No. (A)(13)].<br><br>(Claim 4) DTC construes "final settlement" to be "final settlement of credit and debit balances between institutions."<br><br>DTC Br. at 13 [No. (A)(32)]. |
| § (II)(D) | "a final calculation of the debits and credits . . ., comprising the occurrence of the regular periodic settlement among the institutions, does not occur until pre-determined local settlements by the institutions in the pre-selected sites with institutions that are not among the number of pre-selected financial institutions, are completed" (claim 1)<br><br>"[determining] the occurrence of a final settlement by the clearinghouse participants at a pre-determined time until after a time that certain pre-determined local settlements in the localities, by the participants in the localities, are completed" (claim 4) | Settlement among the direct participants in the central check clearing system occurs after regular, prescheduled settlements in each geographical region between the direct participants in that region and institutions in that region that do not directly participate in the central check clearing system. | (claim 1) "a final calculation…" term should not be construed as a phrase. "*Debits and credits*" should be construed as follows: "credits are the amounts owed by an institution; debits are the amounts payable to an institution." "*Predetermined local settlements by the institutions in the preselected sites with institutions that are not among the number of preselected financial institutions*" should be construed as follows: "settlements between a user and non-user of the clearinghouse that occurs at a regular interval."<br><br>DTC Br. at 9 [No. (A)(20)].<br><br>(claim 4) "[determining] the occurrence of a final settlement…" term should be construed as "Establishing by participant rules settlement time, that accommodates processing, procedures, and transportation needs of all participants regardless of location and time zone. This final settlement occurs after certain predetermined local settlements."<br><br>DTC Br. at 12-13 [No. (A)(30)]. |

| | | | |
|---|---|---|---|
| § (II)(E) | Preambles to claims 1 and 4 | The Preambles are limiting | The Preambles are not limiting and the language in preambles does not need to be construed.<br><br>DTC Br. at 4 [No. (A)(1)] and 10 [No. (A)(22)]. |
| § (II)(E)(2) | "preselected site" (claim 1) | The specific and exclusive geographical region of a financial institution that has been previously chosen to be a direct participant in a central check clearing system other than the Federal Reserve System | This language is in the preamble and does not need to be construed. Alternatively, Plaintiff's construction is: "The instrument processing location of a participating institution."<br><br>DTC Br. at 5 [No. (A)(3)]. |
| §(II)(F) | "transit status of the financial instruments to be cleared" (claim 4) | Information about whether the instruments have been physically sent and received. | Information about the status in transit of the instruments, namely, whether the instrument has been sent and/or whether the instrument has been received.<br><br>DTC Br. at 11 [No. (A)(24)]. |
| § (II)(G) | "central processing unit" (claim 1) | A single central processing unit, connected to all originating and receiving institutions and through which all data files are transmitted. | A conventional programmable computer.<br><br>DTC Br. at 6 [No. (A)(7)]. |
| § (II)(H) | The "means for receiving" includes a further means-plus-function limitation of "means for receiving including means for physically accepting the instruments transported from the other institutions" subject to 35 U.S.C. § 112(6) (claim 1) | This term should be construed under § 112(6).<br><br>Function: Physically accepting the instruments transported from other institutions.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under § 112(6).<br><br>Function: Physically accepting the instruments transported from other institutions.<br><br>Corresponding Structure: a pre-selected institution's physical facility and its relationship with air or ground transportation.<br><br>DTC Br. at 5-6 [No. (A)(5)]. |

| | | | |
|---|---|---|---|
| § (II)(I) | "means at an institution by which instruments are sorted by the site locality of each other of the pre-selected institutions and in which the instruments sorted by site are sent by site sort category to institutions at sites within the site sort categories" is in means-plus-function format subject to 35 U.S.C. § 112(6) (claim 2) | This term should be construed under § 112(6).<br><br>Function: Sorting instruments by site locality of each other of the pre-selected institutions and in which the instruments by site are sent by site sort category to institutions at sites within the site sort categories.<br><br>Corresponding Structure: A sorter, air and ground transportation. | This term should be construed under § 112(6).<br><br>Functions:<br>1) Sorting by the site locality of each other of the pre-selected institutions,<br>2) sending the instruments sorted by site category to institutions at sites within the site sort categories<br><br>Corresponding Structure:<br>1) For the first function, sorters or sort machines<br>2) For the second function, a pre-selected institution's physical facility (i.e., bank, member bank, receiving bank, Participating Bank B), and its relationship with air or ground transportation.<br><br>DTC Br. at 9-10 [No. (A)(21)]. |

| | | | |
|---|---|---|---|
| § (II)(J) | "means at each of the participants (1) for sending and receiving financial instruments to be cleared and (2) for sending and receiving in real time information reporting the value and transit status of the financial instruments to be cleared, to a programmed central processing unit, and (3) for addressing the central processing unit by which a participant may determine in real time the information received by the processing unit with respect to that participant's relative credit and debit obligations with respect to other institutions arising from the instruments that are reported to be sent and received" is in means-plus-function format subject to 35 U.S.C. § 112(6) (claim 4) | This term should be construed under § 112(6).<br><br>Functions:<br>1) Sending and receiving financial instruments to be cleared;<br>2) Sending and receiving in real time information reporting the value and transit status of the financial instruments to be cleared, to a programmed central processing unit; and<br>3) Addressing the central processing unit by which a participant may determine in real time the information received by the processing unit with respect to that participant's relative credit and debit obligations with respect to other institutions arising from the instruments that are reported to be sent and received.<br><br>Corresponding Structure:<br>1) Air and ground transportation.<br>2) Specification does not disclose structure sufficient to perform the recited Function 2.<br>3) Specification does not disclose structure sufficient to perform the recited Function 3. | This term should be construed under § 112(6).<br><br>(1) Function: Sending and receiving financial instruments to be cleared.<br><br>Corresponding Structure: Air or ground transportation and a pre-selected institution's physical facility (*i.e.*, bank, member bank, Participating Bank A/B, sending/receiving bank).<br><br>(2) Function: Sending and receiving in real time information reporting the value and transit status of the financial instruments to be cleared to a programmed central processing unit.<br><br>Corresponding Structure: Electronic communications links, which may include conventional telephone links by modem connections and the like.<br><br>(3) Function: Addressing the central processing unit by which a participant may determine in real time the information received by the processing unit.<br><br>Corresponding Structure: Electronic communications links, which may include conventional telephone links by modem connections and the like.<br><br>DTC Br. at 10-11 [No. (A)(23)]. |

| | | | |
|---|---|---|---|
| § (II)(K) | "a time control for determining the time of physical transport of financial instruments between and among the participants according to a predetermined time cycle, and for determining the occurrence of a final settlement by the clearinghouse participants at a pre-determined time until after a time that certain pre-determined local settlements in the localities, by the participants in the localities, are completed" is in means-plus-function format subject to 35 U.S.C. § 112(6) (claim 4) | This term should be construed under § 112(6).<br><br>Functions:<br>1) Determining the time of physical transport of financial instruments between and among the participants according to a predetermined time cycle; and<br>2) Determining the occurrence of a final settlement by the clearinghouse participants at a pre-determined time until after a time that certain pre-determined local settlements in the localities, by the participants in the localities, are completed.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | Plaintiff contends that this term is not governed by 35 USC § 112(6).<br><br>Predetermined time schedule.<br><br>DTC Br. at 12 [No. (A)(28)]. |
| -- | "means for sending to each institution the information monitored with respect to instruments sent to an institution and the value of such instruments" is in means-plus-function format subject to 35 U.S.C. § 112(6) (claim 1) | This term should be construed under § 112(6).<br><br>Function: Sending to each institution the information monitored with respect to instruments sent to an institution and the value of such instruments.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under § 112(6).<br><br>Function: Sending to each institution the information monitored with respect to instruments sent to an institution and the value of such instruments.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>DTC Br. at 8 [No. (A)(18)]. |

**'868 PATENT**

| Response Brief | Term | DEFENDANTS' Construction | DTC's Construction |
|---|---|---|---|
| § (III)(A) | "co-mingled records"  (claim 1)<br><br>"co-mingled financial instrument information" (claim 24)<br><br>"co-mingled financial instrument information intended for multiple receiving institutions" (claim 24)<br><br>"co-mingled information about financial instruments" (claim 45)<br><br>"co-mingled financial instrument information addressed to multiple receiving institutions" (claim 61) | Multiple records in a single electronic data file having information from multiple financial instruments intended for multiple recipients. | (Claim 1) "Co-mingled" should be construed as "combined financial instrument information intended for one or more of a multiple of receiving institutions or settlement mechanisms." "Records" should be construed as "portions of files sent and received between financial institutions, which contain various data fields."<br><br>DTC Br. at 14 [No. (B)(6)].<br><br>(Claim 24) "Financial instrument information" should be construed as in Term No. (B)(9).  There is no reason to construe "intended for multiple receiving institutions."<br><br>DTC Br. at 19 [No. (B)(24)].<br><br>(Claim 45) Co-mingled information about financial instruments" [Claim 45] appears only in the preamble, and does not need to be construed. Alternatively, it should be construed as "combined financial instrument information intended for one or more of a multiple of receiving institutions or settlement mechanisms.<br><br>DTC Br. at 20 [No. (B)(30)].<br><br>(Claim 61)  "Co-mingled" should be construed as "combined financial instrument information intended<br>for one or more of a multiple of receiving institutions or settlement mechanisms." "Financial instrument information" should be construed |

| | | | |
|---|---|---|---|
| | | | as in Term (B)(9).<br><br>DTC Br. at 21 [No. (B)(34)]. |
| § (III)(B) | "translating the records in each bundle of said financial instrument information records from said first data file format into a data file format selected by the predetermined institution designated to receive the information" (claim 1)<br><br>"translating each portion of said separated financial instrument information in said first data file format into a data file format preselected by the receiving institution associated therewith" (claim 24)<br><br>"translating each bundle of said separated financial instrument information into a data file format preselected by the receiving institution corresponding thereto" (claim 45)<br><br>"translating each bundle of said separated financial instrument information in said first data file format into a data file format selected by the receiving institution associated therewith" (claim 61)<br><br>"translating each portion of said data file in said first file format into a file format selected by the receiving institution" (claim 80) | Converting the records in each bundle from one financial file format to a dissimilar and incompatible financial file format selected by a receiving institution designated to receive the information. | (Claim 1) Converting the records in each bundle from the first file format to a second file format determined in advance by the receiving institution.<br><br>DTC Br. at 15 [No. (B)(10)].<br><br>(Claim 24) Converting each portion of said separated financial instrument information from the first file format to a second file format determined in advance by the receiving institution.<br><br>DTC Br. at 19 [No. (B)(25)].<br><br>(Claim 45) This term should be construed as "converting each bundle from the first file format to a second file format determined in advance by the receiving institution."<br><br>DTC Br. at 20 [No. (B)(31)].<br><br>(Claim 61) This term should be construed as "converting each bundle from the first file format to a second file format determined in advance by the receiving institution."<br><br>DTC Br. at 21 [No. (B)(35)].<br><br>(Claim 80) This term should be construed as "converting each portion of said data file from the first file format to a second file format determined in advance by the receiving institution."<br><br>DTC Br. at 21-22 [No. (B)(37)]. |
| § (III)(C) | "file format" (claims 1, 24, 45, 61, and 80) | A unique arrangement of electronic data fields in a settlement record. | The arrangement of data fields within a record, and the arrangement of, and definitions of different types of, records within a data file. |

| | | | |
|---|---|---|---|
| | | | DTC Br. at 15 [No. (B)(7)]. |
| § (III)(D) | "means for receiving a data file from an originating institution, said data file containing co-mingled records of a plurality of separate financial instruments, said data file being in a first file format established by the originating institution and containing a designation by the originating institution that information in the data file is to be received by one or more than one predetermined institution" (claim 1) | This term should be construed under § 112(6).<br><br>Function: Receiving a data file from an originating institution.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under § 112(6).<br><br>Function: Receiving a data file from an originating institution.<br><br>Corresponding Structure: Translator 1<br><br>DTC Br. at 14 [No. (B)(3)]. |
| | "means for receiving a data file from the originating institution, said data file being in a first file format established by the originating institution and comprising co-mingled financial instrument information intended for multiple receiving institutions, the data file further including a designation that specified information in the data file is to be received by a predetermined receiving institution" (claim 24) | This term should be construed under § 112(6).<br><br>Function: Receiving a data file from the originating institution.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under § 112(6).<br><br>Function: Receiving a data file from the originating institution.<br><br>Corresponding Structure: Translator 1 within a central processing unit.<br><br>DTC Br. at 18 [No. (B)(21)]. |
| § (III)(E) | "means for storing said bundled financial instrument information in an addressable media where the bundled financial instrument information is uniquely accessible to the institution designated to receive the information" (claim 1) | This term should be construed under § 112(6).<br><br>Function: Storing said bundled financial instrument information in an addressable media where the bundled financial instrument information is accessible only by the institution designated to receive the information.<br><br>Corresponding Structure: A mailbox or other partition within a memory device that is allocated to and uniquely accessible only by a specific receiving institution. | This term should be construed under § 112(6).<br><br>Function: Storing said bundled financial instrument information in an addressable media.<br><br>Corresponding Structure: Archival storage 25 or memory M23, M24…MN.<br><br>DTC Br. at 15-16 [No. (B)(12)]. |
| | "means for storing said separated financial instrument information | This term should be construed under § 112(6). | This term should be construed under § 112(6). |

| | | | |
|---|---|---|---|
| | according to the separate portions thereof in a memory storage device in a manner such that each separate portion is uniquely accessible to the receiving institution associated therewith" (claim 24) | Function: Storing said separated financial instrument information according to the separate portions thereof in a memory storage device in a manner such that each separate portion is accessible only by the receiving institution associated therewith.<br><br>Corresponding Structure: A mailbox or other partition within a memory device that is allocated to and accessible only by a receiving institution. | Function: Storing said financial instrument information…therewith<br><br>Corresponding Structure: Memory/mailboxes M23, M24…MN.<br><br>DTC Br. at 18 [No. (B)(22)]. |
| | "means for temporarily storing each bundle of said separated financial instrument information in memory unique to the receiving institution associated therewith" (claim 45) | This term should be construed under § 112(6).<br><br>Function: Temporarily storing each bundle of said separated financial instrument information in memory assessable only by the receiving institution associated therewith.<br><br>Corresponding Structure: A mailbox or other partition within a memory device that is allocated to and accessible only by a specific receiving institution. | This term should be construed under § 112(6).<br><br>Function: Temporarily storing … therewith.<br><br>Corresponding Structure: Memory/mailboxes M23, M24…MN.<br><br>DTC Br. at 19 [No. (B)(29)]. |
| § (III)(F) | Preambles of claims 1, 24, 45, 61, and 80 | The Preambles are limiting. | Preambles are not limiting and the language in preambles does not need to be construed.<br><br>DTC Br. at 13 [No. (B)(1)], 18 [No. (B)(20)], 20 [No. (B)(27)], 21 [No. (B)(33)], and 21 [No. (B)(36)]. |
| § (III)(G) | "processor" (claims 1 and 24) | A single central processing unit, connected to all originating and receiving institutions and through which all data files are transmitted. | A central processing unit programmed to perform a specified function.<br><br>DTC Br. at 14 [No. (B)(8)]. |
| | "master processor" (claim 45) | A single central processing unit through which all electronic data files are sent for sorting and translation. | A central processing unit.<br><br>DTC Br. at 20 [No. (B)(28)]. |

| | | | |
|---|---|---|---|
| § (III)(H) | "predetermined data format parameter(s)" (claim 2) | Pre-selected specification defining the arrangement of data fields within a financial record. | Predetermined standards associated with data file formats regarding the arrangement of data within data fields where the arrangement conforms to the particular parameters associated with a specific file transfer protocol.<br><br>DTC Br. at 17 [No. (B)(17)]. |
| § (III)(I) | "financial instruments being exchanged between and among the institutions" (claim 1) | Physical transport of financial instruments between and among the institutions. | Term appears only in the preamble and does not need to be construed.<br><br>"Financial instruments" should be construed as "Documents in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, or coupons, that are exchanged between and among institutions."<br><br>DTC Br. at 13 [No. (B)(2)]. |
| § (III)(J) | "institution" (claim 1) | Bank or other financial institution. | A business, bank, or other commercial entity.<br><br>DTC Br. at 14 [No. (B)(5)]. |
| § (III)(K) | "financial instrument information" (claim 1) | Information derived from a financial instrument. | Information representing financial instruments and electronic funds transfers, and additional system generated information.<br><br>DTC Br. at 15 [No. (B)(9)] |
| § (III)(L) | "means for . . . validating the identifying information of the originating institution and said designated receiving institution" is in means-plus-function format subject to 35 U.S.C. § 112(6) (claim 2) | This term should be construed under § 112(6).<br><br>Function: Analyzing the identifying information of the originating institution and said designated receiving institution to insure that the institutions are system participants.<br><br>Corresponding Structure: | This term should be construed under § 112(6).<br><br>Function: Validating the identifying information of the originating institution and said designated institution.<br><br>Corresponding Structure: A central processing unit. |

| | | | |
|---|---|---|---|
| | | Specification does not disclose structure sufficient to perform the recited function. | DTC Br. at 16-17 [No. (B)(15)]. |
| | "means for . . . authenticating the financial instrument information contained in said first data file format with respect to predetermined data format parameters" is in means-plus-function format subject to 35 U.S.C. § 112(6) (claim 2) | This term should be construed under § 112(6).<br><br>Function: Authenticating the financial instrument information contained in said first data file format with respect to predetermined data format parameters.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under § 112(6).<br><br>Function: Authenticating the financial instrument information contained in said first data file format with respect to predetermined data format parameters.<br><br>Corresponding Structure: A central processing unit.<br><br>DTC Br. at 17 [No. (B)(16)]. |
| | "means for . . . determining a data file format acceptable to the designated institution" is in means-plus-function format subject to 35 U.S.C. § 112(6) (claim 2) | This term should be construed under § 112(6).<br><br>Function: Determining a data file format acceptable to the designated institution.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under § 112(6).<br><br>Function: Determining a data file format acceptable to the designated institution.<br><br>Corresponding Structure: Central processing unit validation procedure or program routine.<br><br>DTC Br. at 17 [No. (B)(18)]. |

**'759 AND '778 PATENTS**

| Response Brief | Term | DEFENDANTS' Construction | DTC's Construction |
|---|---|---|---|
| § (IV)(A) | "delivering the groups of instruments and the one or more cash letters from the first location to a second location" (claim 1 and 11 of the '759 Patent)<br><br>"delivering the assembled groups of instruments and the one or more cash letters associated therewith from the first location to a second location" (claim 5 of the '759 Patent) | Delivering the assembled groups of instruments and the one or more cash letters from the first location to a second location, without intermediate delivery to the payee's collecting and clearing bank. | Transporting from the first location to the check payment system via air or ground transportation.<br><br>DTC Br. at 23-24 [No. (C)(8)], 26 [No. (C)(18)]. |
|  | "delivering the groups of instruments and the one or more cash letters" (claim 11 and 14 of the '759 Patent) | Delivering the groups of instruments and the one or more cash letters from the first location into the payment system, without intermediate delivery to the bank of subsequent deposit. | Transporting from the first location to the check payment system via air or ground transportation.<br><br>DTC Br. at 28 [No. (C)(29)]. |
|  | "transport means for delivering the groups of instruments and the one or more cash letters from the first location to a second location for receipt into the payment system according to parameters determined by the payee's collecting and clearing bank" is in means-plus-function format subject to 35 U.S.C. § 112(6). (claim 1 of the '759 Patent) | This term should be construed under § 112(6).<br><br>Function: Delivering the groups of instruments and the one or more cash letters from the first location to a second location, without intermediate delivery to the payee's collecting and clearing bank, for receipt into the payment system according to parameters determined by the payee's collecting and clearing bank.<br><br>Corresponding Structure: Conventional ground or air delivery that delivers the instruments (as sorted and bundled at the first location) and the cash letters (as prepared at the first location) into the payment system without further sorting or bundling or preparation of cash letters at the second location or any other location. | This term should be construed under § 112(6).<br><br>Function: Delivering groups of instruments and one or more cash letters.<br><br>Corresponding Structure: Air or ground transportation.<br><br>DTC Br. at 23 [No. (C)(7)]. |

| | | | |
|---|---|---|---|
| | "transport means for delivering the groups of instruments and the one or more cash letters from the first location to a second location for introduction into the payment system according to parameters determined by the bank of subsequent deposit" is in means-plus-function format subject to 35 U.S.C. § 112(6). (claim 11 of the '759 Patent) | This term should be construed under § 112(6).<br><br>Function: Delivering the groups of instruments and the one or more cash letters from the first location to a second location, without intermediate delivery to the bank of subsequent deposit, for introduction into the payment system according to parameters determined by the bank of subsequent deposit.<br><br>Corresponding Structure: The structure is conventional ground or air delivery that delivers the instruments (as sorted and bundled at the first location) and the cash letters (as prepared at the first location) into the payment system without further sorting or bundling or preparation of cash letters at the second location or any other location. | This term should be construed under § 112(6).<br><br>Function: Delivering groups of instruments and one or more cash letters.<br><br>Corresponding Structure: Air or ground transportation.<br><br>DTC Br. at 27 [No. (C)(24)]. |
| | "transport means for delivering said bundled groups of sorted instruments with associated cash letters from the facility into said payment system" is in means-plus-function format subject to 35 U.S.C. § 112(6). (claim 5 of the '778 Patent) | This term should be construed under § 112(6).<br><br>Function: Delivering said bundled groups of sorted instruments with associated cash letters from the facility into said payment system, without intermediate delivery to the payee's depository bank.<br><br>Corresponding Structure: The structure is conventional ground or air delivery that delivers the bundled groups of instruments with associated cash letters into the payment system without further sorting or bundling or preparation of cash letters at the payee's depository bank. | This term should be construed under § 112(6).<br><br>Function: Delivering said bundled groups of sorted instruments.<br><br>Corresponding Structure: Air or ground transportation.<br><br>DTC Br. at 32 [No. (D)(18)]. |

| | | | |
|---|---|---|---|
| | "second location" (claims 1, 5, and 11 of the '759 Patent) | A subsequent site geographically distant from the payee and the collecting and clearing bank (claims 1 and 5) or bank of subsequent deposit (claim 11) where financial instruments are submitted into the check payment system. | A site for the check payment system that is remote or separate from the first location.<br><br>DTC Br. at 24 [No. (C)(9)]. |
| § (IV)(B) | "said first location determined by the payee remote from the payee's collecting and clearing bank" (claim 1 of the '759 Patent)<br><br>"first location remote from the payee's collecting and clearing bank" (claim 5 of the '759 Patent) | A physical site, which is geographically distant from, and not at any of the facilities of, the bank that performs deposit, collecting, or clearing for the payee. | (claims 1 and 5 of the '759 Patent) Preamble is not limiting and the language in preamble does not need to be construed. Alternatively, Plaintiff's construction is: A location separate from the payee's collecting and clearing bank, but connected by a communication link.<br><br>DTC Br. at 22 [No. (C)(3)], 25 [No. (C)(14)]. |
| | "at a location", "at the location", "said location" (claim 1 of the '778 Patent) | At a facility geographically distant from all facilities of the payee's bank.  All instances of "location" refer to the location identified in the preamble, namely, a location geographically distant from all the facilities at the payee's bank. | "At a location" appears only in the preamble and does not need to be construed. The phrases "at the location" and "said location" should be accorded their plain meaning.<br><br>DTC Br. at 29 [No. (D)(5)]. |
| | "financial instruments drawn on different institutions that are received by a payee at a first location" (claim 1 of the '759 Patent) | Financial instruments that are drawn on different financial institutions and that are received by a payee at a payee controlled location geographically distant from, and not at any of the facilities of, the collecting and clearing bank. | Preamble is not limiting and the language in preamble does not need to be construed.  "Financial instruments" should be construed as "documents in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, or coupons, that are exchanged between and among institutions."<br><br>DTC Br. at 22 [No. (C)(2)]. |

|   | | | |
|---|---|---|---|
|   | "financial instruments drawn on different institutions that are received by different payees" (claim 11 of the '759 Patent) | Financial instruments that are drawn on different financial institutions and that are received by multiple payees at a location geographically distant from, and not any of the facilities of, the collecting and clearing bank. | Preamble is not limiting and the language in preamble does not need to be construed. Alternatively, Plaintiff's construction is: the plain meaning of the words. "Financial instruments" should be construed as "documents in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, or coupons, that are exchanged between and among institutions." <br><br> DTC Br. at 26 [No. (C)(20)]. |
|   | "received . . . by a payee at a location convenient to a payee's item capture facility and remote from the payee's depository bank" (claim 1 of the '778 Patent) | Physically received at the facility where the payee performs its own processing of checks and other cash items geographically distant from all facilities of the payee's bank. | This language is in the preamble and does not need to be construed. <br><br> DTC Br. at 28-29 [No. (D)(2)]. |
|   | "payee's item capture facility" (claim 1 of the '778 Patent) <br><br> "an item capture facility at a first location convenient to the payee for receiving said check and payment associated with the check" (claim 11 of the '778 Patent) | Payee's facility where payee performs its own processing of financial instruments; for example, a site where a retail organization payee performs remittance processing functions. Site where remittance processing or deposit processing functions of the payee occur. | Appears only in the preamble and does not need to be construed. Alternatively, if this Court opts to construe this phrase, it should be construed as a "site where remittance processing or deposit processing functions of the payee occur." <br><br> DTC Br. at 3 [No. (D)(3)] and 32 [No. (D)(20)]. |
| § (IV)(B)(1) | The Preambles of claims 1 and 5, 11, and 14 of the '759 Patent and claims 1 and 5 of the '778 Patent | The Preambles are limiting. | Preambles are not limiting and the language in preambles do not need to be construed. <br><br> DTC Br. at 21 [No. (C)(1)], 24 [No. (C)(12)], 26 [No. (C)(19)], 28 [No. (C)(27)], 28[No. (D)(1)], and 30 [No. (D)(11)]. |

| § (IV)(C) | "for applying to the instruments . . . a separate indorsement on behalf of each of the payee and the collecting and clearing bank with respect to each instrument received" (claim 1 of the '759 Patent)<br><br>"applying to the instruments ... separate indorsements on behalf of each of the payee and the collecting and clearing bank with respect to each instrument received" (claim 5 of the '759 Patent)<br><br>"applying to each of said instruments a separate indorsement on behalf of each of said payee and said depository bank" (claim 5 of the '778 Patent) | The printer operates to print two distinct indorsements at the same time on the reverse side of a financial instrument, one on behalf of the payee and the other on behalf of the collecting and clearing bank. | (claim 1 and 5 of the '759 Patent) Does not need to be construed as a phrase. "Separate indorsement" is defined, below. "Collecting and clearing bank" should be construed as "a bank that deposits funds in the payee's account based on received cash letter." The rest of the phrase is plain meaning.<br><br>DTC Br. at 23 [No. (C)(4)] and 25-26 [No. (C)(17)].<br><br>(claim 5 of the '778 Patent) This term does not need to be construed as a phrase. "Separate" should be construed as "one on behalf of the payee, and one on behalf of the collecting and clearing bank"; "indorsement" should be construed as "payment instructions and the identity of the indorser applied to an instrument." "Depository bank" should be construed as "the bank of first deposit where the payee has an account."<br><br>DTC Br. at 31 [No. (D)(14)]. |
|---|---|---|---|
| | "a separate indorsement" (claim 1 of the '759 Patent)<br><br>"separate indorsements" (claim 5 of the '759 Patent; claim 5 of the '778 Patent) | Two distinct indorsements, each printed at the same time on the reverse side of a financial instrument. | "Separate" should be construed as "one on behalf of the payee, and one on behalf of the collecting and clearing bank." "Indorsement" should be construed as "payment instructions and the identity of the indorser applied to an instrument."<br><br>DTC Br. at 23 [No. (C)(5)] and 25 [No. (C)(15)]. |
| | "separate indorsement on behalf of each of said payee and said depository bank" (claim 5 of the '778 Patent) | Two distinct indorsements, each printed at the same time on the reverse side of a financial instrument, one on behalf of the payee and the other on behalf of the payee's depository bank. | Does not need to be construed as a phrase. "Separate," "indorsement," and "depository bank" should be construed as in term (D)(14), above.<br><br>DTC Br. at 31 [No. (D)(15)]. |

| | | | |
|---|---|---|---|
| § (IV)(D) | "a central processing unit and communication link providing a coordination between the payee and the payee's collecting and clearing bank which predetermines the timing and monitors the transport of the sorted instruments and the cash letters associated therewith and coordinates the recordation of the deposit of the funds represented by the instruments with the collecting and clearing bank in a sequence coordinated with the timing of a settlement of accounts in the check payment system." (claim 1 of the '759 Patent) | A central processing unit and communication link that:

(1) ensure cooperation in a common action or effort between the payee and the payee's collecting and clearing bank;

(2) determine the timing in advance of the transport and monitor the transport of the sorted instruments and the associated cash letters; and

(3) control when funds are credited to the payee's account at the collecting and clearing bank, dependent upon the timing of receiving notification that an instrument was settled through the payment system. | This term is too long and too cumbersome to construe as a single term. "Central processing unit" should be construed as "a conventional programmable computer." "Communication link" should be construed as "connections for transmitting electronic data." "Cash letters" should be construed as "a listing of checks and the amounts of the checks drawn on a particular institution or group of institutions in a particular area." The rest of the phrase is plain meaning.

DTC Br. at 24 [No. (C)(10)]. |
| | "a control unit interconnecting the banks and predetermining the timing and monitoring the transport of the sorted instruments" (claim 11 of the '759 Patent) | A computer allowing electronic processing and communication between the banks and directing in advance the timing of the transport of the sorted instruments and monitoring the transport of the sorted instruments. | A central processing unit and communication link connecting the banks.

DTC Br. at 27 [No. (C)(25)]. |
| | "sequence coordinated with the timing of a settlement of the collecting and clearing bank's account" (claim 5 of the '759 Patent) | Controlling when funds are credited to the payee's account at the collecting and clearing bank, dependent upon the timing of receiving notification that an instrument was settled through the payment system. | The recording of the checks as a deposit in the payee's account is coordinated with the timing of the issue of a credit to the bank when a settlement of the accounts represented by the checks is received through the check payment system.

DTC Br. at 25 [No. (C)(16)]. |

| | | | |
|---|---|---|---|
| | "coordinate the recordation of the deposit of the funds represented by the instruments in the account with the collecting and clearing bank in a sequence coordinated with the timing of settlement in the check payment system" (claim 11 of the '759 Patent) | The control unit controls when funds are credited to the payee's account at the collecting and clearing bank, dependent upon the timing of receiving notification that an instrument was settled through the payment system. | The recording of the checks as a deposit in the payee's account is coordinated with the timing of the issue of a credit to the bank when a settlement of the accounts represented by the checks is received through the check payment system.<br><br>DTC Br. at 27-28 [No. (C)(26)]. |
| § (IV)(E) | "coordinating the delivery of the instruments and cash letters into the payment system" (claim 5 of the '759 Patent) | Controlling the timing of transport of the instruments and cash letters into the payment system. | Controlling the process of the introduction of instruments into the payment system.<br><br>DTC Br. at 32 [No. (D)(19)]. |
| § (IV)(F) | "imager for creating a second record translatable into a visually perceptible image of each of said financial instruments" is in means-plus-function format subject to 35 U.S.C. § 112(6) (claim 1 of the '778 Patent) | There is no well-known structure associated with the word "imager."<br><br>This term should be construed under § 112(6).<br><br><u>Function</u>: Creating a second record translatable into a visually perceptible image of each of said financial instruments.<br><br><u>Corresponding Structure</u>: Specification does not disclose structure sufficient to perform the recited function. | Term should not be construed under § 112(6).<br><br>This term should be construed as "a device that creates an electronic representation of an instrument."<br><br>DTC Br. at 29 [No. (D)(9)]. |
| | "imager" (claim 1 of the '778 Patent) | Means for creating an optically or electro-optically formed reproduction of a tangible object. | A device for creating an electronic representation of an instrument.<br><br>DTC Br. at 29 [No. (D)(8)]. |

| | | | |
|---|---|---|---|
| § (IV)(G) | Claim should be construed to require a specific order of performing the steps below (claims 5 and 14 of the '759 Patent) | This claim should be construed to require the following sequence of steps:<br><br>(1) receiving financial instruments;<br>(2) sorting and indorsing financial instruments;<br>(3) assembling the financial instruments into discrete bundles;<br>(4) prepare cash letters; and<br>(5) reporting the information in the cash letter. | Plaintiff contends that these steps are not required to take place in any particular order.<br><br>DTC Br. at 24-25 [No. (C)(13)] and 28 [No. (C)(28)]. |
| § (IV)(H) | "reporting to the respective banks and payee information in the cash letters" (claim 11 of the '759 Patent) | Transmitting cash letter information from the first location to each of the bank(s) of first deposit, payee, and bank of subsequent deposit. | Transmitting information in or about the cash letters to the banks and/or to the payee.<br><br>DTC Br. at 27 [No. (C)(23)]. |
| § (IV)(I) | "scanner" (claim 1 of the '778 Patent) | Defendants agree with DTC that a "scanner" means "an electronic reader that reads at least MICR data." | An electronic reader that reads at least MICR data.<br><br>DTC Br. at 29 [No. (D)(6)]. |
| § (IV)(J) | "settlement of accounts" (claim 1 of the '759 Patent) | A calculation and transfer of total amounts owed and payable from each financial institution's account. | A calculation of aggregate amounts owing and payable in each account.<br><br>DTC Br. at 24 [No. (C)(11)]. |
| § (IV)(K) | "payee's depository bank" (claim 1 of the '778 Patent)<br><br>"depository bank" (claim 11 of the '778 Patent) | The bank where the financial instrument would have been delivered for deposit, had it not been processed at the payee's location. | The bank of first deposit where payee has an account, and where the physical instruments would otherwise be delivered.<br><br>DTC Br. at 4 [No. (D)(4)]. |