# EXHIBIT E



#3
Response

IN THE UNITED STATES DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

In re application of                          PATENT
Barnhard, Jr., et al.
Serial No.: 07/203,489
U.S. Filing Date: June 7, 1988            Paper No. 3
Examiner: S. Kibby
Art Unit: 236
For: Central Check Clearing System

                                          41 South High Street
Attorney Docket No.:                      Columbus, Ohio 43215

                                          May 13, 1991

The Honorable Commissioner          RECEIVED
  of Patents and Trademarks
Washington, D.C. 20231              MAY 17 1991

                    AMENDMENT       GROUP 230

Sir:

I. Introduction.

   This is a response to the official communication mailed in this application on February 13, 1991.

   Reexamination and reconsideration are requested in view of the following.

   Claim 1-6 are pending in the application and were rejected under 35 U.S.C. §112 as being indefinite.

II. Remarks.

With reference to Claim 1, lines 4-6 and 35-43, the Examiner considers the claimed elements as having no physical manifestation. It is submitted that the interpretation of the Examiner does not appreciate that the term "association" describes the relationship of different physical locations of the member financial institutions, as those members abide by the rules of the association relating to other "means" and schedules utilized by the clearinghouse. In a sense, the "association" is comparable to the rim of a wheel, to which each member is joined as is a spoke, and the central control means may be considered the hub about which clearinghouse operations revolve. In this regard, lines 35 - 43 of Claim 1 relate, in a process that affects the members and is determined by the control means, to a timing sequence by which the clearinghouse operates. From this perspective, the analogy of the subject matter of Claim 1 to a mechanical apparatus is apt. The system operates by making connections to and from the "hub" to the "rim", and separate activities occur between and among members on the rim, all controlled by a time schedule. This physical relationship is not significantly different in character from, for example, the operating cycle of a reciprocating piston in an internal combustion engine that operates in a cycle determined by a cam and an electrical

distributor. Here, however, the institutions are geographically diverse places at which checks (financial instruments) are processed. The places are physical; and operations at the places occur on a scheduled basis. In this regard, the reference to members, an association and a time schedule is a very definite and precise definition of what physically comprises the interactions that occur among the clearinghouse assoication members. It is requested that the rejection of Claim 1 be withdrawn.

In Claim 4, lines 34-42, the "control" is defined as a central processing unit having specified functional means in accordance with a timing schedule. This Claim again is no different than a claim to a mechanical apparatus having specified means that interrelatedly operate in accordance with a timer. With reference to the elements of the claim following the preamble, each element has a physical manifestation. In the preamble, "control for a financial clearinghouse" identifies a mechanism, again using an analogy, comparable, for example, to a "thermostat for a dwelling" that includes processing and control means contained in a CPU. The term "control" in Claim 4, as a matter of logic, is defined by the subsequent language of the claim, just as, for example, a claim to a "thermostat" would have language following that antcedent to define and point out just what constituent means and interrelationships of the means comprise the

- 3 -

thermostat. It is submitted that Claim 4 is presented exactly in the manner a claim should be written; a term is stated in the preamble and the elements and their interrelationship comprising or defining that term follow.

With reference to Claim 2, a "sorting means" is well known in the banking industry and includes mechanical sorters, such as those which operate by MICR coding. (See Specification, page 12, lines 12 et seq.; page 14, lines 16 et seq.; page 20, lines 3 et seq). These electro/mechanical mechanisms sort checks by bank, payee, payor and/or other criteria so that the transfer of funds instructed by the checks can be initiated, processed and completed. The sorter reads the ABA routing transit instructions that are conventionally printed as numbers at the bottom of a check and delivers checks having the same instructions into "pockets" of the sorter for routing. [See FIG. 2, patent no. 4,358,671]. A "sort" and a "sorter" apparatus are common terms used in the banking industry and refer respectively to known procedures of "sorting," to arrange according to class, kind, or size, and to the "sorter" mechanism which accomplishes the sort.

The same considerations apply to the use of "sorter" in Claim 5. A "sorter" is a well known apparatus in the banking industry and is claimed in Claim 5 as the whole of a "sorter" structure used in the clearhouse of the invention.

- 4 -

In view of the foregoing remarks it is requested that the Examiner reconsider his rejection of indefiniteness under 35 U.S.C. §112. In the context of the art to which the invention pertains, a physically interconnected mechanism for check clearing and account settlement is described and particularly pointed out.

Reexamination and reconsideration are accordingly requested.

The cited references have been considered; however, none appears to suggest or disclose the clearinghouse system of the invention that interrelates the transfer of funds and physical transit of financial instruments in a location based settlement system as set forth in Claims 1-6.

For this reason, it is requested that the claims be allowed.

Respectfully submitted,

*[signature]*

Edwin M. Baranowski
Reg. No. 27,482
Porter, Wright, Morris & Arthur
41 South High Street
Columbus, Ohio 43215
(614) 227-2188

- 5 -



## CERTIFICATE OF FILING BY MAIL

I hereby certify that this Amendment is being deposited with the United States Postal Service (Postage prepaid, first class mail) in an envelope addressed to The Honorable Commissioner of Patents and Trademarks, Washington, D.C. 20231, on May 13, 1991 and pursuant to the provisions of 37 C.F.R. 1.8, it is requested that May 13, 1991 be the filing date accorded to this document.

Edwin M. Baranowski
Porter, Wright, Morris & Arthur
41 South High Street
Columbus, Ohio 43215
(614) 227-2188

BAR/1312

- 6 -



EDWIN M. BARANOWSKI

COLUMBUS, OHIO

(614) 227-2188

**PORTER, WRIGHT,
MORRIS & ARTHUR**
ATTORNEYS AT LAW
41 SOUTH HIGH STREET, COLUMBUS, OHIO 43215-3406
TELECOPIER: (614) 227-2100
TELEX: 6503213584

OTHER FIRM LOCATIONS:

CINCINNATI, OHIO
CLEVELAND, OHIO
DAYTON, OHIO
NAPLES, FLORIDA
WASHINGTON, D.C.

236
#
3

May 13, 1991

RECEIVED
MAY 1 7 1991
GROUP 230

The Honorable Commissioner
of Patents and Trademarks
Washington, D.C. 20231

    Re:    Serial No.: 07/390,623 ~~07/203,499~~
           Group Art Unit: 236
           U.S. Filing Date: June 7, 1988
           Examiner: S. Kibby
           For: Central Check Clearing System

Sir:

       Transmitted herein for filing in the above-referenced patent application is an Amendment.

       Our postcard receipt, which we ask that you acknowledge and return to us for our file, is also enclosed.

                            By: *Edwin M. Baranowski*
                                 Edwin M. Baranowski
                                 Reg. No. 27,482
                                 PORTER, WRIGHT, MORRIS & ARTHUR
                                 41 South High Street
                                 Columbus, ohio 43215
                                 PH: (614) 227-2188

EMB/kac
Enclosures