# EXHIBIT H

Dockets.Justia.com



*13/a*
*N.E.*

IN THE UNITED STATES DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

In re application of

Serial No.: 390,623
U.S. Filing Date:  August 7, 1989
Examiner:  Laura Brutman
Art Unit:  2311
For:  Central Check Clearing System

Attorney Docket No.:  1260900-50349

PATENT

Paper No. 12

41 South High Street

Columbus, Ohio 43215

May, 1992

The Honorable Commissioner
  of Patents and Trademarks
Washington, D.C.  20231

### AMENDMENT

This is a response to the Official Communication mailed in this application on February 14, 1992. Entry of this amendment, reexamination and reconsideration are requested.

AMEND THE CLAIMS AS FOLLOWS:

1.    (Amended)  A <u>mechanism for controlling the physical exchange of financial instruments among a number of pre-selected financial institutions</u> [centralized financial clearinghouse] <u>and</u> for effecting the settlement of <u>the instruments</u> [checks drawn on financial] <u>among the</u> institutions including:

[an association of] <u>a pre-</u>selected <u>number of sites for</u>
<u>sending, receiving and clearing the instruments,</u>
[member financial institutions in] <u>said sites</u>
<u>corresponding to</u> predetermined [localities] <u>in which the</u>
<u>pre-selected institutions are located</u>;

means for physically transporting [checks] <u>the</u>
<u>instruments</u> from one [member] <u>site</u> to each other <u>site</u>
[member of the association];

a central [control means] <u>processing unit</u> including

(1) means for calculating debits and credits
<u>based on the instruments</u> owing from <u>or payable to</u>
<u>each</u> one <u>of the number of pre-selected</u>
<u>institutions</u> [member] to <u>each of the others</u>
[another] on a predetermined periodic basis
[without regard to Federal Reserve System
district settlements]; [and]

(2) means for <u>sending and</u> receiving [a
participant's] reports of [the value and transit
status] of [items] <u>the instruments</u> to be cleared
<u>by an institution</u> with respect to <u>all instruments</u>
<u>received at all sites</u> [other participants in the
system];

(3) means for monitoring on a real time basis <u>as reported</u>:

([l]<u>a</u>) the actual sending and receipt of (the) [dollar] <u>currency</u> amount of [items] <u>the instruments</u> (being cleared) as reported by the <u>institutions</u> [participants], and

([2]<u>b</u>) the sending and receipt of (the actual financial instruments being cleared,

said means for monitoring being operatively interconnected to the means for calculating, whereby corresponding debits and credits necessary to effect settlement among [members] <u>the pre-selected institutions</u> may be determined and monitored; and [including further]

<u>(4)</u> means for reporting to each <u>institution</u> [member] the information monitored; <u>and</u>

a <u>cycling means</u> [predetermined time schedule] (1) for controlling the physical transport of financial instruments between and among the <u>sites</u> [members], and (2) for controlling the <u>predetermined</u> occurrence of the [national] settlement [of] <u>among</u> the <u>institutions</u> [individual members of the association] until after a

time that local settlements by [members of the
association] the institutions in the pre-selected
sites with institutiions that are not among the number
of pre-selected financial institutions are completed.

2.    (Amended)  The [clearinghouse] mechanism of claim 1
further    including    a    [sorting]    means    [in    each    member
institution]  at  a  site  by  which  [checks]  instruments
[presented] are sorted by the site locality of each other
[member]  of the pre-selected  institutions  and  in which  the
instruments sorted [checks] by site are sent by site sort
category to the respective sites of the site sort categories
[such other member institutions].

3.    (Amended)  The mechanism [clearinghouse] of claim 2
further  including  means  at  a  site  where  instruments  are
received [by] which [each member institution receiving check]
further  sorts  the  [checks]  instruments  received  according  to
categories of:

(1)    [checks]  instruments  drawn on [that member] the
institution located in the locality of the site; and

(2)    [checks]    instruments    drawn  on    [non-member]
institutions  that  are  not  among  the  number  of
pre-selected financial institutions [in that member's
locality,

- 4 -

in which clearinghouse, the control means includes further means for separately calculating, receiving and monitoring <u>data</u> in accordance with each of said categories].

4. (Amended)  A [control] <u>system</u> for a financial clearinghouse comprised of an association of selected member financial institution[s] <u>participants</u> situated in different localities including:

A.  a programmed central processing unit including:

means for calculating debits and credits owing from one member to another;

means for receiving and recording a participant's reports of the value and transit status of items to be cleared with respect to other participants in the system;

means for monitoring on a real time <u>as reported</u> basis (1) the actual sending and receipt of the [dollar] <u>currency</u> amount of items being cleared as reported by the participants, and (2) the sending and receipt of the actual financial instruments being cleared, said means for monitoring being operatively interconnected to the means for calculating whereby debits and credits owing from one member to another may be

determined    and    monitored    in    accordance    with    the
sending    and    receipt    of    the    [dollar]    currency    amounts
and    the    financial    instruments    to    be    cleared;

B.    means    for    addressing    the    processing    unit    by    which    a
[member]    financial    institution    participant    may    address    the
information    monitored    with    respect    to    its    own    account;    and

C.    a    time control    [schedule]    for    determining    the    physical
transport    of    financial    instruments    between    and    among    the
[members]    participants    according    to    a    predetermined    time
[schedule]    cycle,    and    for    determining    the    [time]    occurrence
of    the    [national]    settlement    of    the    individual    participants
at    a    pre-determined    time    [members    of    the    association]    until
after    a    time    that    local    settlements    in    the    localities    by
the    participants    [members    of    the    association]    are    completed.

5.    (Amended)    The    [control]    system    of    claim    4    further
including    a    sorter    in    a    locality    which    separates    [checks]    the
instruments    in    pre-determined    sort    categories    [by    the    locality
of    each    member    institution].

6.    (Amended)    The    [control]    system    of    claim    5    in    which
the    sorter    is    a    sorter    which    receives    items    on    behalf    of    a
participant    in    a    locality    and    includes    means    for    sorting
[checks]    such    instruments    according    to    categories    of:

- 6 -

(1)    <u>instruments</u>   [checks]   drawn   on   [a   member institution] <u>that participant</u> in [a] <u>the</u> locality; and

(2)    <u>instruments</u>   [checks]   drawn   on   [a   non-member] <u>financial</u> institution<u>s</u> in the locality <u>which are not participants</u>

[and   in   which   clearinghouse,   the   central   processing   unit includes   further   means   for   separately   calculating,   receiving and monitoring said sorted checks by each such category].


<u>REMARKS</u>

Regarding   the   Examiner's   comments   in   the   Official Communication,   the   claims   have   been   amended   to   clarify   the definition   of   the   invention   under   35   U.S.C.   §112   as   proper subject matter under 35 U.S.C. §101.   The claims have also been revised   so   that   consistent   terminology   appears.   The   Examiner's helpful suggestions have been adopted and are appreciated.

In Claim 1, the invention is set forth as a "mechanism" for achieving "the physical exchange of financial instruments."   An "association"   is   no   longer   claimed   and   the   "elements"   are   now physically   defined.   The   "predetermined   time   schedule", considered   a   "concept"   by   the   Examiner,   is   replaced   by   the physical   embodiment   of   a   "cycling   means."   The   reference   to Federal   Reserve   System   district   settlements   relates   to conventional   Federal   Reserve   settlements   between   institutions in   a   daily   clearinghouse   procedure   that   is   well   known   in   the

- 7 -

banking industry. The Federal Reserve settlement may be characterized as the "background" environment from which the claimed invention is distinguished. Claim 1 is clarified to state that the settlements effected among the institutions in the pre-selected sites are made separate from the conventional Federal Reserve settlement in a locality and, thus, reference to the Federal Reserve is deleted as necessary.

Regarding Claim 2 and the "sorting means", examples of "sorts" used in the claimed invention are set forth in the Specification, _inter alia_, at pages 12, 14, 15, 16 and 20; and in clarification of Claim 2, the word "sorting" in line 2 before "means" is deleted such that the claim is now consistent with the specification. The amended Claim 2, in a manner permitted by §112, now sets forth the means to accomplish the sort. In this regard, "sorting" is a well known term having a usual and conventional meaning of separating items according to pre-determined categories; that same meaning pertains in the financial industry when instruments are sorted for settlement. A well known and conventional "sorter" useful with the invention which reads and sorts according to financial instrument MICR codes is shown in Exhibit A.

In Claim 4, as the Examiner has suggested, "system" replaces "control" and the subject matter of the former lines 34-42 is defined as a "time control" that accomplishes a cycling function in the physical environment of the system.

With reference to the rejection of Claims 1-6 under 35 U.S.C. §101, applicant submits that the clarifying amendments

- 8 -

to the claims make it clear that (responsive to the Examiner's concerns) an actual physical embodiment of an exchange mechanism that is useful for exchanging and effecting financial settlements of instruments is stated as the claimed invention. Specific sites are identified and interrelated by a control means or processor, which as a machine, controls the physical exchange of the financial instruments (the instruments are tangible items), monitors transit and financial data and reports to members with regard to clearinghouse and settlement operations. The assembly set forth in the claims is comparable to any other process, art, method, apparatus, machine, or manufacture which is proper subject matter under 35 U.S.C. §101 and §100(b). [See the References Cited in Paper No. 2, mailed February 13, 1991; See also <u>Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 564 F. Supp. 1358 at 1361-1369 (D. Del. 1983) (Exhibit B)]. The Federal Reserve approval of the system of the invention is reported in Exhibit C. The claimed invention is new, useful, approved by the relevant regulatory agency, defined in terms that set forth proper subject matter for a patent, and is accordingly not merely a "concept".

For these reasons, the amendment to the application is considered to place the claims in compliance with 35 U.S.C. §§ 101 and 112. The withdrawal of the rejection and the allowance of this application is requested. Applicant notes that no

prior art has been cited and/or applied in the prosecution hereof which discloses or suggests the claimed invention.

Respectfully submitted,

Edwin M. Baranowski
Reg. No. 27,482
PORTER, WRIGHT, MORRIS & ARTHUR
41 South High Street, Suite 2800
Columbus, Ohio 43215
(614) 227-2188

## CERTIFICATE OF FILING BY MAIL

I hereby certify that this Amendment and accompanying Exhibits A , B and C and a Request for Consideration of Amendment and Petition for Extension of Time and Payment of Fee Under 37 C.F.R. §1.136 are being deposited with the United States Postal Service (Postage prepaid, first class mail) in an envelope addressed to The Honorable Commissioner of Patents and Trademarks, Washington, D.C. 20231, on May 14, 1992 and pursuant to the provisions of 37 C.F.R. 1.8, it is requested that May 14, 1992 be the filing date accorded to this document.

Edwin M. Baranowski
Porter, Wright, Morris & Arthur
41 South High Street
Columbus, Ohio 43215
(614) 227-2188

BAR/1546