UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION, | |
| Plaintiff | |
| v. | 2:06-CV-72 DF |
| WELLS FARGO & COMPANY, ET AL., | |
| Defendants | |

**DEFENDANT BANK OF AMERICA'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007**

DataTreasury's Response attempts to avoid judgment based on plainly wrong interpretations of means-plus-function case law, irrelevant "expert" affidavits and other legal and factual smokescreens that will not save the fatally flawed '007 Patent. The Federal Circuit's *Biomedino* ruling,[1] issued seven days before DataTreasury's Response was filed, plainly exposes the errors in the Response's arguments and interpretations. Issued after Bank of America filed its original Motion and notably omitted from DataTreasury's Response,[2] *Biomedino* confirms the standards to be applied in judging the invalidity of the '007 Patent and is a clear mandate to patentees that the Federal Circuit will not tolerate "after-the-fact" creation and disclosure of corresponding structure. Yet that is exactly what DataTreasury seeks to do in its Response. Put simply, *Biomedino* confirms the long list of Federal Circuit and Eastern District of Texas cases holding that means-plus-function claims are invalid when, as in the '007 Patent, no corresponding structure is disclosed within the four corners of the patent. Based on ample authority, the

---

[1] *See Biomedino, LLC v. Waters Techs. Corp.*, --- F.3d ----, 2007 WL 1732121 (Fed. Cir. June 18, 2007).
[2] Rather than citing *Biomedino*, DataTreasury chose instead to discuss in its Response another less relevant, non-precedential Federal Circuit case issued on the same day as *Biomedino*: *Omegaflex, Inc. v. Parker-Hannifin Corp.*, 2007 WL 1733228 (Fed. Cir. June 18, 2007).

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007** – Page 1

'007 Patent is indefinite and invalid in its entirety and summary judgment should be granted.

## I. ARGUMENT

The software-enabled means-plus-function claims in the '007 Patent are indefinite and invalid, unless an algorithm for each means-plus-function software term is found within the four corners of the '007 Patent. DataTreasury's Response does not reference any algorithm or software identified within the '007 Patent. Instead, DataTreasury contends that: (a) Figure 1's "CPU" box and (b) the patent's statement that "[s]oftware adapted to the system described herein may be devised by persons of skill in the financial programming computer arts," supply the requisite corresponding structure. As discussed below, controlling Federal Circuit law and multiple opinions from the Honorable T. John Ward of this district, confirm that these references (both with or without "expert" testimony) wholly fail to satisfy section 112, ¶6's requirements for corresponding structure as a matter of law.

### A.  As Confirmed in *Biomedino*, the '007 Patent Cannot Satisfy the Disclosure Obligations for Means-Plus Function Claims.

In *Biomedino*, the Federal Circuit reaffirmed the proper inquiry for determining the disclosure of corresponding structure under section 112. In framing the issue for decision, the Federal Circuit noted that "[e]ssentially this case asks the following question: for purposes of § 112, ¶6, is sufficient corresponding structure disclosed when the specification simply recites that a claimed function can be performed by known methods or

using known equipment where prior art of record and the testimony of experts suggest that known methods and equipment exist?"[3]  In answer to this query, the court confirmed existing Federal Circuit precedent and held:

> The inquiry is **whether one of skill in the art would understand the specification itself to disclose a structure, not simply whether that person would be capable of implementing a structure. Accordingly, a bare statement that known techniques or methods can be used does not disclose structure.** To conclude otherwise would vitiate the language of the statute requiring 'corresponding structure, material, or acts described in the specification.'[4]

With this in mind, the *Biomedino* court affirmed the District Court's determination of invalidity for indefiniteness because "control means" had no corresponding structure.[5] The parties in *Biomedino* agreed that the "only references in the specification to the 'control means' [were the] box labeled 'Control' in Figure 6 and a statement that the regeneration process of the invention 'may be controlled automatically by known differential pressure, valving and control equipment.'"[6]  The parties also agreed that the claimed function was "automatically operating a valve."[7]  The plaintiff contended that the excerpt from the written description combined with the defendants' expert's testimony sufficiently showed many known ways to operate valves, and as a result, satisfied the disclosure requirements of section 112.[8]  The defendant responded that "the reference to differential pressure, valving and control equipment is not at all descriptive of specific structure by which the control means will automatically operate the claimed

---

[3] *Biomedino*, ., --- F.3d ----, 2007 WL 1732121 at *4
[4] *Id.* at *6 (citing *Med. Instrumentation*, 344 F.3d at 1212 (citing *Atmel*, 198 F.3d at 1382))(emphasis added).
[5] *Biomedino*, ., --- F.3d ----, 2007 WL 1732121 at *6
[6] *Id.* at *3.
[7] *Id.*
[8] *Id.*

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007** – Page 3

valving."[9]  Defendant further argued that the expert testimony and prior art references relied on by plaintiff to demonstrate known ways to operate valves were irrelevant to the search for corresponding structure since the proper inquiry involved "'whether one of skill in the art would understand the specification itself to disclose the structure'" and "'not simply whether that person would be capable of implementing that structure.'"[10]  In analyzing the patent for corresponding structure, the *Biomedino* court agreed with the defendant, held that "there [was] nothing to suggest a structure for the claimed control means" and affirmed the District Court's finding of invalidity.[11]

Just like the unsuccessful *Biomedino* plaintiff, DataTreasury is relying on the box labeled CPU and a statement from the specification that "[s]oftware adapted to the system described herein may be devised by persons of skill in the financial programming computer arts" to supply corresponding structure under section 112.  Reliance on the box labeled CPU, however, is misplaced because the '007 Patent does not identify any known software or provide any algorithms that run on this CPU.  Consistent with the Federal Circuit's *Harris* and *WMS Gaming* decisions and the decisions of the Honorable T. John Ward of this district in *Gobeli Research, Touchcom,* and *GraphOn*, DataTreasury's claim is limited to the specific algorithm disclosed <u>in the specification</u>, and cannot encompass "any" software known to one skilled in the art.[12]

In addition, DataTreasury's excerpt from the specification does not provide the requisite disclosure as a matter of law.  Like the *Biomedino* plaintiff, DataTreasury

---

[9] *Id.* at *4 (internal quotations omitted).
[10] Id. at *4.
[11] *Id.* at *5-6.
[12] *Harris*, 417 F.3d at 1253; *WMS Gaming Inc. v. Internat'l Game Tech.*, 184 F.3d 1339, 1348-49 (Fed. Cir. 1999); *Touchcom, Inc. v. Dresser*, 427 F. Supp. 2d 730, 734-35 (E.D. Tex. 2005); *Gobeli Research Ltd. v. Apple Computer, Inc.*, 384 F. Supp. 2d 1016, 1022-23 (E.D. Tex. 2005); *Graphon Corp. v. Autotrader.com, Inc.*, No. 2:05-cv-530-TJW, Memorandum Opinion and Order at 6, 15-18 (E.D. Tex. June 28, 2007).

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007** – Page 4

attempts to combine the specification excerpt with "expert" testimony to show that known software could have been used to implement the claimed functions. For example, DataTreasury contends that "Terry Geer's testimony corroborates the fact that the sending and receipt of information from the participant banks to the CPU would be accomplished using **off-the-shelf software**."[13]  The '007 Patent, however, does not identify the commercially available or off-the-shelf software referenced by DataTreasury's "experts" within its four corners, leaving the '007 Patent claims unbounded, indefinite and invalid as a matter of law.

---

[13] Plaintiff's Response to Defendants' Motion for Summary Judgment of Claim Invalidity Based on Indefiniteness for U.S. Patent 5,265,007 (hereinafter "DT Response."), Doc No. 731, Filed 6/25/2007, at p. 15 (emphasis added). Further examples of this are:

- "The member institutions have a CPU which utilizes **available software**, such as PC Anywhere, Procomm, or Attach Mate, to receive information from the CPU or switch. *See* above; *see* Exh. C (Geer) at ¶¶ 5-6; *see also* Exh. B (James) at ¶¶ 13-16." DT Response at 17 (emphasis added).

- "The participant uses a PC with **off-the-shelf software** to access information from the CPU. *See* Exh. C (Geer), ¶ 7; see also Exh. B (James), ¶ 17." DT Response at 19 (emphasis added).

- "This computer can run on 'software adapted to the system . . .' (6:20-22) or by **conventional accounting instructions (like Lotus)** associated with the CPU." Exh. C (Geer) at ¶ 8." DT Response at 20 (emphasis added).

- "Connecting to the CPU or 'switch,' obtaining and printing these reports could be accomplished with standard **off-the-shelf software**. Exh. C (Geer) at ¶ 13." DT Response at 3 (emphasis added).

- "The programming for the computer may be provided by 'software adapted to the system' that is 'devised by persons of skill in the financial programming computer arts." 6:20-24. The participant uses a PC with **off-the-shelf software** to access information from the CPU. *See* Exh. C (Geer), ¶ 7; see also Exh. B (James), ¶ 17." DT Response at 24 (emphasis added).

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM**
<u>**INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007**</u> **– Page 5**

### B. This Court Should Ignore Data Treasury's Attempts to Obscure the Simplicity Of the Issues.

The '007 Patent contains no algorithms – whether described in figures, equations, source code or text—none whatsoever.[14] DataTreasury attempts to hide this fatal deficiency by creating a statutory exception that does not exist, citing to inapplicable case law, and mischaracterizing Dr. Perry's expertise and declaration.[15] Such smokescreens cannot carry the day or remedy the flaws in the '007 Patent.

#### 1. *There is no "financial services" exception to Section 112, ¶ 6's disclosure requirements.*

In cases involving software-enabled means-plus-function terms, courts have consistently required that the recited function be clearly linked to the corresponding structure and that the corresponding structure be an algorithm. Regardless, DataTreasury would have this Court believe that there is an exception to the law based on the field of invention, such that a "financial services" related patent would fall outside the scope of this clear authority. Neither Congress, nor the Federal Circuit (or any other court for that matter) have ever made such a distinction under section 112, ¶6, and no separate standard exists to evaluate the claims directed to a check clearing system than in a patent directed to a system for paying at the gas pump,[16] for dispensing prepaid debit cards,[17] or for an electronic slot machine.[18] All of these cases involve software terms, <u>regardless of the field of invention disclosed</u>, and courts have consistently required that the associated structure be an algorithm that is clearly linked to the recited functions.

Further, DataTreasury contends that "[t]he software employed in the '007 Patent is not at the heart of the invention itself," but fails to identify what else constitutes the

---

[14] In making this statement, Bank of America acknowledges that this Motion is governed by a "clear and convincing" standard, the same standard used by the Federal Circuit to invalidate the claims at issue in *Biomedino* and many other cases.
[15] Dr. Perry is Bank of America's expert whose declaration is attached to Bank of America's Motion as Exhibit C.
[16] *Touchcom,* 427 F. Supp. 2d at 730.
[17] *Default Proof Credit Card System, Inc. v. Home Depot U.S.A., Inc.*, 412 F.3d 1291 (Fed. Cir. 2005).
[18] *WMS Gaming*, 184 F.3d at 1339.

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007 – Page 6**

"heart" of any alleged invention. Since the invention purports to be the use of a central computer with specialized software used to calculate real-time debits/credits and track shipment status and values, it is difficult to understand how software is not at the "heart" of the invention. DataTreasury's attempt to manufacture an exception to the well-established standards for disclosure under section 112, ¶6 is simply of no moment.

 2. *DataTreasury Relies on Inapplicable Case Law.*

DataTreasury also attempts to hide the '007 Patent's fatal flaws by citing to easily distinguishable case law. First, DataTreasury points to the *Advanceme* case.[19] There, the device proposed by the plaintiff as structure, a modem, was found to be hard-wired to accomplish the relatively simple function at issue ("receiving") with no need for a control element or software (and thus no algorithm) to perform that function. As shown by DataTreasury's multiple citations to affidavits reciting the need for "off-the-shelf" software, the CPU proposed by DataTreasury as structure is far from being "hard-wired" to perform the functions at issue and, unlike the modem at issue in *Advanceme*, requires software to be able to perform such functions.[20]

Second, in *Network Appliance*,[21] the court significantly narrowed the plaintiff's proposed construction of a means-plus-function claim by limiting it to the specific algorithm disclosed in the specification as required by *WMS Gaming*,[22] and validity was not at issue. Unlike the '007 Patent, the patent in *Network Appliance* specifically identified "standard NFS commands . . . ported from Sun Microsystems" which were

---

[19] *Advanceme, Inc. v. Rapidpay, LLC*, No. 6:05CV424, No. 6:06CV082, 2006 WL 3761975, at *9-10 (E.D. Tex. Dec. 21, 2006) (Love, M.J.).

[20] Further, the *Advanceme* Court noted that the specification identified by name "generally available equipment." By contrast, the '007 Patent specification does not identify any "generally available equipment" by name or manufacturer. Thus, DataTreasury's reliance on extrinsic testimony regarding how The National Clearinghouse, CHEXS, and NCHA systems worked using "PC Anywhere" or "AttachMate" software to show what was available at the time of this patent's (or its priority application's) filing is irrelevant and does not cure the indefiniteness of the '007 Patent.

[21] *Network Appliance, Inc. v. Bluearc Corp.*, No. C03-5665MHP, 2005 U.S. Dist. LEXIS 16732, at *12-20 (N.D. Cal. Jan. 5, 2005).

[22] *Id.* at 15-19.

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007** – Page 7

clearly linked to the decoding and encoding functions at issue.[23]  Based on such specific disclosure, the court accordingly limited the plaintiff's desired broad construction of "microprocessor" to the specific NFS commands disclosed in the specification, and equivalents.[24]  Contrary to DataTreasury's arguments, the *Network Appliance* court noted that "[a]llowing the instant claim to include all possible algorithms which could be programmed into the microprocessor would expand the claim to cover an untenable number of algorithms" and properly narrowed the construction of the claimed functional terms to the specific algorithms disclosed in the patent's specification.[25]  Since the '007 Patent fails to identify any algorithm or specific commercial software, such a narrowing is not possible here and the patent is invalid due to its indefiniteness.

        3.    *DataTreasury Mischaracterizes Dr. Perry's Expertise and Declaration.*

Dr. Perry's expertise as a software and computer science expert is directly applicable in this matter.  This case deals with claimed functions that, as even DataTreasury concedes, must be implemented using software.  It does not matter that the patent is directed towards a method for check clearing.  Dr. Perry was asked to determine whether the '007 Patent specification discloses an algorithm capable of implementing each of the recited functions, and a computer scientist with Dr. Perry's expertise is highly qualified to make that determination.  As he testified, such algorithms simply cannot be found within the '007 Patent.

---

[23]  And to be clear, the patentee identified specific known software (the NFS commands from Sun Microsystems) and not "commands known in the art" or some other vague statement that flies in the face of *Biomedino* and *MIDCO*. *See Biomedino*, --- F.3d ----, 2007 WL 1732121, at *5-6; *MIDCO*, 344 F.3d at 1211.

[24]  *Network Appliance,* 2005 U.S. Dist. LEXIS 16732, at *12-20 *Id.*

[25]  *Id.* at 18-19 (citations omitted).

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007** – Page 8

      **C.    The '007 Patent Fails To Link Any Disclosed Algorithms And/Or Software To The Claimed Functions.**

Finally, the '007 Patent's cursory reference to undefined software provides no clear link between that software and the claimed functions. In the absence of such a clear link, the means-plus-function claims are invalid as a matter of law.[26] With respect to software generally, the '007 Patent's written description merely mentions that "[s]oftware adapted to the system described herein may be devised by persons of skill in the financial programming computer arts."[27] There is no clear statement linking this unspecified software to the claimed functions of, for example, calculating debits and credits.[28] Moreover, DataTreasury's Response submits that an unspecified "accounting system" is part of the structure for Claim 1 for "receiving from the central processing unit a calculated value (a) on a real time basis information regarding the debits and credits owing to or payable by an institution . . ."[29] However, the clear language of Claim 1 requires that any such structure be located at the individual financial institutions, rather than at the central location.[30] There is no mention in the specification of any accounting system located within the financial institution. As shown by the intrinsic evidence, the only reference to an accounting system is to a "<u>central</u> accounting system." This excerpt is deficient and clearly falls within the *MIDCO* holding that "[a]lthough the specification refers to the use of software programs that 'are either commercially available or within the skill of practitioners in the programming arts,' this statement in no way links software to the function."[31]

---

[26] *MIDCO*, 344 F.3d at 1217.
[27] '007 Patent, 6:20-22.
[28] Nor is there a clear statement linking software, unspecified or otherwise, with the function of "continuously monitoring on a real time basis … (i) the sending and receipt status of the instruments and (ii) the value of the instruments."
[29] *See* DT Response. at pp. 16-17.
[30] This claim term begins: "(A) means within each of the pre-selected institutions . . . for . . . receiving from the central processing unit . . ." '007 Patent, 7:47 and 57-58.
[31] *MIDCO*, 344 F.3d at 1217 (emphasis added).

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007 – Page 9**

For software-enabled means-plus-function terms, failure to clearly link an algorithm with the claimed function is a second, independent, reason that the claim is invalid as a matter of law, making summary judgment appropriate.[32]

## II. CONCLUSION

The '007 specification as written contains no algorithms or specifically identified known software for performing the claimed functions. No amount of expert testimony or non-existent subject-matter exceptions to the means-plus-function-statute can create a fact issue. The '007 Patent simply lacks the algorithms to perform the claimed functions. Because every claim is irreparably flawed with the same indefiniteness, the entire patent should be declared invalid and summary judgment granted for Bank of America and all other defendants joining in the instant motion.

---

[32] As reflected by Exhibit D attached to the underlying Motion, setting forth DataTreasury's alleged intrinsic support for its proposed structure, there is virtually no linkage, much less a "clear association" between what DataTreasury proposes as structure, and the function that the alleged structure is supposed to perform.

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007** – **Page 10**

Dated:  July 12, 2007

Respectfully submitted,

FISH & RICHARDSON P.C.


By: /s/Thomas M. Melsheimer
Thomas M. Melsheimer
Texas Bar No. 13922550
1717 Main Street
Suite 5000
Dallas, TX  75201
214-747-5070 (Telephone)
214-747-2091 (Telecopy)

Robert E. Hillman
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804
617-542-5070 (Telephone)
617-542-8906 (Telecopy)

Robert M. Parker
Robert Christopher Bunt
Parker & Bunt, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
903-531-3535 (Telephone)
903-533-9687 (Telecopy)

Michael E. Jones
Texas Bar No. 10929400
E. Glenn Thames, Jr.
Texas Bar No. 00785097
Potter Minton
500 Plaza Tower
110 North College, Suite 500
Tyler, TX  75702

Counsel for Defendants
BANK OF AMERICA CORPORATION,
BANK OF AMERICA, NATIONAL
ASSOCIATION

Case 2:06-cv-00072-DF-CMC    Document 753    Filed 07/12/2007    Page 11 of 12

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM
<u>INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007</u> – Page 11**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 12, 2007 to all counsel of record pursuant to the Court's CM/ECF system.

                                                   /s/ Jordan T. Fowles
                                                   Jordan T. Fowles

90230254.doc

Case 2:06-cv-00072-DF-CMC    Document 753    Filed 07/12/2007    Page 12 of 12

**DEFENDANT BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT FOR CLAIM INVALIDITY BASED ON INDEFINITENESS OF U.S. PATENT NO. 5,265,007 – Page 12**