IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION § | | |
| *PLAINTIFF* § | | |
| vs. § | No. 2:06cv72 | |
| § | | |
| WELLS FARGO & COMPANY, *et al* § | JURY TRIAL DEMANDED | |
| *DEFENDANTS* § | | |

**PLAINTIFF'S SURREPLY TO FIRST CITIZENS
BANCSHARES, INC.'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

DataTreasury submits this Surreply to First Citizens Bancshares, Inc.'s (FCB) Reply in Support of its Motion to Dismiss for Lack of Personal Jurisdiction. FCB continues its attempts to evade answering for its infringing activities in this Court, despite the fact that DataTreasury has demonstrated that FCB is subject to the jurisdiction of this Court. For these reasons stated previously in its Response to this issue and those below, FCB's Motion to Dismiss should be denied, and FCB should be required to answer for its infringing activities.

**I. Defendant's Accusations Warrant Clarification**

Defendant's repeated accusations that DataTreasury "mischaracterizes" FCB's own documents and public filings serve only as a last-ditch effort to avoid the jurisdictional basis that these documents ultimately support.[1] Most, if not all, of the evidence offered by DataTreasury in support of this Court's jurisdiction was created in

---

[1] As the Court is fully aware, this issue has been briefed exhaustively both with regard to the jurisdictional issue and associated motions to compel. In its Reply, Defendant lodges accusations at DataTreasury of mischaracterizing certain issues and evidence in this matter. DataTreasury disputes Defendant's assertions. With the extensive briefing history in mind with regard to this issue, DataTreasury offers this brief surreply to respond to only a couple of several issues raised in Defendant's Reply.

the absence of litigation and reveals the true nature of Defendant's activities. With these documents and FCB's banking activities and contacts with this forum revealed, FCB resorts to unwarranted accusations to avoid this Court's jurisdiction.

### A. Strategic Plans

FCB's "Strategic Plans" hardly reflect, much less *unambiguously* reflect "the strategic thinking of a holding company regarding the activities of its subsidiaries, rather than business activity by the holding company itself." On its face, such "Strategic Plans" are the plans of FCB itself. This is made unambiguously clear by the title of the documents presented – First Citizens Bancshares, Inc. Strategic Plan for 2006-2008 and First Citizens Bancshares, Inc. Strategic Plan for 2007-2009. These are not the strategic plans of FCB's subsidiary institutions. Both documents emphasize the vision of FCB, not its subsidiaries, as "help[ing] customers achieve a lifetime of success." When specifically addressing Check 21 initiatives, Electronic Check Presentment, Image Check Presentment, and image depositing capabilities, FCB's Strategic Plans do not segregate out these functions as part of its subsidiaries' activities. These documents, when created, were not created with an eye towards litigation and reveal the true nature of FCB's ongoing and continuing activities – that being an entity that is highly involved in the "completion of Check 21 initiatives" and related activities in addition to many other banking functions. FCB's attempts to now explain away these business activities with the looming cloud of litigation over it ring hollow.

### B. SEC Filings

FCB brings particular attention to its SEC 10-K filing as cited by DataTreasury. FCB's 2005 10-K filing supports, as cited in its Response, the fact that FCB is subject to

this Court's jurisdiction. Defendant again resorts to needless accusations in an attempt to blur the undeniable facts that are specifically stated by FCB and sworn and attested to under penalties of the Sarbanes-Oxley Act. In its 2005 10-K, FCB specifically admits that "through its subsidiary financial institutions, as of December 31, 2005, [First Citizens] <u>Bancshares operated</u> branch offices…in Texas." (emphasis added).

FCB attempts to detract from the harsh reality that this admission creates – *i.e.*, that FCB is in fact subject to the jurisdiction of Texas given its operation of branch locations in the state – by emphasizing DataTreasury's "selective use of ellipses." It is undisputed that many of the branch offices referenced in this portion of FCB's 10-K are in fact in Texas. FCB does not deny this, but instead attempts to distract the Court from this fact by stating that the 10-K does not indicate how many are operated in Texas. Unless the number was zero, which it is indisputably not, this fact is detrimental, and fatal, to FCB's jurisdictional argument.

Additionally, FCB's 10-K suggests that these branch offices – multiple branches of which are in Texas – are operated by FCB. If FCB did not in fact operate these subsidiaries, it could have simply stated "FCB's subsidiary financial institutions operated branch offices…." However, that is not what it represented to the public and to the government, and this speaks volumes with regard to who truly operates these branch entities. However, now that FCB has been named as a defendant in this litigation and is actively evading the jurisdiction of this Court, FCB has altered this language in its 2006 10-K to reflect a change in operations. Now, as a named Defendant in this litigation and in the midst of a lengthy jurisdictional battle, FCB states "[a]s of December 31, 2006 [First Citizens] <u>Bancshares' subsidiary financial institutions operated</u> branch offices…in

Texas…." FCB 2006 10-K (emphasis added). If this were the case when FCB filed its 2005 10-K, it could have easily have indicated as much – just as it has now done in 2006. However, it did not. Thus, much like a "subsequent remedial measure" in a products liability case, FCB's own statements in its 2006 10-K prove that, at least for all years prior to 2006, FCB operated banks in Texas – not its subsidiaries. This fact is a glaring omission from FCB's Motion and its Reply, because it proves fatal to FCB's arguments.

## II. Conclusion

DataTreasury vigorously disputes FCB's accusations of mischaracterizing certain documents and information in its Response. Given the extensive briefing history relating to FCB's Motion to Dismiss, DataTreasury does not wish to further burden the Court with any more briefing than it believes necessary. In that regard, DataTreasury believes that its prior briefing and the points raised herein adequately paint an accurate picture of FCB's actions and activities and fully supports this Court's exercise of jurisdiction over FCB. For these reasons, DataTreasury would respectfully request that the Court deny FCB's Motion to Dismiss for Lack of Personal Jurisdiction.

Respectfully submitted,

  /s/ Ben King
**R. BENJAMIN KING**
State Bar No. 24048592
**ANTHONY BRUSTER**
State Bar No. 24036280
**C. CARY PATTERSON**
State Bar No. 15587000
**BRADY PADDOCK**
State Bar No. 00791394
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999 (telephone)

903.223.8520 (facsimile)
akbruster@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

**EDWARD CHIN**
State Bar No. 50511688
**ROD COOPER**
State Bar No. 90001628
**EDWARD L. VON HOHN**, Attorney in Charge
State Bar No. 09813240
**NIX PATTERSON & ROACH, L.L.P.**
5215 North O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@nixlawfirm.com
rcooper@cooperiplaw.com
edhohn@nixlawfirm.com

**JOE KENDALL**
State Bar No. 11260700
**KARL RUPP**
State Bar No. 24035243
**PROVOST \* UMPHREY, L.L.P.**
3232 McKinney Avenue, Ste. 700
Dallas, Texas 75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@provostumphrey.com
krupp@provostumphrey.com

**ERIC M. ALBRITTON**
State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com

**T. JOHN WARD, JR.**
State Bar No. 00794818
**LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231

Longview, Texas 75601
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 18th day of July, 2007 via electronic transmission.



_____
**NIX, PATTERSON & ROACH, LLP**