IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DATATREASURY CORPORATION** § | |
| **Plaintiff,** § | |
| § | **Civil Action No.:** |
| v. § | **2:06-CV-72 (DF)** |
| § | |
| § | **JURY TRIAL DEMAND** |
| **WELLS FARGO & COMPANY, ET. AL.,** § | |
| **Defendants** § | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF CLAIM INVALIDITY BASED ON INDEFINITENESS FOR U.S. PATENT NO. 5,265,007**

In their Reply brief, Defendants rely heavily on the Federal Circuit's recent case of *Biomedino, LLC v. Waters Techs. Corp.*[1] A careful reading of the *Biomedino* case, however, reveals no change in the points of law discussed in Plaintiff's Response Brief. In fact, while the Federal Circuit found the patent in the *Biomedino* case invalid for indefiniteness, that Court did not change the law at all—instead, it explicitly relied on the long line of case law that has been thoroughly discussed in Plaintiff's Response Brief.

Defendants ask this Court to invalidate the '007 Patent[2] in its entirety under 35 U.S.C. § 112, ¶¶ 2 and 6. In support of this bold request, Defendants continue to rely on sweeping statements rather than an in-depth term-by-term analysis. Instead of replying to Plaintiff's

---

[1] *Biomedino, LLC v. Waters Techs. Corp.*, --- F.3d ---, 2007 WL 1732121, at *2 (Fed. Cir. June 18, 2007). Plaintiff appreciates Defendants bringing the *Biomedino* case to the Court's attention, despite Plaintiff's supposed attempt to hide this case, which was decided seven whole days before its brief was filed. However, Plaintiff does not agree with Defendants' characterization that the *Biomedino* case changes any of the well-established Federal Circuit law discussed in Plaintiff's brief. See the top of page 3 of Defendants' Reply brief—Defendants admit that the Federal Circuit in *Biomedino* was applying well-established principles—the same principles laid out in Plaintiff's Response Brief.

[2] U.S. Patent No. 5,265,007. An unidentified party (or parties) has asked the USPTO to accept re-examination for this patent, along with the remaining DataTreasury Patents (U.S. Patent Nos. 5,717,868, 5,930,778, 5,583,759) involved in the above cited Action. The USPTO has already accepted re-examination for at least the '759 Patent.

1

identification of structure in its Response brief, Defendants build, then knock down, a straw man argument bearing no resemblance to Plaintiff's arguments. In addition, it is clear from Defendants' Reply brief that they cannot deny that their expert, Dr. Dewayne E. Perry, has proffered nothing more than boilerplate, conclusory statements. Finally, Defendants' attempts to distinguish relevant guiding case law miss the mark. For all of these reasons, Defendants' motion for summary judgment should be denied.

I.     ARGUMENT

The central question remains the same: does the '007 Patent disclose adequate structure for the functions in its means-plus-function terms, as would be understood by one of skill in the art? Or, more specifically, have Defendants proven by *clear and convincing evidence* that the '007 Patent does not disclose any adequate structure? In the Response brief, Plaintiff cites to structure in the specification corresponding to each term discussed in Defendants' Motion for Summary Judgment.[3] Instead of countering Plaintiff's references, Defendants attempt to characterize Plaintiff's position as relying on (a) Figure 1's "CPU" box, and (b) the patent's statement that "[s]oftware adapted to the system described herein may be devised by persons of skill in the financial programming computer arts."[4] This is nothing more than an obvious straw man argument, as Plaintiff's Response brief clearly relies on neither (a) nor (b). Instead, Plaintiff's Response brief relies on citations to the specification of the '007 Patent, which were not rebutted by Defendants.

---

[3] *See* Plaintiff's Response brief, pgs. 14-24.
[4] *See* Defendants' Reply brief, p. 2.

2

### A. *Biomedino* Does Not Change the Law Applicable to Defendants' Motion for Summary Judgment

In the Federal Circuit's recent *Biomedino* case, the Federal Circuit applied its long line of case law in this area (as discussed thoroughly in Plaintiff's brief) and found that there was no structure for the means-plus-function claim at issue, and upheld the trial court's determination that the affected claims were invalid for indefiniteness.[5] In Defendants' Reply brief, they admit twice that the *Biomedino* case does not change well-established Federal Circuit precedent.[6] The Federal Circuit's opinion does not claim to change the law in any way; on the contrary, the Federal Circuit extensively cited its earlier *MIDCO* case[7] and other frequently-cited cases in this area, which are thoroughly discussed in Plaintiff's Response brief.

The Federal Circuit's opinion in *Biomedino* does not affect any of the points that Plaintiff makes about the case law relevant to Defendants' motion its Response brief. If anything, *Biomedino* might indicate that the Federal Circuit is somewhat less generous in linking structure to function than its previous precedent indicates. But the Federal Circuit goes out of its way to reaffirm the low threshold for structure, and the fact that it is viewed in light of the knowledge of one skilled in the art:

> "While the specification must contain structure linked to claimed means, this ***is not a high bar***: '[a]ll one needs to do in order to obtain the benefit of *[§ 112*, P 6] is to recite some structure corresponding to the means in the specification, as the statute states, so that one can readily ascertain what the claim means and comply with the particularity requirement of *[§ 112,]* P 2.' Additionally, interpretation of what is disclosed in the specification must be made in light of the knowledge of one skilled in the art."[8]

---

[5] *Biomedino, LLC v. Waters Techs. Corp.*, --- F.3d ---, 2007 WL 1732121, at *15-17 (Fed. Cir. June 18, 2007).
[6] *See* Defendants' Reply Brief at page 3 ("the court confirmed existing Federal Circuit precedent and held…"; p. 2 ("In *Biomedino*, the Federal Circuit reaffirmed the proper inquiry…").
[7] *Med. Instrumentation & Diagnostics Corp. v. Elekta AB ("MIDCO")*, 344 F.3d 1205, 1211 (Fed. Cir. 2003).
[8] *Id.* at * 8-9 (emphasis added) (internal citations omitted).

This inquiry is highly case-specific as it requires an in-depth analysis of the specification of the patent involved. Just because the claims in *Biomedino* were invalid does not mean that the claims at issue are invalid. Defendants attempt to draw an analogy between the cases by claiming that Plaintiffs are relying on the statement in the '007 Patent that "[s]oftware adapted to the system described herein may be devised by persons of skill in the financial programming computer arts." However, as noted above, this is merely a straw man argument. In addition, David James' and Terry Geer's testimony did not "create or infer" structure, as in *Biomedino*, it reflected those affiants' opinion that the references to structure in the specification were sufficient in light of the knowledge of one skilled in the art.[9] Defendants cannot fit a square peg into a round hole by characterizing Plaintiff's argument in a way that bears no resemblance to Plaintiff's actual analysis in its Response brief.

**B.  Dr. Dewayne E. Perry's Affidavit is Nothing More than Boilerplate and Conclusory Language**

As discussed in Plaintiff's Response brief, Dr. Dewayne E. Perry's "analysis" is nothing more than a series of conclusory sentences strung together and repeated term-by-term. Defendants do not even deny this fact. This "analysis" is not sufficient evidence on which to base invalidation of a United States Patent. Such conclusory assertions in expert affidavits are not even competent summary judgment evidence.[10] Furthermore, as discussed previously, Dr. Perry is a software engineer, not a person with any knowledge of the financial services industry. Hence, his testimony as to what level of detail of structure is sufficient for one of skill in the '007 Patent or for that matter the financial services art would be of no use.

---

[9] *See id.* at *9, 15.
[10] *See, e.g., Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992).

### C. Defendants' Attempts to Distinguish the *Advanceme* and *Network Appliance* Cases Are Unavailing

Defendants attempt to distinguish only two of the many cases cited by Plaintiff.[11] Defendants claim that the *Advanceme* case does not apply because the "receiving" function discussed therein was carried out by a hardware appliance, a modem.[12] Defendants fail to mention that the defendant in that case, like them, claimed that software must also be included, but that no algorithm was disclosed. The *Advanceme* Court's finding that the generally-available equipment included all the structure, including software to be executed by a processor, for implementing the functions at issue, is highly relevant to this Court's analysis.[13] In addition, the *Advanceme* Court's analysis of the term "means for forwarding a portion of the payment…" is highly instructive in that the Court followed Federal Circuit precedent in finding an algorithm in the specification, despite the lack of flow charts or source code (again over defendant's objection that no algorithm was disclosed).[14] The Court found a sufficient algorithm disclosed in the specification's description of payment authorization and settlement at Col. 5, lines 21-37 of the patent at issue.[15] This was a correct application of Federal Circuit precedent holding that a description of steps in the specification can be a sufficient algorithm.[16]

Defendants' attempt to distinguish the Northern District of California's analysis in the *Network Appliance* case is likewise unavailing.[17] The fact that Network Appliance is a claim construction opinion does not decrease its relevance; as noted above, this Court must effectively

---

[11] *Advanceme, Inc. v. Rapidpay, LLC*, No. 6:05cv424, No. 6:06cv082, 2006 U.S. Dist. LEXIS 92444, at *25-26 (E.D. Tex. Dec. 21, 2006) and *Network Appliance, Inc. v. Bluearc Corp.*, No. C 03-5665 MHP, 2005 U.S. Dist. LEXIS 16732, at *17-18 (N. D. Cal. Jan. 5, 2005). *See* Defendants' Reply brief at pp. 7-8.
[12] *Id*. at * 27-29.
[13] *Id*. at * 25-26.
[14] *Id*. at * 29-32.
[15] *Id*. at * 27-29.
[16] *See* Plaintiff's Response brief at pp. 6-9.
[17] *Network Appliance*, 2005 U.S. Dist. LEXIS 16732, at * 17-18.

construe the claims at issue in making its determination regarding indefiniteness. The *Network Appliance* case is unusual in that the defendant claimed that an algorithm was disclosed in the specification that was linked to a microprocessor, while the plaintiff argued that the structure was the microprocessor alone.[18] That does not change the fact, however, that the Court found an algorithm in the specification linked to the "encoding" and "decoding" functions, despite the fact that there was no attached source code or flow charts for the software associated with the microprocessor.[19] The Court noted that the Federal Circuit in *WMS Gaming* found an algorithm in the specification linked to the function "even though the patent did little more than disclose the steps necessary to perform the claimed function."[20] The Court's analysis, which Plaintiff finds instructive, is as follows:

> Being bound by the holding of the *WMS Gaming* court, this court must adopt an equally broad definition of the word "algorithm" for the purpose of construing the disputed means-plus-function claim elements of the patents in suit. Accordingly, in determining whether the *'366* and *'918 Patents* disclose algorithms for decoding NFS requests and encoding NFS reply messages, the court's inquiry focuses on whether the specifications describe a "sequence of operations for performing a specific task," with the tasks in this case being the decoding of NFS requests and the encoding of NFS reply messages.[21]

The fact that the Court linked this algorithm to the function at issue over the protests of the plaintiff indicates quite clearly that *WMS Gaming* requires a broad definition of algorithm, whether that broad definition benefits the plaintiff or the defendant.

### D. The '007 Patent is a Financial Services Patent, Not a Software Patent

Defendants claim that Plaintiff relies on a "financial services exception" to Section 112, ¶ 6. This is just another attempt by Defendants to construe a straw man argument, as Plaintiff's Response brief clearly does not discuss any such "exception." Defendants are incorrect,

---

[18] *Id.* at * 9-19.
[19] *Id.*
[20] *Id.* at * 15-16.
[21] *Id.* at * 16.

6

however, in their claim that the fact that the '007 Patent is a financial services patent, rather than a software patent, is "of no moment." Under well-established Federal Circuit case law, the disclosure in the specification is to be viewed through the lens of one of skill in the art. The fact that the art is financial services rather than software engineering can hardly be "of no moment" when a person of ordinary skill in those two very different arts would understand very different things from reading the same patent specification. In addition, the fact that software used to accomplish certain functions was available off-the-shelf indicates that the software was not intended to be part of the patentable subject matter, and explains why the patentee would not have anticipated a need to include a flow chart or source code for it in the patent specification.

## II.  CONCLUSION

Summary judgment is improper as to the '007 Patent because Defendants have not proven *by clear and convincing evidence* that the '007 Patent is invalid. There is a genuine issue of material fact as to whether the '007 Patent specification discloses sufficient structure corresponding to the functions for each of the "means-plus-function" terms at issue, as viewed through the eyes of one of skill in the art. Defendants' Motion and Reply, which do not even include a term-by-term discussion of the specification references raised by Plaintiff, fall far short of establishing this fact by clear and convincing evidence. Accordingly, Plaintiff respectfully requests that this Court deny Defendants' Motion for Summary Judgment in all respects and for any other relief to which it is entitled.

Respectfully submitted,

*[signature]*

_____

**NICOLE REED**
State Bar No. 24041759
**ROD COOPER**
State Bar No. 90001628
**EDWARD HOHN**
Attorney-in-charge
State Bar No. 09813240
**EDWARD CHIN**
State Bar No. 50511688
**NIX PATTERSON & ROACH, L.L.P.**
5215 N. O'Connor Blvd., Suite1900
Irving, Texas 75039
972.831.1188; 972.444.0716 fax
nicolereed@nixlawfirm.com
rodcooper@nixlawfirm.com
edhohn@nixlawfirm.com
edchin@nixlawfirm.com

**C. CARY PATTERSON**
State Bar No. 15587000
**BRADY PADDOCK**
State Bar No. 00791394
**ANTHONY BRUSTER**
State Bar No. 24036280
**R. BENJAMIN KING**
State Bar No. 24048592
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999; 903.223.8520 fax
ccp@nixlawfirm.com
bpaddock@nixlawfirm.com
akbruster@nixlawfirm.com
benking@nixlawfirm.com

**JOE KENDALL**
State Bar No. 11260700
**KARL RUPP**
State Bar No. 24035243
**PROVOST * UMPHREY, L.L.P.**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
214.744.3000; 214.744.3015 fax
jkendall@provostumphrey.com
krupp@provostumphrey.com

>**ERIC M. ALBRITTON**
>State Bar No. 00790215
>**ALBRITTON LAW FIRM**
>P.O. Box 2649
>Longview, Texas  75606
>903.757.8449; 903.758.7397 fax
>ema@emafirm.com
>
>**T. JOHN WARD, JR.**
>State Bar No. 00794818
>**LAW OFFICE OF T. JOHN WARD, JR.**
>P.O. Box 1231
>Longview, Texas  75601
>903.757.6400; 903.757.2323 fax
>jw@jwfirm.com
>
>***ATTORNEYS FOR PLAINTIFF DATATREASURY CORPORATION***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served electronically upon all the following on the 23rd day of July, 2007.

Bank of America - Listserve (BankofAmericaF&R@fr.com)
BB&T ListServe (BB&T_DataTreasury@kilpatrickstockton.com)
Citizens Financial (citizensfinancial@standleyLLP.com)
City National Bank - Listserve (citynationalbank@dmtechlaw.com)
Comerica Bank 007 Listserve (Comerica_DataTreasury@kilpatrickstockton.com)
Compass/First Horizon/TN Bank - Listserve (comfhft@andrewskurth.com)
Cullen/Frost Bank - Listserve (frostbank@dmtechlaw.com)
EDS - Listserve (EDS_DataTreasury@mckoolsmith.com)
UBS – Listserve (ubsamericas@velaw.com)
HSBC North America Holdings, Inc./HSBC Bank USA  Listserve  (hsbccounsel@blhc-law.com)
BancorpSouth Listserve (bxs@hughesluce.com)
Bank of Tokyo Listserve (BankofTokyo_DataTreasury@sidley.com)
BofNY Listserve (BofNYLitTeam@pillsburylaw.com)
The Clearing House/SVPCo Listserve (TCH_DT@sullcrom.com)
Deutsche Bank Listserve (DeutscheBank_DataTreasury@sidley.com)
First Citizens Listserve (firstcitizens@bakerbotts.com)
First Data Listserve (FirstData_DataTreasury@sidley.com)
Key Bank Listserve (KeyCorp_DataTreasury@mckoolsmith.com)
LaSalle Bank Listserve (LaSalleBank_DataTreasury@sidley.com)
National City Bank Listserve (foley-dtc@foley.com)
Remitco Listserve (Remitco_DataTreasury@sidley.com)
Telecheck Listserve (Telecheck_DataTreasury@sidley.com)
Union BofCA Listserve (ubofclitteam@pillsburylaw.com)

Viewpointe Listserve (Viewpointe_dtc@skadden.com)
Zion First National Bank Listserve (foley-dtc@foley.com)
Harris Bancorp. - Listserve (Harris_DataTreasury@mckoolsmith.com)
M&T 007 Listserve (M&T_DataTreasury@kilpatrickstockton.com)
PNC Bank - Listserve (PNC_DataTreasury@mckoolsmith.com)
Suntrust - Listserve (SunTrust_DataTreasury@mckoolsmith.com)
U.S. Bancorp – Listserve (foley-dtc@foley.com)
Wachovia 007 Listserve (Wachovia_DataTreasury@kilpatrickstockton.com)
Wells Fargo - Listserve (*DalWellsFargo_DTC@BakerNet.com)


_____
**NICOLE REED**