IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| Plaintiff, | § | |
| | § | **Civil Action No.:** |
| v. | § | **2:06-CV-72 (DF)** |
| | § | |
| | § | **JURY TRIAL DEMAND** |
| WELLS FARGO & COMPANY, ET. AL., | § | |
| Defendants | § | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT OF CLAIM INVALIDITY BASED ON INDEFINITENESS FOR
U.S. PATENT NO. 5,717,868**

Defendants ask this Court to invalidate seven key claims of the '868 Patent[1] under 35

U.S.C. § 112, ¶¶ 2 and 6.  In support of this bold request, Defendants rely on sweeping

statements rather than an in-depth term-by-term analysis.  Defendants simply ignore the strong

presumption in the law in favor of the validity of a United States Patent and the fact that there is

a heavy burden on them as summary judgment movants to prove each disputed term indefinite

by clear and convincing evidence.  This burden has not been met in Defendants' summary

judgment motion or in their conclusory Reply brief.  Defendants never address Plaintiff's

evidence, in the form of citations to the specification of the '868 Patent.  Genuine issues of

material fact remain as to whether the disclosure of structure for the "means-plus-function" terms

at issue is sufficient under the required perspective of a person of ordinary skill in the art.

---

[1] U.S. Patent No. 5,717,868.  An unidentified party (or parties) has asked the USPTO to accept re-examination for
this patent, along with the remaining DataTreasury Patents (U.S. Patent Nos. 5,930,778, 5,583,759, and 5,265,007)
involved in the above cited Action.  The USPTO has accepted all four of these patents for re-examination, and for
this reason the Court has ordered a stay of the pending action involving Defendant Citibank.  Plaintiff has been
approached by Defendant Bank of America's counsel, which is lead counsel for the larger of the two joint defense
groups regarding staying the above action on the same grounds.

1

Dockets.Justia.com

Because Defendants have failed to carry their burden to prove the '868 patent invalid, their motion for summary judgment should be denied.

I.     **ARGUMENT**

   **A.  Sufficient Structure is Disclosed in the '868 Patent Under the Person of Ordinary Skill in the Art Standard**

   The central question remains the same: does the '868 Patent disclose adequate structure for the functions in its means-plus-function terms, as would be understood by one of skill in the art?  Or, more specifically, have Defendants proven by <u>clear and convincing evidence</u> that the '868 Patent does not disclose any adequate structure?  Notably, Defendants have not proffered any testimony from a person of skill in the art of the '868 Patent regarding this issue.  In the Response brief, Plaintiff cites to structure in the specification corresponding to each term discussed in Defendants' Motion for Summary Judgment.  This discussion and the intrinsic evidence is never rebutted by Defendants.  In addition, Defendants do not rebut Plaintiff's showing that under *WMS Gaming* and other cited precedent, algorithms need not be expressed in flow charts or source code, and the standard for what constitutes an acceptable algorithm is very broad.  For each term that may require an algorithm under *Biomedino*, *WMS Gaming*, or other case law, Plaintiff has identified a passage or passages in the specification that could provide such an algorithm in the form required by that very case law.[2]  Defendants do not contradict this intrinsic evidence, thereby conceding that sufficient algorithms can be found for each term in the specifications of the '868 patent.

   Defendants' discussion of the "separating," "bunding," and "translating" functions completely ignores the fact that Plaintiff has pointed to structure in the specification and

---

[2] See Plaintiff's Response Brief for the '868 Patent at pgs. 16-26.

passages in the specification that could provide algorithms for these functions.  As discussed above, Defendants cannot seriously ask this Court to invalidate a United States Patent based on argument that does not even address the opposing side's evidence.  Furthermore, Defendants misconstrue the standard for disclosure of structure—there must be sufficient disclosure in the specification for one of ordinary skill in the art to understand the structure that performs the function.  There is no requirement that all the knowledge and understanding of one of skill in the art must be included within the text of the patent specification.

Defendants' labeling of the "communication link 12" as a "black box" is nothing more than a straw man argument.  Notably, the Citibank, Key and PNC Defendants[3] have agreed that a "communication link" is the structure for performing transmitting functions.[4]  Furthermore, as discussed below, courts have found that a simple function such as "transmitting" can be described without reference to software as structure.

Defendants also ignore Plaintiff's discussion of whether or not "security mechanism" and "security procedures" are subject to § 112, ¶ 6, opting instead for a pithy paragraph that assumes the conclusion it supposedly supports.  Under the case law, which Defendants do not rebut in any way, they have the burden of proving that each term (1) is described in functional terms, and (2) does not have any generally understood meaning in the art.  Contrary to Defendants' suggestion, this meaning in the art does not have to be included within the four corners of the patent.  Plaintiff describes the generally understood structural meanings for these two terms, but Defendants, rather than discussing Plaintiff's position, ignore it completely.  Similarly, Defendants misapply the test of whether an adequate disclosure exists in the specification for one

---

[3] Citigroup Inc., Citibank, N.A., KeyBank N.A., KeyCorp., PNC Bank, and the PNC Financial Services Group, Inc.
[4] See the Joint Claim Construction Chart, p. 16 (term 80) in the related case of *DataTreasury Corp. v. Citigroup, Inc. and Citibank, N.A.*, which has been combined with this case for claim construction purposes.  See also the Joint Claim Construction and Prehearing Statement in this case, page C8 (term 13).

of skill in the art.  Contrary to Defendants' suggestion, the specification is not required to include everything that one of skill in the art would know and understand.  Rather, it is required to have a sufficient disclosure such that one of skill in the art, having the knowledge and understanding of one of skill in the art, would find the disclosure to be sufficient.  Defendants have not shown by clear and convincing evidence that no such sufficient disclosure appears in the '868 Patent.

**B.  Dr. Dewayne E. Perry's Affidavit is Nothing More than Boilerplate and Conclusory Language**

It is clear from Defendants' Reply brief that they cannot deny that their expert, Dr. Dewayne E. Perry, has proffered nothing more than boilerplate, conclusory statements.  As discussed in Plaintiff's Response Briefs, this is not competent summary judgment evidence.[5] Defendants do not dispute these facts; rather they defend Dr. Perry's qualifications as a software engineer to identify algorithms in the specification.   However, Defendants have not rebutted the fact that the sufficiency of disclosures in the specification is judged applying the person of ordinary skill in the art standard.  Since Dr. Perry is clearly not a person of ordinary skill <u>in the art of the '868 Patent</u>, he is not competent to give testimony relevant to this issue.

**C.  Defendants' Discussion of Relevant Authorities Does Not Support Their Position**

In their Reply brief, Defendants rely heavily on the Federal Circuit's decision in *Biomedino, LLC v. Waters Techs. Corp.*[6]  A careful reading of the *Biomedino* case, however, reveals no change in the legal landscape, as it was set forth in Plaintiff's Response Brief.  In fact, in *Biomedino* the Federal Circuit did not change the law at all—instead, it explicitly relied on the

---

[5] See discussion in Plaintiff's Response Brief on the '868 Patent at pgs. 26-28; see also discussion in Plaintiff's Response Brief on the '778 Patent at pgs. 27-28.
[6] *Biomedino, LLC v. Waters Techs. Corp.*, --- F.3d ---, 2007 WL 1732121, at *2 (Fed. Cir. June 18, 2007).

long line of case law that preceded *Biomedino*, extensively citing its own *MIDCO* case[7] and the other frequently-cited cases in this area which are thoroughly discussed in Plaintiff's Response brief.  In addition, the Federal Circuit goes out of its way in *Biomedino* to reaffirm the low threshold for identifying structure, and to reiterate that the "interpretation of what is disclosed in the specification must be made in light of the knowledge of one skilled in the art."[8]

In addition, Defendants' attempts to distinguish two relevant guiding cases, *Advanceme* and *Network Appliance*, miss the mark.[9]  Defendants claim that the *Advanceme* case does not apply because the "receiving" function discussed therein was carried out by a hardware appliance, a modem.[10]  Defendants fail to mention that the defendant in that case, like these Defendants, claimed that software must also be included, and that no algorithm was disclosed. The *Advanceme* Court's finding that the generally-available equipment included all the structure, including software to be executed by a processor, for implementing the functions at issue, is highly relevant to this Court's analysis.[11]  In addition, the *Advanceme* Court's analysis of the term "means for forwarding a portion of the payment…" is highly instructive in that the Court followed Federal Circuit precedent in finding an algorithm in the specification, despite the lack of flow charts or source code (again over defendant's objection that no algorithm was disclosed).[12]  The Court found a sufficient algorithm disclosed in the specification's description of payment authorization and settlement at Col. 5, lines 21-37 of the patent at issue.[13]  This was a

---

[7] *Med. Instrumentation & Diagnostics Corp. v. Elekta AB ("MIDCO")*, 344 F.3d 1205, 1211 (Fed. Cir. 2003).
[8] *Biomedino*, 2007 WL 1732121 at * 8-9 (emphasis added) (internal citations omitted).
[9] *Advanceme, Inc. v. Rapidpay, LLC*, No. 6:05cv424, No. 6:06cv082, 2006 U.S. Dist. LEXIS 92444, at *25-26 (E.D. Tex. Dec. 21, 2006) and *Network Appliance, Inc. v. Bluearc Corp*., No. C 03-5665 MHP, 2005 U.S. Dist. LEXIS 16732, at *17-18 (N. D. Cal. Jan. 5, 2005).
[10] *Advanceme, Inc*., 2006 U.S. Dist. LEXIS 92444, at * 27-29.
[11] *Id*. at * 25-26.
[12] *Id*. at * 29-32.
[13] *Id*. at * 27-29.

correct application of Federal Circuit precedent holding that a description of steps in the specification can constitute the requisite algorithm.[14]

Defendants' attempt to distinguish the Northern District of California's analysis in the *Network Appliance* case is likewise unavailing.[15]  The *Network Appliance* case's different procedural history does not change the fact that the Court found an algorithm in the specification linked to the "encoding" and "decoding" functions, despite the fact that there was no source code or flow chart for the software associated with the microprocessor.[16]  The *Network Appliance* Court noted that the Federal Circuit in *WMS Gaming* found an algorithm in the specification linked to the function "even though the patent did little more than disclose the steps necessary to perform the claimed function."[17]  The *Network Appliance* court correctly found that if it applies the rule set out in  *WMS Gaming* , it must also adopt the  broad definition of the word "algorithm" in *WMS Gaming*.  The court's inquiry 'focuses on whether the specifications describe a "sequence of operations for performing a specific task,' and found a sufficient algorithm.[18]  Defendants have ignored the sufficiency of the algorithms in the '868 Patent specification throughout their briefing.

### D.  The '868 Patent is a Financial Services Patent, Not a Software Patent

Defendants claim that Plaintiff relies on a "financial services exception" to Section 112, ¶ 6.  This is just another attempt by Defendants to construct a straw man argument, as Plaintiff's Response brief clearly does not discuss any such "exception."  However, Plaintiff points out that under well-established Federal Circuit case law, the disclosure in the specification is to be viewed through the lens of one of skill in the art.  The art of the '868 Patent is in the financial

---

[14] *See* Plaintiff's Response brief at pp. 6-11.
[15] *Network Appliance*, 2005 U.S. Dist. LEXIS 16732, at * 17-18.
[16] *Id.*
[17] *Id*. at * 15-16.
[18] *Id*. at * 16.

services arts, not the software engineering arts. Defendants' positions, contrary to well-established Federal Circuit precedent, do not take into account that the appropriate perspective is the knowledge of one skilled in this particular art, not another.

## II.    CONCLUSION

Summary judgment is improper as to the '868 Patent because Defendants have not proven by <u>clear and convincing evidence</u> that this United States Patent is invalid. There are several genuine issues of material fact as to whether the specification of the '868 Patents discloses sufficient structure corresponding to the functions for each of the "means-plus-function" terms at issue, as viewed through the eyes of one of skill in the art. Defendants' Reply Brief collapses their analysis to sweeping generalities that do not address the specific arguments, case law discussion, and specification citations discussed in Plaintiff's Response Brief for each term at issue in the '868 Patent. This pithy analysis is simply insufficient to carry Defendants' burden of overcoming the presumption of patent validity and proving the '868 Patent invalid by <u>clear and convincing</u> evidence. Accordingly, Plaintiff respectfully requests that this Court deny Defendants' Motion for Summary Judgment in all respects and accord Plaintiff any other relief to which it is entitled.

Respectfully submitted,

_____
NICOLE REED
State Bar No. 24041759
ROD COOPER
State Bar No. 90001628
EDWARD HOHN
Attorney-in-charge

7

State Bar No. 09813240
**EDWARD CHIN**
State Bar No. 50511688
**NIX PATTERSON & ROACH, L.L.P.**
5215 N. O'Connor Blvd., Suite1900
Irving, Texas 75039
972.831.1188; 972.444.0716 fax
nicolereed@nixlawfirm.com
rodcooper@nixlawfirm.com
edhohn@nixlawfirm.com
edchin@nixlawfirm.com

**C. CARY PATTERSON**
State Bar No. 15587000
**BRADY PADDOCK**
State Bar No. 00791394
**ANTHONY BRUSTER**
State Bar No. 24036280
**R. BENJAMIN KING**
State Bar No. 24048592
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999; 903.223.8520 fax
ccp@nixlawfirm.com
bpaddock@nixlawfirm.com
akbruster@nixlawfirm.com
benking@nixlawfirm.com

**JOE KENDALL**
State Bar No. 11260700
**KARL RUPP**
State Bar No. 24035243
**PROVOST * UMPHREY, L.L.P.**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
214.744.3000; 214.744.3015 fax
jkendall@provostumphrey.com
krupp@provostumphrey.com

**ERIC M. ALBRITTON**
State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
903.757.8449; 903.758.7397 fax

ema@emafirm.com

**T. JOHN WARD, JR.**
State Bar No. 00794818
**LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231
Longview, Texas  75601
903.757.6400; 903.757.2323 fax
jw@jwfirm.com

***ATTORNEYS FOR PLAINTIFF DATATREASURY
CORPORATION***

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served electronically upon all the following on the 6th day of September, 2007.

Bank of America - Listserve (BankofAmericaF&R@fr.com)
BB&T ListServe (BB&T_DataTreasury@kilpatrickstockton.com)
Citizens Financial (citizensfinancial@standleyLLP.com)
City National Bank - Listserve (citynationalbank@dmtechlaw.com)
Comerica Bank 007 Listserve (Comerica_DataTreasury@kilpatrickstockton.com)
Compass/First Horizon/TN Bank - Listserve (comfhft@andrewskurth.com)
Cullen/Frost Bank - Listserve (frostbank@dmtechlaw.com)
EDS - Listserve (EDS_DataTreasury@mckoolsmith.com)
UBS – Listserve (ubsamericas@velaw.com)
HSBC North America Holdings, Inc./HSBC Bank USA  Listserve  (hsbccounsel@blhc-law.com)
BancorpSouth Listserve (bxs@hughesluce.com)
Bank of Tokyo Listserve (BankofTokyo_DataTreasury@sidley.com)
BofNY Listserve (BofNYLitTeam@pillsburylaw.com)
The Clearing House/SVPCo Listserve (TCH_DT@sullcrom.com)
Deutsche Bank Listserve (DeutscheBank_DataTreasury@sidley.com)
First Citizens Listserve (firstcitizens@bakerbotts.com)
First Data Listserve (FirstData_DataTreasury@sidley.com)
Key Bank Listserve (KeyCorp_DataTreasury@mckoolsmith.com)
LaSalle Bank Listserve (LaSalleBank_DataTreasury@sidley.com)
National City Bank Listserve (foley-dtc@foley.com)
Remitco Listserve (Remitco_DataTreasury@sidley.com)
Telecheck Listserve (Telecheck_DataTreasury@sidley.com)
Union BofCA Listserve (ubofclitteam@pillsburylaw.com)
Viewpointe Listserve (Viewpointe_dtc@skadden.com)
Zion First National Bank Listserve (foley-dtc@foley.com)
Harris Bancorp. - Listserve (Harris_DataTreasury@mckoolsmith.com)
M&T 007 Listserve (M&T_DataTreasury@kilpatrickstockton.com)
PNC Bank - Listserve (PNC_DataTreasury@mckoolsmith.com)
Suntrust - Listserve (SunTrust_DataTreasury@mckoolsmith.com)

U.S. Bancorp – Listserve (foley-dtc@foley.com)
Wachovia 007 Listserve (Wachovia_DataTreasury@kilpatrickstockton.com)
Wells Fargo - Listserve (*DalWellsFargo_DTC@BakerNet.com)

_____

**NICOLE REED**