Datatreasury Corporation v. Wells Fargo & Company et al.                                    Doc. 795

Case 2:06-cv-00072-DF-CMC    Document 795    Filed 09/14/2007    Page 1 of 62

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **DATATREASURY CORPORATION,** | |
| **Plaintiff** | |
| **v.** | **2:06-CV-72 DF** |
| **WELLS FARGO & COMPANY, et al.** | |
| **Defendants** | |

## JOINT CLAIM CONSTRUCTION CHART
## IN COMPLIANCE WITH PATENT RULE 4-5(d)

Pursuant to P.R. 4-5(d) and the Court's Second Amended Docket Control Order, the Parties jointly submit the attached Claim Construction Chart for U.S. Patent Nos. 5,265,007 (the "'007 Patent"); 5,717,868 (the "'868 Patent"); 5,583,759 (the "'759 Patent"); and 5,930,778 (the "'778 Patent").

Defendants' proposed constructions are grouped as follows:

*"Defendant Group 1"*:

Bank of America Corporation
Bank of America, National Association
Bank of Tokyo-Mitsubishi UFJ, LTD
BB&T Corporation
Branch Banking and Trust Company
Citizens Financial Group, Inc.
City National Bank
City National Corporation
Comerica Bank & Trust, National Association
Comerica Incorporated
Deutsche Bank Trust Company Americas
First Citizens Bancshares, Inc.[1]
First Citizens Bank & Trust Company

---

[1] First Citizens Bancshares, Inc. join this Chart subject to, and without waiver of, their lack of personal jurisdiction defenses.

First Data Corporation
HSBC Bank USA, National Association
HSBC North America Holdings Inc.
Lasalle Bank Corporation
Lasalle Bank, National Association
M&T Bank
M&T Bank Corporation
National City Bank
National City Corporation
Remitco, LLC
Telecheck Services, Inc.
The Bank of New York
The Bank of New York Co, Inc.
The Clearing House Payments Company, L.L.C.
U.S. Bancorp
U.S. Bank, National Association
UBS Americas, Inc.
Union Bank of California, National Association
UnionBanCal Corporation
Wachovia Bank, National Association
Wachovia Corporation

*"Defendant Group 2"*:

KeyBank, National Association
KeyCorp
PNC Bank, National Association
PNC Financial Services Group, Inc.

Dated:  September 14, 2007

Respectfully submitted,

By: */s/ Thomas M. Melsheimer, by permission on behalf of the following counsel:*
Edward L. Von Hohn, Attorney in Charge
State Bar No. 09813240
Rod Cooper
State Bar No. 90001628
Edward Chin
State Bar No. 50511688
NIX PATTERSON & ROACH LLP
5215 N. O'Connor Blvd. Ste. 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.692.5445 (facsimile)
edhohn@nixlawfirm.com
rodcooper@nixlawfrm.com
edchin@nixlawfirm.com

C. Cary Patterson
State Bar No. 15587000
Brady Paddock
State Bar No. 00791394
Anthony Bruster
State Bar No. 24036280
R. Benjamin King
State Bar No. 24048592
NIX PATTERSON & ROACH L.L.P.
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
akbruster@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

Joe Kendall
State Bar No. 11260700
Karl Rupp
State Bar No. 24035243
PROVOST * UMPHREY, L.L.P.
3232 McKinney Avenue, Ste. 700
Dallas, Texas 75204
214.744.3000 (telephone)
214.744.3015 (facsimile)

By: */s/Thomas M. Melsheimer_____*
Thomas M. Melsheimer
Texas Bar No. 13922550
FISH & RICHARDSON P.C.
1717 Main Street
Suite 5000
Dallas, TX  75201
214-747-5070 (Telephone)
214-747-2091 (Telecopy)

Robert E. Hillman
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804
617-542-5070 (Telephone)
617-542-8906 (Telecopy)

Robert M. Parker
Robert Christopher Bunt
PARKER & BUNT, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
903-531-3535 (Telephone)
903-533-9687 (Telecopy)

Michael E. Jones
Texas Bar No. 10929400
E. Glenn Thames, Jr.
Texas Bar No. 00785097
POTTER MINTON
500 Plaza Tower
110 North College, Suite 500
Tyler, TX  75702

**ATTORNEYS FOR DEFENDANTS BANK OF AMERICA CORPORATION, BANK OF AMERICA, NATIONAL ASSOCIATION**

By: */s/ Thomas M. Melsheimer, by permission on behalf of the following counsel:*
Danielle Williams
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101

Bill Boice
Audra Dial

jkendall@provostumphrey.com
krupp@provostumphrey.com

Eric M. Albritton
State Bar ;No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com

T. John Ward, Jr.
State Bar No. 00794818
LAW OFFICE OF T. JOHN WARD, JR.
P.O. Box 1231
Longview, Texas 75601
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**

KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530

Kenneth Godlewski
Stephen Baskin
KILPATRICK STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC  20005-2018

**ATTORNEYS FOR DEFENDANTS
BB&T CORPORATION, BRANCH
BANKING & TRUST CO.,
COMERICA BANK & TRUST, N.A.,
COMERICA, INC., M&T BANK, M&T
CORPORATION, WACHOVIA
CORPORATION, WACHOVIA BANK,
N.A.**

Raymond Sweigart
William P. Atkins
Scott Pivnick
PILLSBURY WINTHROP SHAW
PITTMAN LLP
1650 Tysons Blvd.
McLean, VA  22102-4859

**ATTORNEYS FOR DEFENDANTS
BANK OF NEW YORK CO., INC.,
THE BANK OF NEW YORK, UNION
BANK OF CALIFORNIA, N.A.,
UNIONBANCAL CORPORATION**

David L. Ward, Jr.
Donalt J.Eglinton
WARD AND SMITH, P.A.
1001 College Court
New Bern, NC  28562
Larry Carlson
David Taylor
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980

**ATTORNEYS FOR DEFENDANTS
FIRST CITIZENS BANCSHARES,
INC., FIRST CITIZENS BANK &
TRUST CO.**

Preston W. McGee
FLOWERS DAVIS, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063

James H. Carter
James T. Williams
Jane Jaang
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2493

Lawrence F. Scinto
Ronald A. Clayton
Robert H. Fischer
Stephen E. Belisle
FITZPATRICK, CELLA, HARPER &
SCINTO
30 Rockefeller Plaza
New York, New York  10112-3801
(212) 218-2254

**ATTORNEYS FOR DEFENDANTS
THE CLEARINGHOUSE PAYMENTS
CO., L.L.C. F/K/A SMALL VALUE
PAYMENTS CO., L.L.C.**

Glen Boudreaux
Tim Leonard
Edward J. Nicholas
BOUDREAUX LEONARD HAMMOND
CURCIO
2 Houston Center
909 Fannin Street, Suite 2350
Houston, TX  77010

**ATTORNEYS FOR DEFENDANTS
HSBC NORTH AMERICA
HOLDINGS, INC., HSBC BANK USA,
N.A.**

Irah Donner
WILMER, CUTLER, PICKERING, HALE
& DORR
399 Park Ave.
New York, NY  10022

**ATTORNEY FOR DEFENDANTS
HSBC NORTH AMERICA
HOLDINGS, INC., HSBC BANK USA,
N.A.**

Sam Baxter
Lead Attorney
Texas Bar No. 01938000
sbaxter@mckoolsmith.com
McKOOL SMITH, P.C.
505 East Travis Street, Suite 105
Marshall, Texas  75670

903-927-2111 (Telephone)
903-927-2622 (Telecopy)

Theodore Stevenson, III
Texas Bar No. 19196650
tstevenson@mckoolsmith.com
L. David Anderson
Texas Bar No. 00796126
danderson@mckoolsmith.com
McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX  75201
214-978-4000 (Telephone)
214-978-4044 (Telecopy)

Peter J. Ayers
Texas Bar No. 24009882
payers@mckoolsmith.com
Geoffrey L. Smith
Texas Bar No. 24041939
gsmith@mckoolsmith.com
McKOOL SMITH P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
512-692-8700 (Telephone)
512-692-8744 (Telecopy)

**ATTORNEYS FOR DEFENDANTS
PNC FINANCIAL SERVICES GROUP,
INC., PNC BANK NATIONAL
ASSOCIATION, KEYCORP, AND
KEYBANK NA**

Edward G. Poplawski (Pro Hac Vice)
EPoplaws@Sidley.com
Jeffrey A. Finn (Pro Hac Vice)
JFinn@Sidley.com
Carissa A. Tener (Pro Hac Vice)
CTener@Sidley.com
SIDLEY AUSTIN L.L.P.
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
213-896-6000 (Telephone)
213-896-6600 (Telecopy)

Lance Lee
WLanceLee@aol.com
Texas Bar No. 240004762
YOUNG, PICKETT & LEE, L.L.P.
4122 Texas Blvd.
P.O. Box 1897
Texarkana, Texas 75504
903-794-1303 (Telephone)
903-792-5098 (Telecopy)

**COUNSEL FOR FIRST DATA CORPORATION, TELECHECK SERVICES, INC.;REMITCO, LLC, DEUTSCHE BANK TRUST COMPANY AMERICAS, BANK OF TOKYO-MITSUBISHI UFJ, LTD.**

Edward G. Poplawski (Pro Hac Vice)
EPoplaws@Sidley.com
Jeffrey A. Finn (Pro Hac Vice)
JFinn@Sidley.com
Carissa A. Tener (Pro Hac Vice)
CTener@Sidley.com
SIDLEY AUSTIN L.L.P.
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
213-896-6000 (Telephone)
213-896-6600 (Telecopy)

Sidney Calvin Capshaw, III
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 20401960
Elizabeth L. DeRieux
State Bar No. 05770585
Brown McCarroll
1127 Judson Road, Suite 220
Longview, TX  75601
P.O. Box 3999
Longview, TX  75606-3999
903-236-9800
Fax: 903-236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com
ederieux@mailbmc.com

**COUNSEL FOR LASALLE BANK CORPORATION AND LASALLE BANK NA**

William L. LaFuze
Texas Bar No. 11792500
wlafuze@velaw.com
D. Ferguson McNiel
Texas Bar No. 13830300
fmcniel@velaw.com
VINSON & ELKINS LLP
2300 First City Tower
1001 Fannin St.
Houston, TX  77002
713-758-2595 (Telephone)
713-615-5017 (Telecopy)

Scott W. Breedlove

Texas Bar No. 00790361
sbreedlove@velaw.dom
VINSON & ELKINS LLP
3700 Trammell Crow Center
2001 Ross Ave.
Dallas, TX  75201-2975
214-220-7700 (Telephone)
214-220-7716 (Telecopy)

Harry Lee Gillam, Jr.
Texas Bar No. 07921800
gil@gillamsmithlaw.com
Melissa Richards Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
110 South Bolivar, Suite 204
Marshall, TX  75670
903-934-8450 (Telephone)
903-934-9257 (Telecopy)

**ATTORNEYS FOR**
**UBS AMERICAS, INC.**

Edward G. Poplawski (Pro Hac Vice)
EPoplaws@Sidley.com
Jeffrey A. Finn (Pro Hac Vice)
JFinn@Sidley.com
Carissa A. Tener (Pro Hac Vice)
CTener@Sidley.com
SIDLEY AUSTIN L.L.P.
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
213-896-6000 (Telephone)
213-896-6600 (Telecopy)

Kurt M. Sauer
DAFFER MCDANIEL
The Chase Building
700 Lavaca, Suite 720
Austin, TX  78701-3119

Sidney Calvin Capshaw, III
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 20401960
Elizabeth L. DeRieux
State Bar No. 05770585
Brown McCarroll
1127 Judson Road, Suite 220
Longview, TX  75601
P.O. Box 3999
Longview, TX  75606-3999
903-236-9800

Fax: 903-236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com
ederieux@mailbmc.com

**ATTORNEYS FOR
CITY NATIONAL BANK
CITY NATIONAL CORP.**

Melvin R. Wilcox, III
mrw@smeadlaw.com
SMEAD, ANDERSON & DUNN LLP
2110 Horseshoe Lane
P.O. Box 3343
Longview, TX  75606
903-232-1892 (Telephone)
903-232-1881 (Telecopy)

Of Counsel:
John J. Feldhaus
jfeldhaus@foley.com
Anthony H. Son
ason@foley.com
George C. Beck
gbeck@foley.com
FOLEY & LARDNER LLP
3000 K Street, N.W.
Washington, DC  20007
202-672-5300 (Telephone)

**ATTORNEYS FOR
U.S. BANCORP, U.S. BANK,
NATIONAL ASSOCIATION,
NATIONAL CITY CORPORATION
AND NATIONAL CITY BANK**

Jeffrey Standley
jstandley@standleyllp.com
STANDLEY LAW GROUP LLP
495 Metro Place South, Suite 210
Dublin, OH  43017
614-792-5555 (Telephone)
614-792-5536 (Telecopy)

Claude Welch
cwelch@consolidated.net
115 W. Shepherd Ave.
Lufkin, TX  75904-3808
936-639-3311 (Telephone)
936-639-3049 (Telecopy)

**ATTORNEYS FOR
CITIZENS FINANCIAL GROUP, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 14, 2007, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Tim K. Brown*
Tim K. Brown

# P.R. 4-5(d) JOINT CLAIM CONSTRUCTION CHART
*DataTreasury Corporation v. Wells Fargo & Company, et al.*

## U.S. PATENT NO. 5,265,007

| Claims ([Bold] terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| **Claim 1** | | | | | |
| 1. A mechanism for physically exchanging | Preamble | Preamble is not limiting and the language in preamble does not need to be construed. | Preamble is limiting. | Preamble is limiting. | |
| [**financial instruments**] among a number of | "financial instrument"[3] (claim 4) | AGREED | AGREED | AGREED | A document in writing by which some financial obligation by one person to pay another is represented such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, coupons. |
| [**pre-selected financial institutions**], | "pre-selected financial institutions"<br><br>"pre-selected institutions" | Financial institutions which have previously been selected to be members of or participants in a central check clearing system that is not the Federal Reserve System. | Financial institutions that have been previously chosen to be direct participants in a central check clearing system other than the Federal Reserve System. | Members of a centralized clearinghouse association that settle financial transactions with each other, each located in a specific and exclusive geographical region. | |
| each located at a [**preselected site**], and for effecting the regular periodic settlement of the exchanged instruments among the institutions including: | "preselected site" | This language is in the preamble and does not need to be construed.<br><br>Alternatively, Plaintiff's construction is: "The | The specific geographical region of a financial institution that has been previously chosen to be a direct participant in a | A place within a specific and exclusive geographical region. | |

[2] For clarity, only the beginning of each means-plus-function term is bolded.

[3] For brevity, claim terms are construed only once, where they first appear. The location of the term in subsequent independent claim(s), if applicable, is indicated in a parenthetical below each claim term.

| Claims ((Bold) terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| | instrument processing location of a participating institution." | | central check clearing system other than the Federal Reserve System. | | |
| (A) [means | "means within each of the pre-selected institutions…for sending and receiving the instruments, said means for sending including means for physically transporting the instruments from an institution at one site to each other of the institutions at the other sites, said means for receiving including means for physically accepting the instruments transported from the other institutions" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending and receiving the instruments.<br><br>Corresponding Structure: Air or ground transportation and a pre-selected institution's physical facility. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending and receiving the instruments.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending and receiving the instruments.<br><br>Corresponding Structure: The structure disclosed in the specification of the '007 patent that corresponds to this element is the structure disclosed in the specification for the "means for physically transporting instruments…" and the "means for physically accepting the instruments…" if any. | |
| [within] each of the pre-selected institutions;<br>(1) for sending and receiving the instruments, | "within" | AGREED | AGREED | AGREED | inside |
| said means for sending including [means for physically transporting the instruments from an institution at one site to each other of the institutions at the other sites], | The "means for sending" includes a further means-plus-function limitation of "means for physically transporting the instruments from an institution at one site to each other of the institutions at the other sites" subject to 35 U.S.C. § 112(6) | AGREED | AGREED | AGREED | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Physically transporting the instruments from an institution at one site to each other of the institutions at the other sites. |

| Claims ([Bold] terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| said means for receiving including [**means for** physically accepting the instruments transported from the other institutions]: | The "means for receiving" includes a further means-plus-function limitation of "means for receiving including means for physically accepting the instruments transported from the other institutions" subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Physically accepting the instruments transported from the other institutions.<br><br>Corresponding Structure: a pre-selected institution's physical facility and its relationship with air or ground transportation. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Physically accepting the instruments transported from the other institutions.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Physically accepting the instruments transported from the other institutions.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | Corresponding Structure: Air and/or ground transportation. |
| (2) for sending to and receiving from | "means within each of the pre-selected institutions...for sending to and receiving from a central processing unit connected to each institution reporting in real time in correspondence with the occurrence of an event (a) the value of the instruments transported; and (b) the transport status of the instruments with respect to their having been (i) sent and (ii) received" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending to and receiving from a central processing unit connected to each institution information reporting in real time in correspondence with the occurrence of an event (a) the value of the instruments transported; and (b) the transport status of the instruments with respect to their having been (i) sent and (ii) received.<br><br>Corresponding Structure: Electronic | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending to and receiving from a central processing unit connected to each institution information reporting in real time in correspondence with the occurrence of an event (a) the value of the instruments transported; and (b) the transport status of the instruments with respect to their having been (i) sent and (ii) received.<br><br>Corresponding Structure: | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending to and receiving from a central processing unit connected to each institution information reporting in real time in correspondence with the occurrence of an event (a) the value of the instruments transported; and (b) the transport status of the instruments with respect to their having been (i) sent and (ii) received.<br><br>Corresponding Structure: Specification | |

**P.R. 4-5(d) JOINT CLAIM CONSTRUCTION CHART – Page 3**

| Claims ([Bold] terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| | | communications links, which may include conventional telephone links by modem connections and the like, and software. | Specification does not disclose structure sufficient to perform the recited function. | does not disclose structure sufficient to perform the recited function. | |
| a [central processing unit] connected to each institution information reporting | "central processing unit" (claim 4) | A conventional programmable computer. | A single central processing unit, connected to all originating and receiving institutions and through which all data files are transmitted. | A single master conventional programmable computer. | |
| [[in real time] in correspondence with the occurrence of an event] (a) the | "real time" (claim 4) "in real time" (claim 4) | The actual time during which something takes place. | Instantaneous, instantaneously. | Immediate; immediately. | |
| | "real time in correspondence with the occurrence of an event" | The actual time during which something takes place. | Instantaneous in correspondence with the occurrence of the physical sending and receiving of the financial instruments. | Immediately when the instruments are sent and received. | |
| [value of the instruments transported]; and (b) the transport status of the instruments with respect to their having been (i) sent and (ii) received; and | "value of the instruments transported" "the value of the instruments sent and received" | The construed phrase should be just "value of the instruments" as that appears several times in Claim 1. The construction should be "the total dollar amount of the financial instruments being delivered." | Does not need to be construed separately. | The aggregate total dollar amount of the financial instruments physically sent and received. | |
| (3) for receiving from the central processing unit a calculated value (a) on a real time basis and (b) on | "means within each of the pre-selected institutions... for receiving from the central processing unit a calculated value (a) on a real time basis and (b) on a regular periodic | This term should be construed under 35 U.S.C. § 112(6). Function: Receiving from the central | This term should be construed under 35 U.S.C. § 112(6). Function: Receiving from the central | This term should be construed under 35 U.S.C. § 112(6). Function: Receiving from the central | |

| Claims ((Bold) terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| settlement basis, information regarding the debits and credits owing to or payable by an institution with respect to each other of the institutions with respect to instruments sent and received" is in means-plus-function format subject to 35 U.S.C. § 112(6) | | processing unit a calculated value (a) on a real time basis and (b) on a regular periodic settlement basis, information regarding the debits and credits owing to or payable by an institution with respect to each other of the institutions with respect to instruments sent and received.<br><br>Corresponding Structure: Accounting system; related software; electronic communications links. | processing unit a calculated value (a) on a real time basis and (b) on a regular periodic settlement basis, information regarding the debits and credits owing to or payable by an institution with respect to each other of the institutions with respect to instruments sent and received.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | processing unit a calculated value (a) on a real time basis and (b) on a regular periodic settlement basis, information regarding the debits and credits owing to or payable by an institution with respect to each other of the institutions with respect to instruments sent and received.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| a [regular periodic [settlement]] basis, information regarding the debits and credits owing to or payable by an institution with respect to each other of the institutions with regard to instruments sent and received; | "settlement" (claim 4) | Settlement of credit and debit balances between institutions. | A calculation and transfer of amounts owed and payable between financial institutions. | A calculation and transfer of amounts owed to and payable between and among financial institutions. | |
| (B) a central processing unit connected to each of the pre-selected institutions including | "regular periodic settlement" | Settlement of credit and debit balances between institutions at predetermined time intervals. | A final calculation and transfer of amounts owed to and payable between direct participants in the central check clearing system occurring at pre-determined time intervals. | Settlement occurring at pre-determined time intervals. | |
| (1) [means for continuous monitoring on a real time basis, as reported by each institution by the means for sending information within each institution; | "means for continuous monitoring on a real time basis, as reported by each institution by the means for sending information within each institution (a) (i) the | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Continuously monitoring on a real | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Continuously monitoring on a real | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Continuous monitoring on a real | |

| Claims ((Bold) terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| | sending and receipt status of the instruments and (ii) the value of the instruments sent and received, as reported by each of the institutions, and (b) the status in transit of the instruments with respect to their having been (i) sent and (ii) received, as reported by each of the institutions, according to the reporting of an institution's sending and receiving of instruments," is in means-plus-function format subject to 35 U.S.C. § 112(6) | time basis, as reported by each institution by the means for sending information within each institution (a) (i) the sending and receipt status of the value of the instruments sent and received, as reported by each of the institutions, and (b) the status in transit of the instruments with respect to their having been (i) sent and (ii) received, as reported by each of the institutions, according to the reporting of an institution's sending and receiving of instruments.  Corresponding Structure: A conventional programmable computer or central processing unit [1:62-65; Fig. 1 (CPU)]; electronic communications links [Fig. 1], which may include conventional telephone links by modem connections and the like [6:22-24], and related software | time basis, as reported by each institution by the means for sending information within each institution (a) (i) the sending and receipt status of the value of the instruments sent and received, as reported by each of the institutions, and (b) the status in transit of the instruments with respect to their having been (i) sent and (ii) received, as reported by each of the institutions, according to the reporting of an institution's sending and receiving of instruments.  Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | time basis, as reported by each institution by the means for sending information within each institution: (a) (i) the sending and receipt status of the value of the instruments and (ii) the instruments sent and received, as reported by each of the institutions, and (b) the status in transit of the instruments with respect to their having been (i) sent and (ii) received, as reported by each of the institutions, according to the reporting of an institution's sending and receiving of instruments.  Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| (a) (i) **[the sending and receipt status of the instruments]** and (ii) the **[value** | "the sending and receipt status of the instruments" | Information about the sending and receipt | Does not need to be construed separately. | Information about whether the | |

| Claims ([Bold] terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| **of the instruments sent and received]**, as reported by each of the institutions, and | | status of the instruments. <br><br> Or, alternatively, <br><br> Information about whether the instruments have been sent or received. | | instruments have been physically sent and received. | |
| **(b) [the status in transit of the instruments]** with respect to their having been (i) sent and (ii) received, as reported by each of the institutions, according to the reporting of an institution's sending and receiving of instruments, | "the status in transit of the instruments" | Information about transport of financial instruments sent and received by the pre-selected financial institutions. | Does not need to be construed separately. | Electronic tracking information that can be used to identify the location of the instruments in real time. | |
| **(2) [means for** calculating debits and credits, based on the **[value of the instruments sent and received]** by the institutions, as monitored on a real time basis from information reported by the institutions, of (a) the amount owing from or payable to each one of the pre-selected institutions with respect to each of the other institutions and (b) an aggregate amount owing from or payable to each one of the pre-selected institutions with respect to all of the other institutions; and | "means for calculating debits and credits, based on the value of the instruments sent and received by the institutions, as monitored on a real time basis from information reported by the institutions, of (a) the amount owing from or payable to each one of the pre-selected institutions with respect to each of the other institutions and (b) an aggregate amount owing from or payable to all of the other institutions" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6). <br><br> <u>Function</u>: Calculating debits and credits among the participating members. <br><br> <u>Corresponding Structure</u>: Software on a conventional programmable computer or central processing unit (CPU). | This term should be construed under 35 U.S.C. § 112(6). <br><br> <u>Function</u>: Calculating debits and credits, based on the value of the instruments sent and received by the institutions, as monitored on a real time basis from information reported by the institutions, of (a) the amount owing from or payable to each one of the pre-selected institutions with respect to each of the other institutions and (b) an aggregate amount owing from or payable to each one of the pre-selected institutions with respect to all of the other institutions. | This term should be construed under 35 U.S.C. § 112(6). <br><br> <u>Function</u>: Calculating debits and credits, based on the value of the instruments sent and received by the institutions, as monitored on a real time basis from information reported by the institutions, of (a) the amount owing from or payable to each one of the pre-selected institutions with respect to each of the other institutions and (b) an aggregate amount owing from or payable to each one of the pre-selected institutions with respect to all of the other institutions. | |

| Claims ((Bold) terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| (3) [means for sending to each institution the information monitored with respect to instruments sent to an institution and the value of such instruments; and | "means for sending to each institution the information monitored with respect to instruments sent to an institution and the value of such instruments" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending to each institution the information monitored with respect to the instruments sent to an institution and the value of such instruments.<br><br>Corresponding Structure: Electronic communications links, which may include conventional telephone links by modem connections and the like. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending to each institution the information monitored with respect to instruments sent to an institution and the value of such instruments.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sending to each institution the information monitored with respect to instruments sent to an institution and the value of such instruments.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| (C) [a cycling means interrelated with the central processing unit (a) for controlling the physical transport of the financial instruments among the institutions and (b) for controlling the means for calculating such that | "a cycling means interrelated with the central processing unit (a) for controlling the physical transport of the financial instruments among the institutions and (b) for controlling the means for calculating such that a final calculation of the debits and credits owing from or payable to, with respect to each of the institutions with regard to each other of the institutions, comprising the occurrence of the regular periodic | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Cycling interrelated with the central processing unit (a) for controlling the physical transport of the financial instruments among the institutions and (b) for controlling the means for calculating such that a final calculation . . . | This term should be construed under 35 U.S.C. § 112(6).<br><br>Functions: (1) Controlling on a regular and periodic basis the physical transport of the financial instruments among the institutions; and (2) Controlling on a regular and periodic basis the means for | This term should be construed under 35 U.S.C. § 112(6).<br><br>Functions: Controlling the physical transport of the financial instruments among the institutions and controlling the means for calculating such that a final calculation of the debits and credits owing from or payable to, with respect to each | |

P.R. 4-5(d) JOINT CLAIM CONSTRUCTION CHART – Page 8

| Claims ([Bold] terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| | settlement among the institutions, does not occur until pre-determined local settlements by the institutions in the pre-selected sites with institutions that are not among the number of pre-selected financial institutions, are completed" is in means-plus-function format subject to 35 U.S.C. § 112(6). | does not occur until predetermined local settlements . . . are completed.<br><br>Corresponding Structure: Rules and parameters regarding time scheduling where such rules and schedules are interrelated with the central processing unit (CPU). | calculating such that a final calculation of the debits and credits owing from or payable to, with respect to each of the institutions with regard to each other of the institutions, comprising the occurrence of the regular periodic settlement among the institutions, does not occur until pre-determined local settlements by the institutions in the pre-selected sites with institutions that are not among the number of pre-selected financial institutions, are completed.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | of the institutions with regard to each other of the institutions, comprising the occurrence of the regular periodic settlement among the institutions, does not occur until pre-determined local settlements by the institutions in the pre-selected sites with institutions that are not among the number of pre-selected financial institutions, are completed.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |

| Claims ([Bold] terms being construed)² | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| [a final calculation of the debits and credits owing from or payable to, with respect to each of the institutions with regard to each other of the institutions, comprising the occurrence of the regular periodic settlement among the institutions, does not occur until pre-determined local settlements by the institutions in the pre-selected sites with institutions that are not among the number of pre-selected financial institutions, are completed]. | "a final calculation of the debits and credits . . ., comprising the occurrence of the regular periodic settlement among the institutions, does not occur until pre-determined local settlements by the institutions in the pre-selected sites with institutions that are not among the number of pre-selected financial institutions, are completed" | "Final Calculation"--No construction is necessary.<br><br>"Debits and credits"--Credits are the amounts owed by an institution; debits are the amounts payable to an institution.<br><br>"Occurrence of the regular periodic settlement among the institutions"--No construction is necessary.<br><br>"Predetermined local settlements by the institutions in the preselected sites with institutions that are not among the number of preselected financial institutions"--settlements between a user and non-user of the clearinghouse that occurs at a regular interval. | Settlement among the direct participants in the central check clearing system occurs after settlements occurring at regular intervals in each geographical region between the direct participants in that region and institutions in that region that do not directly participate in the central check clearing system. | Settlement between the member institutions occurs, if at all, at regular intervals. The settlement between members does not occur, however, until each member settles with the non-members of the clearinghouse in the member's locality. | |
| **Claim 2** | | | | | |
| 2. The mechanism of claim 1 further including a [means at an institution by which instruments are sorted by the site locality of each other of the pre-selected institutions and in which the instruments sorted by site are sent by site sort category to institutions at sites within the site sort categories]. | "means at an institution by which instruments are sorted by the site locality of each of the pre-selected institutions and in which the instruments sorted by site are sent by site sort category to institutions at sites within the site sort categories" is in means-plus-function format | This term should be construed under 35 U.S.C. § 112(6).<br><br>Functions:<br>1) Sorting by the site locality of each other of the pre-selected institutions,<br>2) sending the | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sorting instruments by site locality of each other of the pre-selected institutions and in which the instruments | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Sorting instruments by site locality of each other of the pre-selected institutions and in which the instruments | |

| Claims<br>([Bold] terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| | subject to 35 U.S.C. § 112(6) | instruments sorted by site category to institutions at sites within the site sort categories<br><br>Corresponding Structure:<br>1) For the first function, sorters [7:3] or sort machines [4:46-7]<br>2) For the second function, a pre-selected institution's physical facility (i.e., bank, member bank, receiving bank, Participating Bank B), and its relationship with air or ground transportation. [Fig. 1 (solid directional lines); 1:66-2:1; 4:15-22] | by site are sent by site sort category to institutions at sites within the site sort categories.<br><br>Corresponding Structure: A sorter, air and ground transportation. | sorted by site are sent by site sort category to institutions at sites within the site sort categories.<br><br>Corresponding Structure: Sorters and air and ground transportation. | |
| **Claim 4** | | | | | |
| 4. A system for a financial clearinghouse comprised of an association of selected member financial institution participants situated in different localities including: | Preamble | Preamble is not limiting and the language in preamble does not need to be construed. | Preamble is limiting. | Preamble is limiting. | |
| A. **[means** at each of the | "means at each of the participants (1) for sending and receiving financial instruments to be cleared and (2) for sending and receiving in real time information reporting the value and transit status of the financial instruments to be cleared, to a programmed central processing unit, and (3) for addressing the central processing unit by which a | This term should be construed under § 112(6).<br><br>Functions:<br>1) Sending and receiving financial instruments to be cleared;<br><br>2) Sending and receiving in real time information reporting | This term should be construed under § 112(6).<br><br>Functions:<br>1) Sending and receiving financial instruments to be cleared;<br><br>2) Sending and receiving in real time information reporting | This term should be construed under § 112(6).<br><br>Functions:<br>1) Sending and receiving financial instruments to be cleared;<br><br>2) Sending and receiving in real time information reporting | |

| Claims ([Bold] terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| | participant may determine in real time the information received by the processing unit with respect to that participant's relative credit and debit obligations with respect to other institutions arising from the instruments that are reported to be sent and received" is in means-plus-function format subject to 35 U.S.C. § 112(6) | the value and transit status of the financial instruments to be cleared to a programmed central processing unit; and<br><br>3) Addressing the central processing unit by which a participant may determine in real time the information received by the processing unit with respect to that participant's relative credit and debit obligations with respect to other institutions arising from the instruments that are reported to be sent and received.<br><br>Corresponding Structure:<br>1) Air or ground transportation and a pre-selected institution's physical facility (i.e., bank, member bank, Participating Bank A/B, sending/receiving bank).<br><br>2) Electronic communications links, which may include conventional telephone links by modem connections and the | the value and transit status of the financial instruments to be cleared to a programmed central processing unit; and<br><br>3) Addressing the central processing unit by which a participant may determine in real time the information received by the processing unit with respect to that participant's relative credit and debit obligations with respect to other institutions arising from the instruments that are reported to be sent and received.<br><br>Corresponding Structure:<br>1) Air and ground transportation.<br><br>2) Electronic communications links, which may include conventional telephone links by modem connections and the like.<br><br>3) Electronic communications links, which may include conventional telephone links by modem | the value and transit status of the financial instruments to be cleared to a programmed central processing unit; and<br><br>3) Addressing the central processing unit by which a participant may determine in real time the information received by the processing unit with respect to that participant's relative credit and debit obligations with respect to other institutions arising from the instruments that are reported to be sent and received.<br><br>Corresponding Structure:<br>1) Air and ground transportation.<br><br>2) Specification does not disclose structure sufficient to perform the recited function.<br><br>3) Specification does not disclose structure sufficient to perform the recited function. | |

| Claims ([Bold] terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| | | like.<br><br>3) Electronic communications links, which may include conventional telephone links by modem connections and the like. | connections and the like. | | |
| [participants] (1) for sending and receiving financial instruments to be cleared and (2) for sending and receiving in real time information reporting the value and | "participants" | (SAME AS: "pre-selected financial institutions" and "pre-selected institutions" (Claim 1))<br><br>Financial institutions which have previously been selected to be members of or participants in a central check clearing system that is not the Federal Reserve System. | (SAME AS: "pre-selected financial institutions" and "pre-selected institutions" (Claim 1))<br><br>Financial institutions that have been previously chosen to be direct participants in a central check clearing system other than the Federal Reserve System. | (SAME AS: "pre-selected financial institutions" and "pre-selected institutions" (Claim 1))<br><br>Members of a centralized clearinghouse association that settle financial transactions with each other, each located in a specific and exclusive geographical region. | |
| [transit status of the financial instruments to be cleared], to a programmed central processing unit, and (3) for addressing the central processing unit by which a participant may determine in real time the information received by the processing unit with respect to that participant's relative credit and debit obligations with respect to other institutions arising from the instruments that are reported to be sent and received;<br><br>B. a programmed central processing unit including: | "transit status of the financial instruments to be cleared" | Information about whether the instruments have been physically sent and received. | Information about whether the instruments have been physically sent and received. | (SAME AS: "the status in transit of the instruments" (claim 1))<br><br>Electronic tracking information that can be used to identify the location of the instruments in real time. | |
| [means for calculating debits and credits owing from or payable (1) to one member to another member and (2) | "means for calculating debits and credits owing from or payable (1) to one member and (2) payable to | This term should be construed under U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). | |

| Claims ([Bold] terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| from or to one member to all other members, based upon the value of instruments reported by a participant as having been sent and received]; | another member and (2) from or to one member to all other members, based upon the value of instruments reported by a participant as having been sent and received" is in means-plus-function format subject to 35 U.S.C. § 112(6) | Function: Calculating debits and credits among the participating members.<br><br>Corresponding Structure: Software on a conventional programmable computer or central processing unit (CPU). | Function: Calculating debits and credits owing from or payable (1) to one member to another member and (2) from or to one member to all other members, based upon the value of instruments reported by a participant as having been sent and received.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | Function: Calculating debits and credits owing from or payable (1) to one member to another member and (2) from or to one member to all other members, based upon the value of instruments reported by a participant as having been sent and received.<br><br>Corresponding Structure: The specification of the '007 patent does not disclose structure sufficient to perform the recited function. | |
| [means for receiving and recording a participant's reports of the value and transit status of the instruments to be cleared as having been sent and received with respect to all participants in the system]; and | "means for receiving and recording a participant's reports of the value and transit status of the instruments to be cleared as having been sent and received with respect to all participants in the system" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Receiving and recording a participant's reports of the value and transit status of the instruments to be cleared as having been sent and received with respect to all participants in the system.<br><br>Corresponding Structure: Software associated with an accounting system | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Receiving and recording a participant's reports of the value and transit status of the instruments to be cleared as having been sent and received with respect to all participants in the system.<br><br>Corresponding Structure: Specification does not disclose structure | This term should be construed under 35 U.S.C. § 112(6).<br><br>Functions: Receiving and recording a participant's reports of the value and transit status of the instruments to be cleared as having been sent and received with respect to all participants in the system.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to | |

| Claims ([Bold] terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| **[means for** monitoring on a real time as reported basis (1) the actual sending from and receipt by a participant of the value of instruments being cleared and credits owing from one member to another may be determined and monitored on a continuous basis in real time as reports of the value and transit status of the instruments to be cleared are reported by the participants and received by the processing unit]; and | "means for monitoring on a real time as reported basis (1) the actual sending from and receipt by a participant of the value of instruments being cleared and receipt by a participant of the value of instruments being cleared as reported by the participants, and (2) the sending from and receipt by a participant of the actual instruments being cleared, said means for monitoring being operatively interconnected to the means for calculating whereby debits and credits owing from one member to another may be determined and monitored on a continuous basis in real time as reports of the value and transit status of the instruments to be cleared are reported by the participants and received by the processing unit" is in means-plus-function format subject to 35 U.S.C. § 112(6). | running on the central processing unit (CPU).<br><br>This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Monitoring on a real time as reported basis.<br><br>Corresponding Structure: Software associated with a conventional programmable computer or central processing unit [Fig. 1 (CPU)] operably interconnected with the accounting system on the CPU. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Monitoring on a real time as reported basis (1) the actual sending from and receipt by a participant of the value of instruments being cleared, said means for monitoring being operatively interconnected to the means for calculating whereby debits and credits owing from one member to another may be determined and monitored on a continuous basis in real time as reports of the value and transit status of the instruments to be cleared are reported by the participants and received by the processing unit.<br><br>Corresponding Structure: Specification does not disclose structure | sufficient to perform the recited function.<br><br>This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Monitoring on a real time as reported basis (1) the actual sending from and receipt by a participant of the value of instruments being cleared as reported by the participants, and (2) the sending from and receipt by a participant of the actual instruments being cleared, said means for monitoring being operatively interconnected to the means for calculating whereby debits and credits owing from one member to another may be determined and monitored on a continuous basis in real time as reports of the value and transit status of the instruments to be cleared are reported by the participants and received by the processing unit.<br><br>Corresponding Structure: Specification does not disclose structure | perform the recited function. |

| Claims ([Bold] terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| C. **[a time control for** | "a time control for determining the time of physical transport of financial instruments between and among the participants according to a predetermined time cycle, and for determining the occurrence of a final settlement by the clearinghouse participants at a pre-determined time until after a time that certain pre-determined local settlements in the localities, by the participants in the localities, are completed" | Plaintiff contends that this term is not governed by 35 USC § 112(6).<br><br>Predetermined time schedule. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Functions:<br>1) Determining the time of physical transport of financial instruments between and among the participants according to a predetermined time cycle; and<br><br>2) Determining the occurrence of a final settlement by the clearinghouse participants at a pre-determined time until after a time that certain pre-determined local settlements in the localities, by the participants in the localities, are completed.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function.<br><br>Does not need to be construed separately. | sufficient to perform the recited function.<br><br>This term should be construed under 35 U.S.C. § 112(6).<br><br>Functions:<br>1) Determining the time of physical transport of financial instruments between and among the participants according to a predetermined time cycle; and<br><br>2) Determining the occurrence of a final settlement by the clearinghouse participants at a pre-determined time until after a time that certain pre-determined local settlements in the localities, by the participants in the localities, are completed.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | sufficient to perform the recited function. |
| **[determining the time of physical transport of financial instruments between and among the participants according to a predetermined time cycle]**, and for | "determining the time of physical transport of financial instruments between and among the participants according to a predetermined time cycle" | Predetermined time schedule. | | Determining on a regular interval when each of the financial instruments was sent and received between and among the | |

| Claims ([Bold] terms being construed)[2] | '007 Claim Terms | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| [determining the occurrence of a | "determining the occurrence of a final settlement by the clearinghouse participants at a pre-determined time until after a time that certain predetermined local settlements in the localities, by the participants in the localities, are completed". | Establishing by participant rules settlement time, that accommodates processing, procedures, and transportation needs of all participants regardless of location and time zone. This final settlement occurs after certain predetermined local settlements. | Settlement among the direct participants in the central check clearing system occurs at regular intervals in each geographical region between the direct participants in that region and institutions in that region that do not directly participate in the central check clearing system. | Initiating a settlement between the member institutions, if at all, at regular intervals. The settlement between members does not occur, however, until each member settles with the non-members of the clearinghouse in the member's locality. | |
| [final settlement] by the clearinghouse participants at a pre-determined time until after a time that certain pre-determined local settlements in the localities, by the participants in the localities, are completed]. | "final settlement" | Final settlement of credit and debit balances between institutions. | (SAME AS: "regular periodic settlement" (claim 1))<br><br>A final calculation and transfer of amounts owed to and payable between direct participants in the central check clearing system occurring at pre-determined time intervals. | (SAME AS: "regular periodic settlement" (claim 1))<br><br>Settlement occurring at pre-determined time intervals. | |

## U.S. PATENT NO. 5,717,868

| Claims ([Bold] terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| **Claim 1** | | | | | |
| 1. An electronic payment interchange concentrator for effecting one or more of the reception, transmission, translation and storage of electronic transaction data files, said files containing | Preamble | Preamble is not limiting and the language in preamble does not need to be construed. | Preamble is limiting. | Preamble is limiting. | |

| Claims ((Bold) terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| information relating to [financial instruments] | "financial instrument" (claims 24, 45, 61, 80) | AGREED | AGREED | AGREED | A document in writing by which some financial obligation by one person to pay another is represented such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, coupons. |
| exchanged among multiple [institution]s, | "institution" (claims 24, 45, 61, 80) | A business, bank, or other commercial entity. | Bank or other financial institution. | Financial institution. | |
| said [financial instruments being exchanged between and among the institutions], comprising: | "financial instruments being exchanged between and among the institutions" (claims 61, 80) | Documents in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, or coupons, that are exchanged between and among institutions. | Physical transport of financial instruments between and among the institutions. | Physical transport of financial instruments between and among the institutions. | |
| a [means for receiving a data file from an originating institution, | "means for receiving a data file from an originating institution, said data file containing co-mingled records of a plurality of separate financial instruments, said data file being in a first file format established by the originating institution and containing a designation by the originating institution that information in the data file is to be received by one or more than one | This term should be construed under 35 U.S.C. § 112(6). __Function:__ Receiving a data file from an originating institution. __Corresponding Structure:__ Translator 1 [Fig. 1; 6-10; Fig. 2 (block 10)]. | This term should be construed under 35 U.S.C. § 112(6). __Function:__ Receiving a data file from an originating institution. __Corresponding Structure:__ Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under 35 U.S.C. § 112(6). __Function:__ Receiving a data file from an originating institution. __Corresponding structure:__ The specification of the '868 patent does not disclose structure sufficient to perform the | |

**P.R. 4-5(d) JOINT CLAIM CONSTRUCTION CHART – Page 18**

| Claims ([Bold] terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| | predetermined institution" is in means-plus-function format subject to 35 U.S.C. § 112(6). | | | recited function. | |
| said data file containing [co-mingled records] of a plurality of separate financial instruments, said data file being in | "co-mingled records" | Co-mingled: "combined financial instrument information intended for one or more of a multiple of receiving institutions or settlement mechanisms." Records: "portions of files sent and received between financial institutions, which contain various data fields." | Multiple records in a single electronic data file having information from multiple financial instruments intended for multiple recipients. | Information representing multiple financial instruments intended for multiple recipients mixed together in a single data file. | |
| a first [file format] established by the originating institution and containing a designation by the originating institution that information in the data file is to be received by one or more than one | "file format" (claims 24, 45, 61, 80) | The arrangement of data fields within a record, and the arrangement of, and definitions of different types of records within a data file. | A unique arrangement of electronic data fields in a settlement record. | The particular arrangement of information within individual data fields or ranges of data fields within a particular record. | |
| [predetermined institution]; | "predetermined institution" (claim 61) | Participant institution that has previously agreed to exchange financial instrument information with another participant institution. | Does not need to be construed separately. | Participant institution that has previously agreed to exchange financial instrument information with other participant institutions by way of the central translator. | |
| a [processor] for separating said co-mingled records of | "processor" (claims 24, 45) | A central processing unit programmed to perform a specified function. | A single central processing unit, connected to all originating and receiving institutions and through which all data files are transmitted. | A central processing unit programmed to perform a specified function located at a common central facility. | |

| Claims ((Bold) terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| [financial instrument information] into separate bundles corresponding to each of the one or more predetermined institution designated by the originating institution to receive said records and for | "financial instrument information" (claims 24, 45, 61, 80) | Information representing financial instruments and electronic funds transfers, and additional system generated information. | Information derived from a financial instrument. | Information representing a particular financial instrument. | |
| [translating the records in each bundle of said financial instrument information records from said first data file format into a data file format selected by the predetermined institution designated to receive the information], said processor including | "translating the records in each bundle of said financial instrument information records from said first data file format into a data file format selected by the predetermined institution designated to receive the information" | Converting the records in each bundle from the first file format to a second file format determined in advance by the receiving institution. | Converting the records in each bundle from one financial file format to a dissimilar and incompatible financial file format selected by a receiving institution designated to receive the information. | Converting the data representing each financial instrument in each bundle (portion) from the first file format selected by the sending institution to a second, different file format selected by the receiving institution. | |
| [program means for separating and bundling and for translating said records]; | "program means for separating and bundling and for translating said records" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Separating and bundling and for translating said records.<br><br>Corresponding Structure: Data processing and signal generation procedures along with file format translation protocols. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Separating and bundling records and translating records.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Separating and bundling and for translating said records.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| a [means for storing said bundled financial instrument information in an addressable media where the bundled financial instrument information is uniquely accessible to the institution designated to receive the information]; | "means for storing said bundled financial instrument information in an addressable media where the bundled financial instrument information is uniquely accessible to the institution designated to receive the information" is in means-plus-function format subject to 35 | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Storing said bundled financial instrument information in an addressable media. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Storing said bundled financial instrument information in an addressable media where the bundled financial | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Storing said bundled financial instrument information in an addressable media where the bundled financial | |

| Claims ([Bold] terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| | U.S.C. § 112(6). | Corresponding Structure: Archival storage 25 or memory M23, M24....MN. | instrument information is accessible only by the institution designated to receive the information. Corresponding Structure: A mailbox or other partition within a memory device that is allocated to and uniquely accessible only by a specific receiving institution. | instrument information is uniquely accessible to the institution designated to receive the information. Corresponding Structure: Memory/Mailboxes M23, M24....MN of Figure 2. | |
| [means for the institution designed to receive the information to transmit to and to receive from the means for storing]; and | "means for the institution designed to receive the information to transmit to and to receive from the means for storing" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). Function: For the institution designed to receive the information to transmit to and to receive from the means for storing. Corresponding Structure: Communication link 12. | This term should be construed under 35 U.S.C. § 112(6). Function(s): 1) Transmit from the receiving institution to the means for storing; and 2) Receive at the receiving institution from the means for storing. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under 35 U.S.C. § 112(6). Function(s): 1) Transmit from the receiving institution to the means for storing; and 2) Receive at the receiving institution from the means for storing. Corresponding Structure: A communication link. | |
| a [means for transmitting a bundle of said stored financial instrument information from the addressable storage media to the institution designated to receive the information upon the receipt of an instruction]. | "means for transmitting a bundle of said stored financial instrument information from the addressable storage media to the institution designated to receive the information upon the receipt of an | This term should be construed under 35 U.S.C. § 112(6). Function: Transmitting a bundle of said stored financial instrument information from the | This term should be construed under 35 U.S.C. § 112(6). Function: Transmitting a bundle of said stored financial instrument information from the | This term should be construed under 35 U.S.C. § 112(6). Function: Transmitting a bundle of said stored financial instrument information from the | |

| Claims ([Bold] terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| | instruction" is in means-plus-function format subject to 35 U.S.C. § 112(6). | addressable storage media. Corresponding Structure: Communication link 12. | addressable storage media to the institution designated to receive the information upon the receipt of an instruction. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | addressable storage media to the institution designated to receive the information upon the receipt of an instruction. Corresponding Structure: A communication link. | |
| **Claim 2** | | | | | |
| 2. The apparatus of claim 1 wherein said data file further contains [identifying information] with respect to the originating institution and the predetermined institution designated to receive one or more of the records in the data file, said apparatus further including | "identifying information" (claims 24, 45, 80) | AGREED | AGREED | AGREED | Data contained in the data file that identifies the originating or receiving institution. |
| [means for: (a) validating the identifying information of the originating institution and said designated receiving institution; | "means for . . . validating the identifying information of the originating institution and said designated receiving institution" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under § 112(6). Function: Validating the identifying information of the originating institution and said designated receiving institution. Corresponding Structure: A central processing unit. | This term should be construed under 35 U.S.C. § 112(6). Function: Analyzing the identifying information of the originating institution and said designated receiving institution to insure that the institutions are system participants. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under 35 U.S.C. § 112(6). Function: Validating the identifying information of the originating institution and said designated receiving institution. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |

| Claims ([Bold] terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| (b) **authenticating the financial instrument information contained in said first data file format with respect to** | "means for…authenticating the financial instrument information contained in said first data file format with respect to predetermined data format parameters" is in means-plus-function format subject to 35 U.S.C. § 112(6) | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Authenticating the financial instrument information contained in said first data file format with respect to predetermined data format parameters.<br><br>Corresponding Structure: A central processing unit. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Authenticating the financial instrument information contained in said first data file format with respect to predetermined data format parameters.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Authenticating the financial instrument information contained in said first data file format with respect to predetermined data format parameters.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| **[predetermined data format parameters]**; and | "predetermined data format parameter(s)" (claims 24, 45, 80) | Predetermined standards associated with data file formats regarding the arrangement of data within data fields where the arrangement conforms to the particular parameters associated with a specific file transfer protocol. | Pre-selected specification defining the arrangement of data fields within a financial record. | The standard arrangement of information within individual data fields associated with a specific transmitted data file format, such as ACH, ECP, etc. | |

| Claims ([Bold] terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| (c) determining a data file format acceptable to the designated institution. | "means for . . . determining a data file format acceptable to the designated institution" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). Function: Determining a data file format acceptable to the designated institution. Corresponding Structure: Central processing unit validation procedure or program routine. | This term should be construed under 35 U.S.C. § 112(6). Function: Determining a data file format acceptable to the designated institution. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under 35 U.S.C. § 112(6). Function: Determining a data file format acceptable to the designated institution. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| **Claim 3** | | | | | |
| 3. The apparatus of claim 1, further including [a **security mechanism** for preventing the unauthorized one or more of the reception, transmission, translation and storage of financial instrument information]. | "a security mechanism for preventing the unauthorized one or more of the reception, transmission, translation and storage of financial instrument information" is in means-plus-function format subject to 35 U.S.C. § 112(6). | Plaintiff contends that this phrase is not governed by 35 USC § 112(6). Software running on a processor which limits only authorized originating and receiving institutions to receive, transmit, translate, and/or store financial instrument information. | Function: Preventing unauthorized reception, transmission, translation and storage of financial instrument information. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | Function: Preventing the unauthorized one or more of the reception, transmission, translation and storage of financial instrument information. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| **Claim 24** | | | | | |
| 24. An electronic payment interchange concentrator for effecting one or more of the reception, transmission, translation and storage of data files containing information relating to financial | Preamble. | Preamble is not limiting and the language in preamble does not need to be construed. | Preamble is limiting. | Preamble is limiting. | |

| Claims<br>((Bold) terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| instruments among multiple institutions, each of said data files containing identifying information with respect to an originating institution and multiple predetermined receiving institutions, said financial instrument information being exchanged between and among the institutions, comprising: | | | | | |
| a [means for receiving a data file from the originating institution, said data file being in a first file format established by the originating institution and comprising | "means for receiving a data file from the originating institution, said data file being in a first file format established by the originating institution and comprising co-mingled financial instrument information intended for multiple receiving institutions, the data file further including a designation that specified information in the data file is to be received by a predetermined receiving institution" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Receiving a data file from an originating institution.<br><br>Corresponding Structure: Translator 1 within a central processing unit. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Receiving a data file from the originating institution.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Receiving a data file from the originating institution.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| [co-mingled financial instrument information] intended for multiple receiving institutions], the data file further including a designation that specified information in the data file is to be received by a predetermined receiving institution; a processor for: (a) validating the identifying information of the originating institution and each receiving institution; (b) authenticating the financial instrument information contained in said first data file with respect to predetermined data format parameters; (c) determining a data file format acceptable to each receiving institution; (d) separating said co-mingled financial instrument information | "co-mingled financial instrument information" (claims 45, 61, 80)<br><br>"co-mingled financial instrument information intended for multiple receiving institutions" (claim 80) | "Co-mingled" should be construed as "combined financial instrument information intended for one or more of a multiple of receiving institutions or settlement mechanisms."<br><br>"Financial instrument information" should be construed as "information representing financial instruments and electronic funds | (SAME AS: "co-mingled records" (claim 1))<br><br>Multiple records in a single electronic data file having information from multiple financial instruments intended for multiple recipients. | (SAME AS: "co-mingled records" (claim 1))<br><br>Information representing multiple financial instruments intended for multiple recipients mixed together in a single data file. | |

| Claims ([Bold] terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| into different portions associated with one or more of the multiple receiving institutions and | | transfers, and additional system generated information."<br><br>"Intended for multiple receiving institutions" is self-explanatory, so there is no need to construe that phrase separately. | | | |
| (e) [translating each portion of said separated financial instrument information in said first data file format into a data file format preselected by the receiving institution associated therewith]; | "translating each portion of said separated financial instrument information in said first data file format into a data file format preselected by the receiving institution associated therewith" | Converting each portion of said separated financial instrument information from the first file format to a second file format determined in advance by the receiving institution. | (SAME AS: "translating the records in each bundle..." (claim 1))<br><br>Converting the records in each bundle from one financial file format to a dissimilar and incompatible financial file format selected by a receiving institution designated to receive the information. | SAME AS: "translating the records in each bundle..." (claim 1))<br><br>Converting the data representing each financial instrument in each bundle (portion) from the first file format selected by the sending institution to a second, different file format selected by the receiving institution. | |
| a [means for storing said separated financial instrument information according to the separate portions thereof in a memory storage device in a manner such that each separate portion is uniquely accessible to the receiving institution associated therewith]; | "means for storing said separated financial instrument information according to the separate portions thereof in a memory storage device in a manner such that each separate portion is uniquely accessible to the receiving institution associated therewith" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Storing said separated financial instrument information according to the separate portions thereof in a memory storage device in a manner such that each separate portion is accessible only by the receiving institution associated therewith.<br><br>Corresponding | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Storing said separated financial instrument information according to the separate portions thereof in a memory storage device in a manner such that each separate portion is accessible only by the receiving institution associated therewith.<br><br>Corresponding | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Storing said separated financial instrument information according to the separate portions thereof in a memory storage device in a manner such that each separate portion is uniquely accessible to the receiving institution associated therewith.<br><br>Corresponding | |

| Claims ((Bold) terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| a [means for transmitting each portion of said separated financial instrument information stored in the memory storage device to, and in the format selected by, the receiving institution associated therewith]; and<br><br>an archive for storing one or more than one of the co-mingled financial instrument information and the separated financial instrument information. | "means for transmitting each portion of said separated financial instrument information stored in the memory storage device to, and in the format selected by, the receiving institution associated therewith" is in means-plus-function format subject to 35 U.S.C. § 112(6). | Structure: Memory/mailboxes M23, M24...MN.<br><br>This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Transmitting each portion of said separated financial instrument information stored in the memory storage device to, and in the format selected by, the receiving institution associated therewith.<br><br>Corresponding Structure: Communication link 12. | Structure: A mailbox or other partition within a memory device that is allocated to and accessible only by a receiving institution.<br><br>This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Transmitting each portion of said separated financial instrument information stored in the memory storage device to, and in the format selected by, the receiving institution associated therewith.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | Structure: Memory/Mailboxes M23, M24...MN of Figure 2.<br><br>This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Transmitting each portion of said separated financial instrument information stored in the memory storage device to, and in the format selected by, the receiving institution associated therewith.<br><br>Corresponding Structure: A communication link. | |
| **Claim 27** | | | | | |
| 27. The apparatus of claim 24, further including [security procedures for preventing unauthorized reception, transmission, translation and storage of any financial instrument information]. | "security procedures for preventing unauthorized reception, transmission, translation and storage of any financial instrument information" is in means-plus-function format subject to 35 U.S.C. § 112(6). | Plaintiff contends that this term is not governed by 35 USC § 112(6).<br><br>Programs running on a processor which limits only authorized originating and receiving institutions to receive, transmit, translate, and/or store financial instrument information. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preventing unauthorized reception, transmission, translation and storage of financial instrument information.<br><br>Corresponding Structure: Specification does not | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preventing unauthorized reception, transmission, translation and storage of financial instrument information.<br><br>Corresponding Structure: The specification does not | |

| Claims ([Bold] terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| | | | disclose structure sufficient to perform the recited function. | disclose structure sufficient to perform the recited function. | |
| **Claim 45** | | | | | |
| 45. A system for effecting one or more of the reception, transmission, translation and storage of data files between or among institutions, said data files containing | Preamble | Preamble is not limiting and the language in preamble does not need to be construed. | Preamble is limiting. | Preamble is limiting. | |
| [co-mingled information about financial instruments], comprising: a communication link between an originating institution and | "co-mingled information about financial instruments" | "Co-mingled information about financial instruments" appears only in the preamble, and does not need to be construed. | (SAME AS: "co-mingled records" (claim 1)) Multiple records in a single electronic data file having information from multiple financial instruments intended for multiple recipients. | (SAME AS: "co-mingled records" (claim 1)) Information representing multiple financial instruments intended for multiple recipients mixed together in a single data file. | |
| a [master processor] through which an electronic data file is sent from an originating institution, said data file being in a first file format established by the originating institution and containing identifying information with respect to both the originating institution and multiple institutions that are designated to receive different portions of the co-mingled financial instrument information; said processor:<br><br>(a) validating the identifying information of the originating institution and the receiving institutions;<br><br>(b) authenticating the co-mingled financial instrument information contained in said data file in said first data format with respect to predetermined data format parameters; | "master processor" | A central processing unit. | A single central processing unit through which all electronic data files are sent for sorting and translation. | Does not need to be construed separately. | |

| Claims ([Bold] terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| (c) determining a preselected data file format acceptable to each receiving institution; (d) separating said co-mingled financial instrument information into different bundles to be associated with a designated receiving institution; and (e) **[translating each bundle of said separated financial instrument information into a data file format preselected by the receiving institution corresponding thereto]**; | "translating each bundle of said separated financial instrument information into a data file format preselected by the receiving institution corresponding thereto" | Converting the records in each bundle from the first file format to a second file format determined in advance by the receiving institution. | (SAME AS: "translating the records in each bundle..." (claim 1)) Converting the records in each bundle from one financial file format to a dissimilar and incompatible financial file format selected by a receiving institution designated to receive the information. | (SAME AS: "translating the records in each bundle..." (claim 1)) Converting the data representing each financial instrument in each bundle (portion) from the first file format to a second, different file format selected by the receiving institution. | |
| a **[means for** temporarily storing each bundle of said separated financial instrument information in memory unique to the receiving institution associated therewith]**; a communication link for transmitting each bundle of said separated financial instrument information stored in the memory storage device to the receiving institution associated therewith; and an archive for storing one of said co-mingled financial instrument information and said bundles of financial instrument information. | "means for temporarily storing each bundle of said separated financial instrument information in memory unique to the receiving institution associated therewith" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). <u>Function</u>: Temporarily storing each bundle of said separated financial instrument information in memory unique to the receiving institution associated therewith. <u>Corresponding Structure</u>: Memory/mailboxes M23, M24....MN. | This term should be construed under 35 U.S.C. § 112(6). <u>Function</u>: Temporarily storing each bundle of said separated financial instrument information in memory assessable only by the receiving institution associated therewith. <u>Corresponding Structure</u>: A mailbox or other partition within a memory device that is allocated to and accessible only by a specific receiving | This term should be construed under 35 U.S.C. § 112(6). <u>Function</u>: Temporarily storing each bundle of said separated financial instrument information in memory unique to the receiving institution associated therewith. <u>Corresponding Structure</u>: Memory/Mailboxes M23, M24....MN of Figure 2. | |

| Claims ((Bold) terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| **Claim 48** | | | institution. | | |
| 48. The system of claim 45 further including [security procedures for preventing unauthorized reception, transmission, translation and storage of any financial instrument information within the system]. | "security procedures for preventing unauthorized reception, transmission, translation and storage of any financial instrument information within the system" is in means-plus-function format subject to 35 U.S.C. § 112(6). | Software running on a processor which limits only authorized originating and receiving institutions to receive, transmit, translate, and/or store financial instrument information. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preventing unauthorized reception, transmission, translation and storage of any financial instrument information within the system.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preventing unauthorized reception, transmission, translation and storage of any financial instrument information within the system.<br><br>Corresponding Structure: The specification of the '868 patent does not disclose structure sufficient to perform the recited function. | |
| **Claim 61** | | | | | |
| 61. A process for effecting one or more of the electronic reception, transmission, translation and storage of data files containing information relating to co-mingled financial instruments among multiple institutions, said financial instruments being exchanged between and among the institutions, comprising: | Preamble. | Preamble is not limiting and the language in preamble does not need to be construed. | Preamble is limiting. | Preamble is limiting. | |
| receiving a data file from an originating institution, said data file comprising [**co-mingled financial instrument information addressed to multiple receiving institutions**] being in a first file format established by the originating institution and containing a designation that specified information in the data file is to be received by a predetermined institution; separating said co-mingled financial instrument information into one | "co-mingled financial instrument information addressed to multiple receiving institutions" | Co-mingled: "combined financial instrument information intended for one or more of a multiple of receiving institutions or settlement mechanisms."<br><br>Financial instrument information: | (SAME AS: "co-mingled records" (claim 1))<br><br>Multiple records in a single electronic data file having information from multiple financial instruments intended for multiple recipients. | (SAME AS: "co-mingled records" (claim 1))<br><br>Information representing multiple financial instruments intended for multiple recipients mixed together in a single data file. | |

| Claims ((Bold) terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| or more discrete bundles of information, each of which is associated with predetermined institution specified as the recipient of the information: | | "information representing financial instruments and electronic funds transfers, and additional system generated information." | | | |
| **[translating each bundle of said separated financial instrument information in said first data file format into a data file format selected by the receiving institution associated therewith]**;<br><br>storing said bundled financial instrument information in a memory that is uniquely accessible to the institution specified as the recipient of the information; and<br><br>transmitting said bundled financial instrument information in said second translated data file format to the institution that is to receive the information upon one of (a) demand from the institution that is to receive the information, (b) instructions by the originating institution and (c) within a prearranged time period. | "translating each bundle of said separated financial instrument information in said first data file format into a data file format selected by the receiving institution associated therewith" | Converting the records in each bundle from the first file format to a second file format determined in advance by the receiving institution. | (SAME AS: "translating the records in each bundle…" (claim 1))<br><br>Converting the records in each bundle from one financial file format to a dissimilar and incompatible financial file format selected by a receiving institution designated to receive the information. | (SAME AS: "translating the records in each bundle…" (claim 1))<br><br>Converting the data representing each financial instrument in each bundle (portion) from the first file format selected by the sending institution to a second, different file format selected by the receiving institution. | |
| **Claim 80** | | | | | |
| 80. A process for effecting one or more of the reception, transmission, translation and storage of data files containing information relating to financial instruments among multiple institutions, said financial instruments being exchanged between and among the institutions, comprising:<br><br>receiving a data file from an originating institution, said data file being in a first file format established by the originating institution and containing co-mingled | Preamble. | Preamble is not limiting and the language in preamble does not need to be construed. | Preamble is limiting. | Preamble is limiting. | |

| Claims ((Bold) terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| financial instrument information intended for multiple receiving institutions and identifying portions of the information with respect to the originating institution as to each of the multiple receiving institutions to which one or more than one portion is to be sent; | | | | | |
| validating the identifying information of the originating institution and each of the receiving institutions; | | | | | |
| authenticating the co-mingled financial instrument information contained in said first data format with respect to predetermined data format parameters; | | | | | |
| determining a preselected data file format acceptable to each receiving institution; | | | | | |
| performing security procedures for limiting only authorized originating and receiving institutions to effect one or more of the reception, transmission, translation and storage of said financial instrument information; | | | | | |
| separating the co-mingled financial instrument information into different portions corresponding to each receiving institution; | | | | | |
| [translating each portion of said data file in said first file format into a file format selected by the receiving institution]; | "translating each portion of said data file in said first file format into a file format selected by the receiving institution" | "Converting each portion of said data file from the first file format to a second file format determined in advance by the receiving institution." | (SAME AS: "translating the records in each bundle…" (claim 1)) Converting the records in each bundle from one financial file format to a dissimilar and incompatible financial | (SAME AS: "translating the records in each bundle…" (claim 1)) Converting the data representing each financial instrument in each bundle (portion) from the first file format | |
| storing each portion of the separated financial instrument information in a memory storage device unique to the receiving institution corresponding | | | | | |

| Claims ([Bold] terms being construed) | '868 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| thereto;<br><br>transmitting each portion of the separated financial instrument information stored in the memory storage device to, and in the file format selected by, the receiving institution corresponding thereto; and<br><br>storing one of said co-mingled financial instrument information and said separated financial instrument information for an archival purpose. | | file format selected by a receiving institution designated to receive the information. | | selected by the sending institution to a second, different file format selected by the receiving institution. | |

## U.S. PATENT NO. 5,583,759

| Claims ([Bold] terms being construed) | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | "Defendant Group 2" Construction | Court's Construction |
|---|---|---|---|---|---|
| **Claim 1** | | | | | |
| 1. A system for effecting the deposit, settlement and submission into a payment system for collection of funds represented by<br><br>**[financial instruments] drawn on different institutions that are received by a payee at a first location]**, | Preamble | Preamble is not limiting and the language in preamble does not need to be construed. | Preamble is limiting. | | |
| | "financial instrument" (claims 5, 11, 14) | AGREED | AGREED | | A document in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, coupons. |
| | "financial instruments drawn on different institutions that are received by a payee at a first location" | Preamble is not limiting and the language in preamble does not need to be construed.<br><br>Alternatively, Plaintiff's construction is: the plain meaning of the words.<br><br>"Financial instrument": A document in writing by which | Financial instruments that are drawn on different financial institutions and that are received by a payee at a payee controlled location geographically distant from, and not at any of the facilities of, the collecting and clearing bank. | | |

| Claims ([Bold] terms being construed) | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| | | some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, coupons. | | |
| [said first location determined by the payee remote from the payee's collecting and clearing bank], comprising: | "said first location determined by the payee remote from the payee's collecting and clearing bank" | Preamble is not limiting and the language in preamble does not need to be construed. Alternatively, Plaintiff's construction is: A location separate from the payee's collecting and clearing bank, but connected by a communication link. | A physical site, which is geographically distant from, and not any of the facilities of, the bank that performs deposit, collecting, or clearing for the payee. | |
| a [sorter] at said first location established by the payee (1) for receiving the financial instruments and (2) for sorting the instruments according to predetermined sort pattern categories determined by the collecting and clearing bank; | "sorter" (claim 11) | AGREED | AGREED | A machine well-known in the industry for sorting instruments into discrete groups. |
| a printer at said first location [for applying to the instruments at a time before, during or after sorting of the instruments, | "for applying to the instruments . . . a separate indorsement on behalf of each of the payee and the collecting and clearing bank with respect to each instrument received" | "Separate indorsement" is defined, below. "Collecting and clearing bank": "A bank that deposits funds in the payee's account based on received cash letter." | Physically applying two distinct indorsements on a financial instrument while at the same location, one on behalf of the payee and the other on behalf of the collecting and clearing bank. | |
| [a separate indorsement] on behalf of each of the payee and the collecting and clearing bank with respect to each instrument received]; | "a separate indorsement" (claims 5, 11, 14) | "Indorsement": Payment instructions and the identity of the indorser applied to an instrument. "Separate": One on behalf of the payee, and one on behalf of the collecting and clearing bank." | Two distinct indorsements, each physically applied on a financial instrument while at the same location. | |
| the sorter further assembling the sorted instruments with the applied indorsements | | | | |
| into [discrete groups] with respect to the predetermined sort pattern | "discrete groups" (claims 5, 11, 14) | AGREED | AGREED | Separate groups that are determined by predetermined |

**P.R. 4-5(d) JOINT CLAIM CONSTRUCTION CHART – Page 34**

| Claims ([Bold] terms being construed) | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| categories; | | | | sort patterns and/or instructions from the payee's collecting and clearing bank. |
| a [means at the first location for preparing one or more | "means at the first location for preparing one or more cash letters associated with each assembled group of instruments" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preparing one or more cash letters at the first location<br><br>Corresponding Structure: Central processing unit 13 or sorter 1 as in Fig. 1. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preparing one or more cash letters associated with each assembled groups of instruments.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| [cash letter]s associated with each assembled group of instruments;<br><br>a communication link between the first location and the collecting and clearing bank for reporting to the bank information in the cash letters in anticipation of a deposit of funds in the payee's account at the payee's collecting and clearing bank corresponding to the value of the one or more cash letters; | "cash letter" (claims 5, 11, 14) | AGREED | AGREED | A listing of checks and the amounts of the checks drawn on a particular institution or group of institutions in a particular area. |
| [transport means for | "transport means for delivering the groups of instruments and the one or more cash letters from the first location to a second location for receipt into the payment system according to parameters determined by the payee's collecting and clearing bank" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Delivering groups of instruments and one or more cash letters.<br><br>Corresponding Structure: Air or ground transportation [Fig. 1, 2]. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Delivering the groups of instruments and the one or more cash letters from the first location to a second location, without intermediate delivery to the payee's collecting and clearing bank, for receipt into the payment system according to parameters determined by the payee's collecting and clearing bank. | |

P.R. 4-5(d) JOINT CLAIM CONSTRUCTION CHART – Page 35

| Claims ([Bold] terms being construed) | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| **[delivering the groups of instruments and the one or more cash letters from the first location to** | "delivering the groups of instruments and the one or more cash letters from the first location to a second location" (claim 11) | Transporting from the first location to the check payment system via air or ground transportation [Fig. 1, 2]. | _Corresponding Structure:_ Conventional ground or air delivery that delivers the instruments (as sorted and bundled at the first location) and the cash letters (as prepared at the first location) into the payment system without further sorting or bundling or preparation of cash letters at the second location or any other location.<br><br>Delivering the assembled groups of instruments and the one or more cash letters from the first location to a second location, without intermediate delivery to the payee's collecting and clearing bank. | |
| **[a second location]** for receipt into the payment system according to | "second location" (claims 5, 11) | A site for the check payment system that is remote or separate from the first location. | A subsequent site geographically distant from the payee and the collecting and clearing bank (claims 1 and 5) or bank of subsequent deposit (claim 11) where financial instruments are submitted into the check payment system. | |
| **[parameters determined by the payee's collecting and clearing bank]**; and | "parameters determined by the payee's collecting and clearing bank" | AGREED | AGREED | Standards set by the payee's collecting and clearing bank for submitting financial instruments into the payment system. |
| **[a central processing unit and communication link providing a coordination between the payee and the payee's collecting and clearing bank which predetermines the timing and monitors the transport of the sorted instruments and the cash letters associated therewith and coordinates the recordation of the** | "a central processing unit and communication link providing a coordination between the payee and the payee's collecting and clearing bank which predetermines the timing and monitors the transport of the sorted instruments and the cash | AGREED | AGREED | A central processing unit and communication link that: (1) ensure cooperation in a common action or effort between the payee and the payee's collecting and clearing bank; (2) determine the timing in |

| Claims ([Bold] terms being construed) | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| **deposit of the funds represented by the instruments with the collecting and clearing bank in a sequence coordinated with the timing of a** | letters associated therewith and coordinates the recordation of the deposit of the funds represented by the instruments with the collecting and clearing bank in a sequence coordinated with the timing of a settlement of accounts in the check payment system." | | | advance of the transport and monitor the transport of the sorted instruments and the associated cash letters; and<br><br>(3) control when funds are credited to the payee's account at the collecting and clearing bank, dependent upon the timing of receiving notification that an instrument was settled through the payment system. |
| **[settlement of accounts] in the** | "settlement of accounts" | A calculation of aggregate amounts owing and payable in each account. | A calculation and transfer of total amounts owed and payable from each financial institution's account. | |
| **[check payment system]**. | "check payment system" (claims 5, 11, 14) | AGREED | AGREED | The system by which checks are collected and cleared among banks. The check payment system includes institutions such as the Federal Reserve Banks, correspondent banks, The National Clearinghouse Association and like mechanisms. |
| **Claim 5** | | | | |
| 5. A process for effecting the deposit, settlement and submission into a payment system for collection of funds represented by financial instruments drawn on different institutions and payable to a same payee that are received at a | Preamble | Preamble is not limiting and the language in preamble does not need to be construed. | Preamble is limiting. | |
| | This claim should be construed to require a specific order of performing the steps below | Plaintiff contends that these steps are not required to take place in any particular order. | This claim should be construed to require the following sequence of steps:<br><br>(1) receiving financial instruments;<br>(2) sorting and indorsing financial instruments; | |

| Claims ([Bold] terms being construed) | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| **[first location remote from the payee's collecting and clearing bank]**, comprising<br><br>receiving the financial instruments at said first location; sorting the instruments according to predetermined sort pattern categories determined by the payee's collecting and clearing bank; | "first location remote from the payee's collecting and clearing bank" | Preamble is not limiting and the language in preamble does not need to be construed.<br><br>Alternatively, Plaintiff's construction is: A location separate from the payee's collecting and clearing bank, but connected by a communication link. | (3) assembling the financial instruments into discrete bundles;<br>(4) prepare cash letters; and<br>(5) reporting the information in the cash letter.<br><br>A physical site, which is geographically distant from, and not at any of the facilities of, the bank that performs deposit, collecting, or clearing for the payee. | |
| **[applying to the instruments at said first location** | "applying to the instruments ... separate indorsements on behalf of each of the payee and the collecting and clearing bank with respect to each instrument received" | This term does not need to be construed as a phrase.<br><br>"Separate indorsements" is defined, above (see term 15).<br><br>"Collecting and clearing bank" should be construed as "a bank that deposits funds in the payee's account based on received cash letter."<br><br>The rest of the phrase is plain meaning. | (SAME AS: "for applying to the instruments . . . a separate indorsement…" (claim 1))<br><br>Physically applying two distinct indorsements on a financial instrument while at the same location, one on behalf of the payee and the other on behalf of the collecting and clearing bank. | |
| **[separate indorsements] on behalf of each of the payee and the collecting and clearing bank with respect to each instrument received]**;<br><br>assembling at said first location the sorted instruments into discrete groups with respect to the predetermined sort pattern categories corresponding to cash letter specifications determined by the payee's collecting and clearing bank; | "separate indorsements" (claims 11, 14) | "Indorsement": payment instructions and the identity of the indorser applied to an instrument.<br><br>"Separate": one on behalf of the payee, and one on behalf of the collecting and clearing bank. | Two distinct indorsements, each physically applied on a financial instrument while at the same location. | |

**P.R. 4-5(d) JOINT CLAIM CONSTRUCTION CHART – Page 38**

| Claims ([Bold] terms being construed) | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| preparing at said first location one or more cash letters associated with each assembled group of instruments;<br><br>reporting to the collecting and clearing bank information contained in the cash letters in anticipation of a deposit in the payee's account at the collecting and clearing bank corresponding to the value of the cash letter;<br><br>[delivering the assembled groups of instruments and the one or more cash letters associated therewith from the first location to a second location] where they are submitted into the check payment system according to timing and location parameters determined by the collecting and clearing bank; and coordinating the recordation of the deposit of funds represented by the instruments with the collecting and clearing bank in a | "Delivering the assembled groups of instruments and the one or more cash letters associated therewith from the first location to a second location" | (SAME AS: "Delivering the groups of instruments..." (claim 1))<br><br>Transporting from the first location to the check payment system via air or ground transportation [Fig. 1, 2]. | (SAME AS: "Delivering the groups of instruments..." (claim 1))<br><br>Delivering the assembled groups of instruments and the one or more cash letters from the first location to a second location, without intermediate delivery to the payee's collecting and clearing bank. | |
| [sequence coordinated with the timing of a settlement of the collecting and clearing bank's account in the check payment system]. | "sequence coordinated with the timing of a settlement of the collecting and clearing bank's account" | The recording of the checks as a deposit in the payee's account is coordinated with the timing of the issue of a credit to the bank when a settlement of the accounts represented by the checks is received through the check payment system. | Controlling when funds are credited to the payee's account at the collecting and clearing bank, dependent upon the timing of receiving notification that an instrument was settled through the payment system. | |
| **Claim 11** | | | | |
| 11. A system for effecting the deposit, settlement and submission into a payment system for collection of funds represented by | Preamble | Preamble is not limiting and the language in preamble does not need to be construed. | Preamble is limiting. | |
| [**financial instruments drawn on different institutions that are received by different payees**] and submitted to | "financial instruments drawn on different institutions that are received by different payees" (claim 14) | The language is in the preamble, which does not need to be construed.<br><br>Alternatively, Plain meaning. "financial instruments": A | Financial instruments that are drawn on different financial institutions and that are received by multiple payees at a location geographically distant from, and not any of the | |

| Claims ([Bold] terms being construed) | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| | | document in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, coupons. | | facilities of, the collecting and clearing bank. |
| a [bank of first deposit] for submission into a check payment system on behalf of a bank of subsequent deposit comprising: a sorter at a first location (1) for receiving the financial instruments from one or more banks of first deposit and payees and (2) for sorting the instruments according to predetermined sort pattern categories determined by the bank of subsequent deposit for collecting and clearing; | "bank of first deposit" (claim 14) | AGREED | AGREED | The payee's depository bank. |
| a [means at said first location for applying separate indorsements to the instruments on behalf of each of the one or more banks of first deposit and payees, and the bank of subsequent deposit with respect to each instrument received]; the sorter further assembling the sorted instruments into discrete groups with respect to the predetermined sort pattern categories; | "means at said first location for applying separate indorsements to the instruments on behalf of each of the one or more banks of first deposit and payees, and the bank of subsequent deposit with respect to each instrument received" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). Function: Applying separate indorsements to the instruments. Corresponding Structure: A printer or stamping mechanism. | This term should be construed under 35 U.S.C. § 112(6). Function: Applying separate indorsements to the instruments on behalf of each of the one or more banks of first deposit and payees and the bank of subsequent deposit with respect to each instrument received. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| a [means for preparing one or more cash letters associated with each assembled group of sorted instruments]; a communication link between the first location and the one or more banks of | "means for preparing one or more cash letters associated with each assembled group of sorted instruments" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). Function: Preparing one or more cash letters associated with each assembled group of | This term should be construed under 35 U.S.C. § 112(6). Function: Preparing one or more cash letters associated with each assembled group of | |

| Claims ([Bold] terms being construed) | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| first deposit and the payee, and the bank of subsequent deposit for | | sorted instruments. | sorted instruments. | |
| [reporting to the respective banks and payee information in the cash letters] in anticipation of a deposit in the bank of first deposit and payee's account at the bank of subsequent deposit corresponding to the value of the cash letter; | "reporting to the respective banks and payee information in the cash letters" | Corresponding Structure: A central processing unit operating alone or by an operator [Fig. 1]. <br><br> Transmitting information in or about the cash letters to the banks and/or to the payee. | Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. <br><br> Transmitting cash letter information from the first location to each of the bank(s) of first deposit, payee, and bank of subsequent deposit. | |
| [transport means for | "transport means for delivering the groups of instruments and the one or more cash letters from the first location to a second location for introduction into the payment system according to parameters determined by the bank of subsequent deposit" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Delivering groups of instruments and one or more cash letters. <br><br> Corresponding Structure: Air or ground transportation [Fig. 1, 2]. | This term should be construed under 35 U.S.C. § 112(6). <br><br> Function: Delivering the groups of instruments and the one or more cash letters from the first location to a second location, without intermediate delivery to the bank of subsequent deposit, for introduction into the payment system according to parameters determined by the bank of subsequent deposit. <br><br> Corresponding Structure: The structure is conventional ground or air delivery that delivers the instruments (as sorted and bundled at the first location) and the cash letters (as prepared at the first location) into the payment system without further sorting or bundling or preparation of cash letters at the second location or any other location. | |
| delivering the groups of instruments and the one or more cash letters] from | | Transporting from the first location to the check payment | Delivering the groups of instruments and the one or | |

| Claims ([Bold] terms being construed) | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| the first location to a second location for introduction into the payment system according to | "more cash letters" (claim 14) | system via air or ground transportation. [Fig. 1, 2] | more cash letters from the first location in the payment system, without intermediate delivery to the bank of subsequent deposit. | |
| [parameters determined by the bank of subsequent deposit]; and | "parameters determined by the bank of subsequent deposit" (claim 14) | AGREED | AGREED | Standards set by the bank of subsequent deposit for submitting financial instruments into the payment system. |
| [a control unit interconnecting the banks and predetermining the timing and monitoring the transport of the sorted instruments] so as to | "a control unit interconnecting the banks and predetermining the timing and monitoring the transport of the sorted instruments" | A central processing unit and communication link connecting the banks. | A computer allowing electronic processing and communication between the banks and directing in advance the timing of the transport of the sorted instruments and monitoring the transport of the sorted instruments. | |
| [coordinate the recordation of the deposit of the funds represented by the instruments in the account with the collecting and clearing bank in a sequence coordinated with the timing of settlement in the check payment system]. | "coordinate the recordation of the deposit of the funds represented by the instruments in the account with the collecting and clearing bank in a sequence coordinated with the timing of settlement in the check payment system" | The recording of the checks as a deposit in the payee's account is coordinated with the timing of the issue of a credit to the bank when a settlement of the accounts represented by the checks is received through the check payment system. | The control unit controls when funds are credited to the payee's account at the collecting and clearing bank, dependent upon the timing of receiving notification that an instrument was settled through the payment system. | |
| **Claim 14** | | | | |
| 14. A process for effecting the deposit, settlement and submission into a payment system for collection of funds represented by financial instruments drawn on different institutions that are received by different payees and submitted to a bank of first deposit for submission into a check payment system on behalf of a bank of subsequent deposit comprising: | Preamble | Preamble is not limiting and the language in preamble does not need to be construed. | Preamble is limiting. | |
| receiving the financial instruments at a first location; | This claim should be construed to require a specific order of performing the steps | Plaintiff contends that these steps are not required to take place in any particular order. | This claim should be construed to require the following sequence of steps: | |

| Claims<br>([Bold] terms being construed) | '759 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| sorting the instruments at said first location according to predetermined sort pattern categories determined by the bank of subsequent deposit for collecting and clearing bank;<br><br>applying separate indorsements to the instruments at said first location on behalf of each of the bank of first deposit and the bank of subsequent deposit with respect to each instrument received;<br><br>assembling the sorted instruments into discrete groups with respect to the predetermined sort pattern categories; preparing one or more cash letters associated with each assembled group of instruments;<br><br>reporting to the respective banks information in the cash letters in anticipation of a deposit of funds in the payee's account at the bank of subsequent deposit corresponding to the value of the cash letters;<br><br>delivering the groups of instruments and the one or more cash letters from the first location into the payment system according to parameters determined by the bank of subsequent deposit; and<br><br>coordinating the deposit of funds represented by the instruments with the accounts of the respective banks and payees at the collecting and clearing bank in a sequence coordinated with the timing of a settlement in the check payment system. | below | | (1) receiving financial instruments;<br>(2) sorting and indorsing financial instruments;<br>(3) assembling the financial instruments into discrete bundles;<br>(4) prepare cash letters; and<br>(5) reporting the information in the cash letter. | |

U.S. PATENT NO. 5,930,778

| Claims ([Bold] terms being construed) | '778 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| **Claim 1** | | | | |
| 1. A mechanism for effecting the deposit and submission into a payment system of financial instruments for the collection of finds represented by | Preamble | Preamble is not limiting and the language in preamble does not need to be construed. | Preamble is limiting. | |
| **[financial instrument]**s, containing financial information about a payment, the financial instruments being drawn on different payor institutions and | "financial instrument" (claim 5) | AGREED | AGREED | A document in writing by which some financial obligation by one person to pay another is represented, such as a check, paper, cash items, money orders, share orders, drafts, notes, bonds, coupons. |
| **[received,** accompanied by a | "received . . . by a payee at a location convenient to a payee's item capture facility and remote from the payee's depository bank" | This language is in the preamble and does not need to be construed. | Physically received at the facility where the payee performs its own processing of checks and other cash items geographically distant from all facilities of the payee's bank. | |
| **[payment stub identifier]**, by a payee | "payment stub identifier" | AGREED | AGREED | A form or invoice containing relevant information about the identity of the payor and the purpose of the payment to the payee. |
| **[at a location]** convenient to a | "at a location" | "At a location" is in the preamble, which does not need to be construed. | At a facility geographically distant from all facilities of the payee's bank.  All instances of "location" refer to the location identified in the preamble, namely, a location geographically distant from all the facilities at the payee's bank. | |
| | "at the location" | | | |
| | "said location" | "At the location" - plain meaning. | | |
| **[payee's item capture facility]** and remote from | "payee's item capture facility" | This language is in the preamble and does not need to be construed.<br><br>Alternatively, if construed, this term should be construed as: Site where remittance | Payee's facility where payee performs its own processing of financial instruments; for example, a retail organization payee performs remittance processing functions. | |

| Claims<br>([Bold] terms being construed) | '778 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| the [payee's depository bank], comprising the interconnecting: | "payee's depository bank" (claim 5) | processing or deposit processing functions of the payee occur.<br><br>AGREED | AGREED | The bank of first deposit where payee has an account, and where the physical instruments would otherwise be delivered, had it not been processed at the payee's location. |
| a) [scanner] at the location for scanning each financial instrument and deriving financial information from each of said instruments and converting said information into a first information record as to each said instrument; | "scanner" (claim 5) | AGREED | AGREED | An electronic reader that reads at least MICR data. |
| b) [means for associating said financial information with the payee's records of accounts based upon information derived from the payment stub accompanying the instrument for further processing by the payee]; | "means for associating said financial information with the payee's records of accounts based upon information derived from the payment stub accompanying the instrument for further processing by the payee" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Associating said financial information with the payee's records of accounts based upon information derived from the payment stub accompanying the instrument for further processing by the payee.<br><br>Corresponding Structure: The accounting system and personnel [Fig. 2, 5]. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Associating said financial information with the payee's records of accounts based upon information derived from the payment stub accompanying the instrument for further processing by the payee.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| c) [[imager] for creating a second record translatable into a visually perceptible image of each of said financial instruments];<br><br>d) an archive for storing said records;<br><br>e) first communication link between said location and payee's depository bank for transmitting said financial | "imager for creating a second record translatable into a visually perceptible image of each of said financial instruments" | Term should not be construed under § 112(6).<br><br>This term should be construed as "a device that creates an electronic representation of an instrument." | There is no well-known structure associated with the word "imager," and this term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Creating a second record translatable into a visually perceptible image of each of said financial | |

| Claims<br>([Bold] terms being construed) | "778 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| information from said location to said depository bank; for transmitting | | | instruments.<br><br>Corresponding Structure:<br>Specification does not disclose structure sufficient to perform the recited function. | |
| | "imager" | A device for creating an electronic representation of an instrument. | Means for creating an optically or electro-optically formed reproduction of a tangible object. | |
| [process control instructions] from said depository bank to said location; and for communicating verification of transmission and receipt of information and instructions between the location and the bank; | "process control instructions" | AGREED | AGREED | Commands to control communication between the payee, the depository bank, and the payment system. |
| f) processor for adding document identifiers and [routing information] to the first information record of each instrument to create | "routing information" | AGREED | AGREED | Information that ensures proper routing through the payment system. |
| a [unique record thereof]; | "unique record" | AGREED | AGREED | Record generated by adding document identifiers and routing information to the first information record of each instrument. |
| g) [sorter] for separating said unique records into predetermined categories determined by the depository bank and for assembling bundles of said unique records into the categories and | "sorter"<br>(claim 5) | AGREED | AGREED | A machine well-known in the industry for sorting instruments into discrete groups. |
| [associating said bundles with electronic cash letter information];<br><br>h) second communication link between one or both of said location and the depository bank and the payment system for transmitting said bundled records accompanied by their respective cash letters into said payment system for ultimate payment by the payor institution for each of said instruments; and, | "associating said bundles with electronic cash letter information" | AGREED | AGREED | Electronic information, the equivalent of a cash letter, is included with each electronic bundle. |

**P.R. 4-5(d) JOINT CLAIM CONSTRUCTION CHART – Page 46**

| Claims ([Bold] terms being construed) | "778 Claim Terms for Construction" | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| i) [controller for controlling and coordinating transmissions] between said first location, said depository bank and said payment system | "controller for controlling and coordinating transmissions" | AGREED | AGREED | A central control/processor unit coordinates and synchronizes communications. |
| [in accordance with predetermined criteria established by the bank]. | "in accordance with predetermined criteria established by the bank" | AGREED | AGREED | According to criteria established in advance by the bank. |
| **Claim 2** | | | | |
| 2. The system of claim 1 including [means for adding to the record of each instrument an indorsement indicia on behalf of each of payee and the bank]. | "means for adding to the record of each instrument an indorsement indicia on behalf of each of payee and the bank" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). Function: Adding to the record of each instrument an indorsement indicia. Corresponding Structure: A sorter. | This term should be construed under 35 U.S.C. § 112(6). Function: Adding to the record of each instrument an indorsement indicia on behalf of each of payee and the bank. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| **Claim 5** | | | | |
| 5. A system for effecting the submission of financial instruments into a payment system for the collection of funds represented by the instruments and for crediting the instruments payee's account at a depository bank with the funds represented by the instruments, the instruments being drawn on different institutions and received by a payee with | Preamble | Preamble is not limiting and the language in preamble does not need to be construed. | Preamble is limiting. | |
| a [payment form] at an item capture facility remote from the depository bank where the payee maintains an account, comprising: | "payment form" (claim 11) | AGREED | AGREED | A payment stub or invoice containing information about the payor's account with the payee, or an order form or the like containing relevant information about the identity of the payor and the purpose of the payment, which usually accompany instruments sent by payor. |
| a) a scanner at the item capture facility for scanning information from said instruments and converting said information into a transmittable representation thereof; | | | | |
| b) [means for associating said | "means for associating said | This term should be construed | This term should be construed | |

| Claims ([Bold] terms being construed) | '778 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| information with the payee's records of accounts corresponding to the payment form]; | "information with the payee's records of accounts corresponding to the payment form" is in means-plus-function format subject to 35 U.S.C. § 112(6). | under 35 U.S.C. § 112(6). Function: Associating said financial information with payees' record of accounts corresponding to the payment form. Corresponding Structure: The accounting system and personnel [Fig. 2, 5]. | under 35 U.S.C. § 112(6). Function: Associating said financial information with the payee's records of accounts based upon information derived from the payment stub accompanying the instrument for further processing by the payee. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| c) [means at said facility for | "means at said facility for applying to each of said instruments a separate indorsement on behalf of each of said payee and said depository bank" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). Function: Applying to each of said instruments a separate indorsement. Corresponding Structure: The mechanical sorter. | This term should be construed under 35 U.S.C. § 112(6). Function: Applying to each of said instruments a separate indorsement on behalf of each of said payee and said depository bank. Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| [applying to each of said instruments | "applying to each of said instruments a separate indorsement on behalf of each of said payee and said depository bank" | This term does not need to be construed as a phrase. "Separate" should be construed as "one on behalf of the payee, and one on behalf of the collecting and clearing bank"; "indorsement" should be construed as "payment instructions and the identity of the indorser applied to an instrument." | (SAME AS: "for applying to the instruments . . . a separate indorsement…" for claim 1 of the '759 Patent) Physically applying two distinct indorsements on a financial instrument while at the same location, one on behalf of the payee and the other on behalf of the collecting and clearing bank. | |

| Claims ([Bold] terms being construed) | "778 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| **a [separate indorsement on behalf of each of said payee and said depository bank]]:**<br><br>d) a sorter at said facility for sorting said financial instruments according to predetermined sort pattern categories determined by the depository bank for assembling sorted instruments with endorsements thereon into bundled groups with respect to the predetermined sort pattern categories; | "separate indorsement on behalf of each of said payee and said depository bank" | "Depository bank" should be construed as "the bank of first deposit where the payee has an account."<br><br>The rest of the phrase is plain meaning | | |
| | | Does not need to be construed as a phrase.<br><br>"Indorsement": Payment instructions and the identity of the indorser applied to an instrument.<br><br>"Separate": One on behalf of the payee, and one on behalf of the collecting and clearing bank.<br><br>"Depository bank": The bank of first deposit where the payee has an account. | Two distinct indorsements, each physically applied on a financial instrument while at the same location, one on behalf of the payee and the other on behalf of the payee's depository bank. | |
| **e) a [means at said facility for** preparing at least one cash letter for association with each bundled group of instruments]; | "means at said facility for preparing at least one cash letter for association with each bundled group of instruments" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preparing at least one cash letter at said facility.<br><br>Corresponding Structure: Sorter at the depository bank. | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Preparing at least one cash letter for association with each bundled group of instruments.<br><br>Corresponding Structure: Specification does not disclose structure sufficient to perform the recited function. | |
| **f) [means for** assembling information scanned from the instruments into a transmittable record with respect to each instrument in a correspondence with the bundled groups and cash letters for communication to the bank]; | "means for assembling information scanned from the instruments into a transmittable record with respect to each instrument in a correspondence with the | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Assembling information scanned from the instruments into a | This term should be construed under 35 U.S.C. § 112(6).<br><br>Function: Assembling information scanned from the instruments into a transmittable | |

P.R. 4-5(d) JOINT CLAIM CONSTRUCTION CHART – Page 49

| Claims ([Bold] terms being construed) | '778 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| | bundled groups and cash letters for communication to the bank" is in means-plus-function format subject to 35 U.S.C. § 112(6). | transmittable record. Corresponding Structure: A sorter or processor. | record with respect to each instrument in a correspondence with the bundled groups and cash letters for communication to the bank. Corresponding Structure: The specification does not disclose structure sufficient to perform the recited function. | |
| g) [transport means for delivering said bundled groups of sorted instruments with associated cash letters from the facility into said payment system]; <br><br> h) a communication link among said facility, the depository bank and the payment system for transmitting information concerning said instruments, the bundled groups and cash letters; | "transport means for delivering said bundled groups of sorted instruments with associated cash letters from the facility into said payment system" is in means-plus-function format subject to 35 U.S.C. § 112(6). | This term should be construed under 35 U.S.C. § 112(6). Function: Delivering said bundled groups of sorted instruments. Corresponding Structure: Air or ground transportation. | This term should be construed under 35 U.S.C. § 112(6). Function: Delivering said bundled groups of sorted instruments with associated cash letters from the facility into said payment system, without intermediate delivery to the payee's depository bank. Corresponding Structure: The structure is conventional ground or air delivery that delivers the bundled groups of instruments with associated cash letters into the payment system without further sorting or bundling or preparation of cash letters at the payee's depository bank. | |
| i) a controller for [coordinating the transmissions of information] among the capture facility, the depository bank and the payment system and for | "coordinating the transmissions of information" | AGREED | AGREED | A central control/processor unit coordinates and synchronizes communications. |
| [coordinating the delivery of the instruments and cash letters into the payment system] according to criteria determined by the depository bank and for crediting the payee's account at the bank with regard to said instruments. | "coordinating the delivery of the instruments and cash letters into the payment system" | AGREED | AGREED | Controlling the timing of transport of the instruments and cash letters into the payment system. |

| Claims ([Bold] terms being construed) | "778 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1" Construction | Court's Construction |
|---|---|---|---|---|
| **Claim 11** | | | | |
| 11. A process for coordinating the receipt of a multiplicity of payments by check, the check being accompanied by a payment form associated with the check and for effecting the recording of a deposit of the check at a **[depository bank]** and for submitting the check into a payment system for the collection of funds represented by the check, the check being drawn on different institutions, comprising: | "depository bank" | AGREED | AGREED | The bank of first deposit where payee has an account, and where the physical instruments would otherwise be delivered, had it not been processed at the payee's location. |
| a) providing **[an item capture facility at a first location convenient to the payee for receiving said check and payment form associated with the check]**; | "an item capture facility at a first location convenient to the payee for receiving said check and payment associated with the check" | a "site where remittance processing or deposit processing functions of the payee occur." | (SAME AS: "payee's item capture facility" (claim 1)) Payee's facility where payee performs its own processing of financial instruments; for example, a site where a retail organization payee performs remittance processing functions. | |
| b) scanning said received check at said first location, and extracting bank information therefrom, and converting said bank information into a transmittable record thereof; | | | | |
| c) associating payee identification and payment account information derived from said payment form with information scanned from said check and processing said payment account information in the payee's internal accounting system; | | | | |
| d) imaging said check at said first location and creating a storable image of each of said check; | | | | |
| e) storing said images of said check; | | | | |
| f) disposing of said check; | | | | |
| g) electronically transmitting said bank information with regard to each check in the form of the transmittable record | | | | |

**P.R. 4-5(d) JOINT CLAIM CONSTRUCTION CHART – Page 51**

| Claims<br>([Bold] terms being construed) | '778 Claim Terms for Construction | Plaintiff Construction | "Defendant Group 1"<br>Construction | Court's Construction |
|---|---|---|---|---|
| thereof from said capture facility to the depository bank; | | | | |
| h) sorting the records about each check according to predetermined criteria established by the depository bank; bundling groups of sorted records and adding electronic cash letter information to said bundled groups of records; | | | | |
| i) delivering the records of said bundles and cash letters into the check payment system for clearing at the payor bank on which each of said checks is drawn; | | | | |
| j) coordinating the delivery of the records of the bundles and cash letters into the payment system with the recording of the check as a deposit in the check payee's account at the depository bank; and | | | | |
| k) controlling the transmissions and delivery of information between the capture facility, the depository bank and the payment system according to a predetermine schedule established by the bank. | | | | |