UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION,<br><br>        Plaintiff<br><br>  v.<br><br>WELLS FARGO & COMPANY; et al.<br><br>        Defendants | 2:06-CV-72 DF |

DEFENDANTS' UNOPPOSED MOTION FOR ENTRY OF STAY

All of the defendants in the above styled action, except for Wells Fargo & Co., Wells Fargo Bank, N.A. (who are already subject to a stay) and three other defendants,[1] who are sued on one or more of United States Patent Nos. 5,265,007; 5,717,868; 5,583,759; and 5,930,778 (the "Huntington Patents") (the "Defendants") hereby move that the Court stay litigation in this matter concerning the Huntington Patents. The Court recently granted the Citigroup defendants' motion to stay litigation of the Huntington Patents in the case between Plaintiff and the Citigroup defendants, DataTreasury Corp. v. Citigroup Inc., Citibank N.A., 2:05-cv-294 (Docket No. 150). The Court's order required the Citigroup defendants to sign the following stipulation in order to accept the stay:

> As a condition of the stay, Defendants may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in the reexamination proceedings. However, Defendants will be permitted to rely for obviousness on the combination of printed publication reference that was

---

[1] First Data, Remitco, and TeleCheck have not yet decided whether to join this motion. Those defendants may join at a later time.

DEFENDANTS' UNOPPOSED MOTION FOR ENTRY OF STAY - Page 1

submitted by petitioner in the reexamination with prior art that was not so submitted.[2]

Id.

In the interests of judicial economy, the Defendants in this action likewise request that the Court stay litigation of the Huntington Patents for the reasons set forth in the Citigroup defendants' Motion to Stay Litigation Pending Patent Office Reexamination of the Huntington Patents (2:05-cv-294, Docket No. 133).[3] The Defendants further request that, if the Court should deem a stipulation necessary, that the Court require the same stipulation set forth in the Citigroup stay (recited supra).

The Plaintiff and Defendants have but a single disagreement related to the entry of a stay in this case regarding the Huntington Patents. The Plaintiff does not oppose a stay of the Huntington Patents' litigation in this case based on the prior ruling by the Court in the Citigroup case. However, the Plaintiff opposes entry of a stay premised on the stipulation required in the Citigroup case. Instead, the Plaintiff contends that the stay should be conditioned on the following stipulation:

> As a condition of the stay, Defendants may not argue invalidity at trial based on one or more prior art printed publications considered by the United States Patent and Trademark Office in the course of the reexamination proceedings.

The Defendants oppose the Plaintiff's proposed stipulation as being overly broad and will not accept a stay premised on acceptance of such a stipulation.[4]

---

[2] This stipulation is identical to the stipulation the Court previously required for a stay of the "Ballard Patents" patents in this matter. (Docket No. 411).

[3] The Defendants incorporate by reference the Defendants' Motion to Stay Litigation Pending Patent Office Reexamination of the Huntington Patents and the Defendants' Reply in Support of Their Motion to Stay Litigation Pending Patent Office Reexamination of the Huntington Patents (2:05-cv-294, Docket Nos. 133, 142) as if fully set forth herein.

[4] This motion attaches two proposed orders for the Court's consideration. Exhibit A to this motion includes the Defendants' proposed stipulation and exhibit B includes the Plaintiff's. The proposed orders are identical in all other respects.

Should the Court grant a stay, all Defendants and the Plaintiff agree that briefing should be concluded on The Clearing House Payments Company L.L.C.'s Motion for Summary Judgment of Noninfringement of the '868 Patent (Docket No. 715). The lone remaining brief to be filed is a sur-reply from the Plaintiff. Allowing submission of the sur-reply, if any, will allow the parties to complete briefing on the motion without a potentially lengthy delay during reexamination. Accordingly, the parties further request that the Court allow the Plaintiff to file a sur-reply, if any, to the pending motion even if the case is otherwise stayed.

Dated:  September 14, 2007

Respectfully submitted,

FISH & RICHARDSON P.C.

By: /s Thomas M. Melsheimer
    Thomas M. Melsheimer
    Texas Bar No. 13922550
    1717 Main Street
    Suite 5000
    Dallas, TX  75201
    214-747-5070 (Telephone)
    214-747-2091 (Telecopy)

    Robert E. Hillman
    Fish & Richardson P.C.
    225 Franklin Street
    Boston, MA  02110-2804
    617-542-5070 (Telephone)
    617-542-8906 (Telecopy)

    Robert M. Parker
    Robert Christopher Bunt
    Parker & Bunt, P.C.
    100 E. Ferguson, Suite 1114
    Tyler, Texas 75702
    903-531-3535 (Telephone)
    903-533-9687 (Telecopy)

    Michael E. Jones
    Texas Bar No. 10929400
    E. Glenn Thames, Jr.
    Texas Bar No. 00785097
    Potter Minton
    500 Plaza Tower
    110 North College, Suite 500
    Tyler, TX  75702

Counsel for Defendants
BANK OF AMERICA CORPORATION,
BANK OF AMERICA, NATIONAL
ASSOCIATION

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                /s Thomas M. Melsheimer
                                                Thomas M. Melsheimer

90239862.4