UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION,<br><br>    Plaintiff<br><br>v.<br><br>WELLS FARGO & COMPANY; et al.<br><br>    Defendants | 2:06-CV-72 DF |

ORDER GRANTING UNOPPOSED MOTION FOR ENTRY OF STAY

All of the defendants in the above styled action, except for Wells Fargo & Co., Wells Fargo Bank, N.A. (who are already subject to a stay) and three other defendants,[1] who are sued on one or more of United States Patent Nos. 5,265,007; 5,717,868; 5,583,759; and 5,930,778 (the "Huntington Patents") (the "Defendants") have moved that the Court stay litigation of the Huntington Patents pending reexamination by the United States Patent and Trademark Office (the "PTO"). In the past, the Court has required parties seeking to stay litigation pending reexamination to sign stipulations restricting, in litigation, the use of prior art submitted to the PTO. The Defendants and the Plaintiff have proposed two differing stipulations.

The Court, having considered the motion finds that it should be GRANTED. The Court further adopts the stipulation it required in other litigation concerning the Huntington Patents and which the Defendants propose here. This Order, accordingly, is conditioned on any defendant wishing to stay the litigation, through its counsel of record, signing the following stipulation:

> As a condition of the stay, Defendants may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in

---

[1] First Data, Remitco, and TeleCheck did not join this motion.

ORDER GRANTING UNOPPOSED MOTION FOR ENTRY OF STAY - Page 1

the reexamination proceedings. However, Defendants will be permitted to rely for obviousness on the combination of printed publication reference that was submitted by petitioner in the reexamination with prior art that was not so submitted.

This stay will encompass discovery and motion practice unless leave of this Court is obtained. Notwithstanding the stay, the Plaintiff may file a sur-reply, if it so chooses, to the Clearing House Payments Company L.L.C.'s Motion for Summary Judgment of Noninfringement of the '868 Patent (Docket No. 715) so that briefing on that motion may be completed.

**SIGNED this 17th day of September, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE