IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 2:06-cv-72-DF |
| | § | |
| WELLS FARGO & COMPANY, et al. | § | |
| | § | |
| Defendants | § | |
| | § | |

**ANSWER AND COUNTERCLAIM OF DEFENDANTS ZIONS
BANCORPORATION AND ZIONS FIRST NATIONAL BANK**

Defendant Zions Bancorporation and Zions First National Bank (collectively "Zions")
state for their Answer to Plaintiff's First Amended Complaint for Patent Infringement, as
follows:

**THE PARTIES**

1.      Zions is without knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 1 of Plaintiff's First Amended Complaint for Patent
Infringement ("First Amended Complaint") and, accordingly, denies the allegations in this
paragraph.

2.      Zions is without knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 2 of the First Amended Complaint and, accordingly, denies
the allegations in this paragraph.

3.      Zions is without knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 3 of the First Amended Complaint and, accordingly, denies
the allegations in this paragraph.

4.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

5.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

6.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

7.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

8.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

9.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

10.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

11.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

12.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

13.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

14.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

15.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

16.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

17.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

WASH_3709954.1

18.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

19.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

20.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

21.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

22.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

23.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

24.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

WASH_3709954.1

25.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

26.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

27.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

28.     Zions admits that defendant Zions Bancorporation is a Utah corporation, has a place of business at One South Main Street, Suite 200, Salt Lake City, Utah 84111, and has designated Corporation Service Company, Gateway Tower East, 10 E. South Temple, Suite 900, Salt Lake City, Utah 84133 as its registered agent for service of process.  Zions denies each and every remaining allegation in paragraph 28 of the First Amended Complaint.

29.     Zions admits that defendant Zions First National Bank is a wholly-owned subsidiary of defendant Zions Bancorporation.  Zions admits that defendant Zions First National Bank conducts business in Texas.  Zions denies each and every remaining allegation in paragraph 29 of the First Amended Complaint.

30.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

WASH_3709954.1

31.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

32.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

33.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

34.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

35.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

36.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

37.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

WASH_3709954.1

38.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

39.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

40.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

41.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

42.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

43.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

44.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

WASH_3709954.1

45.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

46.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

47.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

48.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

49.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

50.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

51.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

WASH_3709954.1

52.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

53.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

54.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

55.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

56.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

57.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

58.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

## JURISDICTION AND VENUE

59.     Zions admits that this action is brought under the patent laws of the United States, Title 35 of the United States Code.  Zions is without knowledge or information sufficient to form

WASH_3709954.1

a belief as to the truth of the allegations in paragraph 59 of the First Amended Complaint with respect to each defendant other than Zions and, accordingly, denies the allegations in this paragraph. Zions further denies each and every remaining allegation in paragraph 59 of the First Amended Complaint.

60.    Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the First Amended Complaint with respect to each defendant other than Zions and, accordingly, denies the allegations in this paragraph.  Zions further denies each and every remaining allegation in paragraph 60 of the First Amended Complaint.

61.    Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the First Amended Complaint with respect to each defendant other than Zions and, accordingly, denies the allegations in this paragraph.  Zions further denies each and every remaining allegation in paragraph 61 of the First Amended Complaint.

62.    Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the First Amended Complaint with respect to each defendant other than Zions and, accordingly, denies the allegations in this paragraph.  Zions admits that services of Viewpointe Archive Services, LLC are used on behalf of Zions First National Bank.  Zions further denies each and every remaining allegation in paragraph 62 of the First Amended Complaint.

63.    Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the First Amended Complaint with respect to each defendant other than Zions and, accordingly, denies the allegations in this paragraph.  Zions

further denies each and every remaining allegation in paragraph 63 of the First Amended Complaint.

64.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the First Amended Complaint and denies the allegations in this paragraph.

65.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the First Amended Complaint and denies the allegations in this paragraph.

## PATENT INFRINGEMENT

66.     Zions admits that U.S. Patent No. 5,910,988 ("the '988 patent") appears, on its face, to have issued on June 8, 1999 and identifies Claudio Ballard as the named inventor.  Zions denies each and every remaining allegation in paragraph 66 of the First Amended Complaint.

67.     Zions admits that U.S. Patent No. 6,032,137 ("the '137 patent") appears, on its face, to have issued on February 29, 2000 and identifies Claudio Ballard as the named inventor. Zions denies each and every remaining allegation in paragraph 67 of the First Amended Complaint.

68.     Zions admits that U.S. Patent No. 5,265,007 ("the '007 patent") appears, on its face, to have issued on November 23, 1998 and identifies John L. Barnhard, Jr., Thomas K. Bown, Terry L. Geer, and John W. Liebersbach as the named inventors.  Zions denies each and every remaining allegation in paragraph 68 of the First Amended Complaint.

69.     Zions admits that U.S. Patent No. 5,583,759 ("the '759 patent") appears, on its face, to have issued on December 10, 1996 and identifies Terry L. Geer as the named inventor. Zions denies each and every remaining allegation in paragraph 69 of the First Amended Complaint.

11

70.     Zions admits that U.S. Patent No. 5,717,868 ("the '868 patent") appears, on its face, to have issued on February 10, 1998 and identifies David L. James as the named inventor. Zions denies each and every remaining allegation in paragraph 70 of the First Amended Complaint.

71.     Zions admits that U.S. Patent No. 5,930,778 ("the '778 patent") appears, on its face, to have issued on July 27, 1999 and identifies Terry L. Geer as the named inventor.  Zions denies each and every remaining allegation in paragraph 71 of the First Amended Complaint.

72.     Zions denies the allegation in paragraph 72 of the First Amended Complaint.

## COUNT ONE – THE '988 DEFENDANTS

73.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the First Amended Complaint with respect to each defendant other than Zions and, accordingly, denies the allegations in this paragraph.  Zions further denies each and every remaining allegation in paragraph 73 of the First Amended Complaint.

74.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the First Amended Complaint with respect to each defendant other than Zions and, accordingly, denies the allegations in this paragraph.  Zions further denies each and every remaining allegation in paragraph 74 of the First Amended Complaint.

75.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the First Amended Complaint with respect to each defendant other than Zions and, accordingly, denies the allegations in this paragraph.  Zions further denies each and every remaining allegation in paragraph 75 of the First Amended Complaint.

WASH_3709954.1

76.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

## COUNT TWO – THE '137 DEFENDANTS

77.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the First Amended Complaint with respect to each defendant other than Zions and, accordingly, denies the allegations in this paragraph.  Zions further denies each and every remaining allegation in paragraph 77 of the First Amended Complaint.

78.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the First Amended Complaint with respect to each defendant other than Zions and, accordingly, denies the allegations in this paragraph.  Zions further denies each and every remaining allegation in paragraph 78 of the First Amended Complaint.

79.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the First Amended Complaint with respect to each defendant other than Zions and, accordingly, denies the allegations in this paragraph.  Zions further denies each and every remaining allegation in paragraph 79 of the First Amended Complaint.

80.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the First Amended Complaint and, accordingly, denies the allegations in this paragraph.

WASH_3709954.1

## COUNT THREE – THE '007 DEFENDANTS

81.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 81 - 83 of the First Amended Complaint and, accordingly, denies the allegations in those paragraphs.

## COUNT FOUR – THE '759 DEFENDANTS

82.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 84 - 86 of the First Amended Complaint and, accordingly, denies the allegations in those paragraphs.

## COUNT FIVE – THE '868 DEFENDANTS

83.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 87 - 89 of the First Amended Complaint and, accordingly, denies the allegations in those paragraphs.

## COUNT SIX – THE '778 DEFENDANTS

84.     Zions is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 90 – 92 of the First Amended Complaint and, accordingly, denies the allegations in those paragraphs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

85.     Zions does not directly infringe, contributorily infringe, or induce infringement of any valid and enforceable claim of the '988 and/or '137 patents, either literally or by the application of the doctrine of equivalents.

WASH_3709954.1

## SECOND AFFIRMATIVE DEFENSE
### (INVALIDITY)

86.     One or more claims of the '988 and/or '137 patent are invalid and/or unenforceable on the grounds that the purported invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

87.     To the extent DataTreasury seeks recovery for any alleged infringement committed more than six years prior to the filing of the complaint, such recovery is barred by 35 U.S.C. § 286.

## FOURTH AFFIRMATIVE DEFENSE
### (NOTICE REQUIREMENT)

88.     To the extent DataTreasury seeks damages for any alleged infringement committed by Zions, such claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

## FIFTH AFFIRMATIVE DEFENSE
### (LACHES)

89.     The relief sought by DataTreasury is barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (NO ALTER EGO LIABILITY)

90.     Zions is not the alter ego of Viewpointe Archive Services, LLC and, accordingly, is not responsible for their actions.

WASH_3709954.1

## SEVENTH AFFIRMATIVE DEFENSE
### (LICENSE)

91.     On information and belief, Zions holds actual and/or implied licenses to the '988, and/or '137 patents.

## EIGHTH AFFIRMATIVE DEFENSE
### (INEQUITABLE CONDUCT)

92.     The '988 and '137 patents are unenforceable due to inequitable conduct by one or more individuals associated with the filing and/or prosecution of the applications leading to the '988 and '137 patents, and the reexamination of the '988 and '137 patents.

93.     The '988 and '137 patents are sufficiently related that unenforceability of one infects the other under the doctrine of infectious unenforceability.

94.     Under 37 C.F.R. § 1.56, each inventor named in a patent application, each attorney or agent who prepares or prosecutes the application, and every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application has a duty of candor and good faith in dealing with the U.S. Patent and Trademark Office ("PTO").   Under 37 C.F.R. § 1.555, the patent owner, each attorney or agent who represents the patent owner, and every other individual who is substantively involved on behalf of the patent owner in a reexamination proceeding has a duty of candor and good faith in dealing with the PTO.    This duty includes a duty to disclose to the PTO all information known to the individual to be material to the patentability of that which is claimed in the patent application or patent being reexamined.   The intentional failure by any individual associated with the filing or prosecution of a patent application, or with the reexamination of a patent, to disclose information material to patentability constitutes inequitable conduct and renders any resulting patent

16

unenforceable.  The intentional misrepresentation of information material to the patentability also constitutes inequitable conduct and renders any resulting patent unenforceable.

95.     Information is material to patentability if, among other things, (1) it is not cumulative and it establishes by itself or in combination with other information a prima facie case of unpatentability, (2) it is not cumulative and it refutes or is inconsistent with a position the applicant takes in either opposing an argument of unpatentability or asserting an argument of patentability, or (3) there is a substantial likelihood that a reasonable examiner would consider the information important in deciding whether to allow the application to issue as a patent.

96.     The application for the '988 patent, Serial No. 08/917,761, was filed on August 27, 1997.  The application for the '137 patent, Serial No. 09/081,012, was a continuation-in-part of the '988 patent, and was filed on May 19, 1998.

97.     The persons associated with the filing and/or prosecution of the patent applications leading to the '988 and '137 patents and/or associated with the reexamination proceedings related to the '988 and '137 patents include at least (1) Claudio Ballard ("Ballard"), who is the named inventor on the patent applications leading to the '988 and '137 patents and was involved in the reexamination proceedings; (2) J. Michael Martinez de Andino ("Martinez"), a registered patent attorney associated with the prosecution of the '988 and '137 patents; (3) Mark A. Taylor ("Taylor"), a registered patent attorney associated with the prosecution of the '988 and '137 patents; (4) Allan A. Fanucci ("Fanucci"), a registered patent attorney associated with the prosecution of the '988 and '137 patents; and (5) Abraham Hershkovitz ("Hershkovitz"), a registered patent agent who was associated with the reexamination of the '988 and '137 patents and the prosecution of other patent applications that name Ballard as an inventor, including applications that are related indirectly or directly by continuation, divisional

17

and/or continuation-in-part to the '988 and '137 patents, for example, U.S. Patent Application Ser. No. 09/454,492.

98.     On information and belief, one or more of the persons associated with the filing and/or prosecution of the patent applications leading to the '988 and '137 patents and associated with the reexamination proceedings related to the '988 and '137 patents intentionally made material misrepresentations concerning United States Patent No. 4,264,808 ("the '808 patent") and U.S. Patent No. 5,602,936 ("the '936 patent") to the PTO, specific examples of which include the following material misrepresentations described in paragraphs 99 through 101 below.

99.     On information and belief, the named inventor, purported assignee, DataTreasury, its predecessor in interest, and/or other persons associated with the filing and prosecution of the application which led to the issuance of the '988 patent intentionally misrepresented in the Petition to Make Special and Accelerate Examination Under 37 C.F.R. Section 1.102(d), signed by Martinez and submitted to the PTO on October 23, 1998, that the '808 patent "does not teach or disclose a communication network for the transmission of transactional data within or between one or more data access subsystems and at least one data processing subsystem." In fact, such a communication network is taught and was disclosed in the '808 patent. The intentional misstatement was material to the patentability of at least one claim of the '988 patent.

100.    On information and belief, the named inventor, purported assignee, DataTreasury, its predecessor in interest, and/or other persons associated with the filing and prosecution of the application which led to the issuance of the '137 patent intentionally misrepresented in the Petition to Make Special and Accelerate Examination Under 37 C.F.R. Section 1.102(d), signed by Taylor and submitted to the PTO on February 16, 1999, that the '808 patent "does not teach or disclose a communication network for the transmission of transactional data within or

18

between one or more data access subsystems and at least one data processing subsystem." In fact, such a communication network is taught and was disclosed in the '808 patent. The intentional misstatement was material to the patentability of at least one claim of the '137 patent.

101. On information and belief, the named inventor, purported assignee, DataTreasury, its predecessor in interest, and/or other persons associated with the filing and prosecution of the application which led to the issuance of the '137 patent intentionally misstated in the Petition to Make Special and Accelerate Examination Under 37 C.F.R. Section 1.102(d), signed by Taylor and submitted to the PTO on February 16, 1999, that the '936 patent "does not disclose any form of network subsystem with encrypted communication between subsystems nor does it disclose any form of internetwork sharing of image information." In fact, a form of internetwork sharing of image information is taught and disclosed in the '936 patent. The intentional misstatement was material to the patentability of at least one claim of the '137 patent.

102. One or more of the persons identified in paragraph 97 intentionally did not disclose certain material information to the PTO in connection with the reexamination proceedings, including without limitation: prior art, search reports, rejections, statements, declarations or affidavits, and other material information associated with other patent applications which name Ballard as an inventor, as well as information known to Ballard about the prior art and obviousness of features recited in the claims of the '988 and '137 patent, examples of which include the following material information described in paragraphs 103 and 104 below.

103. For example, material information about the prosecution of U.S. Patent Application Serial Nos. 09/454,492 ("the '492 Application") and 10/245,232 ("the '232 Application") filed on December 6, 1999 and September 17, 2002, respectively, was not

disclosed to the PTO during reexamination.   The '492 Application is a divisional patent application of the '137 patent.   Ballard is named as an inventor and Hershkovitz was involved in the prosecution thereof.   The '232 Application is a continuation-in-part of the '492 Application naming Ballard as an inventor.   The claims in both applications recite some of the same features that are found in the '988 and '137 patent claims.   While the reexamination proceedings related to the '988 and '137 patents were ongoing, the PTO issued final rejections under 35 U.S.C. § 103 and the applicant appealed the final rejections to the Board of Patent Appeals and Interferences in connection with the '232 Application.   Also, while these reexamination proceedings were ongoing, the PTO issued interrogatories under 37 C.F.R. § 1.105 regarding the specific improvements of the claimed subject matter over the disclosed prior art and the claimed elements that provide these improvements in connection with the '492 Application.   The existence of the '232 Application itself was not disclosed to the PTO in the reexamination proceedings related to the '988 and '137 patents, nor were any of (1) the applicant's responses to the PTO's rejections and interrogatories in either application; (2) the PTO's rejections and interrogatories themselves; (3) the three prior art U.S. patents (5,870,723; 6,310,966; and 5,930,804) on which the final rejections under U.S.C. § 103 of the '232 Application were based; or (4) the briefs filed in the appeal proceedings of the '232 Application.   On information and belief at least one person identified in paragraph 97 knew of this information and its materiality and intentionally failed to disclose the information to the PTO.

104.   In addition, Ballard has made the following sworn statements with material information: (a) August 5, 2002 Affidavit in connection with European Patent Application No. 98942251.4; (b) January 30, 2006 Declaration in connection with related litigation involving the '988 and '137 patents submitted to the PTO during the reexamination proceedings; and (c)

January 30, 2007 Declaration in connection with the reexamination proceedings for the '988 and '137 patents.  The January 30, 2006 Declaration is materially inconsistent with the August 5, 2002 Affidavit.  The August 5, 2002 Affidavit and other material information and documents relating to European Patent Application No. 98942251.4 and other foreign counterpart patent applications were not disclosed to the PTO during the reexamination proceedings.  On information and belief at least one person identified in paragraph 97 knew of this information and its materiality and intentionally failed to disclose the information to the PTO and/or intentionally misrepresented material information.

105.    On information and belief, one or more of the persons identified in paragraph 97 intentionally did not disclose certain material information, filed or served in connection with the patent litigation filed by DataTreasury, to the PTO in connection with the reexamination proceedings, including without limitation: deposition transcripts, invalidity contentions, invalidity-related motions and briefs, claim construction briefs, and other material information, examples of which include the following material information described in paragraphs 106 through 107 below.

106.    For example, the following deposition transcripts were not disclosed to the PTO in connection with the reexamination proceedings for the '988 and '137 patents: (a) March 28, 2006 and September 20, 2006 Depositions of Ballard, which included Ballard's testimony regarding inconsistencies between the August 5, 2002 Affidavit and the January 30, 2006 Declaration (see paragraph 104, supra), the prior art, and the obviousness and inherency of features recited in the claims of the '988 and '137 patent; (b) February 28, 2005, March 1, 2005, September 27, 2005 and September 21, 2006 Depositions of Ballard, at least some of which include testimony regarding the obviousness and inherency of encryption and the absence of an

21

expressed description of encrypting subsystem identification information.  On information and belief at least one person identified in paragraph 97 knew of this information and its materiality and intentionally failed to disclose the information to the PTO.

107.    For example, at least the following material pleadings and disclosures were not disclosed to the PTO in connection with the reexamination proceedings for the '988 and '137 patents: (a) Wachovia's Preliminary Invalidity Contentions (Case No. 2:05-CV-293-DF); (b) Bank of America's Preliminary Invalidity Contentions (Case No. 2:05-CV-292-DF); (c) Wells Fargo Corporation's Preliminary Invalidity Contentions (2:05-CV-291-DF); and (d) Ingenico S.A.'s August 23, 2005 Motions for Summary Judgment of Patent Invalidity (5:02-CV-95-DF), related briefing and supporting affidavits and exhibits.  On information and belief at least one person identified in paragraph 97 knew of this information and its materiality and intentionally failed to disclose the information to the PTO.

108.    On information and belief, the '988 and '137 patents are unenforceable as a result of improper inventorship and/or derivation under 35 USC §§102(f) and 116 because Claudio R. Ballard, the only named inventor, is not the sole inventor of the '988 and '137 patents.    On information and belief, the named inventor and/or others involved in the preparation and prosecution of the applications for the '988 and '137 patents, knowingly and/or intentionally excluded one or more proper co-inventors of the '988 and '137 patents.  This failure to name a proper co-inventor and/or derivation of invention from another constitutes inequitable conduct.

109.    As an example, on information and belief, Ernest E. Suter contributed to the invention in one or more claims of the '988 and '137 patents.  Mr. Suter's contributions include, but are not limited to, specific structural and technical elements that are claimed in the '988 and '137 patents.  These contributions are evidenced by deposition testimony from Mr. Suter, given

22

for example on March 30, 2005, and diagrams he created based on his own knowledge while collaborating with Mr. Ballard. Several elements found in the diagrams and subsequently in the claims were thus invented by Mr. Suter and not Mr. Ballard. Furthermore, Mr. Ballard was well aware of these contributions because Mr. Suter sent these diagrams to Mr. Ballard, who in turn, submitted them to his patent attorneys. The named inventor and/or others involved in the preparation and prosecution of the applications for the '988 and '137 patents thus knowingly and/or intentionally failed to name Mr. Suter as a co-inventor.

## <u>COUNTERCLAIM</u>

Zions alleges as its Counterclaim as follows:

1.      Zions realleges and incorporates by reference the allegations contained in paragraphs 1-110.

2.      Counterclaim Plaintiff Zions Bancorporation is a Utah corporation and has a place of business at One South Main Street, Suite 200, Salt Lake City, Utah 84111.

3.      Counterclaim Plaintiff Zions First National Bank is a wholly owned subsidiary of defendant Zions Bancorporation and has a place of business at One South Main Street, Salt Lake City, Utah 84111.

4.      This Court has jurisdiction over the subject matter of this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5.      Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

6.      In its First Amended Complaint, Plaintiff DataTreasury Corporation ("DataTreasury") alleges that it is the owner of the right, title and interest to the '988, '137, '007, '759, '868 and '778 patents. DataTreasury further alleges that Zions has infringed the '988 and '137 patents.

WASH_3709954.1

7.      An actual controversy exists between DataTreasury and Zions by virtue of the allegations in the First Amended Complaint.

8.      One or more claims of the '988 and '137 patents are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

9.      Zions has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '988 and '137 patents.

10.     The '988 and '137 patents are unenforceable by reason of inequitable conduct before the United States Patent and Trademark Office as set forth in paragraphs 92-110.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/Counterclaim Plaintiffs prays for:

A.      A judgment declaring each asserted claim of the '988 and '137 patents invalid.

B.      A judgment declaring that Zions has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '988 and '137 patents.

C.      A judgment declaring that the '988 and '137 patents are unenforceable.

D.      A judgment deeming this to be an exceptional case under 35 U.S.C. § 285 and awarding Zions their attorney fees, expenses and costs in this action.

E.      Such other and further relief as the Court deems just and proper.


Dated: March 31, 2008                          Respectfully submitted,

                                               ____/s/  Anthony H. Son_____
                                               Melvin R. Wilcox, III
                                               mrw@smeadlaw.com
                                               Smead, Anderson & Dunn LLP
                                               2110 Horseshoe Lane
                                               PO Box 3343
                                               Longview, Texas 75606

WASH_3709954.1

Telephone:  (903) 232-1892
Facsimile:  (903) 232-1881

*Of Counsel:*
John J. Feldhaus
jfeldhaus@foley.com
Anthony H. Son
ason@foley.com
FOLEY & LARDNER LLP
3000 K Street, N.W.
Washington, D.C. 20007
Ph: (202) 672-5300

*Counsel for Defendants*
 *Zions First National Bank*
*Zions Bancorporation*

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2008, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing instrument via the Court's CM/ECF filing system.

_____/s/ Anthony H. Son_____