UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| *PLAINTIFF* | § | |
| | § | |
| v | § | |
| | § | |
| WELLS FARGO & COMPANY; WELLS | § | |
| FARGO BANK, NATIONAL | § | |
| ASSOCIATION; BANK OF AMERICA | § | |
| CORPORATION; BANK OF AMERICA, | § | |
| NATIONAL ASSOCIATION; U.S. | § | |
| BANCORP; U.S. BANK, NATIONAL | § | |
| ASSOCIATION; WACHOVIA | § | |
| CORPORATION; WACHOVIA BANK, | § | |
| NATIONAL ASSOCIATION; SUNTRUST | § | |
| BANKS, INC.; SUNTRUST BANK; BB&T | § | Civil Action No. 2:06cv72 (DF) |
| CORPORATION; BRANCH BANKING | § | |
| AND TRUST COMPANY; | § | |
| BANCORPSOUTH, INC.; | § | |
| BANCORPSOUTH BANK; COMPASS | § | |
| BANCSHARES, INC.; COMPASS BANK; | § | |
| CULLEN/FROST BANKERS, INC.; THE | § | |
| FROST NATIONAL BANK; FIRST | § | |
| HORIZON NATIONAL CORPORATION; | § | |
| FIRST TENNESSEE BANK, NATIONAL | § | |
| ASSOCIATION; HSBC NORTH | § | JURY TRIAL DEMANDED |
| AMERICA HOLDINGS INC.; HSBC | § | |
| BANK USA, N.A.; HARRIS BANKCORP, | § | |
| INC.; HARRIS N.A.; NATIONAL CITY | § | |
| CORPORATION; NATIONAL CITY | § | |
| BANK; ZIONS BANCORPORATION; | § | |
| ZIONS FIRST NATIONAL BANK; | § | |
| BANK OF NEW YORK CO., INC.; | § | |
| THE BANK OF NEW YORK; | § | |
| UNIONBANCAL CORPORATION; | § | |
| UNION BANK OF CALIFORNIA, | § | |
| NATIONAL ASSOCIATION; BANK OF | § | |
| TOKYO-MITSUBISHI UFJ, LTD.; | § | |
| CITIZENS FINANCIAL GROUP, INC. | § | |
| CITY NATIONAL CORPORATION; | § | |
| CITY NATIONAL BANK; COMERICA | § | |
| INCORPORATED; COMERICA BANK | § | |
| & TRUST, NATIONAL ASSOCIATION; | § | |

DEUTSCHE BANK TRUST COMPANY §
AMERICAS; FIRST CITIZENS §
BANCSHARES, INC.; FIRST CITIZENS §
BANK & TRUST COMPANY; KEYCORP;§
KEYBANK NATIONAL ASSOCIATION; §
LASALLE BANK CORPORATION; §
LASALLE BANK NA; M&T BANK §
CORPORATION; M&T BANK; §
UBS AMERICAS, INC.; SMALL VALUE §
PAYMENTS COMPANY, LLC; THE §
CLEARING HOUSE PAYMENTS §
COMPANY, LLC; MAGTEK, INC; FIRST §
DATA CORPORATION; TELECHECK §
SERVICES, INC., REMITCO, LLC and §
ELECTRONIC DATA SYSTEMS CORP. §
§   JURY TRIAL DEMANDED
*DEFENDANTS* §

---

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

---

### I. THE PARTIES

1.      Plaintiff **DataTreasury Corporation** ("DataTreasury") is a Delaware

corporation that maintains its principal place of business at 101 East Park Blvd., # 600, Plano,

Texas, 75074.

2.      Defendant **Wells Fargo & Company** is a Delaware Corporation that maintains

its principal place of business at 420 Montgomery Street, San Francisco, California 94104.

This Defendant does business in Texas and can be served with process by mailing a copy of

this Complaint and summons by registered mail or certified mail (restricted to addressee

only), return receipt requested, to Wells Fargo & Company, 420 Montgomery Street, San

Francisco, California 94104.  This Defendant is being sued in this litigation for its infringing

activities except for those activities at issue in the current pending litigation with

DataTreasury, Cause No. 2:05-CV-291.

3.      Defendant **Wells Fargo Bank, National Association** is a banking subsidiary of Defendant Wells Fargo & Company.  This Defendant does business in Texas and can be served with process through its registered agent for service, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.  This Defendant is being sued in this litigation for its infringing activities except for those activities at issue in the current pending litigation with DataTreasury, Cause No. 2:05-CV-291.

4.      Defendant **Bank of America Corporation** is a Delaware Corporation that maintains its principal place of business at Bank of America Center, 401 North Tryon Street, Charlotte, North Carolina 28255.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, CT Corporation System, located at 350 N. St. Paul Street, Dallas, Texas 75201.  This Defendant is being sued in this litigation for its infringing activities except for those activities at issue in the current pending litigation with DataTreasury, Cause No. 2:05-CV-292.

5.      Defendant **Bank of America, National Association** is a banking subsidiary of Defendant Bank of America.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.  This Defendant is being sued in this litigation for its infringing activities except for those activities at issue in the current pending litigation with DataTreasury, Cause No. 2:05-CV-292.

6.      Defendant **U.S. Bancorp** is a Delaware Corporation that maintains its principal place of business at 800 Nicollet Mall, Minneapolis, Minnesota 55402-7014.  This Defendant does business in Texas and can be served with process through its Registered Agent for

Service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.      Defendant **U.S. Bank, National Association** is a banking subsidiary of Defendant U.S. Bancorp and maintains its principal place of business at 425 Walnut Street, Cincinnati, Ohio 45202.  This Defendant does business in Texas and can be served with process by mailing a copy of this Complaint and summons by registered or certified mail (restricted to addressee only), return receipt requested, to U.S. Bank, National Association, 425 Walnut Street, Cincinnati, Ohio 45202.

8.      Defendant **Wachovia Corporation** is a North Carolina Corporation that maintains its principal place of business at One Wachovia Center, 301 South College Street, Charlotte, North Carolina 28288-0013.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Corporation Service Company, 327 Hillsborough Street, Raleigh, North Carolina 27603.  This Defendant is being sued in this litigation for its infringing activities except for those activities at issue in the current pending litigation with DataTreasury, Cause No. 2:05-CV-293.

9.      Defendant **Wachovia Bank, National Association** is a banking subsidiary of Wachovia Corporation, and maintains its principal place of business at 301 South Tryon Street, Charlotte, North Carolina 28288.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.  This Defendant is being sued in this litigation for its infringing activities except for those activities at issue in the current pending litigation with DataTreasury, Cause No. 2:05-CV-293.

10.     Defendant **SunTrust Banks, Inc**. is a Georgia corporation that maintains its principal place of business at 303 Peachtree Street, Suite 500, Atlanta, Georgia 30308.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Raymond T. Fortin, 303 Peachtree Street, Suite 3600, Atlanta, Georgia 30308.

11.     Defendant **SunTrust Bank** is a wholly-owned banking subsidiary of Defendant SunTrust Banks, Inc.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Raymond T. Fortin, 303 Peachtree Street, Suite 3600, Atlanta, Georgia 30308.

12.     Defendant **BB&T Corporation** is a North Carolina corporation that maintains its principal place of business at 200 West Second Street, Winston-Salem, North Carolina, 27101.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, C.T. Corporation System, 225 Hillsborough Street, Raleigh, North Carolina 27603.

13.     Defendant **Branch Banking and Trust Company** is a wholly-owned banking subsidiary of Defendant BB&T Corporation.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, C.T. Corporation System, 225 Hillsborough Street, Raleigh, North Carolina  27603.

14.     Defendant **BancorpSouth, Inc.** is a Mississippi corporation that maintains its principal place of business at One Mississippi Plaza, 201 South Spring Street, Tupelo, Mississippi 38804.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Cathy S. Freeman, One Mississippi Plaza, 201 South Spring Street, P.O. Box 789, Tupelo, Mississippi  38802.

15.     Defendant **BancorpSouth Bank** is a wholly-owned banking subsidiary of Defendant BancorpSouth, Inc.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

16.     Defendant **Compass Bancshares, Inc.** is a Delaware corporation that maintains its principal place of business at 15 South 20th Street, Birmingham, Alabama 35233. This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Jerry W. Powell, 15 South 20th Street, Birmingham, Alabama 35233.

17.     Defendant **Compass Bank** is a wholly-owned banking subsidiary of Defendant Compass Bancshares, Inc.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, Texas  77002.

18.     Defendant **Cullen/Frost Bankers, Inc.** is a Texas corporation that maintains its principal place of business at 100 W. Houston Street, San Antonio, Texas 78205.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Stan McCormick, 100 W. Houston Street, San Antonio, Texas 78205.

19.     Defendant **The Frost National Bank** is a wholly-owned banking subsidiary of Defendant Cullen/Frost Bankers, Inc.  This Defendant does business in Texas and can be served with process through the President and Chief Executive Officer of Cullen/Frost Bankers, Inc., Richard W. Evans, Jr., 100 West Houston Street, San Antonio, Texas 78205.

20.     Defendant **First Horizon National Corporation** is a Tennessee corporation that maintains its principal place of business at 165 Madison Avenue, P.O. Box 84, Memphis, Tennessee 38103.  This Defendant does business in Texas and can be served with process

through its Registered Agent for Service, Clyde A. Billings, Jr., 165 Madison Avenue, Memphis, Tennessee 38103.

21.     Defendant **First Tennessee Bank, National Association** is a wholly-owned banking subsidiary of Defendant First Horizon National Corporation.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas  75201.

22.     Defendant **HSBC North America Holdings Inc.** is a Delaware corporation that maintains its principal place of business at 2700 Sanders Road, Prospect Heights, Illinois 60070.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, C.T. Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604-1101.

23.     Defendant **HSBC Bank USA, N.A.** is a principal subsidiary of HSBC USA, Inc., an indirectly-held, wholly owned subsidiary of Defendant HSBC North America Holdings, Inc., that maintains its principal place of business at 1105 N. Market Street, Suite 1, Wilmington, Delaware 19801.  This Defendant does business in Texas and can be served with process through its President and Chief Executive Officer, Martin J.G. Glynn, 1105 N. Market Street, Suite 1, Wilmington, Delaware  19801.

24.     Defendant **Harris Bancorp, Inc.** is a Delaware corporation that maintains its principal place of business at 111 West Monroe Street, Chicago, Illinois 60603.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Linda L. Ochwa, 111 West Monroe Street, Chicago, Illinois 60603-4003.

25.     Defendant **Harris N.A.** is a wholly owned banking subsidiary of Defendant Harris Bancorp, Inc. and maintains its principal place of business at 111 West Monroe

Street, Chicago, Illinois 60603.   This Defendant does business in Texas and can be served through its President and Chief Executive Officer, Frank Techar, 111 West Monroe, Chicago, Illinois  60603.

26.     Defendant **National City Corporation** is a Delaware corporation that maintains its principal place of business at 1900 East Ninth Street, Room 647, Cleveland, Ohio 44114.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, C.T. Corporation System, 36 East Seventh Street, Suite 2400, Cincinnati, Ohio 45202.

27.     Defendant **National City Bank** is a wholly-owned banking subsidiary of Defendant National City Corporation.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas  75201.

28.     Defendant **Zions Bancorporation** is a Utah corporation that maintains its principal place of business at One South Main Street, Suite 1134, Salt Lake City, Utah 84111. This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Corporation Service Company, Gateway Tower East, 10 E. South Temple, Ste. 900, Salt Lake City, Utah 84133.

29.     Defendant **Zions First National Bank** is a wholly-owned banking subsidiary of Defendant Zions Bancorporation.  This Defendant does business in Texas and can be served with process through its President and Chief Executive Officer, A. Scott Anderson, One South Main Street, Salt Lake City, Utah  84111.

30.     Defendant **Bank of New York Co., Inc.** is a New York corporation that maintains its principal place of business at One Wall Street, New York, New York 10286.

This Defendant does business in Texas and can be served with process through its Registered Agent for Service, The Bank of New York Company, Inc., Attention Legal Department, Head of Litigation, One Wall Street, New York, New York 10286.

31.     Defendant **The Bank of New York** is a wholly-owned banking subsidiary of Defendant Bank of New York Co., Inc.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, S.L. Devausney, Vice President and Secretary, 48 Wall Street, New York 15, New York

32.     Defendant **UnionBancal Corporation** is a Delaware corporation that maintains its principal place of business at 400 California Street, San Francisco, California 94104.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, John H. McGuckin, Jr., 400 California Street, San Francisco, California 94104.

33.     Defendant **Union Bank of California, National Association** is a wholly-owned banking subsidiary of Defendant UnionBancal Corp.  This Defendant does business in Texas and can be served with process through its President and Chief Executive Officer, Takashi Morimura, 400 California Street, San Francisco, California  94104.

34.     Defendant **Bank of Tokyo-Mitsubishi UFJ, Ltd.** is a foreign financial institution that maintains its principal place of business at 7-1 Marunouchi 2-Chome Chiyoda-K, Tokyo, 100-8388, Japan.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Masato Miyachi, 1100 Louisiana Street, Ste. 2800, Houston, Texas 77002.

35.     Defendant **Citizens Financial Group, Inc**. is a Delaware corporation that maintains its principal place of business at One Citizens Plaza, Providence, Rhode Island

02903.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Corporation Service Company, 222 Jefferson Boulevard, Suite 200, Warwick, Rhode Island 02888

36.     Defendant **City National Corporation** is a Delaware corporation that maintains its principal place of business at City National Center, 400 North Roxbury Drive, Beverly Hills, California 90210.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Michael B. Cahill, 400 North Roxbury Drive, Beverly Hills, California  90210.

37.     Defendant **City National Bank** is a wholly-owned banking subsidiary of Defendant City National Corporation.  This Defendant does business in Texas and can be served with process through its President, Christopher J. Warmuth, City National Center, 400 North Roxbury Drive, Beverly Hills, California  90210.

38.     Defendant **Comerica Incorporated** is a Delaware corporation that maintains its principal place of business at Comerica Tower at Detroit Center, 500 Woodward Avenue, Detroit, Michigan 48226.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, C.T. Corporation System, 30600 Telegraph Road, Bingham Farms, Michigan 48025.

39.     Defendant **Comerica Bank & Trust, National Association** is a wholly-owned banking subsidiary of Defendant Comerica Incorporated.  This Defendant does business in Texas and can be served with process through its Chairman and Chief Executive Officer, Ralph W. Babb, Jr., Comerica Tower at Detroit Center, 500 Woodward Avenue, Detroit, Michigan 48226

40.     Defendant **Deutsche Bank Trust Company Americas** is a New York corporation that maintains its principal place of business at 60 Wall Street, New York, New York  10005.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, C.T. Corporation System, 111 Eighth Avenue, New York, New York  10011.

41.     Defendant **First Citizens Bancshares, Inc.** is a Delaware corporation that maintains its principal place of business at 3128 Smoketree Court, Raleigh, North Carolina 27604.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Lewis Holding, 239 Fayetteville Street Mall, Raleigh, North Carolina 27601.

42.     Defendant **First-Citizens Bank & Trust Company** is a wholly-owned banking subsidiary of Defendant First Citizens Bancshares, Inc.   This Defendant does business in Texas and can be served with process through its Registered Agent for Service, James B. Hyler, Jr., 239 Fayetteville Street, Raleigh, North Carolina 27601.

43.     Defendant **KeyCorp** is an Ohio corporation that maintains its principal place of business at 127 Public Square, Cleveland, Ohio 44114.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, CSC-Lawyers Incorporating Service, 50 W. Broad Street, Suite 1800, Columbus, Ohio 43215.

44.     Defendant **KeyBank National Association** is a wholly-owned banking subsidiary of Defendant KeyCorp.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Key Bank USA, National Association, 127 Public Square, Cleveland, Ohio  44114.

45.     Defendant **LaSalle Bank Corporation** is a Delaware corporation that maintains its principal place of business at 135 South LaSalle Street, Chicago, Illinois 60603. This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Willie J. Miller, Jr., 105 South LaSalle Street, Suite 814, Chicago, Illinois 60602-4105.

46.     Defendant **LaSalle Bank NA** is a wholly-owned banking subsidiary of Defendant LaSalle Bank Corporation that maintains its principal place of business at 135 South LaSalle Street, Chicago, Illinois 60603.  This Defendant does business in Texas and can be served with process through its President and Chief Executive Officer, Norman R. Bobins, 135 S. LaSalle Street, Chicago, Illinois  60603.

47.     Defendant **M&T Bank Corporation** is a New York corporation that maintains its principal place of business at One M&T Plaza, Buffalo, New York, 14203-2399.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Richard A. Lammert, One M&T Plaza, 12th Floor, Buffalo, New York 14203-2399.

48.     Defendant **M&T Bank** is a wholly-owned banking subsidiary of Defendant M&T Bank Corporation.  This Defendant does business in Texas and can be served with process through its President and Chief Executive Officer, Robert E. Sadler, Jr., One M&T Plaza, Buffalo, New York 14203-2399..

49.     Defendant **UBS Americas, Inc.** is a Delaware corporation that maintains its principal place of business at 677 Washington Boulevard, Stamford, Connecticut 06901.  This Defendant does business in Texas and can be served with process through its Registered

Agent for Service, Corporation Service Company, 80 State Street, Albany, New York 12207-2543.

50.     Defendant **Small Value Payments Company, LLC** is a Delaware Limited Liability Company that maintains its principal place of business at 100 Broad Street, New York, New York.     This Defendant does business in Texas and can be served with process through its Registered Agent for Service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware  19801.

51.     Defendant **The Clearing House Payments Company, L.L.C**. is a Delaware Limited Liability Company that maintains its principal place of business at The Clearing House, 100 Broad Street, New York, New York 10004.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware  19801.

52.     Defendant **First Data Corporation** is a Delaware corporation that maintains its principal place of business at 6200 South Quebec Street, Englewood, Colorado 80111. This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Corporation Service Company, 1560 Broadway, Denver, Colorado  80202. This Defendant is being sued in this litigation for its infringing activities except for those activities at issue in the current pending litigation with DataTreasury, Cause No. 5:03-CV-00039.

53.     Defendant **Telecheck Services, Inc.** is a Delaware corporation that maintains its principal place of business at 5151 Westheimer, Houston, Texas 77056.  This Defendant does business in Texas and can be served with process through its Registered Agent for

Service, Corporation Service Company, 800 Brazos, Austin, Texas 78701.  This Defendant is being sued in this litigation for its infringing activities except for those activities at issue in the current pending litigation with DataTreasury, Cause No. 5:03-CV-00039.

54.     Defendant **Remitco, LLC** is a Delaware Limited Liability Company that maintains its principal place of business at 6200 S. Quebec Street, Englewood, Colorado 80111-4729.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  This Defendant is being sued in this litigation for its infringing activities except for those activities at issue in the current pending litigation with DataTreasury, Cause No. 5:05-CV-173.

55.     Defendant **Electronic Data Systems Corp.** is a Delaware corporation that maintains its principal place of business at 5400 Legacy Drive, Plano, Texas 75024-3199.  This Defendant does business in Texas and can be served with process through its Registered Agent for Service, Prentice Hall Corporation, 400 North St. Paul Street, Dallas, Texas 75201.  This Defendant is being sued in this litigation for its infringing activities except for the "EDS Pay for Check 21" product and activities that were the subject of the now-dismissed *DataTreasury Corporation v. Electronic Data Systems Corp.*, Cause No. 3:02-CV-2642-K, Northern District of Texas.  The "EDS Pay for Check 21" product and activities are not accused in this litigation.

## II. JURISDICTION AND VENUE

56.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. §271 et seq. and 28 U.S.C. §1338.

57.     Personal jurisdiction exists generally over Defendants pursuant to 28 U.S.C. §1391 because they have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within this district.  Personal jurisdiction also exists specifically over Defendants because of Defendants' conduct in making, using, selling, offering to sell, and/or importing, directly, contributorily, and/or by inducement, infringing products and services within the State of Texas and within this district.  In particular, Defendants have provided services and sold products in this District separately and with or for other infringing companies which are or were Defendants in related pending litigation the United States District Court for the Eastern District of Texas.  Additionally, at least First Citizens Bancshares, Inc. is subject to the jurisdiction of this Court because it is the alter ego of one or more of its subsidiaries which are also subject to the jurisdiction of this Court as set forth herein.  *See infra* Sec. X.

58.     Venue is proper in this Court under 28 U.S.C. §§1391(b), (c), and (d), as well as 28 U.S.C., §1400(b) for the reasons set forth above and below.  Furthermore, venue is proper because each of the Defendants is currently engaging in infringing activities in this District with another Defendant in related and pending litigation filed by DataTreasury Corporation in the Eastern District of Texas, Marshall Division.

59.     The following Defendants are owners or current users of Viewpointe Archive Services, LLC:  Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; U.S. Bancorp; U.S. Bank, National Association; Wachovia Corporation; Wachovia Bank, National Association; SunTrust Banks, Inc.; SunTrust Bank; BB&T Corporation; Branch Banking & Trust Company; Bancorp South, Inc.; Bancorp South Bank; Compass Bancshares, Inc.; Compass

Bank; Cullen/Frost Bankers, Inc.; The Frost National Bank; First Horizon National Corporation; First Tennessee Bank, National Association; HSBC North America Holdings, Inc.; HSBC Bank USA, N.A.; Harris Bankcorp, Inc.; Harris N.A.; National City Corporation; National City Bank; Zions Bancorporation; and Zions First National Bank.  These Defendants may be collectively referred to as the "Viewpointe Defendant Group."

60.    The members of the Viewpointe Defendant Group are subject to personal jurisdiction, in addition to the reasons set forth above and below, because of each member's infringing activities with relation to the products and services of Viewpointe Archive Services, LLC, a nationwide check image archive and exchange service that operates in or through this District.  Each of the members of the Viewpointe Defendant Group have authorized, participated in, or facilitated transactions occurring in whole or in part within this District that, in whole or in part, infringe the '988 and '137 patents asserted herein. DataTreasury was pursuing its claims against Viewpointe Archive Services, LLC in related litigation in this District, Cause No. 2:05-CV-290, and which case was consolidated into the instant case, 2:06cv72, on June 1, 2006.

61.    The following Defendants are owners or current users of Small Value Payments Company, LLC and/or The Clearing House Payments Company, LLC:  Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; U.S. Bancorp; U.S. Bank, National Association; Wachovia Corporation; Wachovia Bank, National Association; BB&T Corporation; Branch Banking & Trust Company; HSBC North America Holdings, Inc.; HSBC Bank USA, N.A.; National City Corporation; National City Bank; Bank of New York Co., Inc.; The Bank of New York; UnionBancal Corporation; Union Bank of California, National Association; Bank

of Tokyo-Mitsubishi UFJ, Ltd.; Citizen's Financial Group, Inc.; Comerica Incorporated; Comerica Bank & Trust, National Association; City National Corporation; City National Bank;  Deutsche Bank Trust Company Americas; First Citizens Bancshares, Inc.; First-Citizens Bank & Trust Company; KeyCorp; KeyBank National Association; LaSalle Bank Corporation; LaSalle Bank NA; M&T Bank Corporation; M&T Bank; and UBS Americas, Inc. These Defendants may be collectively referred to as the "SVPCo/Clearing House Defendant Group."

62.     The members of the SVPCo/Clearing House Defendant Group are subject to personal jurisdiction, in addition to the reasons set forth above and below, because of each member's infringing activities with relation to the products and services of Small Value Payments Co., LLC and The Clearing House Payments Company, LLC.  These Defendants operate a nationwide check image archive and exchange service that operates in or through this District.  This Court has already determined in a previous Order that Small Value Payments Company, LLC is subject to the jurisdiction of this Court because of, *inter alia*, its performance of activities in this District related to its nationwide exchange and archive service.  Each of the members of the SVPCo/Clearing House Defendant Group have authorized, participated in, or facilitated transactions occurring in whole or in part within this District that, in whole or in part, infringe the patents asserted against them herein.

### III. PATENT INFRINGMENT

63.     DataTreasury is the owner as assignee of all rights, title and interest in and under United States Patent No. 5,910,988 ("the '988 patent"), which duly and legally issued on June 8, 1999, with Claudio Ballard as the named inventor, for an invention in remote image capture with centralized processing and storage.

64.     DataTreasury is the owner as assignee of all rights, title, and interest in and under United States Patent No. 6,032,137 ("the '137 patent"), which duly and legally issued on February 29, 2000 with Claudio Ballard as the named inventor, for an invention in a remote image capture with centralized processing and storage.

65.     DataTreasury has recently acquired all rights, title, and interest in and under United States Patent No. 5,265,007 ("the '007 patent"), which duly and legally issued on November 23, 1993, with John L. Barnhard, Jr., Thomas K. Bowen, Terry L. Geer, and John W. Liebersbach as the named inventors, for an invention of a central check clearing system.

66.     DataTreasury has recently acquired all rights, title, and interest in and under United States Patent No. 5,583,759 ("the '759 patent"), which duly and legally issued on December 10, 1996, with Terry L. Geer as the named inventor, for an invention with a mechanism for expediting the deposit, transport, and submission of checks into the payment system.

67.     DataTreasury has recently acquired all rights, title, and interest in and under United States Patent No. 5,717,868 ("the '868 patent"), which duly and legally issued on February 10, 1998, with David L. James as the named inventor, for an invention with an electronic payment interchange concentrator.

68.     DataTreasury has recently acquired all rights, title, and interest in and under United States Patent No. 5,930,778 ("the '778 patent"), which duly and legally issued on July 27, 1999, with Terry L. Geer as the named inventor, for an invention with a system for expediting the clearing of financial instruments and coordinating the same with invoice processing at the point of receipt.

69.     This is an exceptional case within the meaning of 35 U.S.C. §285.

## IV.    COUNT ONE – THE '988 DEFENDANTS

70.    The following Defendants have been and are infringing the '988 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '988 patent: U.S. Bancorp; U.S. Bank, National Association; SunTrust Banks, Inc.; SunTrust Bank; BB&T Corporation; Branch Banking & Trust Company; BancorpSouth, Inc.; BancorpSouth Bank; Compass Bancshares, Inc.; Compass Bank; Cullen/Frost Bankers, Inc.; The Frost National Bank; City National Corporation; City National Bank; First Horizon National Corporation; First Tennessee Bank, National Association; HSBC North America Holdings, Inc.; HSBC Bank USA, N.A.; Harris Bankcorp, Inc.; Harris N.A.; National City Corporation; National City Bank; Zions Bancorporation; Zions First National Bank; Bank of New York Co., Inc.; The Bank of New York; UnionBancal Corporation; Union Bank of California, National Association; Bank of Tokyo-Mitsubishi UFJ, Ltd.; Citizen's Financial Group, Inc.; Comerica Incorporated; Comerica Bank & Trust, National Association; Deutsche Bank Trust Company Americas; First Citizens Bancshares, Inc.; First-Citizens Bank & Trust Company; KeyCorp; KeyBank National Association; LaSalle Bank Corporation; LaSalle Bank NA; M&T Bank Corporation; M&T Bank; UBS Americas, Inc.; The Clearing House Payments Company, LLC; Small Value Payments Company, and Electronic Data Systems Corp. (hereafter "the '988 Defendants).  Unless the '988 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

71.    The '988 Defendants have been and are actively inducing and/or contributing to the infringement of the '988 patent among themselves and by others.

---

72.     The '988 Defendants' infringement of the '988 patent has been and is willful.

73.     Defendants Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; Wachovia Corporation; Wachovia Bank, National Association; First Data Corporation, Telecheck Services, Inc. and Remitco, LLC are already being sued for willfully infringing the '988 patent in other proceedings in this Court, hence their exclusion from this Count.

## V.     COUNT TWO – THE '137 DEFENDANTS

74.     The following Defendants have been and are infringing the '137 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '137 patent: U.S. Bancorp; U.S. Bank, National Association; SunTrust Banks, Inc.; SunTrust Bank; BB&T Corporation; Branch Banking & Trust Company; BancorpSouth, Inc.; BancorpSouth Bank; Compass Bancshares, Inc.; Compass Bank; Cullen/Frost Bankers, Inc.; The Frost National Bank; First Horizon National Corporation; First Tennessee Bank, National Association; City National Corporation; City National Bank; HSBC North America Holdings, Inc.; HSBC Bank USA, N.A.; Harris Bankcorp, Inc.; Harris N.A.; National City Corporation; National City Bank; Zions Bancorporation; Zions First National Bank; Bank of New York Co., Inc.; The Bank of New York; UnionBancal Corporation; Union Bank of California, National Association; Bank of Tokyo-Mitsubishi UFJ, Ltd.; Citizen's Financial Group, Inc.; Comerica Incorporated; Comerica Bank & Trust, National Association; Deutsche Bank Trust Company Americas; First Citizens Bancshares, Inc.; First-Citizens Bank & Trust Company; KeyCorp; KeyBank National Association; LaSalle Bank Corporation; LaSalle Bank NA; M&T Bank Corporation;

M&T Bank; UBS Americas, Inc.; The Clearing House Payments Company, LLC; Small Value Payments Company,  and Electronic Data Systems Corp. (hereafter "the '137 Defendants).  Unless the '137 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

75.    The '137 Defendants have been and are actively inducing and/or contributing to the infringement of the '137 patent among themselves and by others.

76.    The '137 Defendants' infringement of the '137 patent has been and is willful.

77.    Defendants Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; Wachovia Corporation; Wachovia Bank, National Association; First Data Corporation, Telecheck Services, Inc. and Remitco, LLC are already being sued for willfully infringing the '137 patent in other proceedings in this Court, hence their exclusion from this Count.

## VI.    COUNT THREE – THE '007 DEFENDANTS

78.    The following Defendants have been and are infringing the '007 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '007 patent: Bank of America Corporation; Bank of America, National Association; U.S. Bancorp; U.S. Bank, National Association; Wachovia Corporation; Wachovia Bank, National Association; BB&T Corporation; Branch Banking & Trust Company; HSBC North America Holdings, Inc.; City National Corporation; City National Bank; HSBC Bank USA, N.A.; National City Corporation; National City Bank; Bank of New York Co., Inc.; The Bank of New York; UnionBancal Corporation; Union Bank of California, National Association; Bank of Tokyo-Mitsubishi UFJ, Ltd.; Citizen's Financial

Group, Inc.; Comerica Incorporated; Comerica Bank & Trust, National Association; Deutsche Bank Trust Company Americas; First Citizens Bancshares, Inc.; First-Citizens Bank & Trust Company; KeyCorp; KeyBank National Association; LaSalle Bank Corporation; LaSalle Bank NA; M&T Bank Corporation; M&T Bank; UBS Americas, Inc.; Small Value Payments Company, LLC; The Clearing House Payments Company, LLC; (hereafter "the '007 Defendants).  Unless the '007 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

79.    The '007 Defendants have been and are actively inducing and/or contributing to the infringement of the '007 patent among themselves and by others.

80.    The '007 Defendants' infringement of the '007 patent has been and is willful.

## VII.    COUNT FOUR – THE '759 DEFENDANTS

81.    The following Defendants have been and are infringing the '759 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '759 patent:  Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; Wachovia Corporation; and Wachovia Bank, National Association; Inc., (hereafter "the '759 Defendants).  Unless the '759 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

82.    The '759 Defendants have been and are actively inducing and/or contributing to the infringement of the '759 patent among themselves and by others.

83.    The '759 Defendants' infringement of the '759 patent has been and is willful.

## VIII.   COUNT FIVE – THE '868 DEFENDANTS

84.     The following Defendants have been and are infringing the '868 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '868 patent:  Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; U.S. Bancorp; U.S. Bank, National Association; Wachovia Corporation; Wachovia Bank, National Association; BB&T Corporation; Branch Banking & Trust Company; City National Corporation; City National Bank; HSBC North America Holdings, Inc.; HSBC Bank USA, N.A.; National City Corporation; National City Bank; Bank of New York Co., Inc.; The Bank of New York; UnionBancal Corporation; Union Bank of California, National Association; Bank of Tokyo-Mitsubishi UFJ, Ltd.; Citizen's Financial Group, Inc.; Comerica Incorporated; Comerica Bank & Trust, National Association; Deutsche Bank Trust Company Americas; First Citizens Bancshares, Inc.; First-Citizens Bank & Trust Company; KeyCorp; KeyBank National Association; LaSalle Bank Corporation; LaSalle Bank NA; M&T Bank Corporation; M&T Bank; UBS Americas, Inc.; Small Value Payments Company, LLC; The Clearing House Payments Company, LLC; (hereafter "the '868 Defendants). Unless the '868 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

85.     The '868 Defendants have been and are actively inducing and/or contributing to the infringement of the '868 patent among themselves and by others.

86.     The '868 Defendants' infringement of the '868 patent has been and is willful.

## IX.     COUNT SIX – THE '778 DEFENDANTS

87.     The following Defendants have been and are infringing the '778 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '778 patent: Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; Wachovia Corporation; Wachovia Bank, National AssociationFirst Data Corporation, Telecheck Services, Inc. and Remitco, LLC, (hereafter "the '778 Defendants). Unless the '778 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

88.     The '778 Defendants have been and are actively inducing and/or contributing to the infringement of the '778 patent among themselves and by others.

89.     The '778 Defendants' infringement of the '778 patent has been and is willful.

## X.  COUNT SEVEN – VICARIOUS LIABILITY

90.     First Citizens Bancshares, Inc. is the alter ego of its subsidiaries, and specifically its wholly-owned subsidiary First Citizens Bank & Trust.  Specifically, First Citizens Bancshares, Inc. so controls the operations, decisions, and/or daily operations of First Citizens Bank & Trust that First Citizens Bancshares, Inc is the alter ego of First Citizens Bank & Trust.  Facts proving this alter ego relationship include: (a) First Citizens Bank & Trust is a wholly owned subsidiary of First Citizens Bancshares, Inc.; (b) both First Citizens Bancshares Inc. and First Citizens Bank & Trust have common officers and directors; (c) First Citizens Bancshares Inc. and First Citizens Bank & Trust file consolidated financial statements; (d) both First Citizens Bancshares Inc. and First Citizens Bank & Trust use the property of the

other as their own; (e) daily operations of First Citizens Bancshares Inc. and First Citizens Bank & Trust are not kept separate; (f) First Citizens Bancshares Inc. and First Citizens Bank & Trust do not observe basic corporate formalities; and (g) First Citizens Bancshares Inc. exerts such control over First Citizens Bank & Trust such that they should not be viewed as separate entities.  As such, not only is First Citizens Bancshares, Inc. subject to the jurisdiction of this Court, but the liability and damages for all infringing actions of First Citizens Bank & Trust should be shared jointly by First Citizens Bank & Trust and First Citizens Bancshares, Inc.

## XI.    PRAYER FOR RELIEF

DataTreasury respectfully requests the following relief:

A.    That the Court declare that the '988, '137, '007, '759, '868, and '778 patents are valid and enforceable and that they are infringed by Defendants as described herein;

B.    That the Court enter a permanent injunction against Defendants' direct infringement of the '988, '137, '007, '759, '868, and '778 patents;

C.    That the Court enter a permanent injunction against Defendants' active inducement of infringement and/or contributory infringement of the '988, '137, '007, '759, '868, and '778 patents among themselves and by others;

D.    That the Court award damages to DataTreasury to which it is entitled for patent infringement;

E.    That the Court award interest on the damages to DataTreasury;

F.    That the Court treble all damages and interest for willful infringement;

G.      That the Court award to DataTreasury its costs and attorney's fees incurred in this action; and

H.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

NELSON J. ROACH, Attorney in Charge
STATE BAR NO. 16968300
NIX PATTERSON & ROACH, L.L.P.
205 Linda Drive
Daingerfield, Texas  75638
903.645.7333 (telephone)
903.645.5389
njroach@nixlawfirm.com

C.  CARY PATTERSON
STATE BAR NO. 15587000
BRADY PADDOCK
STATE BAR NO. 00791394
ANTHONY BRUSTER
STATE BAR NO. 24036280
R. BENJAMIN KING
STATE BAR NO. 24048592
NIX PATTERSON & ROACH L.L.P.
2900 St. Michael Drive, Suite 500
Texarkana, Texas  75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
akbruster@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

ROD COOPER
STATE BAR NO. 90001628
EDWARD CHIN
STATE BAR NO.. 50511688
NICOLE REED KLIEWER
STATE BAR NO. 24041759
DEREK  GILLILAND
STATE BAR NO.  24007239
NIX PATTERSON & ROACH, L.L.P.
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas  75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
rodcooper@nixlawfirm.com
edchin@nixlawfirm.com
nicolekliewer@nixlawfirm.com
dgilliland@nixlawfirm.com


JOE KENDALL
STATE BAR NO. 11260700
KARL RUPP
STATE BAR NO. 24035243
PROVOST * UMPHREY, L.L.P.
3232 McKinney Avenue, Ste. 700
Dallas, Texas  75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@provostumphrey.com
krupp@provostumphrey.com


ERIC M.  ALBRITTON
STATE BAR NO. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas  75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com

**T. JOHN WARD, JR.**
STATE BAR NO. 00794818
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas  75606
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com


**ELYSSA S. LANE**
STATE BAR NO. 4388393
**DREIER, LLP**
499 Park Avenue
New York, NY 10022
212.328.6100 (telephone)
212.328.6101 (facsimile)
elane@dreierllp.com


**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 9TH day of May, 2008.


_____
**Nix, Patterson & Roach LLP**