IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 2:06CV72 (DF) |
| | § | |
| WELLS FARGO & CO., et al | § | |
| *Defendants* | § | |

**DATATREASURY'S RESPONSIVE TRIAL BRIEF TO VIEWPOINTE AND THE
CLEARING HOUSE'S RENEWED MOTION FOR SUMMARY JUDGMENT**

Plaintiff DataTreasury Corporation ("DTC") files this Responsive Trial Brief to Viewpointe and The Clearing House's Renewed Motion for Summary Judgment, pursuant to the Court's instructions at the February 18, 2010 Pre-Trial Hearing, and would respectfully show the Court as follows:

## I.   INTRODUCTION

On February 10, 2010, this Court entered an Order granting in part and denying in part a Motion for Summary Judgment by Viewpointe and The Clearing House (collectively, "Defendants"). *See* Dkt. No. 1932.  Subsequently, Defendants sought and received leave of the Court to renew their summary judgment motion, contending the present posture of the case merits re-consideration.  Because the Court correctly deduced that the applicable precedent requires joint and several liability for tortfeasors who combine to infringe a patent, and because the precedent urged by Defendants does not support their position or reverse the otherwise applicable authority, the renewed motion for summary judgment must be denied.

## II.   ARGUMENT

First, it is apparent from the brief submitted by Defendants that they concede, as they

must, that there is no basis to claim Defendants do not provide an integral part of the accused infringing systems and processes, or that the requisite direction or control of Defendants by U.S. Bank is lacking.  This is as it should be, since one unique and compelling aspect of this litigation which sets it apart from all other precedent discussing joint infringement that has been cited to this Court by either Datatreasury or the Defendants is that the Defendants at bar are companies that were **created by banks** for the specific and exclusive purpose of carrying out the elements of infringement alleged by DataTreasury.  Viewpointe and The Clearing House are owned, directed and controlled by the banks.  No other published or unpublished opinion located by DataTreasury addresses this unique circumstance.  Thus, the connection between "controller" and "controlled" or "director" and "directed" is tighter in this case than in any other ever presented for a court's consideration of joint infringement; so tight, in fact, as to be seamless. When they carry out their respective parts of the infringing processes and systems, Viewpointe and The Clearing House are not acting as independent companies trying to make a profit by providing a business service to other companies (here, check image archival and check image exchange).  Rather, they are no more than extensions of their owner banks and indistinguishable from the owner banks for purposes of joint and several liability.  Indeed, the revenue which Viewpointe and The Clearing House retain, and the prices they are allowed to charge for their role in the infringing systems and processes is determined by the banks.

This distinguishing circumstance was recently contemplated, but not found present, by Judge Ward in *Golden Hour Data Systems, Inc. v. emsCharts et. al.*, 2009 U.S. Dist. LEXIS 30108, 91 U.S.P.Q. 2d (BNA) 1565 (E.D. Tex. 2009) ("[a]s an initial matter, emsCharts points to several pieces of evidence in the record that prove emsCharts and Softtech are two separate companies … Therefore, one of the companies needed to control or direct the other for there to be joint infringement").  The implication is both plain and logical – where two companies combine to

infringe a patent, but are so closely aligned and intertwined as to make them more a single actor than two, direction or control are inherently present, and liability is shared. Here, while Viewpointe and The Clearing House are nominally "separate companies" the evidence is conclusive that these entities (referred to by Defendants' own employees as "**utilities**" of the banks) were created by the banks, for the lone purpose of archiving and exchanging images for the banks, and hence they share equal responsibility for the shared tortious conduct at issue here.[1]  *See, e.g., United States v. Jon-T Chems. Inc.*, 768 F.2d 686, 691-694 (5th Cir. 1985) (joint and several liability for company set up as subsidiary to act on behalf of parent company); *Bridas S.A.P.I.C. v. Gov't of Turkm.*, 447 F.3d 411 (5th Cir. 2006); *Nichols v. Pabtex, Inc.*, 151 F.Supp.2d 772, 780-85 (E.D. Tex. 2001).  Thus Defendants, which are organized and operated to serve their bank masters as mere tools or business conduits by the admission of their own employees, cannot evade joint and several liability with the banks for performing crucial parts of the infringing processes and systems.

Moreover, just as this Court pointed out in earlier rejecting Defendants' motion for summary judgment, under federal patent law, joint and several liability for infringement results as to each participant where the combined action of several parties results in patent infringement. Dkt. No. 1932 at 5-6.  That this has long been the rule cannot be questioned, and the cases already cited by the Court in support of this point are among many such cases from the Federal Circuit and various district courts that so hold.  *See also W.R. Grace & Co.-Conn. v. Intercat*, 60 F.Supp. 2d 316, 326-27 (D. Del. 1999); *Rowe Intn'l Corp. v. E-Cast, Inc.*, 586 F. Supp. 2d 924, 930-933 (N.D. Ill. 2008).

Next, not only is the rule that joint tortfeasors who combine to infringe a patent long established but that rule also remains undisturbed by the Federal Circuit's recent opinions on the

---

[1] The evidence which underpins these assertions was exhaustively documented in DataTreasury's original response to the Motion for Summary Judgment, Dkt. No. 1785. In the interest of brevity, those portions of the original response are not repeated here but instead incorporated by reference. Viewpointe and The Clearing House cannot and do not seriously contend that the facts are otherwise; i.e. that Viewpointe and The Clearing House exist only for the utility of the banks, are bank founded, bank owned, bank funded, bank directed, bank controlled and bank beholden.

element of direction or control in the joint infringement context, such as *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) and *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008). Notably, neither *BMC* or *Muniauction* engaged, and much less decided, the issue presented here – whether both parties remain joint and severally liable for their combined actions which infringe a patent, where one party has been shown to direct or control the other(s). In neither *BMC* nor *Muniauction* was any party other than that alleged to have exercised direction or control implicated, and nothing in the *BMC* or *Muniauction* opinions can be said to decide the issue presented here.

Moreover, the Federal Ciruit in *BMC* and *Muniauction* directly re-examined and addressed head-on the "participation and combined action" instruction earlier approved by the Federal Circuit in *On Demand Machine Corp. v. Ingram Indus. et. al.*, 442 F.3d 1331 (Fed. Cir. 2006), and did **not** undercut or reject the precept made plain in *On Demand* – that participation and combined action of various parties in a patent infringement scheme results in joint and several liability for all. In fact, *BMC* directly states this to be the case – "*On Demand* did not change this court's precedent with regard to joint infringement." *BMC*, 498 F.3d at 1360. Instead, the Federal Circuit in *BMC*, and again a year later in *Muniauction*, explained that before multiple parties can be held jointly and severally liable (as they were in *On Demand*), it must be shown that one of the parties controlled or directed the others. In *On Demand*, <u>three defendants</u> (Ingram, Lightning Source and Amazon.com) all combined to infringe the system claims of a patent. Nowhere in *BMC* or *Muniauction* was the basic precept of *On Demand* – that multiple parties can be jointly liable for infringement – rejected. Rather, all that *BMC* and *Muniauction* held was that for joint infringement to be found, one of the several parties combining to infringe must be shown to have directed or controlled other participants.

That *BMC* and *Muniauction* did not overturn the established precedent in support of joint and several liability is also readily apparent from a recent case litigated in the Eastern District of Texas – *Golden Hour Data Systems, Inc. v. emsCharts et. al.*, 2009 U.S. Dist. LEXIS 30108, 91 U.S.P.Q. 2d (BNA) 1565 (E.D. Tex. 2009). In *Golden Hour*, the defendants were emsCharts and Softtech LLC, and "plaintiff Golden Hour … obtained a jury verdict of infringement against defendants emsCharts Inc. **and** Softtech LLC …" (emphasis added). On a post-verdict JMOL Judge Ward determined that insufficient proof had been adduced to meet the direction or control component of joint infringement, but the court there did hold all parties alleged to jointly infringe to trial, rather than only a single alleged "director" or "controller." The same result should follow here – the jury should be allowed to consider and decide whether U.S. Bank, Viewpointe and The Clearing House each and all combined to infringe the patents-in-suit, with appropriate instruction to the jury that it cannot so find unless it determines that one party directed or controlled the remaining parties.

### III. CONCLUSION[2]

Because controlling precedent establishes that joint tortfeasors are jointly and severally liable for their combined acts of patent infringement, and recent precedent addressing joint infringement has, at most, modified the inquiry to require a showing that one such participant directed or controlled others, Viewpointe and The Clearing House are not entitled to summary judgment. Wherefore, DataTreasury respectfully requests that this Court reject and deny the renewed motion for summary judgment.

---

[2] At pages 6-7 of their renewed motion for summary judgment, Defendants re-urge their flawed view that DataTreasury must adduce expert testimony to support a damages award against them. Mindful of this Court's admonition with respect to this round of briefing that "less is best" DataTreasury does not again engage this issue, which is not presented by Defendants in any new or different light, but merely re-urged. Instead, DataTreasury relies upon and incorporates the prior briefing and evidence submitted to the Court which disproves Defendants' theorem.

Respectfully submitted,

*[signature]*

---

**NELSON J. ROACH**, Attorney in Charge
STATE BAR NO. 16968300
**DEREK GILLILAND**
STATE BAR NO. 24007239
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389
njroach@nixlawfirm.com
dgilliland@nixlawfirm.com

**C. CARY PATTERSON**
STATE BAR NO. 15587000
**BRADY PADDOCK**
STATE BAR NO. 00791394
**R. BENJAMIN KING**
STATE BAR NO. 24048592
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

**ANTHONY BRUSTER**
STATE BAR NO. 24036280
**ROD COOPER**
STATE BAR NO. 90001628
**EDWARD CHIN**
STATE BAR NO. 50511688
**NICOLE REED KLIEWER**
STATE BAR NO. 24041759
**NIDA NADIR**
STATE BAR NO. 24057433
**ANDREW WRIGHT**
STATE BAR NO. 24063927
**NIX PATTERSON & ROACH, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)

rodcooper@nixlawfirm.com
akbruster@nixlawfirm.com
edchin@nixlawfirm.com
nicolekliewer@nixlawfirm.com
nida.nadir@gmail.com
awright@nixlawfirm.com


**JOE KENDALL**
STATE BAR NO. 11260700
**KARL RUPP**
STATE BAR NO. 24035243
**KENDALL LAW GROUP, LLP**
3232 McKinney Avenue, Ste. 700
Dallas, Texas 75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@kendalllawgroup.com
krupp@kendalllawgroup.com


**ERIC M. ALBRITTON**
STATE BAR NO. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com


**SETH OSTROW**
STATE BAR NO. 2532257
**MATTHEW L. KAUFMAN**
STATE BAR NO. 4001046
**JEANPIERRE J. GIULIANO**
STATE BAR NO. 4273777
**ARIANNA FRANKL**
STATE BAR NO. 3019650
**ELYSSA S. LANE**
STATE BAR NO. 4388393
**OSTROW KAUFMAN & FRANKL LLP**
The Chrysler Building
405 Lexington Avenue
62nd Floor
New York, NY 10174
212.888.0312
914.931.1730 (facsimile)

>mkaufman@okfllp.com
>sostrow@okfllp.com
>afrankl@okfllp.com
>jpgiuliano@okfllp.com
>elyssa.lane@gmail.com

**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 24th day of February, 2010.

**NIX PATTERSON & ROACH, L.L.P.**