IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:06-CV-72 DF |
| WELLS FARGO & COMPANY, et al., | § § | |
| Defendants. | § | |

**O R D E R**

This case is currently in a "Phase I" trial. *See* 1/19/2010 Order, Dkt. No. 1870. The Court previously found that Plaintiff made a sufficient threshold showing under Federal Rule of Evidence ("Rule") 801(d)(2)(D) & (E) for the Court to conditionally deny Defendants' motion to exclude statements by various entities that have purportedly engaged in a joint enterprise with the Phase I Defendants, including Defendants that are not in Phase I. *See* 3/4/2010 Order, Dkt. No. 2004. The Court conditioned this ruling on Plaintiff showing during its case-in-chief by a preponderance of the evidence that the requirements of Rule 801(d)(2)(D) & (E) are met.

Through Plaintiff's case-in-chief, Plaintiff has shown by a preponderance of the evidence that the required elements of Rule 801(d)(2)(D) are met, namely that: (1) an agency relationship existed; (2) certain statements at issue were made concerning a matter within the scope of the agency; and (3) the statements were made during the existence of the relationship. *U.S. v. Richards*, 204 F.3d 177, 202 (5th Cir. 2000), *overruled on other grounds*, *see U.S. v. Longoria*, 298 F.3d 367, 372 (5th Cir. 2002).

Plaintiff has also shown through its case-in-chief by a preponderance of the evidence that

1

the required elements of Rule 801(d)(2)(E) are met, namely that: (1) a joint enterprise existed; (2) certain statements at issue were made in furtherance of that joint enterprise; and (3) the party opposing admission and the co-venturer were members of that joint enterprise.  *See Viazis v. Am. Ass'n of Orthodontists*, 314 F.3d 758, 767 (5th Cir. 2002).

    **IT IS SO ORDERED.**

    **SIGNED this 19th day of March, 2010.**

    _____
    DAVID FOLSOM
    UNITED STATES DISTRICT JUDGE