IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:06-CV-72 DF |
| WELLS FARGO & COMPANY, et al., | § § | |
| Defendants. | § § | |

**O R D E R**

Before the Court is the Renewed Joinder and Motion of Viewpointe for Judgment as a Matter of Law.  Dkt. No. 2124.  Also before the Court are Plaintiff's response, Viewpointe's reply, and Plaintiff's sur-reply.  Dkt. Nos. 2139, 2156, & 2191, respectively.  The Court held a hearing on July 1, 2010.  *See* 7/1/2010 Minute Entry, Dkt. No. 2248.  Having considered the briefing and all relevant papers, the Court finds that Viewpointe's motion should be GRANTED IN PART and DENIED IN PART.

This is a patent infringement case involving check image technology.  Plaintiff alleges infringement of United States Patents No. 5,910,988 ("the '988 patent") and 6,032,137 ("the '137 Patent") (collectively, the "patents-in-suit").  The Court entered a Claim Construction Order on May 11, 2009.  Dkt. No. 1221.  The Court conducted a "Phase I" trial involving Defendants U.S. Bank, National Association ("U.S. Bank"), Viewpointe Archive Services, LLC ("Viewpointe"), and The Clearing House Payments Company, LLC ("The Clearing House") on March 15, 2010, through March 26, 2010.  The jury found infringement of all claims asserted in the Phase I trial. Dkt. No. 2089 at 2-3.  The jury found joint infringement by U.S. Bank and Viewpointe as to

Claims 1, 26, and 46 of the '988 Patent and Claims 42 and 43 of the '137 Patent. *Id.*

## I. LEGAL PRINCIPLES

Federal Rule of Civil Procedure 50 governs motions for judgment as a matter of law in jury trials and motions for new trial. Such a motion may be granted against a party if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). After such a motion is denied, "the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion," and it may grant a renewed motion pursuant to Rule 50(b) after the trial.

Fifth Circuit law controls review of a motion for judgment as a matter of law. *See, e.g., Callicrate v. Wadsworth Mfg.*, 427 F.3d 1361, 1366 (Fed. Cir. 2005). In the Fifth Circuit, entry of judgment as a matter of law post-trial under Rule 50 is appropriate if evidence supporting the movant is "uncontradicted and unimpeached" or if "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict . . . ." *Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co.*, 341 F.3d 415, 420 (5th Cir. 2003) (citation and quotation omitted). Grant of a new trial is thus proper where the jury's verdict is "against the great weight of the evidence" or will result in a "miscarriage of justice." *See Pryor v. Trane Co.*, 138 F.3d 1024, 1026 n.3 (5th Cir. 1998) (quoting *Thompson & Co. v. Partridge*, 636 F.2d 945, 957 (5th Cir. 1981)). "If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986).

## II.  THE PARTIES' POSITIONS

Viewpointe argues that because the jury only found direction and control by U.S. Bank, Viewpointe cannot be liable for infringement.  Dkt. No. 2124 at 1.  The Court previously addressed Viewpointe's argument in, for example, ruling on Viewpointe's Renewed Motion for Summary Judgment (Dkt. No. 1960).  *See* 3/12/2010 Order, Dkt. No. 2028.  Viewpointe argues that Plaintiff failed to deliver on its promise to show at trial that Viewpointe was much more than a mere servant.  Dkt. No. 2124 at 5.  Viewpointe also argues Plaintiff failed to put on sufficient evidence as to the "encrypting," "processing," "verifying," remote subsystem, intermediate subsystem, and data extraction limitations.  *Id.* at 6-11.  Viewpointe further argues Plaintiff failed to show sufficient direction or control of Viewpointe by U.S. Bank.  *Id.* at 11-16.  As to willfulness, Viewpointe argues that Plaintiff's claim fails because, for example, Plaintiff first sued Viewpointe alone but by the time of trial dropped all claims of direct infringement by Viewpointe alone.  *Id.* at 16-18.  As to damages, Viewpointe argues that there is no joint and several liability, that Viewpointe has not been found to infringe, and that Plaintiff did not put on any reasonable royalty evidence as to Viewpointe but instead addressed a hypothetical negotiation between only Plaintiff and U.S. Bank.  *Id.* at 18-20.  Finally, Viewpointe joins in a co-pending motion (Dkt. No. 2125) that argues Plaintiff released Viewpointe pursuant to settlements with other parties.  *Id.* at 20-21.

Plaintiff responds that based on its own theories of infringement, not Defendants, Plaintiff put on sufficient evidence, which the jury found more credible.  Dkt. No. 2139 at 2-8.  As to joint and several liability, Plaintiff lists evidence purportedly showing that Viewpointe is a "willing, knowing 'jointly participating co-venturer' with U.S. Bank" and that Viewpointe's

"finger pointing defense" should be rejected. *Id.* at 10-12. As to willfulness, Plaintiff responds that regardless of its theory of infringement, Plaintiff accused systems that Viewpointe uses "in conjunction with banks." *Id.* at 14. As to damages, Plaintiff responds that joint and several liability is proper upon a finding of joint infringement and that only one hypothetical negotiation need be considered because "the harm to [Plaintiff] is singular, not multiple." *Id.* at 14-16. Plaintiff incorporates its response as to Defendants' co-pending motion regarding release of liability. *Id.* at 17.

Viewpointe replies that it cannot be liable because evidence at trial showed that Viewpointe is a separate entity, is not controlled by any single bank, and is not a "joint venture." Dkt. No. 2156 at 4. Viewpointe also argues that for joint and several liability, Plaintiff relies upon cases involving multiple infringers, that is, multiple parties that each infringed. *Id.* at 5-6. Viewpointe further reiterates its argument of no willfulness and no infringement. *Id.* at 7-10.

In sur-reply, Plaintiff reiterates its opening arguments. *See* Dkt. No. 2191.

### III. DISCUSSION

**A. Infringement**

(1) "encrypting"

The Court incorporates-by-reference its discussion of the encryption limitations as set forth in the Court's separate Order on Defendants' Renewed Motion for Judgment as a Matter of Law of Non-Infringement (Dkt. No. 2129).

Viewpointe also moves for judgment of non-infringement as a matter of law from the year 2008 forward, after encryption between U.S. Bank and Viewpointe was deactivated. Dkt. No. 2124 at 7-8. Plaintiff responds that it "never argued to the jury that U.S. Bank and

Viewpointe continued to infringe the encryption claims of the patents-in-suit after the encryption functionality was turned off, and [Plaintiff's] expert on the topic of damages based his testimony on the same understanding." Dkt. No. 2139 at 3.  Viewpointe replies that Plaintiff concedes the issue, but Plaintiff argues in sur-reply that Viewpointe "is not entitled to judgment on a basis of liability which [Plaintiff] never asserted."  Dkt. No. 2156 at 8; Dkt. No. 2191 at 1.  On balance, the Court agrees with Plaintiff, and Viewpointe's motion on this basis should be DENIED.

    (2)  "processing" and "verifying"

Claim 1 of the '988 Patent and Claim 42 of the '137 Patent recite "at least one central data processing subsystem for *processing*, sending, *verifying* and storing the paper transaction data." (emphasis added).  The parties agreed during claim construction proceedings that "processing" means "[t]he performance of operations upon data and information, in contrast to the processing overhead of the operating system and networks."  Dkt. No. 1221 at 8.  The Court construed the term "verifying" to mean "checking or testing the accuracy, exactness or authenticity of."  *Id.* at 52.  The juror notebooks contained both of these constructions.

Plaintiff presented expert testimony opining on Viewpointe's "processing" activities, such as how check image files are "split out" before being stored in a database.  3/15/2010 P.M. Tr., Dkt. No. 2098 at 38:24-39:23 & 40:14-23.  Plaintiff also cites testimony of Viewpointe's corporate representative regarding "a set of processes that occur" to handle check images. 3/18/2010 P.M. Tr., Dkt. No. 2104 at 55:18-57:3.  Plaintiff's expert also opined on Viewpointe's "verifying" activities.  3/15/2010 P.M. Tr., Dkt. No. 2098 at 39:17-19, 40:6-9, & 51:2-9.  On balance, sufficient evidence supports the jury's findings of infringement as to these "processing" and "verifying" limitations.

(3) Remote Subsystem and Intermediate Subsystem

Viewpointe argues that "[i]n a flagrant effort to manipulate terms to make all of the claims read on U.S. Bank's system, [Plaintiff's expert] offered conflicting testimony—that the Energy Park location is simply part of a single remote data access subsystem for the two-tiered claims but is an intermediate subsystem for the three-tiered claim." Dkt. No. 2124 at 10. Plaintiff responds that "the separate independent claims of the patents-in-suit stand alone." Dkt. No. 2139 at 6. On balance, Viewpointe has not shown that differences in Plaintiff's infringement theories between different claims were impermissible or deficient as a matter of law.

(4) Data Extraction - Claim 46 of the '988 Patent

The Court incorporates-by-reference its discussion of this issue in its separate Order on Defendants' Renewed Motion for Judgment as a Matter of Law of Non-Infringement (Dkt. No. 2129).

**B. Direction or Control**

As a preliminary matter, the Court rejects Viewpointe's contention that there can be no joint infringement of a system claim. *See, e.g., Uniloc USA, Inc. v. Microsoft Corp.*, 640 F. Supp. 2d 150, 162 (D.R.I. 2009).

Plaintiff presented evidence at trial that U.S. Bank exercised direction or control over Viewpointe so as to jointly infringe the asserted claims. Plaintiff's briefing cites this evidence, including evidence that Viewpointe has designed and operated its systems at the banks' behest, that the banks have controlled how their check images are handled, and that Viewpointe has operated without profit so as to maximize benefits for the banks. Dkt. No. 2143 at 14-17; *see, e.g.,* 3/15/2010 P.M. Tr., Dkt. No. 2098 at 176:4-177:21. Plaintiff also adduced evidence at trial

that Viewpointe has operated as a "utility" for "outsourcing" parts of the infringing conduct. 3/18/2010 A.M. Tr., Dkt. No. 2103 at 32:2-16. The jury's infringement findings in this regard are thus supported by sufficient evidence.

### C. Hypothetical Negotiation

Viewpointe argues Plaintiff failed to present any evidence of damages as to Viewpointe because Plaintiff only presented a hypothetical negotiation between Plaintiff and U.S. Bank. Dkt. No. 2124 at 19-20. Plaintiff responds that "Viewpointe advances no authority to suggest that, in the joint infringement setting where two parties together make, use, or sell an infringing method or system, a damage analysis must, should or even could divide the hypothetical negotiation between the two infringers." Dkt. No. 2139 at 16. In reply, Viewpointe relies on *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 868-69 (Fed. Cir. 2010), but Viewpointe has not shown that *ResQNet* or any other authority resolves this issue. On balance, Plaintiff's evidence of a hypothetical negotiation between Plaintiff and U.S. Bank gave the jury sufficient evidence on which to base a finding of damages for joint infringement by U.S. Bank and Viewpointe.

### D. Joint Infringement

The Court previously granted in part and denied in part the Motion for Summary Judgment of The Clearing House Payments Company LLC and Viewpointe Archive Services LLC (Dkt. No. 1731), which in relevant part sought a finding that, under Plaintiff's infringement theories, Viewpointe and The Clearing House could not be infringers. *See* 2/10/2010 Order, Dkt. No. 1932; *see also* 2/8/2010 Hr'g Tr., Dkt. No. 1944. The Court permitted The Clearing House and Viewpointe to renew their motion as to liability after Plaintiff dropped its contention (at least as to Phase I) that The Clearing House and Viewpointe are "masterminds" for purposes of joint

infringement. *Compare* 2/10/2010 Order, Dkt. No. 1932 at 6-7 (citing instances of Plaintiff's position that The Clearing House and Viewpointe exercise direction and control for joint infringement) *with* 2/18/2010 Tr., Dkt. No. 1953 at 27:13-29:11 & 31:15-34:22.

The Court denied the renewed motion for summary judgment, noting that "Plaintiff's theories of liability include facts that may set this case apart from *BMC* and *Muniauction* and justify a finding of joint and several liability." 3/12/2010 Order, Dkt. No. 2028 at 5 (discussing *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) & *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008)). In particular, Plaintiff had submitted:

> [W]hat we can and will show, Your Honor, is much, much more than [direction and control]. And it's what derives the two-way liability, not only by the controller or director, U.S. Bank, but also by the jointly participating co-venturer, Viewpointe and The Clearing House, and that is, that the two entities are one, because Viewpointe was created, devised, imagined for the very purpose of doing what we say is the infringement of the patents.

3/4/2010 Hr'g Tr., Dkt. No. 2021 at 85:4-11.

The jury answered the following interrogatory affirmatively as to all asserted claims:

Interrogatory No. 1
Has [Plaintiff] proven by a preponderance of the evidence that U.S. Bank has exercised control or direction over Viewpointe such that U.S. Bank and Viewpointe have jointly infringed any of the following claims of the asserted patents?

Dkt. No. 2089 at 2. This interrogatory was consistent with the Plaintiff's election to only pursue U.S. Bank as the "mastermind" in the Phase I trial.

Now, having seen and heard the evidence presented at the Phase I trial, the Court agrees with Viewpointe that "[t]he time has come to find that Viewpointe, as the servant that—at best—performed fewer than all of the required elements of the asserted claims under U.S. Bank's

direction or control, cannot be liable for infringement." Dkt. No. 2124 at 5. *BMC* and *Muniauction* provide an exception to the usual rule that a patentee must prove that an individual party infringes each and every limitation of an asserted claim: "where the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if one party exercises 'control or direction' over the entire process such that every step is *attributable to the controlling party*, i.e., the 'mastermind.'" *Muniauction*, 532 F.3d at 1329 (emphasis added). Plaintiff has not shown any well-established precedent for its proposition that acts of the controlling party can be attributed to the controlled party, that is, from the master to the servant. At trial, Plaintiff's evidence on direction and control was no so "much, much more" (3/4/2010 Hr'g Tr., Dkt. No. 2021 at 85:4-5) as to justify departing from a straight-forward application of *BMC* and *Muniauction*. Because the jury's verdict did not find Viewpointe to be a "mastermind" controlling U.S. Bank, U.S. Bank's actions and systems cannot be attributed to Viewpointe for purposes of finding infringement.

Thus, in answering Interrogatory No. 1 (reproduced above), the jury did not find Viewpointe to be an infringer. Viewpointe's motion should therefore be GRANTED as to infringement. This ruling applies only to Phase I.

**E. Willfulness**

Viewpointe argues that as a mere servant for purposes of joint infringement, the jury's finding of willful joint infringement through direction and control by U.S. Bank is not a willfulness finding as to Viewpointe. Dkt. No. 2124 at 16. Because the Court has found in Section III.D., above, that the jury did not find Viewpointe to be an infringer, the jury's finding of willful infringement does not apply to Viewpointe. Viewpointe's motion should therefore be

GRANTED as to willfulness.  This ruling applies only to Phase I.

**F.  Joint and Several Liability**

Because Viewpointe was not found to infringe, as discussed in Section III.D., above, Viewpointe is not jointly and severally liable for the jury's finding of damages for joint infringement by U.S. Bank and Viewpointe.  Similarly, Viewpointe is not jointly and severally liable for the jury's finding of willfulness.  Viewpointe's motion should therefore be GRANTED as to joint and several liability.  This ruling applies only to Phase I.

**G.  Release**

Viewpointe incorporates in its motion the Renewed Motion of the Phase I Defendants for Judgment as a Matter of Law that, as a Matter of Judicial Estoppel, They Have Been Released from Liability to Plaintiff DataTreasury for the Claims Tried in Phase I (Dkt. No. 2125).  The Court resolves this issue by separate Order on that co-pending motion.

### IV.  CONCLUSION

The Renewed Joinder and Motion of Viewpointe for Judgment as a Matter of Law (Dkt. No. 2124) is hereby **GRANTED IN PART** and **DENIED IN PART**.  Specifically, Viewpointe's motion is hereby **GRANTED** as to infringement, **GRANTED** as to willfulness, and **GRANTED** as to joint and several liability.  These rulings apply only to Phase I.  To whatever extent not granted herein, Viewpointe's motion is hereby **DENIED**.   **IT IS SO ORDERED.**

   **SIGNED this 27th day of September, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE