IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 2:06-CV-72 DF | |
| § | | |
| WELLS FARGO & COMPANY, et al., § | | |
| Defendants. § | | |

**O R D E R**

Before the Court is the Renewed Motion of the Phase I Defendants for Judgment as a Matter of Law that, as a Matter of Judicial Estoppel, They Have Been Released from Liability to Plaintiff DataTreasury for the Claims Tried in Phase I.  Dkt. No. 2125.  Also before the Court are Plaintiff's response, Defendants' reply, and Plaintiff's sur-reply.  Dkt. Nos. 2148, 2151, & 2199, respectively.  The Court held a hearing on July 1, 2010.  *See* 7/1/2010 Minute Entry, Dkt. No. 2248.  Having considered the briefing, oral arguments of counsel, and all relevant papers and pleadings, the Court finds that Defendants' motion should be DENIED.

**I.  LEGAL PRINCIPLES**

The principal of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Zedner v. U.S.*, 547 U.S. 489, 504, 126 S. Ct. 1976, 1987 (2006) (citation and internal quotation marks omitted); *accord Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003).  The purpose of the doctrine is to prevent litigants "from 'playing fast and loose' with the courts . . . ." *Hall*, 327 F.3d at 396 (citation omitted).  Because judicial estoppel is not a patent law issue, Fifth Circuit law governs the issue. *Transclean Corp. v. Jiffy Lube Int'l, Inc.*,

474 F.3d 1298, 1307 (Fed. Cir. 2007) (applying Eighth Circuit law of judicial estoppel).

In the Fifth Circuit, "two bases for judicial estoppel must be satisfied before a party can be estopped." *Hall*, 327 F.3d at 396 (citation and internal quotation marks omitted). "First, it must be shown that the position of the party to be estopped is clearly inconsistent with its previous one; and second, that party must have convinced the court to accept that previous position." *Id.* (citation and internal quotation marks omitted). In addition, it is also relevant to consider "whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 399 (citation and internal quotation marks omitted).

## II.  DISCUSSION

This is a patent infringement case involving check image technology. The Court conducted a "Phase I" trial involving Defendants U.S. Bank, Viewpointe Archive Services, and The Clearing House on March 15, 2010, through March 26, 2010.

Defendants argue that Plaintiff released them from liability pursuant to a February 25, 2010 settlement agreement between Plaintiff and BB&T (the "BB&T Settlement"). Dkt. No. 2125 at 1. Defendants argue that because the Court found that the Phase I Defendants are "agents" of, and in a "joint enterprise" with, other banks such as BB&T, the BB&T Settlement's release of all "agents" applies to Defendants. *Id.* at 2. Defendants argue that Plaintiff obtained a favorable ruling of "agency" and "joint enterprise" to admit otherwise hearsay evidence, that Plaintiff benefitted from that evidence, and that Plaintiff is therefore estopped from arguing lack of agency for purposes of applying the BB&T Settlement to the Phase I Defendants. *Id.* at 6-7. Defendants argue "[t]here is absolutely no difference between the principle of agency as argued

by Plaintiff for purposes of Rule 801 and the principle of agency used in the release language of the BB&T Settlement." *Id.* at 8.

Plaintiff responds that Defendants' estoppel theory is an "ambush" that comes too late, having been first raised in Defendants' response to Plaintiff's trial brief on vicarious admissions. Dkt. No. 2148 at 2 (citing Dkt. No. 1972), 6, & 20-21.  Plaintiff argues that "each settlement pertained only to that infringing check activity which the settling bank performed alone or jointly with TCH and/or Viewpointe in connection with that bank's instrumentalities." *Id.* at 4. Plaintiff also cites a portion of the BB&T Settlement that limits release of "Third Parties" to transactions involving BB&T.  *Id.* at 12.  Plaintiff argues that it sought a finding of agency in equity, not in law, and that the Court only made its finding as to admissibility.  *Id.* at 14.

Defendants reply that Plaintiff's distinction between agency at law and agency in equity is irrelevant because the release applies to "all" agents.  Dkt. No. 2151 at 4.  Defendants also submit that Plaintiff "still cites no authority that a Rule 801 issue is resolved as a matter of equity."  *Id.* at 3.  Defendants further argue that the portion of the BB&T Settlement about "Third Parties" cited by Plaintiff applies only to licensees and is separate from the "full litigation release" for all "agents and partners of BB&T."  *Id.* at 6.

In sur-reply, Plaintiff argues that it has not taken inconsistent positions because Defendants "overly generalize[] and mischaracterize[] [Plaintiff's] actual position," which Plaintiff submits only related to admissibility of certain evidence.  Dkt. No. 2199 at 3-4.  Plaintiff also submits that it has consistently taken the position that its settlement agreements do not fully release Viewpointe and TCH.  *Id.* at 5.  Plaintiff further argues that the intent of Plaintiff and BB&T, which Plaintiff argues should control interpretation of the BB&T Settlement, could not

possibly have been to release all Defendants. *Id.* at 8-12. Finally, Plaintiff argues that Defendants, having repeatedly denied any relevant partnership with each other, should be equitably estopped from arguing otherwise as to the BB&T Settlement. *Id.* at 12-14.

On balance, Plaintiff's position with respect to Rule 801 is not "clearly inconsistent" with Plaintiff's position regarding the BB&T Settlement. *Hall*, 327 F.3d at 396. The Court's ruling on Rule 801(d)(2)(D) & (E) during the Phase I trial addressed agency and joint venture with regard to admissibility of certain statements. 3/19/2010 Order, Dkt. No. 2068. That ruling did not purport to govern all usage of the word "agent" in all documents related to the above-captioned case. *See id.* Instead, the word "agent" and similar words in the BB&T Settlement appear to have only contemplated release of Plaintiff's claims against BB&T. *See, e.g.,* Dkt. No. 2148, Ex. A at ¶¶ 1.5, 1.6, 2.2.1 & 2.2.2. Plaintiff's interpretation of the BB&T Settlement is reasonable and does not "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Hall*, 327 F.3d at 399. Defendants' interpretation, by contrast, would grant Defendants an enormous windfall. Defendants' motion should be DENIED.

### III.  CONCLUSION

The Renewed Motion of the Phase I Defendants for Judgment as a Matter of Law that, as a Matter of Judicial Estoppel, They Have Been Released from Liability to Plaintiff DataTreasury for the Claims Tried in Phase I (Dkt. No. 2125) is hereby **DENIED**. **IT IS SO ORDERED.**

**SIGNED this 27th day of September, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE