IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-CV-72 DF |
| | § | |
| WELLS FARGO & COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court is Defendants' Post-Trial Motion to Strike. Dkt. No. 2128. Also before the Court are Plaintiff's response, Defendants' reply, and Plaintiff's sur-reply. Dkt. Nos. 2140, 2154, & 2192, respectively. The Court held a hearing on July 1, 2010. *See* 7/1/2010 Minute Entry, Dkt. No. 2248. Having considered the briefing, oral arguments of counsel, and all relevant papers and pleadings, the Court finds that Defendants' motion should be DENIED.

**I. BACKGROUND**

This is a patent infringement case involving check image technology. The Court conducted a "Phase I" trial involving Defendants U.S. Bank, Viewpointe Archive Services, and The Clearing House on March 15, 2010, through March 26, 2010. In their *in limine* item number 6, Defendants moved to exclude all "litigation-induced license agreements." Dkt. No. 1876 at 13. The Court heard oral arguments on this *in limine* item on February 18, 2010, and again on March 4, 2010. In light of the decision of the Court of Appeals for the Federal Circuit in *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860 (Fed. Cir. 2010), the Court entered an Order denying this *in limine* item on March 4, 2010. Dkt. No. 2006. Defendants sought leave for

reconsideration, which the Court denied. *See* 3/12/2010 Order, Dkt. No. 2030.

The Court nonetheless noted Plaintiff's vacillations on the purposes for which the licenses would be offered at trial, and the Court required Plaintiff to enter the follow stipulation in order for the licenses to be admissible: "Plaintiff DataTreasury Corporation . . . hereby stipulates that at trial of the above-captioned cause commencing March 15, 2010, it intends to submit the litigation-related licenses for all stated purposes, including for determining a reasonable royalty during its case-in-chief." 3/12/2010 Stipulation, Dkt. No. 2032.

## II.  THE PARTIES' POSITIONS

Defendants argue that Plaintiff failed to rely on the litigation-related licenses, despite its stipulation to do so, and that Plaintiff should be sanctioned pursuant to Federal Rule of Civil Procedure ("Rule") 11, Rule 16, and the Court's inherent powers by striking Plaintiff's liability claims or damages claims and entering judgment as a matter of law of no infringement or no damages. Dkt. No. 2128 at 1-2. Defendants argue that Plaintiff's damages expert explicitly downplayed the value of litigation-related licenses in determining a reasonable royalty. *Id.* at 7-8. Defendants urge that this, as well as Plaintiff's purported use of the licenses to suggest liability, was misconduct that prejudiced Defendants. *Id.* at 9-12.

Plaintiff responds that its damages expert adequately explained that "[y]ou give [the litigation-related licenses] weight, but you give them less weight." Dkt. No. 2140 at 5 (quoting 3/19/10 A.M. Tr., Dkt. No. 2105-1 at 50:16-20). Plaintiffs conclude that "[j]ust because Defendants disagree with the weight that [Plaintiff's damages expert] afforded to the license agreements does not make anything about their use improper or unduly prejudicial – especially given the extensive cross-examination conducted by counsel for Defendants regarding these

agreements." *Id.* at 9.  Plaintiff therefore urges that any sanctions would be inappropriate. *Id.* at 9-14.  Finally, Plaintiff notes that the jury awarded a royalty closer to that of the litigation-related licenses than to Plaintiff's requested royalty. *Id.* at 15.

In reply, Defendants reiterate their opening arguments. *See* Dkt. No. 2154.  For example, Defendants reply that "[w]hile Mr. Bokhart may have 'considered' the [litigation-related licenses], he certainly did not *rely* on them to determine the amount of the reasonable royalty that the parties would have negotiated under the *Georgia-Pacific* hypothetical negotiation." *Id.* at 3.

In sur-reply, Plaintiff states it "did *not*, as Defendants would have the Court believe, stipulate that it would use the litigation licenses as the *only* evidence of a reasonable royalty, nor did [Plaintiff's] stipulation preclude a *qualitative* analysis of the litigation licenses." Dkt. No. 2192 at 4-5.

### III.  DISCUSSION

Plaintiff's damages expert, Christopher Bokhart, explained at trial his treatment of the litigation-related licenses:

> Q.  Okay.  So how do the litigation licenses factor in your royalty analysis?
> . . .
> A.  Again, we have these 20-some-odd litigation agreements, license agreements, they do provide insight, they're helpful in determining the rate, but they don't give it a quantification that you can say is the right rate to use.
> But they do give some indication of the value between the Ballard patents and the Randall patents.  And what they show is that the Ballard patents are the majority of the value in those agreements, not the Randall patent.
> What it also shows is [Plaintiff's] willingness to license.  That's how [Plaintiff] is making money off of the patents now, and that is by trying to license it out and get a fair royalty.
> The other thing that the license agreements help do is prove [*sic*] an indicator that no real simple alternative exists.  Just from a common-sense standpoint: If you can easily find a way to get around it, would you be willing to settle for tens of millions of dollars?

3/19/2010 A.M. Tr., Dkt. No. 2105-1 at 51:8-52:6.  Mr. Bokhart downplayed the significance of the litigation-related licenses in determining damages but opined they should be given some "weight":

> Q.  So, in summary, could you give us a comparison in terms of the weight you gave the litigation licenses versus the non-litigation licenses?
>
> A.  Well, when it comes down, you have to give it weight.  I clearly am giving more weight to the non-litigation licenses than I am the litigation licenses.  You give them weight, but you give them less weight.

*Id.* at 50:13-20.

As shown by this and other similar trial testimony, Plaintiff submitted the litigation-related licenses to the jury during Plaintiff's case-in-chief as a consideration for determining damages.  The Court therefore finds no violation of Plaintiff's stipulation.  Thus, Defendants have not shown that Plaintiff's damages or liability case should be stricken or that any other sanction is appropriate.  Defendants' motion to strike should therefore be DENIED.

## IV.  CONCLUSION

Defendants' Post-Trial Motion to Strike (Dkt. No. 2128) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 27th day of September, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE