IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | CIVIL ACTION NO. 2:06-CV-72 DF | |
| WELLS FARGO & COMPANY, et al., § | | |
| Defendants. § | | |

**O R D E R**

Before the Court is the Renewed Joinder and Motion of The Clearing House Payments Company L.L.C. ("TCH") for Judgment as a Matter of Law. Dkt. No. 2131. Also before the Court are Plaintiff's response, TCH's reply, and Plaintiff's sur-reply. Dkt. Nos. 2141, 2159, & 2194, respectively. The Court held a hearing on July 1, 2010. *See* 7/1/2010 Minute Entry, Dkt. No. 2248. Having considered the briefing, oral arguments of counsel, and all relevant papers and pleadings, the Court finds that TCH's motion should be GRANTED IN PART and DENIED IN PART.

This is a patent infringement case involving check image technology. Plaintiff alleges infringement of United States Patents No. 5,910,988 ("the '988 patent") and 6,032,137 ("the '137 Patent") (collectively, the "patents-in-suit"). The Court conducted a "Phase I" trial involving Defendants U.S. Bank, National Association ("U.S. Bank"), Viewpointe Archive Services, LLC ("Viewpointe"), and The Clearing House Payments Company, LLC ("The Clearing House" or "TCH") on March 15, 2010, through March 26, 2010. The jury found infringement of all claims asserted in the Phase I trial. Dkt. No. 2089 at 2-3. The jury found no invalidity based on lack of written description. *Id.* at 5.

## I. LEGAL PRINCIPLES

Federal Rule of Civil Procedure 50 governs motions for judgment as a matter of law in jury trials and motions for new trial. Such a motion may be granted against a party if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). After such a motion is denied, "the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion," and it may grant a renewed motion pursuant to Rule 50(b) after the trial.

Fifth Circuit law controls review of a motion for judgment as a matter of law. *See, e.g., Callicrate v. Wadsworth Mfg.*, 427 F.3d 1361, 1366 (Fed. Cir. 2005). In the Fifth Circuit, entry of judgment as a matter of law post-trial under Rule 50 is appropriate if evidence supporting the movant is "uncontradicted and unimpeached" or if "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict . . . ." *Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co.*, 341 F.3d 415, 420 (5th Cir. 2003) (citation and quotation omitted). Grant of a new trial is thus proper where the jury's verdict is "against the great weight of the evidence" or will result in a "miscarriage of justice." *See Pryor v. Trane Co.*, 138 F.3d 1024, 1026 n.3 (5th Cir. 1998) (quoting *Thompson & Co. v. Partridge*, 636 F.2d 945, 957 (5th Cir. 1981)). "If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986).

## II. THE PARTIES' POSITIONS

TCH argues that Plaintiff failed to show the required "central data processing subsystem"

and "central subsystem," failed to prove all elements of any asserted claim, and failed to prove direction or control. Dkt. No. 2131 at 3-12. TCH also argues that Plaintiff failed to prove damages as to TCH because Plaintiff "presented no evidence of any hypothetical negotiation between Plaintiff and [TCH]" and because Plaintiff's license agreements with various banks have exhausted Plaintiff's patent rights. *Id.* at 12-14. TCH further argues that certain asserted claims are invalid for lack of written description of "subsystem identification information." *Id.* at 17-19. Finally, TCH argues that Plaintiff failed to prove any invention date earlier than the filing dates of the patents-in-suit. *Id.* at 19-21.

Plaintiff responds that its infringement expert, Dr. Smith, sufficiently set forth all elements of the asserted claims and explained "that TCH utilizes a tiered architecture wherein a [central data processing subsystem] and central subsystem are present." Dkt. No. 2141 at 4-8. As to direction or control, Plaintiff responds that U.S. Bank is an owner of TCH, sits on the board of TCH, contributes to operational decisions of TCH, sends check images to TCH, and directs how TCH's servers handle those check images. *Id.* at 10-11. Plaintiff concludes that TCH's relationship with U.S. Bank is "not a true arms-length" one and that U.S. Bank "directs or controls each step of infringement involving its images and data." *Id.* at 11. As to patent exhaustion, Plaintiff responds that TCH's argument is untimely because exhaustion is a legal question that should be submitted to a jury. *Id.* at 12. Plaintiff further responds that its license agreements with other banks do not cover transactions involving U.S. Bank: "To illustrate, BB&T's (a licensee of the DataTreasury Patents) sending of image files to U.S. Bank via [TCH's Image Payments Network] is a licensed activity. U.S. Bank's sending of image files to BB&T is not . . . ." *Id.* at 15. As to written description, Plaintiff responds that "it is not necessary for the

3

applicant to describe the claimed subject matter in the same terms as used in the claims." *Id.* at 18. Plaintiff relies on Dr. Smith's testimony that "an unencrypted [subsystem identification information] tag, would be like putting the combination of a lock on the back of the lock. . . . [A] person of ordinary skill in the art would have understood that they needed to encrypt the tag as well." *Id.* at 20. As to invention date, Plaintiff responds that the trial testimony of Virginia Lupoli and Peter Lupoli corroborated the inventor's testimony and that the jury rejected TCH's attacks on their credibility. *Id.* at 21-25.

In reply, TCH emphasizes that its network is "peer-to-peer" and that even Plaintiff's expert, Dr. Smith, acknowledged that "there is no one central place where all of these banks send all of their images before sending them on to another bank." Dkt. No. 2159 (quoting 3/15/2010 P.M. Tr., Dkt. No. 2098 at 166:2-5 ("That is true.")). As to joint and several liability, TCH argues that Plaintiff "attempts to assert some version of a corporate veil piercing theory" and that Plaintiff's evidence of "partial ownership and limited participation of U.S. Bank in The Clearing House . . . does not rise to the level of direction or control that is required here." *Id.* at 5 & 7. As to patent exhaustion, TCH replies that its defense "is based upon the terms of the license agreements . . . that *Plaintiff repeatedly put before the jury*." *Id.* at 10. TCH also submits that "Plaintiff's licenses are without any limitation on the use the licensee makes of the 'Licensed Instrumentalities,'" so "[t]he licensees are thus licensed to use the Image Payments Network to send *and* receive check images." *Id.* As to written description, TCH replies that this requirement addresses "describing the invention, with all its claimed limitations, not that which makes it obvious." *Id.* at 11 (quoting *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997)). TCH argues that encryption of the "subsystem identifying information" is not described

and is not even inherent in the patents-in-suit. *Id.* at 12. As to date of invention, TCH replies that the testimony of Virginia Lupoli and Peter Lupoli failed to corroborate conception or reduction to practice of all elements of the asserted claims. *Id.* at 13-15.

In sur-reply, Plaintiff reiterates its opening arguments. *See* Dkt. No. 2194.

### III.  DISCUSSION

#### A.  "central data processing subsystem" or "central subsystem"

Plaintiff presented expert testimony opining that the "central data processing subsystem" or "central subsystem" limitations of the asserted claims were met by the system of U.S. Bank and TCH.  3/15/2010 P.M. Tr., Dkt. No. 2098 at 72:16-75:22 & 77:3-80:20.  The jury's finding of infringement is thus supported by sufficient evidence in this regard.

TCH also argues that if Plaintiff's evidence is accepted, then the patents-in-suit are invalid for lack of enablement.  Dkt. No. 2131 at 4-5.  As Plaintiff notes in response, TCH did not make this argument at trial, and the Defendants affirmatively dropped their enablement defense (as to Phase I) before the jury was charged.  *See* 3/25/2010 P.M. Tr., Dkt. No. 2114 at 4:22-5:10.  To the extent TCH's post-trial motion constitutes a motion for judgement as a matter of law based on enablement, such a motion is denied as untimely.

#### B.  Joint Infringement and Direction or Control

As a preliminary matter, the Court rejects TCH's contention that there can be no joint infringement of a system claim.  *See, e.g., Uniloc USA, Inc. v. Microsoft Corp.*, 640 F. Supp. 2d 150, 162 (D.R.I. 2009).

Plaintiff presented evidence at trial that U.S. Bank exercised direction or control over TCH so as to jointly infringe the asserted claims.  Plaintiff's briefing cites this evidence,

5

including evidence that SVPCO (now part of TCH) has designed and operated its systems at the banks' behest, that the banks have controlled how their check images are handled by TCH, and that TCH has operated without profit so as to maximize benefits for the banks.  Dkt. No. 2141 at 5-8 & 10-12; *see, e.g.,* 3/15/2010 P.M. Tr., Dkt. No. 2098 at 69:17-71:7, 77:3-84:5, 173:10-174:16, & 177:5-10.  Plaintiff also adduced evidence at trial that TCH operates as a "utility" or "helper" in carrying out the infringing conduct.  3/16/2010 A.M. Tr., Dkt. No. 2099 at 40:22-41:3, 63:11-64:3, 68:14-25, 82:5-83:14, & 86:11-18; 3/24/2010 P.M. Tr., Dkt. No. 2112 at 26:2-28:24.  The jury's infringement findings in this regard are thus sufficiently supported.

**C. Joint and Several Liability**

TCH and Plaintiff both incorporate by reference the briefing on the Renewed Joinder and Motion of Viewpointe for Judgment as a Matter of Law (Dkt. No. 2124) as to the issues of infringement and joint and several liability.  Dkt. No. 2131 at 9-10; Dkt. No. 2141 at 9-10.  The Court grants Viewpointe's motion in that regard by separate Order.  Because TCH and Viewpointe are similarly situated, the Court will apply the findings of its Order on Viewpointe's motion to TCH.

**D. Hypothetical Negotiation**

Plaintiff submits that "TCH advances no authority to suggest that, in the joint infringement setting where two parties together make, use, or sell an infringing method or system, a damage analysis must, should or even could divide the hypothetical negotiation between the two infringers."  Dkt. No. 2141 at 14.  In reply, in a footnote, TCH relies on *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 868-69 (Fed. Cir. 2010) ("A 'reasonable royalty' derives from a hypothetical negotiation between the patentee and the infringer when the

infringement began."). TCH has not shown that *ResQNet* or any other authority resolves this issue. On balance, Plaintiff's evidence of a hypothetical negotiation between Plaintiff and U.S. Bank gave the jury sufficient evidence on which to base a finding of damages for joint infringement by U.S. Bank and TCH.

**E.  Exhaustion**

The patent exhaustion issue raised by TCH is essentially the same as the "judicial estoppel" issue raised in the Renewed Motion of the Phase I Defendants for Judgment as a Matter of Law that, as a Matter of Judicial Estoppel, They Have Been Released from Liability to Plaintiff DataTreasury for the Claims Tried in Phase I (Dkt. No. 2125). The Court therefore resolves this issue by separate Order on that motion.

**F.  Written Description**

TCH bore the burden at trial of proving by clear and convincing evidence any invalidity due to lack of written description. *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1072 (Fed. Cir. 2005) (citation omitted). Plaintiff presented expert testimony to rebut TCH's written description argument. 3/25/2010 A.M. Tr., Dkt. No 2113 at 4:24-9:16. The jury's findings of no invalidity based on written description are supported by sufficient evidence.

**G.  Invention Date**

"It is well established that when a party seeks to prove conception via the oral testimony of a putative inventor, the party must proffer evidence corroborating that testimony." *Singh v. Brake*, 317 F.3d 1334, 1340-41 (Fed. Cir. 2003). "There is no particular formula that an inventor must follow in providing corroboration of his testimony of conception. Rather, whether a putative inventor's testimony has been sufficiently corroborated is determined by a 'rule of

reason' analysis, in which an evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the inventor's story may be reached." *Id.* at 1341 (citations and internal quotation marks omitted).

Plaintiff's inventor, Claudio Ballard, testified regarding the conception date of the inventions. 3/17/2010 A.M. Tr., Dkt. No. 2101 at 45:12-50:11. Virginia Lupoli corroborated the invention date testimony of Mr. Ballard. 3/16/2010 P.M. Tr., Dkt. No. 2100 at 86:6-102:6. Plaintiff similarly adduced testimony of Mr. Ballard regarding diligence from conception to reduction to practice. 3/17/2010 A.M. Tr., Dkt. No. 2101 at 50:15-67:8. Peter Lupoli corroborated Mr. Ballard's testimony on diligence. 3/16/2010, Dkt. No. 100 at 134:4-144:18. TCH's arguments that the Lupolis were biased witnesses go to the weight of their testimony, but their testimony was sufficient to satisfy the corroboration requirement.

TCH's request for judgment as a matter of law as to invention date should be DENIED.

### IV.  CONCLUSION

The Renewed Joinder and Motion of The Clearing House Payments Company L.L.C. for Judgment as a Matter of Law (Dkt. No. 2131) is hereby **GRANTED IN PART** and **DENIED IN PART**. Specifically, TCH's motion is hereby **GRANTED** as to infringement and joint and several liability based on the analysis set forth in a contemporaneous order on Viewpointe's post-trial motion. TCH's motion is otherwise hereby **DENIED**.          **IT IS SO ORDERED.**

**SIGNED this 27th day of September, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE