IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:06-CV-72 DF |
| WELLS FARGO & COMPANY, et al., | § § § | |
| Defendants. | § | |

**O R D E R**

Before the Court is Defendants' Renewed Motion for Judgment as a Matter of Law that the Asserted Claims are Invalid as Anticipated. Dkt. No. 2132. Also before the Court are Plaintiff's response, Defendants' reply, and Plaintiff's sur-reply. Dkt. Nos. 2147, 2158, & 2198, respectively. The Court held a hearing on July 1, 2010. *See* 7/1/2010 Minute Entry, Dkt. No. 2248. Having considered the briefing, oral arguments of counsel, and all relevant papers and pleadings, the Court finds that Defendants' motion should be DENIED.

This is a patent infringement case involving check image technology. Plaintiff alleges infringement of United States Patents No. 5,910,988 ("the '988 patent") and 6,032,137 ("the '137 Patent") (collectively, the "patents-in-suit"). The Court entered a Claim Construction Order on May 11, 2009. Dkt. No. 1221. The Court conducted a "Phase I" trial involving Defendants U.S. Bank, National Association, Viewpointe Archive Services, LLC, and The Clearing House Payments Company, LLC on March 15, 2010, through March 26, 2010. The jury found no invalidity by anticipation. Dkt. No. 2089 at 4.

## I. LEGAL PRINCIPLES

Federal Rule of Civil Procedure 50 governs motions for judgment as a matter of law in jury trials and motions for new trial. Such a motion may be granted against a party if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). After such a motion is denied, "the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion," and it may grant a renewed motion pursuant to Rule 50(b) after the trial.

Fifth Circuit law controls this Court's review of a motion for judgment as a matter of law. *See, e.g., Callicrate v. Wadsworth Mfg.*, 427 F.3d 1361, 1366 (Fed. Cir. 2005). In the Fifth Circuit, entry of judgment as a matter of law post-trial under Rule 50 is appropriate if evidence supporting the movant is "uncontradicted and unimpeached" or if "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict . . . ." *Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co.*, 341 F.3d 415, 420 (5th Cir. 2003) (citation and quotation omitted). Grant of a new trial is thus proper where the jury's verdict is "against the great weight of the evidence" or will result in a "miscarriage of justice." *See Pryor v. Trane Co.*, 138 F.3d 1024, 1026 n.3 (5th Cir. 1998) (quoting *Thompson & Co. v. Partridge*, 636 F.2d 945, 957 (5th Cir. 1981)). "If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986).

> A person shall be entitled to a patent unless--
> (b) the invention was . . . described in a printed publication in this . . . country or . . . on sale in this country, more than a year prior to the date of the [person's]

> application for a patent in the United States, or
> * * *
> (e) the invention was described in –
> (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent . . . .

35 U.S.C. § 102.  Any such anticipation under § 102 "requires a single prior art reference that discloses each and every limitation of the claimed invention." *Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1318 (Fed. Cir. 2010) (citation and internal quotation marks omitted).  Anticipation must be proven by clear and convincing evidence.  *Iovate Health Scis., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, 586 F.3d 1376, 1378 (Fed. Cir. 2009).  "[A]nticipation is a question of fact . . . review[ed] for substantial evidence when tried to a jury."  *Orion IP, LLC v. Hyundai Motor Am.*, 605 F.3d 967, 974 (Fed. Cir. 2010).

## II.  THE PARTIES' POSITIONS

Defendants argue that no reasonable jury could have failed to find anticipation of the claims asserted at the Phase I trial by the Unisys proposal, the IBM proposal, the NCR proposal, the Muller textbook, and the Golden patent.  Dkt. No. 2132.  Defendants argue that the Golden patent, with a priority date of March 31, 1995, predates Plaintiff's date of invention because Plaintiff failed to corroborate any date earlier than the August 27, 1997 filing date of the patents-in-suit.  *Id.* at 31.

Plaintiff responds that the Unisys, IBM, and NCR proposals are not prior art because they are non-enabling "aspirational plans," are too indefinite to have been offers, are "mere third-party sales and thus do not further the policies behind § 102(b)," and were confidential at the relevant time.  Dkt. No. 2147 at 4-8.  Plaintiff also argues that the three proposals do not fully disclose the claimed inventions.  *Id.* at 8-17.  Aside from the proposals, Plaintiff argues that the Muller

3

textbook is non-enabling, "rudimentary," lacks disclosure of a central or intermediate subsystem, and lacks disclosure of transmission between subsystems in a "tiered manner." *Id.* at 17-21. Plaintiff further argues that the Golden patent "lacks a local area network for an intermediate subsystem" and "fails to extract data." Dkt. No. 2147 at 21-22.

Defendants reply that the Court should reject Plaintiff's reliance on new arguments, such as that the proposals were not "commercial offers" and were not "ready for patenting." Dkt. No. 2158 at 2. Defendants also argue that whether the proposals were "confidential" is irrelevant under 35 U.S.C. § 102(b). *Id.* at 3. Defendants also submit that Plaintiff's response brief improperly relies on portions of the references that were never discussed during trial. *Id.* at 2-3. Defendants argue that the proposals are sufficiently definite and that each proposal was ready for patenting. *Id.* at 3-8. Further, Defendants reiterate that each proposal disclosed all elements of the asserted claims. *Id.* at 9-13. Figures 4.1 and 12.1 of the Muller textbook, according to Defendants, discloses all elements of asserted Claim 46. *Id.* at 13-15. Defendants also argue that the Golden patent discloses electronic transmission of data and discloses extracting data. *Id.* at 16-18. Finally, Defendants emphasize that the USPTO did not consider any of these five references. *Id.* at 18-20.

In sur-reply, Plaintiff primarily reiterates its opening arguments. *See* Dkt. No. 2198. As to the Muller textbook, Plaintiff argues that its expert, Professor Hiles, testified that Muller is "an introductory book" and that Figures 4.1 and 12.1, cited by Defendants, do not disclose tiers of functional layers. *Id.* at 9-10.

### III.  DISCUSSION

As a threshold matter, the Court rejects Plaintiff's contention that the Unisys, IBM, and NCR proposals cannot be prior art because they were confidential.  The "on sale" bar of § 102(b) applies regardless of whether an offer is authorized by the patentee or is confidential.  *In re Caveney*, 761 F.2d 671, 675 (Fed. Cir. 1985) ("[S]ales or offers by one person of a claimed invention will bar another party from obtaining a patent if the sale or offer to sell is made over a year before the latter's filing date."); *In re Epstein*, 32 F.3d 1559, 1564 (Fed. Cir. 1994) ("The section 102(b) 'public use' and 'on sale' bars are not limited to sales or uses by the inventor or one under the inventor's control, but may result from activities of a third party which anticipate the invention, or render it obvious.").  The Court has already so held in the above-captioned case.  *See* 3/4/2010 Order, Dkt. No. 2007 at 3; 3/26/2010 Response to Jury Note No. 1, Dkt. No. 2087 at 2.

Plaintiff cites *MDS Associates LP v. United States*, 37 Fed. Cl. 611, 632 (Ct. Cl. 1997), *aff'd*, 135 F.3d 778 (Fed. Cir. 1998).  In *MDS*, the Court of Federal Claims found that despite the above-quoted language in *In re Caveney*, "[r]equiring a court to consider the question of public accessibility when faced with a third-party disclosing sale comports with the policies underlying [35 U.S.C. § 102(b)]." 37 Fed. Cl. at 632.  The *MDS* court found for the defendant on other grounds, however, and the Court of Appeals for the Federal Circuit affirmed without opinion.  This Court thus does not find a sound basis for departing from the general rule of *In re Caveney* and *In re Epstein* that public accessibility of a third party sale or offer for sale is irrelevant under § 102(b), subject to the "third-party-secret-method" exception, which is inapplicable here.  *See id.*; *see also ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 866 (Fed. Cir. 2010) (discussing

*In re Caveney*).

As for Plaintiff's argument that the Unisys, IBM, and NCR proposals were not "ready for patenting" under *Pfaff v. Wells Elecs.*, 525 U.S. 55, 67 (1998), the Court instructed the jury in this regard, and the jury is presumed to have followed those instructions in reaching its verdict of no anticipation. Final Jury Instructions, Dkt. No. 2083 at 14; 3/26/2010 Tr., Dkt. No. 2115 at 35:13-23; *see, e.g., U.S. v. Simmons*, 374 F.3d 313, 318 n.11 (5th Cir. 2004) ("a jury is presumed to follow the court's instructions") (citation and internal quotation marks omitted).

Finally, the jury was free to consider the Unisys, IBM, and NCR proposals and even requested copies of them during deliberations. *See* Jury Note No. 1, Dkt. No. 2087. Despite considering these proposals, the jury found no anticipation. The Court does not here find anticipation as a matter of law based on these proposals, as discussed below, so even if the Court were to find that the Unisys, IBM, and NCR proposals were not prior art, the jury's verdict would remain undisturbed.

**A. Federal Reserve Request for Proposal and Unisys, IBM, and NCR Proposals**

Plaintiff presented evidence at trial that the Federal Reserve Bank of Boston Request for Proposal ("RFP"), to which the IBM and Unisys proposals responded, contemplated transporting check images using physical media rather than telecommunications. 3/24/2010 P.M. Tr., Dkt. No. 2112 at 165:2-19; 3/25/2010 A.M. Tr., Dkt. No. 2113 at 9:19-13:6. Plaintiff also submitted at trial that the IBM and Unisys proposals only disclosed using physical media to transport check images for archive and did not disclose the claimed tiered architecture and use of telecommunications. 3/22/2010 P.M. Tr., Dkt. No. 2108 at 154:12-155:16 (RFP), 158:2-14 (RFP), & 160:13-16 (IBM); 3/23/2010 A.M. Tr., Dkt. No. 2109 at 124:1-6 (RFP); 3/24/2010

P.M. Tr., Dkt. No. 2112 at 165:2-167:4 (RFP), 167:5-172:3 (Unisys), & 172:6-174:8 (IBM); 3/25/2010 A.M. Tr., Dkt. No. 2113 at 15:9-16:24 (discussing difference between archiving and retrieving).  Plaintiff argued that the RFP sought proposals for "a system that would use tapes to move the images with the *possibility* of one day in the future to use telecommunications." 3/24/2010 P.M. Tr., Dkt. No. 2112 at 166:7-167:4 (emphasis added); *see also* 3/25/2010 A.M. Tr., Dkt. No. 2113 at 14:20-15:8.  The jury was thus free to conclude that the IBM and Unisys proposals did not adequately disclose use of telecommunications and a tiered architecture so as to anticipate the asserted claims of the patents-in-suit.

Plaintiff also presented expert testimony that the NCR proposal was not enabling, did not disclose a tiered architecture as recited in the asserted claims, and did not disclose the claimed encryption.  3/24/2010 P.M. Tr., Dkt. No. 2112 at 153:2-163:18.

Substantial evidence supports the jury's verdict of no anticipation by the Federal Reserve RFP or the Unisys, IBM, or NCR proposals, and Defendants' motion should be DENIED as to these references.

**B.  Muller Textbook and Golden Patent**

Defendants argue that Claim 46 of the '988 Patent is anticipated by a 1993 textbook by Nathan J. Muller entitled "Computerized Document Imaging Systems, Technology and Applications" (the "Muller textbook") and by U.S. Patent No. 5,774,872, issued in 1998 to Richard Golden and Joel R. Stanesa (the "Golden patent").  Dkt. No. 2132 at 27-36.  Plaintiff presented expert testimony that the Muller textbook is not an enabling disclosure of Claim 46 of the '988 Patent.  3/24/2010 P.M. Tr., Dkt. No. 2112 at 174:12-180:21.  Plaintiff also presented expert testimony that the Golden patent does not disclose the claimed encryption and does not

sufficiently disclose the claimed intermediate subsystem.  3/25/2010 A.M. Tr., Dkt. No. 2113 at 17:4-20:2.  Substantial evidence thus supports the jury's finding that neither the Muller textbook nor the Golden patent anticipate Claim 46 of the '988 Patent, and Defendants' motion should be DENIED as to these references.

## IV.  CONCLUSION

Defendants' Renewed Motion for Judgment as a Matter of Law that the Asserted Claims are Invalid as Anticipated (Dkt. No. 2132) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 27th day of September, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE