IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-CV-72 DF |
| | § | |
| WELLS FARGO & COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court is Defendants' Renewed Motion for Judgment as a Matter of Law that the Asserted Claims are Invalid as Obvious. Dkt. No. 2133. Also before the Court are Plaintiff's response, Defendants' reply, and Plaintiff's sur-reply. Dkt. Nos. 2144, 2152, & 2196, respectively. The Court held a hearing on July 1, 2010. *See* 7/1/2010 Minute Entry, Dkt. No. 2248. Having considered the briefing, oral arguments of counsel, and all relevant papers and pleadings, the Court finds that Defendants' motion should be DENIED.

This is a patent infringement case involving check image technology. Plaintiff alleges infringement of United States Patents No. 5,910,988 ("the '988 patent") and 6,032,137 ("the '137 Patent") (collectively, the "patents-in-suit"). The Court entered a Claim Construction Order on May 11, 2009. Dkt. No. 1221. The Court conducted a "Phase I" trial involving Defendants U.S. Bank, National Association ("U.S. Bank"), Viewpointe Archive Services, LLC ("Viewpointe"), and The Clearing House Payments Company, LLC ("The Clearing House" or "TCH") on March 15, 2010, through March 26, 2010. The jury found no invalidity by obviousness. Dkt. No. 2089 at 4.

## I.  LEGAL PRINCIPLES

Federal Rule of Civil Procedure 50 governs motions for judgment as a matter of law in jury trials and motions for new trial.  Such a motion may be granted against a party if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."  Fed. R. Civ. P. 50(a).  After such a motion is denied, "the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion," and it may grant a renewed motion pursuant to Rule 50(b) after the trial.

Fifth Circuit law controls this Court's review of a motion for judgment as a matter of law. *See, e.g., Callicrate v. Wadsworth Mfg.*, 427 F.3d 1361, 1366 (Fed. Cir. 2005).  In the Fifth Circuit, entry of judgment as a matter of law post-trial under Rule 50 is appropriate if evidence supporting the movant is "uncontradicted and unimpeached" or if "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict . . . ."  *Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co.*, 341 F.3d 415, 420 (5th Cir. 2003) (citation and quotation omitted).  Grant of a new trial is thus proper where the jury's verdict is "against the great weight of the evidence" or will result in a "miscarriage of justice."  *See Pryor v. Trane Co.*, 138 F.3d 1024, 1026 n.3 (5th Cir. 1998) (quoting *Thompson & Co. v. Partridge*, 636 F.2d 945, 957 (5th Cir. 1981)).  "If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986).

"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter

sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103. "Obviousness is a question of law based on underlying findings of fact." *Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1327 (Fed. Cir. 2009) (citation and internal quotation marks omitted). "If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 417-18 (2007). "[I]f a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond his or her skill." *Id.* "Often, it will be necessary for a court to look to interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue." *Id.* at 418. Obviousness must be proven by clear and convincing evidence. *Hearing Components Inc. v. Shure Inc.*, 600 F.3d 1357, 1373 (Fed. Cir. 2010).

## II. THE PARTIES' POSITIONS

Defendants argue that Plaintiff failed to adequately rebut Defendants' obviousness arguments at trial and instead relied on improper secondary consideration evidence. Dkt. No. 2133 at 2. Defendants submit that the patents-in-suit survived reexamination by requiring encryption of subsystem identification information, purportedly the only element not taught by U.S. Patent No. 5,373,550 (the "Campbell patent"). *Id.* at 4, 7, & 17-18. Defendants argue that

this element existed in prior art Unisys, IBM, and NCR check processing equipment, which was not considered by the United States Patent and Trademark Office ("USPTO") during reexamination. *Id.* at 5 & 18. Defendants also submit that Plaintiff "did not dispute that the IBM, Unisys, and NCR equipment [identified by the Campbell patent] all provided for subsystem identification information and the ability to encrypt it." *Id.* at 18. Defendants also argue that Plaintiff is incorrect in arguing that the Unisys and IBM proposals lacked electronic transmission of check images between subsystems. *Id.* at 14. Defendants further argue that to whatever extent Claim 46 is not anticipated by the Muller textbook or the Golden patent, Claim 46 would have been obvious in light of either or both of those references. *Id.* at 7-8 & 21-24. Defendants also submit that Claim 46 would have been obvious in light of the Unisys or NCR proposals. *Id.* at 19-21. As to secondary considerations, Defendants urge that Plaintiff's evidence was conclusory, failed to show the required "nexus," and failed to sufficiently rebut Defendants' evidence. *Id.* at 24-31. For example, Defendants argue that all of Plaintiff's licenses, having been obtained during litigation or under a cloud of litigation, are not probative of the merits of the claimed inventions. *Id.* at 26-27.

Plaintiff responds that the Unisys, IBM, and NCR proposals are not prior art because they were "aspirational plans," were too indefinite to have constituted offers, were not "ready for patenting," and were "secret" third party offers such that barring the patentee would "not further the policies behind § 102(b)." Dkt. No. 2144 at 5-9. Plaintiff argues that Defendants' attempt to combine the Campbell patent with IBM, Unisys, or NCR equipment violates Defendants' stipulation against arguing invalidity based on any reference submitted to the USPTO during reexamination. *Id.* at 13. Plaintiff also argues that Defendants' references were all "incomplete

[and] not enabling," "taught away from the claimed inventions," and were properly rejected by the jury. *Id.* at 10-19. Further, Plaintiff submits that its evidence of secondary considerations met the "nexus" requirement and independently supports the jury's findings. *Id.* at 19-26. For example, Plaintiff submits that it licensed the patents in suit for "substantial consideration," showed a long-felt need by industry members such as the Federal Reserve, and presented "powerful evidence indicating that the industry," through Chase, in particular, "was aware of and desired [Plaintiff's] patented technology when they developed their infringing systems." *Id.*

Defendants reply that the Unisys, IBM, and NCR proposals are prior art and that Plaintiff failed to show at trial that these proposals lacked disclosure of electronic transmission of check images. Dkt. No. 2152 at 1-5. Defendants argue that Plaintiff improperly attempted to distinguish the NCR proposal based on an *additional* feature, the NCR Workflow Manager. *Id.* at 7-8. Defendants also submit that the Unisys and NCR proposals both render obvious the "tiered" architecture of Claim 46. *Id.* at 8-10. As to the Muller textbook and the Golden patent, Defendants reiterate that these references do disclose "extraction of data from a scanned document" even though, as Plaintiff argues, they do not contain the word "extracting." *Id.* at 11-12. Defendants also argue that while Plaintiff relies on the absence of a "local area network" at the intermediate location of the Golden patent, Claim 46 "merely requires transmitting data within the intermediate location," which Defendants argue is taught by the Golden patent. *Id.* at 12-13. Defendants also submit that use of a local area network would have been obvious. *Id.* As to the Campbell patent, Defendants argue that the stipulation cited by Plaintiff expressly provided that Defendants can *combine* references submitted to the USPTO *with other references* in arguing obviousness. *Id.* at 14-15. As to secondary considerations, Defendants reiterate their

opening arguments. *Id.* at 16-19.

In sur-reply, Plaintiff emphasizes that the Federal Reserve proposals contemplated transporting check images on physical tapes, not through telecommunications. Dkt. No. 2196 at 3. As to the NCR Workflow Manager, Plaintiff argues that it was not a mere additional element but rather was "a feature required by the reference which taught away from the alleged combination . . . ." *Id.* at 5. Plaintiff also argues that the Golden patent did not disclose data extraction and that Defendants' expert's testimony about the obviousness of using optical character recognition was inadequate and was rejected by the jury. *Id.* at 7. Plaintiff also argues that the Muller textbook does not disclose a tiered structure as required by the claims. *Id.* at 8. As to the Campbell patent, Plaintiff submits that Defendants' stipulation applies because "Campbell itself called out such equipment [of Unisys, IBM, and NCR]." *Id.* at 9. As to secondary considerations, Plaintiff reiterates its opening arguments. *Id.* at 10-12.

### III. DISCUSSION

**A. Secondary Considerations**

Licensing, long-felt need, and copying are all secondary considerations probative of non-obviousness. *Hearing Components*, 600 F.3d at 1374-75 (licensing); *Graham v. John Deere Co*, 383 U.S. 1, 17-18 (1966) (long-felt need); *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1311 (Fed. Cir. 2010) (copying)

Plaintiff presented sufficient evidence at trial to support a "nexus" between Plaintiff's licensing and the secondary consideration of licensing. In particular, Plaintiff showed that its licenses covered the patents-in-suit. Although many of these licenses included other patents and intellectual property, the jury was free to weigh that fact in deciding how much weight to give to

Plaintiff's licenses.

Plaintiff also showed that Chase and Viewpointe were sufficiently in need of check image exchange and archive technology that they had in-person meetings with Plaintiff. 3/17/2010 A.M. Tr., Dkt. No. 2101 at 69:20-82:11 (Chase) & 90:13-93:24 (Viewpointe). Chase itself was evidently interested in a joint venture with Plaintiff at one point in time. 3/16/2010 P.M. Tr., Dkt. No. 2100 at 174:7-175:9. Plaintiff also presented evidence that the Federal Reserve Bank of Boston had a long-felt need for technology like Plaintiff's. 3/25/2010 A.M. Tr., Dkt. No. 2113 at 22:15-23:13. Defendants have not shown that the jury's consideration of this evidence was improper. *See, e.g., Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1319 (Fed. Cir. 2010) ("[S]econdary consideration evidence is not just a cumulative or confirmatory part of the obviousness calculus but constitutes independent evidence of nonobviousness.") (citation and internal quotation marks omitted).

Finally, Plaintiff presented some circumstantial evidence of copying. For example, in 1998, years before Viewpointe was formed, a representative of one of Viewpointe's founders, Chase, met with Plaintiff about intellectual property, and Plaintiff provided relevant patent applications to Chase. 3/17/2010 A.M. Tr., Dkt. No. 2101 at 69:20-82:11. Plaintiff also presented evidence that one of Viewpointe's officers visited Plaintiff's facility in November 2000 and that Viewpointe did not begin storing checks until 2001. *Id.* at 90:13-93:24.

Plaintiff's evidence of secondary considerations of non-obviousness thus lends support to the jury's finding of non-obviousness.

**B. Campbell Patent and Unisys, IBM, and NCR Equipment**

As a condition of the Court's grant of a stay pending reexamination of the patents-in-suit,

Defendants stipulated as follows:

> As a condition of the stay, Defendants may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in the reexamination proceedings. However, Defendants will be permitted to rely for obviousness on the combination of a printed publication reference that was submitted by petitioner in the reexamination with prior art that was not so submitted.

Dkt. No. 444 (U.S. Bank); Dkt. No. 416 (TCH); Dkt. No. 431 (Viewpointe). The Court rejects Plaintiff's contention that because the Campbell patent identified IBM, Unisys, or NCR equipment, any documentation or information about such equipment is excluded by the stipulation. Such a reading of Defendants' stipulation is overly broad and undercuts the purpose of the stipulation to exclude combinations of prior art that the reexamination petitioner presented to the USPTO. Finally, Plaintiff cites no objection made at trial as a basis for Plaintiff's post-trial reliance on the above-quoted stipulation. Plaintiff's apparent request to strike Defendant's evidence about the IBM, Unisys, and NCR equipment is therefore denied.

By finding that Defendants had not proven obviousness by clear and convincing evidence, however, the jury presumably rejected Defendant's proposed combination of the Campbell patent with the Unisys, IBM, and NCR equipment. *Jurgens v. McKasy*, 927 F.2d 1552, 1557 (Fed. Cir. 1991) (finding that courts should "presume that the jury resolved the underlying factual disputes in favor of the verdict winner"); *see also Hewlett-Packard Co. v. Mustek Sys., Inc.*, 340 F.3d 1314, 1325 (Fed. Cir. 2003) (citing *Jurgens*); *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1145 (Fed. Cir. 2004) (citing *Hewlett-Packard*). Plaintiff notes that Defendants did not submit evidence as to a combination with Unisys or NCR, and as to IBM, Plaintiff presented expert testimony sufficient to support the jury's finding. 3/25/2010 A.M. Tr., Dkt. No.

2113 at 26:3-30:8. The Court finds no clear and convincing basis to reject the jury's non-obviousness finding as to the Campell patent and the Unisys, IBM, or NCR equipment. Defendants' motion should be DENIED in this regard.

## C. Unisys, IBM, and NCR Proposals

As a threshold matter, the Court rejects Plaintiff's contention that the Unisys, IBM, and NCR proposals cannot be prior art because they were confidential. The "on sale" bar of § 102(b) applies regardless of whether an offer is authorized by the patentee or is confidential. *In re Caveney*, 761 F.2d 671, 675 (Fed. Cir. 1985) ("[S]ales or offers by one person of a claimed invention will bar another party from obtaining a patent if the sale or offer to sell is made over a year before the latter's filing date."); *In re Epstein*, 32 F.3d 1559, 1564 (Fed. Cir. 1994) ("The section 102(b) 'public use' and 'on sale' bars are not limited to sales or uses by the inventor or one under the inventor's control, but may result from activities of a third party which anticipate the invention, or render it obvious."). The Court has already so held in the above-captioned case. *See* 3/4/2010 Order, Dkt. No. 2007 at 3; 3/26/2010 Response to Jury Note No. 1, Dkt. No. 2087 at 2.

Plaintiff cites *MDS Associates LP v. United States*, 37 Fed. Cl. 611, 632 (Ct. Cl. 1997), *aff'd*, 135 F.3d 778 (Fed. Cir. 1998). In *MDS*, the Court of Federal Claims found that despite the above-quoted language in *In re Caveney*, "[r]equiring a court to consider the question of public accessibility when faced with a third-party disclosing sale comports with the policies underlying [35 U.S.C. § 102(b)]." 37 Fed. Cl. at 632. The *MDS* court found for the defendant on other grounds, however, and the Court of Appeals for the Federal Circuit affirmed without opinion. This Court thus does not find a sound basis for departing from the general rule of *In re Caveney*

and *In re Epstein* that confidentiality of a third party sale or offer for sale is irrelevant under § 102(b), subject to the "third-party-secret-method" exception, which is inapplicable here. *See id.*; *see also ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 866 (Fed. Cir. 2010) (discussing *In re Caveney*).

As for Plaintiff's argument that the Unisys, IBM, and NCR proposals were not "ready for patenting" under *Pfaff v. Wells Elecs.*, 525 U.S. 55, 67 (1998), the Court instructed the jury in this regard, and the jury is presumed to have followed those instructions in reaching its finding of non-obviousness. Final Jury Instructions, Dkt. No. 2083 at 14; 3/26/2010 Tr., Dkt. No. 2115 at 35:13-23; *see, e.g., U.S. v. Simmons*, 374 F.3d 313, 318 n.11 (5th Cir. 2004) ("a jury is presumed to follow the court's instructions") (citation and internal quotation marks omitted).

The jury was free to consider the Unisys, IBM, and NCR proposals and even requested copies of them during deliberations. *See* Jury Note No. 1, Dkt. No. 2087. Despite considering these proposals, the jury found the asserted claims non-obviousness. The jury thus presumably found that any combination of the Unisys, IBM, and NCR proposals did not render obvious any of the asserted claims. *See, e.g., Jurgens*, 927 F.2d at 1557. The Court does not here find obviousness based on these proposals, as discussed below, so even if the Court were to find that the Unisys, IBM, and NCR proposals were not prior art, the jury's verdict would remain undisturbed.

The jury's finding of non-obviousness is supported by Plaintiff's expert testimony regarding purported deficiencies in the Unisys, IBM, and NCR proposals. 3/24/2010 P.M. Tr., Dkt. No. 2112 at 153:2-163:18 (NCR), 165:2-167:4, 167:5-172:3 (Unisys), & 172:6-174:3 (IBM); 3/25/2010 A.M. Tr., Dkt. No. 2113 at 9:19-13:6 & 14:20-16:24 (lack of enablement).

The Court finds no clear and convincing basis for rejecting the jury's non-obviousness finding as to the Unisys, IBM, and NCR proposals. Defendants' motion should be DENIED in this regard, both as to the "encryption" claims and as to Claim 46 of the '988 Patent.

**D. Muller Textbook and Golden Patent**

Defendants argue that Claim 46 of the '988 Patent is obvious over a 1993 textbook by Nathan J. Muller entitled "Computerized Document Imaging Systems, Technology and Applications" (the "Muller textbook") and U.S. Patent No. 5,774,872, issued in 1998 to Richard Golden and Joel R. Stanesa (the "Golden patent"), either individually or in combination with one another. Dkt. No. 2133 at 21-24. Plaintiff presented expert testimony that the Muller textbook is not an enabling disclosure of Claim 46 of the '988 Patent. 3/24/2010 P.M. Tr., Dkt. No. 2112 at 174:12-180:21. Plaintiff also presented expert testimony that the Golden patent does not disclose the claimed encryption and does not sufficiently disclose the claimed intermediate subsystem. 3/25/2010 A.M. Tr., Dkt. No. 2113 at 17:4-20:2. In finding non-obviousness, the jury presumably found that the Muller textbook and the Golden patent, either alone or in combination, did not render Claim 46 of the '988 Patent obvious. *See, e.g., Jurgens*, 927 F.2d at 1557. For example, in finding non-obviousness, the jury presumably rejected Defendants' argument that it would have been obvious to a person of ordinary skill in the art at the time of the invention to combine optical character recognition with the disclosure of the Golden patent. The Court finds no clear and convincing basis for rejecting the jury's finding in this regard, and Defendant's motion should be DENIED as to these references.

## IV. CONCLUSION

Defendants' Renewed Motion for Judgment as a Matter of Law that the Asserted Claims

are Invalid as Obvious (Dkt. No. 2133) is hereby **DENIED**.

    **IT IS SO ORDERED.**

    **SIGNED this 27th day of September, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE