IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:06-CV-72 DF |
| WELLS FARGO & COMPANY, et al., | § § § | |
| Defendants. | § | |

**PARTIAL JUDGMENT AS A MATTER OF LAW**

Before the Court is the parties' Joint Motion for Partial Judgment as Matter of Law. Dkt. No. 2116. Being agreed, the motion is hereby GRANTED.

This is a patent infringement case involving check image technology. The Court conducted a "Phase I" trial involving Defendants U.S. Bank, National Association ("U.S. Bank"), Viewpointe Archive Services, LLC ("Viewpointe"), and The Clearing House Payments Company, LLC ("The Clearing House") on March 15, 2010, through March 26, 2010. The case was submitted to a jury, which returned a verdict on March 26, 2010. Dkt. No. 2089.

The Phase I Defendants have moved for partial judgment as a matter of law. Because certain of the positions below have never been adduced by Plaintiff DataTreasury Corporation, and others have been withdrawn by DataTreasury to preserve trial time and promote efficient presentation of trial evidence, DataTreasury does not oppose entry of the partial judgment below. The Phase I Defendants and DataTreasury stipulate, and the Court Orders, that all matters set forth in this Order pertain to Phase I Defendants only, and only to claims subject to the Phase I trial. Accordingly, this Order shall have no preclusive or persuasive effect as to other entities or

Defendants not party to the Phase I trial, or as to any Phase I Defendant for matters beyond the scope of the claims included in the Phase I trial.

The motion of the Phase I Defendants is therefore GRANTED as follows:

The Court hereby dismisses U.S. Bancorp as Defendant with prejudice.

The Court hereby grants judgment as a matter of law pursuant to Rule 50 that:

1. Defendant U.S. Bank alone does not infringe claims 1, 16, 26, 42, or 46 of the '988 patent or claims 42 or 43 of the '137 patent, as all of DataTreasury's claims of infringement against Defendants in the Phase I trial contemplate joint infringement.

2. Defendant The Clearing House Payments Company, L.L.C. alone does not infringe claims 1, 26, or 46 of the '988 patent or claims 42 or 43 of the '137 patent, as all of DataTreasury's claims of infringement against Defendants in the Phase I trial contemplate joint infringement.

3. Defendant Viewpointe Archive Services, L.L.C. alone does not infringe claims 1, 26, or 46 of the '988 patent or claims 42 or 43 of the '137 patent, as all of DataTreasury's claims of infringement against Defendants in the Phase I trial contemplate joint infringement.

4. Defendants U.S. Bank and Viewpointe Archive Services, L.L.C. are not accused of infringing claims 1, 26, or 46 of the '988 patent or claims 42 or 43 of the '137 patent through use of Viewpointe's ISIX product, as DataTreasury elected not to adduce evidence of infringement during the Phase I trial regarding U.S. Bank's use of the Viewpointe ISIX product.

5. Defendants U.S. Bank and The Clearing House Payments Company, L.L.C. are not accused of infringing claim 26 of the '988 patent or claim 43 of the '137 patent by reason of direction and control over The Clearing House by U.S. Bank.

6. Pursuant to the terms of a separate covenant not to sue executed by DataTreasury, no Phase I Defendant remains accused of infringing claims 16 or 42 of the '988 patent in combination with U.S. Bank.

**IT IS SO ORDERED.**

**SIGNED this 12th day of November, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE